# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH

JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

GEORGETOWN, DELAWARE
MIDDLETOWN, DELAWARE
NEW YORK, NEW YORK

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-5018
DIRECT FAX: 302-576-3457
cstover@ycst.com

JOSEPH M. BARRY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
KAREN LANTZ
TIMOTHY E. LENGKEEK

ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
   (NJ & PA ONLY)
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER
JOHN E. TRACEY
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

July 30, 2007

**BY CM/ECF**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

    Re:    *Voith Paper GmbH & Co, KG v. JohnsonFoils, Inc.*
              Civil Action No. 07-0226-JJF

Dear Judge Farnan:

        We, together with the law firm Greenblum & Bernstein, represent the Plaintiff, Voith Paper GMBH & Co. KG, in the above referenced litigation.

        As instructed by the Court in its Order Setting Rule 16(b) Conference, dated July 17, 2007, the parties have conferred and agreed upon the dates and discovery limitations required by the form of order. The purpose of this letter is to inform the Court of the agreed upon dates and limitations, and alert the Court to issues that will likely be discussed at the hearing. The agreed upon dates and discovery limitations are as follows:

        1.    Pre-Discovery Disclosures. The parties will exchange by September 21, 2007, the information required by Fed. R. Civ. P. 26(a) (1) and D. Del. LR 16.2.

        2.    Joinder of other Parties. All motions to join other parties shall be filed on or before December 21, 2007.

        3.    Discovery.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Joseph J. Farnan, Jr.
July 30, 2007
Page 2

        (a)    Exchange and completion of contention interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by February 15, 2008.

        (b)    Maximum of 25 interrogatories, including contention interrogatories, for each side.

        (c)    Maximum of 50 requests for admission by each side.

        (d)    Maximum of 10 depositions by plaintiff and 10 by defendant, excluding expert depositions.

        (e)    Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) shall be served from the party with the burden of proof on May 21, 2008, rebuttal expert reports shall be served on June 18, 2008 (agreed to change in form of order).

        (g)    Fact discovery shall close on April 30, 2008 (agreed to but not required by form of order).

        (h)    Expert discovery shall close on July 18, 2008 (agreed to but not required by form of order).

        4.    Amendment of the Pleadings. All motions to amend the pleadings shall be filed on or before December 21, 2007.

        5.    Case Dispositive Motions. Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before August 20, 2008.

        The parties have not submitted a proposed Order because no agreement could be reached on the final wording. Plaintiff believes that the form of order with the above dates and limitations inserted would be appropriate. Defendant wants to include additional language to the form of order which is objectionable to Plaintiff. Specifically, Defendant wants the Order to include the following paragraph:

> Defendant requests a Markman Hearing and proposes that it be scheduled in January 2008 if that is convenient to the Court. Defendant also proposes that Plaintiff identify its asserted claims by October 1, 2007, and that all Markman briefing be completed by December 15, 2007. Plaintiff is uncertain at this time whether a Markman Hearing will be necessary. A Markman Hearing will be held on _____.

        Plaintiff believes that the additional language should not be included because the language of the form of order which provides that the parties can request a Markman Hearing is

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Joseph J. Farnan, Jr.
July 30, 2007
Page 3

appropriate. There is no need to schedule a Markman hearing at this time because it is unclear whether a Markman Hearing will be necessary. It would be more practical after the parties have conducted discovery to determine if, and the extent of, any disputes regarding claim construction which may require a Markman Hearing.

Plaintiff also objects to setting a date certain at this time for having to identify the asserted claims. Defendant's proposal is unreasonable because the proposed date is a little more than a week after initial disclosures are due and does not provide Plaintiff with adequate time to complete the discovery it will need to properly determine which claims ultimately will be asserted at trial. Plaintiff believes that the more reasonable approach is for Defendant to propound a contention interrogatory requesting identification of the asserted claims, which will be responded to when appropriate. Defendant does not agree with this position.

The parties will be prepared to discuss these matters at the August 1, 2007 hearing.

Respectfully submitted,

Chad S.C. Stover (#4919)

CS:cg
cc:   Clerk of the Court (by hand delivery and CM/ECF)
      George H. Seitz, Esquire (by hand delivery and CM/ECF)
      Anthony S. Volpe, Esquire (by e-mail)
      Michael J. Fink, Esquire (by e-mail)
      Adam W. Poff, Esquire