IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 07-226-JJF |
| v. | : | |
| | : | |
| JOHNSONFOILS, INC., | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT, JOHNSONFOILS, INC.'S, ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF, VOITH PAPER GMBH & CO. KG'S, COMPLAINT**

Defendant, JohnsonFoils, Inc. ("JohnsonFoils"), by and through its undersigned counsel, hereby responds to the allegations in Plaintiff, Voith Paper GmbH & Co. KG's ("Voith"), Complaint as follows, and asserts the following Affirmative Defenses and Counterclaims.

1. Denied.

2. JohnsonFoils is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and denies the same.

3. Admitted.

4. Denied.

5. Denied.

6. Denied.

7. Denied as a conclusion of law; however, it is admitted that JohnsonFoils is a Delaware corporation.

8. Denied.

9. Denied as conclusions of law to which no responsive pleading is required.

10. Denied as conclusions of law to which no responsive pleading is required.

11. Denied as conclusions of law to which no responsive pleading is required.

12. Denied as conclusions of law to which no responsive pleading is required.

13. Denied as conclusions of law to which no responsive pleading is required.

14. Denied as stated. It is admitted that formation is a part of the paper making process.

15. JohnsonFoils is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and denies the same.

16. JohnsonFoils is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and denies the same.

17. Denied as conclusions of law to which no responsive pleading is required.

18. To the extent the paragraph is understood, it is denied; however, it is admitted that JohnsonFoils is engaged in designing and building improved drainage devices.

19. Denied.

20. Denied.

21. Paragraph 21 of Voith's Complaint is a transitional paragraph to which no response is required.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

JohnsonFoils further denies that Voith is entitled to any of the relief requested in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Voith fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

JohnsonFoils has not infringed any claim of the Patents-in-Suit, either literally or under the doctrine of equivalents.

### Third Affirmative Defense

Each of the Patents-in-Suit is invalid, unenforceable, and void for failure to comply with the provisions of 35 U.S.C. § 101 *et seq*.

### Fourth Affirmative Defense

Voith is barred by the doctrine of Prosecution History Estoppel from presenting a claim interpretation necessary to find infringement of any claim of the Patents-in-Suit.

### Fifth Affirmative Defense

Voith has misused each of the Patents-in-Suit which renders each of them unenforceable, and Voith is precluded from obtaining any relief in this action due to its misuse.

### Sixth Affirmative Defense

Voith's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

### Seventh Affirmative Defense

Voith's claims are barred, in whole or in part, by the doctrine of waiver.

### Eighth Affirmative Defense

Voith's claims are barred, in whole or in part, by the statute of limitations.

### Ninth Affirmative Defense

Voith's claims are barred, in whole or in part, by the doctrine of laches.

### COUNTERCLAIMS

Defendant and Counterclaimant, JohnsonFoils, Inc. ("JohnsonFoils"), hereby asserts the following counterclaims against Voith:

## Parties

1. Upon information and belief, Plaintiff and Counterclaim Defendant, Voith Paper GmbH & Co. KG's ("Voith"), is a corporation organized and existing under the laws of Germany, with its principal place of business at Sankt Poeltener Strasse 43, Heidenheim, Germany 89522.

2. Defendant and Counterclaimant, JohnsonFoils, is a corporation organized and existing under the laws of the State of Delaware.

3. Defendant and Counterclaimant, JohnsonFoils has its principal place of business located at 40 Progress Avenue, Springfield, MA 01104.

## Jurisdiction and Venue

4. Voith has invoked the jurisdiction and venue of this Court by filing its Complaint arising out of the same subject matter as JohnsonFoils' counterclaims.

5. Jurisdiction arises under 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.

## Background

7. JohnsonFoils is in the business of researching, designing and developing drainage equipment, cleaning systems, ceramic products and technology for the management of water removal and sheet formation on pulp and paper machines.

8. On April 27, 2007, Voith filed a Complaint alleging that JohnsonFoils infringed the Patents-in-Suit.

9. U.S. Patent Nos. 5,718,805 ('805 Patent) and 5,972,168 ('168 Patent), (collectively hereinafter the "Patents-in-Suit") were attached as Exhibits "1" and "2" to Voith's Complaint.

## First Counterclaim
## Declaratory Judgment of Non-Infringement of the Patents-in-Suit

10. The allegations in Paragraphs 1-9 of JohnsonFoils' Counterclaims are incorporated by reference as though fully set forth herein.

11. An actual controversy requiring a declaration of rights by this Court exists under the Patent Act between JohnsonFoils and Voith concerning the alleged infringement and the invalidity of the Patents-in-Suit.

12. JohnsonFoils' counterclaim for declaratory relief is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.* and 35 U.S.C. §§ 1, *et seq.*

13. JohnsonFoils has not and does not infringe, literally or under the doctrine of equivalents, any claim of the Patents-in-Suit.

14. JohnsonFoils has not induced and is not inducing infringement of any claim of the Patents-in-Suit.

15. JohnsonFoils' has not in the past and is not now contributing to the infringement of any claim of the Patents-in-Suit.

16. JohnsonFoils is entitled to a declaratory judgment that it has not in the past infringed and is not now infringing any claim of the Patents-in-Suit.

## Second Counterclaim
## Declaratory Judgment that the Patents-in-Suit Are Invalid

17. The allegations in Paragraphs 1-16 of JohnsonFoils' Counterclaims are incorporated by reference as though fully set forth herein.

18. All claims of the Patents-in-Suit are invalid under 35 U.S.C. § 102.

19. All claims of the Patents-in-Suit are invalid under 35 U.S.C. § 103.

20. All claims of the Patents-in-Suit are invalid under 35 U.S.C. § 112.

21. JohnsonFoils is entitled to a declaratory judgment that the all claims of the Patents-in-Suit are invalid, unenforceable, and void pursuant to 35 U.S.C. §§ 101 *et seq.*

## Third Counterclaim
## Patent Misuse

22. JohnsonFoils incorporates paragraphs 1-21 of its Counterclaims as if fully set forth herein.

23. On information and belief, Voith has misused the Patents-in-Suit by filing the present action against JohnsonFoils for patent infringement when Voith knew or should have known that JohnsonFoils was not infringing any permissible, reasonable or valid interpretation of any claim of the Patents-in-Suit.

24. On information and belief, Voith's impermissible, unreasonable or invalid interpretations of the claims of the Patents-in-Suit are interposed for the purposes of this suit and its anti-competitive effect.

25. On information and belief, Voith knew or should have known of existing prior art that was not before the United States Patent and Trademark Office during the prosecution of the applications leading to the Patents-in-Suit.

26. On information and belief, that existing prior art is such that Voith knew or should have known that the claims of the Patents-is-Suit were not patentable.

27. On information and belief, that existing prior art is such that Voith now knows or should have known that its interpretations of the claims of the Patents-in-Suit render them invalid.

28. On information and belief, Voith knowingly ignored the existing prior art so it could advance its impermissible, unreasonable or invalid interpretations of the claims of the Patents-in-Suit and use them as a jurisdictional basis for this sham suit and its anti-competitive effects.

29. Voith's assertion of impermissible, unreasonable or invalid interpretations of the claims of the Patents-in-Suit is having an anti-competitive effect on JohnsonFoils.

## **RELIEF**

WHEREFORE, JohnsonFoils requests that this Court enter a judgment that:

(a) Dismisses Voith's Complaint with prejudice and denies all of the relief it requested therein;

(b)     Voith and all persons in active concert or participation with it are enjoined from threatening or charging JohnsonFoils, its suppliers, customers or distributors with infringement of U.S. Patent Nos. 5,718,805 and 5,972,168;

(c)     JohnsonFoils its suppliers, customers and distributors are not liable for any infringement of U.S. Patent Nos. 5,718,805 and 5,972,168;

(d)     That U.S. Patent Nos. 5,718,805 and 5,972,168 are invalid, unenforceable, and void pursuant to 35 U.S.C. §§ 101 *et seq.*;

(e)     That Voith is not entitled to costs pursuant to 35 U.S.C. § 288;

(f)     Awards JohnsonFoils damages arising out of Voith's misuse of U.S. Patent Nos. 5,718,805 and 5,972,168;

(g)     This is an exceptional case entitling JohnsonFoils to an award of its attorneys' fees and costs pursuant to 35 U.S.C. § 285;

(h)     That JohnsonFoils is entitled to prejudgment interest and post-judgment interest on the above damages awards; and

(i)     Such other and further relief as this Court may deem appropriate.

## JURY TRIAL DEMAND

A trial by jury is demanded.

Dated:  August 13, 2007　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　Seitz, Van Ogtrop & Green, P.A.


　　　　　　　　　　　　　　　　　　　　　*/s/ George H. Seitz, III*
　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　George H. Seitz, III (DE #667)
　　　　　　　　　　　　　　　　　　　　　gseitz@svglaw.com
　　　　　　　　　　　　　　　　　　　　　Patricia P. McGonigle (DE #3126)
　　　　　　　　　　　　　　　　　　　　　pmcgonigle@svglaw.com
　　　　　　　　　　　　　　　　　　　　　222 Delaware Avenue, Suite 1500
　　　　　　　　　　　　　　　　　　　　　P.O. Box 68
　　　　　　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　　　　　　(302) 888-7602

　　　　　　　　　　　　　　　　　　　　　Anthony S. Volpe
　　　　　　　　　　　　　　　　　　　　　Randolph J. Huis
　　　　　　　　　　　　　　　　　　　　　Ryan W. O'Donnell
　　　　　　　　　　　　　　　　　　　　　Volpe and Koenig, P.C.
　　　　　　　　　　　　　　　　　　　　　United Plaza, Suite 1600
　　　　　　　　　　　　　　　　　　　　　30 South 17th Street
　　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　　　　　　　　　　　(215) 568-6400

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　　　　*JohnsonFoils, Inc.*

**CERTIFICATE OF SERVICE**

I, *Patricia P. McGonigle*, Esquire, hereby certify that on this 13th day of August 2007, I electronically filed the foregoing pleading:

**DEFENDANT, JOHNSONFOILS, INC.'S, ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF, VOITH PAPER GMBH & CO. KG'S, COMPLAINT**

with the Clerk of Court using CM/ECF which will send notification of such filing to all counsel of record.

/s/ *Patricia P. McGonigle*
_____
Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com