IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-226-JJF |
| | ) | |
| JOHNSONFOILS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF VOITH PAPER GMBH & CO. KG'S RESPONSE
TO DEFENDANT'S MOTION TO STAY THE PROCEEDINGS PENDING
REEXAMINATION OF THE PATENTS IN SUIT OR IN THE ALTERNATIVE
FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT PRIOR TO
AUGUST 20, 2008, THAT U.S. PATENTS 5,718,805 and 5,972,168 ARE INVALID**

Adam W. Poff (No. 3990)
Chad S.C. Stover (No. 4919)
YOUNG CONWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
cstover@ycst.com
(302) 571-6642

- and

Neil F. Greenblum
Michael J. Fink
Neal Goldberg
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

Attorneys for Plaintiff Voith Paper GmbH & Co. KG

Dated: September 17, 2007

# TABLE OF CONTENTS

Page

NATURE AND STAGE OF THE PROCEEDING .................................................. 1

STATEMENT OF FACTS .................................................................. 2

SUMMARY OF ARGUMENT ............................................................... 3

ARGUMENT ......................................................................... 5

I.     INTRODUCTION ............................................................... 5

II.    JOHNSONFOILS'S REQUESTED STAY IS CONTRARY TO THIS COURT'S
       INSTRUCTIONS AND PREJUDICES VOITH .......................................... 7

       A.     Legal Standards ..................................................... 7

       B.     This Court Has Already Stated That Trial Date Would Not Be Affected By
              A Reexamination Proceeding ......................................... 7

       C.     JohnsonFoils's Sworn Interrogatory Responses Contradict Its Contention
              That Its Requested Reexamination Requests are Likely to Invalidate the
              Patents-in-Suit .................................................... 8

       D.     Reexamination Proceedings Are Not Likely to Advance Any Issue
              Pending in This Action ............................................. 8

       E.     Voith Would Be Unduly Prejudiced By a Stay ......................... 11

       F.     JohnsonFoils has Failed to Demonstrate Any Undue Hardship or Inequity
              From Being Required to Abide by This Court's Scheduling Order ....... 13

III.   JOHNSONFOILS'S MOTION FOR LEAVE TO FILE FOR SUMMARY
       JUDGMENT DETERMINATION OF OBVIOUSNESS PRIOR TO
       DEVELOPING THE REQUISITE FACTUAL RECORD THROUGH
       DISCOVERY SHOULD BE DENIED ................................................ 14

       A.     Legal Standards .................................................... 14

       B.     JohnsonFoils's Request for a Summary Determination of Obviousness
              Prior to Developing Any Factual Record Is Contrary to This Court's
              Instructions ....................................................... 14

C.    JohnsonFoils's Sworn Interrogatory Responses Contradict Its Contention That the Record is Ripe for a Summary Determination of Obviousness .. 15

D.    Granting Leave to File a Premature Summary Judgment Motion of Obviousness Would Likely Result in Further Delay and Prejudice ......... 15

E.    JohnsonFoils's Characterization of the Prior Art Using Concepts Borrowed From the Patents-in-Suit is No More Than Irrelevant Hindsight Analysis ............................................................................................... 16

IV.    JOHNSONFOILS SHOULD BE SANCTIONED FOR ITS REPEATED VIOLATIONS OF THE SCHEDULING ORDER AND FOR FILING THIS MOTION ....................................................................................................... 18

A.    Legal Standards ................................................................................. 18

B.    JohnsonFoils Has Engaged in a Pattern of Scheduling Order Violations .. 19

C.    JohnsonFoils's Own Sworn Discovery Responses Demonstrate That This Motion Was Filed Without a Reasonable Basis ..................................... 19

CONCLUSION ..................................................................................................... 21

# TABLE OF AUTHORITIES

**CASES**                                                                        **Pages**

*Akzenta Paneele + Profile GmbH  v. Unilin Flooring N.C. LLC,*
    464 F. Supp. 2d 481 (D. Md. 2006) ........................................................................ 9, 10

*Amazon.com, Inc. v. Barnesandnoble.com, Inc.,*
    239 F.3d 1343 (Fed. Cir. 2001) .............................................................................. 13

*Argos v. Orthotec LLC,*
    304 F. Supp. 2d 591 (D. Del. 2004) ........................................................................ 7

*Arthrocare Corp. v. Smith & Nephew, Inc.,*
    310 F. Supp. 2d 637 (D. Del. 2004) ........................................................................ 9

*Cordis Corp. v. Medtronic AVE, Inc.,*
    194 F. Supp. 2d 323 (D. Del. 2002) ........................................................................ 9

*CTF Hotel Holdings, Inc. v. Marriott Intern., Inc.,*
    381 F.3d 131 (3d Cir. 2004) ............................................................................... 7, 13

*DH Tech., Inc. v. Synergystex Int'l, Inc.,*
    154 F.3d 1333 (Fed. Cir. 1998) .......................................................................... 18, 19

*Eavenson, Auchmuty & Greenwald v. Holtzman,*
    775 F.2d 535 (3d Cir. 1985) ) ............................................................................ 18, 19

*eBay Inc. v. MercExchange, LLC,*
    ___ U.S. ___, 126 S.Ct. 1837 (2006) ..................................................................... 12

*Ethicon v. Quigg,*
    849 F.2d 1422 (Fed. Cir. 1988) ............................................................................. 7

*Graham v. John Deere Co. of Kansas City,*
    383 U. S. 1 (1966) ........................................................................................... 14, 15

*Hagans v. Henry Weber Aircraft Distributors, Inc.,*
    852 F.2d 60 (3d Cir. 1988) ................................................................................. 19, 20

*Heinl v. Godici,*
    143 F. Supp. 2d 593 (E.D. Va. 2001) ..................................................................... 12

i

*Imax Corp. v. In-Three, Inc.*,
   385 F. Supp. 2d 1030 (C.D. Cal. 2005) ................................................................. 10, 11

*In re Caveney*,
   761 F.2d 671 (Fed. Cir. 1985) ................................................................................... 10

*In re Yamamoto*,
   740 F.2d 1569 (Fed. Cir. 1984) ................................................................................. 10

*KSR Int'l Co. v. Teleflex Inc.*,
   127 S.Ct. 1727 (2007) ........................................................................................... 14, 15

*Landis v. North Am. Co.*,
   299 U.S. 248 (1936) .................................................................................................. 7, 13

*L.E.A. Dynatech, Inc. v. Allina*,
   49 F.3d 1527 (Fed. Cir. 1995) ................................................................................... 20

*MBO Labs., Inc. v. Becton, Dickinson & Co.*,
   474 F.3d 1323 (Fed. Cir. 2007) ................................................................................. 10

*National Fire & Marine Ins. v. Robin James Const.*,
   478 F. Supp. 2d 660 (D. Del. 2007) ......................................................................... 20

*Rhine v. Casio, Inc.*,
   183 F.3d 1342 (Fed. Cir. 1999) ................................................................................. 10

*Sanofi-Synthelabo v. Apotex, Inc.,,*
   470 F.3d 1368 (Fed. Cir. 2006) ................................................................................. 13

*Syed v. Hercules Inc.*,
   184 F. Supp. 2d 395 (D. Del. 2002) ................................................................... 18, 20

*Synthelabo v. Apotex, Inc.*,
   470 F.3d 1368 (Fed. Cir. 2006) ................................................................................. 13

*Telemac Corp. v. Telegital, Inc.*,
   450 F. Supp. 2d 1107 (N.D. Cal. 2006) ............................................................ 10, 11

*Woodard v. Sage Prods., Inc.*,
   818 F.2d 841 (Fed. Cir. 1987) ..................................................................................... 9

*Xerox Corp. v. 3Com Corp.*,
   69 F. Supp. 2d 404 (W.D.N.Y. 1999) ................................................................... 7, 10

ii

## STATUTES AND RULES

35 U.S.C. § 305 ............................................................................................................... 9

Fed. R. Civ. P. 11 ....................................................................................................... 18, 20

Fed. R. Civ. P. 16 ............................................................................................... 1, 14, 18, 19

Fed. R. Civ. P. 56(f) ....................................................................................................... 16

DB02:6243544.1

066310.1001

Plaintiff Voith Paper GmbH & Co. KG (hereinafter referred to as "Plaintiff" or "Voith") by and through its attorneys, hereby responds to Defendant JohnsonFoils, Inc.'s (hereinafter referred to as "JohnsonFoils" or "Defendant") "Motion to Stay the Proceedings Pending Reexamination of the Patents in Suit or in the Alternative for Leave to File a Motion for Summary Judgment Prior to August 20, 2008 That U.S. Patents 5,718, 805 and 5,972,168 are Invalid" (the "Motion") as follows:

## NATURE AND STAGE OF THE PROCEEDING

This is a patent infringement action. The Complaint was filed by Voith on April 27, 2007 against Defendant JohnsonFoils. After requesting and obtaining several unopposed extensions of time, JohnsonFoils filed its Answer and Counterclaims on August 16, 2007. Voith replied to the Counterclaims on September 5, 2007.

On August 1, 2007, a scheduling conference pursuant to Fed. R. Civ. P. 16(b) was held. The Scheduling Order was entered on August 3, 2007, setting a trial date of November 8, 2008 ("Scheduling Order," D.I. 17) (Exhibit 1).

On August 16, 2007, JohnsonFoils served seven (7) deposition notices before written discovery had even begun. *See* Deposition Notices (Exhibit 3). JohnsonFoils filed a "Motion for Summary Judgment That U.S. Patents 5,718,805 and 5,972,168 are Invalid," on August 22, 2007. D.I. 25. JohnsonFoils withdrew that motion on August 24, 2007. *See* JohnsonFoils's Notice of Motion to Withdraw its Motion for Summary Judgment, dated August 24, 2007, D.I. 26 (Exhibit 6).

Both parties have served written discovery requests and both have served their respective responses. The parties will exchange initial disclosures on September 21, 2007.

## STATEMENT OF FACTS

United States Patent Nos. 5,718,805 ("the '805 Patent") and 5,972,168 ("the '168 Patent") (collectively, the "Patents-in-Suit"), are both entitled "Twin Wire Former." The Patents-in-Suit relate to an innovation in paper forming that dramatically improves the quality of manufactured paper. The Patents-in-Suit will expire on September 8, 2010.

The Scheduling Order reflecting this Court's rulings and the consensus of the parties, entered August 3, 2007, provides that no summary judgment motion may be filed more than 10 days before August 20, 2008, without leave of the Court. Scheduling Order, ¶6. The Scheduling Order also provides that deposition discovery does not commence until the close of written discovery on February 15, 2008. Scheduling Order, ¶3(d).

During the Scheduling Conference, JohnsonFoils stated its intent to file reexamination requests challenging the Patents-in-Suit. Scheduling Conference Transcript, D.I. 20 (Exhibit 2), at 7:15-19. In response, this Court repeatedly stated that any reexamination of the Patents-in-Suit would not alter the November 5, 2008, trial date. Scheduling Conference Transcript (Exhibit 2), 7:20-23; 8:13-17. This Court further explained that any summary judgment motion would be held until the pre-trial conference, currently scheduled for October 16, 2008, and unless it was a "slam dunk", be denied. Scheduling Conference Transcript (Exhibit 2), 5:13-6:2; Scheduling Order, ¶9.

Notwithstanding the provisions of the Scheduling Order, on August 16, 2007, JohnsonFoils served seven (7) deposition notices before written discovery had even begun. *See* Deposition Notices (Exhibit 3). Voith's attempts to confer with JohnsonFoils regarding the untimely deposition notices met with no response. *See* Letters from Voith to JohnsonFoils requesting withdrawal of Deposition Notices (Exhibit 4).

Further disregarding this Court's Scheduling Order, JohnsonFoils filed its "Motion for Summary Judgment That U.S. Patents 5,718,805 and 5,972,168 are Invalid," on August 22, 2007. D.I. 25. After Voith protested JohnsonFoils's continuing violations of the Scheduling Order, JohnsonFoils withdrew that motion on August 24, 2007. *See* Letter to JohnsonFoils dated August 23, 2007 (Exhibit 5); JohnsonFoils's Notice of Motion to Withdraw its Motion for Summary Judgment, dated August 24, 2007, D.I. 26 (Exhibit 6).

Notwithstanding the unequivocal directive from this Court that reexaminations of the Patents-in-Suit would not alter the November 8, 2008, trial date, JohnsonFoils filed the instant Motion requesting a stay just four days after filing its requests for reexamination. The United States Patent and Trademark Office ("PTO") has not yet taken any substantive action on JohnsonFoils's request, and it will likely be several months before the PTO decides whether to grant the request and possibly *initiate* the reexamination proceedings.

Furthermore, notwithstanding this Court's clear instructions on its standard for granting summary judgment motions, JohnsonFoils requested leave to file its motion for summary judgment of invalidity based on alleged obviousness—a legal determination based on numerous underlying facts—on a bare factual record at the start of discovery. On the same day, JohnsonFoils served its Defendant's Responses to Voith's First Set of Interrogatories asserting, *inter alia*, that questions relating to prior art to the Patents-in-Suit and questions relating to JohnsonFoils's invalidity claim are "premature." ("Interrogatory Responses," (Exhibit 7)).

## SUMMARY OF ARGUMENT

1.      JohnsonFoils's request for a stay should be denied because it disregards this Court's ruling that this Court would neither stay this case nor change the trial date because of reexamination proceedings. Moreover, JohnsonFoils has failed to demonstrate that being

required to go forward with this litigation constitutes clear hardship or inequity. JohnsonFoils's desire to avoid the ordinary expenses of litigation is insufficient. Voith will be unduly prejudiced by a stay because it will likely result in a total loss of patent exclusivity for the remainder of the terms of the Patents-in-Suit. The Patents-in-Suit expire in 2010, well before the expected conclusion of reexamination proceedings (if granted) and this case if it is resumed after a stay. Furthermore, a stay pending reexamination proceedings will not likely simplify any issues pending in this case. Nearly ninety percent of reexaminations result in patentability being confirmed with original claims, amended claims, and new claims. Also, infringement, damages, and inequitable conduct issues do not get addressed in reexamination proceedings at all.

2.    JohnsonFoils's request for a premature summary determination of obviousness should be denied because it fails to show good cause for changing the date set for dispositive motions set by the Scheduling Order. The Scheduling Order sets the earliest date for dispositive motions at August 10, 2008, after the close of discovery, when summary determinations can be addressed on the basis of a fully developed factual record. Moreover, JohnsonFoils's premature summary determination request requires this Court to make a legal determination based on numerous underlying factual determinations without the benefit of any factual record. The requested summary determination of obviousness requires this Court to determine, at least, the level of ordinary skill in the art, the scope and content of the prior art, and objective secondary considerations of nonobviousness. In addition, JohnsonFoils's sworn Interrogatory Responses admit that this case is not ripe for a summary determination of obviousness. JohnsonFoils's argument that an early summary judgment in its favor will end the case does not constitute good cause to change the time set by the Scheduling Order for filing dispositive motions. Specifically, JohnsonFoils's argument that the Patents-in-Suit would have been obvious in view of the Figures

provided in its Motion is legally irrelevant because it depends on impermissibly incorporating the teachings of the Patents-in-Suit into the prior art. Those Figures are labeled with concepts taken from the Patents-in-Suit that appear nowhere in the documents from which the Figures are taken.

      3.     JohnsonFoils has repeatedly violated this Court's Scheduling Order. In addition, this Motion is contrary to the Court's instructions relating to the availability of a stay and the standards for summary judgment. Moreover, JohnsonFoils's sworn interrogatory responses admit that this case is not ripe for summary determination and that, therefore, this Motion was filed without a reasonable basis.

## ARGUMENT

## I.    INTRODUCTION

     Voith is a world leader in the paper manufacturing industry with roots tracing all the way back to 1825. As part of its venerable history of setting world manufacturing standards through research and innovation, Voith developed the subject matter of the Patents-in-Suit. The Patents-in-Suit relate to an innovation in paper forming that dramatically improves the quality of manufactured paper—namely, by significantly reducing undesirable inconsistencies in the finished product. As clearly stated in the specification of the Patents-in-Suit, Voith's invention satisfied a pressing and long felt need in the paper manufacturing industry. Today, Voith's innovative Twin Wire Former has become the industry standard, and, consequently, has been copied by those who—having benefited from the teachings of the Patents-in-Suit—unfairly infringe Voith's intellectual property rights.

     Four months after this action was filed, JohnsonFoils's request for a stay pending the outcome of its recently filed reexamination request would, if granted, provide JohnsonFoils with the opportunity to avoid an infringement judgment for what is likely to be all of the remaining

term of the Patents-in-Suit. Moreover, because the standards applied in reexamination

proceedings differ from the standards for validity applied in this Court, and because the

reexamination proceedings will do nothing to advance the determination of issues relating to

infringement and damages, any reexamination proceeding—assuming that the PTO grants

JohnsonFoils's request—is not likely to advance or simplify any issue pending in this case.

JohnsonFoils filed its request for a stay despite being unequivocally told at the Scheduling

Conference that reexamination proceedings would have no effect on the November 8, 2008, trial

date. Moreover, on close examination, JohnsonFoils bases its suggestion that the Patents-in-Suit

are likely to be cancelled by the PTO in their entirety on blatant mischaracterizations of the prior

art.

JohnsonFoils's further request for a premature summary determination of obviousness—

made prior to any significant discovery on the factual issues underlying the legal determination of

obviousness—would likely result in additional costs and a waste of judicial resources.

JohnsonFoils makes this request despite being told unequivocally by this Court that summary

determination cannot be had where there is any doubt regarding the resolution of disputed

material facts. Yet, the request for a premature summary determination of obviousness offers

this Court no basis for making findings on key factual issues: the level of ordinary skill in the art,

the scope and content of the prior art, and objective considerations of nonobviousness.

On close examination, JohnsonFoils's attempt to substitute its own mischaracterizations of the

prior art for these factual inquiries fails.

As explained in more detail below, JohnsonFoils's Motion should be denied in its

entirety. This Motion fails on its face to accord with clear instructions provided to JohnsonFoils

at the Scheduling Conference.

## II.     JOHNSONFOILS'S REQUESTED STAY IS CONTRARY TO THIS COURT'S INSTRUCTIONS AND PREJUDICES VOITH

### A.     Legal Standards

"Judicial efficiency does not, by itself, allow a federal court to refuse to exercise its jurisdiction in favor of proceedings in an alternative forum." *CTF Hotel Holdings, Inc. v. Marriott Intern., Inc.*, 381 F.3d 131, 139 (3d Cir. 2004) (denying request for a stay pending arbitration proceedings). "The [party requesting a] stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936). Subject to the criteria set out in *Landis*, district courts have the power to stay proceedings pending the outcome of reexamination proceedings in the PTO. *See Ethicon v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988) (citing *Landis*). Whether to stay an action depends on evaluating several factors: (1) whether a stay will simplify the issues in the litigation; (2) whether discovery is completed and whether a trial date is set; (3) and whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Argos v. Orthotec LLC*, 304 F.Supp.2d 591, 598 (D. Del. 2004) (quoting *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)) (denying a stay where the PTO proceedings in a trademark case would not resolve issues pending in the district court action).

### B.     This Court Has Already Stated That Trial Date Would Not Be Affected By A Reexamination Proceeding

Faced with the prospect of being called to account for its infringing activities on the trial date stated in this Court's Scheduling Order, JohnsonFoils, through its Motion, seeks to deprive Voith of a fair opportunity to assert its intellectual property rights. JohnsonFoils first seeks to deprive Voith of its day in court by requesting a stay based on its recently filed—but not yet

granted—request for reexamination. JohnsonFoils requests this stay despite being unequivocally

informed at the Rule 16(b) Scheduling Conference—not once, but twice—that "[a re-

examination] won't affect the trial schedule." Scheduling Conference Transcript (Exhibit 2),

7:20-22;8:13-17 ("But re-examination, again, . . . keep in mind that November trial date because

that won't move.")

### C.    JohnsonFoils's Sworn Interrogatory Responses Contradict Its Contention That Its Requested Reexamination Requests are Likely to Invalidate the Patents-in-Suit

Moreover, JohnsonFoils's contention that its reexamination request presents "newly

discovered prior art that raises substantial new questions of patentability" is flatly contradicted by

JohnsonFoils's own sworn responses to Voith's First Set of Interrogatories served on August, 28,

2007. ("Interrogatory Responses," (Exhibit 7)). When asked to disclose why any asserted prior

art to the Patents-in-Suit is "material and not cumulative to prior art of record," JohnsonFoils

provided no information and stated that "JohnsonFoils objects to this Interrogatory as . . .

premature." Interrogatory Responses, at 8. Thus, on the very day JohnsonFoils filed its Motion

asserting that new prior art presented to the PTO raises "new" questions of patentability,

JohnsonFoils swore that it had no information relating to such art and that the question itself was

premature.

### D.    Reexamination Proceedings Are Not Likely to Advance Any Issue Pending in This Action.

Contrary to JohnsonFoils's claims, granting the requested stay is not likely to result in any

savings of judicial resources. In fact, the requested reexaminations, even if granted by the PTO,

will likely leave issues for this Court to resolve of <u>greater</u> complexity than those pending in the

present action. Reexamination is likely to either leave original claims intact or add amended

and/or additional claims. *See Akzenta Paneele + Profile GmbH v. Unilin Flooring N.C. LLC,* 464 F. Supp. 2d 481, 483 (D. Md. 2006) (nearly ninety percent of reexaminations confirm patentability). In *Akzenta*, the court, summarizing reports from other cases, stated that "[i]t has recently been observed that the PTO confirms all claims in approximately 24% of the cases, cancels all claims in approximately 12% of the cases, and changes some claims in approximately 64% of the cases." *Id. See also Woodard v. Sage Prods., Inc.,* 818 F.2d 841, 843 (Fed. Cir. 1987); *Arthrocare Corp. v. Smith & Nephew, Inc.,* 310 F. Supp. 2d 637, 645 (D. Del. 2004) (discussing U.S. Patent No. 5,697,536, in which all sixty four claims remained intact after more than three and a half years of reexamination); *Cordis Corp. v. Medtronic AVE, Inc.,* 194 F. Supp. 2d 323, 328-29 (D. Del. 2002) (reexamination proceedings resulted in amended and additional claims).

In *Sage*, the district court stayed the district court litigation pending reexamination proceedings. *Id.* After a delay of more than two years the PTO confirmed the patentability of the original four claims and added six new claims over the allegedly anticipating prior art. *Id.* Any modified claims would likely have additional limitations to construe—not fewer. *See Cordis,* 194 F. Supp. 2d at 351 (*citing* 35 U.S.C. § 305 ("No proposed amended or new claim enlarging the scope of a claim of the patent will be permitted in a reexamination.")) Thus, the complexity of any claim construction and infringement analysis is likely to increase—not decrease—with more limitations. JohnsonFoils's claim to the contrary is pure speculation.

Moreover, the PTO's view on the validity or interpretation of some subset of the claims would do little to advance the resolution of any dispute pending in this case. In assessing patentability, the PTO gives claims their "broadest reasonable" construction—not, as would this Court, a construction that preserves validity consistent with the claim language. *See In re*

*Yamamoto*, 740 F.2d 1569, 1571 (Fed. Cir. 1984) (during reexamination claims are given their broadest reasonable interpretation); *MBO Labs., Inc. v. Becton, Dickinson & Co.*, 474 F.3d 1323, 1332 (Fed. Cir. 2007) ("[C]laims should be so construed, if possible, as to sustain their validity.") (quoting *Rhine v. Casio, Inc.,* 183 F.3d 1342, 1345 (Fed. Cir. 1999)).

In addition, the PTO, in weighing evidence of patentability, applies a preponderance of evidence standard, not, as would this Court, a clear and convincing evidence standard. *See In re Caveney,* 761 F.2d 671, 674 (Fed. Cir. 1985); *Xerox*, 69 F. Supp. 2d at 407 (denying a stay in part because of the different standard of patentability applied in reexamination proceedings). For these reasons, it is likely that JohnsonFoils will simply re-raise its invalidity contentions in this Court after a lengthy stay even if their contentions are rejected by the PTO during reexamination. *See Akzenta*, 464 F. Supp. 2d at 486 (observing that it is "more likely" that reexamination will not cancel all claims and therefore "a stay would not preserve many resources" because "invalidity will continue to be an issue"). Considering the PTO's backlogged docket and the time required for any subsequent appeals, the requested stay, if granted, almost guarantees that the wait for the PTO's doubtful contributions to the issues pending in this case will be a long one, lasting years and likely consuming the last remaining term of the Patents-in-Suit. *See Imax Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1032 (C.D. Cal. 2005) (observing that the average pendency of a reexamination proceeding is over 21 months and denying a stay where the term of the Patent-in-Suit had less than two years remaining); *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1110 (N.D. Cal. 2006) (denying stay citing average 20 month pendency of reexamination proceedings); *Ex Parte Reexamination Filing Data*, 2006 (Exhibit 8) (average pendency of reexaminations is 23 months with ninety percent confirming patentability).

Moreover, staying this case to await further findings on patentability from the PTO would

do nothing to advance issues relating to infringement, damages, and any invalidity issues not conclusively resolved by the PTO. Consequently, the likely result of granting a stay is a delay of years—consuming the remaining term of the Patents-in-Suit, followed by litigating this case anew. The only beneficiary of the requested stay is JohnsonFoils, who thereby postpones being adjudged an infringer until the Patents-in-Suit expire and no injunction is available.

### E.   Voith Would Be Unduly Prejudiced By a Stay

The Patents-in-Suit will expire on September 8, 2010. The requested stay would unduly prejudice Voith by delaying the enforcement of Voith's intellectual property rights until a time likely beyond the term of the Patents-in-Suit. If a stay is granted, JohnsonFoils is likely to completely avoid the threat of a permanent injunction. Without the ability to obtain an injunction, Voith is unfairly forced to forego the benefit of patent exclusivity. *See Imax*, 385 F. Supp. 2d at 1032 (observing that the average pendency of a reexamination proceeding is over 21 months and denying a stay where the term of the Patent-in-Suit had less than two years remaining); *Telemac*, 450 F. Supp. 2d at 1110 (denying stay citing average 20 month pendency of reexamination proceedings).

JohnsonFoils admits that the Patents-in-Suit have only a few years remaining in their terms. See Motion at 6 ("Patents-in-Suit only have about three years of enforceable terms.") Given the state of the docket at the PTO, it is likely that most of the remaining term of the Patents-in-Suit would expire during the initial reexamination proceedings. *See Imax*, 385 F. Supp. 2d at 1032. After a further delay for any appeals to the Board of Patent Appeals and Interferences ("BPAI") and the United States Court of Appeals for the Federal Circuit ("Federal Circuit"), there may be no patent term left by the time the case returns to this Court.

Furthermore, partly because JohnsonFoils makes this request without having provided

any meaningful responses to Voith's discovery requests, there can be no assurance that JohnsonFoils will not make subsequent repeated requests for reexamination that threaten to delay the reexamination proceedings even further. *See, e.g., Heinl v. Godici*, 143 F. Supp. 2d 593, 594-95 (E.D. Va. 2001) (second request for reexamination granted on art not submitted with first reexamination request). In *Heinl*, after a seventeen month delay following the first request for reexamination, the PTO filed a Notice of Intent to issue a Reexamination Certificate confirming the patentability of all original claims. *Id.* Shortly after the Notice of Intent was filed, a second request for reexamination was made and granted based on a publication not submitted with the first request, thus re-starting the reexamination proceedings from the beginning. *Id.* Eventually, after a delay of more than three years and two reexamination proceedings, the PTO confirmed the patentability of all thirty-seven original claims. *See* United States Patent No. 4,903,691, Reexamination Certificate (Exhibit 9).

Even if the conclusion of reexamination proceedings does not completely exhaust the term of the Patents-in-Suit, resuming this action from the beginning will surely take care of the remainder. Moreover, as explained above, given the different standards applied in reexamination proceedings and the limited issues addressed, JohnsonFoils can be expected to relitigate any invalidity arguments relating to original, amended, or new claims after the stay is lifted.

That Voith did not seek a <u>preliminary</u> injunction against JohnsonFoils does nothing to detract from the likely prejudice to Voith of losing the remainder of its term of exclusivity. Plainly, the standards for obtaining a permanent injunction—after validity, infringement, and damages issues have been fully adjudicated in the patentees favor—differ from the standards for obtaining a preliminary injunction—prior to any adjudication on the merits. *See eBay Inc. v. MercExchange, LLC*, ___ U.S. ___, 126 S.Ct. 1837, 1839 (2006) (stating the test for obtaining a

permanent injunction after obtaining an infringement judgment)[1]; *Sanofi-Synthelabo v. Apotex,*

*Inc.*, 470 F.3d 1368, 1374, 1385 (Fed. Cir. 2006) (quoting *Amazon.com, Inc. v.*

*Barnesandnoble.com, Inc.,* 239 F.3d 1343, 1350 (Fed. Cir. 2001)) (stating the test for obtaining a

preliminary injunction).[2]  JohnsonFoils cites no authority, and there is none, that converts Voith's

decision not to seek a preliminary injunction into a waiver of its property interest in patent

exclusivity once JohnsonFoils is conclusively adjudged an infringer of the Patents-in-Suit.

## F.      JohnsonFoils has Failed to Demonstrate Any Undue Hardship or Inequity From Being Required to Abide by This Court's Scheduling Order

JohnsonFoils has failed to demonstrate any undue hardship or inequity that would result

from its having to abide by this Court's Scheduling Order.  In view of the clear hardship to Voith

and the resulting tactical disadvantage to Voith resulting from a stay, JohnsonFoils's request for a

stay must be denied. *See Landis*, 299 U.S. at 255.[3]  JohnsonFoils only alleges that it "has

expended significant time, money, and effort. . . . ."  Litigation expenses may constitute a

hardship, but expenses alone do not demonstrate that any hardship is "undue." *CTF*, 381 F.3d at

139 (expenses relating to potentially duplicative proceedings do not constitute hardship justifying

a stay).  Moreover, it is likely that after years of proceedings relating to the reexamination,

JohnsonFoils will just have to pick up this litigation where it left off.  In the meantime, as

explained above, a stay would confer on JohnsonFoils the inequitable benefit of waiting out the

remaining term of the Patents-in-Suit free from the threat of a permanent injunction.

---

[1] "[A] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that [the patentee] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay*, 126 S.Ct. at 1839.

[2] A patentee "may be entitled to a preliminary injunction if it establishes four factors: '(1) a reasonable likelihood of its success on the merits; (2) irreparable harm if an injunction is not granted; (3) a balance of hardships tipping in its favor; and (4) the injunction's . . . impact on the public interest.'" *Synthelabo*, 470 F.3d at 1374.

[3] As explained in the foregoing argument, a stay unduly prejudices Voith by eliminating patent exclusivity for the remainder of the term of the Patents-in-Suit.  The stay also confers on JohnsonFoils the tactical advantage of being able to infringe the Patents-in-Suit without facing a permanent injunction.

III.   **JOHNSONFOILS'S MOTION FOR LEAVE TO FILE FOR SUMMARY JUDGMENT DETERMINATION OF OBVIOUSNESS PRIOR TO DEVELOPING THE REQUISITE FACTUAL RECORD THROUGH DISCOVERY SHOULD BE DENIED**

A.   **Legal Standards**

The purpose of the Court's Scheduling Order is to, *inter alia*, expedite the disposition of the action, discourage wasteful pretrial activities, and improve the quality of trial through more thorough preparation. *See* Fed. R. Civ. P. 16(a). Once a Scheduling Order is entered, it "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b)(8).

A determination that a patent would have been obvious is a legal conclusion with numerous underlying factual inquiries including, *inter alia*, the level of ordinary skill, the scope and content of the prior art, and secondary considerations of nonobviousness. *See KSR Int'l Co. v. Teleflex Inc.*, 127 S.Ct. 1727, 1729-30 (2007) (citing *Graham* v. *John Deere Co. of Kansas City*, 383 U. S. 1, 15-17 (1966)).

B.   **JohnsonFoils's Request for a Summary Determination of Obviousness Prior to Developing Any Factual Record Is Contrary to This Court's Instructions**

In a further tactical maneuver, JohnsonFoils requests leave to file for summary judgment of obviousness a year before the date set in this Court's Scheduling Order, and at a time when the factual record is utterly devoid of information essential to the summary determination sought. JohnsonFoils makes this request for leave to file for summary judgment at the <u>start</u> of discovery despite being unequivocally told at the Scheduling Conference that summary judgment motions—even if filed in accordance with the Scheduling Order <u>after the close of discovery</u>—are routinely held until the pre-trial conference and denied if there is <u>any doubt</u> as to the resolution of disputed facts. Scheduling Conference Transcript, 5:14 - 6:2 (Summary Judgment will be denied

"unless it's a slam dunk.")  Far from meeting the Court's high standard, JohnsonFoils's summary

judgment motion—proposed to be filed on a completely bare factual record—leaves nothing but

doubt as to the material issues for determining obviousness:  the level of ordinary skill in the art,

the scope and content of the prior art, and objective secondary considerations of nonobviousness.

See *KSR*, 127 S.Ct. at 1729-30 (citing *Graham*, 383 U. S. at 15-17).  As explained in *KSR*:

> Under §103, the scope and content of the prior art are to be determined;
> differences between the prior art and the claims at issue are to be ascertained; and
> the level of ordinary skill in the pertinent art resolved. Against this background
> the obviousness or nonobviousness of the subject matter is determined. Such
> secondary considerations as commercial success, long felt but unsolved needs,
> failure of others, etc., might be utilized to give light to the circumstances
> surrounding the origin of the subject matter sought to be patented.

*Id*.  In view of the extensive record needed to make these mandatory factual findings, it would be

a waste of time to entertain JohnsonFoils's Motion now, prior to any substantial discovery.

### C.    JohnsonFoils's Sworn Interrogatory Responses Contradict Its Contention That the Record is Ripe for a Summary Determination of Obviousness.

Moreover, JohnsonFoils's representation that the record is ripe for a summary

determination of obviousness is flatly contradicted by JohnsonFoils's own sworn Interrogatory

Responses.  When asked to disclose the facts on which JohnsonFoils bases its obviousness claim,

JohnsonFoils provided no information and stated that "JohnsonFoils objects to this Interrogatory

as . . . premature." Interrogatory Responses, at 7.  Thus, on the very day JohnsonFoils filed this

Motion asserting that the record in this case is ripe for a summary determination of obviousness,

JohnsonFoils swore that it had no information relating to its obviousness claim and that the

question itself was premature.

### D.    Granting Leave to File a Premature Summary Judgment Motion of Obviousness Would Likely Result in Further Delay and Prejudice

JohnsonFoils's premature summary judgment motion is likely to waste judicial resources

and impose unfair costs on Voith. Although cast as an expeditious means of short-circuiting this case by invalidating the Patents-in-Suit, the most likely outcome of this premature Summary Judgment Motion is that—after the wasteful expenditure of resources associated with the briefing schedule and argument—Voith will be provided with an opportunity to conduct discovery pursuant to Fed. R. Civ. P. 56(f). *See* Fed. R. Civ. P. 56(f) (providing nonmoving party with fair opportunity to conduct discovery to identify facts needed to oppose motion for summary judgment). Because of the likelihood of duplicative supplemental summary judgment motions filed after a period of further discovery, the most likely result of permitting JohnsonFoils to file its premature Motion is prejudicial delay and increased cost to Voith.

**E.    JohnsonFoils's Characterization of the Prior Art Using Concepts Borrowed From the Patents-in-Suit is No More Than Irrelevant Hindsight Analysis**

In its effort to justify forcing Voith to respond to its premature invalidity allegations, JohnsonFoils blatantly mischaracterizes the prior art. As an initial matter, and as noted in the foregoing argument, JohnsonFoils's analysis of its prior art proceeds without providing any factual basis for determining either the level of ordinary skill in the art, the scope and content of the prior art, and objective considerations of nonobviousness. On that basis alone, JohnsonFoils's analysis is legally irrelevant. But more than that, JohnsonFoils's analysis—on its face—presents a textbook example of impermissible hindsight, *i.e.,* "interpreting" the prior art through the lens of the Patents-in-Suit.

For example, JohnsonFoils's Motion, page 8, reproduces Fig. 3 from the Patents-in-Suit, together with JohnsonFoils's own annotations—purportedly based on the description of Figure 3 taken from the common specification of the Patents-in-Suit. JohnsonFoils then describes schematic diagrams from its purported prior art references by transferring its characterization of

elements of Figure 3 of the Patents-in-Suit to purportedly corresponding parts of those diagrams.

But not one of the labels attached by JohnsonFoils to the elements of the diagram on page 9 of its

Motion ("Verta-Forma") are taken from—or discussed in—the source publication PAPER

MACHINE FELTS AND FABRICS (ALBANY INT'L CORP.) (1976) ("Paper Machine"). The totality of

the description of Verta-Forma contained in the Paper Machine article is as follows:

> Twin-Wire Formers (General Grades) Verta-Forma. Developed by the Black
> Clawson Company, this twin-wire former (Figure 4.6) has a forming zone
> vertically arranged to provide maximum uniformity in dewatering from each side
> of the sheet. These machines are producing a wide range of paper grades and
> qualities. Special features of this machine are the vertical forming zone couples
> with the Bunched Tube Headbox, designed to produce a completely homogenous
> dispersion of the sheet components in a cohesive stable stock jet.

Paper Machine, at 40-41. Without exception, every label attached to the Vertiforma diagram was

supplied by JohnsonFoils from the specification of the Patents-in-Suit. Not only that, but the

Paper Machine article makes absolutely no reference to "no single wire predrainage," "zig zag

drainage strips," "twin wire zone free of rolls," or any division of the paper forming path into a

region I, II, or III.

The same is true of the figure reproduced on page 10 of the Motion ("Paper Former")

taken from PAUL M. SCHAFFRATH AND MARSHALL S. GREEN, VERTICAL FORMING MACHINE

GIVES SYMMETRICAL SHEET STRUCTURE 48:5 TAPPI 50A-52A (May 1965) ("Vertical Forming

Machine"). Notably, the Paper Former diagram is extensively labeled in the Vertical Forming

Machine article and not one of those labels corresponds to any label JohnsonFoils added from the

Patents-in-Suit. Indeed, a close review of the Vertical Forming Machine article discloses an

extensive discussion but no mention of the terms JohnsonFoils borrowed from the Patents-in-

Suit. To the extent JohnsonFoils implies that its descriptions can be verified by just looking at

the diagrams without reference to the accompanying descriptions, it is mistaken. JohnsonFoils

has provided no justification for its erroneous assumption that the authors of its cited

publications—much less someone of ordinary skill in the art at the time the application giving

rise to the Patents-in-Suit was filed—understood its diagrams in the context of the specification

of the Patents-in-Suit.  Because JohnsonFoils has blatantly imposed its characterization of the

diagram elements of Figure 3 from the Patents-in-Suit on the prior art references rather than

rely—as legally required—on the scope and content of the prior art, JohnsonFoils accomplishes

no more than a legally irrelevant hindsight analysis.

## IV.    JOHNSONFOILS HAS IMPOSED UNDUE BURDENS ON VOITH BY REPEATEDLY VIOLATING THE SCHEDULING ORDER AND FILING THIS MOTION WITHOUT A REASONABLE BASIS

### A.    Legal Standards

In accordance with Rule 16(f) "[i]f a party or party's attorney fails to obey a scheduling . .

. order" it is subject to sanctions under Rule 37(b).  Moreover, "[i]n lieu of or in addition to any

other sanction, the judge shall require the party or the attorney representing the party or both to

pay the reasonable expenses incurred because of any noncompliance with this rule, including

attorney's fees, unless the judge finds that the noncompliance was substantially justified or that

other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 16(f).  Belated

compliance with the court orders does not preclude the imposition of sanctions.  *See DH Tech.,*

*Inc. v. Synergystex Int'l, Inc.*, 154 F.3d 1333 (Fed. Cir. 1998).

Objective reasonableness—a higher standard than good faith—is required for a filing to

comport with Fed. R. Civ. P. 11.  *See Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d

535, 540 (3d Cir. 1985).  Sanctions pursuant to Fed. R. Civ. P. 11 are warranted where a litigant

files motions knowing they have no merit.  *See Syed v. Hercules Inc.*, 184 F. Supp. 2d 395, 402

(D. Del. 2002).

A litigant may be precluded from offering evidence as a sanction for discovery violations. *See Hagans v. Henry Weber Aircraft Distributors, Inc.*, 852 F.2d 60, 63-64 (3d Cir. 1988).

**B.    JohnsonFoils Has Engaged in a Pattern of Scheduling Order Violations**

As explained above, prior to filing this Motion, JohnsonFoils blatantly violated the Scheduling Order prior to filing this Motion. First, in derogation of the Scheduling Order, ¶3(d), JohnsonFoils prematurely served seven deposition notices before any written discovery. Scheduling Order, ¶3(d). JohnsonFoils compounded its violation by failing to respond to Voith's request to confer regarding the improperly served notices. *See* Letters to JohnsonFoils (Exhibit 4).

JohnsonFoils again violated the Scheduling Order, ¶6, by filing a summary judgment motion nearly a year before the earliest permissible date. Scheduling Order, ¶6. Moreover, JohnsonFoils did not confer with Voith's counsel prior to filing the summary judgment motion, nor did they seek leave from the Court to file the motion.

Only after being advised that Voith would seek relief from this Court, JohnsonFoils withdrew its improperly filed summary judgment motion and untimely deposition notices. *See* E-mail from JohnsonFoils to Voith (Exhibit 10). That JohnsonFoils ultimately withdrew the papers served and filed in violation of the Scheduling Order does not eliminate the burden unduly imposed on Voith. *See DH Tech., Inc. v. Synergystex Int'l, Inc.*, 154 F.3d 1333, 1344 (Fed. Cir. 1998) (Belated compliance with the court orders does not preclude the imposition of sanctions.); Fed. R. Civ. P. 16(f).

**C.    JohnsonFoils's Own Sworn Discovery Responses Demonstrate That This Motion Was Filed Without a Reasonable Basis**

JohnsonFoils filed this Motion in the face of clear directives from the Court that the trial

date would not be affected by reexamination proceedings and that the standard for summary

determinations precluded summary judgment absent a clear resolution of all underlying factual

issues. *See National Fire & Marine Ins. v. Robin James Const.*, 478 F. Supp. 2d 660, 663 (D.

Del. 2007) (awarding sanctions for violating a scheduling order and other orders of the court).

As detailed above, JohnsonFoils filed this Motion after repeatedly violating this Court's

Scheduling Order by filing untimely deposition notices and by filing its summary judgment

motion without leave a year before the earliest permissible date. Moreover, the record supports

the conclusion that this Motion was filed in bad faith. JohnsonFoils's sworn Interrogatory

Responses contradict the contentions made in this Motion that JohnsonFoils is aware of any basis

for invalidating the Patents-in-Suit. *L.E.A. Dynatech, Inc. v. Allina*, 49 F.3d 1527 (Fed. Cir.

1995) (awarding sanctions for bad faith motion to stay proceedings). In its Interrogatory

Responses, JohnsonFoils swore, on the day it filed this Motion, that 1) the very question relating

to the existence of potentially invalidating prior art not considered by the PTO is "premature"

and 2) the very question relating to JohnsonFoils's obviousness contentions is "premature."

Interrogatory Responses (Exhibit 7). Yet, the Motion states that JohnsonFoils's obviousness

contentions are ripe for summary determination and that the prior art submitted to the PTO is

new and so pertinent that the rejection of all claims of the Patents-in-Suit is the likely outcome.

JohnsonFoils's admissions demonstrate that this Motion was filed with the knowledge that it has

no merit. *See Eavenson*, 775 F.2d at 540 (objective reasonableness—a higher standard than good

faith—is required for a filing to comport with Fed. R. Civ. P. 11); *Syed*, 184 F. Supp. 2d 395, 402

(D. Del. 2002) (sanctions pursuant to Fed. R. Civ. P. 11 are warranted where a litigant files

motions knowing they have no merit); *Hagans*, 852 F.2d at 63-64 (affirming preclusion as a

sanction for discovery violations).

## CONCLUSION

For the foregoing reasons, Voith respectfully requests that JohnsonFoils's Motion be denied in all respects, and that this Court award all other relief deemed proper.

Respectfully submitted,

_____

Adam W. Poff (No. 3990)
Chad S.C. Stover (No. 4919)
YOUNG CONWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
cstover@ycst.com
(302) 571-6642

- and

Neil F. Greenblum
Michael J. Fink
Neal Goldberg
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

Attorneys for Plaintiff Voith Paper GmbH & Co. KG

Dated: September 17, 2007

## CERTIFICATE OF SERVICE

I, Chad S.C. Stover, hereby certify that on September 17, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> George H. Seitz, III, Esquire
> Patricia P. McGonigle, Esquire
> SEITZ, VAN OGTROP & GREEN, P.A.
> 222 Delaware Avenue
> Suite 1500
> P.O. Box 68
> Wilmington, DE 19899

I further certify that on September 17, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

> Anthony S. Volpe, Esquire
> Ryan W. O'Donnell, Esquire
> Volpe and Koenig
> United Plaza, Suite 1600
> 30 South 17th Street,
> Philadelphia, PA 19103

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Adam W. Poff (No. 3990)
Chad S.C. Stover (No. 4919)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
cstover@ycst.com

*Attorneys for Voith Paper GmbH & Co. KG*

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,          )
   a Company organized and          )
   existing under the laws of Germany,  )
                       )
          Plaintiff,          )
                       )          C.A. No. 07-0226-JJF
          v.          )
                       )
JOHNSONFOILS, INC.                   )
   a Delaware Corporation,           )
                       )
          Defendant.          )

## RULE 16(b) SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and as discussed at the scheduling conference on August 1, 2007,

IT IS ORDERED that:

1.    **Pre-Discovery Disclosures.**  The parties will exchange by September 21, 2007, the information required by Fed. R. Civ. P. 26(a) (1) and D. Del. LR 16.2.

2.    **Joinder of other Parties.**    All motions to join other parties shall be filed on or before December 21, 2007.

3.    **Discovery.**

(a)    Exchange and completion of contention interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by February 15, 2008.

(b)    Maximum of 25 interrogatories, including contention interrogatories, for each side.

{J214720 00231791.DOC}

    (c)    Maximum of 50 requests for admission by each side.

    (d)    Maximum of 10 depositions by plaintiff and 10 by defendant, excluding expert depositions. Depositions shall not commence until the discovery required by Paragraph 3 (a, b and c) is completed.

    (e)    Reports from retained experts required by Fed. R. Civ. P. 26(a) (2) shall be served from the party with the burden of proof on May 21, 2008, rebuttal expert reports shall be served on June 18, 2008.

    (f)    Any party desiring to depose an expert witness shall notice and complete said deposition no later than thirty (30) days from receipt of said expert's report, unless otherwise agreed in writing by the parties or ordered by the Court.

    (g)    Fact discovery shall close on April 30, 2008.

    (h)    Expert discovery shall close on July 18, 2008.

4.    **Non-Case Dispositive Motions.**

    (a)    Any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion. The Notice of Motion shall indicate the date on which the movant seeks to have the motion heard. The date selected shall be within 30 days of the filing of the motion and allow or briefing in accordance with the Federal and Local Rules. Available motion dates will be posted on the Court's website at: www.ded.uscourts.gov.

    (b)    At the motion hearing, each side will he allocated twenty (20) minutes to argue and respond to questions from the Court.

    (c)    Upon filing of the Notice of Motion, a copy of said Notice shall be sent to Chambers by-email at: jjf_civil@ded.uscourts.gov

{J214720 00231791.DOC}

5.    **Amendment of the Pleadings.**    All motions to amend the pleadings shall be filed on or before December 21, 2007.

6.    **Case Dispositive Motions.**    Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before August 20, 2008.  Briefing shall be pursuant to D. Del. LR 7.1.2.  No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court.  The Court will issue a separate Order regarding procedures for filing summary judgment motions.

7.    **Markman.**    A Markman Hearing will be held on January 30, 2008, at 10:00 a.m.  Briefing on the claim construction issues shall be completed at least ten (10) business days prior to the hearing.  The Court, after reviewing the briefing, will allocate time to the parties on the hearing date.

8.    **Applications by Motion.**

(a)    Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1 and be made in accordance with the Court's December 15, 2006 Order on Procedures for Filing Non-dispositive motions in Patent Cases. Parties may file stipulated and unopposed Orders with the clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b)    No facsimile transmissions will be accepted.

{J214720 00231791.DOC}

(c)    No telephone calls shall be made to Chambers.

(d)    Any party with a true emergency matter requiring the assistance of

the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide

a short statement describing the emergency.

9.    **Pretrial Conference and Trial.**  A Pretrial Conference will be held on

October 16, 2008 at 12:00 p.m.  Trial shall commence on November 5, 2008.

_____    _____
August 3, 2007                              UNITED STATES DISTRICT JUDGE
Date

(J214720 00231791.DOC)

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE



- - -

VOITH PAPER, GMBH & CO., KG,:
:
       Plaintiff,     : C.A. No. 07-226 JJF
:
   v.         :
:
JOHNSONFOILS, INC.,    :
:
       Defendant.    :


844 King Street
Wilmington, Delaware

**Wednesday, August 1, 2007**

3:00 p.m.

BEFORE:  THE HONORABLE JOSEPH J. FARNAN, JR.
          United States District Court Judge

APPEARANCES:

        CHAD STOVER, ESQ.
          YOUNG CONAWAY STARGATT & TAYLOR LLP
           - and -
        MICHAEL J. FINK, ESQ.
          GREENBLUM & BERNSTEIN, P.L.C.
          for Plaintiff

        PATRICIA P. McGONIGLE, ESQ.
          SEITZ VAN OGTROP & GREEN, P.A.
           - and -
        ANTHONY S. VOLPE, ESQ.
        RYAN W. O'DONNELL, ESQ.
          VOLPE and KOENIG P.C.
          for Defendant

```
 1                    THE CLERK:  All rise.

 2                    THE COURT:  All right.  Be seated, please.  Good

 3       afternoon.

 4                    COUNSEL:  Good afternoon, Your Honor.

 5                    THE COURT:  All right.  Want to announce your

 6       appearances so the Court Reporter can get those down.

 7                    MR. STOVER:  Yes, Your Honor.

 8                    Your Honor, Chad Stover from Young Conway for the

 9       Plaintiff, Voith Paper, and with me is Michael Fink from

10       Greenblum and Bernstein.

11                    THE COURT:  Good afternoon.  Welcome.

12                    MS. McGONIGLE:  Good afternoon, Your Honor.

13       Patricia McGonigle of Seitz VanOgtrop & Green, and with me are

14       my co-counsel Anthony Volpe and Ryan O'Donnell of the Volpe and

15       Keonig firm.

16                    THE COURT:  All right.  Good afternoon.  Welcome.

17                    COUNSEL:  Good afternoon, Your Honor.

18                    THE COURT:  All right.  I took a look at your

19       submissions, and with regard to the Markman hearing requested

20       by the Defendant I understand that there may not be a present

21       dispute over claim interpretation, and that may continue, but I

22       don't see any harm in setting a Markman hearing date, and under

23       our practice you'll have to join the issues that are in dispute

24       and submit papers.  If there's no disputes, that's what the
```

1    papers will say, so we'll just take the hearing off.  If there

2    is a dispute, then we'll get it done.  Typically it's an

3    exercise that's pretty easily accomplished, so how about

4    January -- I have a Markman hearing in the afternoon on January

5    the 30th which is a Wednesday.  I could schedule you for that

6    day at 10 o'clock in the morning; Wednesday, January the 30th

7    at 10 a.m.

8              Now with regard to the dispute over when the

9    Plaintiff has to provide notice of the claims being asserted, I

10   have to agree with the Plaintiff that the way to conduct that

11   is by an Interrogatory, a contention Interrogatory.

12             Now typically what will happen is it will be

13   overwhelming, the response, and you may want to move, if you

14   can't agree, to narrow the claims being asserted.  You can move

15   to --

16             You can try to discuss and agree.  If you can't,

17   then you would move to compel on that Interrogatory because the

18   response is not specific enough to allow the Discovery to go

19   forward in some fashion that is detailed toward the actual

20   claims being asserted, so --

21             Or if the other side typically tries to delay,

22   saying well, we can't do that because we're waiting for

23   documents from you about product or whatever it is, after a

24   reasonable time, which is usually somewhere around 60, maybe 70

4

1    days, if all the documents have been produced and there's no

2    dispute, then you ought to be able to get the asserted claims.

3              Everybody has to keep in mind, at least in this

4    district, we're working toward one goal, a trial, and trials

5    don't have a hundred claims in them.  I take to heart the

6    Federal Circuit's grant to trial courts the allowance to reduce

7    claims to representative claims so that they can be

8    understandable to a jury.  Typically both sides have that

9    interest also if they're really working toward a trial.  So you

10   ought to be able to agree.  If you can't, though, that's what

11   is the decision dynamic for me.  I'll listen to both sides and

12   I'll just order the response so that Discovery can be tailored

13   to a potential trial and so that the asserted claims can be

14   tailored to a representative group that will make it

15   understandable for the jury.

16             So I think that answers the question.  You gotta

17   do it by Interrogatory, and contention Interrogatories are at

18   the beginning of the Discovery before any depositions are

19   taken, so under your schedule it ought to get done in the next

20   few months, and if you can't agree, we have the motion day

21   procedure.  You'll put it on for a motion day notice and we'll

22   get it resolved real quickly for you.

23             With regard to the rest of the Order, it looks

24   fine to me.  Does anybody have anything -- does the Plaintiff

5

1   have anything that we should further talk about other than the

2   trial date?

3                MR. FINK:  No, your Honor.

4                MR. VOLPE:  No, Your Honor.

5                THE COURT:  When were you thinking you were gonna

6   try this case?

7                MR. FINK:  Well, Your Honor, if we have

8   dispositive motions in August of 2008, October/November, 2008?

9                THE COURT:  What were you thinking?

10               MR. VOLPE:  That's acceptable to us, Your Honor.

11               THE COURT:  Okay.  So we will go to the November,

12  2008 -- I just scheduled trial in October, that's why I know we

13  gotta go to November.  So we'll go to November, 2008.

14               I'll tell you the same thing I told them about

15  Summary Judgment in this district.  You know, we have a

16  procedure for it.  We don't waste a lot of time because Summary

17  Judgment is hard to get.  Matter of fact, we were talking the

18  last conference about our friend Phil in Tennessee.  He puts

19  little things out about people, judges and courts.  We're not

20  one of his favorites for granting Summary Judgment.  I think he

21  actually might have individually mentioned me, that I grant

22  less than 10 percent of the time.  It was real low.  So what I

23  typically do is take your Summary Judgment motions abd I look

24  at them and unless it's a slam-dunk, I come to the pretrial and

6

1    I tell you they're denied, little bit on the record, and we

2    move on.

3              I'm looking at the November calendar.  How is --

4    it's a Tuesday.  In this district you don't get more than ten

5    trial days.  I don't think from what I can see about this case

6    from the papers so far that you need a separation of issues, so

7    I would start you on Tuesday, November the 4th.  Is that okay

8    for everybody?

9              MR. FINK:  I believe so, Your Honor.

10             MR. VOLPE:  Yes, Your Honor.

11             THE COURT:  And then that means you'll go back to

12   October for a pretrial conference.  Remind me where Summary

13   Judgment was.

14             MR. FINK:  August 20, 2008 will be opening

15   briefs.

16             THE COURT:  I'll schedule the pretrial for

17   Thursday, October the 16th at -- are you coming from out of

18   town?

19             MR. FINK:  Yes.

20             THE COURT:  Where are you coming from?

21             MR. FINK:  Virginia, Your Honor.  It's only an

22   hour and a half train ride.

23             THE COURT:  Where at in Virginia?

24             MR. FINK:  Reston.

1          THE COURT:  Where are you coming from?

2          MR. VOLPE:  Philadelphia, Your Honor.  Not much

3    of a trip.

4          THE COURT:  So you get up that morning, you get

5    back, I'll make it 12 noon, that will make it for both of you,

6    and you won't have to worry about morning traffic and

7    everything.  Twelve noon on the 16th of October.

8          I think that's all I had in my notes.  Is there

9    anything else the Plaintiff would want to discuss?

10          MR. FINK:  The only possibility that we'd like to

11    explore, Your Honor, is the parties have been discussing

12    settlement and that's why their Answer has been extended and

13    extended, and maybe to push the parties closer together, maybe

14    a visit with Judge Thynge might be good.

15          MR. VOLPE:  I have no objection to that, Your

16    Honor.  The only thing that I would add so the Court knows

17    beforehand is that we will be filing for re-examination of the

18    patent, which we've already previously noticed the Plaintiff

19    about and identified some of the art.

20          THE COURT:  A re-examination might affect your

21    mediation effort with Judge Thynge.  It won't affect the trial

22    schedule.  I think I can count on one hand the cases I've

23    deferred from litigation because of a re-examination.

24          So what I'll do is I'll put an Order in place

8

1   that if the parties -- I'll give a copy to Judge Thynge.  And

2   actually we're gonna have another Magistrate Judge here

3   starting next week, Judge Stark, and there's actually a system

4   gonna go in place about even and odd numbers, which I don't

5   recall right now about which cases they will be assigned.  I

6   think one of them gets even and one of them gets odd.  But what

7   I'll do is I'll put an Order of Reference in place and then at

8   your convenience you can schedule -- then you'll have the

9   authority to contact her and arrange for a mediation and I'll

10   put a note in that Order that the parties have had prior

11   discussions and a mediation is potentially very helpful.

12              MR. FINK:  Thank you, Your Honor.

13              THE COURT:  But re-examination, again, that might

14   affect what goes on in mediation but for here keep in mind that

15   November trial date because that won't move, and even though

16   sometimes we adjust things in the Discovery process or motion

17   practice, it doesn't change that trial date.

18              Okay.  So I'll get that Order in place, then you

19   can both decide when you want to go see her.

20              MR. FINK:  Thank you, Your Honor.

21              MR. VOLPE:  Thank you, Your Honor.

22              THE COURT:  Anything else that would be helpful?

23              MR. VOLPE:  I don't believe so.

24              THE COURT:  Okay.  Thank you very much.

1          COUNSEL:  Thank you, Your Honor.

2          THE CLERK:  All rise.

3          (Court recessed at 3:15 p.m.).

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

10

```
 1   STATE OF DELAWARE        )
                              :  SS.
 2   NEW CASTLE COUNTY        )

 3

 4                      CERTIFICATION

 5

 6            I, CAROL DiSERAFINO, Professional Reporter

 7   and Notary Public, do hereby certify that the foregoing

 8   record is a true and accurate transcript of my

 9   stenographic notes taken on Wednesday, August 1, 2007,

10   in the above-captioned matter.

11

12            WITNESS my hand at Wilmington, Delaware,

13   this 6th day of August, 2007.

14

15            _____
                 CAROL DiSERAFINO, CSR
16               COURT REPORTER-NOTARY PUBLIC
                 Cert. No. 182-PS
17

18

19

20

21

22

23

24
```

# Exhibit 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,
a Company organized and existing under
the laws of Germany,

Plaintiff,

v.

JOHNSONFOILS, INC.,
a Delaware Corporation,

Defendants.

Civil Action No. 07-0226-JJF

TO:    Michael J. Fink, Esquire
       Greenblum & Bernstein, P.L.C.
       1950 Roland Clarke Place
       Reston, VA  20191

### NOTICE OF DEPOSITION OF DIETER EGELHOF

Pursuant to Federal Rule of Civil Procedure 30, Defendant, JohnsonFoils, Inc., will take the video taped deposition of Dieter Egelhof, before a person duly authorized to administer oaths, at the offices of Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, DE  19899 commencing at 9:30 a.m. on October 8, 2007 and continuing until concluded.

Date: _August 10, 2007_    By: _____

Anthony S. Volpe (PA # 24,733)
Ryan W. O'Donnell (PA# 89,775)
Randolph J. Huis (DE # 3057)
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA  19103
Telephone:  215-568-6400
Facsimile:  215-568-6499

*Attorneys for Defendant, JohnsonFoils, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,                    :
                                              :
            Plaintiff,                        :
                                              :        C.A. No. 07-226-UNA
            v.                                :
                                              :
JOHNSONFOILS, INC.,                           :
                                              :
            Defendant.                        :

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Notice of
Deposition was served on the following parties on August 10, 2007 via first class
regular mail.

> Adam W. Poff, Esquire
> Young, Conaway, Stargatt & Taylor
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE  19899-0391
>
> Michael J. Fink, Esquire
> Greenblum & Bernstein, P.L.C.
> 1950 Roland Clarke Place
> Reston, VA  20191

By:    _____

Anthony S. Volpe
Randolph J. Huis
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400
*Attorneys for Defendant JohnsonFoils,*
*Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,
a Company organized and existing under
the laws of Germany,

                                        Plaintiff,

             v.

JOHNSONFOILS, INC.,
a Delaware Corporation,

                                        Defendants.

Civil Action No. 07-0226-JJF

TO:   Michael J. Fink, Esquire
      Greenblum & Bernstein, P.L.C.
      1950 Roland Clarke Place
      Reston, VA  20191

### NOTICE OF DEPOSITION OF WILHELM WANKE

Pursuant to Federal Rule of Civil Procedure 30, Defendant, JohnsonFoils, Inc., will take the video taped deposition of Wilhelm Wanke, before a person duly authorized to administer oaths, at the offices of Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, DE  19899 commencing at 9:30 a.m. on October 2, 2007 and continuing until concluded.

Date: *August 10, 2007*          By: *Anthony S. Volpe*

Anthony S. Volpe (PA # 24,733)
Ryan W. O'Donnell (PA# 89,775)
Randolph J. Huis (DE # 3057)
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA  19103
Telephone:  215-568-6400
Facsimile:  215-568-6499

*Attorneys for Defendant, JohnsonFoils, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,      :
      :
      Plaintiff,      :
      :    C.A. No. 07-226-UNA
      v.      :
      :
JOHNSONFOILS, INC.,      :
      :
      Defendant.      :

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Deposition was served on the following parties on August 10, 2007 via first class regular mail.

Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

Michael J. Fink, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191

By:    *[signature]*
      Anthony S. Volpe
      Randolph J. Huis
      Ryan W. O'Donnell
      Volpe and Koenig, P.C.
      United Plaza, Suite 1600
      30 South 17th Street
      Philadelphia, PA 19103
      (215) 568-6400
      *Attorneys for Defendant JohnsonFoils, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,

    a Company organized and existing under

    the laws of Germany,

                                Plaintiff,

                v.

JOHNSONFOILS, INC.,

    a Delaware Corporation,

                          Defendants.

Civil Action No. 07-0226-JJF

TO:    Michael J. Fink, Esquire
        Greenblum & Bernstein, P.L.C.
        1950 Roland Clarke Place
        Reston, VA  20191

## <u>NOTICE OF DEPOSITION OF RUDOLF BUCK  THROUGH ELSE BUCK</u>

      Pursuant to Federal Rule of Civil Procedure 30, Defendant, JohnsonFoils, Inc., will take the video taped deposition of Rudolf Buck, through Else Buck, before a person duly authorized to administer oaths, at the offices of Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, DE  19899 commencing at 9:30 a.m. on October 9, 2007 and continuing until concluded.

Date: *August 10, 2007*    By:    *Anthony S. Volpe*
                              Anthony S. Volpe (PA # 24,733)
                              Ryan W. O'Donnell (PA# 89,775)
                              Randolph J. Huis (DE # 3057)
                              Volpe and Koenig, P.C.
                              United Plaza, Suite 1600
                              30 South 17th Street
                              Philadelphia, PA  19103
                              Telephone:  215-568-6400
                              Facsimile:  215-568-6499

                              *Attorneys for Defendant, JohnsonFoils, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,  :
:
        Plaintiff,  :
:     C.A. No. 07-226-UNA
:
        v.  :
:
JOHNSONFOILS, INC.,  :
:
        Defendant.  :

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Notice of
Deposition was served on the following parties on August 10, 2007 via first class
regular mail.

        Adam W. Poff, Esquire
        Young, Conaway, Stargatt & Taylor
        The Brandywine Building
        1000 West Street, 17th Floor
        P.O. Box 391
        Wilmington, DE  19899-0391

        Michael J. Fink, Esquire
        Greenblum & Bernstein, P.L.C.
        1950 Roland Clarke Place
        Reston, VA  20191

        By: _____
            Anthony S. Volpe
            Randolph J. Huis
            Ryan W. O'Donnell
            Volpe and Koenig, P.C.
            United Plaza, Suite 1600
            30 South 17th Street
            Philadelphia, PA 19103
            (215) 568-6400
            *Attorneys for Defendant JohnsonFoils,*
            *Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,

    a Company organized and existing under

    the laws of Germany,

                              Plaintiff,

                v.

JOHNSONFOILS, INC.,

    a Delaware Corporation,

                       Defendants.

Civil Action No. 07-0226-JJF

TO:   Michael J. Fink, Esquire
       Greenblum & Bernstein, P.L.C.
       1950 Roland Clarke Place
       Reston, VA  20191

### NOTICE OF DEPOSITION OF WERNER KADE

      Pursuant to Federal Rule of Civil Procedure 30, Defendant, JohnsonFoils, Inc., will take the video taped deposition of Werner Kade, before a person duly authorized to administer oaths, at the offices of Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, DE  19899 commencing at 9:30 a.m. on October 9, 2007 and continuing until concluded.

Date: *August 10, 2007*   By:   *Anthony S. Volpe*
                            Anthony S. Volpe (PA # 24,733)
                            Ryan W. O'Donnell (PA# 89,775)
                            Randolph J. Huis (DE # 3057)
                            Volpe and Koenig, P.C.
                            United Plaza, Suite 1600
                            30 South 17th Street
                            Philadelphia, PA  19103
                            Telephone:  215-568-6400
                            Facsimile:  215-568-6499

                            *Attorneys for Defendant, JohnsonFoils, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,          :
                                    :
          Plaintiff,                :
                                    :        C.A. No. 07-226-UNA
          v.                        :
                                    :
JOHNSONFOILS, INC.,                 :
                                    :
          Defendant.                :

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that a true and correct copy of the foregoing Notice of Deposition was served on the following parties on August 10, 2007 via first class regular mail.

> Adam W. Poff, Esquire
> Young, Conaway, Stargatt & Taylor
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE  19899-0391
>
> Michael J. Fink, Esquire
> Greenblum & Bernstein, P.L.C.
> 1950 Roland Clarke Place
> Reston, VA  20191

By: _____

> Anthony S. Volpe
> Randolph J. Huis
> Ryan W. O'Donnell
> Volpe and Koenig, P.C.
> United Plaza, Suite 1600
> 30 South 17th Street
> Philadelphia, PA 19103
> (215) 568-6400
> *Attorneys for Defendant JohnsonFoils, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,

   a Company organized and existing under

   the laws of Germany,

                            Plaintiff,

            v.

JOHNSONFOILS, INC.,

   a Delaware Corporation,

                    Defendants.

Civil Action No. 07-0226-JJF

TO:    Michael J. Fink, Esquire
       Greenblum & Bernstein, P.L.C.
       1950 Roland Clarke Place
       Reston, VA  20191

### NOTICE OF DEPOSITION OF ALBRECHT MEINECKE

      Pursuant to Federal Rule of Civil Procedure 30, Defendant, JohnsonFoils, Inc., will take the video taped deposition of Albrecht Meinecke, before a person duly authorized to administer oaths, at the offices of Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, DE  19899 commencing at 9:30 a.m. on October 3, 2007 and continuing until concluded.

Date: _August 10, 2007_    By: _____

                           Anthony S. Volpe (PA # 24,733)
                           Ryan W. O'Donnell (PA# 89,775)
                           Randolph J. Huis (DE # 3057)
                           Volpe and Koenig, P.C.
                           United Plaza, Suite 1600
                           30 South 17th Street
                           Philadelphia, PA  19103
                           Telephone:  215-568-6400
                           Facsimile:  215-568-6499

                           _Attorneys for Defendant, JohnsonFoils, Inc._

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,                    :
                                              :
                    Plaintiff,                :
                                              :        C.A. No. 07-226-UNA
          v.                                  :
                                              :
JOHNSONFOILS, INC.,                           :
                                              :
                    Defendant.                :

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of
Deposition was served on the following parties on August 10, 2007 via first class
regular mail.

> Adam W. Poff, Esquire
> Young, Conaway, Stargatt & Taylor
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE  19899-0391
>
> Michael J. Fink, Esquire
> Greenblum & Bernstein, P.L.C.
> 1950 Roland Clarke Place
> Reston, VA  20191

By:    _____
       Anthony S. Volpe
       Randolph J. Huis
       Ryan W. O'Donnell
       Volpe and Koenig, P.C.
       United Plaza, Suite 1600
       30 South 17th Street
       Philadelphia, PA 19103
       (215) 568-6400
       *Attorneys for Defendant JohnsonFoils,*
       *Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,

   a Company organized and existing under
the laws of Germany,

Plaintiff,

       v.

JOHNSONFOILS, INC.,

   a Delaware Corporation,

Defendants.

Civil Action No. 07-0226-JJF

TO:   Michael J. Fink, Esquire
      Greenblum & Bernstein, P.L.C.
      1950 Roland Clarke Place
      Reston, VA 20191

### NOTICE OF DEPOSITION OF KLAUS HENSELER

     Pursuant to Federal Rule of Civil Procedure 30, Defendant, JohnsonFoils, Inc., will take the video taped deposition of Klaus Henseler, before a person duly authorized to administer oaths, at the offices of Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, DE 19899 commencing at 9:30 a.m. on October 4, 2007 and continuing until concluded.

Date: *August 10, 2007*   By:  *Anthony S. Volpe*

                         Anthony S. Volpe (PA # 24,733)
                         Ryan W. O'Donnell (PA# 89,775)
                         Randolph J. Huis (DE # 3057)
                         Volpe and Koenig, P.C.
                         United Plaza, Suite 1600
                         30 South 17th Street
                         Philadelphia, PA 19103
                         Telephone: 215-568-6400
                         Facsimile: 215-568-6499

                        *Attorneys for Defendant, JohnsonFoils, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,           :
                                     :
              Plaintiff,             :
                                     :        C.A. No. 07-226-UNA
       v.                            :
                                     :
JOHNSONFOILS, INC.,                  :
                                     :
              Defendant.             :

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Deposition was served on the following parties on August 10, 2007 via first class regular mail.

> Adam W. Poff, Esquire
> Young, Conaway, Stargatt & Taylor
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE  19899-0391
>
> Michael J. Fink, Esquire
> Greenblum & Bernstein, P.L.C.
> 1950 Roland Clarke Place
> Reston, VA  20191

By: _____
      Anthony S. Volpe
      Randolph J. Huis
      Ryan W. O'Donnell
      Volpe and Koenig, P.C.
      United Plaza, Suite 1600
      30 South 17th Street
      Philadelphia, PA 19103
      (215) 568-6400
      *Attorneys for Defendant JohnsonFoils, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,

    a Company organized and existing under

    the laws of Germany,

                                Plaintiff,

                  v.

JOHNSONFOILS, INC.,

    a Delaware Corporation,

                         Defendants.

Civil Action No. 07-0226-JJF

TO:    Michael J. Fink, Esquire
        Greenblum & Bernstein, P.L.C.
        1950 Roland Clarke Place
        Reston, VA  20191

### NOTICE OF DEPOSITION OF HANS-JURGEN WULZ

      Pursuant to Federal Rule of Civil Procedure 30, Defendant, JohnsonFoils, Inc., will take the video taped deposition of Hans-Jurgen Wulz, before a person duly authorized to administer oaths, at the offices of Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, DE  19899 commencing at 9:30 a.m. on October 1, 2007 and continuing until concluded.

Date: *August 10, 2007*    By:    *Anthony S. Volpe*
                                 Anthony S. Volpe (PA # 24,733)
                                 Ryan W. O'Donnell (PA# 89,775)
                                 Randolph J. Huis (DE # 3057)
                                 Volpe and Koenig, P.C.
                                 United Plaza, Suite 1600
                                 30 South 17th Street
                                 Philadelphia, PA  19103
                                 Telephone:  215-568-6400
                                 Facsimile:  215-568-6499

                               *Attorneys for Defendant, JohnsonFoils, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VOITH PAPER GMBH & CO. KG, | : |
| | : |
| Plaintiff, | : |
| | :     C.A. No. 07-226-UNA |
| v. | : |
| | : |
| JOHNSONFOILS, INC., | : |
| | : |
| Defendant. | : |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Deposition was served on the following parties on August 10, 2007 via first class regular mail.

> Adam W. Poff, Esquire
> Young, Conaway, Stargatt & Taylor
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE 19899-0391
>
> Michael J. Fink, Esquire
> Greenblum & Bernstein, P.L.C.
> 1950 Roland Clarke Place
> Reston, VA 20191

By: _____
Anthony S. Volpe
Randolph J. Huis
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400
*Attorneys for Defendant JohnsonFoils, Inc.*

# Exhibit 4

# MICHAEL FINK

| | |
|---|---|
| **From:** | MICHAEL FINK |
| **Sent:** | Tuesday, August 21, 2007 3:19 PM |
| **To:** | 'Tony Volpe' |
| **Cc:** | NEIL GREENBLUM; gseitz@svglaw.com; Ryan O'Donnell; apoff@ycst.com; CStover@ycst.com; Pmcgonigle@svglaw.com; RHuis@volpe-koenig.com |
| **Subject:** | RE: Voith vs. Johnson Foils, USDC for Delaware: 1:07-cv-00226-JJF; Your Ref: J214720 |
| **G&B File Number:** | J214720 |

Tony,

I have still not received a response to my August 16 letter (copy attached) requesting that defendant withdraw the recently served notices of deposition.  A response would be appreciated.

Best regards,
Michael

Michael J. Fink, Esq.
Partner
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

***************************************************************
The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited. If you have received
this communication in error, please notify us immediately by e-mail,
and delete the original message.
***************************************************************
In rare cases, our spam scanners may eliminate legitimate email. Please advise us immediately if you receive an
error notification from our server.

**From:** Tony Volpe [mailto:TVolpe@volpe-koenig.com]
**Sent:** Saturday, August 11, 2007 10:33 AM
**To:** MICHAEL FINK
**Cc:** NEIL GREENBLUM; gseitz@svglaw.com; Ryan O'Donnell; apoff@ycst.com; CStover@ycst.com;
Pmcgonigle@svglaw.com; RHuis@volpe-koenig.com
**Subject:** Voith vs. Johnson Foils, USDC for Delaware: 1:07-cv-00226-JJF; Your Ref: J214720

Hello Michael:

Just a heads up to let you know we served notices of depositions for all of the named inventors for October 1-9 in Wilmington. We grouped them one after the other for convenience, but will take them in a different order if that is convenient for them or us. If they are going to be in the states earlier than October or, about that time, later in October, we will take them then.

Best regards,

Tony

Anthony S. Volpe, Attorney at Law
Volpe and Koenig, P.C.
www.volpe-koenig.com
215-568-6400



United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
Tel 215.568.6400 Fax 215.568.6499
www.volpe-koenig.com

**Notice:** If you are not the named recipient of this transmission, please notify us immediately, by telephone, and delete or destroy any copy of this message. You should not disclose or use this information in any way. Disclosure or use of this information may expose you to criminal or civil liabilities. We apologize for the inconvenience and thank you for your attention to this notice.

LAW OFFICES
# GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPRZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYBDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERIBERT F. MUENSTERER, Ph.D. *◊
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL B. MOON
PAUL T. LEE ▵
JOHN V. MAZZOLA ◻
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D.
SAFET METJAHIC *

AZZA JAYAPRAKASH
JONATHAN MILLER *
NEAL GOLDBERG
STEVEN B. POLLICOFF *

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPERNER *
RICHARD J. McGRATH

TECHNICAL ADVISORS:
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.

───────

* ADMITTED TO A BAR
  OTHER THAN VA
◊ EUROPEAN PATENT ATTORNEY
▵ KOREAN PATENT ATTORNEY
◻ REGISTERED PATENT AGENT

August 16, 2007

**VIA EMAIL**

Anthony S. Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

    Re: *Voith v. Johnson Foils*, USDC for Delaware: 1:07-cv-00226-JJF;
       <u>Our Ref: J214720</u>

Dear Tony,

  Today we received seven (7) notices of deposition which you served on Plaintiff noticing the depositions of Messrs. Wulz, Henseler, Menecke, Kade, Buck, Wanke, and Egelhof for early October. The notices are improper and we request that you immediately withdraw them. Specifically, we note that paragraph 3(d) of the Rule 16(b) Scheduling Order, entered August 3, 2007, expressly states that "Depositions shall not commence until the discovery required by Paragraph 3 (a, b and c) is completed." As discovery has just commenced, the notices are premature. Please confirm immediately that Defendant withdraws the notices.

      Very truly yours,

      GREENBLUM & BERNSTEIN, P.L.C.

      Michael J. Fink

cc: Adam Poff, Esq.
   George H. Seitz, III, Esq.
MJF/nj

{J214720 00243213.DOC}

# Exhibit 5

LAW OFFICES
# GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPRZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERIBERT F. MUENSTERER, Ph.D. ᵒ□
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL R. MOON
PAUL T. LEE *
JOHN V. MAZZOLA □
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D.
SAFET METJAHIC *

AZZA JAYAPRAKASH
JONATHAN MILLER *
NEAL GOLDBERG
STEVEN B. POLLICOFF *

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPERNER *
RICHARD J. McGRATH

TECHNICAL ADVISORS:
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.

————

* ADMITTED TO A BAR
  OTHER THAN VA
ᵒ EUROPEAN PATENT ATTORNEY
△ KOREAN PATENT ATTORNEY
□ REGISTERED PATENT AGENT

August 23, 2007

**VIA EMAIL**

Anthony S. Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA  19103

       Re:    *Voith v. Johnson Foils*, USDC for Delaware: 1:07-cv-00226-JJF;
               <u>Our Ref: J214720</u>

Dear Tony:

       I am writing to reiterate our August 16, 2007, request for conferral on the withdrawal of your seven untimely deposition notices, served August 16, 2007, ("Deposition Notices") and to respond to your August 22, 2007, filing of "Defendant's Motion for Summary Judgment That U.S. Patents 5,718,805 and 5,972,168 are Invalid" ("Summary Judgment Motion").  It is regrettable that you have ignored our request to meet and confer on your Deposition Notices and have now filed a Summary Judgment Motion in further derogation of the Court's "Rule 16(b) Scheduling Order" ("Scheduling Order").  Specifically, paragraph six of the Scheduling Order, entitled "Case Dispositive Motions," clearly states that "[n]o case dispositive motions may be filed more than ten (10) days from [August 20, 2008] without leave of the court."  Thus, on the plain terms of the Scheduling Order, your Summary Judgment Motion is premature by nearly an entire year.  Please understand that we regard the obligation to repeatedly respond to your blatant violations of the Scheduling Order unduly burdensome and oppressive.

Anthony S. Volpe, Esq.                August 23, 2007                    Page - 2

     Please confirm immediately that you are withdrawing both your untimely Deposition Notices and your untimely Summary Judgment Motion.  Alternatively we request that you meet and confer with us on these issues by the close of business on August 24, 2007.  Otherwise, we intend to seek relief from the Court.

                     Very truly yours,

                     GREENBLUM & BERNSTEIN, P.L.C.

                     Michael J. Fink

cc:    Adam Poff, Esq.
       George H. Seitz, III, Esq.

MJF/nj

# Exhibit 6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| VOITH PAPER GMBH & CO. KG | : | |
| | : | Civil Action No. 07-226-JJF |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHNSONFOILS, INC. | : | |
| | : | |
| Defendant. | : | |

TO:    Adam Poff, Esquire (DE #3990)
       Young, Conaway, Stargatt & Taylor
       The Brandywine Building
       1000 West Street, 17th Floor
       Wilmington, DE  19801

## NOTICE

PLEASE TAKE NOTICE that Defendant Johnsonfoils, Inc. hereby
withdraws its Motion for Summary Judgment filed on August 22, 2007.


                        Seitz, Van Ogtrop & Green, P.A.

                        */s/ Kevin A. Guerke*
                        _____
                        George H. Seitz, III (DE #667)
                        gseitz@svglaw.com
                        Patricia P. McGonigle (DE #3126)
                        pmcgonigle@svglaw.com
                        Kevin A. Guerke (DE #4096)
                        kguerke@svglaw.com
                        222 Delaware Avenue, Suite 1500
                        P.O. Box 68
                        Wilmington, DE 19801
                        (302) 888-7602

60667 v1

## CERTIFICATE OF SERVICE

I, *Kevin A. Guerke,* Esquire, hereby certify that on this 24nd day of August 2007, I electronically filed the foregoing pleading with the Clerk of Court using CM/ECF which will send notification of such filing to all counsel of record.

/s/ *Kevin A. Guerke*

George H. Seitz, III (ID No. 4096)
kguerke@svglaw.com

60642 v1

# Exhibit 8



UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
P.O. Box 1450
ALEXANDRIA, VA 22313-1450
www.uspto.go

*Ex Parte* Reexamination Filing Data  - June 30, 2006

1.  Total requests filed since start of ex parte reexam on 07/01/81 ......................................8084

    a.  By patent owner                                         3313   41%
    b.  By other member of public                      4606   57%
    c.  By order of Commissioner                       165    2%

2.  Number of filings by discipline

    a.  Chemical Operation                             2496   31%
    b.  Electrical Operation                          2608   32%
    c.  Mechanical Operation                        2980   37%

3.  Annual Ex Parte Reexam Filings

| Fiscal Yr. | No. | Fiscal Yr. | No. | Fiscal Yr. | No. | Fiscal Yr. | No. |
|---|---|---|---|---|---|---|---|
| 1981 | 78 (3 mos.) | 1989 | 243 | 1997 | 376 | 2005 | 524 |
| 1982 | 187 | 1990 | 297 | 1998 | 350 | 2006 | 340 |
| 1983 | 186 | 1991 | 307 | 1999 | 385 | | |
| 1984 | 189 | 1992 | 392 | 2000 | 318 | | |
| 1985 | 230 | 1993 | 359 | 2001 | 296 | | |
| 1986 | 232 | 1994 | 379 | 2002 | 272 | | |
| 1987 | 240 | 1995 | 392 | 2003 | 392 | | |
| 1988 | 268 | 1996 | 418 | 2004 | 441 | | |

4.  Number known to be in litigation......................................................1895   23%

5.  Determinations on requests ...........................................................................7852

    a.  No. granted ...............................................................................7160....................91%

        (1)  By examiner                               7054
        (2)  By Director (on petition)                   106

    b.  No. denied ...............................................................................692........................9%

        (1)  By examiner                               657
        (2)  Order vacated                         35

1

6.   Total examiner denials (includes denials reversed by Director) .......................................763

    a.   Patent owner requester                           430        56%
    b.   Third party requester                             333        44%

7.   Overall reexamination pendency  (Filing date to certificate issue date)

    a.   Average pendency                22.8  (mos.)
    b.   Median pendency                17.6  (mos.)

8.  Reexam certificate claim analysis:

| | Owner Requester | 3rd Party Requester | Comm'r Initiated | Overall |
|---|---|---|---|---|
| a.   All claims confirmed | 23% | 29% | 13% | 26% |
| b.   All claims cancelled | 7% | 12% | 19% | 10% |
| c.   Claims changes | 70% | 59% | 68% | 64% |

9.   Total ex parte reexamination certificates issued (1981 - present).....................................5433

    a.  Certificates with all claims confirmed          1410    26%
    b.  Certificates with all claims canceled           554    10%
    c.  Certificates with claims changes             3469    64%

10.  Reexam claim analysis - requester is patent owner or 3rd party; or Comm'r initiated.

    a.  Certificates _ PATENT OWNER REQUESTER .......................................................2360

        (1)  All claims confirmed           543    23%
        (2)  All claims canceled           174    7%
        (3)  Claim changes             1643    70%

    b.  Certificates _ 3rd PARTY REQUESTER ...............................................................2934

        (1)  All claims confirmed           849    29%
        (2)  All claims canceled           353    12%
        (3)  Claim changes             1732    59%

    c.  Certificates _ COMM'R INITIATED REEXAM .......................................................139

        (1)  All claims confirmed           18    13%
        (2)  All claims canceled           27    19%
        (3)  Claim changes           94    68%

2

# Exhibit 9

US004903691C1

(12) **REEXAMINATION CERTIFICATE** (4561st)

# United States Patent
Heinl

(10) **Number:** US 4,903,691 C1
(45) **Certificate Issued:** Apr. 30, 2002

(54) **SET OF SURGICAL INSTRUMENTS FOR JOINING BONE FRAGMENTS**

(75) Inventor: **Thomas Heinl**, Rottendorfer Strasse 22a, D-8708 Gerbrunn (DE)

(73) Assignee: **Thomas Heinl**, Gerbrunn (DE)

Reexamination Request:
No. 90/005,275, Feb. 25, 1999
No. 90/005,809, Sep. 5, 2000

Reexamination Certificate for:
Patent No.: **4,903,691**
Issued: **Feb. 27, 1990**
Appl. No.: **07/005,718**
Filed: **Jan. 21, 1987**

(30) **Foreign Application Priority Data**

Jan. 22, 1986   (DE) ............................................... 3601715

(51) **Int. Cl.**$^7$ ................................................. A61B 17/58
(52) **U.S. Cl.** ..................................................... 606/70
(58) **Field of Search** ............................... 606/70–72, 60, 606/65, 53, 104

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| 2,288,584 A | 6/1942 | Longfellow |
| 2,370,407 A | 2/1945 | McCartney |
| 2,518,155 A | 8/1950 | Longfellow |
| 2,839,815 A | 6/1958 | Reeves et al. |
| 3,236,275 A | 2/1966 | Smith |
| 3,695,321 A | 10/1972 | Garehne, Jr |
| 4,029,091 A | 6/1977 | von Bezold et al. |
| 4,190,091 A | 2/1980 | Colognori |
| 4,263,904 A | 4/1981 | Judet |
| 4,388,921 A | 6/1983 | Sutter et al. |
| 4,484,570 A | 11/1984 | Sutter et al. |
| 4,573,458 A | 3/1986 | Lower |
| 5,013,315 A | * | 5/1991 | Barrows ..................... 606/71 |

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| DE | GM 73 34 732 | 5/1975 |
| DE | 33 29 287 C2 | 2/1984 |
| DE | 35 39 502 C1 | 1/1986 |
| DE | G 85 28 004.6 | 1/1986 |
| EP | 0 048 038 | 3/1982 |

OTHER PUBLICATIONS

Medicon Instrumente Catalog, Original Steinhäuser, Jun. 1983, Cover Page, pp. 8, 9.

(List continued on next page.)

*Primary Examiner*—Michael J. Hayes

(57) **ABSTRACT**

This invention concerns a set of surgical instruments for joining bone fragments (osteosynthesis) by screw fastening, especially in the case of cranial, facial, vertebral or hand fractures, comprising several plates of different shapes and curvatures and with holes and/or several screws and/or a screwdriver **8** and/or a bending instrument and/or a depth gauge and/or a drill and/or a cutting instrument. Special designs of said plates, screws and also said screwdriver **8** are given, whereby the latter comprises a blade **10**, coaxially and movably a collet **11** with, at the lower end, radial, spring-supported jaws **15** and on said collet **11** an axially slidable retaining sleeve **12**, which in its lowermost position presses said jaws **15** inwards.





## US 4,903,691 C1
Page 2

OTHER PUBLICATIONS

Howmedica Catalog, Mini–Compression System, 1985, Cover Page, pp. 22, 23, and other pages.

Martin Catalog, Maxillo–Facial Osteosynthesis by Small Plates, Feb. 1985, Cover Page, pp. 1–3.

Kloman Instrument, 1954 Edition Catalog, 1954, pp. F108, F111, F112, F114.

Oswald Leibinger, Titanium Mini–Plate System for Cranio–Facial Osteosynthesis, 1985, Cover Page and Subsequent Pages.

Aesculap Catalog, Ninth Edition, Mi–1950's, p. 167.

Medicon Instrumente Catalog, Bone Plates and Bone Screws, 1960, pp. 505, 507, 509.

MLW Catalog, Dec. 1975, pp. 14–16.

Martin Catalog, 1978, pp. 314, 315, 319.

Zimmer USA Catalog, Jun. 1978, pp. B20, B22, B26.

Aesculap Catalog 186–C, Aug. 1982, pp. N–1, 7, 29, 35, 36, also referred to as "1982 Catalog of Aesculap".

Downs Catalog, Mandibular Compression Plating System, 1984.

"Synthes" Rob. Mathys Catalog, 1983, p. 86.

German Standards DIN 58 812, 58 814, and 58 815, Published Mar. 24, 1982.

Publication Spezielle Frakturen–und Luxationslehre, Published in 1972.

* cited by examiner

US 4,903,691 C1

**1**

# REEXAMINATION CERTIFICATE ISSUED UNDER 35 U.S.C. 307

NO AMENDMENTS HAVE BEEN MADE TO THE PATENT

**2**

AS A RESULT OF REEXAMINATION, IT HAS BEEN DETERMINED THAT:

The patentability of claims 1–37 is confirmed.

\* \* \* \* \*

# Exhibit 10

** Forwarded on Fri 8/24/2007 07:43 AM **

From:  George H Seitz III (gseitz@svglaw.com)
Sent:  Thu 8/23/2007 04:45 PM
Rcvd:  Thu 8/23/2007 04:45 PM
To:  MICHAEL FINK (MICHAELF)
CC:  NEIL GREENBLUM (NEILG); Ryan O'Donnell (RODonnell@volpe-koenig.com);
apoff@ycst.com; CStover@ycst.com; Patricia P McGonigle (pmcgonigle@svglaw.com);
RHuis@volpe-koenig.com; Tony Volpe (AVolpe@volpe-koenig.com)
Subject:  RE: Voith vs. Johnson Foils, USDC for Delaware: 1:07-cv-00226-JJF; Our Ref:
J214720

======================================

Michael, in response to your letter, we will file a Notice tomorrow withdrawing the Motion.


Regarding the deposition notices, they were never filed in Court. You may consider them withdrawn. Tony,
will be in touch with you about rescheduling.


Thank you.


*George H. Seitz, III*

*302-888-7602 (Direct)*

*302-888-0606 (Fax)*

*gseitz@svglaw.com (email)*

---

**From:** MICHAEL FINK [mailto:MFINK@gbpatent.com]
**Sent:** Thursday, August 23, 2007 1:39 PM
**To:** Tony Volpe
**Cc:** NEIL GREENBLUM; George H Seitz III; Ryan O'Donnell; apoff@ycst.com; CStover@ycst.com; Patricia
P McGonigle; RHuis@volpe-koenig.com
**Subject:** Voith vs. Johnson Foils, USDC for Delaware: 1:07-cv-00226-JJF; Our Ref: J214720


Tony,

Attached is a letter requesting Defendant to withdraw the summary judgment motion which was recently filed.

Best regards,

Michael

Michael J. Fink, Esq.
Partner
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In rare cases, our spam scanners may eliminate legitimate email. Please advise us immediately if you receive an error notification from our server.

<<Letter requesting confer on SJ motion and Deposition Notices (00247247).PDF>>