IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG     :
                              :     Civil Action No. 07-226-JJF
            Plaintiff,        :
                              :
        v.                    :
                              :
JOHNSONFOILS, INC.            :
                              :
            Defendant.        :

**DEFENDANT'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL DEFENDANT JOHNSONFOILS, INC. TO PROVIDE
INFORMATION REQUESTED IN VOITH'S FIRST AND SECOND SETS OF
INTERROGATORIES AND TO PRODUCE DOCUMENTS RESPONSIVE TO
VOITH'S FIRST AND SECOND REQUESTS FOR DOCUMENTS**

George H. Seitz, III (DE #667)
Patricia Pyles McGonigle (DE #3126)
Kevin A. Guerke (DE#4096)
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

-and-

Anthony S. Volpe
Randolph J. Huis
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400

*Attorneys for Defendant
JohnsonFoils, Inc.*

Dated: November 28, 2007

62200v1

## TABLE OF CONTENTS

Page

I.    NATURE AND STAGE OF THE PROCEEDINGS ........................................... -1-

II.   SUMMARY OF ARGUMENT ............................................................................ -1-

III.  STATEMENT OF FACTS ................................................................................. -3-

IV.   ARGUMENT...................................................................................................... -6-

V.    CONCLUSION .................................................................................................. -11-

## TABLE OF AUTHORITIES

<u>Rules Cited</u>                                                          <u>Page</u>

D. Del. Local Rule 26.2........................................................................................ *passim*


<u>Other</u>

*AIPLA Report of the Economic Survey 2007*, American Intellectual Property

    Law Association (2007) ........................................................................-7-

Defendant, JohnsonFoils Inc. ("JohnsonFoils"), hereby submits its Opposition to Plaintiff, Voith Paper GMBH & Co., KG's ("Voith"), Motion to Compel (D.I. No. 42) and Opening Brief in support thereof (D.I. No. 43).

## I.    NATURE AND STAGE OF THE PROCEEDINGS

JohnsonFoils adopts the factual allegations set forth at pages 2-4 of Voith's Opening Brief under the section "Nature And Stage Of The Proceedings."

## II.    SUMMARY OF ARGUMENT

In addition to being premature, Voith's Motion to Compel severely mischaracterizes the facts surrounding JohnsonFoils' discovery efforts to date and attempts to mask Voith's clear refusal to conduct discovery in a reasonable manner. Voith's Motion to Compel blatantly ignores its repeated delays and its unreasonableness which are the sources of the current dispute.

Instead of working to advance discovery in this matter, Voith has worked to place unnecessary burdens and expenses on JohnsonFoils. In effect, Voith has inappropriately attempted to step into the role of the judiciary by placing unilateral discovery obligations on JohnsonFoils. The following are just a few examples of Voith's misconduct:

(1)    Voith's Motion to Compel argues that JohnsonFoils has inappropriately withheld documents; but fails to provide any justification for Voith's delay in producing less than 5,000 pages of documents on November 7, 2007, just

two (2) days prior to filing the present Motion to Compel on November 9, 2007. <u>See</u> Exhibit 20 to Voith's Opening Brief.

(2)    Voith fails to provide any justification for delaying until November 1, 2007 to provide the long promised draft protective order to JohnsonFoils for review. From August 2007 through the end of October 2007, Voith repeatedly promised, but failed to provide, a proposed protective order.

(3)    Voith's only response to JohnsonFoils' repeated requests that the parties agree to the terms of a protective order prior to producing voluminous quantities of documents was Voith's unilateral demand that JohnsonFoils produce its documents without an agreed protective order in accordance with D. Del. Local Rule 26.2. When Voith produced less than 5,400 pages of its documents on November 7, 2007, it did so with restrictions that go well beyond Local Rule 26.2. Voith's unilateral terms amount to unreasonable demands that are well beyond the Court's Rule. Entry of an agreed protective order in a timely manner could have resolved this issue.

(4)    The draft protective order that Voith did finally circulate on November 1, 2007 included confusing definitions and requirements that go well beyond the necessary protections required in this litigation.[1]    <u>See</u> Exhibit 19 to Voith's Opening Brief.

---

[1] For example, Voith definitions of "Confidential" and "Highly Confidential" information are vague and make it impossible to distinguish between the two categories.    In addition, Voith's restrictions on persons that can review "Confidential" or "Highly Confidential" material could potentially exclude JohnsonFoils' litigation counsel from reviewing its "Confidential" or "Highly

The course of discovery to date is a direct result of JohnsonFoils' good faith reliance on the repeated promises of Voith to submit a draft protective order in an attempt to avoid duplicative and costly discovery efforts. JohnsonFoils has repeatedly reiterated its willingness to move forward with discovery in as efficient and economical a manner as possible. Voith has refused to be reasonable in any manner.

III.   STATEMENT OF FACTS

On July 26, 2007, Voith served its First Set of Interrogatories and its First Requests for Production to JohnsonFoils. See Exhibits 1 and 3 to Voith's Opening Brief. JohnsonFoils' served timely Responses to Voith's Interrogatories and First Requests for Production on August 28, 2007. See Exhibits 9 and 10 to Voith's Opening Brief.

On August 16, 2007, Voith served its Second Set of Interrogatories to JohnsonFoils and its Second Set of Requests for Production. See Exhibits 2 and 4 to Voith's Motion to Compel. JohnsonFoils' Responses to the Interrogatories and the Requests were made on September 18, 2007. See Exhibits 11 and 12 to Voith's Opening Brief.

On August 24, 2007 JohnsonFoils followed up with Voith to inquire as to the status of the draft protective order and whether Voith intended to circulate a draft

Confidential" information. At no time prior to November 1, 2007 did Voith communicate this restriction to JohnsonFoils. JohnsonFoils clearly does not agree to such terms and would have advised Voith at a much earlier date had it been aware of Voith's intentions.

protective order. <u>See</u> Exhibit A. On August 27, 2007, Voith confirmed that a proposed protective order would be forthcoming. <u>See</u> Exhibit B.

On September 20, 2007, JohnsonFoils again inquired into the status of the promised protective order and stated that it is ready to produce documents as soon as the terms are agreed. <u>See</u> Exhibit C.

On September 21, 2007, Voith confirmed that a draft protective order would be provided within a period of one (1) week. <u>See</u> Exhibit 18 to Voith's Opening Brief. Voith's September 21, 2007 letter further dictated that the Protective Order would have two levels of confidentiality: "Confidential" and "Highly Confidential." Voith's September 21, 2007 letter did not explain what type of information would be classified as "Confidential" or "Highly Confidential" or provide any restrictions on the persons that could review information designated as such. Voith did not send the protective order by September 28, 2007 as promised.

Voith's September 21, 2007 letter also scheduled a discovery conference between the parties for October 1, 2007 at 10AM to resolve pending discovery issues. <u>See</u> Exhibit 18 to Voith's Opening Brief. While JohnsonFoils' counsel was prepared and ready to discuss this matter with Voith at the agreed upon time and date, Voith's counsel neither attended this conference nor provided the courtesy of cancelling or rescheduling the conference.

On October 18, 2007, JohnsonFoils again requested whether Voith intended to circulate a draft protective order as promised. <u>See</u> Exhibit 14 to Voith's Opening Brief.

- 4 -

On October 24, 2007, the parties had a telephone conversation in which Voith demanded that JohnsonFoils begin the production of documents using the designation criteria that Voith dictated.    Because Voith's counsel acted in an unprofessional manner by refusing to permit JohnsonFoils' counsel to respond to any of Voith's allegations, JohnsonFoils' counsel terminated that call.    That same day, JohnsonFoils sent Voith a letter in response to that conversation informing Voith that they could not agree with their designations until the protective order was in fact circulated and, in the interest of conserving resources, would begin to produce documents after an agreed upon protective order was in place.    See Exhibit 20 to Voith's Opening Brief.    JohnsonFoils further stated that it remained "interested in resolving these issues and believe that they can be resolved without the court's intervention." Id.

On November 7, 2007, Voith sent its first documents (VTH000001 – VTH 005391) in response to JohnsonFoils' discovery requests.    See Exhibit 21 to Voith's Opening Brief.    While Voith asserted that the documents were to be treated as Attorneys' Eyes Only pursuant to Local Rule 26.2, it added several preconditions outside of the scope of the Court's Rule. See Id.

On November 8, 2007 JohnsonFoils advised Voith that after receiving the documents and the accompanying unilateral demands, it would be returning the boxes, unopened, until a protective order was agreed upon.    See Exhibit 22 to Voith's Opening Brief.    To date, Voith has not properly produced any documents in accordance with Local Rule 26.2.

On November 16, 2007, JohnsonFoils advised Voith that the proposed Protective Order that it finally served on November 1, 2007 was confusing, unworkable, and went well beyond the protections required in this litigation. JohnsonFoils provided Voith with its proposed protective order that same day. See Exhibits D and E.

As the parties were, and remain, unable to reach agreement on the terms of the protective order, on November 19 and 21, 2007 JohnsonFoils produced more than 13,000 pages of documents pursuant to Local Rule 26.2. See Exhibits F and G.

On November 19 and 26, 2007, JohnsonFoils requested that Voith immediately produce its documents in accordance with Local Rule 26.2, and without its extraneous limitations. See Exhibits H and I. Voith responded on November 26, 2007 advising that it would only produce its documents in accordance with its unilateral restrictions which go well beyond the requirements of Local Rule 26.2. See Exhibit J.

## IV.    ARGUMENT

Voith's Motion to Compel should never have been filed, and this dispute could have been easily resolved early in this litigation without the Court's involvement. Voith's unwillingness to conduct discovery in a reasonable manner, is consistent with its intention to misuse the discovery process to burden JohnsonFoils with its unreasonable demands and unnecessary expenses. The course of discovery to date is a direct result of Voith's refusal to advance discovery in a reasonable manner.

JohnsonFoils has been and remains willing to complete discovery in an efficient manner, which is evidenced by the fact that JohnsonFoils is the only party to have produced documents in accordance with Local Rule 26.2.[2]

Since August 2007, JohnsonFoils has emphasized its position that it would be a severe misuse of attorney and party resources to initially produce documents as attorneys' eyes only pursuant to Rule 26.2, only to then duplicate the effort with an entire second review of the documents assigning the appropriate level of confidentiality pursuant to the protective order. This is especially true in patent infringement proceedings which generally involve tremendous quantities of responsive material. To that effect, the *AIPLA Report of the Economic Survey 2007,* American Intellectual Property Law Association (2007), places the typical cost of a litigation of this size at three-million dollars ($3,000,000) up to and including the close of discovery efforts. See Exhibit M at pg. 25. The similarly staggering costs in these proceedings could have been significantly reduced had Voith followed through with its repeated promises to deliver a draft protective order dating back to August 27, 2007.[3]

---

[2] Voith's Opening Brief argues the merits of JohnsonFoils' objections and responses to Voith's discovery requests. These objections are premature as Voith has not responded regarding the sufficiency of JohnsonFoils' November 19th and 21st document production. To the extent Voith claims JohnsonFoils' objections are improper on their face, it is noted that Voith provided nearly identical objections to JohnsonFoils' document requests. See Exhibits K and L.

[3] While Voith's unreasonable restrictions have precluded JohnsonFoils from reviewing its November 7, 2007 document production, it is noted that Voith's production of less than 5,400 pages of documents is relatively small for a patent dispute which involves patents which allegedly claim priority back to 1990. It is

For over three (3) months, Voith has been aware of JohnsonFoils' intent to produce responsive documents once a protective order had been agreed upon. On no less than four (4) separate occasions JohnsonFoils reiterated its intent to Voith. In response to each request, Voith led JohnsonFoils to believe that a draft protective order would be produced imminently. On each occasion, no draft order followed in the time frame proposed by Voith. Contrary to Voith's current position, it too has raised the very same concerns regarding the format and timing for document production -- concerns that led to their repeated promises of a draft protective order. See Exhibit 18 to Voith's Opening Brief.

Voith makes repeated reference to an October 24, 2007 conference call made between the parties to discuss the content of the protective order, and more specifically, to the fact that JohnsonFoils terminated the call without warning. To the contrary, during the call Voith repeatedly interrupted, spoke over, and finished JohnsonFoils counsel's sentences. Repeated requests were made by JohnsonFoils for Voith to cease such disrespectful and unprofessional practices. Only after these requests were ignored, and Voith continued the one-sided discussion, did JohnsonFoils choose to terminate the conversation. Following the conversation, in an effort to continue progressing with discovery, JohnsonFoils requested that the parties continue this discussion in a professional manner. See Exhibit 20 to Voith's Opening Brief.

---

believed that Voith intentionally manufactured this protective order dispute as it would be more burdensome for JohnsonFoils to re-designate its much larger document production in comparison to the relatively small effort Voith would exhaust in re-designating less than 5,400 pages of documents.

During the parties' October 24, 2007 call, Voith's counsel "declared" that there will be two (2) levels of confidentiality in the protective order in this matter and that JohnsonFoils should be marking its documents as "confidential" and "highly confidential." Disregarding Voith's inappropriate unilateral decision with respect to the levels of confidentiality in this matter, JohsonFoils' October 24, 2007 letter emphasized the reasonable need for JohnsonFoils to see a draft of the protective order before agreeing to these designations. See Exhibit 20 to Voith's Opening Brief.

Voith has also resisted other efforts by JohnsonFoils to streamline the discovery process in this matter. Not only has Voith refused to work out issues involving the protective order in a reasonable and timely manner, but Voith has also refused to come to any agreement with respect to the manner and format for document production. JohnsonFoils' October 18 and 24, 2007 letters proposed producing all documents as single page Tiff images and requested Voith's comments. See Exhibits 14 and 20 to Voith's Opening Brief. Voith never provided JohnsonFoils any indication of whether it agreed with this proposal. Additionally, on October 23, 2007, JohnsonFoils requested Voith make separate identifications of all documents produced from Voith US, along with a stipulation that Voith US is either a party to the action or is under the custody or control of Voith. See Exhibit N. Having not received any response from Voith in this regard, that request was reiterated on November 8, 2007. See Exhibit 22 to Voith's Opening Brief. As of this writing no reply to either inquiry has been received.

To date, only JohnsonFoils has properly produced documents in accordance with Rule 26.2. On November 19 and 21, 2007, JohnsonFoils produced over 13,000 technical and financial documents responsive to Voith's requests, all marked with the appropriate "attorneys' eyes only" designation. <u>See</u> Exhibits F and G. As of this date, Voith has not made any attempt to correct the improper restrictions it unilaterally asserted with its November 7, 2007 document production.

As the parties are aware, the terms of a protective order must be mutually agreed upon by the parties or decided by the Court. Voith's attempt to dictate those terms are blatant attempts to usurp the power of the judiciary and, needless to say, are entirely inappropriate and outside of the scope of Local Rule 26.2.

V.    CONCLUSION

JohnsonFoils remains willing to continue to conduct discovery in a reasonable and efficient manner.  The difficulties experienced to date are clearly attributable to Voith's unwillingness to conduct discovery in this manner, and its efforts to burden JohnsonFoils through misuse of the discovery process.  Accordingly, JohnsonFoils respectfully submits that Voith's Motion to Compel must be denied.

Respectfully submitted,

Dated: November 28, 2007

George H. Seitz, III (DE #667)
gseitz@svglaw.com
Patricia Pyles McGonigle (DE #3126)
pmcgonigle@svglaw.com
Kevin A. Guerke (DE#4096)
kguerke@svglaw.com
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

-and-

Anthony S. Volpe
Randolph J. Huis
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400

*Attorneys for Defendant*
*JohnsonFoils, Inc.*

## CERTIFICATE OF SERVICE

I, *Patricia P. McGonigle*, Esquire, hereby certify that on this 28th day of November 2007,

I electronically filed the foregoing pleading with the Clerk of Court using CM/ECF which will

send notification of such filing to all counsel of record.


/s/ *Patricia P. McGonigle*
_____
Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com

62202 v1

Exhibit List to JohnsonFoils' Answering Brief in Opposition to Motion to Compel

Exhibit A – August 24, 2007 e-mail from O'Donnell to Fink

Exhibit B – August 27, 2007 e-mail from Goldberg to O'Donnell

Exhibit C – September 20, 2007 letter from Volpe to Fink

Exhibit D – November 16, 2007 e-mail from Volpe to Fink

Exhibit E – November 16, 2007 e-mail from Volpe to Fink (attaching proposed PO)

Exhibit F – November 19, 2007 letter from Volpe to Fink

Exhibit G – November 21, 2007 letter from Volpe to Fink

Exhibit H – November 19, 2007 e-mail from Volpe to Fink

Exhibit I – November 26, 2007 e-mail from Volpe to Goldberg

Exhibit J – November 26, 2007 e-mail from Goldberg to Volpe

Exhibit K – Voith's Responses to JF's First Requests for Production

Exhibit L – Voith's Responses to JF's Second Requests for Production

Exhibit M – Select pages from AIPLA's *2007 Economic Survey*

Exhibit N – October 23, 2007 letter from Volpe to Goldberg

# EXHIBIT A

**Ryan O'Donnell**

| | |
|---|---|
| **From:** | Ryan O'Donnell |
| **Sent:** | Friday, August 24, 2007 3:58 PM |
| **To:** | MICHAEL FINK |
| **Cc:** | NEIL GREENBLUM; CStover@ycst.com; apoff@ycst.com; Pmcgonigle@svglaw.com; gseitz@svglaw.com; Randy Huis; Tony Volpe |
| **Subject:** | Voith vs. Johnson Foils, USDC for Delaware: 1:07-cv-00226-JJF |

Dear Michael:

We are writing to inquire whether you would agree to an extension of time until September 14, 2007 for JohnsonFoils to respond to Voith's first set of interrogatories and first requests for production of documents. These responses are currently due by August 28, 2007.

In addition, can you let us know if you intend to circulate a draft joint Protective Order.

Best regards,

Ryan

# EXHIBIT B

## Ryan O'Donnell

| | |
|---|---|
| **From:** | NEAL GOLDBERG [ngoldberg@gbpatent.com] |
| **Sent:** | Monday, August 27, 2007 11:36 AM |
| **To:** | Ryan O'Donnell |
| **Cc:** | MICHAEL FINK; NEIL GREENBLUM; ORCHID RUSHENAS; apoff@ycst.com |
| **Subject:** | Re: Voith vs. Johnson Foils, USDC for Delaware: 1:07-cv-00226-JJF, Johnsonfoils, Inc.'s request for an extension |

Dear Ryan:

We have received your e-mail dated Friday, August 24, 2007 (see below). Responding to your request for a seventeen day extension ("August 28, 2007" to "September 14, 2007") to respond to PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO JOHNSONFOILS, INC. and PLAINTIFF'S FIRST SET OF INTERROGATORIES TO JOHNSONFOILS, INC., we would agree to provide you with the requested extension provided that you agree to provide us with a seventeen day extension for our responses to DEFENDANT JOHNSONFOILS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF.

Responding to your other question, we are planning to circulate a draft joint protective order. Please note that under the Court's local rules, all information and documents provided prior to the entry of a stipulated protective order are strictly limited to litigation counsel.

Please confirm your agreement to the proposed extensions. If you have any questions, please feel free to give me a call.

Best regards,

Neal


Neal Goldberg
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
Tel: (703) 716 1191
Fax:(703) 716 1180
E-Mail: ngoldberg@gbpatent.com

**************************************************************

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail,

and delete the original message.

**************************************************************


11/27/2007

**From:** Ryan O'Donnell [mailto:RODonnell@volpe-koenig.com]
**Sent:** Friday, August 24, 2007 3:58 PM
**To:** MICHAEL FINK
**Cc:** NEIL GREENBLUM; CStover@ycst.com; apoff@ycst.com; Pmcgonigle@svglaw.com; gseitz@svglaw.com;
Randy Huis; Tony Volpe
**Subject:** Voith vs. Johnson Foils, USDC for Delaware: 1:07-cv-00226-JJF

Dear Michael:

We are writing to inquire whether you would agree to an extension of time until September 14, 2007 for
JohnsonFoils to respond to Voith's first set of interrogatories and first requests for production of documents.
These responses are currently due by August 28, 2007.

In addition, can you let us know if you intend to circulate a draft joint Protective Order.

Best regards,

Ryan



**Volpe**
and
**Koenig**

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
Tel 215.568.6400  Fax 215.568.6499
www.volpe-koenig.com

_Notice:_ If you are not the named recipient of this transmission, please notify us immediately, by telephone, and delete or destroy any copy of this
message. You should not disclose or use this information in any way. Disclosure or use of this information may expose you to criminal or civil
liabilities. We apologize for the inconvenience and thank you for your attention to this notice.

11/27/2007

# EXHIBIT C



United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

BRINGING LAW TO YOUR IDEAS

Anthony S. Volpe
avolpe@volpe-koenig.com

September 20, 2007

Michael J. Fink, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191

**VIA E-MAIL AND FACSIMILE**

Re:    Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.
       U.S.D.C. for the District of Delaware;  Civil Action No.  07-226-JJF

Dear Michael:

I will be in the office on Monday, October 1, 2007 and currently have only one commitment for a conference call scheduled between 9:30 and 11:00. Please suggest a convenient time before or after that call.

As to JohnsonFoils, we will be ready to exchange documents once we have an agreed upon time and format.  Once again, we ask that you provide a proposed protective order.

As to the Voith documents, we reiterate that we still want to review Voith's discovery in Delaware and ask that you provide the expected volume of documents.

We look forward to hearing from you.

Very truly yours,

Volpe and Koenig, P.C.

By: _____
       Anthony S. Volpe

ASV/vag

cc: Benjamin P. Kota, Esquire (via E-Mail Only)
    Neil F. Greenblum, Esquire (via E-Mail Only)
    Adam Wyatt Poff, Esquire (via E-Mail Only)
    George H. Seitz, III, Esquire (via E-Mail Only)
    Patti McGonigle, Esquire (via E-Mail Only)

*Patents        Trademarks        Copyrights        Trade Secrets        Litigation        Licensing*

# EXHIBIT D

## Ryan O'Donnell

| | |
|---|---|
| **From:** | Tony Volpe |
| **Sent:** | Friday, November 16, 2007 9:55 AM |
| **To:** | 'MICHAEL FINK' |
| **Cc:** | NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; George H. Seitz III Esquire (gseitz@svglaw.com); Patricia McGonigle Esquire (Pmcgonigle@svglaw.com) |

**Subject:** Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Hello Michael:

We acknowledged receipt of the draft, approximately two months past it promised time, and advised that we would after we had an opportunity to review it. Unfortunately, we found you proposal unworkable and set about preparing our own draft. I hope to provide that by no later than close of business today.

Best regards,

Tony

Anthony S. Volpe, Attorney at Law
Volpe and Koenig, P.C.
www.volpe-koenig.com
215-568-6400

---

**From:** MICHAEL FINK [mailto:MFINK@gbpatent.com]
**Sent:** Wednesday, November 14, 2007 5:40 PM
**To:** Tony Volpe
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell
**Subject:** Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Tony,

On November 1, 2007, we forwarded to you a proposed protective order. We have not yet received any indication from you whether you agree to the terms of the proposed protective order, or if you plan to propose modifications. If you agree to the proposed protective order, please confirm your agreement by signing it and returning it to us. Otherwise, let's schedule a time to discuss your proposed modifications.

Michael

Michael J. Fink, Esq.
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

11/27/2007

Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)   Page 2 of 2

*************************************************************************
The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited. If you have received
this communication in error, please notify us immediately by e-mail,
and delete the original message.
*************************************************************************
In rare cases, our spam scanners may eliminate legitimate email. Please advise us
immediately if you receive an error notification from our server.

11/27/2007

# EXHIBIT E

## Ryan O'Donnell

| | |
|---|---|
| **From:** | Tony Volpe |
| **Sent:** | Friday, November 16, 2007 4:55 PM |
| **To:** | 'MICHAEL FINK' |
| **Cc:** | 'NEAL GOLDBERG'; 'Poff, Adam'; Ryan O'Donnell; 'George H. Seitz III Esquire (gseitz@svglaw.com)'; 'Patricia McGonigle Esquire (Pmcgonigle@svglaw.com)' |
| **Subject:** | Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720) |
| **Attachments:** | AstenJohnson Draft-20071116.doc |

Hello Michael:

A proposed protective order is attached in word.

Best regards,

Tony

Anthony S. Volpe, Attorney at Law
Volpe and Koenig, P.C.
www.volpe-koenig.com
215-568-6400

11/27/2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-226-JJF |
| | ) | |
| JOHNSONFOILS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## STIPULATION AND AGREED PROTECTIVE ORDER
## GOVERNING DISCOVERY MATERIALS

Plaintiff and   Defendant (hereinafter the "parties") file this Stipulation and Agreed Protective Order to preserve the confidentiality of certain commercially sensitive, confidential and/or proprietary information that has been or will be requested and produced in discovery in this matter.  The parties agree that a protective order concerning discovery materials is desirable to protect their rights and the rights of certain third parties.

It is therefore AGREED THAT:

1.      Plaintiff and Defendant shall have the right to designate  as "Attorneys Eyes Only" the documents, things and information produced during discovery in this matter ("Discovery Information") which the producing party believes contains its trade secret, research, development, commercial, financial,  proprietary or confidential information.

2.      All Produced Information designated as Attorneys Eyes Only shall be used by the party receiving it only in connection with the litigation and appeal of this action.  Discovery

Information designated as Attorneys Eyes Only shall not be used for any business, competitive or other purpose, and shall not be disclosed to any person or entity, except as provided herein.

3.    All Discovery Information a party desires to have designated as Attorneys Eyes Only shall be so designated at the time of its production.    In the event that a party receiving Discovery Information designated as Attorneys Eyes Only disagrees with that designation, that party shall have a right to seek an order from the Court, pursuant to a properly noticed motion, voiding the designation in whole or in part.    However, the party producing the Discovery . Information designated as Attorneys Eyes Only shall have the burden of showing entitlement to that designation under Federal Rule of Civil Procedure 26.    Until such a time as the Court rules that a particular document or set of documents designated as Attorneys Eyes Only are not subject to protection, the parties will continue to treat any such designated documents as protected under this Order. An inadvertent failure to designate Discovery Information as Attorneys Eyes Only may be corrected by providing the receiving party both written notice of the error and the properly designated Discovery Information as soon as practicable after the discovery of the inadvertent error.

4.    Information derived from Discovery Information designated as Attorneys Eyes Only and any information contained therein shall be used solely for the purpose of preparing for trial, the trial and appeal of this action and for no other purpose whatsoever, and shall not be disclosed to any person or entity except in accordance with the terms of this Stipulation and Agreed Protective Order.

5.    Discovery Information designated as Attorneys Eyes Only, copies thereof, and the information contained therein shall not be made available or disclosed to any person, except a single identified representative of each of the parties in this case, the retained and in-house

- 2 -

attorneys for the parties in this case, the employees of such attorneys and the Court. Any party representative or attorney in this case, and any regular employee of such attorney assigned to and necessary to assist in the conduct of this action who wishes to have access to Discovery Information designated as Attorneys Eyes Only shall be required as a prerequisite to such access to (a) have signed this Order as counsel of record or (b) have executed the Declaration attached hereto as Exhibit A.

Discovery Information designated as Attorneys Eyes Only, copies thereof, and the information contained therein shall not be made available to or disclosed to any potential expert until the party wishing to make such disclosure provides the producing party (i) a written notice identifying such individual and stating such individual's present occupation, employer and position, and all other business affiliations for the past ten (10) years, (ii) the most up-to-date copy of such individual's curriculum vitae, and (iii) an executed Declaration in the form attached hereto as Exhibit A. The producing Party shall have ten (10) business days following the date of the notice to object to the proposed disclosure. If the producing party has not objected in writing by the end of the ten days, the Discovery Information designated as Attorneys Eyes Only, copies thereof, and the information contained therein may disclosed in compliance with all applicable provisions of this Order. A timely objection from the producing party shall stay disclosure to the proposed individual.

6.     Discovery Information designated as Attorneys Eyes Only shall remain in the custody of counsel and expert witnesses and shall not be provided to other persons except as necessary to prepare for trial, the trial itself or appeal of this action pursuant to paragraph 4 above.

- 3 -

7.    In the event that counsel for either party determines that the prosecution of this action requires that Discovery Information designated as Attorneys Eyes Only be disclosed to persons not otherwise provided for herein, such counsel shall provide counsel for the other party written notice by facsimile or hand delivery of the intended disclosure, which notice shall specify with particularity the Discovery Information to be disclosed and the identity of the person. This written notice shall be given not less than five (5) business days prior to intended disclosure. If, within five (5) business days after receipt of such notice, a party objects in writing to such disclosure, the Discovery Information designated as Attorneys Eyes Only shall not be disclosed unless the Court so orders.

8.    All Discovery Information designated as Attorneys Eyes Only and any papers containing information contained in or derived from such documents that are filed with the Court shall be filed in sealed envelopes bearing the title of this action and shall be marked "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER", to be opened only as the Court directs.

9.    In order to permit discovery to proceed without further delay, the parties agree that this Stipulation and Agreed Protective Order shall be effective from the date on which it is executed by counsel for the parties and shall apply and be enforceable from that date forward with respect to all discovery in this matter, including materials produced at any time after the commencement of this case.

10.    In the event that any Discovery Information designated as Attorneys Eyes Only or any information derived from it is used in depositions, the Discovery Information and the derived information shall not lose their Attorneys Eyes Only status through such use, and the parties shall take all steps necessary to preserve that status during and after such use. It shall be

the responsibility of the counsel requiring that Discovery Information be designated as Attorneys Eyes Only to advise the court reporter at the beginning of protected information of that status and the transcript shall be so designated. The transcript so designated shall be treated as Attorneys Eyes Only for a period of thirty (30) calendar days after the date on which the reporter forwards the complete transcript to counsel for the parties. Counsel requiring that transcript be designated as Attorneys Eyes Only shall notify counsel for the other party of any part of part of the transcript for which the designation is to continue within the period of thirty (30) calendar days. In the absence of timely notice, the designation shall be removed from the transcript.

11.    In the event that either party receives a third party subpoena or other form of legal process requesting Discovery Information designated as Attorneys Eyes Only, the party receiving such request will provide the other party written notice by facsimile or hand delivery that such a request was received and provide a copy of the request with the written notice. The party receiving the third party subpoena or other form of legal process shall not produce the requested documents for at least ten (10) business days after giving written notice by facsimile or hand delivery of the request to the other party, unless the other party states in writing that it does not intend to seek protection in connection with the third party subpoena or other form of legal process concerning those documents Attorneys Eyes Only.

12.    At the conclusion of this action, all documents Discovery Information designated as Attorneys Eyes Only, including all copies, extracts and summaries and all derived information taken, shall be returned to the producing party no later than thirty (30) days after the final non-appealable  judgment or settlement of this action.

13.     In the event additional parties are added to this litigation, each new party's counsel shall sign a duplicate original of the Stipulation and Agreed Protective Order and send it to all other counsel for the parties and cause same to be filed with the Court.

SO ORDERED this _____ day of   November 2007.


_____
J.

CONSENTED TO:

_____


_____


Attorneys for Plaintiffs


_____


_____


Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,          )
                                     )
              Plaintiff,          )
                                     )
      v.                             )          C.A. No. 07-226-JJF
                                     )
JOHNSONFOILS, INC.,                  )
                                     )
           Defendant.          )
                                     )

## DECLARATION

I, _____ , declare that:

    1.    I have read a copy of the Stipulation and Agreed Protective Order Governing Discovery Materials entered in the above-styled lawsuit and I understand that I am bound by its terms.

    2.    I hereby agree under penalty of contempt of court that I shall not disclose or use anything communicated to me except in accordance with the Stipulation and Agreed Protective Order Governing Discovery Materials.

    3.    I hereby agree and submit to the exercise of the personal jurisdiction over me by the United States District Court for the District of Delaware  insofar as is necessary to enforce the Stipulation and Agreed Protective Order Governing Discovery Materials.

Name:_____

Place of execution:

Date:

### EXHIBIT A

8

# EXHIBIT F



**Volpe and Koenig** P.C.

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

──────── BRINGING LAW TO YOUR IDEAS ® ────────

Anthony S. Volpe
avolpe@volpe-koenig.com

November 19, 2007

Michael J. Fink, Esquire                                    **VIA UPS**
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191

Re:  Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.
     Civil Action No. 07-226

Dear Michael:

Enclosed is a CD containing document production bearing numbers JFI0000001-JFI0012601.  Please note these documents have been designated Attorneys' Eyes Only.

Very truly yours,

Volpe and Koenig, P.C.

By: _____
      Anthony S. Volpe

ASV/naf
Enclosure
cc:   Neil Goldberg, Esquire (letter only via e-mail)
      Adam Wyatt Poff, Esquire (letter only via e-mail)
      George H. Seitz, III, Esquire (letter only via e-mail)
      Patti McGonigle, Esquire (letter only via e-mail)

*Patents        Trademarks        Copyrights        Trade Secrets        Litigation        Licensing*

# EXHIBIT G



**Volpe and Koenig** P.C.

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

——————————— BRINGING LAW TO YOUR IDEAS ®———————————

Anthony S. Volpe
avolpe@volpe-koenig.com

November 21, 2007

Michael J. Fink, Esquire                                    **VIA UPS**
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191

Re:    Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.
       Civil Action No. 07-226

Dear Michael:

Enclosed is a CD containing document production bearing numbers JFI0012602-
JFI0013265.

Very truly yours,

Volpe and Koenig, P.C.

By: _____
       Anthony S. Volpe

ASV/naf
Enclosure
cc:    Neil Goldberg, Esquire (letter only via e-mail)
       Adam Wyatt Poff, Esquire (letter only via e-mail)
       George H. Seitz, III, Esquire (letter only via e-mail)
       Patti McGonigle, Esquire (letter only via e-mail)

*Patents*      *Trademarks*      *Copyrights*      *Trade Secrets*      *Litigation*      *Licensing*

# EXHIBIT H

## Ryan O'Donnell

| | |
|---|---|
| **From:** | Tony Volpe |
| **Sent:** | Monday, November 19, 2007 12:47 PM |
| **To:** | 'MICHAEL FINK' |
| **Cc:** | NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com; John O'Malley |
| **Subject:** | RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720) |

Michael, the only lack of good faith is that reflected in your continuing effort to create the impression that we have refused to produce documents. What we have done is to ask you to do what you said you would do months ago so the production could be efficient and orderly. Instead, you have refused to produce the promised draft, have refused to consider any position other than your own by speaking over anyone who does not agree with you and accusing them of not attempting to resolve the issues. We did refuse to accept documents under your unilateral and unnecessary demands.

As to the protective order proposal you did finally provide, it goes well beyond anything necessary for this technology, especially in view of the near expiration date of the patents. To date, you still have not addressed our repeated inquiries about how documents will be produced.

We will be sending you, by UPS, a documents CD with about 12,000 pages, marked as Attorneys' Eyes Only under the court's standing order, as TIFF images. We expect you to produce Voith's documents immediately under the court's standing order without any of your additional unilateral demands.

We welcome your comments on our proposed protective order.

Regards,

Tony

---

**From:** MICHAEL FINK [mailto:MFINK@gbpatent.com]
**Sent:** Sunday, November 18, 2007 1:31 PM
**To:** Tony Volpe
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com
**Subject:** RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Tony,

As we have repeatedly stated, in accordance with the applicable local rules and customs in Delaware, Voith's counsel will maintain confidential documents which JohnsonFoil produces in response to Voith's discovery requests as Outside Counsel Eyes Only until a protective order is entered by the Court. This level of confidentiality exceeds the level of confidentiality set forth in your recently proposed protective order, so there is no good faith basis for not producing responsive documents. Please reconsider your refusal to produce any documents responsive to Voith's discovery requests until a protective order is entered by the Court.

Furthermore, it is unfortunate that you refused to cooperate with us by redlining the draft protective order we forwarded to you. If you are adamant about the provisions of your proposed protective order, it is unlikely that the parties will agree on many of the provisions,

11/27/2007

Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720) Page 2 of 3

but we should try to narrow the points in dispute. Please let me know your availability on Monday, November 19, to discuss the protective orders.

Regards,
Michael

Michael J. Fink, Esq.
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

*******************************************************************
The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited. If you have received
this communication in error, please notify us immediately by e-mail,
and delete the original message.
*******************************************************************
In rare cases, our spam scanners may eliminate legitimate email. Please advise us
immediately if you receive an error notification from our server.

---

**From:** Tony Volpe [mailto:TVolpe@volpe-koenig.com]
**Sent:** Friday, November 16, 2007 4:55 PM
**To:** MICHAEL FINK
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com
**Subject:** Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Hello Michael:

A proposed protective order is attached in word.

Best regards,

Tony

Anthony S. Volpe, Attorney at Law
Volpe and Koenig, P.C.
www.volpe-koenig.com
215-568-6400

11/27/2007

Case 1:07-cv-00226-JJF    Document 46-2    Filed 11/28/2007    Page 29 of 29

Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)    Page 3 of 3



**Volpe and Koenig** P.C.

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
Tel 215.568.6400  Fax 215.568.6499
www.volpe-koenig.com

**Notice:** If you are not the named recipient of this transmission, please notify us immediately, by telephone, and delete or destroy any copy of this message. You should not disclose or use this information in any way. Disclosure or use of this information may expose you to criminal or civil liabilities. We apologize for the inconvenience and thank you for your attention to this notice.

11/27/2007

# EXHIBIT I

## Ryan O'Donnell

| | |
|---|---|
| **From:** | Tony Volpe |
| **Sent:** | Monday, November 26, 2007 9:26 AM |
| **To:** | 'NEAL GOLDBERG' |
| **Cc:** | Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com; MICHAEL FINK; NEIL GREENBLUM |
| **Subject:** | RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720) |

Hello Neal:

I can only reiterate our previously stated position. We do not accept that there is highly sensitive information simply because you say there may be such information. This is similar to your rejection of our view that the patents are soon to expire and the related technology is old and admitted to be in the public domain. As we stated previously, you always have the right to seek protection under the rules for specific information by demonstrating the alleged risk to that specific information by disclosure under our proposed order.

As to a party representative, we believe it is necessary to our defense to have the benefit of open discussions with someone knowledgeable about the industry. Certain, this is a risk that Voith understood when it asserted the patents. To ask AstenJohnson to defend itself with out the benefit of access to the same information that is available to Voith is unreasonable.

In view of our impasse, we expect you to immediately produce Voith's discovery under the Court's standing order.

Best regards,

Tony

---

**From:** NEAL GOLDBERG [mailto:ngoldberg@gbpatent.com]
**Sent:** Wednesday, November 21, 2007 4:53 PM
**To:** Tony Volpe
**Cc:** Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com; MICHAEL FINK; NEIL GREENBLUM; NEAL GOLDBERG
**Subject:** RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Tony:

As we have explained, Voith's proposed "Highly Confidential" and "Confidential" designations, and associated restrictions, are intended to protect Voith's *confidential* information from the risk of improper use, not, as your response suggests, to limit the disclosure of "subject matter [that] has long been public." That a document relates to a machine embodying the patented invention does not foreclose the real possibility that such a document also contains sensitive proprietary information that has never been disclosed. For at least that reason, as we explained in our last e-mail, the term of the patents-in-suit is irrelevant. As we have explained, the very real risk that an attorney involved in patent prosecution will inadvertently, and improperly, benefit from the disclosure of Voith's proprietary information outweighs any prejudice to JohnsonFoils from limiting the disclosure of Voith's confidential information to those of its litigation counsel who are precluded from prosecution on matters relating to the Patents-in-Suit.

In addition, we see no reason why it is necessary for a "party representative" or in-house counsel to have access to Voith's confidential information. Again, Voith has never proposed restricting anyone's access to information that "has long been public." The prejudice to a party of disclosing its proprietary information, whether technical or

11/27/2007

not, to a competitor is indisputable.  For that reason, we asked you, and we now ask you again, to explain why any prejudice to JohnsonFoils from our proposed restrictions outweighs the clear prejudice to Voith.  We appreciate your offer to limit "in-house counsel" to nonprosecuting attorneys, but, at least, your proposal would do nothing to address the prejudice to Voith of disclosing its non-technical, but still highly sensitive, proprietary business information.

We point out that we  have  always been willing to limit the use of our proposed "Confidential" and "Highly Confidential" designations to nonpublic documents and information.  Therefore, to the extent that your objection to our proposed confidentiality designations is based on your desire to circulate information that "has long been public," we ask that you withdraw your objection.

Finally, it is unfortunate that, without providing any explanation why JohnsonFoils believes it would be prejudiced by Voith's proposed confidentiality designations, you have refused our invitation to discuss these issues and have instead insisted that we "make the necessary showing under Rule 26."

Again, we urge you to reconsider our proposed confidentiality designations or provide a counter-proposal that addresses Voith's concerns.   To that end, we again invite you to discuss the terms of an agreed protective order in a teleconference at 4:00 p.m. on this coming Monday, November 26, 2007.

Regards,

Neal


Neal Goldberg
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
Tel: (703) 716 1191
Fax:(703) 716 1180
E-Mail: ngoldberg@gbpatent.com


***************************************************************

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


***************************************************************


---

**From:** Tony Volpe [mailto:TVolpe@volpe-koenig.com]
**Sent:** Wednesday, November 21, 2007 11:14 AM
**To:** MICHAEL FINK
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com
**Subject:** RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Michael:

The third and fourth paragraphs below exemplify why your proposal is unworkable. There is little, if any,

11/27/2007

reason for your broad exclusion of any attorney who sees Voith's information from prosecuting patents. The subject matter has long been public and there is little, if any, information to be produced that relates to current prosecution of subject matter in patents that are near to expiration.

If you are concerned about who serves as the "party representative," we are willing to consider what you think are necessary safeguards. As to in-house counsel, I see no reason why such counsel should be excluded. In our specific case, the in-house general counsel is not a technical person and is not a patent prosecutor. If you want to exclude in-house patent prosecution personnel, we will consider your proposal.

For our part, we do not see your concerns as being realistic, but remind you that you are always free to make the necessary showing under Rule 26 for the protection of specific information.

You should not take the decision not to engage in the debate invited by the first two paragraphs of your message to in any way indicate agreement with your continued attempts to vilify our positions.

Best regards,

Tony

---

**From:** MICHAEL FINK [mailto:MFINK@gbpatent.com]
**Sent:** Tuesday, November 20, 2007 6:36 PM
**To:** Tony Volpe
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com
**Subject:** Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Tony:

As explained in our previous correspondence, it is unreasonable for you to reject our Proposed Protective Order without providing any specific objections or proposed revisions. Your bald assertion that our Proposed Protective Order "goes well beyond anything necessary for this technology," is baseless and falls far short of a good faith effort to confer. Moreover, JohnsonFoils has requested confidential information that is ostensibly beyond strictly technical disclosures. In addition, the "near expiration date of the patents" is irrelevant to the terms of the Proposed Protective Order. Again, JohnsonFoils has requested information that is ostensibly beyond the technical practice of the patents in suit.

Despite your failure to reasonably confer with us regarding the terms of Voith's Proposed Protective Order, we remain willing to work with you in the hope that we can resolve our differences without the involvement of the Court. To that end, we have reviewed the protective order you sent to us on November 16 ("the JF Protective Order"). Although we are still in the process of evaluating the full extent of the differences between the JF Protective Order and Voith's Proposed Protective Order, we have reviewed your proposed confidentiality designation, and, for the reasons stated below, find it inadequate to reasonable protect Voith's confidential information from the risk of improper disclosure or use.

Unlike Voith's Proposed Protective Order, which provides for two levels of confidentiality "Confidential" and "Highly Confidential," the JF Protective Order provides for only one confidentiality designation: "Attorneys' Eyes Only." Ordinarily an "Attorneys' Eyes Only" designation provides the strongest protection available short of withholding the documents completely. However, JohnsonFoils' definition of "Attorneys' Eyes Only" is very broad, is not limited to attorneys, and does not bar attorneys with access to confidential information from prosecuting patent applications on subjects related to the patents-in-suit. *See* JF Protective Order, ¶5. Specifically, the JF Protective Order permits a "party

representative," all in-house attorneys, and all outside counsel to review material marked "Attorneys' Eyes Only." The "party representative" appears to include at least any employee or executive of JohnsonFoils. The "in-house attorneys" appears to include any attorney regularly employed by JohnsonFoils, including its patent attorneys. Moreover, because the JF Proposed Protective Order also appears to permits disclosure to employees of such attorneys and individuals, even non-attorney patent agents would have access to Attorneys' Eyes Only information. Although the JF Protective Order states that Voith's confidential information would be used solely for the purposes of this litigation, it would be very difficult, if not impossible, to detect an improper use. In stark contrast to the JF Proposed Protective Order, Voith's Proposed Protective Order strictly limits material designated Highly Confidential to outside counsel retained for this litigation, and qualified experts, and further bars any outside counsel with access to Highly Confidential information from involvement in related patent matters for a period of three (3) years.

The extraordinarily broad disclosures permitted by your proposed "Attorneys' Eyes Only" designation, as described in detail above, pose an unacceptably high risk to Voith that its confidential information will be improperly disclosed or used. For example, we do not think it is reasonable to expect that a patent prosecutor who has seen technical information relating to Voith's paper machines and is working to draft claims to cover JohnsonFoils' competitors will not be influenced by that disclosure. Nor do we think it reasonable to expect that an in-house company representative or counsel considering a business plan or contract will not be influenced by prior exposure to details of Voith's-a direct competitor-confidential business and financial information. The JF Protective Order is unacceptable because it fails to account for these reasonable risks by balancing the harm to Voith against the prejudice to JohnsonFoils limiting the disclosure of Voith's confidential information as required. Indeed, JohnsonFoils has failed to articulate any prejudice that would result from the provisions of Voith's Proposed Protective Order.

To address Voith's reasonable interest in limiting the risk that its confidential information will be misused, we request that you reconsider the designations defined in Voith's Proposed Protective Order: "Highly Confidential," and "Confidential." To the extent that you do not agree with this proposal, please explain why JohnsonFoils would be prejudiced by the proposed limitations, and why JohnsonFoils believes that any asserted prejudice outweighs the risk to Voith that its confidential information will be improperly disclosed or used.

Please let us know when you are available to discuss these issues.

Best regards,

Michael J. Fink, Esq.
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

*************************************************************************
The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the

11/27/2007

intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited. If you have received
this communication in error, please notify us immediately by e-mail,
and delete the original message.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In rare cases, our spam scanners may eliminate legitimate email. Please advise us immediately if you
receive an error notification from our server.

**Volpe
and
Koenig**

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA  19103
Tel  215.568.6400  Fax 215.568.6499
www.volpe-koenig.com

**Notice:** If you are not the named recipient of this transmission, please notify us immediately, by telephone, and delete or destroy any copy of this
message.  You should not disclose or use this information in any way.  Disclosure or use of this information may expose you to criminal or civil
liabilities.  We apologize for the inconvenience and thank you for your attention to this notice.

11/27/2007

# EXHIBIT J

## Ryan O'Donnell

| From: | NEAL GOLDBERG [ngoldberg@gbpatent.com] |
|---|---|
| Sent: | Monday, November 26, 2007 6:21 PM |
| To: | Tony Volpe |
| Cc: | NEIL GREENBLUM; Poff, Adam; MICHAEL FINK; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com; Stover, Chad; NEAL GOLDBERG |
| Subject: | RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720) |
| Importance: | High |

Dear Tony:

We are disappointed that you have rejected Voith's Proposed Protective Order in its entirety and have, again, rejected our invitation to confer with us on the terms of an agreed protective order. We continue to believe that reaching agreement on a protective order that reasonably protects both parties' confidential information—such as Voith's Proposed Protective Order—is preferable to involving the Court.

This is especially true since JohnsonFoils apparently concedes that a prosecution bar is an appropriate means of limiting the risk that highly sensitive confidential information will be misused, but, instead, asserts, without basis, that Voith has no such highly sensitive information. Specifically, you state that "[JohnsonFoils] does not accept there is highly sensitive information simply because you say there may be such information." To the extent that your objection is based on the disputed existence of Voith's highly sensitive information, your concerns are fully addressed in paragraph fifteen (15) of Voith's Proposed Protective Order, entitled "Challenge of Designation," and providing a procedure for challenging a party's confidentiality designations.

Moreover, JohnsonFoils has never explained why disclosing Voith's highly sensitive information to a JohnsonFoils party representative is _necessary_ to avoid a prejudice that outweighs the obvious prejudice to Voith. Any need JohnsonFoils may have for "open discussions with someone knowledgeable about the industry" can easily be satisfied, pursuant to Voith's Proposed Protective Order, by retaining a qualified expert. Furthermore, we strongly disagree with your assertion that "[disclosing highly sensitive information to a competitor] is a risk that Voith understood when it asserted the patents." Discovery is not a proper means for JohnsonFoils to inflict undue burdens and risks on Voith, including the unnecessary risk of competitive injury from the unnecessarily broad disclosure of Voith's highly sensitive information.

In response to your demand that Voith "immediately produce Voith's discovery" we remind you that Voith has already provided the requested discovery, and that you, without any prior conferral, returned the documents to Voith. Nonetheless, Voith will, again, provide discovery pursuant to the Court's Rule 26.2. However, Voith will only provide highly sensitive documents, _i.e._, documents designated Highly Confidential and subject to the pending protective order dispute, subject to the following conditions. First, any documents designated Highly Confidential, or the information they contain or reflect, in whole or in part, shall not be disclosed to any attorney involved in matters pending, or potentially pending, before any patent granting authority anywhere in the world. Second, any individual to whom such highly confidential information is disclosed agrees to be bound by the terms of any prosecution bar, or other restrictions, subsequently entered by the Court or agreed by the parties. In light of your continuing refusal to confer, if you do not agree to these conditions by the close of business on Wednesday, November 28, 2007, we will withhold Voith's highly confidential documents pending

resolution of the parties' protective order dispute by the Court.

Also, apart from your refusal to agree with Voith's two proposed levels of confidentiality, including the proposed "Confidential" and "Highly Confidential" designations, you have not stated any disagreement with any other provision of Voith's Proposed Protective Order. So that we may work to further narrow this dispute, please identify any other provisions of Voith's Proposed Protective Order for which you have an objection. Furthermore, in light of the foregoing response to your objections to Voith's proposed confidentiality designations, please let us know if you are willing to agree on protective order provisions that protect each party's confidential information by substantially providing for a suitable prosecution bar and a limit on the disclosure of highly sensitive information to exclude disclosure to in-house counsel and party representatives.

Sincerely,

Neal

Neal Goldberg
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
Tel: (703) 716 1191
Fax:(703) 716 1180
E-Mail: ngoldberg@gbpatent.com

CONFIDENTIAL: SUBJECT TO ATTORNEY-CLIENT PRIVILEGE
*******************************************************************

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

*******************************************************************

**From:** Tony Volpe [mailto:TVolpe@volpe-koenig.com]
**Sent:** Monday, November 26, 2007 9:26 AM
**To:** NEAL GOLDBERG
**Cc:** Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com; MICHAEL FINK; NEIL GREENBLUM
**Subject:** RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Hello Neal:

I can only reiterate our previously stated position. We do not accept that there is highly sensitive information simply because you say there may be such information. This is similar to your rejection of our view that the patents are soon to expire and the related technology is old and admitted to be in the public domain. As we stated previously, you always have the right to seek protection under the rules for specific

11/27/2007

Case 1:07-cv-00226-JJF   Document 46-3   Filed 11/28/2007   Page 10 of 38

Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)   Page 3 of 7

information by demonstrating the alleged risk to that specific information by disclosure under our proposed order.

As to a party representative, we believe it is necessary to our defense to have the benefit of open discussions with someone knowledgeable about the industry. Certain, this is a risk that Voith understood when it asserted the patents. To ask AstenJohnson to defend itself with out the benefit of access to the same information that is available to Voith is unreasonable.

In view of our impasse, we expect you to immediately produce Voith's discovery under the Court's standing order.

Best regards,

Tony

---

**From:** NEAL GOLDBERG [mailto:ngoldberg@gbpatent.com]
**Sent:** Wednesday, November 21, 2007 4:53 PM
**To:** Tony Volpe
**Cc:** Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com; MICHAEL FINK; NEIL GREENBLUM; NEAL GOLDBERG
**Subject:** RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Tony:

As we have explained, Voith's proposed "Highly Confidential" and "Confidential" designations, and associated restrictions, are intended to protect Voith's *confidential* information from the risk of improper use, not, as your response suggests, to limit the disclosure of "subject matter [that] has long been public." That a document relates to a machine embodying the patented invention does not foreclose the real possibility that such a document also contains sensitive proprietary information that has never been disclosed. For at least that reason, as we explained in our last e-mail, the term of the patents-in-suit is irrelevant. As we have explained, the very real risk that an attorney involved in patent prosecution will inadvertently, and improperly, benefit from the disclosure of Voith's proprietary information outweighs any prejudice to JohnsonFoils from limiting the disclosure of Voith's confidential information to those of its litigation counsel who are precluded from prosecution on matters relating to the Patents-in-Suit.

In addition, we see no reason why it is necessary for a "party representative" or in-house counsel to have access to Voith's confidential information. Again, Voith has never proposed restricting anyone's access to information that "has long been public." The prejudice to a party of disclosing its proprietary information, whether technical or not, to a competitor is indisputable. For that reason, we asked you, and we now ask you again, to explain why any prejudice to JohnsonFoils from our proposed restrictions outweighs the clear prejudice to Voith. We appreciate your offer to limit "in-house counsel" to nonprosecuting attorneys, but, at least, your proposal would do nothing to address the prejudice to Voith of disclosing its non-technical, but still highly sensitive, proprietary business information.

We point out that we have always been willing to limit the use of our proposed "Confidential" and "Highly Confidential" designations to nonpublic documents and information. Therefore, to the extent that your objection to our proposed confidentiality designations is based on your desire to circulate information that "has long been public," we ask that you withdraw your objection.

Finally, it is unfortunate that, without providing any explanation why JohnsonFoils believes it would be prejudiced by Voith's proposed confidentiality designations, you have refused our invitation to discuss these issues and have instead insisted that we "make the necessary showing under Rule 26."

Again, we urge you to reconsider our proposed confidentiality designations or provide a counter-proposal that addresses Voith's concerns. To that end, we again invite you to discuss the terms of an agreed protective order in a teleconference at 4:00 p.m. on this coming Monday, November 26, 2007.

11/27/2007

Regards,

Neal


Neal Goldberg
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
Tel: (703) 716 1191
Fax:(703) 716 1180
E-Mail: ngoldberg@gbpatent.com


******************************************************************

The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited. If you have received
this communication in error, please notify us immediately by e-mail,
and delete the original message.


******************************************************************



**From:** Tony Volpe [mailto:TVolpe@volpe-koenig.com]
**Sent:** Wednesday, November 21, 2007 11:14 AM
**To:** MICHAEL FINK
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com
**Subject:** RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Michael:

The third and fourth paragraphs below exemplify why your proposal is unworkable. There is little, if any,
reason for your broad exclusion of any attorney who sees Voith's information from prosecuting patents. The
subject matter has long been public and there is little, if any, information to be produced that relates to
current prosecution of subject matter in patents that are near to expiration.

If you are concerned about who serves as the "party representative," we are willing to consider what you
think are necessary safeguards. As to in-house counsel, I see no reason why such counsel should be
excluded. In our specific case, the in-house general counsel is not a technical person and is not a patent
prosecutor. If you want to exclude in-house patent prosecution personnel, we will consider your proposal.

For our part, we do not see your concerns as being realistic, but remind you that you are always free to make
the necessary showing under Rule 26 for the protection of specific information.

You should not take the decision not to engage in the debate invited by the first two paragraphs of your
message to in any way indicate agreement with your continued attempts to vilify our positions.

Best regards,


11/27/2007

Tony

---

**From:** MICHAEL FINK [mailto:MFINK@gbpatent.com]
**Sent:** Tuesday, November 20, 2007 6:36 PM
**To:** Tony Volpe
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com
**Subject:** Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Tony:

As explained in our previous correspondence, it is unreasonable for you to reject our Proposed
Protective Order without providing any specific objections or proposed revisions. Your bald assertion
that our Proposed Protective Order "goes well beyond anything necessary for this technology," is
baseless and falls far short of a good faith effort to confer. Moreover, JohnsonFoils has requested
confidential information that is ostensibly beyond strictly technical disclosures. In addition, the "near
expiration date of the patents" is irrelevant to the terms of the Proposed Protective Order. Again,
JohnsonFoils has requested information that is ostensibly beyond the technical practice of the patents in
suit.

Despite your failure to reasonably confer with us regarding the terms of Voith's Proposed Protective
Order, we remain willing to work with you in the hope that we can resolve our differences without the
involvement of the Court. To that end, we have reviewed the protective order you sent to us on
November 16 ("the JF Protective Order"). Although we are still in the process of evaluating the full
extent of the differences between the JF Protective Order and Voith's Proposed Protective Order, we
have reviewed your proposed confidentiality designation, and, for the reasons stated below, find it
inadequate to reasonable protect Voith's confidential information from the risk of improper disclosure or
use.

Unlike Voith's Proposed Protective Order, which provides for two levels of confidentiality
"Confidential" and "Highly Confidential," the JF Protective Order provides for only one confidentiality
designation: "Attorneys' Eyes Only." Ordinarily an "Attorneys' Eyes Only" designation provides the
strongest protection available short of withholding the documents completely. However, JohnsonFoils'
definition of "Attorneys' Eyes Only" is very broad, is not limited to attorneys, and does not bar attorneys
with access to confidential information from prosecuting patent applications on subjects related to the
patents-in-suit. *See* JF Protective Order, ¶5. Specifically, the JF Protective Order permits a "party
representative," all in-house attorneys, and all outside counsel to review material marked "Attorneys'
Eyes Only." The "party representative" appears to include at least any employee or executive of
JohnsonFoils. The "in-house attorneys" appears to include any attorney regularly employed by
JohnsonFoils, including its patent attorneys. Moreover, because the JF Proposed Protective Order also
appears to permits disclosure to employees of such attorneys and individuals, even non-attorney patent
agents would have access to Attorneys' Eyes Only information. Although the JF Protective Order states
that Voith's confidential information would be used solely for the purposes of this litigation, it would be
very difficult, if not impossible, to detect an improper use. In stark contrast to the JF Proposed
Protective Order, Voith's Proposed Protective Order strictly limits material designated Highly
Confidential to outside counsel retained for this litigation, and qualified experts, and further bars any
outside counsel with access to Highly Confidential information from involvement in related patent
matters for a period of three (3) years.

The extraordinarily broad disclosures permitted by your proposed "Attorneys' Eyes Only" designation,
as described in detail above, pose an unacceptably high risk to Voith that its confidential information
will be improperly disclosed or used. For example, we do not think it is reasonable to expect that a

11/27/2007

patent prosecutor who has seen technical information relating to Voith's paper machines and is working to draft claims to cover JohnsonFoils' competitors will not be influenced by that disclosure. Nor do we think it reasonable to expect that an in-house company representative or counsel considering a business plan or contract will not be influenced by prior exposure to details of Voith's-a direct competitor-confidential business and financial information. The JF Protective Order is unacceptable because it fails to account for these reasonable risks by balancing the harm to Voith against the prejudice to JohnsonFoils limiting the disclosure of Voith's confidential information as required. Indeed, JohnsonFoils has failed to articulate any prejudice that would result from the provisions of Voith's Proposed Protective Order.

To address Voith's reasonable interest in limiting the risk that its confidential information will be misused, we request that you reconsider the designations defined in Voith's Proposed Protective Order: "Highly Confidential," and "Confidential." To the extent that you do not agree with this proposal, please explain why JohnsonFoils would be prejudiced by the proposed limitations, and why JohnsonFoils believes that any asserted prejudice outweighs the risk to Voith that its confidential information will be improperly disclosed or used.

Please let us know when you are available to discuss these issues.

Best regards,

Michael J. Fink, Esq.
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

*****************************************************************
The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited. If you have received
this communication in error, please notify us immediately by e-mail,
and delete the original message.
*****************************************************************
In rare cases, our spam scanners may eliminate legitimate email. Please advise us immediately if you
receive an error notification from our server.

Volpe
and
Koenig

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA  19103
Tel  215.568.6400  Fax 215.568.6499
www.volpe-koenig.com

11/27/2007

**_Notice:_** If you are not the named recipient of this transmission, please notify us immediately, by telephone, and delete or destroy any copy of this message.  You should not disclose or use this information in any way.  Disclosure or use of this information may expose you to criminal or civil liabilities.  We apologize for the inconvenience and thank you for your attention to this notice.

11/27/2007

# EXHIBIT K

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,
   a Company organized and existing under
   the laws of Germany,

               Plaintiff,

          v.

JOHNSONFOILS, INC.,
   a Delaware Corporation,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 07-0226-JJF

### PLAINTIFF VOITH PAPER GMBH & CO. KG'S OBECTIONS
### AND RESPONSES TO DEFENDANT, JOHNSONFOILS, INC.'S FIRST SET OF
### REQUESTS FORPRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF

Plaintiff Voith Paper GmbH & Co. KG ("Plaintiff") by and through its undersigned

attorneys hereby serves Defendant, Johnsonfoils, Inc., ("Defendant") with the following objections

and responses to Defendant's First Set of Requests for Production of Documents and Things to

Plaintiff ("Requests").

### GENERAL OBJECTIONS

Without waiving any of its specific objections, Plaintiff generally objects to Defendant's

Requests as follows. First, Plaintiff objects to Defendant's characterization of its Requests as

"Interrogatories Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure" (emphasis

supplied) as an impermissible attempt to impose burdens on Plaintiff in excess of those imposed by

Rule 26 and Rule 34 of the Federal Rules of Civil Procedure and the Court's Scheduling Order,

filed August 3, 2007 ("Scheduling Order"). Rule 33 confers no authority for serving document

requests.

Plaintiff further objects to Defendant's Requests as vague, overly broad, and unduly burdensome. For example, Defendant's Requests repeatedly use the term "subject matter of the Patents-in-Suit" without limiting that description to relevant information. If construed broadly, the requested "subject matter" impermissibly encompasses information that is not relevant to any issue in this case. In addition, Defendant's Requests fail to provide any limitation on the pertinent time period for the requested documents. As such, the requests are both overly broad and unduly burdensome. Defendant's Requests are further deficient in that they call for the production of documents that are plainly protected from disclosure by applicable privileges including the attorney-client communications privilege and the attorney work-product exemption. Plaintiff also objects to Defendant's requests in that they plainly seek to impermissibly require Plaintiff to produce documents and/or things that are not in Plaintiff's possession, custody, or control. Plaintiff further objects to Defendant's Requests to the extent that they purport to require Plaintiff to produce documents subject to third-party nondisclosure and/or confidentiality agreements. Plaintiff further objects that Defendant's Request appear include publicly available documents that Defendant could obtain with no greater burden than would be unjustly imposed on Plaintiff. For these reasons, and as further explained in the general and specific objections provided for each of Defendant's Requests, Plaintiff further objects to Defendant's Requests for impermissibly seeking to impose greater burdens on Plaintiff than warranted by the Federal Rules of Civil Procedure or the Court's Scheduling Order.

Without waiving any of the above stated general objections, Plaintiff objects – both generally and specifically - to each of Defendant's Definitions and Requests as follows.

2

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S DEFINITIONS

**Defendant's Definition 1.**     *"Plaintiff" means "Voith Paper GMBH & Co. KG," and includes any and all agents or affiliates or predecessors in interest, business entities, officers, directors, employees or others who have in the past or now act for or on behalf of Plaintiff.*

### Plaintiff's Objections to Defendant's Definition 1.

Plaintiff objects to this definition because it purports to include subject matter from an indefinite "past" far in excess of any relevant time period. Plaintiff further objects to this definition because the term "act for or on behalf of Plaintiff" is vague. Additionally, Plaintiff objects that the phrase "any and all agents or affiliates or predecessors in interest, business entities, officers, directors, employees or others who have in the past or now act for or on behalf of Plaintiff" is ungrammatical, unintelligible, incomprehensible, and vague.

Plaintiff further objects that this definition is an impermissible attempt to extend the scope of its discovery requests beyond that authorized by the Federal Rules of Civil Procedure in that it plainly seeks to encompasses individuals over which Plaintiff has no control.

**Defendant's Definition 2.**     *"Defendant" means "Johnsonfoils, Inc." and includes any and all agents or affiliates or predecessors in interest, business entities, officers, directors, employees or others that Plaintiff believes is or was in privity with Defendant.*

### Plaintiff's Objections to Defendant's Definition 2.

Plaintiff objects to this definition because its reference "others that Plaintiff believes is or was in privity with Defendant" is vague to the extent that it purports to depend on Plaintiff's beliefs. Plaintiff further objects to this definition for failing to provide any relevant time period to limit the class of included individuals. Plaintiff further objects that the qualification "in privity with Defendant" is vague and overly broad for failing to specify the limiting subject matter of the

3

required privity. Plaintiff objects to this definition for seeking to impermissibly impose on Plaintiff the burden of guessing the meaning of Defendant's definition of "Defendant." Plaintiff objects that Defendant's purported requirement that Plaintiff speculate as to the meaning of Defendant's terms in order to respond to Defendant's requests is unduly burdensome.

**Defendant's Definition 3.** *As used herein, "person" or "persons" means any natural person and all legal entities.*

**Plaintiff's Objections to Defendant's Definition 3.**

Plaintiff objects that this definition is overly broad and vague as to the intended meaning of "natural person" and "all legal entities" without specifying the relevant body of law with respect to which the defined "person" is either natural or having the status of a legal entity. As such, this definition plainly seeks to impermissibly impose on Plaintiff the burden of speculating as to the meaning of "person" in Defendant's Requests.

**Defendant's Definition 4.** *The term "document" is used in the broadest sense of Rule 34 of the Federal Rules of Civil Procedure and it includes things or physical objects regardless of how they were generated or maintained.*

**Plaintiff's Objections to Defendant's Definition 4.**

Plaintiff objects to this definition as overly broad in that it purports to define "document" to include "things or physical objects regardless of how they were generated or maintained." As such, the definition plainly and impermissibly seeks to extend the scope of Defendant's Requests to include documents that are not, and may never have been, in the Plaintiff's possession, custody, or control. Consequently, this definition plainly renders each of Defendant's Requests unduly burdensome.

4

**Defendant's Definition 5.**     *As used herein, the terms "and" and "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which might otherwise be construed to be outside of its scope.*

<u>**Plaintiff's Objections to Defendant's Definition 5.**</u>

Plaintiff objects that this definition renders the meaning of "and" and "or" vague in that it fails to specify when defining either term conjunctively or disjunctively is "necessary." Plaintiff further objects that this definition is overly broad in that it purports to encompass all possible responses to Defendant's Requests – even responses irrelevant to the plain meaning of the Requests - by construing the terms "and" and "or." Plaintiff further objects that this definition impermissibly seeks to impose on Plaintiff the burden of speculating as to when a response "might otherwise be construed to be outside of [the] scope [of a request]." Plaintiff will not speculate as to the meaning of Defendant's Requests.

**Defendant's Definition 6.**     *As used in herein, the term "Complaint" means the Complaint filed by Plaintiff in Civil Action No. 07-0226-JJF.*

<u>**Plaintiff's Objections to Defendant's Definition 6.**</u>

Plaintiff objects to this definition in that it purports to incorporate a definition of "Plaintiff" that, as explained in detail in the foregoing "Plaintiff's Objection to Defendant's Definition 1" is vague and overly broad. To the extent that this definition depends on the objected-to definition of "Plaintiff," any of the Requests incorporating this term are overly broad, vague, and unduly burdensome.

**Defendant's Definition 7.**    *As used herein, the "'805 Patent" refers to U.S. Patent No. 5,718,805 and any related application or patent anywhere in the world.*

**Plaintiff's Objections to Defendant's Definition 7.**

Plaintiff objects to this definition because the phrase "anywhere in the world" is vague and ambiguous. Plaintiff further objects because the term "any related application" to the extent that the term "related" does not limited to applications that are "related" to the '805 patent in a way that is relevant. As such, this definition purports to impose on Plaintiff the burden of guessing Defendant's meaning of "related" and/or "anywhere in the world." Plaintiff will not speculate as to the meaning of Defendant's terms in responding to Defendant's Requests.

**Defendant's Definition 8.**    *As used herein, the "'168 Patent" refers to U.S. Patent No. 5,972,168 and any related application or patent anywhere in the world.*

**Plaintiff's Objections to Defendant's Definition 8.**

Plaintiff objects to this definition because the phrase "anywhere in the world" is vague and ambiguous. Plaintiff further objects because the term "any related application" to the extent that the term "related" does not limited to applications that are "related" to the '168 patent in a way that is relevant. As such, this definition purports to impose on Plaintiff the burden of guessing Defendant's meaning of "related" and/or "anywhere in the world." Plaintiff will not speculate as to the meaning of Defendant's terms in responding to Defendant's Requests.

**Defendant's Definition 9.**    *As used herein, "Patents-in-Suit" both the '805 Patent and '168 Patent and any related application or patent anywhere in the world.*

**Plaintiff's Objections to Defendant's Definition 9.**

Plaintiff hereby incorporates its objections to "Defendant's Definition 7" and "Defendant's Definition 8" as if fully set forth herein. Plaintiff further objects to the term "any related

application" to the extent that the term "related" fails to limit to the scope of the definition to any relevant issue. Plaintiff also objects to the phrase "anywhere in the world" because the purported location of the applications or patents purportedly within the scope of the definition is indeterminate. Thus, Defendant's Definition 9 purports to require Plaintiff to guess the meaning of the allegedly defined term. Plaintiff will not speculate as to the meaning of this term or the Requests incorporating this term.

**Defendant's Definition 10.** *As used herein, "Applicant" includes any person named as an inventor of the '805 or '168 Patent and any related application or patent anywhere in the world.*

### Plaintiff's Objection to Defendant's Definition 10.

Plaintiff hereby incorporates its objections to "Defendant's Definition 3," "Defendant's Definition 7," and "Defendant's Definition 8" as if fully set forth herein. Plaintiff further objects to the term "any related application" to the extent that the term "related" fails to limit to the scope of the definition to any relevant issue. Plaintiff also objects to the phrase "anywhere in the world" because the purported location of the applications or patents purportedly within the scope of the definition is indeterminate. Thus, "Defendant's Definition 10" purports to require Plaintiff to guess the meaning of the allegedly defined term. Plaintiff will not speculate as to the meaning of this term or the Requests incorporating this term.

### OBJECTIONS AND RESPONSES TO DEFENDANT'S DOCUMENT REQUESTS

### DEFENDANT'S REQUEST NO.1:

*All documents describing Plaintiff's organizational structure as it relates to the research, development, manufacturing, testing, marketing, exportation, importation, distribution, sale, and licensing of subject matter Plaintiff contends is covered by any claim of the Patents-in-Suit.*

7

## Plaintiff's Objections to Defendant's Request No. 1

### General Objections to Defendant's Request No. 1

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

### Specific Objections to Defendant's Request No. 1

Plaintiff hereby incorporates its objections to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein. Plaintiff further objects that the term "organizational structure" is vague and ambiguous for failure to limit the meaning of "organizational" to a permissibly relevant scope. Plaintiff further objects to this request as undefined for relying on the purported "subject matter Plaintiff contends is covered" without reference to any particular Plaintiff's contention. As such, this request impermissibly purports to circumvent the limitations on contention interrogatories imposed by the Scheduling Order. Plaintiff further objects to this interrogatory for reliance on the vague and undefined term "subject matter." Plaintiff objects that the phrases "research . . . of subject matter," "development . . . of subject matter," "manufacturing . . . of subject matter," "testing . . . of subject matter," "marketing . . . of subject matter," "exportation . . . of subject matter," "importation . . . of subject matter," "distribution . . . of subject matter," "sale . . . of subject matter," and "licensing . . . of subject matter," are unintelligible for at least the reason that "subject matter" is not ordinarily understood to be the subject of, e.g. sale, manufacturing, testing, marketing, exportation, importation, distribution, or development. Plaintiff will not speculate as to the meaning of these phrases. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

8

**Plaintiff's Response to Defendant's Request No. 1**

Subject to the foregoing general and specific objections, Plaintiff will produce responsive organizational charts.

## DEFENDANT'S REQUEST NO.2:

*All documents concerning Plaintiff's procedures and policies for generating, maintaining, and disposing of records (regardless of how they were generated or maintained), including, but not limited documents related to the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 2**

### General Objections to Defendant's Request No. 2

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

### Specific Objections to Defendant's Request No. 2

Plaintiff hereby incorporates its objections to to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein. Plaintiff further objects to this request because it is incomprehensible to the extent that it requests "records . . . including but not limited documents," without defining "limited documents." Plaintiff also objects to this request as it calls for the production of "records (regardless of how they were generated or maintained)" thus purporting to impose on Plaintiff the burden of producing records that Plaintiff neither generated nor maintained. Plaintiff further objects to this request to the extent that it calls for the production of documents protected by the attorney-client and work-product privileges. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

**Plaintiff's Response to Defendant's Request No. 2**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO.3:**

*All documents establishing Plaintiff's alleged investment in the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 3**

**General Objections to Defendant's Request No. 3**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 3**

Plaintiff hereby incorporates its objection to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein.  Plaintiff further objects that this request is vague as to meaning of "alleged investment" in that it makes no reference to any specific allegation of investment.  Plaintiff will not speculate as to the meaning of the "alleged invetment" in order to make sense of this request.  Plaintiff also objects to the use of the term "establishing" as vague without reference to any criteria for determining whether a document establishes the asserted fact or not.  Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

10

**Plaintiff's Response to Defendant's Request No. 3**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

## DEFENDANT'S REQUEST NO.4:

*All documents establishing Plaintiff's alleged sales associated with the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 4**

### General Objections to Defendant's Request No. 4

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

### Specific Objections to Defendant's Request No. 4

Plaintiff hereby incorporates its objections to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein. Plaintiff further objects to this request as vague for reliance on the undefined term "alleged sales" without reference to any particular allegations. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff also objects to the use of the term "establishes" as vague in the absence of any reference to criteria for determining whether a document establishes the asserted fact or not. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

11

**Plaintiff's Response to Defendant's Request No. 4**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

## DEFENDANT'S REQUEST NO.5:

*All documents establishing Plaintiff's alleged costs associated with the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 5**

### General Objections to Defendant's Request No. 5

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

### Specific Objections to Defendant's Request No. 5

Plaintiff hereby incorporates its objections to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the term "cost" in a way that reasonably limits it to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "alleged costs" without reference to any particular allegation. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff also objects to the use of the term "establishing" as vague in the absence of any reference to criteria for determining whether a document establishes the asserted fact or not. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

12

**Plaintiff's Response to Defendant's Request No. 5**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged responsive documents to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO.6:**

*All documents establishing Plaintiff's alleged profits associated with the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 6**

**General Objections to Defendant's Request No. 6**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 6**

Plaintiff hereby incorporates its objections to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the term "profits" in a way that reasonably limits it to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "alleged profits" without reference to any particular allegation. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff also objects to the use of the term "establishing" as vague in the absence of any reference to criteria for determining whether a document establishes the asserted fact or not. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

13

**Plaintiff's Response to Defendant's Request No. 6**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged responsive documents to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

## DEFENDANT'S REQUEST NO.7:

*All documents establishing Plaintiff's alleged revenue associated with licenses or sublicenses of the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 7**

### General Objections to Defendant's Request No. 7

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

### Specific Objections to Defendant's Request No. 7

Plaintiff hereby incorporates its objections to Defendant's Definition 1, Definition 4, and Definition 9 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the term "revenue" in a way that reasonably limits it to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "alleged revenue" without reference to any particular allegation. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff also objects to the use of the term "establishing" as vague in the absence of any reference to criteria for determining whether a document establishes the asserted fact or not. Plaintiff also objects to this request as overly broad and unduly burdensome for failure to limit the scope of terms "licenses" and "sublicenses" to relevant issues. Plaintiff further objects to the request to the extent that it purports to request documents that are subject to obligations of

14

confidentiality to third parties. Plaintiff further objects to this request as overly broad and unduly

burdensome for failure to specify a time period that reasonably limits the scope of the request to

issues relevant to this case.

**Plaintiff's Response to Defendant's Request No. 7**

Subject to the foregoing general and specific objections, Plaintiff will produce non-

privileged documents responsive to this request to the extent that the request is unobjected-to and is

sufficient to identify documents subject to production in accordance with the Federal Rules of Civil

Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO.8:**

*All Applicant generated documents associated with or related to the subject matter of the Patents-*

*in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 8**

**General Objections to Defendant's Request No. 8**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 8**

Plaintiff hereby incorporates its objections to Defendant's Definition 4, Defendant's

Definition 9, and Defendant's Definition 10 as if fully set forth herein. Plaintiff further objects to

this request as vague for failure to define the terms "associated with" or "related to" in a way that

reasonably limits them to any relevant issue in this case. Plaintiff also objects to the request as

vague and improper for use of the term "Applicant generated" without limiting the term

"generated" to a meaning that is likely to encompass relevant documents. Plaintiff further objects

to this request as vague for failure to specify the meaning of "subject matter" in a way that

reasonably limits the request to relevant documents. Plaintiff also objects to this request to the

15

extent that it calls for documents protected by the work-product doctrine and/or the attorney-client privilege. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

**Plaintiff's Response to Defendant's Request No. 8**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO.9:**

*All Applicant maintained files associated with or related to the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 9**

**General Objections to Defendant's Request No. 9**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 9**

Plaintiff hereby incorporates its objections to Defendant's Definition 4, Defendant's Definition 9, and Defendant's Definition 10 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the terms "associated with" or "related to" in a way that reasonably limits them to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "Applicant maintained" without limiting the term "maintained" to a meaning that is likely to encompass relevant documents. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that

16

reasonably limits the request to relevant documents. Plaintiff also objects to this request to the extent that it calls for documents protected by the work-product doctrine and/or the attorney-client privilege. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

**Plaintiff's Response to Defendant's Request No. 9**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO. 10:**

*All prior art known to Applicant to be associated with or related to the subject matter of the*
*Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 10**

**General Objections to Defendant's Request No. 10**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 10**

Plaintiff hereby incorporates its objections to Defendant's Definition 4, Defendant's Definition 9, and Defendant's Definition 10 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the terms "associated with" or "related to" in a way that reasonably limits them to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "known to Applicant" without limiting the term "known" to a meaning that is likely to encompass relevant documents. Plaintiff further objects to this request

as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

**Plaintiff's Response to Defendant's Request No. 10**

Subject to the foregoing general and specific objections, Plaintiff responds that all responsive prior art is cited on the Patents-in-Suit.

**DEFENDANT'S REQUEST NO. 11:**

*All design, installation and manufacturing documentation in Applicant files associated with or related to the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 11**

**General Objections to Defendant's Request No. 11**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 11**

Plaintiff hereby incorporates its objections to Defendant's Definition 4, Defendant's Definition 9, and Defendant's Definition 10 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the terms "associated with" or "related to" in a way that reasonably limits them to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "Applicant files" without limiting the term "Applicant files" to a meaning that is likely to encompass relevant documents. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff also objects to this request as vague due to its reliance on the undefined term "documentation." Plaintiff will not speculate as to the meaning of

18

this request. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

**Plaintiff's Response to Defendant's Request No. 11**

Subject to the foregoing general and specific objections, Plaintiff responds that there are no documents responsive to this request.

**DEFENDANT'S REQUEST NO. 12:**

*All documents associated with or related to Plaintiff's evaluation of any potential infringement by Defendant of the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 12**

### General Objections to Defendant's Request No. 12

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

### Specific Objections to Defendant's Request No. 12

Plaintiff hereby incorporates its objections to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the terms "evaluation" or "potential infringement" in a way that reasonably limits it to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "Plaintiff's evaluation" without reference to any particular evaluation. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff further objects to this request as vague for failure to define the terms "associated with" or "related to" in a way that reasonably limits them to any relevant issue in this case. Plaintiff also objects to this request as overly broad and unduly burdensome to the extent that it calls for the

19

production of documents protected by either the attorney-client privilege or the work-product

doctrine.  Plaintiff further objects to this request as overly broad and unduly burdensome for failure

to specify a time period that reasonably limits the scope of the request to issues relevant to this

case.

## Plaintiff's Response to Defendant's Request No. 12

Subject to the foregoing general and specific objections, Plaintiff will produce non-

privileged documents responsive to this request to the extent that the request is unobjected-to and is

sufficient to identify documents subject to production in accordance with the Federal Rules of Civil

Procedure and the Court's local rules.

## DEFENDANT'S REQUEST NO. 13:

*All documents associated with or related to Plaintiff's evaluation of any potential infringement by*

*any third party of the subject matter of the Patents-in-Suit.*

### Plaintiff's Objections to Defendant's Request No. 13

#### General Objections to Defendant's Request No. 13

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

#### Specific Objections to Defendant's Request No. 13

Plaintiff hereby incorporates its objections to Defendant's Definition 1, Defendant's

Definition 4, and Defendant's Definition 9 as if fully set forth herein.  Plaintiff further objects to

this request as vague for failure to define the terms "evaluation" or "potential infringement" in a

way that reasonably limits it to any relevant issue in this case.  Plaintiff also objects to the request

as vague, indefinite, and improper for use of the term "Plaintiff's evaluation" without reference to

any particular evaluation.  Plaintiff further objects to this request as vague for failure to specify the

meaning of "subject matter" in a way that reasonably limits the request to relevant documents.

20

Plaintiff further objects to this request as vague for failure to define the terms "associated with" or

"related to" in a way that reasonably limits them to any relevant issue in this case. Plaintiff also

objects to this request as overly broad and unduly burdensome to the extent that it calls for the

production of documents protected by either the attorney-client privilege or the work-product

doctrine. Plaintiff further objects to this request as overly broad and unduly burdensome for failure

to specify a time period that reasonably limits the scope of the request to issues relevant to this

case. Plaintiff also objects to this request as unduly burdensome and oppressive as it purports to

require Plaintiff to produce documents irrelevant to any issue in this case.

**Plaintiff's Response to Defendant's Request No. 13**

In view of the foregoing general and specific objections, no documents will be produced in

response to this request.

**DEFENDANT'S REQUEST NO. 14:**

*All documents that Plaintiff contends support or tend to support the Complaint allegations.*

**Plaintiff's Objections to Defendant's Request No. 14**

**General Objections to Defendant's Request No. 14**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 14**

Plaintiff hereby incorporates its objections to Defendant's Definition 1 and Defendant's

Definition 4 as if fully set forth herein. Plaintiff also objects to the request as vague and improper

for use of the term "Plaintiff's contends" without reference to any particular contentions. Plaintiff

further objects to this request as vague for reliance on the terms "support" or "tend to support"

without reference to any criteria for those terms. Plaintiff also objects to this request as overly

broad and unduly burdensome to the extent that it calls for the production of documents protected

21

by either the attorney-client privilege or the work-product doctrine. Plaintiff further objects to this request as unduly burdensome in that it purports to require Plaintiff to produce documents that are in the possession, custody, or control of Defendant, or documents that may be obtained by Defendant with less burden than would be incurred by Plaintiff. In particular, on information and belief, Defendant possesses ample documentation of its willful infringement of Plaintiff's patents.

**Plaintiff's Response to Defendant's Request No. 14**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

## RESERVATION OF RIGHTS

Further to the express and implied reservations of rights in the foregoing objections and responses, Plaintiff hereby reserves the right to compensation—including without limitation its costs and attorneys' fees—for expenses incurred in responding to Defendant's requests to the extent that those requests exceed the scope permissible under the Federal Rules of Civil Procedure and the Court's Local Rules.

Respectfully submitted,

By

Neal Goldberg, Esq.
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191

Date: _____

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff Voith Paper GmbH & Co. KG's Objections And Responses To Defendant JohnsonFoils, Inc.'s First Set of Requests For Production of Documents And Things To Plaintiff was served on Attorneys for Defendant JohnsonFoils, Inc., via Electronic Mail and Federal Express:

> Anthony S. Volpe, Esq.
> Ryan W. O'Donnel, Esq.
> Randolph J. Huis, Esq.
> VOLPE AND KOENIG, P.C.
> United Plaza, Suite 1600
> 30 S. 17th Street
> Philadelphia, PA 19103
> (215) 568-6400
>
> George H. Seitz, III, Esq. (DE #667)
> SEITZ, VAN OGTROP & GREEN, P.A.
> 222 Delaware Avenue, Suite 1500
> P. O. Box 68
> Wilmington, DE 19899
> (302) 888-7602

Date:   September 17, 2007

> Neil F. Greenblum
> Michael J. Fink
> Neal Goldberg
> GREENBLUM & BERNSTEIN, P.L.C.
> 1950 Roland Clarke Place
> Reston, Virginia 20191
> (703) 716-1191
>
> — and —
>
> Adam W. Poff (DE #3990)
> YOUNG CONWAY STARGATT & TAYLOR, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19899
> (302) 571-6642
>
> *Attorneys for Plaintiff Voith Paper GmbH & Co. KG*

{J214720 00262508.DOC}

# EXHIBIT L

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VOITH PAPER GMBH & CO. KG, <br><br>                            Plaintiff, <br><br>           v. <br><br> JOHNSONFOILS, INC., <br><br>                        Defendants. | Civil Action No. 07-0226-JJF |

**PLAINTIFF VOITH PAPER**
**GMBH & CO KG'S RESPONSE TO DEFENDANT,**
**JOHNSONFOILS, INC.'S SECOND SET OF REQUESTS**
**FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF**

Plaintiff Voith Paper GmbH & Co. KG ("Voith") hereby responds to Defendant, JohnsonFoils, Inc.'s ("JohnsonFoils") "Second Set of Requests for Production of Documents and Things to Plaintiff" ("Second RFP," or "Requests") as follows:

**GENERAL OBJECTIONS**

Voith objects to each of JohnsonFoils's document requests of this Second RFP (nos. 15 – 32) as unduly burdensome and oppressive. Each request of JohnsonFoils's Second RFP calls for the production of documents relating to Voith's response to a corresponding request for admission in JohnsonFoils's "First Requests for Admission to Plaintiff" ("First RFA," or "Requests for Admission"). Yet, as explained in Voith's objection to JohnsonFoils's First RFA, because all of JohnsonFoils's requests for admission are improper, no response is required. Each of JohnsonFoils's requests for admission is improper under Fed. R. Civ. P. 36 ("Rule 36") because each RFA plainly requests that Voith admit a legal conclusion. Specifically, each RFA

seeks an admission that a claim of United States Patent Nos. 5,972,168 ("the '168 patent") and 5,718,805 ("the '805 patent") (collectively, "the Patents-in-Suit") is legally obvious. Because each RFA is improper, no response is required. *See Tulip Computers Int'l B. V. v. Dell Computer Corp.*, 210 F.R.F. 100, 108 (D. Del. 2002) ("[R]equests that seek legal conclusions are not allowed under Rule 36.") (citing Moore's Federal Practice §§ 36.10[7], 36.10[8]); *Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., Inc.*, 130 F.R.D. 92, 96 (N.D. Ind. 1990) (request for admission that a patent is invalid is improper under Rule 36).

Voith further objects that each of JohnsonFoils's Requests plainly calls for the production of documents protected by the attorney-client communications privilege and the attorney work-product immunity. In addition, Voith objects that each of JohnsonFoils's Requests calls for the production of documents that are not in Voith's possession, custody, or control. Voith also objects to each of JohnsonFoils's Requests because they employ the term "unqualified admission" which is vague, ambiguous, and contrary to the requirements of Fed. R. Civ. P. 36. Voith further objects to each of JohnsonFoils's Requests because they rely on an undefined term "supporting Plaintiff's response" and are, therefore, vague and ambiguous.

Voith hereby incorporates by reference, as if fully set forth herein, Voith's objections to JohnsonFoils's First RFAs.

## DOCUMENT REQUESTS

### REQUEST NO. 15:

If Plaintiff's response to Request 1 in the Requests for Admission is anything other than an unqualified admission, produce all documents and things supporting Plaintiff's response to Request 1 in the Requests for Admission.

**Voith's Response to Request No. 15**

Voith objects to Request No. 15 as unduly burdensome and oppressive. This request calls for the production of documents "supporting" Voith's response to Request 1 of JohnsonFoils's First RFA ("RFA 1"). Yet, as explained in Voith's objection to RFA 1, no response to RFA 1 is required. Because Voith is not required to respond to RFA 1, it is unduly burdensome and oppressive to require Voith to produce documents "supporting" its response.

Voith further objects that Request 15 plainly calls for the production of documents protected by the attorney-client communications privilege and the attorney work-product immunity. In addition, Voith objects that Request 15 calls for the production of documents that are not in Voith's possession, custody, or control. Voith also objects that Request 15 employs the term "unqualified admission" which is vague, ambiguous, and contrary to the requirements of Fed. R. Civ. P. 36. Voith further objects to Request 15 because it incorporates an undefined term "supporting Plaintiff's response" and is, therefore, vague and ambiguous.

Voith hereby incorporates by reference, as if fully set forth herein, Voith's objections to RFA 1.

**REQUEST NO. 16:**

If Plaintiff's response to Request 2 in the Requests for Admission is anything other than an unqualified admission, produce all documents and things supporting Plaintiff's response to Request 2 in the Requests for Admission.

**Voith's Response to Request No. 16**

Voith objects to Request No. 16 as unduly burdensome and oppressive. This request calls for the production of documents "supporting" Voith's response to Request 2 of JohnsonFoils's First RFA ("RFA 2"). Yet, as explained in Voith's objection to RFA 2, no

response to RFA 2 is required. Because Voith is not required to respond to RFA 2, it is unduly burdensome and oppressive to require Voith to produce documents "supporting" its response.

Voith further objects that Request 16 plainly calls for the production of documents protected by the attorney-client communications privilege and the attorney work-product immunity. In addition, Voith objects that Request 16 calls for the production of documents that are not in Voith's possession, custody, or control. Voith also objects that Request 16 employs the term "unqualified admission" which is vague, ambiguous, and contrary to the requirements of Fed. R. Civ. P. 36. Voith further objects to Request 16 because it incorporates an undefined term "supporting Plaintiff's response" and is, therefore, vague and ambiguous.

Voith hereby incorporates by reference, as if fully set forth herein, Voith's objections to RFA 2.

**REQUEST NO. 17:**

If Plaintiff's response to Request 3 in the Requests for Admission is anything other than an unqualified admission, produce all documents and things supporting Plaintiff's response to Request 3 in the Requests for Admission.

**Voith's Response to Request No. 17**

Voith objects to Request No. 17 as unduly burdensome and oppressive. This request calls for the production of documents "supporting" Voith's response to Request 3 of JohnsonFoils's First RFA ("RFA 3"). Yet, as explained in Voith's objection to RFA 3, no response to RFA 3 is required. Because Voith is not required to respond to RFA 3, it is unduly burdensome and oppressive to require Voith to produce documents "supporting" its response.

Voith further objects that Request 17 plainly calls for the production of documents protected by the attorney-client communications privilege and the attorney work-product

- 4 -

immunity. In addition, Voith objects that Request 17 calls for the production of documents that are not in Voith's possession, custody, or control. Voith also objects that Request 17 employs the term "unqualified admission" which is vague, ambiguous, and contrary to the requirements of Fed. R. Civ. P. 36. Voith further objects to Request 17 because it incorporates an undefined term "supporting Plaintiff's response" and is, therefore, vague and ambiguous.

Voith hereby incorporates by reference, as if fully set forth herein, Voith's objections to RFA 3.

**REQUEST NO. 18:**

If Plaintiff's response to Request 4 in the Requests for Admission is anything other than an unqualified admission, produce all documents and things supporting Plaintiff's response to Request 4 in the Requests for Admission.

**Voith's Response to Request No. 18**

Voith objects to Request No. 18 as unduly burdensome and oppressive. This request calls for the production of documents "supporting" Voith's response to Request 4 of JohnsonFoils's First RFA ("RFA 4"). Yet, as explained in Voith's objection to RFA 4, no response to RFA 4 is required. Because Voith is not required to respond to RFA 4, it is unduly burdensome and oppressive to require Voith to produce documents "supporting" its response.

Voith further objects that Request 18 plainly calls for the production of documents protected by the attorney-client communications privilege and the attorney work-product immunity. In addition, Voith objects that Request 18 calls for the production of documents that are not in Voith's possession, custody, or control. Voith also objects that Request 18 employs the term "unqualified admission" which is vague, ambiguous, and contrary to the requirements

of Fed. R. Civ. P. 36. Voith further objects to Request 18 because it incorporates an undefined term "supporting Plaintiff's response" and is, therefore, vague and ambiguous.

Voith hereby incorporates by reference, as if fully set forth herein, Voith's objections to RFA 4.

## REQUEST NO. 19:

If Plaintiff's response to Request 5 in the Requests for Admission is anything other than an unqualified admission, produce all documents and things supporting Plaintiff's response to Request 5 in the Requests for Admission.

### Voith's Response to Request No. 19

Voith objects to Request No. 19 as unduly burdensome and oppressive. This request calls for the production of documents "supporting" Voith's response to Request 5 of JohnsonFoils's First RFA ("RFA 5"). Yet, as explained in Voith's objection to RFA 5, no response to RFA 5 is required. Because Voith is not required to respond to RFA 5, it is unduly burdensome and oppressive to require Voith to produce documents "supporting" its response.

Voith further objects that Request 19 plainly calls for the production of documents protected by the attorney-client communications privilege and the attorney work-product immunity. In addition, Voith objects that Request 19 calls for the production of documents that are not in Voith's possession, custody, or control. Voith also objects that Request 19 employs the term "unqualified admission" which is vague, ambiguous, and contrary to the requirements of Fed. R. Civ. P. 36. Voith further objects to Request 19 because it incorporates an undefined term "supporting Plaintiff's response" and is, therefore, vague and ambiguous.

Voith hereby incorporates by reference, as if fully set forth herein, Voith's objections to RFA 5.

- 6 -

**REQUEST NO. 20:**

      If Plaintiff's response to Request 6 in the Requests for Admission is anything other than an unqualified admission, produce all documents and things supporting Plaintiff's response to Request 6 in the Requests for Admission.

**Voith's Response to Request No. 20**

      Voith objects to Request No. 20 as unduly burdensome and oppressive.  This request calls for the production of documents "supporting" Voith's response to Request 6 of JohnsonFoils's First RFA ("RFA 6").  Yet, as explained in Voith's objection to RFA 6, no response to RFA 6 is required.  Because Voith is not required to respond to RFA 6, it is unduly burdensome and oppressive to require Voith to produce documents "supporting" its response.

      Voith further objects that Request 20 plainly calls for the production of documents protected by the attorney-client communications privilege and the attorney work-product immunity.  In addition, Voith objects that Request 20 calls for the production of documents that are not in Voith's possession, custody, or control.  Voith also objects that Request 20 employs the term "unqualified admission" which is vague, ambiguous, and contrary to the requirements of Fed. R. Civ. P. 36.  Voith further objects to Request 20 because it incorporates an undefined term "supporting Plaintiff's response" and is, therefore, vague and ambiguous.

      Voith hereby incorporates by reference, as if fully set forth herein, Voith's objections to RFA 6.

**REQUEST NO. 21:**

      If Plaintiff's response to Request 7 in the Requests for Admission is anything other than an unqualified admission, produce all documents and things supporting Plaintiff's response to Request 7 in the Requests for Admission.

- 7 -

**Voith's Response to Request No. 21**

Voith objects to Request No. 21 as unduly burdensome and oppressive. This request calls for the production of documents "supporting" Voith's response to Request 7 of JohnsonFoils's First RFA ("RFA 7"). Yet, as explained in Voith's objection to RFA 7, no response to RFA 7 is required. Because Voith is not required to respond to RFA 7, it is unduly burdensome and oppressive to require Voith to produce documents "supporting" its response.

Voith further objects that Request 21 plainly calls for the production of documents protected by the attorney-client communications privilege and the attorney work-product immunity. In addition, Voith objects that Request 21 calls for the production of documents that are not in Voith's possession, custody, or control. Voith also objects that Request 21 employs the term "unqualified admission" which is vague, ambiguous, and contrary to the requirements of Fed. R. Civ. P. 36. Voith further objects to Request 21 because it incorporates an undefined term "supporting Plaintiff's response" and is, therefore, vague and ambiguous.

Voith hereby incorporates by reference, as if fully set forth herein, Voith's objections to RFA 7.

**REQUEST NO. 22:**

If Plaintiff's response to Request 8 in the Requests for Admission is anything other than an unqualified admission, produce all documents and things supporting Plaintiff's response to Request 8 in the Requests for Admission.

**Voith's Response to Request No. 22**

Voith objects to Request No. 22 as unduly burdensome and oppressive. This request calls for the production of documents "supporting" Voith's response to Request 8 of JohnsonFoils's First RFA ("RFA 8"). Yet, as explained in Voith's objection to RFA 8, no

response to RFA 8 is required. Because Voith is not required to respond to RFA 8, it is unduly burdensome and oppressive to require Voith to produce documents "supporting" its response.

Voith further objects that Request 22 plainly calls for the production of documents protected by the attorney-client communications privilege and the attorney work-product immunity. In addition, Voith objects that Request 22 calls for the production of documents that are not in Voith's possession, custody, or control. Voith also objects that Request 22 employs the term "unqualified admission" which is vague, ambiguous, and contrary to the requirements of Fed. R. Civ. P. 36. Voith further objects to Request 22 because it incorporates an undefined term "supporting Plaintiff's response" and is, therefore, vague and ambiguous.

Voith hereby incorporates by reference, as if fully set forth herein, Voith's objections to RFA 8.

## REQUEST NO. 23:

If Plaintiff's response to Request 9 in the Requests for Admission is anything other than an unqualified admission, produce all documents and things supporting Plaintiff's response to Request 9 in the Requests for Admission.

### Voith's Response to Request No. 23

Voith objects to Request No. 23 as unduly burdensome and oppressive. This request calls for the production of documents "supporting" Voith's response to Request 9 of JohnsonFoils's First RFA ("RFA 9"). Yet, as explained in Voith's objection to RFA 9, no response to RFA 9 is required. Because Voith is not required to respond to RFA 9, it is unduly burdensome and oppressive to require Voith to produce documents "supporting" its response.

Voith further objects that Request 23 plainly calls for the production of documents protected by the attorney-client communications privilege and the attorney work-product

- 9 -

immunity. In addition, Voith objects that Request 23 calls for the production of documents that are not in Voith's possession, custody, or control. Voith also objects that Request 23 employs the term "unqualified admission" which is vague, ambiguous, and contrary to the requirements of Fed. R. Civ. P. 36. Voith further objects to Request 23 because it incorporates an undefined term "supporting Plaintiff's response" and is, therefore, vague and ambiguous.

Voith hereby incorporates by reference, as if fully set forth herein, Voith's objections to RFA 9.

**REQUEST NO. 24:**

If Plaintiff's response to Request 10 in the Requests for Admission is anything other than an unqualified admission, produce all documents and things supporting Plaintiff's response to Request 10 in the Requests for Admission.

**Voith's Response to Request No. 24**

Voith objects to Request No. 24 as unduly burdensome and oppressive. This request calls for the production of documents "supporting" Voith's response to Request 10 of JohnsonFoils's First RFA ("RFA 10"). Yet, as explained in Voith's objection to RFA 10, no response to RFA 10 is required. Because Voith is not required to respond to RFA 10, it is unduly burdensome and oppressive to require Voith to produce documents "supporting" its response.

Voith further objects that Request 24 plainly calls for the production of documents protected by the attorney-client communications privilege and the attorney work-product immunity. In addition, Voith objects that Request 24 calls for the production of documents that are not in Voith's possession, custody, or control. Voith also objects that Request 24 employs the term "unqualified admission" which is vague, ambiguous, and contrary to the requirements

of Fed. R. Civ. P. 36. Voith further objects to Request 24 because it incorporates an undefined term "supporting Plaintiff's response" and is, therefore, vague and ambiguous.

Voith hereby incorporates by reference, as if fully set forth herein, Voith's objections to RFA 10.

## REQUEST NO. 25:

If Plaintiff's response to Request 11 in the Requests for Admission is anything other than an unqualified admission, produce all documents and things supporting Plaintiff's response to Request 11 in the Requests for Admission.

### Voith's Response to Request No. 25

Voith objects to Request No. 25 as unduly burdensome and oppressive. This request calls for the production of documents "supporting" Voith's response to Request 11 of JohnsonFoils's First RFA ("RFA 11"). Yet, as explained in Voith's objection to RFA 11, no response to RFA 11 is required. Because Voith is not required to respond to RFA 11, it is unduly burdensome and oppressive to require Voith to produce documents "supporting" its response.

Voith further objects that Request 25 plainly calls for the production of documents protected by the attorney-client communications privilege and the attorney work-product immunity. In addition, Voith objects that Request 25 calls for the production of documents that are not in Voith's possession, custody, or control. Voith also objects that Request 25 employs the term "unqualified admission" which is vague, ambiguous, and contrary to the requirements of Fed. R. Civ. P. 36. Voith further objects to Request 25 because it incorporates an undefined term "supporting Plaintiff's response" and is, therefore, vague and ambiguous.

- 11 -

Voith hereby incorporates by reference, as if fully set forth herein, Voith's objections to RFA 11.

### REQUEST NO. 26:

If Plaintiff's response to Request 12 in the Requests for Admission is anything other than an unqualified admission, produce all documents and things supporting Plaintiff's response to Request 12 in the Requests for Admission.

### Voith's Response to Request No. 26

Voith objects to Request No. 26 as unduly burdensome and oppressive. This request calls for the production of documents "supporting" Voith's response to Request 12 of JohnsonFoils's First RFA ("RFA 12"). Yet, as explained in Voith's objection to RFA 12, no response to RFA 12 is required. Because Voith is not required to respond to RFA 12, it is unduly burdensome and oppressive to require Voith to produce documents "supporting" its response.

Voith further objects that Request 26 plainly calls for the production of documents protected by the attorney-client communications privilege and the attorney work-product immunity. In addition, Voith objects that Request 26 calls for the production of documents that are not in Voith's possession, custody, or control. Voith also objects that Request 26 employs the term "unqualified admission" which is vague, ambiguous, and contrary to the requirements of Fed. R. Civ. P. 36. Voith further objects to Request 26 because it incorporates an undefined term "supporting Plaintiff's response" and is, therefore, vague and ambiguous.

Voith hereby incorporates by reference, as if fully set forth herein, Voith's objections to RFA 12.

- 12 -

## REQUEST NO. 27:

If Plaintiff's response to Request 13 in the Requests for Admission is anything other than an unqualified admission, produce all documents and things supporting Plaintiff's response to Request 13 in the Requests for Admission.

### Voith's Response to Request No. 27

Voith objects to Request No. 27 as unduly burdensome and oppressive. This request calls for the production of documents "supporting" Voith's response to Request 13 of JohnsonFoils's First RFA ("RFA 13"). Yet, as explained in Voith's objection to RFA 13, no response to RFA 13 is required. Because Voith is not required to respond to RFA 13, it is unduly burdensome and oppressive to require Voith to produce documents "supporting" its response.

Voith further objects that Request 27 plainly calls for the production of documents protected by the attorney-client communications privilege and the attorney work-product immunity. In addition, Voith objects that Request 27 calls for the production of documents that are not in Voith's possession, custody, or control. Voith also objects that Request 27 employs the term "unqualified admission" which is vague, ambiguous, and contrary to the requirements of Fed. R. Civ. P. 36. Voith further objects to Request 27 because it incorporates an undefined term "supporting Plaintiff's response" and is, therefore, vague and ambiguous.

Voith hereby incorporates by reference, as if fully set forth herein, Voith's objections to RFA 13.

**REQUEST NO. 28:**

If Plaintiff's response to Request 14 in the Requests for Admission is anything other than an unqualified admission, produce all documents and things supporting Plaintiff's response to Request 14 in the Requests for Admission.

**Voith's Response to Request No. 28**

Voith objects to Request No. 28 as unduly burdensome and oppressive. This request calls for the production of documents "supporting" Voith's response to Request 14 of JohnsonFoils's First RFA ("RFA 14"). Yet, as explained in Voith's objection to RFA 14, no response to RFA 14 is required. Because Voith is not required to respond to RFA 14, it is unduly burdensome and oppressive to require Voith to produce documents "supporting" its response.

Voith further objects that Request 28 plainly calls for the production of documents protected by the attorney-client communications privilege and the attorney work-product immunity. In addition, Voith objects that Request 28 calls for the production of documents that are not in Voith's possession, custody, or control. Voith also objects that Request 28 employs the term "unqualified admission" which is vague, ambiguous, and contrary to the requirements of Fed. R. Civ. P. 36. Voith further objects to Request 28 because it incorporates an undefined term "supporting Plaintiff's response" and is, therefore, vague and ambiguous.

Voith hereby incorporates by reference, as if fully set forth herein, Voith's objections to RFA 14.

- 14 -

## REQUEST NO. 29:

If Plaintiff's response to Request 15 in the Requests for Admission is anything other than an unqualified admission, produce all documents and things supporting Plaintiff's response to Request 15 in the Requests for Admission.

### Voith's Response to Request No. 29

Voith objects to Request No. 29 as unduly burdensome and oppressive. This request calls for the production of documents "supporting" Voith's response to Request 15 of JohnsonFoils's First RFA ("RFA 15"). Yet, as explained in Voith's objection to RFA 15, no response to RFA 15 is required. Because Voith is not required to respond to RFA 15, it is unduly burdensome and oppressive to require Voith to produce documents "supporting" its response.

Voith further objects that Request 29 plainly calls for the production of documents protected by the attorney-client communications privilege and the attorney work-product immunity. In addition, Voith objects that Request 29 calls for the production of documents that are not in Voith's possession, custody, or control. Voith also objects that Request 29 employs the term "unqualified admission" which is vague, ambiguous, and contrary to the requirements of Fed. R. Civ. P. 36. Voith further objects to Request 29 because it incorporates an undefined term "supporting Plaintiff's response" and is, therefore, vague and ambiguous.

Voith hereby incorporates by reference, as if fully set forth herein, Voith's objections to RFA 15.

- 15 -

**REQUEST NO. 30:**

If Plaintiff's response to Request 16 in the Requests for Admission is anything other than an unqualified admission, produce all documents and things supporting Plaintiff's response to Request 16 in the Requests for Admission.

**Voith's Response to Request No. 30**

Voith objects to Request No. 30 as unduly burdensome and oppressive. This request calls for the production of documents "supporting" Voith's response to Request 16 of JohnsonFoils's First RFA ("RFA 16"). Yet, as explained in Voith's objection to RFA 16, no response to RFA 16 is required. Because Voith is not required to respond to RFA 16, it is unduly burdensome and oppressive to require Voith to produce documents "supporting" its response.

Voith further objects that Request 30 plainly calls for the production of documents protected by the attorney-client communications privilege and the attorney work-product immunity. In addition, Voith objects that Request 30 calls for the production of documents that are not in Voith's possession, custody, or control. Voith also objects that Request 30 employs the term "unqualified admission" which is vague, ambiguous, and contrary to the requirements of Fed. R. Civ. P. 36. Voith further objects to Request 30 because it incorporates an undefined term "supporting Plaintiff's response" and is, therefore, vague and ambiguous.

Voith hereby incorporates by reference, as if fully set forth herein, Voith's objections to RFA 16.

**REQUEST NO. 31:**

If Plaintiff's response to Request 17 in the Requests for Admission is anything other than an unqualified admission, produce all documents and things supporting Plaintiff's response to Request 17 in the Requests for Admission.

**Voith's Response to Request No. 31**

Voith objects to Request No. 31 as unduly burdensome and oppressive. This request calls for the production of documents "supporting" Voith's response to Request 17 of JohnsonFoils's First RFA ("RFA 17"). Yet, as explained in Voith's objection to RFA 17, no response to RFA 17 is required. Because Voith is not required to respond to RFA 17, it is unduly burdensome and oppressive to require Voith to produce documents "supporting" its response.

Voith further objects that Request 31 plainly calls for the production of documents protected by the attorney-client communications privilege and the attorney work-product immunity. In addition, Voith objects that Request 31 calls for the production of documents that are not in Voith's possession, custody, or control. Voith also objects that Request 31 employs the term "unqualified admission" which is vague, ambiguous, and contrary to the requirements of Fed. R. Civ. P. 36. Voith further objects to Request 31 because it incorporates an undefined term "supporting Plaintiff's response" and is, therefore, vague and ambiguous.

Voith hereby incorporates by reference, as if fully set forth herein, Voith's objections to RFA 17.

- 17 -

**REQUEST NO. 32:**

If Plaintiff's response to Request 18 in the Requests for Admission is anything other than an unqualified admission, produce all documents and things supporting Plaintiff's response to Request 18 in the Requests for Admission.

**Voith's Response to Request No. 32**

Voith objects to Request No. 32 as unduly burdensome and oppressive. This request calls for the production of documents "supporting" Voith's response to Request 18 of JohnsonFoils's First RFA ("RFA 18"). Yet, as explained in Voith's objection to RFA 18, no response to RFA 18 is required. Because Voith is not required to respond to RFA 18, it is unduly burdensome and oppressive to require Voith to produce documents "supporting" its response.

Voith further objects that Request 32 plainly calls for the production of documents protected by the attorney-client communications privilege and the attorney work-product immunity. In addition, Voith objects that Request 32 calls for the production of documents that are not in Voith's possession, custody, or control. Voith also objects that Request 32 employs the term "unqualified admission" which is vague, ambiguous, and contrary to the requirements of Fed. R. Civ. P. 36. Voith further objects to Request 32 because it incorporates an undefined term "supporting Plaintiff's response" and is, therefore, vague and ambiguous.

Voith hereby incorporates by reference, as if fully set forth herein, Voith's objections to RFA 18.

Respectfully submitted,

Date: November 8, 2007            By _____

Neal Goldberg
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
Tel: (703) 716 1191
Fax:(703) 716 1180
E-Mail: ngoldberg@gbpatent.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff Voith Paper GmbH & Co KG's Response To Defendant, JohnsonFoils, Inc.'s Second Set Of Requests For Production Of Documents And Things To Plaintiff was served on Attorneys for Defendant JohnsonFoils, Inc., via Electronic Mail and Federal Express:

Anthony S. Volpe, Esq.
Ryan W. O'Donnel, Esq.
Randolph J. Huis, Esq.
VOLPE AND KOENIG, P.C.
United Plaza, Suite 1600
30 S. 17th Street
Philadelphia, PA 19103
(215) 568-6400

George H. Seitz, III, Esq. (DE #667)
SEITZ, VAN OGTROP & GREEN, P.A.
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE 19899
(302) 888-7602

Date:   November 8, 2007

Neil F. Greenblum
Michael J. Fink
Neal Goldberg
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

— and —

Adam W. Poff (DE #3990)
YOUNG CONWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6642

*Attorneys for Plaintiff Voith Paper GmbH & Co. KG*

# EXHIBIT M

# AIPLA

# Report of the Economic Survey

# 2007

Prepared Under Direction of
Law Practice Management Committee

American Intellectual Property Law Association
241 18th Street South, Suite 700
Arlington, Virginia 22202
www.aipla.org

# *AIPLA*

# REPORT OF THE
# ECONOMIC SURVEY
# 2007

PREPARED UNDER DIRECTION OF THE
AMERICAN INTELLECTUAL PROPERTY LAW ASSOCIATION
LAW PRACTICE MANAGEMENT COMMITTEE

KEVIN ALAN WOLFF, CHAIR
ASHOK K. MANNAVA, VICE CHAIR

July 2007



Association Research, Inc.

4 RESEARCH PLACE, SUITE 220
ROCKVILLE, MARYLAND 20850
TEL: (240) 268-1262
ARI@ASSOCIATIONRESEARCH.COM

©2007 American Intellectual Property Law Association

All rights reserved. No part of this book may be reproduced or transmitted in any form or by any means, electronic or mechanical, including photocopying, recording, or by an information storage and retrieval system, without permission in writing from the publisher.

Copies of this report are available from AIPLA at a cost of $35 per copy for members and $300 per copy for non-members.

American Intellectual Property Law Association
241 18TH Street, South, Suite 700
Arlington VA  22202-3694
(703) 415-0780
WWW.AIPLA.ORG

# TYPICAL COSTS OF LITIGATION

Survey participants were asked to provide cost estimates, *but only for the types of litigation they had personal knowledge of, either as a service provider (attorney in private practice) or as a purchaser (corporate counsel), and were engaged in recently.* "Total cost" was requested, including outside legal and paralegal services, local counsel, associates, paralegals, travel and living expenses, fees and costs for court reporters, photocopies, courier services, exhibit preparation, analytical testing, expert witnesses, translators, surveys, jury advisors, and similar expenses.

The following table reports median litigation costs for Patent Infringement, Trademark Infringement, Trademark Opposition/Cancellation, Copyright Infringement, Trade Secret Misappropriation, Two-Party Interference, and Inter Partes Reexamination.

| MEDIAN LITIGATION COSTS | $000s | | | |
|---|---|---|---|---|
| | 2001 | 2003 | 2005 | 2007 |
| **PATENT INFRINGEMENT SUIT** | | | | |
| LESS THAN $1 MILLION AT RISK | | | | |
| End of discovery | $250 | $290 | $350 | $350 |
| Inclusive, all costs | 499 | 500 | 650 | 600 |
| $1-$25 MILLION AT RISK | | | | |
| End of discovery | $ 797 | $1,001 | $1,250 | $1,250 |
| Inclusive, all costs | 1,499 | 2,000 | 2,000 | 2,500 |
| MORE THAN $25 MILLION AT RISK | | | | |
| End of discovery | $1,508 | $2,508 | $3,000 | $3,000 |
| Inclusive, all costs | 2,992 | 3,995 | 4,500 | 5,000 |
| | | | | |
| **TRADEMARK INFRINGEMENT SUIT** | | | | |
| LESS THAN $1 MILLION AT RISK | | | | |
| End of discovery | $102 | $150 | $200 | $150 |
| Inclusive, all costs | 230 | 298 | 300 | 255 |
| $1-$25 MILLION AT RISK | | | | |
| End of discovery | $299 | $365 | $400 | $350 |
| Inclusive, all costs | 502 | 602 | 700 | 650 |
| MORE THAN $25 MILLION AT RISK | | | | |
| End of discovery | $ 502 | $ 599 | $ 750 | $ 600 |
| Inclusive, all costs | 1,001 | 1,006 | 1,250 | 1,250 |
| | | | | |
| **TRADEMARK OPPOSITION/CANCELLATION** | | | | |
| End of discovery | $35 | $50 | $50 | $50 |
| Inclusive, all costs | 50 | 78 | 80 | 75 |
| | | | | |
| **COPYRIGHT INFRINGEMENT SUIT** | | | | |
| LESS THAN $1 MILLION AT RISK | | | | |
| End of discovery | $101 | $101 | $138 | $150 |
| Inclusive, all costs | 200 | 249 | 250 | 290 |
| $1-$25 MILLION AT RISK | | | | |
| End of discovery | $202 | $298 | $250 | $350 |
| Inclusive, all costs | 400 | 499 | 440 | 500 |
| MORE THAN $25 MILLION AT RISK | | | | |
| End of discovery | $400 | $501 | $550 | $ 550 |
| Inclusive, all costs | 750 | 950 | 975 | 1,000 |

# EXHIBIT N



**Volpe and Koenig** P.C.

BRINGING LAW TO YOUR IDEAS®

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

Anthony S. Volpe
avolpe@volpe-koenig.com

October 23, 2007

Neal Goldberg, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191

**VIA E-MAIL
ORIGINAL TO FOLLOW**

Re:  *Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.*
     U.S.D.C. for the District of Delaware
     Civil Action No. 07-226-JJF

Dear Neal:

We write in response to your October 19, 2007 letter.   Putting aside our disagreement with your interpretation of Rule 45, we are willing to agree to have Voith US produce documents as part of Plaintiff's responses to JohnsonFoils' requests for production.  We will first require a stipulation that Voith US is either a party to this action or under the custody or control of Plaintiff.  We will also require a separate identification of all documents produced from Voith US.

We would like to discuss this issue during our conference scheduled for tomorrow, October 24, 2007.

Very truly yours,

Volpe and Koenig, P.C.

By: _____
      Anthony S. Volpe

ASV/RWO/cps

cc: Michael J. Fink, Esquire (via e-mail only)
     Adam Wyatt Poff, Esquire (via e-mail only)
     George H. Seitz, III, Esquire (via e-mail only)
     Patti McGonigle, Esquire (via e-mail only)

*Patents*      *Trademarks*      *Copyrights*      *Trade Secrets*      *Litigation*      *Licensing*