IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VOITH PAPER GMBH & CO. KG, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHNSONFOILS, INC., ) <br> ) <br> Defendant. ) | C.A. No. 07-226-JJF |

**PLAINTIFF'S REPLY
TO DEFENDANT'S ANSWER TO PLAINTIFF
VOITH PAPER GMBH & CO. KG'S MOTION TO
COMPEL DEFENDANT JOHNSONFOILS, INC. TO
PROVIDE INFORMATION REQUESTED IN VOITH'S FIRST AND
SECOND SETS OF INTERROGATORIES AND TO PRODUCE DOCUMENTS
RESPONSIVE TO VOITH'S FIRST AND SECOND REQUESTS FOR DOCUMENTS**

Adam W. Poff (No. 3990)
Chad S.C. Stover (No. 4919)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6642

Neil F. Greenblum
Michael J. Fink
Neal Goldberg
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
(703) 716-1191

*Attorneys for Voith Paper GmbH & Co. KG*

Dated: December 3, 2007

## TABLE OF CONTENTS

Page

REPLY ........................................................................................................................ 1

I. JOHNSONFOILS HAS FAILED TO DEMONSTRATE THE SUFFICIENCY OF ITS DISCOVERY RESPONSES ................................. 3

    A. JohnsonFoils' Answers to Voith's Interrogatories Are Insufficient. ................................................................... 3

    B. JohnsonFoils' Belated Post-Motion Production is Insufficient to Demonstrate the Sufficiency of Its Response to Any Specific Requests for Production. ................ 4

II. JOHNSONFOILS' FAILURE TO PROVIDE REQUESTED DOCUMENTS AND INFORMATION IS NOT EXCUSED ..................... 5

    A. JohnsonFoils Has Waived Any Objection to Voith's Discovery Requests ........................................................ 5

        1. JohnsonFoils has failed to defend any objection to a specific discovery request or identify any documents or information properly withheld on the basis of such objections ........................................ 5

    B. JohnsonFoils' Characterization of the Parties' Protective Order Dispute is Incorrect and Irrelevant. ............................ 6

    C. JohnsonFoils' Characterization of Voith's Production is Incorrect and Irrelevant ............................................... 8

    D. JohnsonFoils' Complaints Directed at Voith Are Irrelevant and Lack Merit .................................................... 10

III. CONCLUSION ..................................................................................................... 11

Voith GmbH & Co. KG ("Voith") hereby replies to defendant Johnsonfoils, Inc.'s ("JohnsonFoils") "Answering Brief in Opposition to Plaintiff's Motion to Compel Defendant Johnsonfoils, Inc. to provide information requested in Voith's First and Second Sets of Interrogatories and to Produce Documents Responsive to Voith's First and Second Requests for Documents." D.I. 46 ("JohnsonFoils' Opposition"). This reply is limited to responding to issues raised in JohnsonFoils' Opposition.

## REPLY

JohnsonFoils fails to address address any of the specific discovery requests at issue in Voith's Motion to Compel, D.I. 41, 42. Instead, JohnsonFoils incorrectly asserts that Voith's Motion to Compel is either moot or premature in view of its belated production of documents, described only as "technical and financial," ten days after Voith filed the instant Motion. Not only does JohnsonFoils fail to relate its production to any of the particular document requests at issue, but it completely fails to account for its failure to answer interrogatories, most of which have been pending and unanswered now for over four months. Even if ultimately found to be responsive to some of Voith's requests for production, JohnsonFoils' post-Motion production alone cannot satisfy JohnsonFoils' burden, in opposition to this Motion, to demonstrate the sufficiency of its response. Having failed to relate any specific documents of its post-Motion production to any pending interrogatory, JohnsonFoils' interrogatory responses remain deficient.

Moreover, JohnsonFoils has failed to either defend or explain any of its stated objections to Voith's discovery requests despite receiving detailed responses to those objections in this Motion and in substantially identical form, by letter, almost two months ago. JohnsonFoils' response that Voith's objections to JohnsonFoils' requests for production are similar to JohnsonFoils' objections to Voith's discovery requests is plainly irrelevant: Voith's objections

are to different discovery requests, have never been questioned by JohnsonFoils, and are not at issue in this Motion. Moreover, JohnsonFoils is incorrect that its belated production renders the need to defend its objections premature: JohnsonFoils' production is not responsive to Voith's request that JohnsonFoils identify documents and information being <u>withheld</u>. Having ignored Voith's repeated attempts to obtain clarifications of JohnsonFoils' objections and to identify documents and information being withheld on the basis of those objections, JohnsonFoils should no longer be permitted to rely on them.

Instead of meeting its burden to demonstrate the sufficiency of its own discovery responses, JohnsonFoils unsuccessfully attempts to excuse its failures based on the parties' failure to agree to a protective order. Not only is such an excuse irrelevant, but, as explained below, it is JohnsonFoils, not Voith, who unreasonably withheld, and continues to withhold, information at the heart of the parties' protective order dispute: the potential involvement of JohnsonFoils' "litigation counsel" in competitive business activities for JohnsonFoils.

JohnsonFoils' further attempt to excuse its failures by accusing Voith of failing to produce documents in accordance with D. Del. Local Rule 26.2 ("Rule 26.2") is ineffective. As explained below, Voith not only complied with Rule 26.2, but went beyond Rule 26.2 to provide JohnsonFoils with access to documents that would have otherwise been <u>properly</u> withheld, pursuant to Fed. R. Civ. P. 26(c)(7) ("Rule 26(c)(7)") pending resolution of the parties' protective order dispute. As explained in Voith's Opening Brief, JohnsonFoils responded to Voith's production by, without making any attempt to confer with Voith on its objections, returning the boxes of documents to Voith unopened.

Having failed to demonstrate the sufficiency of its responses to the discovery requests at issue in this Motion, JohnsonFoils' responses should be compelled. Moreover, because

JohnsonFoils' Opposition has put the parties' protective order dispute at issue in this Motion, and further admits that at least some of its "litigation counsel" may be involved in competitive business practices, such as patent prosecution, for JohnsonFoils on the subject matter of this lawsuit, Voith respectfully requests that, pending the resolution of the parties' protective order dispute, the Court order that the parties' confidential information is subject to Rule 26.2 modified to expressly limit confidential access to those litigation counsel who are not, presently, or in the next three (3) years, involved in competitive business activities, such as patent prosecution, on the subject matter of this lawsuit.

I.  **JOHNSONFOILS HAS FAILED TO DEMONSTRATE THE SUFFICIENCY OF ITS DISCOVERY RESPONSES**

   A.  **JohnsonFoils' Answers to Voith's Interrogatories Are Insufficient.**

As explained in Voith's Opening Brief, JohnsonFoils should be compelled to provide answers to Interrogatories 2, 4-10, 12 and 13, and to supplement its answer to Interrogatories 1, 3, and 11. JohnsonFoils' Opposition fails to even mention the interrogatory responses at issue and, for the reasons stated more fully below, JohnsonFoils' invocation of Rule 33(d) was and continues to be improper.

As explained in Voith's Opening Brief, JohnsonFoils interrogatory responses are deficient because they refer to unspecified business records that may be produced in the future. Referring to business records to be produced in the future fails Rule 33(d)'s requirement that the business records provided in lieu of an answer be identified with specificity. Not only that, but records that have not been made available at all cannot satisfy Rule 33(d)'s requirement that the burden of deriving the answer to an interrogatory from identified business records be no greater for Voith than for JohnsonFoils. As the sole possessor of the records, JohnsonFoils was the <u>only</u> party able to derive an answer. As explained in the commentary to Rule 33(d), the purpose of

permitting a party to refer to specifically identified business records in lieu of providing the requested information is limited to preventing the interrogating party from shifting the burden of deriving information from records to the respondent. *See* Rule 33(d), 1970 Amendment, Advisory Committee Notes, Subdivision (c) (explaining that Rule 33(d), formerly Rule 33(c) at the time of the 1970 Amendment, relates to "interrogatories which require a party to engage in burdensome or expensive research into his own business records in order to give an answer.") The commentary to Rule 33(d) further explains:

> The interrogating party is protected against abusive use of this provision through the requirement that the burden of ascertaining the answer be substantially the same for both sides. A respondent may not impose on an interrogating party a mass of records as to which research is feasible only for one familiar with the records.

*Id.*

JohnsonFoils subsequent production of documents does nothing to cure the deficiencies in its original responses. JohnsonFoils still has not related its interrogatory answers to any specific business records. Nor has JohnsonFoils explained why the burden to JohnsonFoils of providing the answers requested are not less than the burden imposed on Voith. JohnsonFoils' generic characterization of its post-Motion production as containing "technical and financial documents" does not begin to meet the conditions imposed by Rule 33(d).

### B. JohnsonFoils' Belated Post-Motion Production is Insufficient to Demonstrate the Sufficiency of Its Response to Any Specific Requests for Production.

Having failed to produce any documents in response to Voith's document requests prior to the filing of the present Motion to Compel, most of which had been pending for over four months, JohnsonFoils' post-Motion production is insufficient to demonstrate its compliance with any of Voith's document requests. While characterizing its production as "technical and financial," JohnsonFoils does not even allege that its production provides a sufficient response to

any particular document request. Instead, JohnsonFoils argues—without providing any basis—that its post-Motion production has the effect of rendering Voith's Motion to Compel "premature." Opposition, at 7, fn. 2 ("argu[ing] the merits of JohnsonFoils' objections and responses" is "premature as Voith has not yet responded regarding the sufficiency of JohnsonFoils' [post-Motion document production.]"). JohnsonFoils is incorrect. Permitting JohnsonFoils to suspend action on Voith's Motion to Compel without any demonstration, or even argument, that its post-Motion production constitutes a sufficient response to any particular discovery request, would only subvert the progress of discovery by causing further delays. Indeed, a rule providing for the suspension urged by JohnsonFoils would permit a party to evade its discovery obligations indefinitely by meeting each subsequent round of discovery motions, necessarily re-filed after the inevitable delay won by imposing the burden of sorting and sifting its generically described prior production on the movant, with yet another vaguely described post-Motion production.

## II. JOHNSONFOILS' FAILURE TO PROVIDE REQUESTED DOCUMENTS AND INFORMATION IS NOT EXCUSED

### A. JohnsonFoils Has Waived Any Objection to Voith's Discovery Requests.

**1. JohnsonFoils has failed to defend any objection to a specific discovery request or identify any documents or information properly withheld on the basis of such objections.**

JohnsonFoils' repeated failure to defend or explain the objections stated in its responses to Voith's discovery requests precludes any further reliance on those objections to withhold documents and information. *See* Letter from Goldberg to O'Donnell, dated October 12, 2007, Exh. 13 to Voith's Opening Brief; Voith's Opening Brief, at 16-25. Nearly a month before filing this Motion, Voith provided JohnsonFoils with a detailed response to JohnsonFoils' objections

and requested that JohnsonFoils identify documents and information being withheld on the basis of those objections.

For more than six weeks, JohnsonFoils has, and continues to refuse to either defend its objections or identify any documents or information being withheld. Instead, JohnsonFoils attempts to excuse its failure to respond by stating that its objections are "similar" to Voith's objections to JohnsonFoils' requests for production, without pointing to any specific examples and without comparing any of JohnsonFoils' discovery requests to Voith's. But no amount of pointing to Voith's responses to different discovery requests can satisfy JohnsonFoils' obligation to defend its objections and identify the documents and information being withheld.

Nor can JohnsonFoils preserve its objections by pointing to its post-Motion production of documents. Contrary to JohnsonFoils' assertion, its post-Motion production of a mass of generically described documents does not suspend it obligation to defend its objections and identify discovery being withheld. JohnsonFoils' production does nothing to identify the discovery being <u>withheld</u>, and that is what JohnsonFoils put in issue with its objections.

JohnsonFoils' continuing failure to defend or explain its objections and identify discovery being withheld has deprived Voith of any fair opportunity to meaningfully address those objections in the context of requested documents and information. Having failed to defend its objections, or provide <u>any</u> argument to support withholding discovery based on those objections, JohnsonFoils' objections should be deemed waived.

**B.  JohnsonFoils' Characterization of the Parties' Protective Order Dispute is Incorrect and Irrelevant.**

Having admitted that the protections afforded by Rule 26.2 were adequate to protect its confidential documents, JohnsonFoils' continuing failure to respond to Voith's discovery requests cannot be justified or explained by the absence of an agreed protective order. Notably,

6

in response to Voith's repeated requests that it provide discovery responses pursuant to Rule 26.2, JohnsonFoils has never suggested that the protections afforded by Rule 26.2 were insufficient. To the extent that JohnsonFoils' failure to respond to Voith's discovery requests was due to any perceived need for protection beyond Rule 26.2, JohnsonFoils was required to inform Voith and make a proper request pursuant to Fed. R. Civ. P. 26(c)(7).

Moreover, on close examination, the unresolved state of the parties' protective order dispute is a direct result of JohnsonFoils' failure to timely raise the issue of potential conflicts resulting from its counsels' dual litigation and competitive business, patent prosecution, roles. As early as September 21, 2007, JohnsonFoils was aware that Voith intended to use a Highly Confidential designation to exclude anyone other than litigation counsel and qualified experts. *See* Letter from Michael J. Fink to Anthony S. Volpe, dated September 21, 2007, Exh. 18 to Voith's Opening Brief. To the extent that JohnsonFoils' was aware that its litigation counsel may perform a dual role as competitive business, patent prosecuting, counsel, going forward, JohnsonFoils could have notified Voith at that time that it would not agree to a Highly Confidential designation that limited access to counsel strictly limited to litigation and excluding competitive patent prosecution. Nothing in the record explains how JohnsonFoils could have first become aware on October 24 of the possibility that a strict litigation counsel limit on access to Highly Confidential documents would potentially exclude some of its litigation counsel. Yet, JohnsonFoils waited until October 24, over a month after learning of Voith's proposed Highly Confidential designation, to declare—in response to Voith's stated intention to produce its responsive documents—that it would not respect Voith's confidentiality designations.

JohnsonFoils' attempt to excuse its failure to notify Voith of its potential conflict by claiming ignorance of the proposed limit on competitive patent prosecution prior to receiving

Voith's Proposed Protective Order on November 1, 2007, is disingenuous. JohnsonFoils admits it knew that Voith would propose a Highly Confidential designation which limited access to litigation counsel and qualified experts. *See* Letter from Michael J. Fink to Anthony S. Volpe, dated September 21, 2007, Exh. 18 to Voith's Opening Brief; Opposition at 4. Moreover, the restrictions relating to the Highly Confidential designation in Voith's Proposed Protective Order are not unusual. Voith's proposed "Highly Confidential" designation is intended to protect a party's highly sensitive confidential information from disclosure to individuals involved in competitive activities. Because this is a standard term—not at all unique to Voith's Proposed Protective Order—JohnsonFoils was at least on notice as of September 21, if not sooner, that at least some of its litigation counsel may potentially have to choose between reviewing Voith's highly sensitive documents or engaging in competitive business practices, such as patent prosecution, on the subject matter of the Patents-in-Suit.

**C.  JohnsonFoils' Characterization of Voith's Production is Incorrect and Irrelevant.**

JohnsonFoils' is plainly incorrect that Voith did not produce any documents in accordance with Rule 26.2. *See* Opposition, at 10. Long before JohnsonFoils' belated post-Motion-to-Compel November 19 production, Voith delivered over 5300 pages of documents to JohnsonFoils. The only conditions Voith imposed beyond those stated in Rule 26.2 applied to documents designated Highly Confidential. Thus, for all documents in Voith's November 7 production not designated "Highly Confidential," the only applicable restrictions were *exactly* the restrictions of Rule 26.2. Not only that, but the conditions imposed on the disclosure of Voith's Highly Confidential documents did not even prevent the disclosure of Highly Confidential documents to any of JohnsonFoils' litigation counsel. Any of JohnsonFoils' litigation counsel, or supervised employees, could have viewed designated Highly Confidential

documents subject to Voith's conditions by foregoing involvement in competitive patent prosecution matters on the subject matter of the Patents-in-Suit for a limited time *going forward*. Clearly, Voith's conditions would have imposed no burden whatsoever on those litigation counsel, including JohnsonFoils' local counsel, who have no expectation of involvement in competitive business activities, such as patent prosecution, relating to the subject matter of this lawsuit.

Though thoroughly vilified in JohnsonFoils' Opposition, the conditions Voith imposed on the disclosure of its Highly Confidential documents were a good faith effort to move discovery along consistent with the intent of Rule 26.2. Surely, had Voith withheld its Highly Confidential documents pending the resolution of a Rule 26(c)(7) Motion for a Protective Order, as it was entitled to do, all of JohnsonFoils' litigation counsel—even those with no involvement in prohibited competitive business activities—would have been excluded. Instead of appreciating Voith's effort to balance the risks to its highly sensitive information against the need to move discovery along by providing access to at least some, if not all, of JohnsonFoils' litigation counsel, JohnsonFoils devotes a substantial part of its Opposition to portraying Voith's conditions as unbearably oppressive. Yet, JohnsonFoils has yet to point to a <u>single</u> litigation counsel for whom Voith's conditions would have had any actual exclusionary effect.

Thus, Voith's November 7, 2007, production was not only fully compliant with Rule 26.2, but went beyond Rule 26.2 in providing JohnsonFoils with the opportunity to review documents designated Highly Confidential prior to the resolution of the parties' Rule 26(c)(7) protective order dispute. Despite its efforts, JohnsonFoils cannot turn Voith's Rule 26.2 compliant production into an excuse for its own failure to respond to Voith's discovery requests.

On the contrary, JohnsonFoils' return of Voith's documents is just more striking evidence of JohnsonFoils determination to stonewall this case and disrupt the Court's Scheduling Order.

**D.     JohnsonFoils' Complaints Directed at Voith Are Irrelevant and Lack Merit**

Each of JohnsonFoils' remaining complaints directed at Voith do nothing to meet JohnsonFoils' obligation to respond to discovery requests and completely fail to explain why JohnsonFoils did nothing to mitigate the prejudice it now alleges. JohnsonFoils complains about the delay in receiving Voith's Proposed Protective Order, but did nothing to seek its own protective order pursuant to Fed. R. Civ. P. 26(c)(7), or to notify Voith of a potential problem with the confidentiality designations disclosed to JohnsonFoils on September 21. Not only that, but even when, on October 24, 2007, JohnsonFoils stated that it would not respect Voith's confidentiality designations for Voith's own document production, JohnsonFoils did not disclose that it had a potential problem relating to JohnsonFoils' litigation counsel's dual role as JohnsonFoils' competitive patent prosecution counsel. Again on November 7, having had a week to review Voith's proposed bar on competitive patent prosecution for counsel with access to Voith's Highly Confidential information, JohnsonFoils refused and returned Voith's document production, but said nothing about any potential conflict. Instead, JohnsonFoils waited two weeks after receiving Voith's Proposed Protective Order before rejecting it in its entirety, and presenting an alternative that would offer no protection to Voith against the potential misuse of its highly sensitive information by individuals involved in competitive patent prosecution. Moreover, not until JohnsonFoils' Opposition, filed November 28, was Voith provided with any notice that a prosecution bar could "potentially exclude" any of JohnsonFoils litigation counsel. JohnsonFoils' delay of over two months, from September 21, 2007, to November 28, 2007, in

raising the potential conflict issues eclipses any potential prejudice to JohnsonFoils from Voith's taking extra time to complete its draft Proposed Protective Order.

Nor can JohnsonFoils excuse its discovery failures by its characterization of the conduct of the parties' telephone conferences, for again, to the extent that JohnsonFoils was ever legitimately aggrieved it was obligated to mitigate any prejudice. JohnsonFoils asserts that it did not receive a phone call from Voith's counsel on October 1, 2007, but does not even allege that JohnsonFoils made any attempt to call or contact Voith on that date. By way of contrast, when JohnsonFoils <u>abruptly terminated</u> an ongoing telephone conference call on October 24, 2007, after repeatedly and improperly refusing to produce documents prior to the entry of an agreed protective order, Voith mitigated the harm caused by JohnsonFoils' conduct by immediately sending an e-mail to Mr. Volpe inviting him to continue the telephone conference. *See* E-mail from Neal Goldberg to Anthony S. Volpe, dated October 24, 2007, Exh. 15 to Voith's Opening Brief.

## III.  CONCLUSION

Having failed to demonstrate the sufficiency of its responses to any specific discovery requests at issue in this Motion, JohnsonFoils' responses should be compelled. Moreover, pending resolution of the parties' protective order dispute, Voith respectfully requests this Court to limit access to a party's confidential information to those litigation counsel who are precluded

from involvement in competitive patent prosecution on the subject matter of this lawsuit for a period of three years.

Dated: December 3, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Adam W. Poff (No. 3990)
Chad S.C. Stover (No. 4919)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6642

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
Neal Goldberg
1950 Roland Clarke Place
Reston, VA 20191
(703) 716-1191

*Attorneys for Voith Paper GmbH & Co. KG*