IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG          :
                                   :    Civil Action No. 07-226-JJF
            Plaintiff,             :
                                   :
        v.                         :
                                   :
JOHNSONFOILS, INC.                 :
                                   :
            Defendant.             :

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO ITS FIRST SET OF DOCUMENT REQUESTS

George H. Seitz, III (DE #667)
Patricia Pyles McGonigle (DE #3126)
Kevin A. Guerke (DE#4096)
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

-and-

Anthony S. Volpe
Randolph J. Huis
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400

*Attorneys for Defendant
JohnsonFoils, Inc.*

Dated: December 17, 2007

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................. 1

II.   NATURE AND STAGE OF THE PROCEEDINGS ........................................... 1

III.  SUMMARY OF ARGUMENT ............................................................................ 2

IV.   STATEMENT OF FACTS ................................................................................... 3

V.    ARGUMENT ....................................................................................................... 6

VI.   CONCLUSION .................................................................................................. 10

## TABLE OF AUTHORITIES

Cases

Beach v. City of Olathe, Kansas, 203 F.R.D. 489, 496 (D. Kan. 2001) .......................6

Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982) ..........................................7

Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) ...................................6

Redland Soccer Club v. Department of the Army,
55 F.3d 827, 856 (3d Cir. 1995) ....................................................................................7

Scott v. Leavenworth Unified School Dist. No. 453,190 F.R.D. 583, 585
(D. Kan. 1999) ..............................................................................................................6


Rules Cited                                                                    Page

D. Del. Local Rule 26.2.......................................................................................... *passim*

Fed.R.Civ.P. 26(b)(1) ....................................................................................................6

## I.    INTRODUCTION

JohnsonFoils, Inc. ("JohnsonFoils") is compelled to file this Motion to Compel Production of Documents because the documents are long overdue and Voith Paper GmbH & Co. ("Voith") has not and cannot advance any legitimate reason for failing to produce its documents.

## II.    Nature And Stage Of Proceedings

On April 27, 2007, Voith filed a complaint alleging infringement of the Patents-in-Suit. (D.I. 1).[1] JohnsonFoils Answered Voith's Complaint and filed Counterclaims on August 13, 2007. (D.I. 19).

Pursuant to the Court's August 3, 2007 Scheduling Order, the parties were ordered to complete document discovery by February 15, 2008 and the trial is set to commence on November 5, 2008. (D.I. 17).

On August 28, 2007, JohnsonFoils filed a "Motion to Stay the Proceedings Pending Reexamination of the Patents in Suit or in the Alternative for Leave to File a Motion for Summary Judgment Prior to August 20, 2008 that U.S. Patents 5,718,805 and 5,972,168 are Invalid." (D.I. 27). Voith filed its response on September 17, 2007. JohnsonFoils' motion to stay remains pending. (D.I. 33)

On November 9, 2007, Voith filed its Motion to Compel Defendant JohnsonFoils, Inc., to Provide Information Requested in Voith's First and Second Sets of Interrogatories and To Produce Documents Responsive to Voith's First and

---

[1] During the parties' negotiations, the Court approved several Extension of Time, (D.Is. 6, 11, and 12,) and the response time was reset to August 16, 2007.

Second Set of Requests for Documents. (D.I. 42). JohnsonFoils filed its Answering Brief To Plaintiff's Motion To Compel Defendant JohnsonFoils, Inc. To Provide Information Requested In Voith's First And Second Sets Of Interrogatories And To Produce Documents Responsive To Voith's First And Second Requests For Documents on November 28, 2007. (D.I. 46) Voith then filed a further Reply Brief on December 3, 2007. (D.I. 48). Voith's motion to compel remains pending.

## III.   SUMMARY OF ARGUMENT

1.     Voith has frustrated discovery by delaying the promised draft protective order and then by imposing unilateral preconditions beyond Local Rule 26.2.

2.     Voith's unilateral restrictions are unreasonable, and Voith recognizes this or it would have accepted JohnsonFoils' position that Voith had to seek a protective order or immediately produce the documents pursuant to Local Rule 26.2.

3.     Voith's refusal to produce any documents in response to JohnsonFoils' document request no. 13, which seeks documents associated with Voith's evaluation of any potential infringement by a third party of the subject matter of the Patents-In-Suit, is baseless.  Voith charged JohnsonFoils with inducing and contributing to the infringement of the Patents-in-Suit.  Discovery regarding evaluation of third party infringements is relevant to both Voith's claims and JohnsonFoils' defenses of misuse, laches and statute of limitations.

2

IV.    STATEMENT OF FACTS

JohnsonFoils served its First Set of Requests for Production of Documents and Things to Plaintiff on August 13, 2007. Voith served its Objections and Responses to JohnsonFoils First Set of Requests for Production of Documents and Things to Plaintiff on September 17, 2007. See Exhibit A.

On August 24, 2007 JohnsonFoils inquired about the status of the draft protective order which Voith had promised to circulate. See Exhibit B. On August 27, 2007, Voith confirmed that a proposed protective order would be forthcoming. See Exhibit C.

On September 20, 2007, JohnsonFoils again inquired about the promised protective order and stated that it is ready to produce documents as soon as the terms are agreed. See Exhibit D.

On September 21, 2007, Voith confirmed that a draft protective order would be provided within one (1) week, but went on to dictate that the proposed Protective Order would have two levels of confidentiality: "Confidential" and "Highly Confidential." Voith's demand did not explain what would be classified as "Confidential" or "Highly Confidential" or provide any restrictions on the persons that could review information designated as such. Finally, Voith's letter scheduled a discovery conference for October 1, 2007 at 10 a.m. to resolve pending discovery issues. See Exhibit E.

Voith failed to send the promised draft by September 28, 2007.

3

Voith's counsel neither attended the conference it scheduled nor did Voith provided the courtesy of a notice cancelling or rescheduling the conference it set for October 1, 2007.

Since JohnsonFoils' counsel was prepared to confer with Voith and did not have any information about why Voith's counsel did not call as scheduled, JohnsonFoils, on October 18, 2007, again inquired about whether Voith intended to circulate the promised draft protective order. See Exhibit F.

On November 7, 2007, Voith finally produced documents totaling 5,391 pages, but Voith unilaterally added the following preconditions to Local Rule 26.2.

> Furthermore, until the terms of the protective order are agreed upon, the enclosed documents are provided subject to the additional precondition that no attorney at your firm involved in patent related matters before any patent granting authority or agency anywhere in the world relating to the subject matter of this lawsuit, including without limitation matters on behalf of JohnsonFoils, Inc. and/or its affiliated companies anywhere in the world, e.g., AstenJohnson, Inc. is permitted access to any documents designated "HIGHLY CONFIDENTIAL," or any information contained therein. Accordingly, any individual views documents designated HIGHLY CONFIDENTIAL, or to whom any information contained therein is disclosed, is hereby noticed that they are precluded from participation in the above described patent related matters.

See Exhibit G, (Underline and Capital emphasis in original).

On November 8, 2007, JohnsonFoils advised Voith that it did not accede to Voith's unilateral demands, and it was returning the documents unopened. See Exhibit H.

On November 16, 2007, JohnsonFoils advised Voith that the proposed Protective Order that it finally served on November 1, 2007 was confusing,

4

unworkable, and went well beyond the protections required in this litigation. JohnsonFoils provided Voith with its proposed protective order that same day. See Exhibits I and J.

As the parties remained unable to negotiate an agreed protective order, JohnsonFoils produced more than 13,000 pages of documents, pursuant to Local Rule 26.2, on November 19 and 21, 2007. See Exhibits K and L.

On November 19 and 26, 2007, JohnsonFoils requested that Voith immediately produce its documents in accordance with Local Rule 26.2, and without its extraneous limitations. See Exhibits M and N.

On November 26, 2007, Voith reiterated that it would only produce its documents under its unilateral terms. See Exhibit O.

On December 7, 2007, JohnsonFoils again requested that Voith produce pursuant to Local Rule 26.2 or it would move to compel Voith's production. See Exhibit P. Voith responded to JohnsonFoils letter on December 10, 2007. See Exhibit Q.

On December 13, 2007, the parties had a telephone conference to the discuss Voith's lack of production. During the conference, the parties' agreed that they were at an impasse on the issue of Voith's production of documents. The parties agreed that JohnsonFoils would file a motion to compel and that Voith would move for a protective order.

Voith still has not properly produced any documents pursuant to Local Rule 26.2. Furthermore, Voith has only identified under 5,400 pages of documentation

that it will be producing in this matter, and has not advised whether this completes its production of documents.

## V.    ARGUMENT

### A.    Legal Standard

Under the Federal Rules of Civil Procedure, discovery may be had for any "non-privileged matter that is relevant to any party's claim or defense." A litigant must provide complete, specific, and responsive objections when it claims the discovery is not relevant. Relevancy only requires that the requested discovery "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.Pro. 26(b)(1).

Courts construe discovery rules liberally to serve the purposes of discovery in order to provide the parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and promote settlement. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

In cases where the discovery sought appears relevant, the party opposing the discovery bears the burden of proof to establish the discovery's lack of relevance by demonstrating that it is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. See e.g., Beach v. City of Olathe, Kansas, 203 F.R.D. 489, 496 (D. Kan. 2001), citing Scott v. Leavenworth Unified School Dist. No. 453, 190 F.R.D. 583, 585 (D. Kan. 1999). A mere statement that the information sought is irrelevant is

insufficient to meet this burden. <u>Redland Soccer Club v. Department of the Army,</u> <u>55 F.3d 827, 856 (3d Cir. 1995)</u>; <u>Josephs v. Harris Corp.</u>, 677 F.2d 985, 992 (3d Cir. 1982).

### B.  Voith Cannot Unilaterally Imposing Conditions Upon Discovery Under Local Rule 26.2.

JohsnonFoils' First Set of Document Requests seeks production of fourteen (14) categories of documents. Although Voith served form objections to each of the requests, for eleven of the requests it did respond that:

> Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

<u>See</u> Exhibit A.

To date, Voith has only produced documents on the condition that the documents only be shown to JohsonFoils' attorneys who have not and are not working on "patent related matters before any patent granting authority or agency anywhere in the world relating to the subject matter of this lawsuit, ...". <u>See</u> Exhibit G. As Voith is well aware, JohnsonFoils' litigation counsel has filed requests for reexamination of the patents-in-suit, and Voith's unilateral restrictions would bar them from reviewing Voith's documents. These restrictions go well beyond what is required by Local Rule 26.2 which provides in pertinent part that:

> If any documents are deemed confidential by the producing party and the parties have not stipulated to a confidentiality agreement, until such an agreement is in effect, disclosure shall be limited to members and employees of the firm of trial counsel who have entered an appearance and, where appropriate, have been admitted <u>pro hac vice</u>.

> Such persons are under an obligation to keep such documents
> confidential and to use them only for purposes of litigating the case.

As evidenced by the fact that Voith had under 5,400 documents that it was willing to produce, there are documents that can be provided to JohnsonFoils right now without further delay. Since Voith has not moved for a protective order under Rule 26(c), there is no reason for these documents to be withheld any longer and they should be produced immediately pursuant to Local Rule 26.2 without any preconditions imposed by Voith.[2]

### C.  Documents Relating to Third Party Infringements Must be Produced

JohnsonFoils' Request No. 13 seeks production of "All documents associated with or related to Plaintiff's evaluation of any potential infringement by any third party of the subject matter of the Patents-in-Suit." Voith responded to this request by stating "[i]n view of the foregoing general and specific objections, no documents will be produced in response to this request." See Exhibit A.

The objections Voith relies upon do not support the failure to produce any documents. Voith's claims that terms like "evaluation", "potential infringement", or subject matter" are vague and require definition are baseless. Voith is well aware of the meaning of these terms and understood what JohnsonFoils is seeking. The terms are clear and permit Voith to make a reasonable investigation.

---

[2]    Voith is well aware of the requirements of Local Rule 26.2 as it has demanded that JohnsonFoils produce all of its documents prior to entry of a protective order in accordance with Local Rule 26.2.

8

Voith's objection on the ground of irrelevance is equally unfounded. In its complaint, Voith charges JohsnonFoils with inducing and contributing to the infringement of the Patents-in-Suit. Discovery regarding Voith's evaluation of infringement against third parties is clearly relevant to JohnsonFoils' defenses of misuse, laches and statute of limitations.[3]

---

[3]    Voith's also relies upon other form objections such as attorney client privilege and undue burden because the requests do not specify a time period. However, Voith made these same objections in response to Request Nos. 1-10, and 14, but still agreed to produce documents. <u>See</u> Exhibit A. Clearly, these objections should not prevent Voith from producing documents.

## VI.    CONCLUSION

Voith created a delay in the negotiations for an agreed protective order and then used its delay tactics to withhold discovery and demand the imposition of unilateral conditions on the default production terms under Local Rule 26.2. This Court should not countenance Voith's behavior and Voith should be ordered to immediately produce all responsive documents pursuant to Local Rule 26.2 without any further conditions.

Respectfully submitted,

Dated:  December 17, 2007

Seitz, Van Ogtrop & Green, P.A.

*/s/ Patricia P. McGonigle*

George H. Seitz, III (DE #667)
gseitz@svglaw.com
Patricia Pyles McGonigle (DE #3126)
pmcgonigle@svglaw.com
Kevin A. Guerke (DE#4096)
kguerke@svglaw.com
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600
       -and-
Anthony S. Volpe
Randolph J. Huis
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400

*Attorneys for Defendant*
*JohnsonFoils, Inc.*

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 17th day of December 2007,

I electronically filed the foregoing pleading with the Clerk of Court using CM/ECF which will

send notification of such filing to counsel of record. Further, I caused a copy of the foregoing to

be served upon the following counsel as noted

**Via Hand Delivery**
Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899

**Via Email**
Neil F. Greenblum, Esquire
Michael J. Fink, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia  20191

/s/ *Patricia P. McGonigle*
Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com

62514 v1

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG,<br>a Company organized and existing under<br>the laws of Germany,<br>       Plaintiff,<br><br>    v.<br><br>JOHNSONFOILS, INC.,<br> a Delaware Corporation,<br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 07-0226-JJF |

**PLAINTIFF VOITH PAPER GMBH & CO. KG'S OBECTIONS
AND RESPONSES TO DEFENDANT, JOHNSONFOILS, INC.'S FIRST SET OF
REQUESTS FORPRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF**

Plaintiff Voith Paper GmbH & Co. KG ("Plaintiff") by and through its undersigned

attorneys hereby serves Defendant, Johnsonfoils, Inc., ("Defendant") with the following objections

and responses to Defendant's First Set of Requests for Production of Documents and Things to

Plaintiff ("Requests").

**GENERAL OBJECTIONS**

Without waiving any of its specific objections, Plaintiff generally objects to Defendant's

Requests as follows.  First, Plaintiff objects to Defendant's characterization of its Requests as

"Interrogatories Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure" (emphasis

supplied) as an impermissible attempt to impose burdens on Plaintiff in excess of those imposed by

Rule 26 and Rule 34 of the Federal Rules of Civil Procedure and the Court's Scheduling Order,

filed August 3, 2007 ("Scheduling Order").  Rule 33 confers no authority for serving document

requests.

{J214720 00255863.DOC 2}

Plaintiff further objects to Defendant's Requests as vague, overly broad, and unduly burdensome. For example, Defendant's Requests repeatedly use the term "subject matter of the Patents-in-Suit" without limiting that description to relevant information. If construed broadly, the requested "subject matter" impermissibly encompasses information that is not relevant to any issue in this case. In addition, Defendant's Requests fail to provide any limitation on the pertinent time period for the requested documents. As such, the requests are both overly broad and unduly burdensome. Defendant's Requests are further deficient in that they call for the production of documents that are plainly protected from disclosure by applicable privileges including the attorney-client communications privilege and the attorney work-product exemption. Plaintiff also objects to Defendant's requests in that they plainly seek to impermissibly require Plaintiff to produce documents and/or things that are not in Plaintiff's possession, custody, or control. Plaintiff further objects to Defendant's Requests to the extent that they purport to require Plaintiff to produce documents subject to third-party nondisclosure and/or confidentiality agreements. Plaintiff further objects that Defendant's Request appear include publicly available documents that Defendant could obtain with no greater burden than would be unjustly imposed on Plaintiff. For these reasons, and as further explained in the general and specific objections provided for each of Defendant's Requests, Plaintiff further objects to Defendant's Requests for impermissibly seeking to impose greater burdens on Plaintiff than warranted by the Federal Rules of Civil Procedure or the Court's Scheduling Order.

Without waiving any of the above stated general objections, Plaintiff objects – both generally and specifically - to each of Defendant's Definitions and Requests as follows.

2

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S DEFINITIONS

**Defendant's Definition 1.** *"Plaintiff" means "Voith Paper GMBH & Co. KG," and includes any and all agents or affiliates or predecessors in interest, business entities, officers, directors, employees or others who have in the past or now act for or on behalf of Plaintiff.*

### Plaintiff's Objections to Defendant's Definition 1.

Plaintiff objects to this definition because it purports to include subject matter from an indefinite "past" far in excess of any relevant time period. Plaintiff further objects to this definition because the term "act for or on behalf of Plaintiff" is vague. Additionally, Plaintiff objects that the phrase "any and all agents or affiliates or predecessors in interest, business entities, officers, directors, employees or others who have in the past or now act for or on behalf of Plaintiff" is ungrammatical, unintelligible, incomprehensible, and vague.

Plaintiff further objects that this definition is an impermissible attempt to extend the scope of its discovery requests beyond that authorized by the Federal Rules of Civil Procedure in that it plainly seeks to encompasses individuals over which Plaintiff has no control.

**Defendant's Definition 2.** *"Defendant" means "Johnsonfoils, Inc." and includes any and all agents or affiliates or predecessors in interest, business entities, officers, directors, employees or others that Plaintiff believes is or was in privity with Defendant.*

### Plaintiff's Objections to Defendant's Definition 2.

Plaintiff objects to this definition because its reference "others that Plaintiff believes is or was in privity with Defendant" is vague to the extent that it purports to depend on Plaintiff's beliefs. Plaintiff further objects to this definition for failing to provide any relevant time period to limit the class of included individuals. Plaintiff further objects that the qualification "in privity with Defendant" is vague and overly broad for failing to specify the limiting subject matter of the

3

required privity. Plaintiff objects to this definition for seeking to impermissibly impose on Plaintiff the burden of guessing the meaning of Defendant's definition of "Defendant." Plaintiff objects that Defendant's purported requirement that Plaintiff speculate as to the meaning of Defendant's terms in order to respond to Defendant's requests is unduly burdensome.

**Defendant's Definition 3.**    *As used herein, "person" or "persons" means any natural person and all legal entities.*

### Plaintiff's Objections to Defendant's Definition 3.

Plaintiff objects that this definition is overly broad and vague as to the intended meaning of "natural person" and "all legal entities" without specifying the relevant body of law with respect to which the defined "person" is either natural or having the status of a legal entity. As such, this definition plainly seeks to impermissibly impose on Plaintiff the burden of speculating as to the meaning of "person" in Defendant's Requests.

**Defendant's Definition 4.**    *The term "document" is used in the broadest sense of Rule 34 of the Federal Rules of Civil Procedure and it includes things or physical objects regardless of how they were generated or maintained.*

### Plaintiff's Objections to Defendant's Definition 4.

Plaintiff objects to this definition as overly broad in that it purports to define "document" to include "things or physical objects regardless of how they were generated or maintained." As such, the definition plainly and impermissibly seeks to extend the scope of Defendant's Requests to include documents that are not, and may never have been, in the Plaintiff's possession, custody, or control. Consequently, this definition plainly renders each of Defendant's Requests unduly burdensome.

**Defendant's Definition 5.**     *As used herein, the terms "and" and "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which might otherwise be construed to be outside of its scope.*

**<u>Plaintiff's Objections to Defendant's Definition 5.</u>**

Plaintiff objects that this definition renders the meaning of "and" and "or" vague in that it fails to specify when defining either term conjunctively or disjunctively is "necessary." Plaintiff further objects that this definition is overly broad in that it purports to encompass all possible responses to Defendant's Requests – even responses irrelevant to the plain meaning of the Requests – by construing the terms "and" and "or." Plaintiff further objects that this definition impermissibly seeks to impose on Plaintiff the burden of speculating as to when a response "might otherwise be construed to be outside of [the] scope [of a request]." Plaintiff will not speculate as to the meaning of Defendant's Requests.

**Defendant's Definition 6.**     *As used in herein, the term "Complaint" means the Complaint filed by Plaintiff in Civil Action No. 07-0226-JJF.*

**<u>Plaintiff's Objections to Defendant's Definition 6.</u>**

Plaintiff objects to this definition in that it purports to incorporate a definition of "Plaintiff" that, as explained in detail in the foregoing "Plaintiff's Objection to Defendant's Definition 1" is vague and overly broad. To the extent that this definition depends on the objected-to definition of "Plaintiff," any of the Requests incorporating this term are overly broad, vague, and unduly burdensome.

**Defendant's Definition 7.**    *As used herein, the "'805 Patent" refers to U.S. Patent No. 5,718,805 and any related application or patent anywhere in the world.*

### Plaintiff's Objections to Defendant's Definition 7.

Plaintiff objects to this definition because the phrase "anywhere in the world" is vague and ambiguous. Plaintiff further objects because the term "any related application" to the extent that the term "related" does not limited to applications that are "related" to the '805 patent in a way that is relevant. As such, this definition purports to impose on Plaintiff the burden of guessing Defendant's meaning of "related" and/or "anywhere in the world." Plaintiff will not speculate as to the meaning of Defendant's terms in responding to Defendant's Requests.

**Defendant's Definition 8.**    *As used herein, the "'168 Patent" refers to U.S. Patent No. 5,972,168 and any related application or patent anywhere in the world.*

### Plaintiff's Objections to Defendant's Definition 8.

Plaintiff objects to this definition because the phrase "anywhere in the world" is vague and ambiguous. Plaintiff further objects because the term "any related application" to the extent that the term "related" does not limited to applications that are "related" to the '168 patent in a way that is relevant. As such, this definition purports to impose on Plaintiff the burden of guessing Defendant's meaning of "related" and/or "anywhere in the world." Plaintiff will not speculate as to the meaning of Defendant's terms in responding to Defendant's Requests.

**Defendant's Definition 9.**    *As used herein, "Patents-in-Suit" both the '805 Patent and '168 Patent and any related application or patent anywhere in the world.*

### Plaintiff's Objections to Defendant's Definition 9.

Plaintiff hereby incorporates its objections to "Defendant's Definition 7" and "Defendant's Definition 8" as if fully set forth herein. Plaintiff further objects to the term "any related

6

application" to the extent that the term "related" fails to limit to the scope of the definition to any relevant issue. Plaintiff also objects to the phrase "anywhere in the world" because the purported location of the applications or patents purportedly within the scope of the definition is indeterminate. Thus, Defendant's Definition 9 purports to require Plaintiff to guess the meaning of the allegedly defined term. Plaintiff will not speculate as to the meaning of this term or the Requests incorporating this term.

**Defendant's Definition 10.** *As used herein, "Applicant" includes any person named as an inventor of the '805 or '168 Patent and any related application or patent anywhere in the world.*

### Plaintiff's Objection to Defendant's Definition 10.

Plaintiff hereby incorporates its objections to "Defendant's Definition 3," "Defendant's Definition 7," and "Defendant's Definition 8" as if fully set forth herein. Plaintiff further objects to the term "any related application" to the extent that the term "related" fails to limit to the scope of the definition to any relevant issue. Plaintiff also objects to the phrase "anywhere in the world" because the purported location of the applications or patents purportedly within the scope of the definition is indeterminate. Thus, "Defendant's Definition 10" purports to require Plaintiff to guess the meaning of the allegedly defined term. Plaintiff will not speculate as to the meaning of this term or the Requests incorporating this term.

## OBJECTIONS AND RESPONSES TO DEFENDANT'S DOCUMENT REQUESTS

## DEFENDANT'S REQUEST NO.1:

*All documents describing Plaintiff's organizational structure as it relates to the research, development, manufacturing, testing, marketing, exportation, importation, distribution, sale, and licensing of subject matter Plaintiff contends is covered by any claim of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 1**

**General Objections to Defendant's Request No. 1**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 1**

Plaintiff hereby incorporates its objections to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein. Plaintiff further objects that the term "organizational structure" is vague and ambiguous for failure to limit the meaning of "organizational" to a permissibly relevant scope. Plaintiff further objects to this request as undefined for relying on the purported "subject matter Plaintiff contends is covered" without reference to any particular Plaintiff's contention. As such, this request impermissibly purports to circumvent the limitations on contention interrogatories imposed by the Scheduling Order. Plaintiff further objects to this interrogatory for reliance on the vague and undefined term "subject matter." Plaintiff objects that the phrases "research . . . of subject matter," "development . . . of subject matter," "manufacturing . . . of subject matter," "testing . . . of subject matter," "marketing . . . of subject matter," "exportation . . . of subject matter," "importation . . . of subject matter," "distribution . . . of subject matter," "sale . . . of subject matter," and "licensing . . . of subject matter," are unintelligible for at least the reason that "subject matter" is not ordinarily understood to be the subject of, e.g. sale, manufacturing, testing, marketing, exportation, importation, distribution, or development. Plaintiff will not speculate as to the meaning of these phrases. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

8

**Plaintiff's Response to Defendant's Request No. 1**

Subject to the foregoing general and specific objections, Plaintiff will produce responsive organizational charts.

**DEFENDANT'S REQUEST NO.2:**

*All documents concerning Plaintiff's procedures and policies for generating, maintaining, and disposing of records (regardless of how they were generated or maintained), including, but not limited documents related to the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 2**

**General Objections to Defendant's Request No. 2**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 2**

Plaintiff hereby incorporates its objections to to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein. Plaintiff further objects to this request because it is incomprehensible to the extent that it requests "records . . . including but not limited documents," without defining "limited documents." Plaintiff also objects to this request as it calls for the production of "records (regardless of how they were generated or maintained)" thus purporting to impose on Plaintiff the burden of producing records that Plaintiff neither generated nor maintained. Plaintiff further objects to this request to the extent that it calls for the production of documents protected by the attorney-client and work-product privileges. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

9

**Plaintiff's Response to Defendant's Request No. 2**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO.3:**

*All documents establishing Plaintiff's alleged investment in the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 3**

**General Objections to Defendant's Request No. 3**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 3**

Plaintiff hereby incorporates its objection to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein. Plaintiff further objects that this request is vague as to meaning of "alleged investment" in that it makes no reference to any specific allegation of investment. Plaintiff will not speculate as to the meaning of the "alleged invetment" in order to make sense of this request. Plaintiff also objects to the use of the term "establishing" as vague without reference to any criteria for determining whether a document establishes the asserted fact or not. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

**Plaintiff's Response to Defendant's Request No. 3**

     Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO.4:**

*All documents establishing Plaintiff's alleged sales associated with the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 4**

     **General Objections to Defendant's Request No. 4**

     Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

     **Specific Objections to Defendant's Request No. 4**

     Plaintiff hereby incorporates its objections to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein.   Plaintiff further objects to this request as vague for reliance on the undefined term "alleged sales" without reference to any particular allegations.  Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff also objects to the use of the term "establishes" as vague in the absence of any reference to criteria for determining whether a document establishes the asserted fact or not.  Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

11

**Plaintiff's Response to Defendant's Request No. 4**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO.5:**

*All documents establishing Plaintiff's alleged costs associated with the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 5**

**General Objections to Defendant's Request No. 5**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 5**

Plaintiff hereby incorporates its objections to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the term "cost" in a way that reasonably limits it to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "alleged costs" without reference to any particular allegation. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff also objects to the use of the term "establishing" as vague in the absence of any reference to criteria for determining whether a document establishes the asserted fact or not. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

**Plaintiff's Response to Defendant's Request No. 5**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged responsive documents to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO.6:**

*All documents establishing Plaintiff's alleged profits associated with the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 6**

### General Objections to Defendant's Request No. 6

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

### Specific Objections to Defendant's Request No. 6

Plaintiff hereby incorporates its objections to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the term "profits" in a way that reasonably limits it to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "alleged profits" without reference to any particular allegation. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff also objects to the use of the term "establishing" as vague in the absence of any reference to criteria for determining whether a document establishes the asserted fact or not. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

13

**Plaintiff's Response to Defendant's Request No. 6**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged responsive documents to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO.7:**

*All documents establishing Plaintiff's alleged revenue associated with licenses or sublicenses of the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 7**

**General Objections to Defendant's Request No. 7**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 7**

Plaintiff hereby incorporates its objections to Defendant's Definition 1, Definition 4, and Definition 9 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the term "revenue" in a way that reasonably limits it to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "alleged revenue" without reference to any particular allegation. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff also objects to the use of the term "establishing" as vague in the absence of any reference to criteria for determining whether a document establishes the asserted fact or not. Plaintiff also objects to this request as overly broad and unduly burdensome for failure to limit the scope of terms "licenses" and "sublicenses" to relevant issues. Plaintiff further objects to the request to the extent that it purports to request documents that are subject to obligations of

14

confidentiality to third parties.  Plaintiff further objects to this request as overly broad and unduly

burdensome for failure to specify a time period that reasonably limits the scope of the request to

issues relevant to this case.

**Plaintiff's Response to Defendant's Request No. 7**

Subject to the foregoing general and specific objections, Plaintiff will produce non-

privileged documents responsive to this request to the extent that the request is unobjected-to and is

sufficient to identify documents subject to production in accordance with the Federal Rules of Civil

Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO.8:**

*All Applicant generated documents associated with or related to the subject matter of the Patents-*
*in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 8**

**General Objections to Defendant's Request No. 8**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 8**

Plaintiff hereby incorporates its objections to Defendant's Definition 4, Defendant's

Definition 9, and Defendant's Definition 10 as if fully set forth herein.  Plaintiff further objects to

this request as vague for failure to define the terms "associated with" or "related to" in a way that

reasonably limits them to any relevant issue in this case.  Plaintiff also objects to the request as

vague and improper for use of the term "Applicant generated" without limiting the term

"generated" to a meaning that is likely to encompass relevant documents.  Plaintiff further objects

to this request as vague for failure to specify the meaning of "subject matter" in a way that

reasonably limits the request to relevant documents.  Plaintiff also objects to this request to the

15

extent that it calls for documents protected by the work-product doctrine and/or the attorney-client privilege. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

**Plaintiff's Response to Defendant's Request No. 8**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO.9:**

*All Applicant maintained files associated with or related to the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 9**

**General Objections to Defendant's Request No. 9**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 9**

Plaintiff hereby incorporates its objections to Defendant's Definition 4, Defendant's Definition 9, and Defendant's Definition 10 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the terms "associated with" or "related to" in a way that reasonably limits them to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "Applicant maintained" without limiting the term "maintained" to a meaning that is likely to encompass relevant documents. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that

reasonably limits the request to relevant documents. Plaintiff also objects to this request to the extent that it calls for documents protected by the work-product doctrine and/or the attorney-client privilege. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

**Plaintiff's Response to Defendant's Request No. 9**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO. 10:**

*All prior art known to Applicant to be associated with or related to the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 10**

**General Objections to Defendant's Request No. 10**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 10**

Plaintiff hereby incorporates its objections to Defendant's Definition 4, Defendant's Definition 9, and Defendant's Definition 10 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the terms "associated with" or "related to" in a way that reasonably limits them to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "known to Applicant" without limiting the term "known" to a meaning that is likely to encompass relevant documents. Plaintiff further objects to this request

17

as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

**Plaintiff's Response to Defendant's Request No. 10**

Subject to the foregoing general and specific objections, Plaintiff responds that all responsive prior art is cited on the Patents-in-Suit.

**DEFENDANT'S REQUEST NO. 11:**

*All design, installation and manufacturing documentation in Applicant files associated with or related to the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 11**

### General Objections to Defendant's Request No. 11

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

### Specific Objections to Defendant's Request No. 11

Plaintiff hereby incorporates its objections to Defendant's Definition 4, Defendant's Definition 9, and Defendant's Definition 10 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the terms "associated with" or "related to" in a way that reasonably limits them to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "Applicant files" without limiting the term "Applicant files" to a meaning that is likely to encompass relevant documents. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff also objects to this request as vague due to its reliance on the undefined term "documentation." Plaintiff will not speculate as to the meaning of

18

this request. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

**Plaintiff's Response to Defendant's Request No. 11**

Subject to the foregoing general and specific objections, Plaintiff responds that there are no documents responsive to this request.

**DEFENDANT'S REQUEST NO. 12:**

*All documents associated with or related to Plaintiff's evaluation of any potential infringement by Defendant of the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 12**

**General Objections to Defendant's Request No. 12**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 12**

Plaintiff hereby incorporates its objections to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the terms "evaluation" or "potential infringement" in a way that reasonably limits it to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "Plaintiff's evaluation" without reference to any particular evaluation. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff further objects to this request as vague for failure to define the terms "associated with" or "related to" in a way that reasonably limits them to any relevant issue in this case. Plaintiff also objects to this request as overly broad and unduly burdensome to the extent that it calls for the

19

production of documents protected by either the attorney-client privilege or the work-product doctrine. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

**Plaintiff's Response to Defendant's Request No. 12**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO. 13:**

*All documents associated with or related to Plaintiff's evaluation of any potential infringement by any third party of the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 13**

**General Objections to Defendant's Request No. 13**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 13**

Plaintiff hereby incorporates its objections to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the terms "evaluation" or "potential infringement" in a way that reasonably limits it to any relevant issue in this case. Plaintiff also objects to the request as vague, indefinite, and improper for use of the term "Plaintiff's evaluation" without reference to any particular evaluation. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents.

20

Plaintiff further objects to this request as vague for failure to define the terms "associated with" or "related to" in a way that reasonably limits them to any relevant issue in this case. Plaintiff also objects to this request as overly broad and unduly burdensome to the extent that it calls for the production of documents protected by either the attorney-client privilege or the work-product doctrine. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case. Plaintiff also objects to this request as unduly burdensome and oppressive as it purports to require Plaintiff to produce documents irrelevant to any issue in this case.

**Plaintiff's Response to Defendant's Request No. 13**

In view of the foregoing general and specific objections, no documents will be produced in response to this request.

**DEFENDANT'S REQUEST NO. 14:**

*All documents that Plaintiff contends support or tend to support the Complaint allegations.*

**Plaintiff's Objections to Defendant's Request No. 14**

**General Objections to Defendant's Request No. 14**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 14**

Plaintiff hereby incorporates its objections to Defendant's Definition 1 and Defendant's Definition 4 as if fully set forth herein. Plaintiff also objects to the request as vague and improper for use of the term "Plaintiff's contends" without reference to any particular contentions. Plaintiff further objects to this request as vague for reliance on the terms "support" or "tend to support" without reference to any criteria for those terms. Plaintiff also objects to this request as overly broad and unduly burdensome to the extent that it calls for the production of documents protected

21

by either the attorney-client privilege or the work-product doctrine. Plaintiff further objects to this request as unduly burdensome in that it purports to require Plaintiff to produce documents that are in the possession, custody, or control of Defendant, or documents that may be obtained by Defendant with less burden than would be incurred by Plaintiff. In particular, on information and belief, Defendant possesses ample documentation of its willful infringement of Plaintiff's patents.

**Plaintiff's Response to Defendant's Request No. 14**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

## RESERVATION OF RIGHTS

Further to the express and implied reservations of rights in the foregoing objections and responses, Plaintiff hereby reserves the right to compensation—including without limitation its costs and attorneys' fees—for expenses incurred in responding to Defendant's requests to the extent that those requests exceed the scope permissible under the Federal Rules of Civil Procedure and the Court's Local Rules.

Respectfully submitted,

Date: _____    By _____

Neal Goldberg, Esq.
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191

22

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff Voith Paper GmbH & Co. KG's Objections And Responses To Defendant JohnsonFoils, Inc.'s First Set of Requests For Production of Documents And Things To Plaintiff was served on Attorneys for Defendant JohnsonFoils, Inc., via Electronic Mail and Federal Express:

> Anthony S. Volpe, Esq.
> Ryan W. O'Donnel, Esq.
> Randolph J. Huis, Esq.
> VOLPE AND KOENIG, P.C.
> United Plaza, Suite 1600
> 30 S. 17th Street
> Philadelphia, PA 19103
> (215) 568-6400

> George H. Seitz, III, Esq. (DE #667)
> SEITZ, VAN OGTROP & GREEN, P.A.
> 222 Delaware Avenue, Suite 1500
> P. O. Box 68
> Wilmington, DE 19899
> (302) 888-7602

Date:    September 17, 2007

Neil F. Greenblum
Michael J. Fink
Neal Goldberg
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

– and –

Adam W. Poff (DE #3990)
YOUNG CONWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6642

*Attorneys for Plaintiff Voith Paper GmbH & Co. KG*

{J214720 00262508.DOC}

# EXHIBIT B

## Ryan O'Donnell

| | |
|---|---|
| **From:** | Ryan O'Donnell |
| **Sent:** | Friday, August 24, 2007 3:58 PM |
| **To:** | MICHAEL FINK |
| **Cc:** | NEIL GREENBLUM; CStover@ycst.com; apoff@ycst.com; Pmcgonigle@svglaw.com; gseitz@svglaw.com; Randy Huis; Tony Volpe |
| **Subject:** | Voith vs. Johnson Foils, USDC for Delaware: 1:07-cv-00226-JJF |

Dear Michael:

We are writing to inquire whether you would agree to an extension of time until September 14, 2007 for JohnsonFoils to respond to Voith's first set of interrogatories and first requests for production of documents. These responses are currently due by August 28, 2007.

In addition, can you let us know if you intend to circulate a draft joint Protective Order.

Best regards,

Ryan

# EXHIBIT C

## Ryan O'Donnell

| | |
|---|---|
| **From:** | NEAL GOLDBERG [ngoldberg@gbpatent.com] |
| **Sent:** | Monday, August 27, 2007 11:36 AM |
| **To:** | Ryan O'Donnell |
| **Cc:** | MICHAEL FINK; NEIL GREENBLUM; ORCHID RUSHENAS; apoff@ycst.com |
| **Subject:** | Re: Voith vs. Johnson Foils, USDC for Delaware: 1:07-cv-00226-JJF, Johnsonfoils, Inc.'s request for an extension |

Dear Ryan:

We have received your e-mail dated Friday, August 24, 2007 (see below).  Responding to your request for a seventeen day extension ("August 28, 2007" to "September 14, 2007") to respond to PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO JOHNSONFOILS, INC. and PLAINTIFF'S FIRST SET OF INTERROGATORIES TO JOHNSONFOILS, INC., we would agree to provide you with the requested extension provided that you agree to provide us with a seventeen day extension for our responses to DEFENDANT JOHNSONFOILS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF.

Responding to your other question, we are planning to circulate a draft joint protective order.  Please note that under the Court's local rules, all information and documents provided prior to the entry of a stipulated protective order are strictly limited to litigation counsel.

Please confirm your agreement to the proposed extensions.  If you have any questions, please feel free to give me a call.

Best regards,

Neal


Neal Goldberg
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
Tel: (703) 716 1191
Fax:(703) 716 1180
E-Mail: ngoldberg@gbpatent.com

********************************************************************

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

********************************************************************

11/27/2007

**From:** Ryan O'Donnell [mailto:RODonnell@volpe-koenig.com]
**Sent:** Friday, August 24, 2007 3:58 PM
**To:** MICHAEL FINK
**Cc:** NEIL GREENBLUM; CStover@ycst.com; apoff@ycst.com; Pmcgonigle@svglaw.com; gseitz@svglaw.com; Randy Huis; Tony Volpe
**Subject:** Voith vs. Johnson Foils, USDC for Delaware: 1:07-cv-00226-JJF

Dear Michael:

We are writing to inquire whether you would agree to an extension of time until September 14, 2007 for JohnsonFoils to respond to Voith's first set of interrogatories and first requests for production of documents. These responses are currently due by August 28, 2007.

In addition, can you let us know if you intend to circulate a draft joint Protective Order.

Best regards,

Ryan



United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
Tel 215.568.6400  Fax 215.568.6499
www.volpe-koenig.com

*Notice:* If you are not the named recipient of this transmission, please notify us immediately, by telephone, and delete or destroy any copy of this message.  You should not disclose or use this information in any way.  Disclosure or use of this information may expose you to criminal or civil liabilities.  We apologize for the inconvenience and thank you for your attention to this notice.

# EXHIBIT D



**Volpe and Koenig P.C.**

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

──────── BRINGING LAW TO YOUR IDEAS ────────

Anthony S. Volpe
avolpe@volpe-koenig.com

September 20, 2007

Michael J. Fink, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191

**VIA E-MAIL AND FACSIMILE**

Re:    Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.
       U.S.D.C. for the District of Delaware;  Civil Action No.  07-226-JJF

Dear Michael:

If your concern is language rather than privilege, we have several German speakers and will accept documents in German.  We still want to review Voith's discovery in Delaware and ask that you provide the expected volume of documents.

I concur that an agreement on a production format is beneficial.  I am on depositions until Thursday, but can talk next Friday. Please propose a time.

We will be ready to exchange documents once we have an agreed upon time and format.  However, we do ask that you provide a proposed protective order so we can get that resolved soon.

We look forward to hearing from you.

Very truly yours,

Volpe and Koenig, P.C.

By: _____
    Anthony S. Volpe

ASV/vag

cc: Benjamin P. Kota, Esquire (via E-Mail Only)
    Neil F. Greenblum, Esquire (via E-Mail Only)
    Adam Wyatt Poff, Esquire (via E-Mail Only)
    George H. Seitz, III, Esquire (via E-Mail Only)
    Patti McGonigle, Esquire (via E-Mail Only)

*Patents      Trademarks      Copyrights      Trade Secrets      Litigation      Licensing*

# EXHIBIT E

LAW OFFICES

# GREENBLUM & BERNSTEIN, P.L.C.

PATENT, COPYRIGHT AND TRADEMARK MATTERS

1950 ROLAND CLARKE PLACE

RESTON, VA  20191-1411

TEL: (703) 716-1191

FAX: (703) 716-1180

EMAIL: gbpatent@gbpatent.com

www.gbpatent.com

NEIL F. GREENBLUM
BRUCE R. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPIZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSINICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERBERT F. MUENSTERER, Ph.D. °□
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL B. MOON
PAUL T. LEE *
JOHN V. MAZZOLA °
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D.
SAFET METJAHIC *
AZZA JAYAPRAKASH
JONATHAN MILLER *

NEAL GOLDBERG
STEVEN R. POLLICOFF *
FAHD MAJIDUDDIN, Ph.D.

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPERNER *
RICHARD J. McGRATH
BARRY I. HOLLANDER

TECHNICAL ADVISORS:
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
SARAH J. SMALL
WALTER SCHLAPKOHL, Ph.D.
————
* ADMITTED TO A BAR
OTHER THAN VA
° EUROPEAN PATENT ATTORNEY
△ KOREAN PATENT ATTORNEY
□ REGISTERED PATENT AGENT

September 21, 2007

**VIA EMAIL (PDF)**

Anthony S. Volpe
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Re:   *Voith v. JohnsonFoils.*; Our Ref: J214720

Dear Tony:

In response to your letter of September 20, 2007, in which you provided your availability for a call to discuss pending discovery issues on Monday, October 1, 2007, let's schedule the call for 11:30 a.m.  I will initiate the call.

Also, as it appears from your letter that JohnsonFoils's documents are ready for production, please provide them to us as soon as possible.  We prefer that documents be provided in their native format, *i.e.*, in accordance with Fed. R. Civ. P. 34(b).

Responding to your request that we circulate a protective order, we are in the process of finalizing a draft and expect to provide it to you by early next week.  We anticipate that the agreed protective order will have two levels of confidentiality: Highly Confidential and Confidential.  The disclosure of Highly Confidential information will be limited to a party's litigation counsel and qualified experts.  In accordance with the Court's rules, until a protective order is entered, all confidential documents will be treated as Attorneys' Eyes Only.  Accordingly, the absence of a protective order does not suspend the obligation to produce documents.

Additionally, please promptly provide a copy of the insurance policy (and any related documents) which you identified in JohnsonFoils's initial disclosures.  We will maintain the documents as Attorneys' Eyes Only until entry of a stipulated protective order.

{J214720 00265023.DOC}

Anthony S. Volpe                 September 21, 2007                 Page -2-

  We are still in the process of gathering Voith's responsive documents and reviewing the documents for privilege. We are working diligently to complete the task, but as I informed you before, our task is complicated by the need to gather documents, many of which are in German, from overseas. I will let you know as soon as we have documents ready for production. As you have indicated that your responsive documents are ready for production, please provide them to us by next week.

     Very truly yours,

     GREENBLUM & BERNSTEIN, P.L.C.

     Michael J. Fink

MJF/mis

cc: Adam Poff, Esq.
  George H. Seitz, III, Esq.

{J214720 00265023.DOC}

# EXHIBIT F



**Volpe**
**and**
**Koenig**
P.C. ®

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

——— BRINGING LAW TO YOUR IDEAS ———

Ryan W. O'Donnell
RODonnell@volpe-koenig.com

October 18, 2007

Neil Goldberg, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191

**VIA E-MAIL**
**ORIGINAL TO FOLLOW**

Re:     *Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.*
        U.S.D.C. for the District of Delaware
        Civil Action No.  07-226-JJF

Dear Neil:

We write in response to your October 12, 2007 letter.  We find your tone and accusations less than professional in view of counsels' exchanges regarding the manner and format for document production and the entry of a protective order. It would be a waste of the parties' time and expense to initially produce documents as attorneys' eyes only pursuant to Local Rule 26.2, and then duplicate this effort by performing a second review of these documents for the appropriate level of confidentiality pursuant to a protective order.  Such duplication of efforts should be easily avoided by agreeing to the terms of the protective order beforehand.

As you recall, my August 24, 2007 e-mail inquired on whether you intend to circulate a draft protective order for this matter.  Your August 27, 2007 response stated that you were planning to circulate a draft protective order -- which we have not received to date.  Mr. Volpe's September 19 and 20, 2007 letters again requested whether you intend to circulate a proposed protective order, and Mr. Fink's September 21, 2007 response stated that we would have a draft "by early next week."  Again, we did not receive a draft of the protective order within the time frame you provided.  <u>We again ask if you intend to circulate a draft protective order, and, if so, we request that you do it as soon as possible as it will help resolve this matter without protracted letter writing campaigns.</u>

Your letter also ignores counsels' prior discussions regarding the format for document production.  Mr. Fink initially raised the issue of the format and timing for document production in his September 20, 2007 letter, and Mr. Volpe responded on that date stating that JohnsonFoils will exchange documents once we have an agreed upon time and format.  In addition, Mr. Volpe's letter stated that we would be available on October 1, 2007 to discuss this matter, and Mr. Fink's September

*Patents          Trademarks          Copyrights          Trade Secrets          Litigation          Licensing*



Neil Goldberg, Esquire                                    October 18, 2007
Page 2                                                         07-226-JJF


21, 2007 letter agreed to that date and stated that he would initiate the call. While Mr. Volpe and I were prepared to discuss this matter with you and/or Mr. Fink on October 1, 2007 (and still remain so prepared), we did not receive a call from you or Mr. Fink on October 1, 2007. In fact, we have not received the courtesy of any communication from you to reschedule this conference.

Your October 12, 2007 letter is premature and ignores your failure to advance the aforementioned issues. You also seemingly fail to consider that Voith has not produced any documents to date and that Voith's written discovery responses raise many of the same concerns identified in your October 12, 2007 letter.

We remain interested in resolving these issues in order to move forward with discovery in an organized manner. Tony and I will not be available for the remainder of this week, but will be generally available Monday through Wednesday next week (October 22-24, 2007) to discuss these issues.

Please propose a mutually convenient time to discuss the above matters.

Very truly yours,

Volpe and Koenig, P.C.

By: _Ryan W. O'Donnell_
     Ryan W. O'Donnell

RWO/ASV/cps

cc: Michael J. Fink, Esquire (via e-mail only)
    Adam Wyatt Poff, Esquire (via e-mail only)
    George H. Seitz, III, Esquire (via e-mail only)
    Patti McGonigle, Esquire (via e-mail only)

# EXHIBIT G

LAW OFFICES
# GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM
BRUCE B. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPRZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERBERT F. MUENSTERER, Ph.D. □ *
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL B. MOON
PAUL T. LEE ∆
JOHN V. MAZZOLA □
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATREN VENTER, Ph.D. □
AZZA JAYAPRAKASH
JONATHAN MILLER *

NEAL GOLDBERG
STEVEN B. POLLICOFF *
FAHD MAJIDUDDIN, Ph.D. □
SARAH J. SMALL

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPERNER *
RICHARD J. McGRATH
BARRY I. HOLLANDER

TECHNICAL ADVISORS:
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
WALTER SCHLAPKOHL, Ph.D.

* ADMITTED TO A BAR
  OTHER THAN VA
□ EUROPEAN PATENT ATTORNEY
∆ KOREAN PATENT ATTORNEY
□ REGISTERED PATENT AGENT

November 7, 2007

**VIA EMAIL(PDF) AND FEDERAL EXPRESS**

Tony Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Re:    *Voith Paper GmbH & Co. KG v. JohnsonFoils, Inc.*
       *C.A. No. 07-0226-JJF.* Our Ref.: 214720.

Dear Tony:

Please find enclosed documents bearing production numbers within the range VTH 000001 – VTH 005391. Many of these documents are marked "HIGHLY CONFIDENTIAL," *i.e.*, the highest level of confidentiality which we proposed to you in our letter dated September 21, 2007, and which we specified in the proposed protective order which we provided to you on October 31. Pursuant to Del. R. 26.2 ("Rule 26.2"), all documents that we have designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, and any information contained therein, are provided for **Attorneys' Eyes Only** and are strictly limited to attorneys who have entered an appearance in the above referenced litigation and, as necessary, their supervised employees. As required by Rule 26.2, any persons provided access to documents or information designated confidential or highly confidential by Voith "are under an obligation to keep such documents confidential and to use them only for purposes of litigating the case." Rule 26.2.

Furthermore, until the terms of the protective order are agreed upon, the enclosed documents are provided subject to the additional precondition that <u>no</u> attorney at your firm involved in patent related matters before any patent granting authority or agency anywhere in the world relating to the subject matter of this lawsuit, including without limitation matters on behalf of JohnsonFoils, Inc. and/or its affiliated companies anywhere in the world, *e.g.*, AstenJohnson Inc., is permitted access to any documents designated "HIGHLY CONFIDENTIAL," or any information contained therein. Accordingly, any individual who views documents designated HIGHLY CONFIDENTIAL, or to whom any information contained therein is disclosed, is hereby noticed that they are precluded from participation in the above described patent related matters. These documents are provided subject the further precondition that any individual

Tony Volpe, Esq.                    November 7, 2007                    Page -2-

authorized to view confidential documents pursuant to Rule 26.2 who is provided access to documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, or to whom any information contained therein is disclosed, is provided with a copy of this letter prior to any such disclosure.

In view of the remarkable assertion in your letter dated October 24, 2007, over a month after our confidentiality designations were originally proposed to you, that you "do not agree to [Voith's CONFIDENTIAL and HIGHLY CONFIDENTIAL] designations and are not bound to them without entry of a protective order," we insist that you confirm in writing your acceptance of the terms of this letter prior to reviewing the enclosed documents.

Very truly yours,

GREENBLUM & BERNSTEIN, P.L.C.

Neal Goldberg

Enclosure:     Documents bearing production numbers in the range VTH 000001 – VTH 005391 (by FedEx only)

# EXHIBIT H



**Volpe**
**and**
**Koenig**
P.C.

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

BRINGING LAW TO YOUR IDEAS®

Anthony S. Volpe
avolpe@volpe-koenig.com

November 8, 2007

Neal Goldberg, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191

**VIA UPS**

Re:  *Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.*
     U.S.D.C. for the District of Delaware
     Civil Action No. 07-226-JJF

Dear Neal:

We received your November 7, 2007 letter and the boxes of documents.  After reading your letter and the unilateral demands in it, I instructed our mail room that the boxes were not to be opened or docketed.  The unopened boxes are being returned overnight as we do not accede to your demands.  As we said previously, we will provide comments on your draft protective order as soon as possible. When that is agreed, we will accept documents in accordance with it.

With respect to documents from Voith US as part of Plaintiff's responses to JohnsonFoils' requests for production, we are still awaiting your answer to our October 23, 2007 inquiry.  Will you stipulate that Voith US is either a party to this action or under the custody or control of Plaintiff and provide a separate identification of all documents produced from Voith US?

Very truly yours,

Volpe and Koenig, P.C.

By: _____
      Anthony S. Volpe

ASV/RWO/cps

cc: Michael J. Fink, Esquire (Letter only via e-mail only)
    Adam Wyatt Poff, Esquire (Letter only via e-mail only)
    George H. Seitz, III, Esquire (Letter only via e-mail only)
    Patti McGonigle, Esquire (Letter only via e-mail only)

*Patents      Trademarks      Copyrights      Trade Secrets      Litigation      Licensing*

# EXHIBIT I

## Ryan O'Donnell

| | |
|---|---|
| **From:** | Tony Volpe |
| **Sent:** | Friday, November 16, 2007 9:55 AM |
| **To:** | 'MICHAEL FINK' |
| **Cc:** | NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; George H. Seitz III Esquire (gseitz@svglaw.com); Patricia McGonigle Esquire (Pmcgonigle@svglaw.com) |

**Subject:** Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Hello Michael:

We acknowledged receipt of the draft, approximately two months past it promised time, and advised that we would after we had an opportunity to review it. Unfortunately, we found you proposal unworkable and set about preparing our own draft. I hope to provide that by no later than close of business today.

Best regards,

Tony

Anthony S. Volpe, Attorney at Law
Volpe and Koenig, P.C.
www.volpe-koenig.com
215-568-6400

---

**From:** MICHAEL FINK [mailto:MFINK@gbpatent.com]
**Sent:** Wednesday, November 14, 2007 5:40 PM
**To:** Tony Volpe
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell
**Subject:** Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Tony,

On November 1, 2007, we forwarded to you a proposed protective order. We have not yet received any indication from you whether you agree to the terms of the proposed protective order, or if you plan to propose modifications. If you agree to the proposed protective order, please confirm your agreement by signing it and returning it to us. Otherwise, let's schedule a time to discuss your proposed modifications.

Michael

Michael J. Fink, Esq.
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

11/27/2007

***********************************************************************
The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited. If you have received
this communication in error, please notify us immediately by e-mail,
and delete the original message.
***********************************************************************

In rare cases, our spam scanners may eliminate legitimate email. Please advise us
immediately if you receive an error notification from our server.

11/27/2007

# EXHIBIT J

## Ryan O'Donnell

| | |
|---|---|
| **From:** | Tony Volpe |
| **Sent:** | Friday, November 16, 2007 4:55 PM |
| **To:** | 'MICHAEL FINK' |
| **Cc:** | 'NEAL GOLDBERG'; 'Poff, Adam'; Ryan O'Donnell; 'George H. Seitz III Esquire (gseitz@svglaw.com)'; 'Patricia McGonigle Esquire (Pmcgonigle@svglaw.com)' |
| **Subject:** | Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720) |
| **Attachments:** | AstenJohnson Draft-20071116.doc |

Hello Michael:

A proposed protective order is attached in word.

Best regards,

Tony

Anthony S. Volpe, Attorney at Law
Volpe and Koenig, P.C.
www.volpe-koenig.com
215-568-6400

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-226-JJF |
| | ) | |
| JOHNSONFOILS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## STIPULATION AND AGREED PROTECTIVE ORDER
## GOVERNING DISCOVERY MATERIALS

Plaintiff and   Defendant (hereinafter the "parties") file this Stipulation and Agreed Protective Order to preserve the confidentiality of certain commercially sensitive, confidential and/or proprietary information that has been or will be requested and produced in discovery in this matter.  The parties agree that a protective order concerning discovery materials is desirable to protect their rights and the rights of certain third parties.

It is therefore AGREED THAT:

1.    Plaintiff and Defendant shall have the right to designate  as "Attorneys Eyes Only" the documents, things and information produced during discovery in this matter ("Discovery Information") which the producing party believes contains its trade secret, research, development, commercial, financial,  proprietary or confidential information.

2.    All Produced Information designated as Attorneys Eyes Only shall be used by the party receiving it only in connection with the litigation and appeal of this action.  Discovery

Information designated as Attorneys Eyes Only shall not be used for any business, competitive or other purpose, and shall not be disclosed to any person or entity, except as provided herein.

3.    All Discovery Information a party desires to have designated as Attorneys Eyes Only shall be so designated at the time of its production.  In the event that a party receiving Discovery Information designated as Attorneys Eyes Only disagrees with that designation, that party shall have a right to seek an order from the Court, pursuant to a properly noticed motion, voiding the designation in whole or in part.  However, the party producing the Discovery . Information designated as Attorneys Eyes Only shall have the burden of showing entitlement to that designation under Federal Rule of Civil Procedure 26.  Until such a time as the Court rules that a particular document or set of documents designated as Attorneys Eyes Only are not subject to protection, the parties will continue to treat any such designated documents as protected under this Order. An inadvertent failure to designate Discovery Information as Attorneys Eyes Only may be corrected by providing the receiving party both written notice of the error and the properly designated Discovery Information as soon as practicable after the discovery of the inadvertent error.

4.    Information derived from Discovery Information designated as Attorneys Eyes Only and any information contained therein shall be used solely for the purpose of preparing for trial, the trial and appeal of this action and for no other purpose whatsoever, and shall not be disclosed to any person or entity except in accordance with the terms of this Stipulation and Agreed Protective Order.

5.    Discovery Information designated as Attorneys Eyes Only, copies thereof, and the information contained therein shall not be made available or disclosed to any person, except a single identified representative of each of the parties in this case, the retained and in-house

attorneys for the parties in this case, the employees of such attorneys and the Court.  Any party representative or attorney in this case, and any regular employee of such attorney assigned to and necessary to assist in the conduct of this action who wishes to have access to Discovery Information designated as Attorneys Eyes Only shall be required as a prerequisite to such access to (a) have signed this Order as counsel of record or (b) have executed the Declaration attached hereto as Exhibit A.

Discovery Information designated as Attorneys Eyes Only, copies thereof, and the information contained therein shall not be made available to or disclosed to any potential expert until the party wishing to make such disclosure provides the producing party (i) a written notice identifying such individual and stating such individual's present occupation, employer and position, and all other business affiliations for the past ten (10) years, (ii) the most up-to-date copy of such individual's curriculum vitae, and (iii) an executed Declaration in the form attached hereto as Exhibit A. The producing Party shall have ten (10) business days following the date of the notice to object to the proposed disclosure. If the producing party has not objected in writing by the end of the ten days, the Discovery Information designated as Attorneys Eyes Only, copies thereof, and the information contained therein may disclosed in compliance with all applicable provisions of this Order. A timely objection from the producing party shall stay disclosure to the proposed individual.

6.      Discovery Information designated as Attorneys Eyes Only shall remain in the custody of counsel and expert witnesses and shall not be provided to other persons except as necessary to prepare for trial, the trial itself or appeal of this action pursuant to paragraph 4 above.

7.    In the event that counsel for either party determines that the prosecution of this action requires that Discovery Information designated as Attorneys Eyes Only be disclosed to persons not otherwise provided for herein, such counsel shall provide counsel for the other party written notice by facsimile or hand delivery of the intended disclosure, which notice shall specify with particularity the Discovery Information to be disclosed and the identity of the person.  This written notice shall be given not less than five (5) business days prior to intended disclosure.  If, within five (5) business days after receipt of such notice, a party objects in writing to such disclosure, the Discovery Information designated as Attorneys Eyes Only shall not be disclosed unless the Court so orders.

8.    All Discovery Information designated as Attorneys Eyes Only and any papers containing information contained in or derived from such documents that are filed with the Court shall be filed in sealed envelopes bearing the title of this action and shall be marked "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER", to be opened only as the Court directs.

9.    In order to permit discovery to proceed without further delay, the parties agree that this Stipulation and Agreed Protective Order shall be effective from the date on which it is executed by counsel for the parties and shall apply and be enforceable from that date forward with respect to all discovery in this matter, including materials produced at any time after the commencement of this case.

10.    In the event that any Discovery Information designated as Attorneys Eyes Only or any information derived from it is used in depositions, the Discovery Information and the derived information shall not lose their Attorneys Eyes Only  status through such use, and the parties shall take all steps necessary to preserve that status during and after such use.  It shall be

- 4 -

the responsibility of the counsel requiring that Discovery Information be designated as Attorneys Eyes Only to advise the court reporter at the beginning of protected information of that status and the transcript shall be so designated. The transcript so designated shall be treated as Attorneys Eyes Only for a period of thirty (30) calendar days after the date on which the reporter forwards the complete transcript to counsel for the parties. Counsel requiring that transcript be designated as Attorneys Eyes Only shall notify counsel for the other party of any part of part of the transcript for which the designation is to continue within the period of thirty (30) calendar days. In the absence of timely notice, the designation shall be removed from the transcript.

11.    In the event that either party receives a third party subpoena or other form of legal process requesting Discovery Information designated as Attorneys Eyes Only, the party receiving such request will provide the other party written notice by facsimile or hand delivery that such a request was received and provide a copy of the request with the written notice. The party receiving the third party subpoena or other form of legal process shall not produce the requested documents for at least ten (10) business days after giving written notice by facsimile or hand delivery of the request to the other party, unless the other party states in writing that it does not intend to seek protection in connection with the third party subpoena or other form of legal process concerning those documents Attorneys Eyes Only.

12.    At the conclusion of this action, all documents Discovery Information designated as Attorneys Eyes Only, including all copies, extracts and summaries and all derived information taken, shall be returned to the producing party no later than thirty (30) days after the final non-appealable  judgment or settlement of this action.

13.    In the event additional parties are added to this litigation, each new party's counsel shall sign a duplicate original of the Stipulation and Agreed Protective Order and send it to all other counsel for the parties and cause same to be filed with the Court.


SO ORDERED this _____ day of  November 2007.


_____

J.

CONSENTED TO:

_____


_____


Attorneys for Plaintiffs

_____


_____


Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| VOITH PAPER GMBH & CO. KG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-226-JJF |
| | ) | |
| JOHNSONFOILS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DECLARATION

I, _____, declare that:

1.      I have read a copy of the Stipulation and Agreed Protective Order Governing Discovery Materials entered in the above-styled lawsuit and I understand that I am bound by its terms.

2.      I hereby agree under penalty of contempt of court that I shall not disclose or use anything communicated to me except in accordance with the Stipulation and Agreed Protective Order Governing Discovery Materials.

3.      I hereby agree and submit to the exercise of the personal jurisdiction over me by the United States District Court for the District of Delaware  insofar as is necessary to enforce the Stipulation and Agreed Protective Order Governing Discovery Materials.

Name:_____

Place of execution:

Date:

EXHIBIT A

8

# EXHIBIT K



**Volpe and Koenig** P.C.

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

──────── BRINGING LAW TO YOUR IDEAS ® ────────

Anthony S. Volpe
avolpe@volpe-koenig.com

November 19, 2007

Michael J. Fink, Esquire                                    **VIA UPS**
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191

Re:    Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.
       Civil Action No. 07-226

Dear Michael:

Enclosed is a CD containing document production bearing numbers JFI0000001-
JFI0012601.  Please note these documents have been designated Attorneys' Eyes
Only.

Very truly yours,

Volpe and Koenig, P.C.

By: _____
       Anthony S. Volpe

ASV/naf
Enclosure
cc:    Neil Goldberg, Esquire (letter only via e-mail)
       Adam Wyatt Poff, Esquire (letter only via e-mail)
       George H. Seitz, III, Esquire (letter only via e-mail)
       Patti McGonigle, Esquire (letter only via e-mail)

*Patents        Trademarks        Copyrights        Trade Secrets        Litigation        Licensing*

# EXHIBIT L



**Volpe and Koenig** P.C.

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

————————————— BRINGING LAW TO YOUR IDEAS ®—————————————

Anthony S. Volpe
avolpe@volpe-koenig.com

November 21, 2007

Michael J. Fink, Esquire                                          **VIA UPS**
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191

Re:    Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.
       Civil Action No. 07-226

Dear Michael:

Enclosed is a CD containing document production bearing numbers JFI0012602-JFI0013265.

Very truly yours,

Volpe and Koenig, P.C.

By: _____
       Anthony S. Volpe

ASV/naf
Enclosure
cc:    Neil Goldberg, Esquire (letter only via e-mail)
       Adam Wyatt Poff, Esquire (letter only via e-mail)
       George H. Seitz, III, Esquire (letter only via e-mail)
       Patti McGonigle, Esquire (letter only via e-mail)

*Patents      Trademarks      Copyrights      Trade Secrets      Litigation      Licensing*

# EXHIBIT M

## Ryan O'Donnell

| | |
|---|---|
| **From:** | Tony Volpe |
| **Sent:** | Monday, November 19, 2007 12:47 PM |
| **To:** | 'MICHAEL FINK' |
| **Cc:** | NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com; John O'Malley |

**Subject:** RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Michael, the only lack of good faith is that reflected in your continuing effort to create the impression that we have refused to produce documents. What we have done is to ask you to do what you said you would do months ago so the production could be efficient and orderly. Instead, you have refused to produce the promised draft, have refused to consider any position other than your own by speaking over anyone who does not agree with you and accusing them of not attempting to resolve the issues. We did refuse to accept documents under your unilateral and unnecessary demands.

As to the protective order proposal you did finally provide, it goes well beyond anything necessary for this technology, especially in view of the near expiration date of the patents. To date, you still have not addressed our repeated inquiries about how documents will be produced.

We will be sending you, by UPS, a documents CD with about 12,000 pages, marked as Attorneys' Eyes Only under the court's standing order, as TIFF images. We expect you to produce Voith's documents immediately under the court's standing order without any of your additional unilateral demands.

We welcome your comments on our proposed protective order.

Regards,

Tony

---

**From:** MICHAEL FINK [mailto:MFINK@gbpatent.com]
**Sent:** Sunday, November 18, 2007 1:31 PM
**To:** Tony Volpe
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com
**Subject:** RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Tony,

As we have repeatedly stated, in accordance with the applicable local rules and customs in Delaware, Voith's counsel will maintain confidential documents which JohnsonFoil produces in response to Voith's discovery requests as Outside Counsel Eyes Only until a protective order is entered by the Court. This level of confidentiality exceeds the level of confidentiality set forth in your recently proposed protective order, so there is no good faith basis for not producing responsive documents. Please reconsider your refusal to produce any documents responsive to Voith's discovery requests until a protective order is entered by the Court.

Furthermore, it is unfortunate that you refused to cooperate with us by redlining the draft protective order we forwarded to you. If you are adamant about the provisions of your proposed protective order, it is unlikely that the parties will agree on many of the provisions,

12/14/2007

but we should try to narrow the points in dispute.  Please let me know your availability on Monday, November 19, to discuss the protective orders.

Regards,
Michael

Michael J. Fink, Esq.
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

**************************************************************************
The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
**************************************************************************
In rare cases, our spam scanners may eliminate legitimate email. Please advise us immediately if you receive an error notification from our server.

---

**From:** Tony Volpe [mailto:TVolpe@volpe-koenig.com]
**Sent:** Friday, November 16, 2007 4:55 PM
**To:** MICHAEL FINK
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com
**Subject:** Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Hello Michael:

A proposed protective order is attached in word.

Best regards,

Tony

Anthony S. Volpe, Attorney at Law
Volpe and Koenig, P.C.
www.volpe-koenig.com
215-568-6400

12/14/2007



**Volpe** **and** **Koenig**

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA  19103
Tel  215.568.6400  Fax 215.568.6499
www.volpe-koenig.com

**Notice:** If you are not the named recipient of this transmission, please notify us immediately, by telephone, and delete or destroy any copy of this message.  You should not disclose or use this information in any way.  Disclosure or use of this information may expose you to criminal or civil liabilities.  We apologize for the inconvenience and thank you for your attention to this notice.

12/14/2007

# EXHIBIT N

## Ryan O'Donnell

| | |
|---|---|
| **From:** | Tony Volpe |
| **Sent:** | Monday, November 26, 2007 9:26 AM |
| **To:** | 'NEAL GOLDBERG' |
| **Cc:** | Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com; MICHAEL FINK; NEIL GREENBLUM |

**Subject:** RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Hello Neal:

I can only reiterate our previously stated position. We do not accept that there is highly sensitive information simply because you say there may be such information. This is similar to your rejection of our view that the patents are soon to expire and the related technology is old and admitted to be in the public domain. As we stated previously, you always have the right to seek protection under the rules for specific information by demonstrating the alleged risk to that specific information by disclosure under our proposed order.

As to a party representative, we believe it is necessary to our defense to have the benefit of open discussions with someone knowledgeable about the industry. Certain, this is a risk that Voith understood when it asserted the patents. To ask AstenJohnson to defend itself with out the benefit of access to the same information that is available to Voith is unreasonable.

In view of our impasse, we expect you to immediately produce Voith's discovery under the Court's standing order.

Best regards,

Tony

---

**From:** NEAL GOLDBERG [mailto:ngoldberg@gbpatent.com]
**Sent:** Wednesday, November 21, 2007 4:53 PM
**To:** Tony Volpe
**Cc:** Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com; MICHAEL FINK; NEIL GREENBLUM; NEAL GOLDBERG
**Subject:** RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Tony:

As we have explained, Voith's proposed "Highly Confidential" and "Confidential" designations, and associated restrictions, are intended to protect Voith's *confidential* information from the risk of improper use, not, as your response suggests, to limit the disclosure of "subject matter [that] has long been public." That a document relates to a machine embodying the patented invention does not foreclose the real possibility that such a document also contains sensitive proprietary information that has never been disclosed. For at least that reason, as we explained in our last e-mail, the term of the patents-in-suit is irrelevant. As we have explained, the very real risk that an attorney involved in patent prosecution will inadvertently, and improperly, benefit from the disclosure of Voith's proprietary information outweighs any prejudice to JohnsonFoils from limiting the disclosure of Voith's confidential information to those of its litigation counsel who are precluded from prosecution on matters relating to the Patents-in-Suit.

In addition, we see no reason why it is necessary for a "party representative" or in-house counsel to have access to Voith's confidential information. Again, Voith has never proposed restricting anyone's access to information that "has long been public." The prejudice to a party of disclosing its proprietary information, whether technical or

12/14/2007

not, to a competitor is indisputable. For that reason, we asked you, and we now ask you again, to explain why any prejudice to JohnsonFoils from our proposed restrictions outweighs the clear prejudice to Voith. We appreciate your offer to limit "in-house counsel" to nonprosecuting attorneys, but, at least, your proposal would do nothing to address the prejudice to Voith of disclosing its non-technical, but still highly sensitive, proprietary business information.

We point out that we have always been willing to limit the use of our proposed "Confidential" and "Highly Confidential" designations to nonpublic documents and information. Therefore, to the extent that your objection to our proposed confidentiality designations is based on your desire to circulate information that "has long been public," we ask that you withdraw your objection.

Finally, it is unfortunate that, without providing any explanation why JohnsonFoils believes it would be prejudiced by Voith's proposed confidentiality designations, you have refused our invitation to discuss these issues and have instead insisted that we "make the necessary showing under Rule 26."

Again, we urge you to reconsider our proposed confidentiality designations or provide a counter-proposal that addresses Voith's concerns.  To that end, we again invite you to discuss the terms of an agreed protective order in a teleconference at 4:00 p.m. on this coming Monday, November 26, 2007.

Regards,

Neal


Neal Goldberg
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
Tel: (703) 716 1191
Fax:(703) 716 1180
E-Mail: ngoldberg@gbpatent.com


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

**From:** Tony Volpe [mailto:TVolpe@volpe-koenig.com]
**Sent:** Wednesday, November 21, 2007 11:14 AM
**To:** MICHAEL FINK
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com
**Subject:** RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Michael:

The third and fourth paragraphs below exemplify why your proposal is unworkable. There is little, if any,

12/14/2007

reason for your broad exclusion of any attorney who sees Voith's information from prosecuting patents. The subject matter has long been public and there is little, if any, information to be produced that relates to current prosecution of subject matter in patents that are near to expiration.

If you are concerned about who serves as the "party representative," we are willing to consider what you think are necessary safeguards. As to in-house counsel, I see no reason why such counsel should be excluded. In our specific case, the in-house general counsel is not a technical person and is not a patent prosecutor. If you want to exclude in-house patent prosecution personnel, we will consider your proposal.

For our part, we do not see your concerns as being realistic, but remind you that you are always free to make the necessary showing under Rule 26 for the protection of specific information.

You should not take the decision not to engage in the debate invited by the first two paragraphs of your message to in any way indicate agreement with your continued attempts to vilify our positions.

Best regards,

Tony

---

**From:** MICHAEL FINK [mailto:MFINK@gbpatent.com]
**Sent:** Tuesday, November 20, 2007 6:36 PM
**To:** Tony Volpe
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com
**Subject:** Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Tony:

As explained in our previous correspondence, it is unreasonable for you to reject our Proposed Protective Order without providing any specific objections or proposed revisions. Your bald assertion that our Proposed Protective Order "goes well beyond anything necessary for this technology," is baseless and falls far short of a good faith effort to confer. Moreover, JohnsonFoils has requested confidential information that is ostensibly beyond strictly technical disclosures. In addition, the "near expiration date of the patents" is irrelevant to the terms of the Proposed Protective Order. Again, JohnsonFoils has requested information that is ostensibly beyond the technical practice of the patents in suit.

Despite your failure to reasonably confer with us regarding the terms of Voith's Proposed Protective Order, we remain willing to work with you in the hope that we can resolve our differences without the involvement of the Court. To that end, we have reviewed the protective order you sent to us on November 16 ("the JF Protective Order"). Although we are still in the process of evaluating the full extent of the differences between the JF Protective Order and Voith's Proposed Protective Order, we have reviewed your proposed confidentiality designation, and, for the reasons stated below, find it inadequate to reasonable protect Voith's confidential information from the risk of improper disclosure or use.

Unlike Voith's Proposed Protective Order, which provides for two levels of confidentiality "Confidential" and "Highly Confidential," the JF Protective Order provides for only one confidentiality designation: "Attorneys' Eyes Only." Ordinarily an "Attorneys' Eyes Only" designation provides the strongest protection available short of withholding the documents completely. However, JohnsonFoils' definition of "Attorneys' Eyes Only" is very broad, is not limited to attorneys, and does not bar attorneys with access to confidential information from prosecuting patent applications on subjects related to the patents-in-suit. *See* JF Protective Order, ¶5. Specifically, the JF Protective Order permits a "party

12/14/2007

representative," all in-house attorneys, and all outside counsel to review material marked "Attorneys' Eyes Only." The "party representative" appears to include at least any employee or executive of JohnsonFoils. The "in-house attorneys" appears to include any attorney regularly employed by JohnsonFoils, including its patent attorneys. Moreover, because the JF Proposed Protective Order also appears to permits disclosure to employees of such attorneys and individuals, even non-attorney patent agents would have access to Attorneys' Eyes Only information. Although the JF Protective Order states that Voith's confidential information would be used solely for the purposes of this litigation, it would be very difficult, if not impossible, to detect an improper use. In stark contrast to the JF Proposed Protective Order, Voith's Proposed Protective Order strictly limits material designated Highly Confidential to outside counsel retained for this litigation, and qualified experts, and further bars any outside counsel with access to Highly Confidential information from involvement in related patent matters for a period of three (3) years.

The extraordinarily broad disclosures permitted by your proposed "Attorneys' Eyes Only" designation, as described in detail above, pose an unacceptably high risk to Voith that its confidential information will be improperly disclosed or used. For example, we do not think it is reasonable to expect that a patent prosecutor who has seen technical information relating to Voith's paper machines and is working to draft claims to cover JohnsonFoils' competitors will not be influenced by that disclosure. Nor do we think it reasonable to expect that an in-house company representative or counsel considering a business plan or contract will not be influenced by prior exposure to details of Voith's-a direct competitor-confidential business and financial information. The JF Protective Order is unacceptable because it fails to account for these reasonable risks by balancing the harm to Voith against the prejudice to JohnsonFoils limiting the disclosure of Voith's confidential information as required. Indeed, JohnsonFoils has failed to articulate any prejudice that would result from the provisions of Voith's Proposed Protective Order.

To address Voith's reasonable interest in limiting the risk that its confidential information will be misused, we request that you reconsider the designations defined in Voith's Proposed Protective Order: "Highly Confidential," and "Confidential." To the extent that you do not agree with this proposal, please explain why JohnsonFoils would be prejudiced by the proposed limitations, and why JohnsonFoils believes that any asserted prejudice outweighs the risk to Voith that its confidential information will be improperly disclosed or used.

Please let us know when you are available to discuss these issues.

Best regards,

Michael J. Fink, Esq.
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

*********************************************************************
The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the

12/14/2007

intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited. If you have received
this communication in error, please notify us immediately by e-mail,
and delete the original message.
*********************************************************************

In rare cases, our spam scanners may eliminate legitimate email. Please advise us immediately if you
receive an error notification from our server.

**Volpe**
**and**
**Koenig**

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
Tel 215.568.6400  Fax 215.568.6499
www.volpe-koenig.com

**Notice:** If you are not the named recipient of this transmission, please notify us immediately, by telephone, and delete or destroy any copy of this message. You should not disclose or use this information in any way. Disclosure or use of this information may expose you to criminal or civil liabilities. We apologize for the inconvenience and thank you for your attention to this notice.

12/14/2007

# EXHIBIT O

## Ryan O'Donnell

| | |
|---|---|
| **From:** | NEAL GOLDBERG [ngoldberg@gbpatent.com] |
| **Sent:** | Monday, November 26, 2007 6:21 PM |
| **To:** | Tony Volpe |
| **Cc:** | NEIL GREENBLUM; Poff, Adam; MICHAEL FINK; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com; Stover, Chad; NEAL GOLDBERG |
| **Subject:** | RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720) |
| **Importance:** | High |

Dear Tony:

We are disappointed that you have rejected Voith's Proposed Protective Order in its entirety and have, again, rejected our invitation to confer with us on the terms of an agreed protective order. We continue to believe that reaching agreement on a protective order that reasonably protects both parties' confidential information—such as Voith's Proposed Protective Order—is preferable to involving the Court.

This is especially true since JohnsonFoils apparently concedes that a prosecution bar is an appropriate means of limiting the risk that highly sensitive confidential information will be misused, but, instead, asserts, without basis, that Voith has no such highly sensitive information. Specifically, you state that "[JohnsonFoils] does not accept there is highly sensitive information simply because you say there may be such information." To the extent that your objection is based on the disputed existence of Voith's highly sensitive information, your concerns are fully addressed in paragraph fifteen (15) of Voith's Proposed Protective Order, entitled "Challenge of Designation," and providing a procedure for challenging a party's confidentiality designations.

Moreover, JohnsonFoils has never explained why disclosing Voith's highly sensitive information to a JohnsonFoils party representative is <u>necessary</u> to avoid a prejudice that outweighs the obvious prejudice to Voith. Any need JohnsonFoils may have for "open discussions with someone knowledgeable about the industry" can easily be satisfied, pursuant to Voith's Proposed Protective Order, by retaining a qualified expert. Furthermore, we strongly disagree with your assertion that "[disclosing highly sensitive information to a competitor] is a risk that Voith understood when it asserted the patents." Discovery is not a proper means for JohnsonFoils to inflict undue burdens and risks on Voith, including the unnecessary risk of competitive injury from the unnecessarily broad disclosure of Voith's highly sensitive information.

In response to your demand that Voith "immediately produce Voith's discovery" we remind you that Voith has already provided the requested discovery, and that you, without any prior conferral, returned the documents to Voith. Nonetheless, Voith will, again, provide discovery pursuant to the Court's Rule 26.2. However, Voith will only provide highly sensitive documents, *i.e.,* documents designated Highly Confidential and subject to the pending protective order dispute, subject to the following conditions. First, any documents designated Highly Confidential, or the information they contain or reflect, in whole or in part, shall not be disclosed to any attorney involved in matters pending, or potentially pending, before any patent granting authority anywhere in the world. Second, any individual to whom such highly confidential information is disclosed agrees to be bound by the terms of any prosecution bar, or other restrictions, subsequently entered by the Court or agreed by the parties. In light of your continuing refusal to confer, if you do not agree to these conditions by the close of business on Wednesday, November 28, 2007, we will withhold Voith's highly confidential documents pending

resolution of the parties' protective order dispute by the Court.

Also, apart from your refusal to agree with Voith's two proposed levels of confidentiality, including the proposed "Confidential" and "Highly Confidential" designations, you have not stated any disagreement with any other provision of Voith's Proposed Protective Order. So that we may work to further narrow this dispute, please identify any other provisions of Voith's Proposed Protective Order for which you have an objection. Furthermore, in light of the foregoing response to your objections to Voith's proposed confidentiality designations, please let us know if you are willing to agree on protective order provisions that protect each party's confidential information by substantially providing for a suitable prosecution bar and a limit on the disclosure of highly sensitive information to exclude disclosure to in-house counsel and party representatives.

Sincerely,

Neal

Neal Goldberg
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
Tel: (703) 716 1191
Fax:(703) 716 1180
E-Mail: ngoldberg@gbpatent.com

CONFIDENTIAL: SUBJECT TO ATTORNEY-CLIENT PRIVILEGE
****************************************************************

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

****************************************************************

**From:** Tony Volpe [mailto:TVolpe@volpe-koenig.com]
**Sent:** Monday, November 26, 2007 9:26 AM
**To:** NEAL GOLDBERG
**Cc:** Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com; MICHAEL FINK; NEIL GREENBLUM
**Subject:** RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Hello Neal:

I can only reiterate our previously stated position. We do not accept that there is highly sensitive information simply because you say there may be such information. This is similar to your rejection of our view that the patents are soon to expire and the related technology is old and admitted to be in the public domain. As we stated previously, you always have the right to seek protection under the rules for specific

12/14/2007

information by demonstrating the alleged risk to that specific information by disclosure under our proposed order.

As to a party representative, we believe it is necessary to our defense to have the benefit of open discussions with someone knowledgeable about the industry. Certain, this is a risk that Voith understood when it asserted the patents. To ask AstenJohnson to defend itself with out the benefit of access to the same information that is available to Voith is unreasonable.

In view of our impasse, we expect you to immediately produce Voith's discovery under the Court's standing order.

Best regards,

Tony

---

**From:** NEAL GOLDBERG [mailto:ngoldberg@gbpatent.com]
**Sent:** Wednesday, November 21, 2007 4:53 PM
**To:** Tony Volpe
**Cc:** Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com; MICHAEL FINK; NEIL GREENBLUM; NEAL GOLDBERG
**Subject:** RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Tony:

As we have explained, Voith's proposed "Highly Confidential" and "Confidential" designations, and associated restrictions, are intended to protect Voith's *confidential* information from the risk of improper use, not, as your response suggests, to limit the disclosure of "subject matter [that] has long been public." That a document relates to a machine embodying the patented invention does not foreclose the real possibility that such a document also contains sensitive proprietary information that has never been disclosed. For at least that reason, as we explained in our last e-mail, the term of the patents-in-suit is irrelevant. As we have explained, the very real risk that an attorney involved in patent prosecution will inadvertently, and improperly, benefit from the disclosure of Voith's proprietary information outweighs any prejudice to JohnsonFoils from limiting the disclosure of Voith's confidential information to those of its litigation counsel who are precluded from prosecution on matters relating to the Patents-in-Suit.

In addition, we see no reason why it is necessary for a "party representative" or in-house counsel to have access to Voith's confidential information. Again, Voith has never proposed restricting anyone's access to information that "has long been public." The prejudice to a party of disclosing its proprietary information, whether technical or not, to a competitor is indisputable. For that reason, we asked you, and we now ask you again, to explain why any prejudice to JohnsonFoils from our proposed restrictions outweighs the clear prejudice to Voith. We appreciate your offer to limit "in-house counsel" to nonprosecuting attorneys, but, at least, your proposal would do nothing to address the prejudice to Voith of disclosing its non-technical, but still highly sensitive, proprietary business information.

We point out that we have always been willing to limit the use of our proposed "Confidential" and "Highly Confidential" designations to nonpublic documents and information. Therefore, to the extent that your objection to our proposed confidentiality designations is based on your desire to circulate information that "has long been public," we ask that you withdraw your objection.

Finally, it is unfortunate that, without providing any explanation why JohnsonFoils believes it would be prejudiced by Voith's proposed confidentiality designations, you have refused our invitation to discuss these issues and have instead insisted that we "make the necessary showing under Rule 26."

Again, we urge you to reconsider our proposed confidentiality designations or provide a counter-proposal that addresses Voith's concerns. To that end, we again invite you to discuss the terms of an agreed protective order in a teleconference at 4:00 p.m. on this coming Monday, November 26, 2007.

12/14/2007

Case 1:07-cv-00226-JJF    Document 50-4    Filed 12/17/2007    Page 19 of 26

Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)    Page 4 of 7

Regards,

Neal


Neal Goldberg
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
Tel: (703) 716 1191
Fax:(703) 716 1180
E-Mail: ngoldberg@gbpatent.com


*************************************************************

**The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail,**
and delete the original message.


*************************************************************


---

**From:** Tony Volpe [mailto:TVolpe@volpe-koenig.com]
**Sent:** Wednesday, November 21, 2007 11:14 AM
**To:** MICHAEL FINK
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com
**Subject:** RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Michael:

The third and fourth paragraphs below exemplify why your proposal is unworkable. There is little, if any, reason for your broad exclusion of any attorney who sees Voith's information from prosecuting patents. The subject matter has long been public and there is little, if any, information to be produced that relates to current prosecution of subject matter in patents that are near to expiration.

If you are concerned about who serves as the "party representative," we are willing to consider what you think are necessary safeguards. As to in-house counsel, I see no reason why such counsel should be excluded. In our specific case, the in-house general counsel is not a technical person and is not a patent prosecutor. If you want to exclude in-house patent prosecution personnel, we will consider your proposal.

For our part, we do not see your concerns as being realistic, but remind you that you are always free to make the necessary showing under Rule 26 for the protection of specific information.

You should not take the decision not to engage in the debate invited by the first two paragraphs of your message to in any way indicate agreement with your continued attempts to vilify our positions.

Best regards,


12/14/2007

Tony

---

**From:** MICHAEL FINK [mailto:MFINK@gbpatent.com]
**Sent:** Tuesday, November 20, 2007 6:36 PM
**To:** Tony Volpe
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com
**Subject:** Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Tony:

As explained in our previous correspondence, it is unreasonable for you to reject our Proposed Protective Order without providing any specific objections or proposed revisions. Your bald assertion that our Proposed Protective Order "goes well beyond anything necessary for this technology," is baseless and falls far short of a good faith effort to confer. Moreover, JohnsonFoils has requested confidential information that is ostensibly beyond strictly technical disclosures. In addition, the "near expiration date of the patents" is irrelevant to the terms of the Proposed Protective Order. Again, JohnsonFoils has requested information that is ostensibly beyond the technical practice of the patents in suit.

Despite your failure to reasonably confer with us regarding the terms of Voith's Proposed Protective Order, we remain willing to work with you in the hope that we can resolve our differences without the involvement of the Court. To that end, we have reviewed the protective order you sent to us on November 16 ("the JF Protective Order"). Although we are still in the process of evaluating the full extent of the differences between the JF Protective Order and Voith's Proposed Protective Order, we have reviewed your proposed confidentiality designation, and, for the reasons stated below, find it inadequate to reasonable protect Voith's confidential information from the risk of improper disclosure or use.

Unlike Voith's Proposed Protective Order, which provides for two levels of confidentiality "Confidential" and "Highly Confidential," the JF Protective Order provides for only one confidentiality designation: "Attorneys' Eyes Only." Ordinarily an "Attorneys' Eyes Only" designation provides the strongest protection available short of withholding the documents completely. However, JohnsonFoils' definition of "Attorneys' Eyes Only" is very broad, is not limited to attorneys, and does not bar attorneys with access to confidential information from prosecuting patent applications on subjects related to the patents-in-suit. *See* JF Protective Order, ¶5. Specifically, the JF Protective Order permits a "party representative," all in-house attorneys, and all outside counsel to review material marked "Attorneys' Eyes Only." The "party representative" appears to include at least any employee or executive of JohnsonFoils. The "in-house attorneys" appears to include any attorney regularly employed by JohnsonFoils, including its patent attorneys. Moreover, because the JF Proposed Protective Order also appears to permits disclosure to employees of such attorneys and individuals, even non-attorney patent agents would have access to Attorneys' Eyes Only information. Although the JF Protective Order states that Voith's confidential information would be used solely for the purposes of this litigation, it would be very difficult, if not impossible, to detect an improper use. In stark contrast to the JF Proposed Protective Order, Voith's Proposed Protective Order strictly limits material designated Highly Confidential to outside counsel retained for this litigation, and qualified experts, and further bars any outside counsel with access to Highly Confidential information from involvement in related patent matters for a period of three (3) years.

The extraordinarily broad disclosures permitted by your proposed "Attorneys' Eyes Only" designation, as described in detail above, pose an unacceptably high risk to Voith that its confidential information will be improperly disclosed or used. For example, we do not think it is reasonable to expect that a

12/14/2007

patent prosecutor who has seen technical information relating to Voith's paper machines and is working to draft claims to cover JohnsonFoils' competitors will not be influenced by that disclosure. Nor do we think it reasonable to expect that an in-house company representative or counsel considering a business plan or contract will not be influenced by prior exposure to details of Voith's-a direct competitor-confidential business and financial information. The JF Protective Order is unacceptable because it fails to account for these reasonable risks by balancing the harm to Voith against the prejudice to JohnsonFoils limiting the disclosure of Voith's confidential information as required. Indeed, JohnsonFoils has failed to articulate any prejudice that would result from the provisions of Voith's Proposed Protective Order.

To address Voith's reasonable interest in limiting the risk that its confidential information will be misused, we request that you reconsider the designations defined in Voith's Proposed Protective Order: "Highly Confidential," and "Confidential." To the extent that you do not agree with this proposal, please explain why JohnsonFoils would be prejudiced by the proposed limitations, and why JohnsonFoils believes that any asserted prejudice outweighs the risk to Voith that its confidential information will be improperly disclosed or used.

Please let us know when you are available to discuss these issues.

Best regards,

Michael J. Fink, Esq.
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

*********************************************************************
The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited. If you have received
this communication in error, please notify us immediately by e-mail,
and delete the original message.
*********************************************************************
In rare cases, our spam scanners may eliminate legitimate email. Please advise us immediately if you
receive an error notification from our server.

Volpe
and
Koenig

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
Tel 215.568.6400 Fax 215.568.6499
www.volpe-koenig.com

12/14/2007

Case 1:07-cv-00226-JJF    Document 50-4    Filed 12/17/2007    Page 22 of 26

Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)    Page 7 of 7

**_Notice:_** If you are not the named recipient of this transmission, please notify us immediately, by telephone, and delete or destroy any copy of this message. You should not disclose or use this information in any way. Disclosure or use of this information may expose you to criminal or civil liabilities. We apologize for the inconvenience and thank you for your attention to this notice.

12/14/2007

# EXHIBIT P



**Volpe**
and
**Koenig**
P.C.

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

BRINGING LAW TO YOUR IDEAS

Anthony S. Volpe
avolpe@volpe-koenig.com

December 7, 2007

**VIA E-MAIL AND FACSIMILE**
**3 PAGES TO 703-716-1180**

Neil F. Greenblum, Esquire
Michael J. Fink, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191

Re:    Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.
       In the United States District Court for the District of Delaware
       Civil Action No.  07-226

Dear Counsel:

This letter addresses a number of outstanding discovery issues which have been unresolved for some time.

JohnsonFoils has repeatedly requested that Voith immediately produce its documents in accordance with Local Rule 26.2 without the extraneous limitations provided in your November 7, 2007 letter.  Your November 26, 2007 response that you will only produce documents in accordance with your self-imposed restrictions goes well beyond Local Rule 26.2 which provides in pertinent part that:

> If any documents are deemed confidential by the producing party and the parties have not stipulated to a confidentiality agreement, until such an agreement is in effect, disclosure shall be limited to members and employees of the firm of trial counsel who have entered an appearance and, where appropriate, have been admitted pro hac vice. Such persons are under an obligation to keep such documents confidential and to use them only for purposes of litigating the case.

Clearly, Local Rule 26.2 does not permit a party to unilaterally insert additional restrictions.  Since you have not moved for a protective order, your responses are well overdue.

Based upon our prior correspondence and the briefing regarding the motion to compel, it appears that we are at an impasse on this issue and we intend to move to compel production of documents.  Please advise if you disagree.  If you have

*Patents        Trademarks        Copyrights        Trade Secrets        Litigation        Licensing*



Neil F. Greenblum, Esquire                                    December 7, 2007
Michael J. Fink, Esquire                                        C.A. No. 07-226
Page 2

reconsidered your position, we will be available to discuss this issue today or on Monday.

The next issue to address is Voith's voluminous objections to JohnsonFoils First and Second Set of Document Requests. We noted with interest that many of Voith's objections in its discovery responses are very similar to those Voith found objectionable in your October 12, 2007 letter and in its Motion to Compel. We do not accept your objections and ask that you reconsider your objections in light of your prior positions.

We now turn to three specific requests for which Voith stated that no documents exist, or if they exist, they would not be produced. If the position is that no documents exist, please provide a certification from Voith or its counsel that no documents exist. If documents exist and you are refusing to identify them on your privilege log, please provide a certification from Voith or its counsel on the basis for that refusal.

In response to document request 10, which seeks all prior art known to Voith, the response stated that all prior art was cited in the Patents-In-Suit. JohnsonFoils expects that Voith has made a good faith effort to examine its records, including, but not limited to, all counterpart and related patent applications, and will rely on Voith's representations.

In response to document request 11, which seeks all design, installation and manufacturing documentation associated with the subject matter of the Patents-in-Suit, Voith states that there are no responsive documents. We find this hard to believe and it leads us to the conclusion that Voith has not preserved documents in accordance with its obligations under the rules.

In response to document request 13, which seeks documents associated with Voith's evaluation of any potential infringement by a third party of the subject matter of the Patents-In-Suit, Voith has refused to produce any documents based on its objections. The existence of other claims of infringement against third parties is clearly relevant to the instant case. To the extent that certain documents may be subject to a claim of privilege, those documents must be identified on your privilege log. We find it hard to believe that there are no other responsive documents and



Neil F. Greenblum, Esquire                                          December 7, 2007
Michael J. Fink, Esquire                                               C.A. No. 07-226
Page 3


request that you revise and supplement your response by producing non-privileged documents.

To the extent that Voith is unwilling to produce the requested documents and supplement its responses, please let us know by the close of business on Tuesday, December 11, 2007. We are available to confer with you on any of these issues today or on Monday, December 10, 2007. Please suggest a time to confer.

Very truly yours,

Volpe and Koenig, P.C.


By: _____
        Anthony S. Volpe

ASV/cps

cc: All counsel of record by e-mail.