IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG | : | |
| | : | Civil Action No. 07-226-JJF |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHNSONFOILS, INC. | : | |
| | : | |
| Defendant. | : | |

### DEFENDANT, JOHNSONFOILS, INC.'S MOTION FOR LEAVE TO AMEND ITS COUNTERCLAIMS

Defendant, JohnsonFoils, Inc. ("JohnsonFoils") moves this Honorable Court to grant a Motion for Leave to Amend Its Counterclaims. Pursuant to Local Rule 15.1, the proposed pleading is attached as Exhibit "1". The form of the amended pleading showing additions and deletions is attached as Exhibit "2".

Support for this Motion is fully set forth in JohnsonFoils' accompanying Opening Brief and the referenced Appendices and Exhibits. A proposed Order accompanies this Motion.

Dated: December 21, 2007

Respectfully submitted,

Seitz, Van Ogtrop & Green, P.A.

*/s/ Patricia P. McGonigle*

George H. Seitz, III (DE #667)
gseitz@svglaw.com
Patricia Pyles McGonigle (DE #3126)
pmcgonigle@svglaw.com
Kevin A. Guerke (DE#4096)
kguerke@svglaw.com
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

- and -

Anthony S. Volpe
John J. O'Malley
Randolph J. Huis
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA  19103

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG | : | |
| | : | Civil Action No. 07-226-JJF |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHNSONFOILS, INC. | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1

Pursuant to 7.1.1 of the Local Rules of the United States District Court for the District of Delaware, I hereby certify that counsel for JohnsonFoils, Inc. ("JohnsonFoils") has made a reasonable effort to reach agreement with counsel for Voith Paper GmbH & Co. KG ("Voith") on the matters set forth in "Defendant, JohnsonFoils, Inc.'s Motion for Leave to Amend Its Counterclaims" and hereby certify that that the parties have not been able to reach agreement.

Respectfully submitted,

*/s/ Patricia P. McGonigle*

Dated: December 21, 2007

George H. Seitz, III (DE #667)
gseitz@svglaw.com
Patricia Pyles McGonigle (DE #3126)
pmcgonigle@svglaw.com
Kevin A. Guerke (DE#4096)
kguerke@svglaw.com
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

-and-

Anthony S. Volpe
John J. O'Malley
Randolph J. Huis
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400

*Attorneys for Defendant
JohnsonFoils, Inc.*

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 21st day of December 2007, I electronically filed the foregoing pleading with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record. Further, I caused a copy of the foregoing to be served upon the following counsel as noted

**Via Hand Delivery**
Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899

**Via Email**
Neil F. Greenblum, Esquire
Michael J. Fink, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia  20191

/s/ *Patricia P. McGonigle*

Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com

62587 v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 07-226-UNA |
| v. | : | |
| | : | |
| JOHNSONFOILS, INC., | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT, JOHNSONFOILS, INC.'S, ANSWER, AFFIRMATIVE
DEFENSES, AND AMENDED COUNTERCLAIMS TO PLAINTIFF,
VOITH PAPER GMBH & CO. KG'S, COMPLAINT**

Defendant, JohnsonFoils, Inc. ("JohnsonFoils"), by and through its undersigned counsel, hereby responds to the allegations in Plaintiff, Voith Paper GmbH & Co. KG's ("Voith"), Complaint as follows, and asserts the following Affirmative Defenses and Counterclaims.

1.    Denied.

2.    JohnsonFoils is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and denies the same.

3.    Admitted.

4.    Denied.

5.    Denied.

6.    Denied.

7.    Denied as a conclusion of law; however, it is admitted that JohnsonFoils is a Delaware corporation.

8. Denied.

9. Denied as conclusions of law to which no responsive pleading is required.

10. Denied as conclusions of law to which no responsive pleading is required.

11. Denied as conclusions of law to which no responsive pleading is required.

12. Denied as conclusions of law to which no responsive pleading is required.

13. Denied as conclusions of law to which no responsive pleading is required.

14. Denied as stated. It is admitted that formation is a part of the paper making process.

15. JohnsonFoils is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and denies the same.

16. JohnsonFoils is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and denies the same.

17. Denied as conclusions of law to which no responsive pleading is required.

18. To the extent the paragraph is understood, it is denied; however, it is admitted that JohnsonFoils is engaged in designing and building improved drainage devices.

19.    Denied.

20.    Denied.

21.    Paragraph 21 of Voith's Complaint is a transitional paragraph to which no response is required.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

JohnsonFoils further denies that Voith is entitled to any of the relief requested in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Voith fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

JohnsonFoils has not infringed any claim of the Patents-in-Suit, either literally or under the doctrine of equivalents.

### Third Affirmative Defense

Each of the Patents-in-Suit is invalid, unenforceable, and void for failure to comply with the provisions of 35 U.S.C. § 101 *et seq.*

### Fourth Affirmative Defense

Voith is barred by the doctrine of Prosecution History Estoppel from presenting a claim interpretation necessary to find infringement of any claim of the Patents-in-Suit.

### Fifth Affirmative Defense

Voith has misused each of the Patents-in-Suit which renders each of them unenforceable, and Voith is precluded from obtaining any relief in this action due to its misuse.

### Sixth Affirmative Defense

Voith's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

### Seventh Affirmative Defense

Voith's claims are barred, in whole or in part, by the doctrine of waiver.

### Eighth Affirmative Defense

Voith's claims are barred, in whole or in part, by the statute of limitations.

### Ninth Affirmative Defense

Voith's claims are barred, in whole or in part, by the doctrine of laches.

### COUNTERCLAIMS

Defendant and Counterclaimant, JohnsonFoils, Inc. ("JohnsonFoils"), hereby asserts the following counterclaims against Voith

## Parties

1.    Upon information and belief, Plaintiff and Counterclaim Defendant, Voith Paper GmbH & Co. KG's ("Voith"), is a corporation organized and existing under the laws of Germany, with its principal place of business at Sankt Poeltener Strasse 43, Heidenheim, Germany 89522.

2.    Defendant and Counterclaimant, JohnsonFoils, is a corporation organized and existing under the laws of the State of Delaware.

3.    Defendant and Counterclaimant, JohnsonFoils has its principal place of business located at 40 Progress Avenue, Springfield, MA 01104.

## Jurisdiction and Venue

4.    Voith has invoked the jurisdiction and venue of this Court by filing its Complaint arising out of the same subject matter as JohnsonFoils' counterclaims.

5.    Jurisdiction arises under 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202.

6.    Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.

## Background

7.    JohnsonFoils is in the business of researching, designing and developing drainage equipment, cleaning systems, ceramic products and technology for the management of water removal and sheet formation on pulp and paper machines.

8.    U.S. Patent No. 5,389,206 ("'206 Patent"') issued on February 14, 1995, for a "TWIN WIRE FORMER". A copy of the '206 Patent is attached as Exhibit "A."

9.    U.S. Patent No. 5,500,091 ("'091 Patent"') issued on March 19, 1996, for a "TWIN WIRE FORMER". A copy of the '091 Patent is attached as Exhibit "B."

10.    U.S. Patent No. 5,853,544 ("'544 Patent"') issued on December 29, 1998 for a "TWIN WIRE FORMER". A copy of the '544 Patent is attached as Exhibit "C."

11.    U.S. Patent No. 5,718,805 ("'805 Patent"') issued on February 17, 1998 for a "TWIN WIRE FORMER". A copy of the '805 Patent is attached as Exhibit "D."

12.    U.S. Patent No. 5,972,168 ("'168 Patent"') issued on December 29, 1998 for a "TWIN WIRE FORMER". A copy of the '168 Patent is attached as Exhibit "E."

13.    Upon information and belief, the assignment records of the United States Patent and Trademark Office ("PTO") reflect ownership of the '805 Patent, the '168 Patent, the '206 Patent, the '091 Patent, and the '544 Patent (collectively referred to as "Voith's Twin Wire Former Patents") in the name of Voith.

14.    All of Voith's Twin Wire Former Patents are a family of related patents with the same subject matter and same specification that claim priority to application Serial No. 07/773,965, filed as PCT/EP90/01313, which is now abandoned.

15.    On April 27, 2007, Voith filed a Complaint, in the United States District Court for the District of Delaware and docketed as C.A. No. 07-02226-JJF, alleging that JohnsonFoils infringed the '805 and '168 Patents ("Patents-in-Suit").

16.    On August 24, 2007, JohnsonFoils filed requests for reexamination with the PTO for the Patents-in-Suit.

17.    On November 16, 2007 JohnsonFoils filed requests for reexamination with the PTO for the '206; '091; and, '544 Patents.

18.    Voith asserts that the JohnsonFoils twin wire former products that utilize resiliently mounted blades infringe Voith's Twin Wire Former Patents and is an "Accused Product."  A copy Plaintiff's [Voith] First Set of Interrogatories to JohnsonFoils, Inc. is attached as Exhibit "F" to this Complaint; see the definition of "Accused Product" on page 5.

19.    There is a substantial and continuing justiciable controversy between Voith and JohnsonFoils regard JohnsonFoils' right to manufacture and sell twin wire formers having resiliently mounted blades and its infringement of the Voith's Twin Wire Former Patents.

### First Counterclaim
### Declaratory Judgment of Non-Infringement of the Patents-in-Suit

20.    The allegations in Paragraphs 1-9 of JohnsonFoils' Counterclaims are incorporated by reference as though fully set forth herein.

21.    An actual controversy requiring a declaration of rights by this Court exists under the Patent Act between JohnsonFoils and Voith concerning the alleged infringement and the invalidity of the Patents-in-Suit.

22.    JohnsonFoils' counterclaim for declaratory relief is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.* and 35 U.S.C. §§ 1, *et seq.*

23.     JohnsonFoils has not and does not infringe, literally or under the doctrine of equivalents, any claim of the Patents-in-Suit.

24.     JohnsonFoils has not induced and is not inducing infringement of any claim of the Patents-in-Suit.

25.     JohnsonFoils' has not in the past and is not now contributing to the infringement of any claim of the Patents-in-Suit.

26.     JohnsonFoils is entitled to a declaratory judgment that it has not in the past infringed and is not now infringing any claim of the Patents-in-Suit.

**Second Counterclaim**
**Declaratory Judgment that the Patents-in-Suit Are Invalid**

27.     The allegations in Paragraphs 1-16 of JohnsonFoils' Counterclaims are incorporated by reference as though fully set forth herein.

28.     All claims of the Patents-in-Suit are invalid under 35 U.S.C. § 102.

29.     All claims of the Patents-in-Suit are invalid under 35 U.S.C. § 103.

30.     All claims of the Patents-in-Suit are invalid under 35 U.S.C. § 112.

31.     JohnsonFoils is entitled to a declaratory judgment that the all claims of the Patents-in-Suit are invalid, unenforceable, and void pursuant to 35 U.S.C. §§ 101 *et seq.*

**Third Counterclaim**
**Declaratory Judgment of Non-Infringement of the '206 Patent**

32.     The allegations in Paragraphs 1-19 of JohnsonFoils' Counterclaims are incorporated by reference as though fully set forth herein.

33.    An actual controversy requiring a declaration of rights by this Court exists under the Patent Act between JohnsonFoils and Voith concerning the alleged infringement and the invalidity of the '206 Patent.

34.    JohnsonFoils' counterclaim for declaratory relief is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.* and 35 U.S.C. §§ 1, *et seq.*

35.    JohnsonFoils has not and does not infringe, literally or under the doctrine of equivalents, any claim of the '206 Patent.

36.    JohnsonFoils has not induced and is not inducing infringement of any claim of the '206 Patent.

37.    JohnsonFoils' has not in the past and is not now contributing to the infringement of any claim of the '206 Patent.

38.    JohnsonFoils is entitled to a declaratory judgment that it has not in the past infringed and is not now infringing any claim of the '206 Patent.

### Fourth Counterclaim
### Declaratory Judgment of Non-Infringement of the '091 Patent

39.    The allegations in Paragraphs 1-26 of JohnsonFoils' Counterclaims are incorporated by reference as though fully set forth herein.

40.    An actual controversy requiring a declaration of rights by this Court exists under the Patent Act between JohnsonFoils and Voith concerning the alleged infringement and the invalidity of the '091 Patent.

41.    JohnsonFoils' counterclaim for declaratory relief is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.* and 35 U.S.C. §§ 1, *et seq.*

42.    JohnsonFoils has not and does not infringe, literally or under the doctrine of equivalents, any claim of the '091 Patent.

43.    JohnsonFoils has not induced and is not inducing infringement of any claim of the '091 Patent.

44.    JohnsonFoils' has not in the past and is not now contributing to the infringement of any claim of the '091 Patent.

45.    JohnsonFoils is entitled to a declaratory judgment that it has not in the past infringed and is not now infringing any claim of the '091 Patent.

### Fifth Counterclaim
### Declaratory Judgment of Non-Infringement of the '544 Patent

46.    The allegations in Paragraphs 1-33 of JohnsonFoils' Counterclaims are incorporated by reference as though fully set forth herein.

47.    An actual controversy requiring a declaration of rights by this Court exists under the Patent Act between JohnsonFoils and Voith concerning the alleged infringement and the invalidity of the '544 Patent.

48.    JohnsonFoils' counterclaim for declaratory relief is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.* and 35 U.S.C. §§ 1, *et seq.*

49.    JohnsonFoils has not and does not infringe, literally or under the doctrine of equivalents, any claim of the '544 Patent.

50.    JohnsonFoils has not induced and is not inducing infringement of any claim of the '544 Patent.

51.    JohnsonFoils' has not in the past and is not now contributing to the infringement of any claim of the '544 Patent.

52.    JohnsonFoils is entitled to a declaratory judgment that it has not in the past infringed and is not now infringing any claim of the '544 Patent.

### Sixth Counterclaim
### Declaratory Judgment that the '206 Patent Is Invalid

53.    The allegations in Paragraphs 1-54 of JohnsonFoils' Counterclaims are incorporated by reference as though fully set forth herein.

54.    All claims of the '206 Patent is invalid under 35 U.S.C. § 102.

55.    All claims of the '206 Patent is invalid under 35 U.S.C. § 103.

56.    All claims of the '206 Patent is invalid under 35 U.S.C. § 112.

57.    JohnsonFoils is entitled to a declaratory judgment that the all claims of the '206 Patent is invalid, unenforceable, and void pursuant to 35 U.S.C. §§ 101 *et seq.*

### Seventh Counterclaim
### Declaratory Judgment that the '091 Patent Is Invalid

58.    The allegations in Paragraphs 1-59 of JohnsonFoils' Counterclaims are incorporated by reference as though fully set forth herein.

59.    All claims of the '091 Patent is invalid under 35 U.S.C. § 102.

60.    All claims of the '091 Patent is invalid under 35 U.S.C. § 103.

61.    All claims of the '091 Patent is invalid under 35 U.S.C. § 112.

62.    JohnsonFoils is entitled to a declaratory judgment that the all claims of the '091 Patent is invalid, unenforceable, and void pursuant to 35 U.S.C. §§ 101 *et seq.*

### Eighth Counterclaim
### Declaratory Judgment that the '544 Patent Is Invalid

63.    The allegations in Paragraphs 1-64 of JohnsonFoils' Counterclaims are incorporated by reference as though fully set forth herein.

64.    All claims of the '544 Patent is invalid under 35 U.S.C. § 102.

65.    All claims of the '544 Patent is invalid under 35 U.S.C. § 103.

66.    All claims of the '544 Patent is invalid under 35 U.S.C. § 112.

67.    JohnsonFoils is entitled to a declaratory judgment that the all claims of the '544 Patent is invalid, unenforceable, and void pursuant to 35 U.S.C. §§ 101 *et seq.*

### Ninth Counterclaim
### Patent Misuse

68.    JohnsonFoils incorporates paragraphs 1-79 of its Counterclaims as if fully set forth herein.

69.    On information and belief, Voith has misused the Patents-in-Suit by filing the present action against JohnsonFoils for patent infringement when Voith

knew or should have known that JohnsonFoils was not infringing any permissible, reasonable or valid interpretation of any claim of the Patents-in-Suit.

70.    On information and belief, Voith's impermissible, unreasonable or invalid interpretations of the claims of the Patents-in-Suit are interposed for the purposes of this suit and its anti-competitive effect.

71.    On information and belief, Voith knew or should have known of existing prior art that was not before the United States Patent and Trademark Office during the prosecution of the applications leading to the Patents-in-Suit.

72.    On information and belief, that existing prior art is such that Voith knew or should have known that the claims of the Patents-is-Suit were not patentable.

73.    On information and belief, that existing prior art is such that Voith now knows or should have known that its interpretations of the claims of the Patents-in-Suit render them invalid.

74.    On information and belief, Voith knowingly ignored the existing prior art so it could advance its  impermissible, unreasonable or invalid interpretations of the claims of the Patents-in-Suit and use them as a jurisdictional basis for this sham suit and its anti-competitive effects.

75.    Voith's    assertion    of    impermissible,    unreasonable    or    invalid interpretations of the claims of the Patents-in-Suit is having an anti-competitive effect on JohnsonFoils.

## RELIEF

WHEREFORE, JohnsonFoils requests that this Court enter a judgment that:

(a)    Dismisses Voith's Complaint with prejudice and denies all of the relief it requested therein;

(b)    Voith and all persons in active concert or participation with it are enjoined from threatening or charging JohnsonFoils, its suppliers, customers or distributors with infringement of U.S. Patent Nos. 5,389,206, 5,500,091, 5,853,544, 5,718,805 and 5,972,168;

(c)    JohnsonFoils its suppliers, customers and distributors are not liable for any infringement of U.S. Patent Nos. 5,389,206, 5,500,091, 5,853,544, 5,718,805 and 5,972,168;

(d)    That U.S. Patent Nos. 5,389,206, 5,500,091, 5,853,544, 5,718,805  and 5,972,168 are invalid, unenforceable, and void pursuant to 35 U.S.C. §§ 101 *et seq.*;

(e)    That Voith is not entitled to costs pursuant to 35 U.S.C. § 288;

(f)    Awards JohnsonFoils damages arising out of Voith's misuse of U.S. Patent Nos. 5,389,206, 5,500,091, 5,853,544, 5,718,805 and 5,972,168;

(g)    This is an exceptional case entitling JohnsonFoils to an award of its attorneys' fees and costs pursuant to 35 U.S.C. § 285;

(h)    That JohnsonFoils is entitled to prejudgment interest and post-judgment interest on the above damages awards; and

(i)    Such other and further relief as this Court may deem appropriate.

## JURY TRIAL DEMAND

A trial by jury is demanded.

Respectfully submitted,

Dated: _____

_____
George H. Seitz, III (DE #667)
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-7602

Anthony S. Volpe
John O'Malley
Randolph J. Huis
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400

*Attorneys for Defendant*
*JohnsonFoils, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 07-226-UNA |
| v. | : | |
| | : | |
| JOHNSONFOILS, INC., | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT, JOHNSONFOILS, INC.'S, ANSWER, AFFIRMATIVE DEFENSES, AND AMENDED COUNTERCLAIMS TO PLAINTIFF, VOITH PAPER GMBH & CO. KG'S, COMPLAINT

Defendant, JohnsonFoils, Inc. ("JohnsonFoils"), by and through its undersigned counsel, hereby responds to the allegations in Plaintiff, Voith Paper GmbH & Co. KG's ("Voith"), Complaint as follows, and asserts the following Affirmative Defenses and Counterclaims.

1.  Denied.

2.  JohnsonFoils is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and denies the same.

3.  Admitted.

4.  Denied.

5.  Denied.

6.  Denied.

7.  Denied as a conclusion of law; however, it is admitted that JohnsonFoils is a Delaware corporation.

1

8.    Denied.

9.    Denied as conclusions of law to which no responsive pleading is required.

10.    Denied as conclusions of law to which no responsive pleading is required.

11.    Denied as conclusions of law to which no responsive pleading is required.

12.    Denied as conclusions of law to which no responsive pleading is required.

13.    Denied as conclusions of law to which no responsive pleading is required.

14.    Denied as stated. It is admitted that formation is a part of the paper making process.

15.    JohnsonFoils is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and denies the same.

16.    JohnsonFoils is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and denies the same.

17.    Denied as conclusions of law to which no responsive pleading is required.

18.    To the extent the paragraph is understood, it is denied; however, it is admitted that JohnsonFoils is engaged in designing and building improved drainage devices.

19.    Denied.

20.    Denied.

21.    Paragraph 21 of Voith's Complaint is a transitional paragraph to which no response is required.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

JohnsonFoils further denies that Voith is entitled to any of the relief requested in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Voith fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

JohnsonFoils has not infringed any claim of the Patents-in-Suit, either literally or under the doctrine of equivalents.

### Third Affirmative Defense

Each of the Patents-in-Suit is invalid, unenforceable, and void for failure to comply with the provisions of 35 U.S.C. § 101 *et seq.*

### Fourth Affirmative Defense

Voith is barred by the doctrine of Prosecution History Estoppel from presenting a claim interpretation necessary to find infringement of any claim of the Patents-in-Suit.

### Fifth Affirmative Defense

Voith has misused each of the Patents-in-Suit which renders each of them unenforceable, and Voith is precluded from obtaining any relief in this action due to its misuse.

### Sixth Affirmative Defense

Voith's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

### Seventh Affirmative Defense

Voith's claims are barred, in whole or in part, by the doctrine of waiver.

### Eighth Affirmative Defense

Voith's claims are barred, in whole or in part, by the statute of limitations.

### Ninth Affirmative Defense

Voith's claims are barred, in whole or in part, by the doctrine of laches.

### <u>COUNTERCLAIMS</u>

Defendant and Counterclaimant, JohnsonFoils, Inc. ("JohnsonFoils"), hereby asserts the following counterclaims against Voith:

## Parties

1.    Upon information and belief, Plaintiff and Counterclaim Defendant, Voith Paper GmbH & Co. KG's ("Voith"), is a corporation organized and existing under the laws of Germany, with its principal place of business at Sankt Poeltener Strasse 43, Heidenheim, Germany 89522.

2.    Defendant and Counterclaimant, JohnsonFoils, is a corporation organized and existing under the laws of the State of Delaware.

3.    Defendant and Counterclaimant, JohnsonFoils has its principal place of business located at 40 Progress Avenue, Springfield, MA 01104.

## Jurisdiction and Venue

4.    Voith has invoked the jurisdiction and venue of this Court by filing its Complaint arising out of the same subject matter as JohnsonFoils' counterclaims.

5.    Jurisdiction arises under 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202.

6.    Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.

## Background

7.    JohnsonFoils is in the business of researching, designing and developing drainage equipment, cleaning systems, ceramic products and technology for the management of water removal and sheet formation on pulp and paper machines.

8.    U.S. Patent No. 5,389,206 ("'206 Patent'") issued on February 14, 1995, for a "TWIN WIRE FORMER". A copy of the '206 Patent is attached as Exhibit "A."

5

9. U.S. Patent No. 5,500,091 ("'091 Patent"') issued on March 19, 1996, for a "TWIN WIRE FORMER". A copy of the '091 Patent is attached as Exhibit "B."

10. U.S. Patent No. 5,853,544 ("'544 Patent"') issued on December 29, 1998 for a "TWIN WIRE FORMER". A copy of the '544 Patent is attached as Exhibit "C."

11. U.S. Patent No. 5,718,805 ("'805 Patent"') issued on February 17, 1998 for a "TWIN WIRE FORMER". A copy of the '805 Patent is attached as Exhibit "D."

12. U.S. Patent No. 5,972,168 ("'168 Patent"') issued on December 29, 1998 for a "TWIN WIRE FORMER". A copy of the '168 Patent is attached as Exhibit "E."

13. Upon information and belief, the assignment records of the United States Patent and Trademark Office ("PTO") reflect ownership of the '805 Patent, the '168 Patent, the '206 Patent, the '091 Patent, and the '544 Patent (collectively referred to as "Voith's Twin Wire Former Patents") in the name of Voith.

14. The Voith's Twin Wire Former Patents are a single family of related patents that share a common detailed description of the preferred embodiments and the same claim of priority to application Serial No. 07/773,965, filed as PCT/EP90/01313, which is now abandoned.

15. 8. On April 27, 2007, Voith filed a Complaint in the United States District Court for the District of Delaware, C.A. No. 07-02226-JJF, alleging that JohnsonFoils infringed the '805 and '168 Patents in Suit. ("Patents-in-Suit").

9. U.S. Patent Nos. 5,718,805 ('805 Patent) and 5,972,168 ('168 Patent), (collectively hereinafter the "Patents-in-Suit") were attached as Exhibits "1" and "2" to Voith's Complaint.

16.    On August 24, 2007, JohnsonFoils filed requests for reexamination with the PTO for the Patents-in-Suit.

17.    On November 16, 2007 JohnsonFoils filed requests for reexamination with the PTO for the '206; '091; and, '544 Patents.

18.    Voith asserts that any JohnsonFoils twin wire former product that utilizes a resiliently mounted blade is an "Accused Product" (see the definition of "Accused Product," on page 5 of Plaintiff's [Voith] First Set of Interrogatories to JohnsonFoils, Inc., Exhibit "F" to this Complaint) and it infringes Voith's Twin Wire Former Patents.

19.    There is a substantial and continuing justiciable controversy between Voith and JohnsonFoils regard JohnsonFoils' right to manufacture and sell twin wire formers having a resiliently mounted blade in view of Voith's Twin Wire Former Patents.

**First Counterclaim**
**Declaratory Judgment of Non-Infringement of the Patents-in-Suit**

20.    ~~10.~~ The allegations in Paragraphs 1-19 of JohnsonFoils' Counterclaims are incorporated by reference as though fully set forth herein.

21.    ~~11.~~ An actual controversy requiring a declaration of rights by this Court exists under the Patent Act between JohnsonFoils and Voith concerning the alleged infringement and the invalidity of the Patents-in-Suit.

22.    ~~12.~~ JohnsonFoils' counterclaim for declaratory relief is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.* and 35 U.S.C. §§ 1, *et seq.*

23.     13. JohnsonFoils has not and does not infringe, literally or under the doctrine of equivalents, any claim of the Patents-in-Suit.

24.     14. JohnsonFoils has not induced and is not inducing infringement of any claim of the Patents-in-Suit.

25.     15. JohnsonFoils' has not in the past and is not now contributing to the infringement of any claim of the Patents-in-Suit.

26.     16. JohnsonFoils is entitled to a declaratory judgment that it has not in the past infringed and is not now infringing any claim of the Patents-in-Suit.

## Second Counterclaim
### Declaratory Judgment that the Patents-in-Suit Are Invalid

27.     17. The allegations in Paragraphs 1-16 of JohnsonFoils' Counterclaims are incorporated by reference as though fully set forth herein.

28.     18. All claims of the Patents-in-Suit are invalid under 35 U.S.C. § 102.

29.     19. All claims of the Patents-in-Suit are invalid under 35 U.S.C. § 103.

30.     20. All claims of the Patents-in-Suit are invalid under 35 U.S.C. § 112.

31.     21. JohnsonFoils is entitled to a declaratory judgment that the all claims of the Patents-in-Suit are invalid, unenforceable, and void pursuant to 35 U.S.C. §§ 101 *et seq*.

### Third Counterclaim
### Declaratory Judgment of Non-Infringement of the '206 Patent

32.    The allegations in Paragraphs 1-19 of JohnsonFoils' Counterclaims are incorporated by reference as though fully set forth herein.

33.    An actual controversy requiring a declaration of rights by this Court exists under the Patent Act between JohnsonFoils and Voith concerning the alleged infringement and the invalidity of the '206 Patent.

34.    JohnsonFoils' counterclaim for declaratory relief is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.* and 35 U.S.C. §§ 1, *et seq.*

35.    JohnsonFoils has not and does not infringe, literally or under the doctrine of equivalents, any claim of the '206 Patent.

36.    JohnsonFoils has not induced and is not inducing infringement of any claim of the '206 Patent.

37.    JohnsonFoils' has not in the past and is not now contributing to the infringement of any claim of the '206 Patent.

38.    JohnsonFoils is entitled to a declaratory judgment that it has not in the past infringed and is not now infringing any claim of the '206 Patent.

### Fourth Counterclaim
### Declaratory Judgment of Non-Infringement of the '091 Patent

39.    The allegations in Paragraphs 1-26 of JohnsonFoils' Counterclaims are incorporated by reference as though fully set forth herein.

40.    An actual controversy requiring a declaration of rights by this Court exists under the Patent Act between JohnsonFoils and Voith concerning the alleged infringement and the invalidity of the '091 Patent.

41.    JohnsonFoils' counterclaim for declaratory relief is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.* and 35 U.S.C. §§ 1, *et seq.*

42.    JohnsonFoils has not and does not infringe, literally or under the doctrine of equivalents, any claim of the '091 Patent.

43.    JohnsonFoils has not induced and is not inducing infringement of any claim of the '091 Patent.

44.    JohnsonFoils' has not in the past and is not now contributing to the infringement of any claim of the '091 Patent.

45.    JohnsonFoils is entitled to a declaratory judgment that it has not in the past infringed and is not now infringing any claim of the '091 Patent.

### Fifth Counterclaim
### Declaratory Judgment of Non-Infringement of the '544 Patent

46.    The allegations in Paragraphs 1-33 of JohnsonFoils' Counterclaims are incorporated by reference as though fully set forth herein.

47.    An actual controversy requiring a declaration of rights by this Court exists under the Patent Act between JohnsonFoils and Voith concerning the alleged infringement and the invalidity of the '544 Patent.

48.    JohnsonFoils' counterclaim for declaratory relief is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.* and 35 U.S.C. §§ 1, *et seq.*

49.    JohnsonFoils has not and does not infringe, literally or under the doctrine of equivalents, any claim of the '544 Patent.

50.    JohnsonFoils has not induced and is not inducing infringement of any claim of the '544 Patent.

51.    JohnsonFoils' has not in the past and is not now contributing to the infringement of any claim of the '544 Patent.

52.    JohnsonFoils is entitled to a declaratory judgment that it has not in the past infringed and is not now infringing any claim of the '544 Patent.

## Sixth Counterclaim
### Declaratory Judgment that the '206 Patent Is Invalid

53.    The allegations in Paragraphs 1-54 of JohnsonFoils' Counterclaims are incorporated by reference as though fully set forth herein.

54.    All claims of the '206 Patent is invalid under 35 U.S.C. § 102.

55.    All claims of the '206 Patent is invalid under 35 U.S.C. § 103.

56.    All claims of the '206 Patent is invalid under 35 U.S.C. § 112.

57.    JohnsonFoils is entitled to a declaratory judgment that the all claims of the '206 Patent is invalid, unenforceable, and void pursuant to 35 U.S.C. §§ 101 *et seq.*

**Seventh Counterclaim**
**Declaratory Judgment that the '091 Patent Is Invalid**

58.    The allegations in Paragraphs 1-59 of JohnsonFoils' Counterclaims are incorporated by reference as though fully set forth herein.

59.    All claims of the '091 Patent is invalid under 35 U.S.C. § 102.

60.    All claims of the '091 Patent is invalid under 35 U.S.C. § 103.

61.    All claims of the '091 Patent is invalid under 35 U.S.C. § 112.

62.    JohnsonFoils is entitled to a declaratory judgment that the all claims of the '091 Patent is invalid, unenforceable, and void pursuant to 35 U.S.C. §§ 101 *et seq.*

**Eighth Counterclaim**

**Declaratory Judgment that the '544 Patent Is Invalid**

63.    The allegations in Paragraphs 1-64 of JohnsonFoils' Counterclaims are incorporated by reference as though fully set forth herein.

64.    All claims of the '544 Patent is invalid under 35 U.S.C. § 102.

65.    All claims of the '544 Patent is invalid under 35 U.S.C. § 103.

66.    All claims of the '544 Patent is invalid under 35 U.S.C. § 112.

67.    JohnsonFoils is entitled to a declaratory judgment that the all claims of the '544 Patent is invalid, unenforceable, and void pursuant to 35 U.S.C. §§ 101 *et seq.*

12

### Ninth Counterclaim
### Patent Misuse

68. ~~22.~~ JohnsonFoils incorporates paragraphs 1-~~21~~ 67 of its Counterclaims as if fully set forth herein.

69. ~~23.~~ On information and belief, Voith has misused the Patents-in-Suit by filing the present action against JohnsonFoils for patent infringement when Voith knew or should have known that JohnsonFoils was not infringing any permissible, reasonable or valid interpretation of any claim of the Patents-in-Suit.

70. ~~24.~~ On information and belief, Voith's impermissible, unreasonable or invalid interpretations of the claims of the Patents-in-Suit are interposed for the purposes of this suit and its anti-competitive effect.

71. ~~25.~~ On information and belief, Voith knew or should have known of existing prior art that was not before the United States Patent and Trademark Office during the prosecution of the applications leading to the Patents-in-Suit.

72. ~~26.~~ On information and belief, that existing prior art is such that Voith knew or should have known that the claims of the Patents-is-Suit were not patentable.

73. ~~27.~~ On information and belief, that existing prior art is such that Voith now knows or should have known that its interpretations of the claims of the Patents-in-Suit render them invalid.

74. ~~28.~~ On information and belief, Voith knowingly ignored the existing prior art so it could advance its    impermissible, unreasonable or invalid

interpretations of the claims of the Patents-in-Suit and use them as a jurisdictional basis for this sham suit and its anti-competitive effects.

75. ~~29.~~ Voith's assertion of impermissible, unreasonable or invalid interpretations of the claims of the Patents-in-Suit is having an anti-competitive effect on JohnsonFoils.

## RELIEF

WHEREFORE, JohnsonFoils requests that this Court enter a judgment that:

(a)     Dismisses Voith's Complaint with prejudice and denies all of the relief it requested therein;

(b)     Voith and all persons in active concert or participation with it are enjoined from threatening or charging JohnsonFoils, its suppliers, customers or distributors with infringement of U.S. Patent Nos. 5,389,206, 5,500,091, 5,853,544, 5,718,805 and 5,972,168;

(c)     JohnsonFoils its suppliers, customers and distributors are not liable for any infringement of U.S. Patent Nos. 5,389,206, 5,500,091, 5,853,544, 5,718,805 and 5,972,168;

(d)     That U.S. Patent Nos. 5,389,206, 5,500,091, 5,853,544, 5,718,805 and 5,972,168 are invalid, unenforceable, and void pursuant to 35 U.S.C. §§ 101 *et seq.*;

(e)     That Voith is not entitled to costs pursuant to 35 U.S.C. § 288;

(f)     Awards JohnsonFoils damages arising out of Voith's misuse of U.S. Patent Nos. 5,389,206, 5,500,091, 5,853,544, 5,718,805 and 5,972,168;

14

(g)    This is an exceptional case entitling JohnsonFoils to an award of its attorneys' fees and costs pursuant to 35 U.S.C. § 285;

(h)    That JohnsonFoils is entitled to prejudgment interest and post-judgment interest on the above damages awards; and

(i)    Such other and further relief as this Court may deem appropriate.


## JURY TRIAL DEMAND

A trial by jury is demanded.

Respectfully submitted,


Dated: _____        _____
George H. Seitz, III (DE #667)
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-7602

Anthony S. Volpe
John J. O'Malley
Randolph J. Huis
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400

*Attorneys for Defendant*
*JohnsonFoils, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG | : | |
| | : | Civil Action No. 07-226 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHNSONFOILS, INC. | : | |
| | : | |
| Defendant. | : | |

## <u>ORDER</u>

WHEREAS, Defendant, JohnsonFoils, Inc. ("JohnsonFoils"), has filed a Motion For Leave to Amend its Counterclaims; and the Court having considered the respective papers submitted by Plaintiff and Defendant in support of, or in opposition to, said motion; and the Court having considered oral argument of counsel for the respective parties, if any; and the Court having considered the pleadings in this matter and the current status of the case;

**IT IS HEREBY ORDERED**, _____ day of _____, 200__, that JohnsonFoils' Motion is granted; and it is further ORDERED that the proposed pleading attached as Exhibit B to JohnsonFoils' Motion For Leave to Amend its Counterclaims shall be docketed as the amended counterclaims.

_____
                                                                J.