## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG, )
                                      )
              Plaintiff,              )
                                      )
       v.                             )        C.A. No. 07-226-JJF
                                      )
JOHNSONFOILS, INC.,                   )
                                      )
              Defendant.              )
_____     )

## PLAINTIFF VOITH PAPER GMBH & CO. KG'S
## ANSWERING BRIEF IN OPPOSITION TO
## JOHNSONFOILS' MOTION TO COMPEL PRODUCTION OF
## DOCUMENTS IN RESPONSE TO ITS FIRST SET OF DOCUMENT REQUESTS

Adam W. Poff (#3990)
Chad S. C. Stover (#4919)
YOUNG CONWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6642

Neil F. Greenblum
Michael J. Fink
Neal Goldberg
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

Attorneys for Plaintiff Voith Paper GmbH & Co. KG

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................i

NATURE AND STAGE OF THE PROCEEDING..........................................................2

STATEMENT OF FACTS ........................................................................................4

    A.    The Parties' Allegations.........................................................................4

    B.    Voith's Highly Confidential Information ................................................4

    C.    Measures Taken to Maintain the Confidentiality
         of Voith's CBI.......................................................................................5

    D.    JohnsonFoils Is A Direct Competitor of Voith With Respect to Subject
         Matter Relevant to This Action................................................................6

    E.    The Disclosure of Voith CBI to Individuals Involved in
         Competitive Business Practices Would Likely Harm Voith ..................7

         1.    There are numerous potential improper uses of
               Voith's CBI..................................................................................7

         2.    Voith's greater investment in its CBI makes it likely
               that JohnsonFoils would unfairly benefit from a
               disclosure of Voith's CBI to individuals involved in
               competitive business for or on behalf of JohnsonFoils...............7

         3.    There is a high likelihood that Voith's CBI will be
               improperly used if disclosed to individuals involved
               in competitive business practices................................................8

    F.    Voith's Efforts to Negotiate an Agreed Protective Order........................9

    G.    Voith's Production of Documents Responsive to
         JohnsonFoils' Document Requests.......................................................15

         1.    Voith produced the documents now the subject
               of JohnsonFoils Motion to Compel only to have
               them returned ............................................................................15

          2.    Voith promptly filed its Motion for a Protective
               Order within days of the parties' impasse on a
               negotiated Agreed Protective Order............................................16

3.    Voith has produced documents which are not
       subject to Voith's co-pending Motion for a
       Protective Order ........................................................................16

SUMMARY OF ARGUMENT .................................................................17

ARGUMENT ...........................................................................................18

I.    VOITH HAS REASONABLY WITHHELD DOCUMENTS
       PENDING RESOLUTION OF THE PARTIES' PROTECTIVE
       ORDER DISPUTE.............................................................................20

       A.    JohnsonFoils' Status as a Direct Competitor of Voith in
              the Wet-End Rebuild Market Poses an Unacceptable Risk
              that Voith's CBI Would be Improperly Disclosed or Used...................21

       B.    The Disclosure of Voith's CBI is Reasonably Limited to
              Individuals Who Are Not Involved in Competitive Business
              Practices on Behalf of JohnsonFoils......................................................22

       C.    A Bar on Patent Prosecution Activities on Behalf of Voith's
              Competitors is a Reasonable Constraint on Individuals Provided
              Access to Voith's CBI ..........................................................................24

II.    JOHNSONFOILS' MOTION TO COMPEL RESPONSES
        TO ITS REQUEST NOS. 1-12, AND 14 SHOULD BE DENIED ...................26

       A.    Voith Has Consistently Sought to Promptly Produce
              Documents Subject to Reasonable Restraints on the
              Disclosure of Voith's Highly Confidential Information ..........................27

              1.    Voith produced the documents now the subject
                     of JohnsonFoils' Motion to Compel only to have
                     them returned ...........................................................................27

              2.    Voith promptly filed its Motion for a Protective
                     Order within days of the parties' impasse on a
                     negotiated Agreed Protective Order..............................................28

              3.    Pending resolution of Voith's co-pending Motion
                     for a Protective Order, Voith continues to identify
                     and produce responsive documents .............................................29

B.    JohnsonFoils' Failure to Either Rebut Voith's Objections
or Clarify Its Document Requests to Overcome Voith's
Objections Renders Them Unfit Subject Matter for a
Motion to Compel ................................................................................ 29

III.    JOHNSONFOILS' REQUEST NO. 13 IS EITHER
FATALLY DUPLICATIVE OF REQUEST NO. 12
OR REQUESTS DOCUMENTS THAT ARE
IRRELEVANT TO ANY ISSUE IN THIS ACTION ........................... 32

A.    JohnsonFoils' Characterization of Request No. 13,
Disclosed For the First Time In Its Motion to Compel,
Renders Request No. 13 Fatally Duplicative of
JohnsonFoils' Request No. 12 ............................................................. 32

B.    JohnsonFoils' Failure to Respond to Voith's Objections
to Request No. 13 Renders the Request Unfit for
Incorporation in an Order Compelling Voith's Response .................... 35

C.    Prior to Filing Its Motion To Compel, JohnsonFoils
Refused to Clarify Its Objection to Voith's Response
that Documents Sought by Request No. 13 Were Irrelevant ................. 36

IV.    CONCLUSION ............................................................................................... 37

# TABLE OF AUTHORITIES

**CASES**                                                                   **Pages**

*Affymetrix, Inc. v. Illumina, Inc.,*
  2005 U.S. Dist. LEXIS 15482 (D. Del., July 28, 2005) ........................................ 23, 25

*American Standard Inc. v. Pfizer, Inc.,*
  198 F.2d 734 (Fed. Cir. 1987) .......................................................................... 22

*Brown Bag Software v. Symantec Corp.,*
  960 F.2d 1465 (9th Cir. 1992) ..................................................................... 21, 22, 24

*Carpenter Tech. Corp. v. Armco, Inc.,*
  132 F.R.D. 24 (E.D. Pa.. 1990) ...................................................................... 22, 23

*Coca-Cola Bottling Co. of Shreveprt, Inc. v. Coca-Cola Co.,*
  107 F.R.D. 288 (D. Del. 1985) ........................................................................ 22

*F.T.C. v. Exxon Corp.,*
  636 F.2d 1336 (D.C. Cir. 1980) ...................................................................... 24

*Intel Corp. v. VIA Tech. Inc.,*
  198 F.R.D. 525 (N.D. Cal. 2000) ................................................................. 22, 23

*Interactive Coupon Mktg. Group, Inc. v. H.O.T.! Coupons, LLC.,*
  No. 98 C 7408, 1999 WL 618969 (N.D. Ill. Aug 9, 1999) .............................. 25

*Mikohn Gaming Corp. v. Acres Gaming Inc.,*
  1998 WL 1059557, 50 U.S.P.Q. 2d 1783 (D. Nev. 1998) .............................. 25

*Motorola, Inc. v. Interdigital Tech. Corp.,*
  1994 U.S. Dist. LEXIS 20174 (D. Del. 1994) .............................................. 25

*Neoteric Cosmetics, Inc. v. Beiersdorf, Inc.,*
  35 F.Supp.2d 370 (D. Del. 1998) ................................................................ 21, 22

*R.R. Donnelley & Sons Co. v. Quark, Inc.,*
  No. CIVA 06-032 JJF (D. Del. 2007) ......................................................... 21, 23

*Safe Flight Instrument Corp. v. Sundstrand Data Control, Inc.,*
    682 F.Supp. 20 (D. Del. 1998) ................................................................................ 21

*United States Steel Corp. v. United States,*
    730 F.2d 1465 (Fed. Cir. 1984) .................................................................. 21, 23, 24

*Virginia Panel Corp. v. MAC Panel Co.,*
    133 F.3d 860, 869 (Fed. Cir. 1997) .......................................................................... 35

*Wanlass v. Gen. Elec. Co.,*
    148 F.3d 1334, 1337 (Fed. Cir. 1998) ...................................................................... 34

## **STATUTES AND RULES**                                                    **Pages**

D. Del. Local Rule 26.2 ...................................................................................... passim

35 U.S.C. § 103 .................................................................................................... 4, 5

Fed. R. Civ. P. 7.1 ................................................................................................. 13

Fed. R. Civ. P. 16(b) ............................................................................................... 2

Fed. R. Civ. P. 26(c) .......................................................................................... 4, 26

35 U.S.C. §271(b) ................................................................................................. 34

35 U.S.C. §271(c) ................................................................................................. 34

Plaintiff Voith Paper GmbH & Co. KG (hereinafter referred to as "Plaintiff" or "Voith") by and through its attorneys hereby opposes JohnsonFoils' Motion to Compel Production of Documents in Response to Its First Set of Document Requests ("Motion to Compel"). Any purported delay in the production of Voith's documents is the direct result of JohnsonFoils' refusal to negotiate an agreed protective order that addresses Voith's reasonable concern that Voith's highly confidential information not be disclosed to individuals engaged in competitive business practices for or on behalf of JohnsonFoils. JohnsonFoils admits as much by expressly predicating its Motion to Compel on Voith's purported failure to move for a Protective Order, even though Voith filed its Motion for a Protective Order, D. I. 52, within days of JohnsonFoils' declaration of an impasse in the parties' protective order negotiations. JohnsonFoils' Motion to Compel does not even raise the merits of the parties' pending protective order dispute. As explained in detail below, Voith's repeated attempts to produce documents have been frustrated by JohnsonFoils' refusal to address Voith's reasonable concerns regarding the disclosure of Voith's highly confidential documents. Indeed, Voith delivered documents responsive to the discovery requests at issue in JohnsonFoils' Motion to Compel over two months ago, only to have them returned.

JohnsonFoils' sole remaining ground for compelling Voith's response—Voith's statement that it would not produce documents in response to JohnsonFoils' Request No. 13—fails because JohnsonFoils' only asserted basis for the relevance of its Request No. 13 renders it fatally duplicative of its Request No. 12. As such, the only basis for JohnsonFoils' Motion to Compel as to Request No. 13 reduces to JohnsonFoils' basis for compelling a response to its Request No. 12, and is similarly mooted by Voith's pending Motion for a Protective Order.

JohnsonFoils' Motion to Compel should also be denied because of JohnsonFoils' failure to respond to Voith's timely objections to its discovery requests renders its requests unfit for incorporation in an order compelling Voith's response. Prior to filing its Motion to Compel, Voith provided JohnsonFoils with detailed and timely objections and repeatedly invited JohnsonFoils, without success, to clarify the scope of its requests.

## NATURE AND STAGE OF PROCEEDINGS

This is a patent infringement action. The Complaint was filed by Voith on April 27, 2007, against Defendant JohnsonFoils. *See* Complaint, D.I. 1. After requesting and obtaining several unopposed extensions of time, JohnsonFoils filed its answer, affirmative defenses, and counterclaims, on August 16, 2007. *See* "Defendant, JohnsonFoils, Inc.'s Answer, Affirmative Defenses, and Counterclaims to Plaintiff, Voith Paper GmbH & Co. KG's Complaint," (JohnsonFoils's "Answer, Defenses, and CounterClaims") D.I. 19. Voith replied to the Counterclaims on September 5, 2007. *See* "Voith's Answer to Defendant's CounterClaims," D.I. 31.

On August 1, 2007, a scheduling conference pursuant to Fed. R. Civ. P. 16(b) was held. A Scheduling Order was entered on August 3, 2007, ordering that the "[e]xchange and completion of contention interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by February 15, 2008." Rule 16(b) Scheduling Order, "Scheduling Order," D.I. 17.

On August 16, 2007, JohnsonFoils served seven (7) deposition notices before written discovery had even begun. JohnsonFoils filed a "Motion for Summary Judgment That U.S. Patents 5,718,805 and 5,972,168 are Invalid," on August 22, 2007. D.I. 25. JohnsonFoils

2

withdrew that motion on August 24, 2007. *See* JohnsonFoils's Notice of Motion to Withdraw its Motion for Summary Judgment, dated August 24, 2007, D.I. 26.

JohnsonFoils filed its "Defendant's Motion to Stay the Proceedings Pending Reexamination of the Patents in Suit or in the Alternative For Leave to File a Motion for Summary Judgment Prior to August 20, 2008 That U.S. Patents 5,718,805 and 5, 972,168 are Invalid" on August 28, 2007. D.I. 28. Voith filed its response "Plaintiff Voith Paper GmbH & Co. KG's Response To Defendant's Motion to Stay the Proceedings Pending Reexamination of the Patents in Suit or in the Alternative For Leave to File a Motion for Summary Judgment Prior to August 20, 2008 That U.S. Patents 5,718,805 and 5, 972,168 are Invalid" on September 17, 2007. D.I. 33. JohnsonFoils' Motion is currently pending and no hearing date has been set.

Both parties have served discovery requests and their respective objections and responses to discovery requests.

Voith filed its "Motion to Compel Defendant JohnsonFoils, Inc. to Provide Information Requested in Voith's First and Second Sets of Interrogatories and to Produce Documents Responsive to Voith's First and Second Requests for Documents" on November 9, 2007. D.I. 43 ("Voith's Motion to Compel"). JohnsonFoils' "Opposition to [Voith's Motion to Compel]" was filed on November 28, 2007. D.I. 46. Voith filed its "Reply to JohnsonFoils' Opposition to Voith's Motion to Compel" on December 3, 2007, D.I. 48. The Court issued an Oral Order on December 6, 2007, cancelling the scheduled December 7 Motion Day hearing and stating that the Court would rule based on the parties' written submission.

JohnsonFoils filed its Motion to Compel Responses to Defendant's First Set of Requests for Production of Documents ("Motion to Compel") on December 17, 2007.

3

Voith filed its "Motion for a Protective Order Pursuant to Federal Rules of Civil Procedure 26(c) Prohibiting the Disclosure of Voith's Highly Confidential Information to Individuals Engaged in Competitive Business Practices for or on Behalf of Voith's Competitor JohnsonFoils, Inc." (Voith's "Motion for Protective Order") on December 18, 2007.  D.I. 52 (Motion for Protective Order); D.I. 53 (supporting brief).

The parties' have filed a stipulation that Voith's response to this Motion to Compel, and JohnsonFoils' response to Voith's Motion for a Protective Order are due January 9, 2008.  D.I. 56.

## STATEMENT OF FACTS

### A.    The Parties' Allegations

Voith's Complaint alleges that JohnsonFoils has and continues to infringe Voith's '805 patent and Voith's '168 patent, (the "Patents-in-Suit"), both entitled Twin Wire Former, and relating to paper forming machines. *See* Complaint, ¶¶ 14-26, D.I. 1.

JohnsonFoils' Answer and Counterclaims purports to dispute Voith's infringement allegations. *See* JohnsonFoils' Answer and Counterclaims, Second Affirmative Defense, D.I. 19. JohnsonFoils' Answer and Counterclaims further purports to allege, *inter alia*, that the Patents-in-Suit are invalid under 35 U.S.C. § 103. *See id.*, Third Affirmative Defense; *id.*, Second Counterclaim, ¶ 19.

### B.    Voith's Highly Confidential Information

As part of its response to JohnsonFoils' requests for documents, Voith has collected documents for production that contain Voith's confidential business information ("Voith's

4

CBI"). Declaration of , ¶ 1, Exh. 1.[1] For example, JohnsonFoils has requested documents "establishing Voith's alleged investment, [sales, costs, profits, and revenue] associated with the subject matter of the Patents-in-Suit." *Id.*; Defendant JohnsonFoils, Inc.'s First Set of Requests for Documents and Things to Plaintiff, Request Nos. 3-7, Exh. 2. JohnsonFoils further requests "applicant" documents relating to the Patents-in-Suit, including document files, design documents, installation documents, and manufacturing documents. *See id.*, Request Nos. 8-9, 11. In addition to its relevance to JohnsonFoils' discovery requests, Voith's CBI is also relevant to Voith's defenses to JohnsonFoils' purported Counterclaim allegation that the Patents-in-Suit are invalid pursuant to 35 U.S.C. §103. JohnsonFoils' Answer and Counterclaims, Third Affirmative Defense; *id.*, Second Counterclaim, ¶ 19.

Voith's CBI includes both technical information and general business information. Declaration of Kurt F. Brandauer, ¶3. For example, Voith's CBI includes technical information relating to the research, development, manufacturing, and testing of Voith's paper formers, their components, and their accessories. *Id.* Among other things, Voith's CBI includes trade secrets and know-how which have neither been publicly disclosed nor disclosed as part of any pending patent application. *Id.* Voith's CBI also includes information relating to Voith's costs, investments, revenues, profits, marketing, exportation, importation, distribution, sale, and licensing of Voith's paper formers, their components, and their accessories. *Id.*

## C.    Measures Taken to Maintain the Confidentiality of Voith's CBI

Voith takes numerous measures to protect its CBI. Declaration of Kurt F. Brandauer, ¶ 2. First, Voith's CBI is only disclosed to individuals who are under an obligation to maintain its

---

[1]    The characterizations of JohnsonFoils' requests for production are provided for the purpose of demonstrating JohnsonFoils' apparent intent to obtain Voith's CBI, without in any way waiving or deviating from the objections and responses to JohnsonFoils' discovery requests as fully set forth in Voith's Objections and Responses.

5

confidentiality. *Id.* Moreover, all employees of Voith are required, as a condition of their employment, to agree not to disclose any Voith CBI to any unauthorized individuals. *Id.* To the limited extent that Voith discloses its CBI to third parties, such third parties are required to maintain the confidentiality of Voith's CBI. *Id.* Voith has invested in technical and physical measures to protect the confidentiality of its CBI, including encryption and secure servers, as well as conventional physical security, including security personnel responsible for ensuring compliance with Voith's CBI security measures. *Id.*

**D.    JohnsonFoils Is a Direct Competitor of Voith With Respect to Subject Matter Relevant to This Action**

JohnsonFoils, and its parent company AstenJohnson, Inc. (collectively, "JohnsonFoils"), are direct competitors of Voith in the paper forming machine rebuild market. Declaration of Kurt F. Brandauer, ¶ 4. JohnsonFoils has made competing bids on "wet end" paper former rebuilds. *Id.* Such "wet end" rebuilds are directly related to the subject matter of this action. *Id.* JohnsonFoils' requests for documents include at least some Voith CBI directly related to the competitive technical and business aspects of the "wet end" of paper forming machines. *Id.*

In addition to competing with Voith on "wet end" paper former rebuilds, JohnsonFoils also competes with Voith for intellectual property on paper forming machines. For example, United States Patent Application Publication No. 2007/0267164 ("the '164 Application"), entitled "Headbox and Stock Delivery System for a Papermaking Machine" is assigned to JohnsonFoils' parent company AstenJohnson, Inc. *See* United States Patent Application Publication No. 2007/0267164, Exh. 3. The correspondence address for the '164 Application is listed as "Volpe and Koenig, P.C.," JohnsonFoils' counsel of record in the current action. *Id.* Moreover, JohnsonFoils' lead attorney in this case, Randolph J. Huis, Esq., filed a substantive

6

paper in the prosecution of the '164 Application as recently as December 13, 2007. *See*

Supplemental Information Disclosure Statement, Exh. 4; Pacer, Record Attorneys, Exh. 5.

### E.    The Disclosure of Voith's CBI to Individuals Involved in Competitive Business Practices Would Likely Harm Voith

#### 1.    There are numerous potential improper uses of Voith's CBI.

The disclosure of Voith's CBI to its competitors, or the disclosure of Voith's CBI to

individuals engaged in competitive activities on behalf of Voith's competitors, including Voith's

direct competitor JohnsonFoils, would likely be highly prejudicial to Voith. *See* Declaration of

Kurt F. Brandauer, ¶ 5. The disclosure of Voith's technical CBI to a competitor would harm

Voith because accurate information about Voith's technical and business activities at least

provides an informed competitor with the ability to 1) focus its pending patent applications on

excluding Voith's specific technology from the marketplace, 2) optimally adjust its competitive

bids and marketing based on information about Voith's bids, marketing, costs, and revenues, and

3) unfairly benefit from the results of Voith's research by directing its research efforts to either

building on Voith's research results or avoiding the expense of duplicating Voith's research

results. *Id.*

#### 2.    Voith's greater investment in its CBI makes it likely that JohnsonFoils would unfairly benefit from a disclosure of Voith's CBI to individuals involved in competitive business practices for or on behalf of JohnsonFoils.

JohnsonFoils has entered into direct competition with Voith only recently, within the last

4 years. *See* Declaration of Kurt F. Brandauer, ¶6. Voith's investment in creating the CBI

requested by JohnsonFoils, extending over decades, likely vastly exceeds JohnsonFoils'

investment in creating its CBI. Voith's CBI, if disclosed to individuals involved in competitive

7

activities for or on behalf of JohnsonFoils, would confer a substantial and undeserved benefit on JohnsonFoils, to Voith's detriment. *Id.*

### 3. There is a high likelihood that Voith's CBI will be improperly used if disclosed to individuals involved in competitive business practices.

Because JohnsonFoils is a direct competitor of Voith, it would be difficult, if not impossible, for someone engaged in preparing the claims of a competitive patent application, a patent continuation, or a patent reissue, to avoid being influenced by their exposure to Voith's CBI. Declaration of Kurt F. Brandauer, ¶ 7. As part of their routine practice, patent prosecutors specifically target their competitor's present and potential future products and services. *Id.* Exposure to Voith's CBI would prejudice Voith by eliminating the guesswork associated with that practice, even on the part of a prosecutor having the best intentions to respect limitations on the improper use of Voith's CBI. *Id.* Although Voith would prefer not to disclose its CBI to any attorney involved in competitive patent prosecution, imposing a limit on competitive prosecution activities of three (3) years would reasonably protect Voith in two ways. *Id.* First, the three (3) year bar would provide Voith with a fair opportunity to seek prior protection for any Voith CBI disclosed in the JohnsonFoils Litigation. *Id.* Second, the three (3) year bar would limit the impact of the disclosure by rendering the CBI less current. *Id.*

In addition, it would be difficult, if not impossible, for counsel involved in other forms of competitive decision making, such as business planning, marketing, and bidding decisions, to avoid being influenced by exposure to Voith's CBI, to Voith's detriment. Declaration of Kurt F. Brandauer, ¶ 8. As part of the routine consideration of business plans, marketing, sales, and competitive bidding, individuals involved in such business decisions consider the potential activities of competitors. *Id.* Also, a company's decision whether to award a contract to Voith or to one of Voith's competitors depends on comparing competing bids and services. *Id.*

8

Disclosing Voith's CBI to individuals involved in competition with Voith would likely eliminate the guesswork associated with predicting the nature and scope of expected competition from Voith, and unfairly benefit JohnsonFoils, to Voith's detriment. *Id.*

### F.    Voith's Efforts to Negotiate an Agreed Protective Order

Voith informed JohnsonFoils on September 21, 2007, that its proposed protective order would permit two levels of confidentiality – Highly Confidential and Confidential. *See* Letter from Michael J. Fink to Anthony S. Volpe, dated September 21, 2007, Exh. 6. Voith explained that Highly Confidential information would be limited to litigation counsel and qualified experts. *Id.*

During the party's telephone conference relating to discovery issues held on October 24, Voith reiterated that it would be producing documents in accordance with these confidentiality designations. Voith also reiterated its request that JohnsonFoils produce document pursuant to this Court's Local Rule 26.2. In response, JohnsonFoils informed Voith, for the first time, that it would not respect Voith's confidentiality designations prior to entry of an agreed protective order. *See* Letter from Anthony S. Volpe to Neal Goldberg, dated October 24, 2007, Exh. 7. JohnsonFoils provided no reason for rejecting Voith's confidentiality designations, and said nothing about a potential conflict resulting from JohnsonFoils' trial counsel's involvement in competitive prosecution activities. *Id.* JohnsonFoils also refused to produce any documents prior to entry of an agreed protective order. *Id.*

Voith provided JohnsonFoils with a detailed proposed protective order which included the two levels of confidentiality, Confidential and Highly Confidential, originally disclosed to JohnsonFoils on September 21, 2007. *See* Voith's Proposed Protective Order, Exh. 8. Voith's Proposed Protective Order limits disclosure of a party's confidential information to individuals

9

not involved in competitive activities, such as competitive patent prosecution and competitive product development on the subject matter of the Patents-in-Suit. *Id.*, ¶¶ 6-8. On November 2, JohnsonFoils stated that it was in the process of reviewing Voith's Proposed Protective Order, and further assured Voith that it would provide comments and revisions. *See* Email from Anthony S. Volpe to Neal Goldberg, dated November 2, 2007, Exh. 9.

Having received no response from JohnsonFoils on Voith's Proposed Protective Order, Voith delivered its initial production of responsive documents to JohnsonFoils on November 7, 2007, specifying that documents designated Highly Confidential could only be disclosed to counsel of record who accept Voith's proposed limits on patent prosecution activities relating to the subject matter of the Patents-in-Suit. *See* Letter from Neal Goldberg to Anthony S. Volpe, dated November 7, 2007, Exh. 10. Without any prior conferral with Voith, JohnsonFoils returned Voith's documents. *See* Letter from Anthony S. Volpe to Neal Goldberg, dated November 8, 2007, Exh. 11. In refusing to accept Voith's documents, JohnsonFoils did not provide any explanation for rejecting Voith's proposed limitation on patent prosecution for individuals viewing Voith's Highly Confidential documents. *Id.* JohnsonFoils' sole stated basis for returning Voith's documents was that Voith's proposed limit on prosecution constituted a "unilateral demand." *Id.*

JohnsonFoils subsequently rejected Voith's Proposed Protective Order in its entirety. *See* Letter from Anthony S. Volpe to Michael J. Fink, dated 9:55 a.m., November 16, 2007, Exh. 12. In rejecting Voith's Proposed Protective Order, JohnsonFoils did not identify any particular disagreement with any particular provision. *Id.* Instead of providing the promised comments and revisions on Voith's Proposed Protective Order, JohnsonFoils provided its own draft protective order. *See* Email from Anthony S. Volpe to Michael J. Fink, dated 4:55 p.m.,

10

November 16, 2007, Exh. 13; JohnsonFoils' Draft Protective Order, Exh. 14. As of November 16, 2007, JohnsonFoils' only stated criticism of Voith's Proposed Protective Order was that Voith's proposal was "unworkable." *See* Letter from Anthony S. Volpe to Michael J. Fink, dated 9:55 a.m., November 16, 2007 ("[W]e found you (*sic*) proposal unworkable and set about preparing our own draft . . .").

JohnsonFoils Draft Protective Order provides for only one confidentiality designation: "Attorneys Eyes Only." *See* JohnsonFoils' Draft Protective Order, ¶ 1. Although nominally designated "Attorneys Eyes Only," JohnsonFoils' Draft Protective Order allows documents so designated to be disclosed to a non-attorney "party representative." *Id.*, ¶ 5. JohnsonFoils' Draft Protective Order further provides for the disclosure of documents designated "Attorneys Eyes Only" to a party's in-house counsel. *Id.* JohnsonFoils' Draft Protective Order places no limit on the disclosure of confidential documents to in-house counsel, party representatives, or counsel of record, involved in competitive activities for, or on behalf of, JohnsonFoils, except for the general proscription against using Voith's confidential information for purposes other than the instant litigation. *Id.*, ¶ 2. Similar to Voith's Proposed Protective Order, JohnsonFoils' Draft Protective Order is an "umbrella protective order" which provides that the producing party chooses the confidentiality designation of its own documents and information in the first instance. *See id.*, ¶ 3.

After a review of JohnsonFoils' Draft Protective Order, Voith invited JohnsonFoils to participate in a conference call to "narrow the points in dispute" between the parties' respective protective order proposals. *See* Email from Michael J. Fink to Anthony S. Volpe, dated November 18, 2007, Exh. 15. JohnsonFoils ignored Voith's invitation to confer, instead stating that Voith's Proposed Protective Order "goes well beyond anything necessary for [the

11

technology at issue]. . .." *See* Email from Anthony S. Volpe to Michael J. Fink, dated November

19, 2007, Exh. 16.  In response, Voith explained in detail its basis for concluding that

JohnsonFoils' Draft Protective Order would result in unnecessary risks that Voith's confidential

information would be improperly used by individuals involved in competitive business activities,

such as patent prosecution or competitive bidding, against Voith. *See* Email from Michael J.

Fink to Anthony S. Volpe, dated November 20, 2007, Exh. 17.

In response, JohnsonFoils stated that "[t]here is little, if any, reason for [Voith's] broad

exclusion of any attorney who sees Voith's information from prosecuting patents.  The subject

matter has long been public and there is little, if any, information to be produced that related to

current prosecution of subject matter in patents that are near to expiration." *See* Email from

Anthony S. Volpe to Michael J. Fink, dated November 21, 2007, Exh. 18.  JohnsonFoils further

stated that "[JohnsonFoils'] in-house general counsel is not a technical person and is not a patent

prosecutor," but did not disclose that JohnsonFoils' trial counsel are engaged in competitive

patent prosecution. *Id.*

Voith responded to JohnsonFoils' contention that no highly confidential information

exists relating to the Patents-in-Suit by explaining that documents disclosing the incorporation of

the claimed invention in present-day paper forming machines would contain sensitive proprietary

information. *See* Email from Neal Goldberg to Anthony S. Volpe, dated November 21, 2007,

Exh. 19.  JohnsonFoils responded that "JohnsonFoils does not accept that there is highly

sensitive information simply because [Voith] say[s] there may be such information. . . ." *See*

Email from Anthony S. Volpe to Neal Goldberg, dated November 26, 2007, Exh. 20.

JohnsonFoils added that disclosing Voith's Highly Confidential information to an in-house

JohnsonFoils non-legal representative "is a risk that Voith understood when [Voith] asserted the

12

patents." *Id.* JohnsonFoils further directed Voith to seek a protective order from the Court. *See id*; Email from Anthony S. Volpe to Michael J. Fink, dated November 21, 2007.

For the first time, in its Opposition to Voith's Motion to Compel filed November 28, JohnsonFoils disclosed that a limit on competitive prosecution activities "could potentially exclude JohnsonFoils' litigation counsel from reviewing [Voith's] 'Confidential' or 'Highly Confidential' information." *See* Defendant's Answering Brief in Opposition to Plaintiff's Motion to Compel, D.I. 46, at p. 2, fn. 1. JohnsonFoils did not identify any particular litigation counsel who "could potentially" be excluded. *Id.* Nor did JohnsonFoils identify the basis for the potential exclusion. *Id.* Prior to November 28, 2007, JohnsonFoils only stated basis for its failure to respond to Voith's discovery requests was the lack of an agreed protective order. *Id., passim.* The following day, on November 29, 2007, nearly seven months after its first appearance on May 4, 2007, D.I. 5, JohnsonFoils filed its Disclosure Statement pursuant to Rule 7.1, disclosing that AstenJohnson, Inc. is the corporate parent of JohnsonFoils. D.I. 47.

In a further effort to move discovery forward, Voith then asked JohnsonFoils to agree to a temporary interim modification of Rule 26.2 which would permit Voith to limit the disclosure of Voith's Highly Confidential documents to those of JohnsonFoils' litigation counsel not engaged in competitive business practices, including patent prosecution, until the parties' pending protective order dispute was resolved by the Court. *See* Email from Michael J. Fink to Anthony S. Volpe, dated November 30, Exh. 21. JohnsonFoils refused. *See* Email from Anthony S. Volpe to Michael J. Fink, dated December 2, 2007, Exh. 22.

Responding to JohnsonFoils' reliance on the parties' protective order dispute to defend its failure to respond to discovery requests in JohnsonFoils' Opposition to Voith's Motion to Compel, Voith requested that this Court enter a temporary protective order, pending resolution of

13

the parties' dispute, limiting the disclosure of Highly Confidential documents to litigation

counsel subject to a prosecution bar on the subject matter of the Patents-in-Suit. *See* Reply to

JohnsonFoils' Opposition to Voith's Motion to Compel, at 11-12. D.I. 48.

A month after returning Voith's documents, on Friday, December 7, JohnsonFoils sent a

fax to Voith purporting to object to Voith's discovery responses and reiterating JohnsonFoils'

refusal to agree to any prosecution limitation on JohnsonFoils' counsel provided access to

Voith's Highly Confidential documents under Rule 26.2. *See* Fax from Anthony S. Volpe to

Neil F. Greenblum and Michael J. Fink, dated December 7, 2007, Exh. 23. On Monday,

December 10, Voith provided a detailed response to the discovery issues raised in JohnsonFoils'

Letter, and referred JohnsonFoils to Voith's pending request to this Court for a temporary

modification of Rule 26.2 to prohibit the disclosure of Highly Confidential or Attorneys' Eyes

Only documents to individuals involved in patent prosecution on the subject matter of the

Patents-in-Suit pending resolution of the parties' protective order dispute. *See* Letter from Neal

Goldberg to Anthony S. Volpe, dated December 10, 2007, Exh. 24. In advance of the parties'

scheduled conference call to discuss pending discovery disputes, Voith asked JohnsonFoils to

identify those of its litigation counsel involved in patent prosecution in the subject matter of the

Patents-in-Suit. *See* Email from Michael J. Fink to Anthony S. Volpe, dated December 12, 2007,

Exh. 25. In that letter, Voith explained the benefits of agreeing to a temporary limit on

prosecution activities:

> This proposal would allow JohnsonFoils to obtain access to Voith's documents
> immediately, subject only to a limit on prosecution that would be subject to Court
> approval. Such a temporary limit would impose no restraint on JohnsonFoils
> litigation counsel not presently, or for some time in the future, prosecuting patents
> in the subject matter of the Patents-in-Suit. Moreover, Voith's proposal would
> impose no substantial restraint on any JohnsonFoils litigation counsel if the Court
> ultimately rejects Voith's proposed prosecution bar.

14

*Id.*

Voith then initiated a telephone conference with JohnsonFoils, on December 13, 2007, to discuss the parties' pending discovery disputes. *See* Declaration of Neal Goldberg, ¶ 2, Exh. 26. The participants at the telephone conference included Voith's counsel, Michael J. Fink and Neal Goldberg, and JohnsonFoils' counsel, Anthony S. Volpe and John O'Mally. *Id.* During this telephone conference, JohnsonFoils stated that it would not identify any litigation counsel engaged in prosecution activities on behalf of JohnsonFoils or AstenJohnson. *Id.*, ¶ 4. JohnsonFoils also refused Voith's offer to provide its Highly Confidential documents to a designated JohnsonFoils counsel of record, including local Delaware counsel, not involved in prosecution or other competitive business activities on behalf of JohnsonFoils, pending the Court's resolution of the parties' protective order dispute. *Id.*, ¶ 5. JohnsonFoils acknowledged that the Court might impose a prosecution bar if Voith satisfied the Court that its document production included documents meriting such protection, but refused to agree to Voith's proposed compromise temporary prosecution bar contingent on Court approval. *Id.*, ¶ 6.

On Friday, December 14, 2007, the parties continued to confer regarding Voith's offer to deliver its Highly Confidential documents to JohnsonFoils' counsel-of-record not involved in competitive business activities for or on behalf of JohnsonFoils pending resolution of the parties' protective order dispute. *See* Email from George H. Seitz to Adam W. Poff, dated December 14, 2007, Exh. 25.

### G.    Voith's Production of Documents Responsive to JohnsonFoils' Document Requests

#### 1.    Voith produced the documents now the subject of JohnsonFoils Motion to Compel only to have them returned.

After providing JohnsonFoils with a Proposed Protective Order, Voith promptly delivered documents responsive to JohnsonFoils' document requests on November 7, 2007. *See*

15

Letter from Neal Goldberg to Anthony S. Volpe, dated November 7, 2007. Voith's documents were provided subject to the limitation that they could only be disclosed under terms consistent with Voith's Proposed Protective Order. *Id.* JohnsonFoils returned the documents to Voith without providing any counter-proposal to Voith's proposed limitations on the disclosure of Voith's Highly Confidential Information. *See* Letter from Anthony S. Volpe to Neal Goldberg, dated November 8, 2007.

### 2.   Voith promptly filed its Motion for a Protective Order within days of the parties' impasse on a negotiated Agreed Protective Order.

After over a month of negotiations relating to the terms of an Agreed Protective Order, JohnsonFoils first stated that "it appears that the [the parties'] are at an impasse" on Friday, December 7, 2007, and demanded a response by Tuesday, December 11, 2007. *See* Letter from Anthony S. Volpe to Neil F. Greenblum, dated December 7, 2007. Voith responded in detail on December 10, 2007. *See* Letter from Neal Goldberg to Anthony S. Volpe, dated December 10, 2007. The parties' conferred by telephone conference on December 13, 2007, but did not reach agreement. *See* Declaration of Neal Goldberg, ¶¶ 2-7. On Friday, December 14, 2007, the parties continued to confer regarding Voith's offer to deliver its Highly Confidential documents to JohnsonFoils' counsel-of-record not involved in competitive business activities for or on behalf of JohnsonFoils pending resolution of the parties' protective order dispute. *See* Email from George H. Seitz to Adam W. Poff, dated December 14, 2007, Exh. 27. Voith's Motion for a Protective Order was filed on December 18, 2007.

### 3.   Voith has produced documents that are not subject to Voith's co-pending Motion for a Protective Order.

Shortly after JohnsonFoils refused to compromise on an Agreed Protective Order, Voith identified and produced responsive documents not subject to Voith's co-pending Motion for a

16

Protective Order bearing production numbers in the range VTH000001 – VTH 29898. *See* Letter from Neal Goldberg to Tony Volpe, dated December 31, 2007, Exh. 28; Letter from Neal Goldberg to Tony Volpe, dated January 2, 2008, Exh. 29; Letter from Neal Goldberg to Tony Volpe, dated January 4, 2008, Exh. 30.

### SUMMARY OF ARGUMENT

1.    Voith reasonably limited the disclosure of its highly confidential documents to JohnsonFoils pending resolution of the parties' protective order dispute.

2.    JohnsonFoils' Motion to Compel should be denied with respect to document requests other than its Request No. 13 because JohnsonFoils' Motion to Compel is mooted by Voith's pending Motion for a Protective Order. JohnsonFoils' Motion to Compel is expressly limited to requiring Voith to either produce documents subject to Del. Local Rule 26.2 or move for a Protective Order. Voith moved for a Protective Order on December 18, 2007, within days of the parties' impasse on efforts to negotiate an Agreed Protective Order.

3.    JohnsonFoils' Motion to Compel with respect to its Request No. 13 should be denied because 1) as characterized for the first time in JohnsonFoils' Motion to Compel, the only relevant documents responsive to Request No. 13 are also responsive to Request No. 12, to which Voith has already agreed to produce documents pending resolution of the parties' protective order dispute, and 2) JohnsonFoils' has failed to rebut Voith's objections to Request No. 13. Under JohnsonFoils' interpretation of its Request No. 13, Request No. 13 is subsumed by its Request No. 12. Therefore, just as with Request No. 12, JohnsonFoils Motion to Compel a response to Request No. 13 is also mooted by Voith's pending Motion for a Protective Order.

## ARGUMENT

JohnsonFoils' Motion to Compel fails on its own terms because it is predicated on two incorrect assumptions that, once dispelled, are fatal to its requested relief. First, JohnsonFoils asks that Voith be compelled to produce documents in response to its requests because of Voith's purported failure to move for imposition of a protective order. *See* Motion to Compel, at 7-8 ("Since Voith has not moved for a protective order . . . [Voith's documents] should be produced immediately.") However, Voith moved for a protective order on December 18, 2007, one day after JohnsonFoils filed this Motion to Compel, and within days of the parties' impasse on the protective order issue. *See* Voith's Motion for a Protective Order. As late as Friday, December 14, 2007, the parties were conferring on an interim solution that would have enabled Voith to produce highly confidential documents to JohnsonFoils pending resolution of the parties' protective order dispute. *See* Letter from George H. Seitz to Adam W. Poff, dated December 14, 2007. Significantly, JohnsonFoils' Motion to Compel does not even contest the merits of Voith's need for a protective order. Indeed, the need for a protective order is this case is compelling in light of JohnsonFoils' status as a direct competitor and the apparent involvement of JohnsonFoils' trial counsel in competitive business practices for or on behalf of JohnsonFoils. Thus, Voith's promptly filed Motion for a Protective Order decisively moots JohnsonFoils' Motion to Compel with respect to all of its requests other than its Request No. 13.

JohnsonFoils' second incorrect assumption is that Voith has refused to produce *relevant* documents responsive to JohnsonFoils' Request No. 13. *See* Motion to Compel, at pp. 8-9. Setting aside JohnsonFoils' objected-to re-definitions of the terms of Request No. 13, JohnsonFoils' Request No. 13 on its face requests documents relating to the potential infringement of third parties. On September 17, 2007, Voith properly objected to this request as

calling for the production of irrelevant documents. *See* Plaintiff Voith Paper GmbH & Co. KG's Objections and Responses to Defendant, JohnsonFoils, Inc.'s First Set of Requests for Production of Documents and Things to Plaintiff, served September 17, 2007, (Voith's "Objections and Responses") Exh. 31. JohnsonFoils remained silent about Voith's Objections and Responses for nearly three months, finally objecting on December 7, 2007. *See* Fax from Anthony S. Volpe to Neil F. Greenblum and Michael J. Fink, dated December 7, 2007. Shortly thereafter, on December 10, 2007, Voith asked JohnsonFoils to explain the relevance of its request, but, during the parties' subsequent telephone conference on December 13, 2007, JohnsonFoils refused. *See* Letter from Neal Goldberg to Anthony S. Volpe, dated December 10, 2007; Declaration of Neal Goldberg, ¶ 7.

Not until its Motion to Compel did JohnsonFoils provide its "explanation" of the relevance of documents relating to third party infringement, only to, as explained more fully below, render its Request No. 13 fatally duplicative of its Request No. 12, for which Voith has assured JohnsonFoils that responsive documents would be produced. In its Motion to Compel, JohnsonFoils now states that the third party infringement relevant to Request No. 13 relates to Voith's allegations of JohnsonFoils' induced infringement and contributory infringement. JohnsonFoils also now asserts that documents requested by Request No. 13 are relevant to JohnsonFoils' defenses of misuse, laches, and statute of limitations. But JohnsonFoils' Request No. 12 requests all documents relating to JohnsonFoils' infringement and, therefore, includes documents relating to the direct infringement of third parties for whom JohnsonFoils induces infringement or for which JohnsonFoils is liable for contributory infringement. Also, as explained more fully below, documents relating to JohnsonFoils' defenses of misuse, laches and statute of limitations are irrelevant if not also related to JohnsonFoils' own infringement and are

19

similarly included within the scope of JohnsonFoils' Request No. 12. Voith reasonably construed JohnsonFoils' Request No. 13 to cover documents not requested by Request No. 12 and properly declined JohnsonFoils' invitation to accept the burden of producing irrelevant matter. Consequently, JohnsonFoils' Motion to Compel with respect to its Request No. 13 should be denied because the documents requested are either irrelevant or subsumed by JohnsonFoils' Request No. 12.

On close examination, all of the issues raised by JohnsonFoils' Motion to Compel will be resolved by this Court's resolution of the parties' protective order dispute—the subject of Voith's co-pending Motion for a Protective Order. In fact, Voith delivered the responsive documents sought by this Motion to Compel to JohnsonFoils on November 7, 2007, only to have them returned on account of the parties' protective order dispute. As illustrated by the parties' apparent dispute over Request No. 13, any other alleged deficiencies in Voith's discovery responses have resulted from JohnsonFoils' continuing failure to respond to the merits of Voith's objections to its discovery requests. *See* Voith's Objections and Responses. Moreover, JohnsonFoils' failure to respond to Voith's objections and clarify the scope of its requests renders JohnsonFoils' requests, at least as stated, unfit subject matter for incorporation into an order compelling Voith's response.

## I.    VOITH HAS REASONABLY WITHHELD DOCUMENTS PENDING RESOLUTION OF THE PARTIES' PROTECTIVE ORDER DISPUTE

Apart from objecting to Voith's insistence that its highly confidential documents not be disclosed to individuals involved in competitive business practices for JohnsonFoils, JohnsonFoils' Motion to Compel does not begin to contest the need for such protection. Nor could it, for, as explained more fully below, JohnsonFoils' status as a direct competitor of Voith creates a compelling circumstance for imposing a strict protective order in this case. The fact

20

that JohnsonFoils' counsel-of-record are apparently involved in competitive business practices

on behalf of JohnsonFoils more than justifies Voith's decision to move for a protective order

rather than rely on the plain language of Del. Local Rule 26.2's Attorneys' Eyes Only restriction.

**A.      JohnsonFoils' Status as a Direct Competitor of Voith in the Wet-End Rebuild Market Poses an Unacceptable Risk that Voith's CBI Would be Improperly Disclosed or Used.**

For at least four years, JohnsonFoils has directly competed with Voith in the wet-end

paper forming machine rebuild market. *See* Declaration of Kurt F. Brandauer, ¶ 6. In addition,

JohnsonFoils competes with Voith for intellectual property in the papermaking machine area.

*See* United States Patent Application Publication No. 2007/0267164. Both competitive bidding

and competitive intellectual property development are activities in which knowledge of a

competitor's confidential information is especially useful. Declaration of Kurt F. Brandauer, ¶ 7-

8. Competitive activities, by definition, always include consideration of a competitors' activities

and plans. *Id.* However, because such information is kept confidential, such considerations

involve a considerable amount of speculation. *Id.* Having possession of a competitor's

confidential information eliminates the usual guesswork associated with such considerations, and

substantially increases the risk of obtaining an improper competitive advantage. *Id.*

Because the disclosure of Voith's CBI to individuals involved in competitive business

activities for which Voith's activities and plans are typically targeted would pose an

unacceptably high risk of prejudice to Voith, a protective order is warranted to avoid the risk that

Voith's confidential information could be inadvertently disclosed or improperly used. *See*

*Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992); *United States*

*Steel Corp. v. United States*, 730 F.2d 1465, 1469 (Fed. Cir. 1984); *Donnelley*, 2007 WL 61885,

at *1; *Safe Flight*, 682 F.Supp. at 22-23; *Neoteric Cosmetics, Inc. v. Beiersdorf, Inc.*, 35

21

F.Supp.2d 370, 372 (D. Del. 1998) (disclosure of confidential pending patent applications limited by terms of suitable protective order). In determining the proper scope of a protective order, "[e]ven a seemingly insignificant risk of disclosure cannot be ignored due to the threat of significant potential injury." *Intel Corp. v. VIA Tech., Inc.*, 198 F.R.D. 525, 531 (N.D. Cal. 2000) (citing *Brown Bag*, 960 F.2d at 1470).

  The fact that JohnsonFoils is a competitor justifies imposing a protective order that severely limits JohnsonFoils' to Voith's confidential information. "Courts have presumed that disclosure to a competitor is more harmful than disclosure to a noncompetitor." *American Standard Inc. v. Pfizer, Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987) (citing *Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca-Cola Co.*, 107 F.R.D. 288, 293 (D. Del. 1985)). Because of the substantial risk of harm resulting from disclosing confidential information to competitors, courts have recognized that "the irreparable harm that can be suffered by the disclosing party may outweigh the need for disclosure of even highly relevant information to a competitor." *Carpenter Tech. Corp. v. Armco, Inc.*, 132 F.R.D. 24, 26 (E.D. Pa. 1990) (citing *American Standard*, 828 F.2d at 741). That highly relevant confidential information may be *completely withheld* from a competitor supports imposing restrictions on a JohnsonFoils' access to Voith's CBI sufficient to prevent its disclosure to *any* individuals involved in competitive activities, including competitive patent prosecution.

### B. The Disclosure of Voith's CBI is Reasonably Limited to Individuals Who Are Not Involved in Competitive Business Practices on Behalf of JohnsonFoils.

  Recognizing that the indisputable increased risk that a party will suffer harm from the disclosure of its confidential information to competitors, courts have imposed protective orders limiting disclosure to individuals who are barred from competitive activities, and requiring that the disclosure only be made under circumstances which suitably protect against inadvertent

22

disclosure. Access to confidential information is properly denied to individuals who are "in a position that creates a high risk of inadvertent disclosure." *Donnelley*, 2007 WL 61885 at *1 (citing *Intel Corp. v. VIA Tech., Inc.*, 198 F.R.D. 525, 528 (N.D. Ca. 2000)). Denial of access to confidential information should be made "on the basis of each individual counsel's activity and relationship with the party represented, without regard to whether a particular counsel is in-house or retained." *U. S. Steel*, 730 F.2d at 1469; *Carpenter*, 132 F.R.D. at 27. "Specifically, the court should consider 'whether the attorneys are involved in competitive decision making of the company and should examine the risks and safeguards surrounding the inadvertent disclosure of the protected information.'" *Donnelley*, 2007 WL 61885 at *1 (quoting *Affymetrix, Inc. v. Illumina, Inc.*, 2005 U.S. Dist. LEXIS 15482, at *6-7 (D. Del., July 28, 2005)).

Although the exclusion of a party's counsel is based on the tangible risk that confidential information will be inadvertently or improperly disclosed or used, it is likely that at least JohnsonFoils' outside prosecution counsel and in-house counsel are involved in disqualifying competitive decisions. As a direct competitor of Voith, JohnsonFoils' marketing, product research, product development, and intellectual property development decisions are likely made in light of available information regarding Voith's activities. *See* Declaration of Kurt F. Brandauer, ¶¶ 7-8. A party's counsel may be properly denied access to confidential information where that counsel's "activities, association, and relationship with a client . . . are such as to involve [that] counsel's *advice and participation* in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." *U.S. Steel*, 730 F.2d at 1468, n. 3.

The risk of harm to Voith from disclosing its CBI to JohnsonFoils' in-house counsel is particularly serious. Courts have recognized that, as a general matter, there is a greater risk in

23

disclosing confidential information to a party's in-house counsel because "in-house counsel stand in a unique relationship to the corporation in which they are employed . . . Their continued employment often intimately involves them in the management and operation of the corporation of which they are a part." *Intel*, 198 F.R.D. at 531 (citing *F.T.C. v. Exxon Corp.*, 636 F.2d 1336, 1350 (D.C. Cir. 1980)). Knowledge of a competitor's trade secrets "places in-house counsel in the 'untenable position' of having to refuse his employer legal advice on a host of . . . competitive . . . decisions lest he improperly reveal [the competitor's] trade secrets." *Brown Bag*, 960 F.2d at 1471.

In light of the difficulty of identifying and assessing the potentially harmful effects of disclosing Voith's CBI to JohnsonFoils' in-house representatives or counsel, coupled with JohnsonFoils' history of concealing the potential conflicts arising from the patent prosecution work of its counsel of record, a protective order which, in the first instance, bars disclosure to such individuals is warranted.[2]

### C.    A Bar on Patent Prosecution Activities on Behalf of Voith's Competitors is a Reasonable Constraint on Individuals Provided Access to Voith's CBI.

JohnsonFoils' ongoing efforts to secure patents in the paper making machine field create a particularly serious risk that Voith's CBI would be inadvertently or improperly disclosed or used if disclosed to any individuals involved in patent prosecution on the subject matter of the Patents-in-Suit. *See* Declaration of Kurt F. Brandauer, ¶ 7. Courts have recognized that patent prosecution is an intensely competitive activity which creates a serious risk that the confidential information of a competitor will be improperly disclosed or used. *See Affymetrix, Inc. v. Illumina, Inc.*, No. Civ. A. 04-901-JJF, 2005 WL 1801683, at *1 (D. Del. July 28, 2005) (patent

---

[2]    Such a presumption is consistent with *U.S. Steel* in light of the fact that JohnsonFoils could, by fully disclosing the competitive activities of individuals proposed to have access to Voith's CBI, overcome the presumption.

24

prosecution described as competitive decision making); *Interactive Coupon Mktg. Group, Inc. v. H.O.T.! Coupons, LLC*, No. 98 C 7408, 1999 WL 618969 (N.D. Ill. Aug. 9, 1999) (imposing prosecution bar on counsel exposed to confidential information); *Mikohn Gaming Corp. v. Acres Gaming Inc.*, 1998 WL 1059557, 50 U.S.P.Q. 2d 1783, 1785-86 (D. Nev. 1998) (barring counsel engaged in prosecution from viewing competitor's confidential information, explaining that patent prosecution directed at a competitor is "intensely competitive"); *Motorola*, 1994 U.S. Dist. LEXIS 20714 at *11-12 (explaining competitive nature of patent prosecution and imposing a prosecution bar).

Moreover, JohnsonFoils' refusal to identify those of its counsel of record engaged in competitive patent prosecution on the subject matter of the Patents-in-Suit while, at the same time, demanding the immediate disclosure of Voith's CBI to those very individuals, casts serious doubt on JohnsonFoils' intent to protect Voith's CBI from inadvertent or improper misuse. As explained above, just as an example, JohnsonFoils' lead counsel of record, Randolph J. Huis, as recently as December 13, 2007, has engaged in the prosecution of patents on behalf of JohnsonFoils in the area of paper making machines. *See* Supplemental Information Disclosure Statement; Pacer, Record Attorneys.

Having concealed the extent of its counsel of record's involvement in competitive patent prosecution activities, JohnsonFoils should not be permitted to rely on those activities to oppose protecting Voith's CBI with a prosecution bar. Although courts consider the hardship to a party resulting from the restrictions imposed by a protective order, such hardship is not *undue* where a party could have foreseen the restriction based on its counsel's involvement in competitive activities. *Motorola*, 1994 U.S. Dist. LEXIS 20714 at *15. To the extent that JohnsonFoils would be inconvenienced by limiting Mr. Huis' access to Voith's CBI, JohnsonFoils could have

25

mitigated any harm by disclosing Mr. Huis' activities and addressing the potential conflict earlier. Even at this late date, JohnsonFoils can, under the terms of Voith's Proposed Protective Order, provide full disclosure of Voith's CBI to Mr. Huis by accepting a prosecution bar. Any inconvenience to JohnsonFoils is thus limited to the inconvenience of utilizing alternative patent prosecution counsel.

Voith's proposed three (3) year prosecution bar reasonably protects Voith's CBI by providing a buffer period in which Voith can reduce the impact of any inadvertent or improper use. Voith could usefully use this three year period to identify and seek patent protection for its own CBI, thus ensuring that Voith will at least have priority for its intellectual property if it is inadvertently disclosed or used in a JohnsonFoils application. The prejudice of such a bar to JohnsonFoils is either minimal or nonexistent. JohnsonFoils is not prejudiced in its prosecution of this case because its counsel of record can, by agreeing to a prosecution bar, have full disclosure to Voith's CBI. To the extent that JohnsonFoils is inconvenienced in choosing to forego representation by a particular lawyer in patent prosecution matters, the inconvenience is no more than is routinely experienced by clients having to forego the services of a particular lawyer because of a conflict. In any event, such inconvenience is more than justified when balanced against the serious, and difficult to quantify or detect, harm to Voith from the inadvertent or improper use or disclosure of Voith's CBI.

## II.    JOHNSONFOILS' MOTION TO COMPEL RESPONSES TO ITS REQUEST NOS. 1-12, AND 14 SHOULD BE DENIED

JohnsonFoils' sole asserted basis for its Motion to Compel with respect to any of its fourteen (14) documents requests other than Request No. 13 is that Voith had produced responsive documents to JohnsonFoils subject to conditions not stated in Del. Local Rule 26.2 without having moved for a protective order pursuant to Fed. R. Civ. P. 26(c). JohnsonFoils'

26

Motion to Compel does not even purport to address the merits of Voith's request for additional

protection. Nor does JohnsonFoils address Voith's Objections and Responses to requests Nos. 1-

12, and 14. Therefore, Voith's pending Motion for a Protective Order completely moots

JohnsonFoils' Motion to Compel with respect to requests Nos. 1-12 and 14.

Not only is the resolution of JohnsonFoils' Motion to Compel unnecessary in view of

Voith's pending Motion for a Protective Order, but JohnsonFoils has stated no reason for

imposing an order compelling Voith to respond to discovery requests once the parties' protective

order dispute is resolved. In view of Voith's repeated attempts to produce documents to

JohnsonFoils on terms that reasonably protect Voith's highly confidential information, the need

for an order compelling Voith to respond is plainly premature. JohnsonFoils' Motion to Compel

is also premature because of JohnsonFoils' repeated failure to respond to Voith's reasonable

objections to its discovery requests. As explained below, compelling responses to JohnsonFoils

discovery requests, as currently stated, is only likely to result in further litigation regarding the

proper scope of the requests.

A.    **Voith Has Consistently Sought to Promptly Produce Documents Subject to
       Reasonable Restraints on the Disclosure of Voith's Highly Confidential
       Information.**

1.    **Voith produced the documents now the subject of JohnsonFoils'
       Motion to Compel only to have them returned.**

JohnsonFoils' Motion to Compel does not dispute that the resolution of the parties'

protective order dispute is the only apparent obstacle to the conduct of discovery in this case.

JohnsonFoils admits that Voith produced documents responsive to the very discovery requests at

issue in this Motion to Compel, but objects that Voith's conditions on the disclosure of Voith's

highly confidential information were "unilateral." Motion to Compel, at 7-8. After providing

JohnsonFoils with a Proposed Protective Order, Voith promptly delivered documents responsive

27

to JohnsonFoils' document requests on November 7, 2007. *See* Letter from Neal Goldberg to Anthony S. Volpe, dated November 7, 2007. Voith's documents were provided subject to the limitation that they could only be disclosed under terms—consistent with Voith's Proposed Protective Order—precluding the disclosure of Voith's highly confidential information to individuals involved in competitive practices for or on behalf of JohnsonFoils. *Id.* JohnsonFoils returned the documents to Voith. *See* Letter from Anthony S. Volpe to Neal Goldberg, dated November 8, 2007. Although JohnsonFoils objects that Voith's limitations on the disclosure of Voith's highly confidential information was "unilateral," JohnsonFoils does not provide any justification for imposing an order compelling Voith's responses once the parties' protective order dispute is resolved by Voith's co-pending Motion for a Protective Order.

### 2. Voith promptly filed its Motion for a Protective Order within days of the parties' impasse on a negotiated Agreed Protective Order.

After over a month of negotiations relating to the terms of an Agreed Protective Order, JohnsonFoils first stated that "it appears that the [the parties'] are at an impasse" on Friday, December 7, 2007, and demanded a response by Tuesday, December 11, 2007. *See* Letter from Anthony S. Volpe to Neil F. Greenblum, dated December 7, 2007. Voith responded in detail on December 10, 2007. *See* Letter from Neal Goldberg to Anthony S. Volpe, dated December 10, 2007. The parties' conferred by telephone conference on December 13, 2007, but did not reach agreement. *See* Declaration of Neal Goldberg, ¶¶ 6-7. On Friday, December 14, 2007, the parties continued to confer regarding Voith's offer to deliver its Highly Confidential documents to JohnsonFoils' counsel-of-record not involved in competitive business activities for or on behalf of JohnsonFoils pending resolution of the parties' protective order dispute. *See* Email from George H. Seitz to Adam W. Poff, dated December 14, 2007. Voith's Motion for a Protective Order was filed on December 18, 2007.

28

**3.     Pending resolution of Voith's co-pending Motion for a Protective Order, Voith continues to identify and produce responsive documents.**

Shortly after JohnsonFoils declared an impasse in the parties' efforts to negotiate the terms of an Agreed Protective Order, Voith promptly identified and produced non-confidential responsive documents bearing production numbers in the range VTH000001 – VTH 29898. *See* Letter from Neal Goldberg to Tony Volpe, dated December 31, 2007; Letter from Neal Goldberg to Tony Volpe, dated January 2, 2008; Letter from Neal Goldberg to Tony Volpe, dated January 4, 2008.

**B.     JohnsonFoils' Failure to Either Rebut Voith's Objections or Clarify Its Document Requests to Overcome Voith's Objections Renders Them Unfit Subject Matter for a Motion to Compel.[3]**

Not only is an order compelling Voith's responses unjustified in light of the imminent resolution of the co-pending Motion for a Protective Order, but JohnsonFoils' continued failure to respond to Voith's reasonable objections to its discovery requests forecloses compelling responses to the requests as currently formulated. In response to JohnsonFoils' First Requests for Documents and Things, apart from indicating the availability of responsive documents, Voith identified and stated numerous timely and reasonable objections. *See* Voith's Objections and Responses. JohnsonFoils first responded to Voith's objections on December 7, 2007—nearly *three months* after Voith's Objections and Responses were served—but neither clarified its document requests or rebutted Voith's objections. *See* Fax from Anthony S. Volpe to Neil F. Greenblum and Michael J. Fink, dated December 7, 2007 ("December 7 Letter").

Instead of clarifying its requests in response to Voith's objections, JohnsonFoils stated

---

[3]     Voith enumerates specific objections in this brief for the limited purpose of illustrating the defects in JohnsonFoils' document requests and without waiving any other objections stated in Voith's Objections and Responses.

066310.1001

that "[JohnsonFoils] does not accept [Voith's] objections." *Id.* at 2.[4]  With respect to Voith's

specific objection that JohnsonFoils' Request No. 13 was directed to irrelevant subject matter,

JohnsonFoils provided no clarification, responding only that "[t]he existence of other claims of

infringement against third parties is clearly relevant to the instant case." *Id.*

In response to JohnsonFoils' December 7 Letter, Voith reiterated its objections, and

further requested clarification of JohnsonFoils' discovery requests, including JohnsonFoils'

claim that documents responsive to its Request No. 13 included relevant subject matter. *See*

Letter from Neal Goldberg to Anthony S. Volpe, dated December 10, 2007, at p. 4.  At the

parties' telephone conference on December 13, 2007, JohnsonFoils refused to provide any

further response to Voith's objections. *See* Declaration of Neal Goldberg, ¶ 7.

Even JohnsonFoils' Motion to Compel fails to either rebut Voith's objections or clarify

its requests to overcome those objections, mentioning only some of Voith's objections to

JohnsonFoils' Request No. 13. *See* Motion to Compel, at p. 8.  JohnsonFoils' response to those

objections is perfunctory and dismissive. *See id.* ("The terms [of JohnsonFoils' Request No. 13]

are clear"); *id.* at p. 9 fn. 3 (dismissing Voith's other objections to JohnsonFoils' Request No. 13

without explanation).[5]

---

[4]  JohnsonFoils also stated that it "noted with interest that many of Voith's objections in its
discovery responses are very similar to those [JohnsonFoils' Objections to Voith's Discovery
Requests] Voith found objectionable . . . in its Motion to Compel." *Id.*  However, since
JohnsonFoils' Objections relate to Voith's discovery requests, not JohnsonFoils' discovery
requests, Voith's responses to JohnsonFoils' objections to Voith's discovery requests are not
relevant. *See* Letter from Neal Goldberg to Anthony S. Volpe, dated December 10, 2007, at
p. 4.

[5]  JohnsonFoils also responds to Voith's objection that its Request No. 13 is directed to
irrelevant documents by stating that "[d]iscovery regarding Voith's evaluation of
infringement against third parties is clearly relevant to JohnsonFoils' defenses of misuse,
laches and statute of limitations."  However, as explained in detail below, this "response"
effectively redefines Request No. 13 to be fatally duplicative of documents sought by
JohnsonFoils' Request No. 12.

30

Among other reasons more fully stated in Voith's Responses and Objections, JohnsonFoils' requests, on their face, appear to embrace subject matter that is not relevant to any issue in this case. For example, JohnsonFoils' document requests improperly redefine commonly understood terms to embrace subject matter clearly beyond anything relevant to this action. *See* Objections and Responses, at pp. 3-7. JohnsonFoils' definition of "Plaintiff" purports to include any former employee of Voith. *Id.* at 3. JohnsonFoils definition of "Defendant" is comparably broad, and further confusingly depends on "Plaintiff's" beliefs. *Id.* These defects in JohnsonFoils' definition of the terms "Plaintiff" and "Defendant" infect all subsequent definitions and documents requests which incorporate those terms.

JohnsonFoils also redefines such basic terms as "the '168 patent" and "the '805 patent" to include "any related applications or patent anywhere in the world." *Id.* at 6. Under this confusing definition, because the '168 patent and the '805 patent are related, any distinction between "the '168 patent" and the "the '805 patent" is lost. JohnsonFoils further confusingly defines "Patents-in-Suit" to include "any related applications or patent anywhere in the world" regardless of whether those patents or applications are "in suit." *Id.* at 6-7. JohnsonFoils' confusing redefinition of "the '168 patent" and "the '805 patent" to include other patents and applications fatally infects JohnsonFoils' definition of Applicant, which purports to include individuals who may never have applied for any patent asserted in this action. *Id.* at 7.

JohnsonFoils' failure to correct deficiencies in the scope of its discovery requests, despite having had months to consider Voith's objections, renders its requests unripe for a Motion to Compel for the simple reason that any order incorporating such requests would necessarily acquire their defects and impose undue burdens on Voith.

31

III.    **JOHNSONFOILS' REQUEST NO. 13 IS EITHER FATALLY DUPLICATIVE OF
ITS REQUEST NO. 12 OR REQUESTS DOCUMENTS THAT ARE
IRRELEVANT TO ANY ISSUE IN THIS ACTION**

JohnsonFoils' further request to compel the production of documents in response to its

Request No. 13 should be denied because Request No. 13 is either duplicative of Request No. 12

or is directed to documents that are plainly irrelevant. Request No. 13 appears to be directed to

documents relating to the infringing activities of third parties. Because JohnsonFoils' Request

No. 12 requests documents relating to JohnsonFoils' accused activities, Voith reasonably

assumed that Request No. 13 was limited to third party infringement unrelated to any accused

infringing act of JohnsonFoils. Because, as explained more fully below, infringing acts unrelated

to JohnsonFoils' infringement are irrelevant to any issue in this case, Voith properly objected to

identifying and producing such documents.

Moreover, despite repeated invitations from Voith to do so, JohnsonFoils refused to

explain the relevance of Request No. 13 prior to filing its Motion to Compel. As characterized

for the first time in its Motion to Compel, JohnsonFoils has limited Request No. 13 to third party

infringing acts related to JohnsonFoils' infringement. Interpreted as JohnsonFoils now proposes,

Request No. 13 requests no document that is not also responsive to Request No. 12.

Consequently, even if interpreted as JohnsonFoils now urges for the first time, JohnsonFoils'

Request No. 13, apart from suffering from Voith's other unrebutted objections, is fatally

duplicative and unduly burdensome.

A.    **JohnsonFoils' Characterization of Request No. 13, Disclosed For the First
Time In Its Motion to Compel, Renders Request No. 13 Fatally Duplicative of
JohnsonFoils' Request No. 12.**

Confirming Voith's objection that Request No. 13 is improperly directed to irrelevant

documents, every asserted ground of relevance adduced by JohnsonFoils renders Request No. 13

32

fatally duplicative of its Request No. 12. JohnsonFoils' Request No. 13 nominally requests "All documents associated with or related to Plaintiff's evaluation of any potential infringement by any third party of the subject matter of the Patents-in-Suit." *See* Voith's Objections and Responses, at p. 19-20.[6]   JohnsonFoils' Request 12 asks for "All documents associated with or related to Plaintiff's evaluation of any potential infringement by [JohnsonFoils] of the subject matter of the Patents-in-Suit." *Id.* For ease of comparison the two requests are reproduced in the table below.

| Request No. | Request No. 12 | Request No. 13 |
|---|---|---|
| Request | All documents associated with or related to Plaintiff's evaluation of any potential infringement by [JohnsonFoils] of the subject matter of the Patents-in-Suit. | All documents associated with or related to Plaintiff's evaluation of any potential infringement by <u>any third party</u> of the subject matter of the Patents-in-Suit. |
| Voith's Objections | *See* Responses and Objections, at p. 19-20. | Irrelevant. *See also* Responses and Objections, at p. 20-21. |
| Voith's Response | Voith will produce non-privileged documents responsive to the unobjected-to scope of the request. *See* Objections and Responses, p. 20. | In view of the foregoing general and specific objections, no documents will be produced in response to this request. |
| Documents Produced | Documents responsive to this request were delivered to JohnsonFoils on November 7, 2007, but were returned to Voith. | Under JohnsonFoils' current interpretation of this request, documents responsive to this request were delivered to JohnsonFoils on November 7, 2007, but were returned to Voith. |

For the first time in its Motion to Compel, JohnsonFoils asserts that the documents requested by Request No. 13 are relevant because they relate to Voith's allegations that JohnsonFoils induced or contributed to the infringement of third parties. Motion to Compel, at p.

---

[6]   JohnsonFoils' Requests use terms which have been provided with "definitions." For clarity, Voith does not address those definitions, and Voith's objections thereto, here, but notes that Voith's objections to those definitions have remain unrebutted and are discussed elsewhere in this Motion.

9. However, in each case where the potentially infringing activities of third parties are induced by or contributed to by JohnsonFoils, JohnsonFoils is itself liable as an infringer. *See* 35 U.S.C. §§ 271(b),[7] 271(c).[8] Therefore, JohnsonFoils reference to Voith's allegations that JohnsonFoils induced the infringement of third parties, or contributed to the infringement of third parties, demonstrates the relevance of no documents responsive to Request No. 13 that are not also responsive to Request No. 12.

The same is true for JohnsonFoils' other purported grounds for supporting the relevance of documents responsive to Request No. 13: laches, statute of limitations, and misuse. *See* Motion, at 9. With respect to JohnsonFoils' asserted laches defense, documents relating to any purported delay in enforcing the Patents-in-Suit against JohnsonFoils would necessarily be related to JohnsonFoils' infringement of the Patents-in-Suit. *See Wanlass v. Gen. Elec. Co.*, 148 F.3d 1334, 1337 (Fed. Cir. 1998) ("To prove laches, a defendant must show that the plaintiff delayed filing suit an unreasonable and inexcusable length of time after the plaintiff knew . . . of its claim *against the defendant* . . . [in addition to other elements]") (emphasis supplied) (internal quotations omitted). Documents relating to any purported "statute of limitations" defense are plainly irrelevant if not related to JohnsonFoils' accused infringement. Finally, JohnsonFoils' invocation of its asserted "misuse" defense—a defense strictly limited to circumstances in which a patent is used for purposes <u>other than</u> regulating infringement—does nothing to demonstrate the relevance of documents relating to any infringing acts unrelated to JohnsonFoils' accused

---

[7] "Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. §271(b).

[8] "Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer." 35 U.S.C. §271(c).

34

infringing activities. *See Virginia Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 869 (Fed. Cir. 1997) (acts relating to subject matter within the scope of the patent claims cannot constitute patent misuse). Indeed, JohnsonFoils' patent misuse allegations are limited to acts related to Voith's infringement allegations against JohnsonFoils. *See* JohnsonFoils' Answer and CounterClaims, ¶¶ 22-29, D.I. 19.[9]

Thus, for every purported ground adduced by JohnsonFoils that supports the relevance of documents relating to the infringement of third parties within the scope of Request No. 13, each such document is also responsive to Request No. 12. Voith reasonably interpreted the scope of Request 13 to cover documents *other* than those requested by Request No. 12, and properly objected to producing such irrelevant documents. JohnsonFoils' failure to explain the relevance of documents relating to third party infringement that are <u>unrelated</u> to JohnsonFoils' infringement, and thus outside the scope of its Request No. 12, dooms its request that Voith be compelled to produce such documents.

### B.    JohnsonFoils' Failure to Respond to Voith's Objections to Request No. 13 Renders the Request Unfit for Incorporation in an Order Compelling Voith's Response.

As explained above, JohnsonFoils' Request No. 13, properly interpreted to avoid being fatally duplicative of Request No. 12, does not include any relevant documents within its scope. For this reason alone, Voith should not be burdened with further responding to JohnsonFoils' Request No. 13. As an additional ground for denying JohnsonFoils' request that Voith be compelled to produce documents responsive to its Request No. 13, however, JohnsonFoils has failed to rebut, or even address, Voith's other objections stated in Voith's Objections and

---

[9]    JohnsonFoils' recently requested amendment to its Answer and Counterclaims continues to limit its patent misuse defense to Voith's infringement allegations against JohnsonFoils. *See* Defendant JohnsonFoils, Inc.'s Motion for Leave to Amend Its Counterclaims, filed December 21, 2007. D.I. 54 at pp. 13-14.

35

Responses. *See* Objections and Responses, pp. 20-21. For example, even in its Motion to Compel, JohnsonFoils fails to address Voith's reasonable objections, further explained in Section II. B. of this brief, *supra*, to the scope of the defined terms "Plaintiff" and "Patents-in-Suit." *Id.* Without further limitation and clarification, Request No. 13 as presently stated in the context of JohnsonFoils' First Requests, is unfit for incorporation in an order compelling Voith's Response and would impose undue burdens on Voith. *Id.*

## C. Prior to Filing Its Motion To Compel, JohnsonFoils Refused to Clarify Its Objection to Voith's Response that Documents Sought by Request No. 13 Were Irrelevant.

Ignoring its obligation to confer with Voith in good faith prior to filing its Motion to Compel, JohnsonFoils refused to clarify its discovery requests, including Request No. 13, in light of Voith's objections. Although, as explained above, the recharacterization of Request No. 13 stated for the first time in JohnsonFoils' Motion to Compel renders the request fatally duplicative of its Request No. 12, JohnsonFoils' failure to address Voith's objection prior to moving to compel alone justifies denying JohnsonFoils' Motion to Compel as premature. JohnsonFoils' failure to clarify Request No. 13 prior to filing its Motion to Compel is especially egregious in view of Voith's express request for a clarification during the parties' meet and confer teleconference. JohnsonFoils first objected to Voith's response to Request No. 13 in a letter dated December 7, 2007. *See* Fax from Anthony S. Volpe to Neil F. Greenblum and Michael J. Fink, dated December 7, 2007 ("December 7 Letter"). In its December 7 Letter, JohnsonFoils simply asserted, without explanation, that "the existence of other claims against third parties is *clearly relevant* to the instant case." December 7 Letter, at 2 (emphasis supplied). On December 10, Voith responded: "to help clarify your objection, and assist us in potentially narrowing any disagreement, please explain your basis for asserting that potential infringement claims Voith

36

might have against third parties are relevant." *See* Letter from Neal Goldberg to Anthony S. Volpe, dated December 10, 2007 ("December 10 Letter"). At the parties' meet and confer telephone conference of December 13, 2007, in response to an express invitation to discuss Voith's objections to its discovery requests, JohnsonFoils refused to provide any clarification of its discovery requests, stating instead that it would file a Motion to Compel. *See* Declaration of Neal Goldberg, ¶ 7. Although Voith does not dispute its obligation to produce relevant documents, JohnsonFoils' continuing failure to address Voith's objections at least precludes compelling responses to JohnsonFoils' requests as stated.

## VI.    CONCLUSION

For the foregoing reasons, Voith respectfully requests that this Court deny JohnsonFoils' Motion to Compel.

Respectfully submitted,

Dated: January 9, 2008

Adam W. Poff (#3990)
Chad S.C. Stover (#4919)
YOUNG CONWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6642

Neil F. Greenblum
Michael J. Fink
Neal Goldberg
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

Attorneys for Plaintiff Voith Paper GmbH & Co. KG

## CERTIFICATE OF SERVICE

I, Adam W. Poff, hereby certify that on January 9, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

George H. Seitz, III, Esquire
Patricia P. McGonigle, Esquire
SEITZ, VAN OGTROP & GREEN, P.A.
222 Delaware Avenue
Suite 1500
P.O. Box 68
Wilmington, DE 19899

I further certify that on January 9, 2008, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

Anthony S. Volpe, Esquire
Ryan W. O'Donnell, Esquire
Volpe and Koenig
United Plaza, Suite 1600
30 South 17th Street,
Philadelphia, PA 19103

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Adam w. Poff
Adam W. Poff (No. 3990)
Chad S.C. Stover (No. 4919)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
cstover@ycst.com

*Attorneys for Voith Paper GmbH & Co. KG*

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,                    )
    a Company organized and                    )
    existing under the laws of Germany,        )
                          )
           Plaintiff,                           )
                          )     C.A. No. 07-0226-JJF
        v.                                    )
                          )
JOHNSONFOILS, INC.,                           )
    a Delaware Corporation,                    )
                          )
           Defendant.                           )
_____)

## DECLARATION

1.     I, Kurt F. Brandauer, am currently employed by Voith Paper GmbH & Co. KG

("Voith"), and have been so employed since 1975. My present job title is Executive Vice

President and General Manager. I understand that as part of the above captioned litigation (the

"JohnsonFoils Litigation"), Voith has asserted that JohnsonFoils, Inc. ("JohnsonFoils") infringes

Voith's United States Patent Nos. 5,972,168 and 5,718,805 (the "Patents-in-Suit"). I further

understand that, as part of its response to JohnsonFoils requests for documents, Voith has

collected documents for production that contain Voith's confidential business information

("Voith's CBI").

2.     In the course of my employment with Voith, I have become aware of measures

taken by Voith to protect its CBI. For example, information that Voith considers confidential is

only disclosed to individuals who are under an obligation to maintain its confidentiality. In

addition, all employees of Voith are required, as a condition of their employment, to agree not to

disclose any Voith CBI to any unauthorized individuals. In addition, to the limited extent that

Voith discloses its CBI to third parties, such third parties are required to maintain the confidentiality of Voith's CBI. Voith has invested in technical and physical measures to protect the confidentiality of its CBI, including encryption and secure servers, as well as conventional physical security, including security personnel responsible for ensuring compliance with Voith's CBI security measures.

3.      Voith's CBI includes both technical information and general business information. For example, Voith's CBI includes technical information relating to the research, development, manufacturing, and testing of Voith's paper formers, their components, and their accessories. Among other things, Voith's CBI includes trade secrets and know-how which have neither been publicly disclosed nor disclosed as part of any pending patent application. Voith's CBI also includes information relating to Voith's costs, investments, revenues, profits, marketing, exportation, importation, distribution, sale, and licensing of Voith's paper formers, their components, and their accessories.

4.      JohnsonFoils, and its parent company AstenJohnson, Inc. ("AstenJohnson"), are direct competitors of Voith in the paper forming machine rebuild market. Specifically, from publicly available information, I am aware that JohnsonFoils has made competing bids on "wet end" paper former rebuilds. I understand that such "wet end" rebuilds are directly related to the subject matter of the JohnsonFoils Litigation, and that JohnsonFoils' requests for documents include at least Voith CBI directly related to the competitive technical and business aspects of the "wet end" of paper forming machines.

5.      Based on my experience in the paper forming industry, I conclude that the disclosure of Voith's CBI to its competitors, or the disclosure of Voith's CBI to individuals engaged in competitive activities on behalf of Voith's competitors, including Voith's competitor

JohnsonFoils, would likely be highly prejudicial to Voith. The disclosure of Voith's technical CBI to a competitor would harm Voith because accurate information about Voith's technical and business activities at least provide an informed competitor with the ability to 1) focus its pending patent applications on excluding Voith's specific technology from the marketplace, 2) optimally adjust its competitive bids and marketing based on information about Voith's bids, marketing, costs, and revenues, and 3) unfairly benefit from the results of Voith's research by directing its research efforts to either building on Voith's research results or avoiding the expense of duplicating Voith's research results.

6.     Based on my understanding and knowledge of the paper forming machine industry, upon information and belief, JohnsonFoils has entered into direct competition with Voith recently, at least within the last 4 years. Therefore, Voith's investment in creating the CBI requested by JohnsonFoils likely vastly exceeds JohnsonFoils' investment in creating its CBI. Thus, I conclude that Voith's CBI, if disclosed to individuals involved in competitive activities for or on behalf of JohnsonFoils, would confer a substantial and undeserved benefit on JohnsonFoils, to Voith's detriment.

7.     Because JohnsonFoils is a direct competitor of Voith, based on my experience it would be difficult, if not impossible, for someone engaged in preparing the claims of a competitive patent application, patent continuation, or patent reissue, to avoid being influenced by their exposure to Voith's CBI. I understand that as part of their routine practice, patent prosecutors specifically target their competitor's present and potential future products and services. Exposure to Voith's CBI would prejudice Voith by eliminating the guesswork associated with that practice, even on the part of a prosecutor having the best intentions to respect limitations on the improper use of Voith's CBI. Although Voith would prefer not to

disclose its CBI to any attorney involved in competitive patent prosecution, based on my experience, I believe that imposing a limit on competitive prosecution activities of three (3) years would reasonably protect Voith in two ways. First, the three (3) year bar would provide Voith with a fair opportunity to seek prior protection for any Voith CBI disclosed in the JohnsonFoils Litigation. Second, the three (3) year bar would limit the impact of the disclosure by rendering the CBI less current.

8.      In addition, based on my experience, it would be difficult, if not impossible, for counsel involved in other forms of competitive decision making, such as business planning, marketing, and bidding decisions, to avoid being influenced by exposure to Voith's CBI, to Voith's detriment. I understand that as part of the routine consideration of business plans, marketing, sales, and competitive bidding, individuals involved in such business decisions consider the potential activities of competitors. I also understand that a company's decision to award a contract to Voith or one of Voith's competitors depends on comparing competing bids and services. Disclosing Voith's CBI to such individuals would likely eliminate the guesswork associated with predicting the nature and scope of expected competition from Voith, and unfairly benefit JohnsonFoils, to Voith's detriment.

9.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 9, 2008

_____

Kurt F. Brandauer

# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VOITH PAPER GMBH & CO. KG,<br>  a Company organized and existing under<br>  the laws of Germany,<br>  　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>JOHNSONFOILS, INC.,<br>  a Delaware Corporation,<br>  　　　　　　　Defendants. | Civil Action No. 07-0226-JJF |

**DEFENDANT, JOHNSONFOILS, INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF**

Defendant, Johnsonfoils, Inc., by and through its undersigned attorneys, hereby serves Plaintiff, Voith Paper GMBH & Co. KG, with the following Interrogatories Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure.

**DEFINITIONS**

As used herein, the following definitions apply:

1.　　"Plaintiff" means "Voith Paper GMBH & Co. KG," and includes any and all agents or affiliates or predecessors in interest, business entities, officers, directors, employees or others who have in the past or now act for or on behalf of Plaintiff.

2.　　"Defendant" means "Johnsonfoils, Inc." and includes any and all agents or affiliates or predecessors in interest, business entities, officers, directors, employees or others that Plaintiff believes is or was in privity with Defendant.

3.    As used herein, "person" or "persons" means any natural person and all legal entities.

4.    The term "document" is used in the broadest sense of Rule 34 of the Federal Rules of Civil Procedure and it includes things or physical objects regardless of how they were generated or maintained.

5.    As used herein, the terms "and" and "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which might otherwise be construed to be outside of its scope.

6.    As used in herein, the term "Complaint" means the Complaint filed by Plaintiff in Civil Action No. 07-0226-JJF.

7.    As used herein, the "'805 Patent" refers to U.S. Patent No. 5,718,805 and any related application or patent anywhere in the world.

8.    As used herein, the "'168 Patent" refers to U.S. Patent No. 5,972,168 and any related application or patent anywhere in the world.

9.    As used herein, "Patents-in-Suit" both the '805 Patent and '168 Patent and any related application or patent anywhere in the world.

10.    As used herein, "Applicant" includes any person named as an inventor of the '805 or '168 Patent and any related application or patent anywhere in the world.

## DOCUMENT REQUESTS

### REQUEST NO. 1:

All documents describing Plaintiff's organizational structure as it relates to the research, development, manufacturing, testing, marketing, exportation, importation, distribution, sale, and licensing of subject matter Plaintiff contends is covered by any claim of the Patents-in-Suit.

### REQUEST NO. 2:

All documents concerning Plaintiff's procedures and policies for generating, maintaining, and disposing of records (regardless of how they were generated or maintained), including, but not limited documents related to the subject matter of the Patents-in-Suit.

### REQUEST NO. 3:

All documents establishing Plaintiff's alleged investment in the subject matter of the Patents-in-Suit.

### REQUEST NO. 4:

All documents establishing Plaintiff's alleged sales associated with the subject matter of the Patents-in-Suit.

**REQUEST NO. 5:**

All documents establishing Plaintiff's alleged costs associated with the subject matter of the Patents-in-Suit.

**REQUEST NO. 6:**

All documents establishing Plaintiff's alleged profits associated with the subject matter of the Patents-in-Suit.

**REQUEST NO. 7:**

All documents establishing Plaintiff's alleged revenue associated with licenses or sublicenses of the subject matter of the Patents-in-Suit.

**REQUEST NO. 8:**

All Applicant generated documents associated with or related to the subject matter of the Patents-in-Suit.

**REQUEST NO. 9:**

All Applicant maintained files associated with or related to the subject matter of the Patents-in-Suit.

**REQUEST NO. 10:**

All prior art known to Applicant to be associated with or related to the subject matter of the Patents-in-Suit.

- 4 -

**REQUEST NO. 11:**

All design, installation and manufacturing documentation in Applicant files associated with or related to the subject matter of the Patents-in-Suit.

**REQUEST NO. 12:**

All documents associated with or related to Plaintiff's evaluation of any potential infringement by Defendant of the subject matter of the Patents-in-Suit.

**REQUEST NO. 13:**

All documents associated with or related to Plaintiff's evaluation of any potential infringement by any third party of the subject matter of the Patents-in-Suit.

**REQUEST NO. 14:**

All documents that Plaintiff contends support or tend to support the Complaint allegations.

Respectfully submitted,

Date: 8/13/07

By _Anthony S. Volpe_

Anthony S. Volpe, Esquire, PA # 24,733
Randolph J. Huis, Esquire, PA # 64,457
Ryan W. O'Donnell, Esquire, PA # 89,775
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 S. 17th Street
Philadelphia, PA 19103
Telephone: (215) 568-6400
Facsimile: (215) 568-6499
*Attorneys for Defendant, Johnsonfoils, Inc.*

- 5 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG, | : | |
| A Company organized and existing | : | |
| under the laws of Germany, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 07-226-JJF |
| v. | : | |
| | : | |
| JOHNSONFOILS, INC., | : | |
| A Delaware Corporation, | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant, Johnsonfoils, Inc.'s First Set of Requests For Production of Documents and Things to Plaintiff was served by first class mail on the following:

Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Michael J. Fink, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191

Respectfully submitted,

Date: 8/13/07

By _Anthony S. Volpe_
Anthony S. Volpe, Esquire, PA # 24,733
Randolph J. Huis, Esquire, PA # 64,457
Ryan W. O'Donnell, Esquire, PA # 89,775
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 S. 17th Street
Philadelphia, PA 19103
*Attorneys for Defendant, Johnsonfoils, Inc.*

# Exhibit 3



US 20070267164A1

(19) **United States**

(12) **Patent Application Publication**    (10) Pub. No.: US 2007/0267164 A1
Shands et al.                                                (43) Pub. Date:        **Nov. 22, 2007**

(54) HEADBOX AND STOCK DELIVERY SYSTEM FOR A PAPERMAKING MACHINE

(75) Inventors: Jay A. Shands, Belchertown, MA (US); James A. Ronning, Granby, CT (US); George C. Mendrala, Pittsfield, MA (US); Vaughn J. Wildfong, East Longmeadow, MA (US); Douglas R. McPherson, East Granby, CT (US)

Correspondence Address:
VOLPE AND KOENIG, P.C.
DEPT AJ
UNITED PLAZA, SUITE 1600
30 SOUTH 17TH STREET
PHILADELPHIA, PA 19103 (US)

(73) Assignee: ASTENJOHNSON, INC., Charleston, SC (US)

(21) Appl. No.:     11/670,188

(22) Filed:         Feb. 1, 2007

Related U.S. Application Data

(60) Provisional application No. 60/764,053, filed on Feb. 1, 2006.

Publication Classification

(51) Int. Cl.
    *D21F  1/06*        (2006.01)
(52) U.S. Cl. .......................................... 162/343; 162/202

(57)                **ABSTRACT**

A headbox including a stock dilution profiling arrangement and associated stock delivery systems are provided, which together deliver to the forming section of a papermaking machine a uniform stock flow with more consistent basis weight and fiber orientation profiles than has previously been possible. These improvements in basis weight uniformity and fiber orientation profile provide benefits in paper sheet formation and related paper properties.



# Exhibit 4

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In the **PATENT APPLICATION** of: | |
| Shands et al. | |
| **Application No.:** 11/670,188 | |
| **Confirmation No.:** 6652 | |
| **Filed:** February 1, 2007 | |
| For: HEADBOX AND STOCK DELIVERY SYSTEM FOR A PAPERMAKING MACHINE | |
| Group: 1731 | |
| Examiner: Not Yet Known | |

Our File:    AJE-2.215.1US

Date:        December 13, 2007

### SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

Further to Applicants' Duty of Disclosure pursuant to 37 C.F.R. §1.56, Applicants wish to bring to the Examiner's attention the material cited on the enclosed PTO-1449 form.

Pursuant to 37 C.F.R. §1.98(a)(2)(ii), copies of the cited U.S. publications and/or patent documents have not been included.

The references cited in this Information Disclosure Statement were listed in an International Search Report, copy enclosed, in the corresponding International Application.

**Applicant:** Shands et al.
**Application No.:** 11/670,188

It is respectfully requested that the Examiner consider these documents and return an initialed copy of the PTO-1449 form indicating his consideration of the cited materials.

Respectfully submitted,

Shands et al.

By__/Randolph J. Huis/_____
Randolph J. Huis
Registration No. 34,626
(215) 568-6400

Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA  19103
RJH/dmm

# Exhibit 5

**1:07-cv-00226-JJF** Voith Paper GMBH & Co. KG
Joseph J. Farnan, Jr., presiding
**Date filed:** 04/27/2007 **Date of last filing:** 12/06/2007

# Attorneys

**Randolph John Huis**
Volpe & Koenig, P.C.
United Plaza.
Suite 1600
30 South 17th Street
Philadelphia, PA 19103          representing
(215) 568-6400
(215) 568-6499 (fax)
rhuis@volpe-koenig.com
 *Assigned: 05/29/2007*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

**JohnsonFoils Inc.**
*(Counter Claimant)*

**JohnsonFoils Inc.**
*(Defendant)*

**Patricia Pyles McGonigle**
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899          representing
(302) 888-0600
pmcgonigle@svglaw.com
 *Assigned: 07/16/2007*
 *ATTORNEY TO BE NOTICED*

**JohnsonFoils Inc.**
*(Counter Claimant)*

**JohnsonFoils Inc.**
*(Defendant)*

**Ryan W. O'Donnell**
Pro Hac Vice
rodonnell@volpe-koenig.com          representing
 *Assigned: 05/21/2007*
 *ATTORNEY TO BE NOTICED*

**JohnsonFoils Inc.**
*(Counter Claimant)*

**JohnsonFoils Inc.**
*(Defendant)*

**Adam Wyatt Poff**
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391            representing
(302) 571-6600
apoff@ycst.com
 *Assigned: 04/27/2007*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

**Voith Paper GMBH & Co. KG**
*(Counter Defendant)*


**Voith Paper GMBH & Co. KG**
*(Plaintiff)*


**George H. Seitz, III**
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899               representing
(302) 888-0600
gseitz@svglaw.com
 *Assigned: 05/04/2007*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

**JohnsonFoils Inc.**
*(Counter Claimant)*


**JohnsonFoils Inc.**
*(Defendant)*


**Chad S.C. Stover**
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391            representing
302-571-5018
cstover@ycst.com
 *Assigned: 11/09/2007*
 *ATTORNEY TO BE NOTICED*

**Voith Paper GMBH & Co. KG**
*(Plaintiff)*


**Anthony S. Volpe**
Pro Hac Vice
Avolpe@volpe-koenig.com           representing
 *Assigned: 05/21/2007*
 *ATTORNEY TO BE NOTICED*

**JohnsonFoils Inc.**
*(Counter Claimant)*

**JohnsonFoils Inc.**
*(Defendant)*

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/14/2007 14:09:01 | | |
| PACER Login: | sg0070 | Client Code: |
| Description: | Attorney List | Search Criteria: | 1:07-cv-00226-JJF |
| Billable Pages: 1 | | Cost: | 0.08 |

# Exhibit 6

LAW OFFICES
## GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPRZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERIBERT F. MUENSTERER, Ph.D. °°
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL B. MOON
PAUL T. LEE *
JOHN V. MAZZOLA *
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATHN VENTER, Ph.D.
SAFET METJAHIC *
AZZA JAYAPRAKASH
JONATHAN MILLER *

NEAL GOLDBERG
STEVEN B. POLLICOFF *
FARID MAIDUDDIN, Ph.D.

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS PAYNE, Ph.D.
LESLIE J. PAPEINER *
RICHARD J. McGRATH
BARRY L HOLLANDER

TECHNICAL ADVISORS:
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
SARAH J. SMALL
WALTER SCHLAPKOHL, Ph.D.

* ADMITTED TO A BAR
  OTHER THAN VA
° EUROPEAN PATENT ATTORNEY
▲ KOREAN PATENT ATTORNEY
□ REGISTERED PATENT AGENT

September 21, 2007

VIA EMAIL (PDF)

Anthony S. Volpe
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Re:     *Voith v. JohnsonFoils.*; Our Ref: J214720

Dear Tony:

In response to your letter of September 20, 2007, in which you provided your availability for a call to discuss pending discovery issues on Monday, October 1, 2007, let's schedule the call for 11:30 a.m. I will initiate the call.

Also, as it appears from your letter that JohnsonFoils's documents are ready for production, please provide them to us as soon as possible. We prefer that documents be provided in their native format, *i.e.*, in accordance with Fed. R. Civ. P. 34(b).

Responding to your request that we circulate a protective order, we are in the process of finalizing a draft and expect to provide it to you by early next week. We anticipate that the agreed protective order will have two levels of confidentiality: Highly Confidential and Confidential. The disclosure of Highly Confidential information will be limited to a party's litigation counsel and qualified experts. In accordance with the Court's rules, until a protective order is entered, all confidential documents will be treated as Attorneys' Eyes Only. Accordingly, the absence of a protective order does not suspend the obligation to produce documents.

Additionally, please promptly provide a copy of the insurance policy (and any related documents) which you identified in JohnsonFoils's initial disclosures. We will maintain the documents as Attorneys' Eyes Only until entry of a stipulated protective order.

{J214720 00265023.DOC}

Anthony S. Volpe                    September 21, 2007                    Page -2-

     We are still in the process of gathering Voith's responsive documents and reviewing the documents for privilege.  We are working diligently to complete the task, but as I informed you before, our task is complicated by the need to gather documents, many of which are in German, from overseas.  I will let you know as soon as we have documents ready for production.  As you have indicated that your responsive documents are ready for production, please provide them to us by next week.

     Very truly yours,

     GREENBLUM & BERNSTEIN, P.L.C.

     Michael J. Fink

MJF/mis

cc:    Adam Poff, Esq.
      George H. Seitz, III, Esq.

{J214720 00265023.DOC}

# Exhibit 7



United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

————————————————— BRINGING LAW TO YOUR IDEAS® —————————————————

Anthony S. Volpe
avolpe@volpe-koenig.com

October 24, 2007

**VIA E-MAIL ONLY**

Neil Goldberg, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191

Re:   *Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.*
      U.S.D.C. for the District of Delaware
      Civil Action No. 07-226-JJF

Dear Neil:

We write as follow up to our October 24, 2007 "discussion" and in response to your
October 24, 2007 e-mail. As an initial matter, we did not have any "discussion" as
Michael Fink spoke over me and finished my sentences each time I attempted to
respond to your statements. We "abruptly" terminated the phone conference after
requesting that Michael stop interrupting us.

Moreover, we are shocked by your accusations that we delaying document
production by "hiding" behind your failure to provide a protective order. Since
August 24, 2007, we have inquired on no less than four (4) separate occasions
whether you intend to circulate the promised protective order in order to facilitate
document production. On each occasion, the reply was that it will be coming soon
(and in particular Michael Fink's letter September 21, 2007 letter stated that the
protective order would be circulated during the early portion of the week of
September 24, 2007). We also remind you that we have been available to discuss
this and all other discovery issues with you for the past two months, including the
October 1, 2007 telephone conference that you scheduled with us and did not bother
to show up for (in fact, we did not receive any courtesy communication from you
regarding your failure to keep this appointment that you scheduled).

We are also surprised that you have delayed circulating a draft of the protective
order for over (2) months, and now accuse us of delay. As we previously advised
you, it would be a waste of the parties' time and expense to initially produce
documents as attorneys' eyes only pursuant to Local Rule 26.2, and then duplicate
this effort by performing a second review of these documents for the appropriate
level of confidentiality pursuant to a protective order. <u>Such duplication of efforts</u>

*Patents*      *Trademarks*      *Copyrights*      *Trade Secrets*      *Litigation*      *Licensing*



Neil Goldberg, Esquire                                    October 24, 2007
Page 2                                                          07-226-JJF

should be easily avoided by agreeing to the terms of the protective order
beforehand.

Your characterization of our position that we "are entitled to withhold documents
until an agreed protective order is entered" is an intentional misstatement. We
understand Local Rule 26.2; however, you have misled us for over two (2) months
into believing that a protective order would be forthcoming, and as discussed above,
entry of protective order would avoid duplication of effort in appropriately
designating documents. We find this to be reasonable based on the scope and
quantity of documents you have requested, and do not understand the continued
basis for your delay to circulate the protective order.

During today's conference, Michael Fink further advised us for the first time that he
already decided that there will be two (2) levels of confidentiality in this case,
"confidential" and "highly confidential," and that we should have already began
marking our documents accordingly. The terms of a protective order must be
mutually agreed upon by both parties or decided by the Judge. Michael's dictation
of the levels of confidentiality in this case are not controlling. Furthermore, without
having the benefit of reviewing the protective order, we do not have any inclination
as to how the "confidential" and "highly confidential" levels should be applied.
Again, we remind you that this could easily be resolved by actually circulating the
protective order so we can reach an agreement.

During our conference you stated that you are currently preparing documents to be
produced tomorrow, October 25, 2007, in accordance with Michael's "confidential"
and "highly confidential" designation. Please understand that we do not agree to
these designations and are not bound to them without entry of a protective order.
We will not be sympathetic to any duplication of effort on your behalf to actually
mark your documents appropriately when a protective order is entered.

Because we were not able to hold a discussion on the format for document
production, we propose that all documents be produced as single page tiff images.
We use a Concordance load file, and we can produce JohnsonFoils' documents with
whatever type of load file you require. Please confirm with your agreement to this
proposal.



Neil Goldberg, Esquire                                                        October 24, 2007
Page 3                                                                          07-226-JJF

We remain interested in resolving these issues and believe that they can be resolved without the court's intervention. However, we will require that Michael exercise professional courtesy in allowing us to respond to your assertions without speaking over us on any future conferences.

We again request that you circulate a protective order as you previously promised so we can move past these issues and proceed with discovery in a reasonable manner.

Very truly yours,

Volpe and Koenig, P.C.

By: _____
      Anthony S. Volpe

ASV/RWO

cc: Michael J. Fink, Esquire (via e-mail only)
     Adam Wyatt Poff, Esquire (via e-mail only)
     George H. Seitz, III, Esquire (via e-mail only)
     Patricia McGonigle, Esquire (via e-mail only)

# Exhibit 8

# DRAFT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| VOITH PAPER GMBH & CO. KG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | )C.A. No. 07-226-JJF | |
| JOHNSONFOILS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## STIPULATED PROTECTIVE ORDER

YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Adam W. Poff (No. 3990)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6600
apoff@ycst.com

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
Neal Goldberg
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

*Attorneys for Plaintiff, Voith Paper GmbH &
Co. KG.*

George H. Seitz, III (DE #667)
Patricia Pyles McGonigle (DE #667)
Kevin A. Guerke (DE #4096)
SEITZ, VAN OGTROP & GREEN, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-7602

Anthony S. Volpe, Esquire, PA # 24,733
Randolph J. Huis, Esquire, PA # 64,457
Ryan W. O'Donnell, Esquire, PA # 89,775
VOLPE AND KOENIG, P.C.
United Plaza, Suite 1600
30 S. 17th Street
Philadelphia, PA 19103

*Attorneys for Defendant, Johnsonfoils, Inc.*

Dated: November 1, 2007

## DRAFT

It is hereby stipulated by and between counsel for the parties in the above referenced

action ("the Parties") that the following terms and conditions of this Stipulated Protective Order

("Protective Order") shall govern the conduct of discovery by the parties in this litigation.

1. Scope of Order. This Protective Order shall apply to all discovery of the Parties and

shall apply to all information, documents and/or things owned, possessed, controlled and/or

produced by any party subject to discovery in this action. This Protective Order shall further

govern the production of documents, information and/or things supplied in this case in any form

by a party and designated by that party as containing or embodying confidential information.

2. Limited Use of Discovery Materials. The term "Discovery Material" includes all

documents, information, and/or things that any party obtains from another party in the course of

discovery. For example, Discovery Material includes any documents or information produced,

created, or generated in response to a discovery request, such as answers and responses to

interrogatories, document requests, and requests for admission. Discovery Material also includes

the content of depositions, including without limitation, any deposition transcripts. The only

"Legitimate Purposes" of discovery materials obtained in this action are to a) support or rebut a

claim or defense of a party in this action; or b) to discover materials that support or rebut a claim

or defense of any party in this action. Discovery Material is provided solely to the extent needed

for Legitimate Purposes of this action. Discovery Materials shall only be used for such

Legitimate Purposes within this litigation. Any other use of Discovery Material is strictly

prohibited.

3. Confidential Material. "Confidential Information" is any non-public information that

is only disclosed under terms, express or implied, that would require the receiving party to

maintain its confidentiality. "Confidential Material" is any tangible embodiment of information

{J214720 00293266.DOC}                        2

## DRAFT

that contains Confidential Information. For example, Confidential Material includes any

document, information, thing, or portion thereof, whether an original or a copy, including any

exhibits and/or attachments, that contains Confidential Information. Confidential Material also

includes any document or information produced in the course of litigation, such as letters,

electronic or otherwise, responses to interrogatories, document requests, requests for admission,

and deposition testimony, that contains Confidential Information. In addition, Confidential

Material includes physical objects and recordings that contain Confidential Information.

Anything designated, in good faith, by a party as Confidential Material is to be treated as

Confidential Material under the terms of this Protective Order unless or until the designating

party retracts the designation or is ordered to do so by the Court.

4. Highly Confidential Material. "Highly Confidential Information" is non-public

information that includes or reflects particularly sensitive business or technical information of a

party. "Highly Confidential Material" is any tangible embodiment of information that contains

Highly Confidential Information. For example, Highly Confidential Material includes any

document or portion thereof, whether an original or a copy, including any exhibits or

attachments, that contains Highly Confidential Information. Highly Confidential Material also

includes any document produced in the course of litigation, such as answers and responses to

interrogatories, document requests, requests for admission, and/or deposition questions and

answers, that contains Highly Confidential Material. In addition, Highly Confidential Material

includes physical objects, recordings or things that contain Highly Confidential Information.

Anything designated, in good faith, by a party as Highly Confidential Material is to be treated as

Highly Confidential Material under the terms of this Protective Order unless or until the

designating party retracts the designation or is ordered to do so by the Court.

# DRAFT

5.   Designation of Confidential and Highly Confidential Materials.

(a) Designating Discovery Materials.  Discovery Materials which a party, in good faith, believes to contain Confidential Information shall be designated Confidential Material by affixing or incorporating the label "CONFIDENTIAL" thereon. Discovery Materials which a party, in good faith, believes to contain Highly Confidential Information, shall be designated Highly Confidential Material by affixing or incorporating the label "HIGHLY CONFIDENTIAL" thereon.  When labeling a document, the label shall be affixed on each page. Labeling a thing with a confidentiality designation, such as a CD or DVD, shall be deemed to apply the label to all documents and things it contains, unless the designating party expressly provides otherwise in writing.  In all cases, the designating party shall make reasonable efforts to ensure that any such label is conspicuous.  Where labeling is not reasonably feasible a party may, in lieu of labeling, provide notice in writing that specifically identified Discovery Materials constitute Confidential Material or Highly Confidential Material.

(b) Misdesignation of Discovery Materials  A party may cure an inadvertent failure to stamp or otherwise designate a document, information, or thing ("Misdesignated Material") at the time of its disclosure as Confidential or Highly Confidential by notifying the recipient within ten (10) business days after discovering the error.  Upon receiving such notice, and allowing for reasonable opportunity to inform anyone receiving the Misdesignated Material or information derived therefrom prior to such notice, the Misdesignated Material will be treated as if it bears the corrected designation pursuant to the terms of this Protective Order.  Subject to the receiving party's obligation to take reasonable steps to prevent further disclosure and/or use of Misdesignated Material, a party's disclosure of Misdesignated Material prior to receiving notice,

## DRAFT

including any unavoidable subsequent disclosures caused by the misdesignation, shall not constitute a violation of this Protective Order.

At the producing party's option, Misdesignated Material shall be returned to the producing party—provided that reasonable expenses relating to the return are reimbursed—or be destroyed. Replacement Discovery Materials bearing the appropriate confidentiality designation shall be promptly provided.

(c) Inspection Permitted Prior to Designation. To expedite discovery, the parties agree that documents and information may be made available for inspection without designation and designated subsequently at the time of production. Until production, all such documents shall be treated as Highly Confidential.

(d) Deposition Testimony. In the case of depositions upon oral examination of any person, including without limitation depositions of any party deponent pursuant to Fed. R. Civ. P. 30(b)(6), a party's employees or agents, former employees or agents, consultants or experts of Plaintiff or Defendant, or others, the testimony of the witness shall be deemed Highly Confidential until the expiration of forty (40) days after the receipt of the final transcript of the deposition by counsel for both parties ("Transcript Designation Period"). It shall not be necessary for a party to designate specific testimony as "Confidential" or "Highly Confidential" during the course of a deposition, but counsel for a party may designate the transcript, or any part thereof, Confidential or Highly Confidential during the deposition. During the Transcript Designation Period, either party may designate all or portions of the deposition transcript as containing its Confidential Information or Highly Confidential Information within the Designation Period. Unless otherwise provided by stipulation of the parties, further order of the Court, or other terms and conditions of this Protective Order, deposition transcripts are deemed

## DRAFT

to have been produced with the designations provided as of the expiration of the Transcript Designation Period.

6. <u>Qualified Persons</u>. Every "Qualified Person" must satisfy all the terms and conditions in the subsection entitled "General Qualifications," and must further satisfy all of the terms and conditions of at least one of sections (a) through (c) in the subsection entitled "Specific Qualifications."

<u>General Qualifications</u>. Every "Prohibited Person," as that term is defined in the section "Persons to Whom Disclosure is Prohibited" below, is expressly excluded from the class of Qualified Persons. Prior to being provided with access to any Confidential or Highly Confidential Information, except as expressly authorized by this Court's Local Rule 26.2 ("Confidentiality") prior to the entry of this Protective Order, all Qualified Persons, other than court personnel belonging to category (c) below, must 1) execute the attached Undertaking, thereby agreeing to be bound by the terms and conditions of this Protective Order; and 2) be properly designated pursuant to the procedures outlined in the section entitled <u>Designation of Persons with Access to Confidential and/or Highly Confidential Information</u> below. Every Qualified Person is responsible for ensuring that any essential support staff exposed to Highly Confidential or Confidential Information, including outside service providers and vendors, abide by all terms and conditions of this Protective Order.

<u>Specific Qualifications</u>:

(a) <u>Outside Counsel and Essential Support Staff</u>. Outside lawyers appearing of record in this litigation, on behalf of a party, and other lawyers in their respective law firms, and members of their staff to whom it is necessary that material be disclosed for the purpose of this litigation, including commercial copying vendors, draftsmen, etc. Each outside lawyer in this

# DRAFT

category shall execute the Undertaking attached as Exhibit A to this Protective Order and satisfy

the terms and conditions of the section <u>Designation of Persons with Access to Confidential</u>

<u>and/or Highly Confidential Information</u> prior to being exposed to any Confidential Information

or Highly Confidential Information, except as expressly provided by this Court's Local Rule

26.2 ("Confidentiality") prior to the entry of this Protective Order. Each outside lawyer shall not

presently, or within the next three (3) years, be involved, directly or indirectly, in any matters

pending before a patent authority relating to the subject matter of this litigation. Each outside

lawyer is responsible for ensuring that members of their staff are aware of, and adhere to, the

terms of this Protective Order.

　　　　(b) <u>Experts or Litigation Consultants Unaffiliated With Parties or Competitors</u>. Any

person not presently a principal shareholder, officer, director, employee or independent

contractor of a party or of any competitor to a party to this action, who is expressly retained or

sought to be retained for the limited purpose of providing specific assistance in preparing this

action for trial, and who is not presently, or within the next three (3) years, involved, directly or

indirectly, in any matters pending before a patent authority relating to the subject matter of this

litigation. Persons qualifying in this category may only review Confidential Material or Highly

Confidential Material to the extent necessary to perform work directly related to Legitimate

Purposes of this action. Each member of this category shall execute the Undertaking attached as

Exhibit A to this Protective Order and satisfy the terms and conditions of the section <u>Designation</u>

<u>of Persons with Access to Confidential and/or Highly Confidential Information</u> prior to being

exposed to any Confidential Information or Highly Confidential Information. Each individual in

this category is responsible for ensuring that members of their staff are aware of, and adhere to,

the terms of this Protective Order.

## DRAFT

(c) Essential support staff unaffiliated with any party. Court reporters, stenographic reporters, certified translators, certified interpreters, and Court personnel as are necessary for the conduct of discovery, trial preparation or trial, and are unaffiliated with any party. Each member of this category, except court personnel, shall execute the Undertaking attached as Exhibit A to this Protective Order and satisfy the terms and conditions of the section Designation of Persons with Access to Confidential and/or Highly Confidential Information prior to being exposed to any Confidential Information or Highly Confidential Information.

7. Limited Disclosure of Confidential Information. The disclosure of Confidential Information and Highly Confidential Information is strictly limited to individuals who a) comply with all terms and conditions of this Protective Order; b) satisfy the terms and conditions of the section entitled Qualified Persons above, including without limitation, at least one of sections 6(a) through 6(c) above, and c) are not presently, or within the next three (3) years, involved, directly or indirectly, in any matters pending before a patent authority relating to the subject matter of this litigation.

8. Disclosure to Certain Persons Prohibited. Under no circumstances may Confidential Information or Highly Confidential Information—or any materials incorporating or reflecting such information—be disclosed to anyone for whom the disclosure creates an unreasonably high risk of prejudice—apart from the ordinary prejudice resulting from a potentially adverse result in this litigation—to the disclosing party ("Prohibited Persons"). The class of Prohibited Persons includes at least individuals involved, either presently or within the next three (3) years, in matters before the United States Patent and Trademark Office, including without limitation, patent prosecution, reexamination proceedings, and /or reissue proceedings relating to the subject matter of this lawsuit. The class of Prohibited Persons also includes any individuals directly

{J214720 00293266.DOC}                                8

## DRAFT

involved in the design and development of products relating to the subject matter of this lawsuit, either presently or within the next three (3) years.

Each party shall take reasonable steps to ensure that Prohibited Persons are not provided with access to another party's Confidential or Highly Confidential Information.

Upon learning that Confidential Information and/or Highly Confidential Information has been disclosed, whether inadvertently or not, to a Prohibited Person, immediate steps shall be taken to 1) retrieve any Confidential or Highly Confidential Materials from the Prohibited Person; 2) notify the disclosing party of the disclosure, including information sufficient to identify the discovery materials improperly disclosed and the Prohibited Person(s) to whom disclosure was made; 3) disclosing information relating to the relevant activities of the person(s) to whom disclosure was improperly made sufficient to assess the risk that the disclosing party will be prejudiced by the disclosure; and 4) taking steps to minimize the risk of prejudice to the disclosing party resulting from the improper disclosure.

Any of Voith's counsel engaged in representing Voith, either as of the date of this Order or anytime in the next three (3) years, in matters relating to the subject matter of this lawsuit that are pending, or will be pending, before the PTO, including without limitation patent prosecution and reexamination proceedings, shall be considered a Prohibited Person and be excluded from access to JohnsonFoils's Confidential or Highly Confidential Information.

Similarly, any of JohnsonFoils's counsel engaged in representing JohnsonFoils, either as of the date of this Order or anytime in the next three (3) years, in matters relating to the subject matter of this lawsuit that are pending, or will be pending, before the PTO, including without limitation patent prosecution and reexamination proceedings, shall be considered a Prohibited Person and be excluded from access to Voith's Confidential or Highly Confidential Information.

## DRAFT

The parties agree that the measures stated in this section, together with other provisions of this Protective Order, are sufficient to satisfy the aforementioned requirement that Prohibited Persons are excluded from access to Confidential Information and/or Highly Confidential Information. Because this limitation is related only to the disclosure of Confidential or Highly Confidential information of a party, nothing in this Paragraph 8, or any other provision of this Protective Order, is intended to prevent counsel for either party from consulting with any person, including a Prohibited Person regarding issues or matters involved in the litigation, provided that no Confidential or Highly Confidential Information of another party is disclosed, directly or indirectly, to such Prohibited Person.

9.  <u>Designation of Persons with Access to Confidential and/or Highly Confidential Information</u>. A potentially Qualified Person is proposed for designation by serving a signed and executed copy of the Undertaking, attached to this Protective Order as Exhibit A, together with any required Background Information, on the non-designating party. Except as otherwise provided by this Order or by this Court's Local Rule 26.2 ("Confidentiality"), Qualified Persons may be exposed to Confidential Information or Highly Confidential Information only after being properly designated in accordance with the following terms and conditions. With respect to persons proposed-to-be-designated pursuant to paragraphs 6(b) and 6(c) (except for court personnel), background information sufficient to ascertain the existence of potentially disqualifying facts shall be provided ("Background Information") as follows:

a) Background Information for persons proposed-to-be-designated pursuant to paragraph 6(b), shall include, at least, the person's name, address, occupation (including job title and description of responsibilities) and an updated curriculum vitae providing sufficient details of that person's consulting work and experience in order to ascertain – for the past 10 years – that

## DRAFT

person's employer and the scope and subject matter of the engagement. In addition, persons proposed-to-be-designated pursuant to paragraph 6(b) shall provide a general description of their involvement, or lack thereof, in any matters pending before any patent authority or in any product design, including without limitation any design-around to the Patents-in-Suit, or product development, having subject matter relevant to the subject matter of this lawsuit.

b) Background Information for persons proposed-to-be-designated pursuant to paragraph 6(c), except for court personnel, shall include the person's name, address, and occupation (including job title and description).

The appropriate Background Information, as required above, of any person proposed-to-be-designated a Qualified Person, shall be served upon the attorneys of record for the non-designating party.

A proposed-to-be-designated person pursuant to paragraph 6(c), unaffiliated with any party and otherwise qualified under the terms and conditions of this Protective Order, such as, for example, court reporters, stenographic reporters, certified translators, and certified interpreters, will be deemed a Qualified Person upon execution of the Undertaking attached to this Protective Order as Exhibit A, and delivery by any means to the non-designating party. For example, court reporters, stenographic reporters, certified translators, and certified interpreters, will be deemed Qualified Persons upon providing to counsel for the non-designating party an executed copy of the Undertaking at any time before commencement of a deposition in which Confidential or Highly Confidential Information may be disclosed.

For all others, a proposed-to-be-designated Qualified Person may only become a designated Qualified Person after notice and opportunity for the non-designating party to object as follows. Unless the designating party receives notice of an objection in writing, to a

## DRAFT

proposed-to-be-designated person, within seven (7) business days, such person shall thereafter be deemed a designated Qualified Person. The date within which an objection must be made is computed in accordance with Fed. R. Civ. P. 6 and this Court's Local Rules. Any such objection to a proposed-to-be-designated person must be in good faith and the reasons for it shall be stated in writing. In the event of any such objection to a proposed-to-be-designated person, there shall be no disclosure of Confidential Information or Highly Confidential Information to such person, except by agreement of the parties or further order of the Court.

The parties shall make a good faith effort to resolve any dispute over an objection. If the parties are unable to resolve their dispute in good faith, the party to whom the objection has been made shall so advise the objecting party in writing. To preserve the objection, the objecting party must seek relief from the Court within ten (10) days, computed in accordance with Fed. R. Civ. P. 6 and this Court's Local Rules, of the effective date of service of the notice that the parties are unable to resolve the dispute. If the objecting party fails to seek relief within that time period, the objection shall be deemed withdrawn. If the objecting party timely requests relief from the Court as provided above, there shall be no disclosure of Confidential Information or Highly Confidential Information to such proposed-to-be-designated person, except by agreement of the parties or further order of the Court.

10.    Witness Examinations

Examination Attendees other than Witnesses. Only properly designated Qualified Persons will be allowed to attend that portion of a witness examination in which Confidential Information or Highly Confidential Information of a party is used or elicited.

## DRAFT

Fair Use. Once a party has used confidential documents or information, or elicited confidential information, in examining any witness, the other party may use said confidential documents or information in its examination of the same witness without any further action.

Limited Disclosure to Information Source Party Witnesses Permitted. Except as otherwise provided by agreement of the parties in writing, this Protective Order, or further order of the Court, Confidential Information and/or Highly Confidential Information of a party may be disclosed to a witness with a past or present affiliation with that party, only as specifically provided below:

(a)   Any witness testifying under oath who is an employee, officer or director of a party may be examined with respect to Confidential Information or Highly Confidential Information of that party.

(b)   Any witness testifying under oath who was previously (i) an employee, officer or director of; (ii) an individual or an employee of any entity which was a consultant, representative, agent, licensee to or licensor of, or (iii) an individual or an employee of any entity which was an assignee to or assignor of the party who produced such Confidential Information or Highly Confidential Information may be examined only with respect to Confidential Information or Highly Confidential information to which such person or entity had actual access at any time during his or her association to the party or which such person participated in preparing.

(c)   Any witness not covered by (a) or (b) of this paragraph may be examined as a witness at hearing/trial or during a deposition concerning any Confidential Information or Highly Confidential Information which that person had lawfully received or generated prior to and/or apart from this lawsuit. During examination, any such witness may be shown Confidential

DRAFT

Information or Highly Confidential information of a Producing Party which appears on its face or from other documents or testimony to have been received previously by that witness, communicated to that witness or generated by that witness.

(d)     All such witnesses of subparagraphs 10(a) through 10(c) above who are exposed to Confidential Information or Highly Confidential Information shall be cautioned against the disclosure of such information to others and shall continue to be bound by any previously entered nondisclosure or confidentiality restrictions relating to the Confidential Information or Highly Confidential Information.

11.    Scope of Use of Confidential Materials.  None of the individuals identified under paragraph six (6) shall disclose or disseminate, directly or indirectly, any Confidential Information or Highly Confidential Information for any purpose except as expressly permitted by this Protective Order, further stipulation of the parties in writing, or by further Order of the Court.

Nothing in this Order shall bar or otherwise restrict an attorney herein from communicating with other attorneys or rendering advice to a client, and, in the course thereof, referring to or relying upon his examination of confidential information; provided, however, that in rendering such advice and in otherwise communicating with other attorneys or a client, the attorney shall not make any disclosure of information designated Confidential Information or Highly Confidential Information, in whole or in part, directly or indirectly, until and unless the recipient of the disclosure is designated as a Qualified Person entitled to review such a disclosure under the terms of this Protective Order, by agreement of the parties in writing, or by further order of the Court.  The parties agree that such communications and/or advice improperly discloses Confidential Information or Highly Confidential Information if, and only if, the advice

{J214720 00293266.DOC}                        14

## DRAFT

makes a recipient more certain of the existence or nonexistence of a confidential or highly confidential fact for which the recipient does not have express authorization pursuant to the terms of this Protective Order, agreement of the parties, or further Order of the Court.

12.    Consent to Disclosure of Confidential Material.  Nothing shall prevent disclosure beyond the terms of this Protective Order if the party designating the information as Confidential Information or Highly Confidential Information expressly consents in writing to such disclosure, or if the Court, after notice and reasonable time to object is given to all parties, orders such disclosure.

13.    No Disclosure Required.  This Protective Order limits the disclosure of Confidential Information and Highly Confidential Information of a party.  Except where expressly provided, this Protective Order does not affirmatively require the disclosure of any Discovery Material.

14.    Privileged Material.  This Protective Order incorporates all restrictions on the disclosure of information arising from the proper assertion, pursuant to Fed. R. Civ. P. 26(b)(5)(A), of the attorney-client privilege, the attorney work-product immunity, and all other applicable privileges.  Nothing in this Protective Order requires the disclosure of any material, including documents, information, or things, which a party contends, pursuant to Fed. R. Civ. P. 26(b)(5)(A), is protected from disclosure by the attorney-client privilege, the attorney work-product immunity, or other applicable privileges.

15.    Challenge of Designation.

No Waiver.  A party shall not be obligated to challenge the propriety of a Confidential Information or Highly Confidential Information designation at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

## DRAFT

Objections. A party may, at any time, object to another party's confidentiality designation by providing the other party with sufficient information to identify the Discovery Material at issue and the basis for the objection. The parties shall promptly confer and attempt to resolve the dispute in good faith.

If a party agrees in writing to change the confidentiality designation of any Discovery Material, the Discovery Material shall be treated under the corrected designation from the date of said agreement. Unless otherwise agreed by the parties, the party redesignating any Discovery Material shall promptly supply substitute Discovery Material bearing the corrected confidentiality designation.

If after ten (10) business days from the date notice of the objection was served, as determined pursuant to Fed. R. Civ. P. 5 and 6 and the Court's Local Rules, the dispute is not resolved, the objecting party may, at any time thereafter, seek relief from the Court pursuant to Fed. R. Civ. P. 37(a) and the Court's Local Rules. The Discovery Material at issue shall continue to be treated as designated (Highly Confidential or Confidential) until the parties agree otherwise or until further order of the Court.

16.    Filing of Confidential Material. Materials designated as Confidential Information or Highly Confidential Information, or materials containing, referring, or reflecting information designated Confidential Information or Highly Confidential Information, shall be filed "Under Seal" in accordance with the rules of the Court. Absent receiving notice of inadvertent disclosure under the terms of this Protective Order, nothing in this provision shall prevent a party from including in the public record any material designated Confidential Information or Highly Confidential Information that the designating party first files in the public record.

## DRAFT

17.    Modification of This Protective Order. This Protective Order may be modified by further written agreement of the parties, or by further order of the Court. Nothing in this Order shall be deemed to preclude any party from seeking a modification of this Protective Order or from seeking other protective orders pursuant to Fed. R. Civ.P. 26(c).

18.    Fair Use of Confidential Material. Except where Confidential Information or Highly Confidential Information is obtained as the direct or indirect result of an inadvertent disclosure for which notice has been provided pursuant to this Protective Order, this Protective Order shall not be construed to prevent any person, including a Qualified Person, from disclosing or making use of information designated Confidential Information or Highly Confidential and that (a) was lawfully in their possession prior to production by the supplying party, (b) appears in any issued patent or printed publication, or other published material available to the public, through no violation by any party of the terms of this Protective Order, (c) was or is hereafter obtained from a source or sources having the lawful right to disclose such information, (d) was or is lawfully discovered, independently by the receiving party, through means not under an obligation of secrecy to any other party or parties, or (e) is exempted from the operation of this Protective Order by the express written consent of the party designating such Confidential Information or Highly Confidential Information.

19.    No Admissions. A party's confidentiality designations shall not be construed to indicate anything other than a party's good faith invocation of the protections of this Protective Order at the time the designation was made. Neither this Protective Order nor a party's designation of any material as Confidential Information or Highly Confidential Information shall be construed as an admission of any kind, including, without limitation, any admission that such information, document or other tangible thing is confidential or not publicly known or that such

## DRAFT

material, or any testimony relating to such material, in a deposition or at trial, would be admissible in evidence in this case or in any other proceeding.

    20.  <u>Duration of Order.</u> The provisions of this Protective Order shall, absent agreement of the parties, or further order of the Court, continue to be binding throughout and after the conclusion of this action, including, without limitation, any appeals therefrom. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received materials designated Confidential Information or Highly Confidential Information shall either return to counsel for the designating party all such materials, including any documents or things containing, reflecting, or derived from such information or materials, and all copies thereof, or destroy such materials and all copies thereof. A party's counsel of record shall ensure that anyone provided with materials from another party containing, reflecting, or derived from the others party's designated Confidential Information or Highly Confidential Information complies with the obligation to return or destroy all materials containing, reflecting, or derived from such information. The party's counsel of record shall provide a certification in writing to counsel of record for the designating party expressly attesting and confirming that aforementioned return or destruction of all such materials. Counsel described in paragraph 6(a) above shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including court papers, transcripts, and attorney work product that contain Confidential Information or Highly Confidential Information) provided that such counsel, and employees of such counsel, shall not disclose any such Confidential Information or Highly Confidential Information contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement of the parties, this Protective Order, or further order of the Court. All material

## DRAFT

returned to the parties or their counsel by any individual, or the Court, likewise shall be disposed

of in accordance with this paragraph.

Dated: _____

# DRAFT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,          )
                                    )
            Plaintiff,              )
                                    )
      v.                            )C.A. No. 07-226-JJF)
JOHNSONFOILS, INC.,                 )
                                    )
            Defendant.              )
_____    )

## UNDERTAKING

I ,_____, being first duly sworn on oath, hereby swear and affirm

the following:

1.    I am participating in this case on behalf of the following party: [Voith, JohnsonFoils]

(select one) ("the Sponsoring Party").

2.    My Contact Address is:

_____

_____

_____

_____

3.    I have read and understand the terms and conditions of the STIPULATED

PROTECTIVE ORDER dated _____.

4.    I further understand that the STIPULATED PROTECTIVE ORDER specifies the terms

and conditions under which I may obtain access to Confidential Information or Highly

Confidential Information, as those terms are defined in the STIPULATED PROTECTIVE

ORDER, of a party other than the Sponsoring Party, including documents, things, and/or

{J214720 00293266.DOC}                    20

## DRAFT

information, including any documents, things, or information containing or reflecting

information derived from such documents, things, and/or information in whole or in part

(collectively, "Confidential Material").

5.      I am a "Qualified Person" as that term is defined in Paragraph 6. I specifically meet the

terms and conditions of Paragraph 6, Specific Qualifications, subsection [ a   b   c ] (Circle One)

of the STIPULATED PROTECTIVE ORDER.

6.      I certify and attest that I have not and will not, except where expressly authorized by the

Court or the STIPULATED PROTECTIVE ORDER, obtain or review Confidential Material of a

party other than the Sponsoring Party prior to confirming that I have fully satisfied the terms of

conditions of designated Qualified Persons, including, without limitation, the terms and

conditions of paragraph 9 of the STIPULATED PROTECTIVE ORDER entitled "Designation of

Persons with Access to Confidential and/or Highly Confidential Information."

7.      I shall, upon receiving notice that my access to Confidential Material has been terminated,

or upon receiving notice that this litigation has terminated, including any appeals therefrom,

whichever comes first, return any and all Confidential Material, including without limitation any

originals and/or copies of documents or things containing or reflecting Confidential Material in

whole or in part, to counsel who provided such documents, things and/or information to me. I

shall likewise provide to said counsel any notes and memoranda I have which in any way

contain, concern, or reflect, Confidential Material. To the extent that I have created any

electronic files embodying, containing, or reflecting Confidential Material, I further agree to

erase all such files, including archive or other copies, using such means as to ensure that such

files cannot be reconstructed. I understand that my obligation to return and/or destroy

## DRAFT

Confidential Material is a continuing one and applies to any Confidential Material that comes into my possession at any time.

8.      If at any time I become aware that the terms or conditions of the STIPULATED PROTECTIVE ORDER have been or will be violated I will promptly notify (or cause to be notified) the party who designated the Confidential Material, said notification identifying in detail the nature and scope of the Confidential Material involved in the breach and the circumstances surrounding the breach.  In addition, I will immediately take all practicable steps to protect the Confidential Material from being improperly disclosed or used.

9.      I consent to the continuing jurisdiction of the above entitled Court over my person for purposes of enforcement of the STIPULATED PROTECTIVE ORDER.  I agree that the harm to any party from disclosure or misuse of its Confidential Material is irreparable and, therefore, I concede that injunctive relief is appropriate for any violation.

10.      I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____      Signature: _____

# Exhibit 9

\*\* Forwarded on Fri 11/2/2007 02:40 PM \*\*

From: Tony Volpe (TVolpe@volpe-koenig.com)
Sent: Fri 11/2/2007 02:28 PM
Rcvd: Fri 11/2/2007 02:28 PM
To: NEAL GOLDBERG (NEALG)
CC: Ryan O'Donnell (RODonnell@volpe-koenig.com); apoff@ycst.com; NEIL GREENBLUM
(NEILG); MICHAEL FINK (MICHAELF); gseitz@svglaw.com; Pmcgonigle@svglaw.com
Subject: Draft Protective Order; Voith GmbH & Co. KG v. JohnsonFoils, Inc.; Our Ref. J214720

Hello Neal:

Ryan and I will be out of the office and cannot respond until late Friday. Please send the draft in
Word so we can exchange drafts using tracking.

Best regards,

Tony

Anthony S. Volpe, Attorney at Law
Volpe and Koenig, P.C.
www.volpe-koenig.com
215-568-6400

**From:** NEAL GOLDBERG [mailto:ngoldberg@gbpatent.com]
**Sent:** Thursday, November 01, 2007 10:18 AM
**To:** Tony Volpe
**Cc:** Ryan O'Donnell; apoff@ycst.com; NEIL GREENBLUM; MICHAEL FINK; NEAL GOLDBERG
**Subject:** Draft Protective Order; Voith GmbH & Co. KG v. JohnsonFoils, Inc.; Our Ref. J214720

Dear Tony:

Please find attached a Draft Protective Order for your review which replaces the copy sent to you as
an attachment to our letter of yesterday, October 31, 2007. Please disregard and discard the attachment
previously included with our letter dated October 31, 2007. I apologize for any inconvenience.

Please let me know if you have any trouble opening the attachment.

Sincerely,

Neal Goldberg
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191

Tel: (703) 716 1191
Fax:(703) 716 1180
E-Mail: ngoldberg@gbpatent.com

CONFIDENTIAL: SUBJECT TO ATTORNEY-CLIENT PRIVILEGE

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited. If you have received
this communication in error, please notify us immediately by e-mail,

and delete the original message.

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
Tel 215.568.6400  Fax 215.568.6499
www.volpe-koenig.com

*Notice:* If you are not the named recipient of this transmission, please notify us immediately, by telephone, and delete or destroy any copy
of this message. You should not disclose or use this information in any way. Disclosure or use of this information may expose you to
criminal or civil liabilities. We apologize for the inconvenience and thank you for your attention to this notice.

# Exhibit 10

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PERPEZ *
STEPHEN W. ROYLANCE
ROBERT M. MUELLER
WILLIAM E. LYDDANE
WILLIAM B. ROSENICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PERTA *
HERBERT F. MUENSTERER, Ph.D. G *
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL R. MOON
PAUL V. LEE A
JOHN V. MAZZILLA G
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D. G
AZZA JAYAPRAKASH
JONATHAN MILLER *

LAW OFFICES
# GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

November 7, 2007

NEAL GOLDBERG
STEVEN R. POLLMICOFF *
YAZID MAHJOUDHIAN, Ph.D. D
SARAH J. SMALL

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPERNER *
RICHARD J. McGRATH
BARRY J. HOLLANDER

TECHNICAL ADVISORS:
THOMAS WEBER, Ph.D.
ZHIDONG LIAO, Ph.D.
MONICA S. ULLAGADDI
SO BIN JANG Ph.D.
WALTER SCHLAPKOHL, Ph.D.

* ADMITTED TO A BAR
  OTHER THAN VA
G EUROPEAN PATENT ATTORNEY
A KOREAN PATENT ATTORNEY
D REGISTERED PATENT AGENT

## VIA EMAIL(PDF) AND FEDERAL EXPRESS

Tony Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17ᵗʰ Street
Philadelphia, PA 19103

      Re:    *Voith Paper GmbH & Co. KG v. JohnsonFoils, Inc.*
            *C.A. No. 07-0226-JJF.* Our Ref.: 214720.

Dear Tony:

    Please find enclosed documents bearing production numbers within the range VTH 000001 – VTH 005391. Many of these documents are marked "HIGHLY CONFIDENTIAL," *i.e.*, the highest level of confidentiality which we proposed to you in our letter dated September 21, 2007, and which we specified in the proposed protective order which we provided to you on October 31. Pursuant to Del. R. 26.2 ("Rule 26.2"), all documents that we have designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, and any information contained therein, are provided for **Attorneys' Eyes Only** and are strictly limited to attorneys who have entered an appearance in the above referenced litigation and, as necessary, their supervised employees. As required by Rule 26.2, any persons provided access to documents or information designated confidential or highly confidential by Voith "are under an obligation to keep such documents confidential and to use them only for purposes of litigating the case." Rule 26.2.

    Furthermore, until the terms of the protective order are agreed upon, the enclosed documents are provided subject to the additional precondition that no attorney at your firm involved in patent related matters before any patent granting authority or agency anywhere in the world relating to the subject matter of this lawsuit, including without limitation matters on behalf of JohnsonFoils, Inc. and/or its affiliated companies anywhere in the world, *e.g.*, AstenJohnson Inc., is permitted access to any documents designated "HIGHLY CONFIDENTIAL," or any information contained therein. Accordingly, any individual who views documents designated HIGHLY CONFIDENTIAL, or to whom any information contained therein is disclosed, is hereby noticed that they are precluded from participation in the above described patent related matters. These documents are provided subject the further precondition that any individual

Tony Volpe, Esq.                     November 7, 2007                     Page -2-

authorized to view confidential documents pursuant to Rule 26.2 who is provided access to documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, or to whom any information contained therein is disclosed, is provided with a copy of this letter prior to any such disclosure.

In view of the remarkable assertion in your letter dated October 24, 2007, over a month after our confidentiality designations were originally proposed to you, that you "do not agree to [Voith's CONFIDENTIAL and HIGHLY CONFIDENTIAL] designations and are not bound to them without entry of a protective order," we insist that you confirm in writing your acceptance of the terms of this letter prior to reviewing the enclosed documents.

Very truly yours,

GREENBLUM & BERNSTEIN, P.L.C.

Neal Goldberg

Enclosure:    Documents bearing production numbers in the range VTH 000001 – VTH 005391 (by FedEx only)

# Exhibit 11



United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

——————— BRINGING LAW TO YOUR IDEAS® ———————

Anthony S. Volpe
avolpe@volpe-koenig.com

November 8, 2007

Neal Goldberg, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191

**VIA UPS**

Re:     *Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.*
        U.S.D.C. for the District of Delaware
        Civil Action No.  07-226-JJF

Dear Neal:

We received your November 7, 2007 letter and the boxes of documents.  After reading your letter and the unilateral demands in it, I instructed our mail room that the boxes were not to be opened or docketed.  The unopened boxes are being returned overnight as we do not accede to your demands.  As we said previously, we will provide comments on your draft protective order as soon as possible. When that is agreed, we will accept documents in accordance with it.

With respect to documents from Voith US as part of Plaintiff's responses to JohnsonFoils' requests for production, we are still awaiting your answer to our October 23, 2007 inquiry.  Will you stipulate that Voith US is either a party to this action or under the custody or control of Plaintiff and provide a separate identification of all documents produced from Voith US?

Very truly yours,

Volpe and Koenig, P.C.

By: _____
       Anthony S. Volpe

ASV/RWO/cps

cc: Michael J. Fink, Esquire (Letter only via e-mail only)
    Adam Wyatt Poff, Esquire (Letter only via e-mail only)
    George H. Seitz, III, Esquire (Letter only via e-mail only)
    Patti McGonigle, Esquire (Letter only via e-mail only)

*Patents        Trademarks        Copyrights        Trade Secrets        Litigation        Licensing*

# Exhibit 12

\*\* Forwarded on Fri 11/16/2007 10:36 AM \*\*

From: Tony Volpe (TVolpe@volpe-koenig.com)
Sent: Fri 11/16/2007 09:54 AM
Rcvd: Fri 11/16/2007 09:54 AM
To: MICHAEL FINK (MICHAELF)
CC: NEAL GOLDBERG (NEALG); Poff, Adam (APOFF@ycst.com); Ryan O'Donnell
(RODonnell@volpe-koenig.com); gseitz@svglaw.com; Pmcgonigle@svglaw.com
Subject: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No.
J214720)

═══════════════════════════════

Hello Michael:

We acknowledged receipt of the draft, approximately two months past it promised time, and advised
that we would after we had an opportunity to review it. Unfortunately, we found you proposal
unworkable and set about preparing our own draft. I hope to provide that by no later than close of
business today.

Best regards,

Tony

Anthony S. Volpe, Attorney at Law
Volpe and Koenig, P.C.
www.volpe-koenig.com
215-568-6400

**From:** MICHAEL FINK [mailto:MFINK@gbpatent.com]
**Sent:** Wednesday, November 14, 2007 5:40 PM
**To:** Tony Volpe
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell
**Subject:** Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Tony,

On November 1, 2007, we forwarded to you a proposed protective order. We have not
yet received any indication from you whether you agree to the terms of the proposed
protective order, or if you plan to propose modifications. If you agree to the proposed
protective order, please confirm your agreement by signing it and returning it to us.
Otherwise, let's schedule a time to discuss your proposed modifications.

Michael

Michael J. Fink, Esq.
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited. If you have received
this communication in error, please notify us immediately by e-mail,
and delete the original message.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In rare cases, our spam scanners may eliminate legitimate email. Please advise us
immediately if you receive an error notification from our server.



United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
Tel 215.568.6400  Fax 215.568.6499
www.volpe-koenig.com

*Notice:* If you are not the named recipient of this transmission, please notify us immediately, by telephone, and delete or destroy any copy
of this message. You should not disclose or use this information in any way. Disclosure or use of this information may expose you to
criminal or civil liabilities. We apologize for the inconvenience and thank you for your attention to this notice.

# Exhibit 13

** Forwarded on Mon 11/19/2007 08:14 AM **

From: Tony Volpe (TVolpe@volpe-koenig.com)
Sent: Fri 11/16/2007 04:55 PM
Rcvd: Fri 11/16/2007 04:55 PM
To: MICHAEL FINK (MICHAELF)
CC: NEAL GOLDBERG (NEALG); Poff, Adam (APOFF@ycst.com); Ryan O'Donnell
(RODonnell@volpe-koenig.com); gseitz@svglaw.com; Pmcgonigle@svglaw.com
Subject: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No.
J214720)

═══════════════════════════════════════

Hello Michael:

A proposed protective order is attached in word.

Best regards,

Tony

Anthony S. Volpe, Attorney at Law
Volpe and Koenig, P.C.
www.volpe-koenig.com
215-568-6400



United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
Tel 215.568.6400  Fax 215.568.6499
www.volpe-koenig.com

*Notice:* If you are not the named recipient of this transmission, please notify us immediately, by telephone, and delete or destroy any copy
of this message. You should not disclose or use this information in any way. Disclosure or use of this information may expose you to
criminal or civil liabilities. We apologize for the inconvenience and thank you for your attention to this notice.

# Exhibit 14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,            )
                                      )
            Plaintiff,                )
                                      )
      v.                              )      C.A. No. 07-226-JJF
                                      )
JOHNSONFOILS, INC.,                   )
                                      )
            Defendant.                )
_____ )

## STIPULATION AND AGREED PROTECTIVE ORDER
## GOVERNING DISCOVERY MATERIALS

Plaintiff and   Defendant (hereinafter the "parties") file this Stipulation and Agreed Protective Order to preserve the confidentiality of certain commercially sensitive, confidential and/or proprietary information that has been or will be requested and produced in discovery in this matter. The parties agree that a protective order concerning discovery materials is desirable to protect their rights and the rights of certain third parties.

It is therefore AGREED THAT:

1.     Plaintiff and Defendant shall have the right to designate  as "Attorneys Eyes Only" the documents, things and information produced during discovery in this matter ("Discovery Information") which the producing party believes contains its trade secret, research, development, commercial, financial, proprietary or confidential information.

2.     All Produced Information designated as Attorneys Eyes Only shall be used by the party receiving it only in connection with the litigation and appeal of this action. Discovery

1

Information designated as Attorneys Eyes Only shall not be used for any business, competitive or other purpose, and shall not be disclosed to any person or entity, except as provided herein.

3.    All Discovery Information a party desires to have designated as Attorneys Eyes Only shall be so designated at the time of its production.  In the event that a party receiving Discovery Information designated as Attorneys Eyes Only disagrees with that designation, that party shall have a right to seek an order from the Court, pursuant to a properly noticed motion, voiding the designation in whole or in part.  However, the party producing the Discovery Information designated as Attorneys Eyes Only shall have the burden of showing entitlement to that designation under Federal Rule of Civil Procedure 26.  Until such a time as the Court rules that a particular document or set of documents designated as Attorneys Eyes Only are not subject to protection, the parties will continue to treat any such designated documents as protected under this Order. An inadvertent failure to designate Discovery Information as Attorneys Eyes Only may be corrected by providing the receiving party both written notice of the error and the properly designated Discovery Information as soon as practicable after the discovery of the inadvertent error.

4.    Information derived from Discovery Information designated as Attorneys Eyes Only and any information contained therein shall be used solely for the purpose of preparing for trial, the trial and appeal of this action and for no other purpose whatsoever, and shall not be disclosed to any person or entity except in accordance with the terms of this Stipulation and Agreed Protective Order.

5.    Discovery Information designated as Attorneys Eyes Only, copies thereof, and the information contained therein shall not be made available or disclosed to any person, except a

2

single identified representative of each of the parties in this case, the retained and in-house attorneys for the parties in this case, the employees of such attorneys and the Court. Any party representative or attorney in this case, and any regular employee of such attorney assigned to and necessary to assist in the conduct of this action who wishes to have access to Discovery Information designated as Attorneys Eyes Only shall be required as a prerequisite to such access to (a) have signed this Order as counsel of record or (b) have executed the Declaration attached hereto as Exhibit A.

Discovery Information designated as Attorneys Eyes Only, copies thereof, and the information contained therein shall not be made available to or disclosed to any potential expert until the party wishing to make such disclosure provides the producing party (i) a written notice identifying such individual and stating such individual's present occupation, employer and position, and all other business affiliations for the past ten (10) years, (ii) the most up-to-date copy of such individual's curriculum vitae, and (iii) an executed Declaration in the form attached hereto as Exhibit A. The producing Party shall have ten (10) business days following the date of the notice to object to the proposed disclosure. If the producing party has not objected in writing by the end of the ten days, the Discovery Information designated as Attorneys Eyes Only, copies thereof, and the information contained therein may disclosed in compliance with all applicable provisions of this Order. A timely objection from the producing party shall stay disclosure to the proposed individual.

6.     Discovery Information designated as Attorneys Eyes Only shall remain in the custody of counsel and expert witnesses and shall not be provided to other persons except as

3

necessary to prepare for trial, the trial itself or appeal of this action pursuant to paragraph 4 above.

7.    In the event that counsel for either party determines that the prosecution of this action requires that Discovery Information designated as Attorneys Eyes Only be disclosed to persons not otherwise provided for herein, such counsel shall provide counsel for the other party written notice by facsimile or hand delivery of the intended disclosure, which notice shall specify with particularity the Discovery Information to be disclosed and the identity of the person. This written notice shall be given not less than five (5) business days prior to intended disclosure. If, within five (5) business days after receipt of such notice, a party objects in writing to such disclosure, the Discovery Information designated as Attorneys Eyes Only shall not be disclosed unless the Court so orders.

8.    All Discovery Information designated as Attorneys Eyes Only and any papers containing information contained in or derived from such documents that are filed with the Court shall be filed in sealed envelopes bearing the title of this action and shall be marked "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER", to be opened only as the Court directs.

9.    In order to permit discovery to proceed without further delay, the parties agree that this Stipulation and Agreed Protective Order shall be effective from the date on which it is executed by counsel for the parties and shall apply and be enforceable from that date forward with respect to all discovery in this matter, including materials produced at any time after the commencement of this case.

10.    In the event that any Discovery Information designated as Attorneys Eyes Only or

4

any information derived from it is used in depositions, the Discovery Information and the derived information shall not lose their Attorneys Eyes Only status through such use, and the parties shall take all steps necessary to preserve that status during and after such use. It shall be the responsibility of the counsel requiring that Discovery Information be designated as Attorneys Eyes Only to advise the court reporter at the beginning of protected information of that status and the transcript shall be so designated. The transcript so designated shall be treated as Attorneys Eyes Only for a period of thirty (30) calendar days after the date on which the reporter forwards the complete transcript to counsel for the parties. Counsel requiring that transcript be designated as Attorneys Eyes Only shall notify counsel for the other party of any part of part of the transcript for which the designation is to continue within the period of thirty (30) calendar days. In the absence of timely notice, the designation shall be removed from the transcript.

11.     In the event that either party receives a third party subpoena or other form of legal process requesting Discovery Information designated as Attorneys Eyes Only, the party receiving such request will provide the other party written notice by facsimile or hand delivery that such a request was received and provide a copy of the request with the written notice. The party receiving the third party subpoena or other form of legal process shall not produce the requested documents for at least ten (10) business days after giving written notice by facsimile or hand delivery of the request to the other party, unless the other party states in writing that it does not intend to seek protection in connection with the third party subpoena or other form of legal process concerning those documents Attorneys Eyes Only.

12.     At the conclusion of this action, all documents Discovery Information designated as Attorneys Eyes Only, including all copies, extracts and summaries and all derived information

5

taken, shall be returned to the producing party no later than thirty (30) days after the final non-appealable  judgment or settlement of this action.

13.    In the event additional parties are added to this litigation, each new party's counsel shall sign a duplicate original of the Stipulation and Agreed Protective Order and send it to all other counsel for the parties and cause same to be filed with the Court.

SO ORDERED this _____ day of  November 2007.

_____
J.

6

CONSENTED TO:

_____

_____

Attorneys for Plaintiffs

_____

_____

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VOITH PAPER GMBH & CO. KG, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 07-226-JJF |
| JOHNSONFOILS, INC., | ) |
| Defendant. | ) |

### DECLARATION

I, _____, declare that:

1.    I have read a copy of the Stipulation and Agreed Protective Order Governing Discovery Materials entered in the above-styled lawsuit and I understand that I am bound by its terms.

2.    I hereby agree under penalty of contempt of court that I shall not disclose or use anything communicated to me except in accordance with the Stipulation and Agreed Protective Order Governing Discovery Materials.

3.    I hereby agree and submit to the exercise of the personal jurisdiction over me by the United States District Court for the District of Delaware  insofar as is necessary to enforce the Stipulation and Agreed Protective Order Governing Discovery Materials.

Name:_____

Place of execution:

Date:

EXHIBIT A

8

# Exhibit 15

From: MICHAEL FINK
Sent: Sun 11/18/2007 01:30 PM
Rcvd: Sun 11/18/2007 01:30 PM
To: Tony Volpe (TVolpe@volpe-koenig.com)
CC: NEAL GOLDBERG (NEALG); Poff, Adam (APOFF@ycst.com); Ryan O'Donnell
(RODonnell@volpe-koenig.com); gseitz@svglaw.com; Pmcgonigle@svglaw.com
BCC: NEIL GREENBLUM (NEILG); ORCHID RUSHENAS (ORCHIDR); FAHD
MAJIDUDDIN (FAHDM)
Subject: RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No.
J214720)

Tony,

As we have repeatedly stated, in accordance with the applicable local rules and
customs in Delaware, Voith's counsel will maintain confidential documents which
JohnsonFoil produces in response to Voith's discovery requests as Outside Counsel
Eyes Only until a protective order is entered by the Court. This level of confidentiality
exceeds the level of confidentiality set forth in your recently proposed protective order,
so there is no good faith basis for not producing responsive documents. Please
reconsider your refusal to produce any documents responsive to Voith's discovery
requests until a protective order is entered by the Court.

Furthermore, it is unfortunate that you refused to cooperate with us by redlining the
draft protective order we forwarded to you. If you are adamant about the provisions of
your proposed protective order, it is unlikely that the parties will agree on many of the
provisions, but we should try to narrow the points in dispute. Please let me know your
availability on Monday, November 19, to discuss the protective orders.

Regards,

Michael

Michael J. Fink, Esq.
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191

Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited. If you have received
this communication in error, please notify us immediately by e-mail,
and delete the original message.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In rare cases, our spam scanners may eliminate legitimate email. Please advise us
immediately if you receive an error notification from our server.

---

**From:** Tony Volpe [mailto:TVolpe@volpe-koenig.com]
**Sent:** Friday, November 16, 2007 4:55 PM
**To:** MICHAEL FINK
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com
**Subject:** Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Hello Michael:

A proposed protective order is attached in word.

Best regards,

Tony

Anthony S. Volpe, Attorney at Law
Volpe and Koenig, P.C.
www.volpe-koenig.com
215-568-6400

---



United Plaza, Suite 1600

30 South 17th Street
Philadelphia, PA 19103
Tel 215.568.6400  Fax 215.568.6499
www.volpe-koenig.com

*Notice:* If you are not the named recipient of this transmission, please notify us immediately, by telephone, and delete or destroy any copy of this message.  You should not disclose or use this information in any way.  Disclosure or use of this information may expose you to criminal or civil liabilities.  We apologize for the inconvenience and thank you for your attention to this notice.

# Exhibit 16

\*\* Forwarded on Mon 11/19/2007 01:08 PM \*\*

From: Tony Volpe (TVolpe@volpe-koenig.com)
Sent: Mon 11/19/2007 12:46 PM
Rcvd: Mon 11/19/2007 12:46 PM
To: MICHAEL FINK (MICHAELF)
CC: NEAL GOLDBERG (NEALG); Poff, Adam (APOFF@ycst.com); Ryan O'Donnell
(RODonnell@volpe-koenig.com); gseitz@svglaw.com; Pmcgonigle@svglaw.com; John O'Malley
(JOMalley@volpe-koenig.com)
Subject: RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No.
J214720)

Michael, the only lack of good faith is that reflected in your continuing effort to create the
impression that we have refused to produce documents. What we have done is to ask you to do
what you said you would do months ago so the production could be efficient and orderly. Instead,
you have refused to produce the promised draft, have refused to consider any position other than
your own by speaking over anyone who does not agree with you and accusing them of not
attempting to resolve the issues. We did refuse to accept documents under your unilateral and
unnecessary demands.

As to the protective order proposal you did finally provide, it goes well beyond anything necessary
for this technology, especially in view of the near expiration date of the patents. To date, you still
have not addressed our repeated inquiries about how documents will be produced.

We will be sending you, by UPS, a documents CD with about 12,000 pages, marked as Attorneys'
Eyes Only under the court's standing order, as TIFF images. We expect you to produce Voith's
documents immediately under the court's standing order without any of your additional unilateral
demands.

We welcome your comments on our proposed protective order.

Regards,

Tony

**From:** MICHAEL FINK [mailto:MFINK@gbpatent.com]
**Sent:** Sunday, November 18, 2007 1:31 PM
**To:** Tony Volpe
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com
**Subject:** RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Tony,

As we have repeatedly stated, in accordance with the applicable local rules and customs in Delaware, Voith's counsel will maintain confidential documents which JohnsonFoil produces in response to Voith's discovery requests as Outside Counsel Eyes Only until a protective order is entered by the Court. This level of confidentiality exceeds the level of confidentiality set forth in your recently proposed protective order, so there is no good faith basis for not producing responsive documents. Please reconsider your refusal to produce any documents responsive to Voith's discovery requests until a protective order is entered by the Court.

Furthermore, it is unfortunate that you refused to cooperate with us by redlining the draft protective order we forwarded to you. If you are adamant about the provisions of your proposed protective order, it is unlikely that the parties will agree on many of the provisions, but we should try to narrow the points in dispute. Please let me know your availability on Monday, November 19, to discuss the protective orders.

Regards,

Michael

Michael J. Fink, Esq.
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In rare cases, our spam scanners may eliminate legitimate email. Please advise us immediately if you receive an error notification from our server.

---

**From:** Tony Volpe [mailto:TVolpe@volpe-koenig.com]
**Sent:** Friday, November 16, 2007 4:55 PM
**To:** MICHAEL FINK
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com
**Subject:** Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Hello Michael:

A proposed protective order is attached in word.

Best regards,

Tony

Anthony S. Volpe, Attorney at Law
Volpe and Koenig, P.C.
www.volpe-koenig.com
215-568-6400

---



United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
Tel 215.568.6400  Fax 215.568.6499
www.volpe-koenig.com

---

*Notice:* If you are not the named recipient of this transmission, please notify us immediately, by telephone, and delete or destroy any copy of this message. You should not disclose or use this information in any way. Disclosure or use of this information may expose you to criminal or civil liabilities. We apologize for the inconvenience and thank you for your attention to this notice.

# Exhibit 17

From: MICHAEL FINK
Sent: Tue 11/20/2007 06:36 PM
Rcvd: Tue 11/20/2007 06:36 PM
To: Tony Volpe (TVolpe@volpe-koenig.com)
CC: NEAL GOLDBERG (NEALG); Poff, Adam (APOFF@ycst.com); Ryan O'Donnell (RODonnell@volpe-koenig.com); gseitz@svglaw.com; Pmcgonigle@svglaw.com
BCC: NEIL GREENBLUM (NEILG); ORCHID RUSHENAS (ORCHIDR); FAHD MAJIDUDDIN (FAHDM)
Subject: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Tony:

As explained in our previous correspondence, it is unreasonable for you to reject our Proposed Protective Order without providing any specific objections or proposed revisions. Your bald assertion that our Proposed Protective Order "goes well beyond anything necessary for this technology," is baseless and falls far short of a good faith effort to confer. Moreover, JohnsonFoils has requested confidential information that is ostensibly beyond strictly technical disclosures. In addition, the "near expiration date of the patents" is irrelevant to the terms of the Proposed Protective Order. Again, JohnsonFoils has requested information that is ostensibly beyond the technical practice of the patents in suit.

Despite your failure to reasonably confer with us regarding the terms of Voith's Proposed Protective Order, we remain willing to work with you in the hope that we can resolve our differences without the involvement of the Court. To that end, we have reviewed the protective order you sent to us on November 16 ("the JF Protective Order"). Although we are still in the process of evaluating the full extent of the differences between the JF Protective Order and Voith's Proposed Protective Order, we have reviewed your proposed confidentiality designation, and, for the reasons stated below, find it inadequate to reasonable protect Voith's confidential information from the risk of improper disclosure or use.

Unlike Voith's Proposed Protective Order, which provides for two levels of confidentiality "Confidential" and "Highly Confidential," the JF Protective Order provides for only one confidentiality designation: "Attorneys' Eyes Only." Ordinarily an "Attorneys' Eyes Only" designation provides the strongest protection available short of withholding the documents completely. However, JohnsonFoils' definition of "Attorneys' Eyes Only" is very broad, is not limited to attorneys, and does not bar attorneys with access to confidential information from

prosecuting patent applications on subjects related to the patents-in-suit. *See* JF Protective Order, ¶5. Specifically, the JF Protective Order permits a "party representative," all in-house attorneys, and all outside counsel to review material marked "Attorneys' Eyes Only." The "party representative" appears to include at least any employee or executive of JohnsonFoils. The "in-house attorneys" appears to include any attorney regularly employed by JohnsonFoils, including its patent attorneys. Moreover, because the JF Proposed Protective Order also appears to permits disclosure to employees of such attorneys and individuals, even non-attorney patent agents would have access to Attorneys' Eyes Only information. Although the JF Protective Order states that Voith's confidential information would be used solely for the purposes of this litigation, it would be very difficult, if not impossible, to detect an improper use. In stark contrast to the JF Proposed Protective Order, Voith's Proposed Protective Order strictly limits material designated Highly Confidential to outside counsel retained for this litigation, and qualified experts, and further bars any outside counsel with access to Highly Confidential information from involvement in related patent matters for a period of three (3) years.

The extraordinarily broad disclosures permitted by your proposed "Attorneys' Eyes Only" designation, as described in detail above, pose an unacceptably high risk to Voith that its confidential information will be improperly disclosed or used. For example, we do not think it is reasonable to expect that a patent prosecutor who has seen technical information relating to Voith's paper machines and is working to draft claims to cover JohnsonFoils' competitors will not be influenced by that disclosure. Nor do we think it reasonable to expect that an in-house company representative or counsel considering a business plan or contract will not be influenced by prior exposure to details of Voith's—a direct competitor—confidential business and financial information. The JF Protective Order is unacceptable because it fails to account for these reasonable risks by balancing the harm to Voith against the prejudice to JohnsonFoils limiting the disclosure of Voith's confidential information as required. Indeed, JohnsonFoils has failed to articulate any prejudice that would result from the provisions of Voith's Proposed Protective Order.

To address Voith's reasonable interest in limiting the risk that its confidential information will be misused, we request that you reconsider the designations defined in Voith's Proposed Protective Order: "Highly Confidential," and "Confidential." To the extent that you do not agree with this proposal, please explain why JohnsonFoils would be prejudiced by the proposed limitations, and why JohnsonFoils believes that any asserted prejudice outweighs the risk to Voith that its confidential information will be improperly disclosed or used.

Please let us know when you are available to discuss these issues.

Best regards,

Michael J. Fink, Esq.
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

*************************************************************************
The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited. If you have received
this communication in error, please notify us immediately by e-mail,
and delete the original message.
*************************************************************************
In rare cases, our spam scanners may eliminate legitimate email. Please advise us immediately if
you receive an error notification from our server.

# Exhibit 18

\*\* Forwarded on Wed 11/21/2007 11:19 AM \*\*

From: Tony Volpe (TVolpe@volpe-koenig.com)
Sent: Wed 11/21/2007 11:14 AM
Rcvd: Wed 11/21/2007 11:14 AM
To: MICHAEL FINK (MICHAELF)
CC: NEAL GOLDBERG (NEALG); Poff, Adam (APOFF@ycst.com); Ryan O'Donnell (RODonnell@volpe-koenig.com); gseitz@svglaw.com; Pmcgonigle@svglaw.com
Subject: RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

―――――――――――――――――――――――――――

Michael:

The third and fourth paragraphs below exemplify why your proposal is unworkable. There is little, if any, reason for your broad exclusion of any attorney who sees Voith's information from prosecuting patents. The subject matter has long been public and there is little, if any, information to be produced that relates to current prosecution of subject matter in patents that are near to expiration.

If you are concerned about who serves as the "party representative," we are willing to consider what you think are necessary safeguards. As to in-house counsel, I see no reason why such counsel should be excluded. In our specific case, the in-house general counsel is not a technical person and is not a patent prosecutor. If you want to exclude in-house patent prosecution personnel, we will consider your proposal.

For our part, we do not see your concerns as being realistic, but remind you that you are always free to make the necessary showing under Rule 26 for the protection of specific information.

You should not take the decision not to engage in the debate invited by the first two paragraphs of your message to in any way indicate agreement with your continued attempts to vilify our positions.

Best regards,

Tony

―――――――――――――――――――――――――――

**From:** MICHAEL FINK [mailto:MFINK@gbpatent.com]
**Sent:** Tuesday, November 20, 2007 6:36 PM
**To:** Tony Volpe
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com
**Subject:** Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Tony:

As explained in our previous correspondence, it is unreasonable for you to reject our Proposed Protective Order without providing any specific objections or proposed revisions. Your bald assertion that our Proposed Protective Order "goes well beyond anything necessary for this technology," is baseless and falls far short of a good faith effort to confer. Moreover, JohnsonFoils has requested confidential information that is ostensibly beyond strictly technical disclosures. In addition, the "near expiration date of the patents" is irrelevant to the terms of the Proposed Protective Order. Again, JohnsonFoils has requested information that is ostensibly beyond the technical practice of the patents in suit.

Despite your failure to reasonably confer with us regarding the terms of Voith's Proposed Protective Order, we remain willing to work with you in the hope that we can resolve our differences without the involvement of the Court. To that end, we have reviewed the protective order you sent to us on November 16 ("the JF Protective Order"). Although we are still in the process of evaluating the full extent of the differences between the JF Protective Order and Voith's Proposed Protective Order, we have reviewed your proposed confidentiality designation, and, for the reasons stated below, find it inadequate to reasonable protect Voith's confidential information from the risk of improper disclosure or use.

Unlike Voith's Proposed Protective Order, which provides for two levels of confidentiality "Confidential" and "Highly Confidential," the JF Protective Order provides for only one confidentiality designation: "Attorneys' Eyes Only." Ordinarily an "Attorneys' Eyes Only" designation provides the strongest protection available short of withholding the documents completely. However, JohnsonFoils' definition of "Attorneys' Eyes Only" is very broad, is not limited to attorneys, and does not bar attorneys with access to confidential information from prosecuting patent applications on subjects related to the patents-in-suit. *See* JF Protective Order, ¶5. Specifically, the JF Protective Order permits a "party representative," all in-house attorneys, and all outside counsel to review material marked "Attorneys' Eyes Only." The "party representative" appears to include at least any employee or executive of JohnsonFoils. The "in-house attorneys" appears to include any attorney regularly employed by JohnsonFoils, including its patent attorneys. Moreover, because the JF Proposed Protective Order also appears to permits disclosure to employees of such attorneys and individuals, even non-attorney patent agents would have access to Attorneys' Eyes Only information. Although the JF Protective Order states that Voith's confidential information would be used solely for the purposes of this litigation, it would be very difficult, if not impossible, to detect an improper use. In stark contrast to the JF Proposed Protective Order, Voith's Proposed Protective Order strictly limits material designated Highly Confidential to outside counsel retained for this litigation, and qualified experts, and further bars any outside counsel with access to Highly Confidential information from involvement in related patent matters for a period of three (3) years.

The extraordinarily broad disclosures permitted by your proposed "Attorneys' Eyes Only" designation, as described in detail above, pose an unacceptably high risk to Voith that its confidential information will be improperly disclosed or used. For example, we do not think it is reasonable to expect that a patent prosecutor who has seen technical information relating to Voith's paper machines and is working to draft claims to cover JohnsonFoils' competitors will not be influenced by that disclosure. Nor do we think it reasonable to expect that an in-house company representative or counsel considering a business plan or contract will not be influenced by prior exposure to details of Voith's-a direct competitor-confidential business and financial information. The JF Protective Order is unacceptable because it fails to account for these reasonable risks by balancing the harm to Voith against the prejudice to JohnsonFoils limiting the disclosure of Voith's confidential information as required. Indeed, JohnsonFoils has failed to articulate any prejudice that would result from the provisions of Voith's Proposed Protective Order.

To address Voith's reasonable interest in limiting the risk that its confidential information will be misused, we request that you reconsider the designations defined in Voith's Proposed Protective Order: "Highly Confidential," and "Confidential." To the extent that you do not agree with this proposal, please explain why JohnsonFoils would be prejudiced by the proposed limitations, and why JohnsonFoils believes that any asserted prejudice outweighs the risk to Voith that its confidential information will be improperly disclosed or used.

Please let us know when you are available to discuss these issues.

Best regards,

Michael J. Fink, Esq.
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

************************************************************************

The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this

document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
**********************************************************************

In rare cases, our spam scanners may eliminate legitimate email. Please advise us immediately if you receive an error notification from our server.



United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
Tel 215.568.6400 Fax 215.568.6499
www.volpe-koenig.com

*Notice:* If you are not the named recipient of this transmission, please notify us immediately, by telephone, and delete or destroy any copy of this message. You should not disclose or use this information in any way. Disclosure or use of this information may expose you to criminal or civil liabilities. We apologize for the inconvenience and thank you for your attention to this notice.

# Exhibit 19

From: NEAL GOLDBERG
Sent: Wed 11/21/2007 04:52 PM
Rcvd: Wed 11/21/2007 04:52 PM
To: Tony Volpe (TVolpe@volpe-koenig.com)
CC: Poff, Adam (APOFF@ycst.com); Ryan O'Donnell (RODonnell@volpe-koenig.com);
gseitz@svglaw.com; Pmcgonigle@svglaw.com; MICHAEL FINK (MICHAELF); NEIL
GREENBLUM (NEILG); NEAL GOLDBERG (NEALG)
Subject: RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No.
J214720)

---

Tony:

As we have explained, Voith's proposed "Highly Confidential" and "Confidential" designations, and
associated restrictions, are intended to protect Voith's *confidential* information from the risk of improper
use, not, as your response suggests, to limit the disclosure of "subject matter [that] has long been
public." That a document relates to a machine embodying the patented invention does not foreclose the
real possibility that such a document also contains sensitive proprietary information that has never been
disclosed. For at least that reason, as we explained in our last e-mail, the term of the patents-in-suit is
irrelevant. As we have explained, the very real risk that an attorney involved in patent prosecution will
inadvertently, and improperly, benefit from the disclosure of Voith's proprietary information outweighs
any prejudice to JohnsonFoils from limiting the disclosure of Voith's confidential information to those of
its litigation counsel who are precluded from prosecution on matters relating to the Patents-in-Suit.

In addition, we see no reason why it is necessary for a "party representative" or in-house counsel to have
access to Voith's confidential information. Again, Voith has never proposed restricting anyone's access
to information that "has long been public." The prejudice to a party of disclosing its proprietary
information, whether technical or not, to a competitor is indisputable. For that reason, we asked you, and
we now ask you again, to explain why any prejudice to JohnsonFoils from our proposed restrictions
outweighs the clear prejudice to Voith. We appreciate your offer to limit "in-house counsel" to
nonprosecuting attorneys, but, at least, your proposal would do nothing to address the prejudice to Voith
of disclosing its non-technical, but still highly sensitive, proprietary business information.

We point out that we have always been willing to limit the use of our proposed "Confidential" and
"Highly Confidential" designations to nonpublic documents and information. Therefore, to the extent that
your objection to our proposed confidentiality designations is based on your desire to circulate
information that "has long been public," we ask that you withdraw your objection.

Finally, it is unfortunate that, without providing any explanation why JohnsonFoils believes it would be
prejudiced by Voith's proposed confidentiality designations, you have refused our invitation to discuss
these issues and have instead insisted that we "make the necessary showing under Rule 26."

Again, we urge you to reconsider our proposed confidentiality designations or provide a counter-proposal
that addresses Voith's concerns. To that end, we again invite you to discuss the terms of an agreed
protective order in a teleconference at 4:00 p.m. on this coming Monday, November 26, 2007.

Regards,

Neal

Neal Goldberg
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
Tel: (703) 716 1191
Fax:(703) 716 1180
E-Mail: ngoldberg@gbpatent.com

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited. If you have received
this communication in error, please notify us immediately by e-mail,

and delete the original message.

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

**From:** Tony Volpe [mailto:TVolpe@volpe-koenig.com]
**Sent:** Wednesday, November 21, 2007 11:14 AM
**To:** MICHAEL FINK
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com
**Subject:** RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Michael:

The third and fourth paragraphs below exemplify why your proposal is unworkable. There is little, if any, reason for your broad exclusion of any attorney who sees Voith's information from prosecuting patents. The subject matter has long been public and there is little, if any, information to be produced that relates to current prosecution of subject matter in patents that are near to expiration.

If you are concerned about who serves as the "party representative," we are willing to consider what you think are necessary safeguards. As to in-house counsel, I see no reason why such counsel should be excluded. In our specific case, the in-house general counsel is not a technical person and is not a patent prosecutor. If you want to exclude in-house patent prosecution personnel, we will consider your proposal.

For our part, we do not see your concerns as being realistic, but remind you that you are always free to make the necessary showing under Rule 26 for the protection of specific information.

You should not take the decision not to engage in the debate invited by the first two paragraphs of

your message to in any way indicate agreement with your continued attempts to vilify our positions.

Best regards,

Tony

---

**From:** MICHAEL FINK [mailto:MFINK@gbpatent.com]
**Sent:** Tuesday, November 20, 2007 6:36 PM
**To:** Tony Volpe
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com
**Subject:** Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Tony:

As explained in our previous correspondence, it is unreasonable for you to reject our Proposed Protective Order without providing any specific objections or proposed revisions. Your bald assertion that our Proposed Protective Order "goes well beyond anything necessary for this technology," is baseless and falls far short of a good faith effort to confer. Moreover, JohnsonFoils has requested confidential information that is ostensibly beyond strictly technical disclosures. In addition, the "near expiration date of the patents" is irrelevant to the terms of the Proposed Protective Order. Again, JohnsonFoils has requested information that is ostensibly beyond the technical practice of the patents in suit.

Despite your failure to reasonably confer with us regarding the terms of Voith's Proposed Protective Order, we remain willing to work with you in the hope that we can resolve our differences without the involvement of the Court. To that end, we have reviewed the protective order you sent to us on November 16 ("the JF Protective Order"). Although we are still in the process of evaluating the full extent of the differences between the JF Protective Order and Voith's Proposed Protective Order, we have reviewed your proposed confidentiality designation, and, for the reasons stated below, find it inadequate to reasonable protect Voith's confidential information from the risk of improper disclosure or use.

Unlike Voith's Proposed Protective Order, which provides for two levels of confidentiality "Confidential" and "Highly Confidential," the JF Protective Order provides for only one confidentiality designation: "Attorneys' Eyes Only." Ordinarily an "Attorneys' Eyes Only" designation provides the strongest protection available short of withholding the documents completely. However, JohnsonFoils' definition of "Attorneys' Eyes Only" is very broad, is not limited to attorneys, and does not bar attorneys with access to confidential information from prosecuting patent applications on subjects related to the patents-in-suit. *See* JF Protective Order,

¶5.  Specifically, the JF Protective Order permits a "party representative," all in-house attorneys, and all outside counsel to review material marked "Attorneys' Eyes Only."  The "party representative" appears to include at least any employee or executive of JohnsonFoils.  The "in-house attorneys" appears to include any attorney regularly employed by JohnsonFoils, including its patent attorneys.  Moreover, because the JF Proposed Protective Order also appears to permits disclosure to employees of such attorneys and individuals, even non-attorney patent agents would have access to Attorneys' Eyes Only information.  Although the JF Protective Order states that Voith's confidential information would be used solely for the purposes of this litigation, it would be very difficult, if not impossible, to detect an improper use.  In stark contrast to the JF Proposed Protective Order, Voith's Proposed Protective Order strictly limits material designated Highly Confidential to outside counsel retained for this litigation, and qualified experts, and further bars any outside counsel with access to Highly Confidential information from involvement in related patent matters for a period of three (3) years.

The extraordinarily broad disclosures permitted by your proposed "Attorneys' Eyes Only" designation, as described in detail above, pose an unacceptably high risk to Voith that its confidential information will be improperly disclosed or used.  For example, we do not think it is reasonable to expect that a patent prosecutor who has seen technical information relating to Voith's paper machines and is working to draft claims to cover JohnsonFoils' competitors will not be influenced by that disclosure.  Nor do we think it reasonable to expect that an in-house company representative or counsel considering a business plan or contract will not be influenced by prior exposure to details of Voith's-a direct competitor-confidential business and financial information.  The JF Protective Order is unacceptable because it fails to account for these reasonable risks by balancing the harm to Voith against the prejudice to JohnsonFoils limiting the disclosure of Voith's confidential information as required.  Indeed, JohnsonFoils has failed to articulate any prejudice that would result from the provisions of Voith's Proposed Protective Order.

To address Voith's reasonable interest in limiting the risk that its confidential information will be misused, we request that you reconsider the designations defined in Voith's Proposed Protective Order: "Highly Confidential," and "Confidential."  To the extent that you do not agree with this proposal, please explain why JohnsonFoils would be prejudiced by the proposed limitations, and why JohnsonFoils believes that any asserted prejudice outweighs the risk to Voith that its confidential information will be improperly disclosed or used.

Please let us know when you are available to discuss these issues.

Best regards,

Michael J. Fink, Esq.

Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

******************************************************************

The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited. If you have received
this communication in error, please notify us immediately by e-mail,
and delete the original message.
******************************************************************

In rare cases, our spam scanners may eliminate legitimate email. Please advise us immediately if
you receive an error notification from our server.

---



United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
Tel 215.568.6400 Fax 215.568.6499
www.volpe-koenig.com

---

**Notice:** If you are not the named recipient of this transmission, please notify us immediately, by telephone, and delete or destroy any copy
of this message. You should not disclose or use this information in any way. Disclosure or use of this information may expose you to
criminal or civil liabilities. We apologize for the inconvenience and thank you for your attention to this notice.

---

# Exhibit 20

** Forwarded on Mon 11/26/2007 10:32 AM **

From: Tony Volpe (TVolpe@volpe-koenig.com)
Sent: Mon 11/26/2007 09:26 AM
Rcvd: Mon 11/26/2007 09:26 AM
To: NEAL GOLDBERG (NEALG)
CC: Poff, Adam (APOFF@ycst.com); Ryan O'Donnell (RODonnell@volpe-koenig.com);
gseitz@svglaw.com; Pmcgonigle@svglaw.com; MICHAEL FINK (MICHAELF); NEIL
GREENBLUM (NEILG)
Subject: RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No.
J214720)

Hello Neal:

I can only reiterate our previously stated position. We do not accept that there is highly sensitive
information simply because you say there may be such information. This is similar to your rejection
of our view that the patents are soon to expire and the related technology is old and admitted to be
in the public domain. As we stated previously, you always have the right to seek protection under
the rules for specific information by demonstrating the alleged risk to that specific information by
disclosure under our proposed order.

As to a party representative, we believe it is necessary to our defense to have the benefit of open
discussions with someone knowledgeable about the industry. Certain, this is a risk that Voith
understood when it asserted the patents. To ask AstenJohnson to defend itself with out the benefit
of access to the same information that is available to Voith is unreasonable.

In view of our impasse, we expect you to immediately produce Voith's discovery under the Court's
standing order.

Best regards,

Tony

From: NEAL GOLDBERG [mailto:ngoldberg@gbpatent.com]
Sent: Wednesday, November 21, 2007 4:53 PM
To: Tony Volpe
Cc: Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com; MICHAEL FINK; NEIL
GREENBLUM; NEAL GOLDBERG
Subject: RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Tony:

As we have explained, Voith's proposed "Highly Confidential" and "Confidential" designations, and
associated restrictions, are intended to protect Voith's *confidential* information from the risk of improper
use, not, as your response suggests, to limit the disclosure of "subject matter [that] has long been
public." That a document relates to a machine embodying the patented invention does not foreclose the

real possibility that such a document also contains sensitive proprietary information that has never been disclosed. For at least that reason, as we explained in our last e-mail, the term of the patents-in-suit is irrelevant. As we have explained, the very real risk that an attorney involved in patent prosecution will inadvertently, and improperly, benefit from the disclosure of Voith's proprietary information outweighs any prejudice to JohnsonFoils from limiting the disclosure of Voith's confidential information to those of its litigation counsel who are precluded from prosecution on matters relating to the Patents-in-Suit.

In addition, we see no reason why it is necessary for a "party representative" or in-house counsel to have access to Voith's confidential information. Again, Voith has never proposed restricting anyone's access to information that "has long been public." The prejudice to a party of disclosing its proprietary information, whether technical or not, to a competitor is indisputable. For that reason, we asked you, and we now ask you again, to explain why any prejudice to JohnsonFoils from our proposed restrictions outweighs the clear prejudice to Voith. We appreciate your offer to limit "in-house counsel" to nonprosecuting attorneys, but, at least, your proposal would do nothing to address the prejudice to Voith of disclosing its non-technical, but still highly sensitive, proprietary business information.

We point out that we have always been willing to limit the use of our proposed "Confidential" and "Highly Confidential" designations to nonpublic documents and information. Therefore, to the extent that your objection to our proposed confidentiality designations is based on your desire to circulate information that "has long been public," we ask that you withdraw your objection.

Finally, it is unfortunate that, without providing any explanation why JohnsonFoils believes it would be prejudiced by Voith's proposed confidentiality designations, you have refused our invitation to discuss these issues and have instead insisted that we "make the necessary showing under Rule 26."

Again, we urge you to reconsider our proposed confidentiality designations or provide a counter-proposal that addresses Voith's concerns. To that end, we again invite you to discuss the terms of an agreed protective order in a teleconference at 4:00 p.m. on this coming Monday, November 26, 2007.

Regards,

Neal


Neal Goldberg
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
Tel: (703) 716 1191
Fax:(703) 716 1180
E-Mail: ngoldberg@gbpatent.com


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

**From:** Tony Volpe [mailto:TVolpe@volpe-koenig.com]
**Sent:** Wednesday, November 21, 2007 11:14 AM
**To:** MICHAEL FINK
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com
**Subject:** RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Michael:

The third and fourth paragraphs below exemplify why your proposal is unworkable. There is little, if any, reason for your broad exclusion of any attorney who sees Voith's information from prosecuting patents. The subject matter has long been public and there is little, if any, information to be produced that relates to current prosecution of subject matter in patents that are near to expiration.

If you are concerned about who serves as the "party representative," we are willing to consider what you think are necessary safeguards. As to in-house counsel, I see no reason why such counsel should be excluded. In our specific case, the in-house general counsel is not a technical person and is not a patent prosecutor. If you want to exclude in-house patent prosecution personnel, we will consider your proposal.

For our part, we do not see your concerns as being realistic, but remind you that you are always free to make the necessary showing under Rule 26 for the protection of specific information.

You should not take the decision not to engage in the debate invited by the first two paragraphs of your message to in any way indicate agreement with your continued attempts to vilify our positions.

Best regards,

Tony

**From:** MICHAEL FINK [mailto:MFINK@gbpatent.com]
**Sent:** Tuesday, November 20, 2007 6:36 PM
**To:** Tony Volpe
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com
**Subject:** Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Tony:

As explained in our previous correspondence, it is unreasonable for you to reject our Proposed Protective Order without providing any specific objections or proposed revisions. Your bald assertion that our Proposed Protective Order "goes well beyond anything necessary for this technology," is baseless and falls far short of a good faith effort to confer. Moreover, JohnsonFoils has requested confidential information that is ostensibly beyond strictly technical disclosures. In addition, the "near expiration date of the patents" is irrelevant to the terms of the Proposed Protective Order. Again, JohnsonFoils has requested information that is ostensibly beyond the technical practice of the patents in suit.

Despite your failure to reasonably confer with us regarding the terms of Voith's Proposed Protective Order, we remain willing to work with you in the hope that we can resolve our differences without the involvement of the Court. To that end, we have reviewed the protective order you sent to us on November 16 ("the JF Protective Order"). Although we are still in the process of evaluating the full extent of the differences between the JF Protective Order and Voith's Proposed Protective Order, we have reviewed your proposed confidentiality designation, and, for the reasons stated below, find it inadequate to reasonable protect Voith's confidential information from the risk of improper disclosure or use.

Unlike Voith's Proposed Protective Order, which provides for two levels of confidentiality "Confidential" and "Highly Confidential," the JF Protective Order provides for only one confidentiality designation: "Attorneys' Eyes Only." Ordinarily an "Attorneys' Eyes Only" designation provides the strongest protection available short of withholding the documents completely. However, JohnsonFoils' definition of "Attorneys' Eyes Only" is very broad, is not limited to attorneys, and does not bar attorneys with access to confidential information from prosecuting patent applications on subjects related to the patents-in-suit. *See* JF Protective Order, ¶5. Specifically, the JF Protective Order permits a "party representative," all in-house attorneys, and all outside counsel to review material marked "Attorneys' Eyes Only." The "party representative" appears to include at least any employee or executive of JohnsonFoils. The "in-house attorneys" appears to include any attorney regularly employed by JohnsonFoils, including its patent attorneys. Moreover, because the JF Proposed Protective Order also appears to permits disclosure to employees of such attorneys and individuals, even non-attorney patent agents would have access to Attorneys' Eyes Only information. Although the JF Protective Order states that Voith's confidential information would be used solely for the purposes of this litigation, it would be very difficult, if not impossible, to detect an improper use. In stark contrast to the JF Proposed Protective Order, Voith's Proposed Protective Order strictly limits material designated Highly Confidential to outside counsel retained for this litigation, and qualified experts, and further bars any outside counsel with access to Highly Confidential information from involvement in related patent matters for a period of three (3) years.

The extraordinarily broad disclosures permitted by your proposed "Attorneys' Eyes Only" designation, as described in detail above, pose an unacceptably high risk to Voith that its

confidential information will be improperly disclosed or used. For example, we do not think it is reasonable to expect that a patent prosecutor who has seen technical information relating to Voith's paper machines and is working to draft claims to cover JohnsonFoils' competitors will not be influenced by that disclosure. Nor do we think it reasonable to expect that an in-house company representative or counsel considering a business plan or contract will not be influenced by prior exposure to details of Voith's-a direct competitor-confidential business and financial information. The JF Protective Order is unacceptable because it fails to account for these reasonable risks by balancing the harm to Voith against the prejudice to JohnsonFoils limiting the disclosure of Voith's confidential information as required. Indeed, JohnsonFoils has failed to articulate any prejudice that would result from the provisions of Voith's Proposed Protective Order.

To address Voith's reasonable interest in limiting the risk that its confidential information will be misused, we request that you reconsider the designations defined in Voith's Proposed Protective Order: "Highly Confidential," and "Confidential." To the extent that you do not agree with this proposal, please explain why JohnsonFoils would be prejudiced by the proposed limitations, and why JohnsonFoils believes that any asserted prejudice outweighs the risk to Voith that its confidential information will be improperly disclosed or used.

Please let us know when you are available to discuss these issues.

Best regards,

Michael J. Fink, Esq.
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

*********************************************************************

The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited. If you have received

this communication in error, please notify us immediately by e-mail,
and delete the original message.
*****************************************************************

In rare cases, our spam scanners may eliminate legitimate email. Please advise us immediately if
you receive an error notification from our server.



United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
Tel 215.568.6400  Fax 215.568.6499
www.volpe-koenig.com

**Notice:** If you are not the named recipient of this transmission, please notify us immediately, by telephone, and delete or destroy any copy
of this message.  You should not disclose or use this information in any way.  Disclosure or use of this information may expose you to
criminal or civil liabilities.  We apologize for the inconvenience and thank you for your attention to this notice.

# Exhibit 21

From: MICHAEL FINK
Sent: Fri 11/30/2007 05:24 PM
Rcvd: Fri 11/30/2007 05:24 PM
To: Tony Volpe (TVolpe@volpe-koenig.com); George H Seitz III (gseitz@svglaw.com); Poff,
Adam (APOFF@ycst.com); Stover, Chad (CStover@ycst.com)
CC: NEAL GOLDBERG (NEALG); Ryan O'Donnell (RODonnell@volpe-koenig.com); Patricia
P McGonigle (pmcgonigle@svglaw.com)
BCC: NEIL GREENBLUM (NEILG); ORCHID RUSHENAS (ORCHIDR)
Subject: Voith v. JohnsonFoils; Our Ref.No. J214720

Tony,

We write to ask if you will agree to an interim compromise to our protective order dispute which would
provide at least some of Plaintiff's counsel with full access to Voith's document production prior to the
parties agreeing on an appropriate protective order or a ruling from the Court on our protective order
dispute.

So that discovery may proceed in accordance with the scheduling order, we propose the following interim
compromise based on Rule 26.2:

If any documents are deemed confidential by the producing party and the parties have not been able to
agree on an appropriate protective order, until a protective order is in effect, disclosure should be limited
to members and employees of the firm of trial counsel who have entered an appearance, and, where
appropriate, have been admitted *pro hac vice*. Such persons are under an obligation to keep such
documents confidential and to use them only for purposes of litigating the case. In addition, if any
documents are designated attorneys-eyes only or highly confidential by the producing party, until the
parties agree on an appropriate protective order or the Court rules on the dispute, disclosure is further
limited to those individuals enumerated above who are not involved in competitive business activities,
including patent prosecution relating to the subject matter of the patents-in-suit, for a period of three (3)
years subsequent to receiving said disclosure. The above limitation imposed on individuals receiving the
disclosures designated attorneys-eyes only or highly confidential by the producing party is binding until
modified by the Court.

This would permit discovery to proceed until the parties agree on an appropriate protective order or the
Court rules on the dispute. We note that, although your Opposition to Voith's pending Motion to Compel
mentions that such a limitation "could potentially exclude JohnsonFoils' litigation counsel from reviewing
[Voith's highly confidential information]," you have never specifically stated that any of JohnsonFoils'
litigation counsel would actually be excluded. Nor have you identified any particular attorneys for which
Voith's proposed limitation would be burdensome. To the extent that there is at least some qualified
attorney or employee, including local counsel, who would not be burdened by a limitation on competitive
business activities, we would be receptive to a reasonable proposal including the use of a suitable
Chinese wall to insulate that attorney from individuals involved in competitive business activities.

We emphasize that our proposal would be superseded by an appropriate protective order later agreed to by the parties and/or entered by the Court .

Please let us know as soon as possible if you agree, or would like to confer by telephone on a suitable counter-proposal.

Best regards,

Michael J. Fink, Esq.
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

**********************************************************************

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
**********************************************************************

In rare cases, our spam scanners may eliminate legitimate email. Please advise us immediately if you receive an error notification from our server.

{00326760.DOC}

# Exhibit 22

** Forwarded on Mon 12/3/2007 07:27 AM **

From: Tony Volpe (TVolpe@volpe-koenig.com)
Sent: Sun 12/2/2007 10:04 PM
Rcvd: Sun 12/2/2007 10:04 PM
To: MICHAEL FINK (MICHAELF); George H Seitz III (gseitz@svglaw.com); Poff, Adam
(APOFF@ycst.com); Stover, Chad (CStover@ycst.com)
CC: NEAL GOLDBERG (NEALG); Ryan O'Donnell (RODonnell@volpe-koenig.com); Patricia
P McGonigle (pmcgonigle@svglaw.com)
Subject: RE: Voith v. JohnsonFoils; Our Ref.No. J214720

═══════════════════════════════════════════

Michael, we do not see you proposal as a compromise. Rather, we are operating under a
compromise, the Judge's default Order, and demand that you produce under that order immediately
without any unilateral demands. As to Friday's hearing, we note that the protective order is not the
issue and you cannot excuse your failure to produce as being subject to a pending motion.

Best regards,

Tony

Anthony S. Volpe, Attorney at Law
Phone: 215-568-6400, Ext. 101
Fax:    215-568-6499
E-mail: AVolpe@Volpe-Koenig.com

─────────────────────────────────────────────────

From: MICHAEL FINK [mailto:MFINK@gbpatent.com]
Sent: Friday, November 30, 2007 5:25 PM
To: Tony Volpe; George H Seitz III; Poff, Adam; Stover, Chad
Cc: NEAL GOLDBERG; Ryan O'Donnell; Patricia P McGonigle
Subject: Voith v. JohnsonFoils; Our Ref.No. J214720


Tony,


We write to ask if you will agree to an interim compromise to our protective order dispute which would
provide at least some of Plaintiff's counsel with full access to Voith's document production prior to the
parties agreeing on an appropriate protective order or a ruling from the Court on our protective order
dispute.


So that discovery may proceed in accordance with the scheduling order, we propose the following interim

compromise based on Rule 26.2:

If any documents are deemed confidential by the producing party and the parties have not been able to agree on an appropriate protective order, until a protective order is in effect, disclosure should be limited to members and employees of the firm of trial counsel who have entered an appearance, and, where appropriate, have been admitted *pro hac vice*. Such persons are under an obligation to keep such documents confidential and to use them only for purposes of litigating the case. In addition, if any documents are designated attorneys-eyes only or highly confidential by the producing party, until the parties agree on an appropriate protective order or the Court rules on the dispute, disclosure is further limited to those individuals enumerated above who are not involved in competitive business activities, including patent prosecution relating to the subject matter of the patents-in-suit, for a period of three (3) years subsequent to receiving said disclosure. The above limitation imposed on individuals receiving the disclosures designated attorneys-eyes only or highly confidential by the producing party is binding until modified by the Court.

This would permit discovery to proceed until the parties agree on an appropriate protective order or the Court rules on the dispute. We note that, although your Opposition to Voith's pending Motion to Compel mentions that such a limitation "could potentially exclude JohnsonFoils' litigation counsel from reviewing [Voith's highly confidential information]," you have never specifically stated that any of JohnsonFoils' litigation counsel would actually be excluded. Nor have you identified any particular attorneys for which Voith's proposed limitation would be burdensome. To the extent that there is at least some qualified attorney or employee, including local counsel, who would not be burdened by a limitation on competitive business activities, we would be receptive to a reasonable proposal including the use of a suitable Chinese wall to insulate that attorney from individuals involved in competitive business activities.

We emphasize that our proposal would be superseded by an appropriate protective order later agreed to by the parties and/or entered by the Court .

Please let us know as soon as possible if you agree, or would like to confer by telephone on a suitable counter-proposal.

Best regards,

Michael J. Fink, Esq.
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

**********************************************************************
The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is

privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited. If you have received
this communication in error, please notify us immediately by e-mail,
and delete the original message.
********************************************************************

In rare cases, our spam scanners may eliminate legitimate email. Please advise us immediately if you
receive an error notification from our server.



United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
Tel 215.568.6400  Fax 215.568.6499
www.volpe-koenig.com

*Notice:* If you are not the named recipient of this transmission, please notify us immediately, by telephone, and delete or destroy any copy
of this message. You should not disclose or use this information in any way. Disclosure or use of this information may expose you to
criminal or civil liabilities. We apologize for the inconvenience and thank you for your attention to this notice.

# Exhibit 23



United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

BRINGING LAW TO YOUR IDEAS

Anthony S. Volpe
avolpe@volpe-koenig.com

December 7, 2007

**VIA E-MAIL AND FACSIMILE**
**3 PAGES TO 703-716-1180**

Neil F. Greenblum, Esquire
Michael J. Fink, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191

Re:    Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.
       In the United States District Court for the District of Delaware
       Civil Action No. 07-226

Dear Counsel:

This letter addresses a number of outstanding discovery issues which have been
unresolved for some time.

JohnsonFoils has repeatedly requested that Voith immediately produce its
documents in accordance with Local Rule 26.2 without the extraneous limitations
provided in your November 7, 2007 letter. Your November 26, 2007 response that
you will only produce documents in accordance with your self-imposed restrictions
goes well beyond Local Rule 26.2 which provides in pertinent part that:

> If any documents are deemed confidential by the producing party and
> the parties have not stipulated to a confidentiality agreement, until
> such an agreement is in effect, disclosure shall be limited to members
> and employees of the firm of trial counsel who have entered an
> appearance and, where appropriate, have been admitted pro hac vice.
> Such persons are under an obligation to keep such documents
> confidential and to use them only for purposes of litigating the case.

Clearly, Local Rule 26.2 does not permit a party to unilaterally insert additional
restrictions. Since you have not moved for a protective order, your responses are
well overdue.

Based upon our prior correspondence and the briefing regarding the motion to
compel, it appears that we are at an impasse on this issue and we intend to move to
compel production of documents. Please advise if you disagree. If you have

*Patents*      *Trademarks*      *Copyrights*      *Trade Secrets*      *Litigation*      *Licensing*



**Volpe**
**Koenig** ®
P.C.

Neil F. Greenblum, Esquire                                    December 7, 2007
Michael J. Fink, Esquire                                      C.A. No. 07-226
Page 2

reconsidered your position, we will be available to discuss this issue today or on
Monday.

The next issue to address is Voith's voluminous objections to JohnsonFoils First and
Second Set of Document Requests. We noted with interest that many of Voith's
objections in its discovery responses are very similar to those Voith found
objectionable in your October 12, 2007 letter and in its Motion to Compel. We do
not accept your objections and ask that you reconsider your objections in light of
your prior positions.

We now turn to three specific requests for which Voith stated that no documents
exist, or if they exist, they would not be produced. If the position is that no
documents exist, please provide a certification from Voith or its counsel that no
documents exist. If documents exist and you are refusing to identify them on your
privilege log, please provide a certification from Voith or its counsel on the basis for
that refusal.

In response to document request 10, which seeks all prior art known to Voith, the
response stated that all prior art was cited in the Patents-In-Suit. JohnsonFoils
expects that Voith has made a good faith effort to examine its records, including,
but not limited to, all counterpart and related patent applications, and will rely on
Voith's representations.

In response to document request 11, which seeks all design, installation and
manufacturing documentation associated with the subject matter of the Patents-in-
Suit, Voith states that there are no responsive documents. We find this hard to
believe and it leads us to the conclusion that Voith has not preserved documents in
accordance with its obligations under the rules.

In response to document request 13, which seeks documents associated with Voith's
evaluation of any potential infringement by a third party of the subject matter of
the Patents-In-Suit, Voith has refused to produce any documents based on its
objections. The existence of other claims of infringement against third parties is
clearly relevant to the instant case. To the extent that certain documents may be
subject to a claim of privilege, those documents must be identified on your privilege
log. We find it hard to believe that there are no other responsive documents and

12/07/2007 11:42 IFAX EFAXES                                    → EFAXES                    ☒003/003
12/07/2007 10:43 FAX  2155686499        V & K DOCKETING                                    ☒003/003



**Volpe and Koenig, P.C.**

Neil F. Greenblum, Esquire                              December 7, 2007
Michael J. Fink, Esquire                                C.A. No. 07-226
Page 3


request that you revise and supplement your response by producing non-privileged documents.

To the extent that Voith is unwilling to produce the requested documents and supplement its responses, please let us know by the close of business on Tuesday, December 11, 2007. We are available to confer with you on any of these issues today or on Monday, December 10, 2007. Please suggest a time to confer.

Very truly yours,

Volpe and Koenig, P.C.

By: _____
        Anthony S. Volpe

ASV/cps

cc: All counsel of record by e-mail.

# Exhibit 24

LAW OFFICES

# GREENBLUM & BERNSTEIN, P.L.C.

PATENT, COPYRIGHT AND TRADEMARK MATTERS

1950 ROLAND CLARKE PLACE

RESTON, VA 20191-1411

TEL: (703) 716-1191

FAX: (703) 716-1180

EMAIL: gbpatent@gbpatent.com

www.gbpatent.com

December 10, 2007

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPEZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSINICK *
PAUL A. WEATES, PH.D.
P. BRANKO PEJIC *
JOHN PEETA *
HERIBERT F. MUENSTERER, PH.D. D *
LINDA J. HODGE
JOSHUA M. POVENER *
DANIEL B. MOON
PAUL T. LEE Δ
JOHN V. MAZZOLA D
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, PH.D. D
AZZA JAYAPRAKASH
JONATHAN MILLER *

NEAL GOLDBERG
STEVEN B. POLLICOFF *
FAHD MAJIDUDDIN, PH.D. D
SARAH J. SMALL

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, PH.D.
LESLIE J. PAPENNER *
RICHARD J. McGRATH
BARRY I. HOLLANDER

TECHNICAL ADVISORS:
THOMAS WEBER, PH.D.
ZHIDONG HAO, PH.D.
MONICA S. ULLAGADDI
RO BIN JANG, PH.D.
WALTER SCHLAPKOHL, PH.D.

* ADMITTED TO A BAR
  OTHER THAN VA
D EUROPEAN PATENT ATTORNEY
Δ KOREAN PATENT ATTORNEY
D REGISTERED PATENT AGENT

**VIA EMAIL(PDF)**

Tony Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

      Re:   *Voith Paper GmbH & Co. KG v. JohnsonFoils, Inc.*
           *C.A. No. 07-0226-JJF.* Our Ref.: 214720.

Dear Tony:

    We write to respond to your letter dated Friday, December 7, 2007, relating to discovery issues ("JohnsonFoils' Letter dated 12-07-2007"). As explained in detail below, we disagree with your characterization of the parties' pending discovery disputes and request that you clarify and explain your objections to assist us in narrowing any disagreement. We are presently available to confer with you regarding pending discovery disputes on either the morning of Thursday, December 13, or the morning of Friday, December 14, 2007. We invite you, in the interim, to provide us with the clarifications and explanations requested below.

    Although, as we have repeatedly stated, we prefer to resolve the parties' protective order dispute with an *agreed* protective order, we have requested that the Court bar disclosure of Voith's Highly Confidential information to individuals involved in competitive activities for or on behalf of JohnsonFoils pending resolution of the parties' protective order dispute. *See* Voith's Reply to JohnsonFoils' Opposition to Voith's Motion to Compel, at 11-12. Voith is also actively in the process of continuing its investigation and supplementing its document production. So as not to delay discovery any further, we again ask that you accept our offer to provide Highly Confidential documents to JohnsonFoils litigation counsel not involved in competitive activities for JohnsonFoils pending resolution of the parties' protective order dispute by the Court.

    Responding to the specific issues raised in your letter, we disagree with your characterization of the timeliness of Voith's document production. Voith's November 7 production preceded the production of any of JohnsonFoils' documents by nearly two weeks.

Anthony S. Volpe, Esq.                    December 10, 2007                    Page -2-

*See* Letter from Neal Goldberg to Anthony S. Volpe, dated November 7, 2007. JohnsonFoils' unreasonable return of Voith's production, without any attempt to confer with Voith, does not alter the timeliness of Voith's production. Nowhere do the Federal Rules provide that a party is required to produce, and reproduce, documents that have been unreasonably refused. As we have explained in detail in our Reply to JohnsonFoils' Opposition to Voith's Motion to Compel, Voith's production was fully compliant with Rule 26.2. Not only that, but Voith went *further* than the requirements of Rule 26.2 by providing JohnsonFoils with documents marked Highly Confidential that are the subject of the parties' ongoing protective order negotiations.

To the extent that JohnsonFoils' review of Voith's documents has been delayed, that delay is easily attributable to JohnsonFoils' failure to raise the potential of conflicts arising from its trial counsel's involvement in competitive patent prosecution activities sooner. Despite being informed of Voith's proposed confidentiality levels, Confidential and Highly Confidential, on September 21, 2007, JohnsonFoils waited until two weeks after receiving Voith's Proposed Protective Order before flatly refusing to agree to a limit on the disclosure of Voith's Highly Confidential documents to individuals involved in competitive activities, including competitive patent prosecution, for or on behalf of JohnsonFoils. Even then, JohnsonFoils made no reference to potential conflicts due to its trial counsel's competitive activities, only denying, incredibly, that Voith had any Highly Confidential information to protect:

> [JohnsonFoils] can only reiterate [its] previously stated position. We do not accept that there is highly sensitive information simply because [Voith] say[s] there may be such information.

*See* Email from Anthony S. Volpe to Neal Goldberg, dated November 26, 2007. In that very same Email, JohnsonFoils' not only admitted the existence of Voith's Highly Confidential information, but asserted that it would be prejudiced by any bar on sharing that information with a JohnsonFoils' representative:

> As to a party representative, we believe it is necessary to our defense to have the benefit of open discussions with someone knowledgeable about the industry. Certain (*sic*), this is a risk that Voith understood when it asserted the patents. To ask AstenJohnson to defend itself without the benefit of access to the same information that is available to Voith is unreasonable.

*Id.* JohnsonFoils' assertion that Voith understood the risk of disclosing its Highly Confidential information to a competitor is inconsistent with JohnsonFoils' claim that no such information exists.

It was not until JohnsonFoils' Opposition to Voith's Motion to Compel, filed November 28, 2007, that JohnsonFoils said anything about the potential exclusion of its own trial counsel due to trial counsel's involvement in competitive patent prosecution for or on behalf of JohnsonFoils. *See* JohnsonFoils' Opposition to Voith's Motion to Compel, D.I. 46, at p. 2, fn. 1 ("Voith's restrictions . . . could potentially exclude JohnsonFoils' litigation counsel . . .."). Even then, JohnsonFoils' Opposition referred only to the "potential" exclusion of some unnamed trial counsel, but identified no specific patent prosecution conduct or any specific patent prosecutors.

Anthony S. Volpe, Esq.                    December 10, 2007                         Page -3-

To this date, JohnsonFoils has failed to provide sufficient detail of this purported conflict to permit Voith to evaluate the prejudice, if any, to JohnsonFoils of agreeing to Voith's proposed prosecution bar and/or other limits on the disclosure of Voith's Highly Confidential documents to JohnsonFoils' trial counsel. To the extent that JohnsonFoils' ability to review Voith's responsive Highly Confidential documents has been delayed, the delay is fairly attributed to JohnsonFoils' failure to alert Voith of this potential conflict rather than any omission by Voith.

Moreover, we disagree with your further contention that the parties' protective order dispute is not before the Court. Although Voith's Motion to Compel addressed the failure of JohnsonFoils to respond to any of Voith's discovery requests, JohnsonFoils squarely put the parties' protective order dispute before the Court in its opposition—including JohnsonFoils' erroneous characterization of Voith's restrictions on the disclosure of Highly Confidential documents in Voith's November 7, 2007, document production—as JohnsonFoils' excuse for failing to respond to discovery requests. Because JohnsonFoils raised the protective order dispute in its Opposition, Voith addressed the issue in its Reply, and requested that the Court provide a limitation on JohnsonFoils' disclosure of Voith's highly confidential documents to individuals involved in competitive activities, including patent prosecution. *See* Voith's Reply to JohnsonFoils' Opposition to Voith's Motion to Compel, at 11-12.

With respect to your further request that Voith "provide a certification" that certain documents do not exist, we object to your request as unduly burdensome for purporting to impose on Voith greater obligations to respond to your requests for production than required by the Federal Rules of Civil Procedure. In response to your specific remarks regarding JohnsonFoils' Requests for Production Nos. 10, 11, and 13, Voith responds generally as follows. First, we note that your letter mischaracterizes each of your requests for production by 1) failing to incorporate the definitions associated with the requests, and 2) misstating the requests. In addition, your letter fails to address or explain any of Voith's objections to those requests. For those reasons, *inter alia*, your letter misstates Voith's objections and responses to those requests. Because your discussion of Voith's responses to those requests misstates your requests, Voith's responses, and the context of Voith's responses, Voith generally responds to your objections to Voith's responses by referring you to Voith's actual responses, and inviting you to address Voith's actual objections and responses in order to narrow any dispute.

Specifically, with respect to JohnsonFoils' Request For Production No. 10, we note that your restatement of your request is incorrect. Your Request No. 10 actually asks for "[a]ll prior art known to Applicant to be associated with or related to the subject matter of the Patents-in-Suit." We further note that this request is based on the objected-to JohnsonFoils Definitions Nos. 4, 9, and 10. Voith's response is based on JohnsonFoils' actual request in the context of JohnsonFoils' stated definitions, and Voith's objections. For at least these reasons, we disagree with your characterization of Voith's response.

With respect to JohnsonFoils' Request For Production No. 11, we note that your restatement is incorrect. Your Request No. 11 actually asks for "[a]ll design, installation and manufacturing documentation in Applicant files associated with or related to the subject matter of the Patents-in-Suit." We further note that this request is based on the objected-to JohnsonFoils Definitions Nos. 4, 9, and 10. Voith's response is based on JohnsonFoils' actual

request in the context of JohnsonFoils' stated definitions, and Voith's objections. Please explain your reasons for asserting that Voith's response to your actual Request No. 11, as stated in the context of your definitions and Voith's objections, is inadequate.

Similarly, with respect to JohnsonFoils' Request for Production No. 13, we note that your restatement is incorrect. Your Request No. 13 actually asks for "[a]ll documents associated with or related to Plaintiff's evaluation of any potential infringement by any third party of the subject matter of the Patents-in-Suit." We further note that this request is based on the objected-to JohnsonFoils Definitions Nos. 4 and 9. Voith's response is based on JohnsonFoils' actual request in the context of JohnsonFoils' stated definitions, and Voith's objections. Please explain your reasons for asserting that Voith's response to your actual Request No. 13, as stated in the context of your definitions and Voith's objections, is inadequate. In response to your assertion that "the existence of other claims of infringement against third parties is *clearly* relevant to the instant case," JohnsonFoils Letter dated 12-7-2007, at 2 (emphasis supplied), Voith refers you to Voith's response in the context of your definitions and Voith's objections. Notwithstanding the foregoing, to help clarify your objection and assist us in potentially narrowing any disagreement, please explain your basis for asserting that potential infringement claims Voith might have against third parties are relevant.

Although your letter purports to respond to Voith's objections to JohnsonFoils' requests for production, your letter fails to identify any specific JohnsonFoils request for production or, for that matter, any particular objection. As a result your response does not clarify or explain any of JohnsonFoils' requests for production, and does nothing to overcome Voith's objections. Instead, your letter states, without *any* specific reference an objection or discovery request, that JohnsonFoils "does not accept [Voith's] objections and ask[s] that [Voith] reconsider [its] objections in light of Voith's prior positions." JohnsonFoils Letter dated 12-7-2007, at 2. JohnsonFoils also states that it "noted with interest that many of Voith's objections in its discovery responses are very *similar* to Voith found objectionable in [Voith's] October 12, 2007[,] letter and in [Voith's] Motion to Compel." *Id* (emphasis supplied). First, as explained in Voith's Reply to JohnsonFoils' Opposition to Voith's Motion to Compel, Voith's objections are objections to JohnsonFoils'—different from Voith's—requests. That JohnsonFoils' objections to Voith's discovery requests are improper does not detract in any way from the propriety of Voith's objections to JohnsonFoils' discovery requests. Please let us know if you have any specific response to a specific Voith objection to a specific JohnsonFoils discovery request so that we may confer on each such objection and request, and narrow any remaining disagreement. We would welcome any clarification or explanation of your discovery requests that is responsive to Voith's objections.

We also note that your Friday, December 7, 2007, fax appears to demand that we respond by Tuesday, December 11, 2007, and provides Voith with insufficient time to evaluate your various objections to Voith's discovery responses. We remind you that Voith provided JohnsonFoils with detailed objections to JohnsonFoils' objections on October 12, attempted to confer with JohnsonFoils regarding those objections on October 24, 2007, and then, only when JohnsonFoils flatly refused to produce documents, indicated that Voith would move to compel JohnsonFoils' production. Voith filed its Motion to Compel on November 9, 2007, after JohnsonFoils continued to refuse to produce documents pursuant to Rule 26.2, and almost a full

Anthony S. Volpe, Esq.            December 10, 2007                    Page -5-

month after objecting to JohnsonFoils' responses. Providing Voith with less than two full business days to evaluate your objections and confer with you is unreasonable. Nonetheless we are presently available to confer with you regarding these issues on either the morning of Thursday, December 13, or the morning of Friday, December 14, 2007. Please suggest a time when you are available to confer.

Sincerely,

GREENBLUM & BERNSTEIN, P.L.C.

Neal Goldberg

# Exhibit 25

From: MICHAEL FINK
Sent: Wed 12/12/2007 11:01 AM
Rcvd: Wed 12/12/2007 11:01 AM
To: Tony Volpe (TVolpe@volpe-koenig.com)
CC: Ryan O'Donnell (RODonnell@volpe-koenig.com); NEIL GREENBLUM (NEILG); Poff,
Adam (APOFF@ycst.com); Stover, Chad (CStover@ycst.com); George H Seitz III
(gseitz@svglaw.com); Patricia P McGonigle (pmcgonigle@svglaw.com); NEAL GOLDBERG
(NEALG)
BCC: ORCHID RUSHENAS (ORCHIDR)
Subject: RE: Voith Paper GmbH & Co. KG v. JohnsonFoils, Inc. C.A. No. 07-0226-JJF. Our
Ref.: J214720.

Tony,

Responding to your email dated December 11, 2007, we confirm our availability to confer with
you on the morning of Thursday, December 13. Our understanding is that we will discuss the
issues raised in your letter dated Friday, December 7, and our response dated Monday, December
10, including your objections to Voith's discovery responses and the parties' pending protective
order dispute.

As you know, from Voith's November 7 production of documents, and Voith's subsequent
correspondence with you, Voith is prepared to produce documents to JohnsonFoils provided that
JohnsonFoils agrees to a prosecution bar for attorneys to whom Voith's Highly Confidential
information is disclosed. After you rejected Voith's proposal, we then offered to provide
documents to JohnsonFoils prior to resolving the parties' long term protective order dispute
provided that JohnsonFoils agrees to an interim limit, subject to ultimate approval by the Court,
on the prosecution activities of those trial counsel who view Voith's Highly Confidential
documents. This proposal would allow JohnsonFoils to obtain access to Voith's documents
immediately, subject only to a limit on prosecution that would be subject to Court approval. Such
a temporary limit would impose no restraint on JohnsonFoils litigation counsel not presently, or
for some time in the future, prosecuting patents in the subject matter of the Patents-in-Suit.
Moreover, Voith's proposal would impose no substantial restraint on any JohnsonFoils litigation
counsel if the Court ultimately rejects Voith's proposed prosecution bar.

Although we understand that you have, to date, rejected Voith's proposed compromise, because
Voith believes that some form of prosecution bar is necessary to protect Voith's Highly

Confidential information, we would like to further explore this issue with you during our Thursday call.

To that end, please let me know which counsel of record for JohnsonFoils is involved in prosecuting patent applications for, or on behalf of, JohnsonFoils or AstenJohnson in the field of papermaking machines. I understand that you have refused to agree to the prosecution bar that we have proposed, but it would be in everyone's best interest to reach a compromise at this time. Indeed, if either you or Ryan is not involved in prosecution matters for JohnsonFoils or AstenJohnson, we should be able to reach a temporary resolution. If, however, every attorney representing JohnsonFoils in the present litigation is presently, or will in the future, also be involved in prosecution matters relating to the subject matter of the Patents-in-Suit for or on behalf of JohnsonFoils or AstenJohnson, that complicates matters.

So that we have a better understanding of the potential for resolving our protective order dispute, please let me know as soon as possible which counsel of record for JohnsonFoils has been involved in prosecution matters for JohnsonFoils or AstenJohnson in the past, which are presently involved in such prosecution matters, and which are expected to be involved in such prosecution matters in the future.

Regarding the time of the call, 11:00 a.m. is preferable. Pursuant to your last email, we will initiate the call.

Regards,

Michael J. Fink, Esq.
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

*****************************************************************

The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or

copying of this message is strictly prohibited. If you have received
this communication in error, please notify us immediately by e-mail,
and delete the original message.
*********************************************************************

In rare cases, our spam scanners may eliminate legitimate email. Please advise us immediately if you
receive an error notification from our server.

---

**From:** Tony Volpe [mailto:TVolpe@volpe-koenig.com]
**Sent:** Tuesday, December 11, 2007 9:18 AM
**To:** NEAL GOLDBERG
**Cc:** Ryan O'Donnell; MICHAEL FINK; NEIL GREENBLUM; Poff, Adam; Stover, Chad; ORCHID RUSHENAS;
George H Seitz III; Patricia P McGonigle
**Subject:** RE: Voith Paper GmbH & Co. KG v. JohnsonFoils, Inc. C.A. No. 07-0226-JJF. Our Ref.: 214720.

Hello Neal:

We have your letter. We do not agree with that letter, we do not agree that there is any protective
order issue before the court and maintain that you are in violation of the Court's Order by not
producing under the default provisions; however, we are willing to discuss your issues on Thursday
morning at any time between 9:30 and 11:30. Please let us know when you will call.

Best regards,

Tony

---

**From:** NEAL GOLDBERG [mailto:ngoldberg@gbpatent.com]
**Sent:** Monday, December 10, 2007 6:22 PM
**To:** Tony Volpe
**Cc:** Ryan O'Donnell; MICHAEL FINK; NEIL GREENBLUM; Poff, Adam; Stover, Chad; ORCHID RUSHENAS
**Subject:** Voith Paper GmbH & Co. KG v. JohnsonFoils, Inc. C.A. No. 07-0226-JJF. Our Ref.: 214720.

Dear Tony:

Please find attached correspondence relating to the above referenced litigationl.

Please let me know if you have any difficulty opening the attachment.

Sincerely,

Neal Goldberg
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
Tel: (703) 716 1191
Fax:(703) 716 1180
E-Mail: ngoldberg@gbpatent.com

CONFIDENTIAL: SUBJECT TO ATTORNEY-CLIENT PRIVILEGE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited. If you have received
this communication in error, please notify us immediately by e-mail,

and delete the original message.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*



United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
Tel 215.568.6400 Fax 215.568.6499
www.volpe-koenig.com

*Notice:* If you are not the named recipient of this transmission, please notify us immediately, by telephone, and delete or destroy any copy
of this message. You should not disclose or use this information in any way. Disclosure or use of this information may expose you to
criminal or civil liabilities. We apologize for the inconvenience and thank you for your attention to this notice.

# Exhibit 26

{ 00326760.DOC}

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,                )
    a Company organized and              )
    existing under the laws of Germany,  )
                                                )
           Plaintiff,                        )
                                                )        C.A. No. 07-0226-JJF
        v.                              )
                                                )
JOHNSONFOILS, INC.,                        )
    a Delaware Corporation,              )
                                               )
          Defendant.                        )
                                              )

## DECLARATION

1.    I, Neal Goldberg, am an attorney with the law firm Greenblum & Bernstein,

P.L.C., located at 1950 Roland Clarke Place, Reston Virginia, 20191.  I am also counsel of

record for Voith GmbH & Co. KG ("Voith") in the above captioned action, relating to

JohnsonFoils, Inc.'s ("JohnsonFoils") infringement of Voith's United States Patent Nos.

5,718,805 ("the '805 patent") and 5,972,168 ("the '168 patent") (collectively, "the Patents-in-

Suit").

2.    On December 13, 2007, I participated in a telephone conference

("Teleconference") on behalf of Voith with counsel for JohnsonFoils, Inc. ("JohnsonFoils").

The participants included Michael J. Fink, also representing Voith, Anthony S. Volpe,

representing JohnsonFoils, and John O'Mally, also representing JohnsonFoils.  Voith initiated

the Teleconference.

3.    The purpose of the Teleconference was for the parties to meet and confer

regarding pending discovery disputes relating to protective order and document production

1

issues. Prior to the Teleconference, Voith asked JohnsonFoils to agree not to disclose Voith's documents designated Highly Confidential to any counsel involved in competitive patent prosecution on the subject matter of the Patents-in-Suit. Prior to the Teleconference, Voith also asked JohnsonFoils to identify those of its counsel of record in this case who are, or expect to be, involved in patent prosecution on the subject matter of the Patents-in-Suit.

4.      During the Teleconference, JohnsonFoils stated that it would not identify any litigation counsel involved in patent prosecution for or on behalf of JohnsonFoils or AstenJohnson, Inc., the parent company of JohnsonFoils.

5.      As a compromise, Voith offered to provide documents designated Highly Confidential to JohnsonFoils' counsel of record not involved in prosecution for or on behalf of JohnsonFoils, including JohnsonFoils' local Delaware counsel, provided that such counsel agree not to disclose Voith's Highly Confidential information to anyone involved in such prosecution activities. Voith also offered to make any prosecution bar imposed on individuals reviewing Voith's Highly Confidential documents contingent on the Court's ultimate resolution of the parties' protective order dispute. JohnsonFoils rejected Voith's offer to provide its Highly Confidential documents to those JohnsonFoils' counsel of record that are not involved in patent prosecution activities on the subject matter of the Patents-in-Suit.

6.      During the Teleconference, JohnsonFoils acknowledged that the Court might impose a prosecution bar if Voith satisfied the Court that its document production included documents meriting such protection, but refused to agree to Voith's proposed compromise temporary prosecution bar contingent on Court approval.

7.    In addition, during the parties' teleconference Voith asked JohnsonFoils to address Voith's objections to its document requests. JohnsonFoils refused to do so, and stated that it would instead file a Motion to Compel.

8.    I declare that the foregoing is true and correct.

Executed on January 9, 2008

Neal Goldberg

3

# Exhibit 27

From: George H Seitz III [mailto:gseitz@svglaw.com]
Sent: Friday, December 14, 2007 3:38 PM
To: Poff, Adam
Subject: RE: Voith/JohnsonFoils - document production

This will confirm, I also want to get an understanding of the volume of
the documents, the electronic format in which they are stored and
whether they are searchable. Thanks.

George H Seitz III, Esq.

302-888-7602
302-888-0606  (Fax)

gseitz@svglaw.com


-----Original Message-----
From: Poff, Adam [mailto:APOFF@ycst.com]
Sent: Friday, December 14, 2007 12:21 PM
To: George H Seitz III
Subject: Voith/JohnsonFoils - document production

George -
In follow-up to our earlier discussion, we would be willing to agree to
an expert designation procedure that would permit you to use the
assistance of an expert to review the documents designated highly
confidential. As I mentioned earlier, we would insist that the expert
not be involved in competitive activities on behalf of JohnsonFoils or
engaged in the prosecution of patents in the relevant subject area,
either now or in the future. If JohnsonFoils is willing to pursue this
path, we will draft a procedure for your review. The procedure will be
similar to what you would find in a standard patent litigation
confidentiality stipulation. Please let me know JohnsonFoils position.

Adam

# Exhibit 28

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGHAN *
WILLIAM PIEPIZ *
STEPHEN M. ROYLANCE
ROBERT W. MEELER
WILLIAM E. LYDDANE
WILLIAM S. BOSSNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN FRETA *
HERBERT F. MUENSTERER, Ph.D. □ *
LINDA J. HODGE
JOSHUA M. POVINER *
DANIEL R. MOON
PAUL T. LEE △
JOHN V. MAZZOLA □
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VERTER, Ph.D. □
AZZA JAYAPRAKASH
JONATHAN MILLER *

LAW OFFICES
# GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEAL GOLDBERG
STEVEN B. POLLICOFF *
FAHD MAJIDUDDIN, Ph.D. □
SARAH J. SMALL

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPERNER *
RICHARD J. McGRATH
BARRY I. HOLLANDER

TECHNICAL ADVISORS:
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ILLAGADDI
BO BIN JANG Ph.D.
WALTER SCHLAPKOHL, Ph.D.

* ADMITTED TO A BAR
  OTHER THAN VA
° EUROPEAN PATENT ATTORNEY
△ KOREAN PATENT ATTORNEY
□ REGISTERED PATENT AGENT

December 31, 2007

<u>VIA EMAIL(PDF) AND FEDERAL EXPRESS</u>

Tony Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

   Re: *Voith Paper GmbH & Co. KG v. JohnsonFoils, Inc.*
     *C.A. No. 07-0226-JJF.* Our Ref.: 214720.

Dear Tony:

   Please find enclosed hard copies of documents bearing production numbers within the range VTH 000001 – VTH 000637 and a CD containing document production bearing numbers VTH 022817 – VTH 024998.

       Very truly yours,

       GREENBLUM & BERNSTEIN, P.L.C.

       Neal Goldberg

Enclosures: - Documents bearing production numbers VTH 000001 – VTH 000637 (by
     FedEx only)
     - CD bearing production numbers in the range VTH 022817 – VTH 024998 (by
     FedEx only)

NGO/FKM/or

# Exhibit 29

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPRZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM K. LYDDANE
WILLIAM S. ROSDNICK *
PAUL A. BRAIER, Ph.D.
JOHN PRETA *
HERBERT F. NUENSTEKER, Ph.D. □ *
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL B. MOON
PAUL Z. LEE A
JOHN Y. MAZZULA □
JAMES KENNETH MOORE, JR.
ENOCH FRAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D. G
AZZA JAYAPRAKASH
JONATHAN MILLER *

LAW OFFICES
### GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEAL GOLDBERG
STEVEN R. POLLICOFF *
FAHD MAJIDUDDIN, Ph.D. □
SARAH J. SMALL

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPENNER *
RICHARD J. McGRATH
BARRY L HOLLANDER

TECHNICAL ADVISORS:
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
WALTER SCHLAFHOSL, Ph.D.

* ADMITTED TO A BAR
   OTHER THAN VA
° EUROPEAN PATENT ATTORNEY
Δ KOREAN PATENT ATTORNEY
□ REGISTERED PATENT AGENT

January 2, 2008

### VIA EMAIL(PDF) AND FEDERAL EXPRESS

Tony Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Re:   *Voith Paper GmbH & Co. KG v. JohnsonFoils, Inc.*
       *C.A. No. 07-0226-JJF.* Our Ref.: 214720.

Dear Tony:

Please find enclosed a CD containing documents bearing production numbers VTH
024999 – VTH 027511.

Very truly yours,

GREENBLUM & BERNSTEIN, P.L.C.

Neal Goldberg

Enclosures:   CD bearing production numbers in the range VTH 024999 – VTH 027511 (by
              FedEx only)

NGO/FKM/ajw

{J214720 00337110.DOC}

# Exhibit 30

LAW OFFICES
# GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIERCE *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. ROSINSCK *
PAUL A. BRAIER, Ph.D.
P. BRANKO FEZIC *
JOHN FRETA *
HERBERT F. MUENSTERER, Ph.D. □ *
LINDA I. HODGE
JOSHUA M. POVINER *
DANIEL R. MOON
PAUL T. LEE A
JOHN V. MAZZOLA □
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D. □
AZZA JAYAPRAKASH
JONATHAN MILLER *

NEAL GOLDBERG
STEVEN R. POLLICOFF *
FAHD MAJIDUDDIN, Ph.D. □
SARAH I. SMALL

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPENER *
RICHARD J. McGRATH
BARRY L HOLLANDER

TECHNICAL ADVISORS:
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
WALTER SCHLAPKOHL, Ph.D.

───────

* ADMITTED TO A BAR
   OTHER THAN VA
□ EUROPEAN PATENT ATTORNEY
A KOREAN PATENT ATTORNEY
□ REGISTERED PATENT AGENT

January 4, 2008

Via Email(PDF) and Federal Express

Tony Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Re:   *Voith Paper GmbH & Co. KG v. JohnsonFoils, Inc.*
      *C.A. No. 07-0226-JJF.* Our Ref.: 214720.

Dear Tony:

Please find enclosed a CD containing documents bearing production numbers VTH 027512 – VTH 029898.

Very truly yours,

GREENBLUM & BERNSTEIN, P.L.C.

Neal Goldberg

Enclosures:   CD bearing production numbers in the range VTH 027512 – VTH 029898  (by FedEx only)

NGO/FKM/ajw

{J214720 00339096.DOC}

# Exhibit 31

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,                    )
a Company organized and existing under        )
the laws of Germany,                          )
                         Plaintiff,           )         Civil Action No. 07-0226-JJF
                                              )
            v.                                )
                                              )
JOHNSONFOILS, INC.,                           )
   a Delaware Corporation,                    )
                         Defendants.          )
                                              )

**PLAINTIFF VOITH PAPER GMBH & CO. KG'S OBECTIONS
AND RESPONSES TO DEFENDANT, JOHNSONFOILS, INC.'S FIRST SET OF
REQUESTS FORPRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF**

Plaintiff Voith Paper GmbH & Co. KG ("Plaintiff") by and through its undersigned

attorneys hereby serves Defendant, Johnsonfoils, Inc., ("Defendant") with the following objections

and responses to Defendant's First Set of Requests for Production of Documents and Things to

Plaintiff ("Requests").

**GENERAL OBJECTIONS**

Without waiving any of its specific objections, Plaintiff generally objects to Defendant's

Requests as follows. First, Plaintiff objects to Defendant's characterization of its Requests as

"Interrogatories Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure" (emphasis

supplied) as an impermissible attempt to impose burdens on Plaintiff in excess of those imposed by

Rule 26 and Rule 34 of the Federal Rules of Civil Procedure and the Court's Scheduling Order,

filed August 3, 2007 ("Scheduling Order"). Rule 33 confers no authority for serving document

requests.

Plaintiff further objects to Defendant's Requests as vague, overly broad, and unduly burdensome. For example, Defendant's Requests repeatedly use the term "subject matter of the Patents-in-Suit" without limiting that description to relevant information. If construed broadly, the requested "subject matter" impermissibly encompasses information that is not relevant to any issue in this case. In addition, Defendant's Requests fail to provide any limitation on the pertinent time period for the requested documents. As such, the requests are both overly broad and unduly burdensome. Defendant's Requests are further deficient in that they call for the production of documents that are plainly protected from disclosure by applicable privileges including the attorney-client communications privilege and the attorney work-product exemption. Plaintiff also objects to Defendant's requests in that they plainly seek to impermissibly require Plaintiff to produce documents and/or things that are not in Plaintiff's possession, custody, or control. Plaintiff further objects to Defendant's Requests to the extent that they purport to require Plaintiff to produce documents subject to third-party nondisclosure and/or confidentiality agreements. Plaintiff further objects that Defendant's Request appear include publicly available documents that Defendant could obtain with no greater burden than would be unjustly imposed on Plaintiff. For these reasons, and as further explained in the general and specific objections provided for each of Defendant's Requests, Plaintiff further objects to Defendant's Requests for impermissibly seeking to impose greater burdens on Plaintiff than warranted by the Federal Rules of Civil Procedure or the Court's Scheduling Order.

Without waiving any of the above stated general objections, Plaintiff objects – both generally and specifically - to each of Defendant's Definitions and Requests as follows.

2

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S DEFINITIONS

**Defendant's Definition 1.**    *"Plaintiff" means "Voith Paper GMBH & Co. KG," and includes any and all agents or affiliates or predecessors in interest, business entities, officers, directors, employees or others who have in the past or now act for or on behalf of Plaintiff.*

### Plaintiff's Objections to Defendant's Definition 1.

Plaintiff objects to this definition because it purports to include subject matter from an indefinite "past" far in excess of any relevant time period. Plaintiff further objects to this definition because the term "act for or on behalf of Plaintiff" is vague. Additionally, Plaintiff objects that the phrase "any and all agents or affiliates or predecessors in interest, business entities, officers, directors, employees or others who have in the past or now act for or on behalf of Plaintiff" is ungrammatical, unintelligible, incomprehensible, and vague.

Plaintiff further objects that this definition is an impermissible attempt to extend the scope of its discovery requests beyond that authorized by the Federal Rules of Civil Procedure in that it plainly seeks to encompasses individuals over which Plaintiff has no control.

**Defendant's Definition 2.**    *"Defendant" means "Johnsonfoils, Inc." and includes any and all agents or affiliates or predecessors in interest, business entities, officers, directors, employees or others that Plaintiff believes is or was in privity with Defendant.*

### Plaintiff's Objections to Defendant's Definition 2.

Plaintiff objects to this definition because its reference "others that Plaintiff believes is or was in privity with Defendant" is vague to the extent that it purports to depend on Plaintiff's beliefs. Plaintiff further objects to this definition for failing to provide any relevant time period to limit the class of included individuals. Plaintiff further objects that the qualification "in privity with Defendant" is vague and overly broad for failing to specify the limiting subject matter of the

3

required privity. Plaintiff objects to this definition for seeking to impermissibly impose on Plaintiff the burden of guessing the meaning of Defendant's definition of "Defendant." Plaintiff objects that Defendant's purported requirement that Plaintiff speculate as to the meaning of Defendant's terms in order to respond to Defendant's requests is unduly burdensome.

**Defendant's Definition 3.**   *As used herein, "person" or "persons" means any natural person and all legal entities.*

### Plaintiff's Objections to Defendant's Definition 3.

Plaintiff objects that this definition is overly broad and vague as to the intended meaning of "natural person" and "all legal entities" without specifying the relevant body of law with respect to which the defined "person" is either natural or having the status of a legal entity. As such, this definition plainly seeks to impermissibly impose on Plaintiff the burden of speculating as to the meaning of "person" in Defendant's Requests.

**Defendant's Definition 4.**   *The term "document" is used in the broadest sense of Rule 34 of the Federal Rules of Civil Procedure and it includes things or physical objects regardless of how they were generated or maintained.*

### Plaintiff's Objections to Defendant's Definition 4.

Plaintiff objects to this definition as overly broad in that it purports to define "document" to include "things or physical objects regardless of how they were generated or maintained." As such, the definition plainly and impermissibly seeks to extend the scope of Defendant's Requests to include documents that are not, and may never have been, in the Plaintiff's possession, custody, or control. Consequently, this definition plainly renders each of Defendant's Requests unduly burdensome.

4

**Defendant's Definition 5.**    *As used herein, the terms "and" and "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which might otherwise be construed to be outside of its scope.*

<u>Plaintiff's Objections to Defendant's Definition 5.</u>

Plaintiff objects that this definition renders the meaning of "and" and "or" vague in that it fails to specify when defining either term conjunctively or disjunctively is "necessary." Plaintiff further objects that this definition is overly broad in that it purports to encompass all possible responses to Defendant's Requests – even responses irrelevant to the plain meaning of the Requests – by construing the terms "and" and "or." Plaintiff further objects that this definition impermissibly seeks to impose on Plaintiff the burden of speculating as to when a response "might otherwise be construed to be outside of [the] scope [of a request]." Plaintiff will not speculate as to the meaning of Defendant's Requests.

**Defendant's Definition 6.**    *As used in herein, the term "Complaint" means the Complaint filed by Plaintiff in Civil Action No. 07-0226-JJF.*

<u>Plaintiff's Objections to Defendant's Definition 6.</u>

Plaintiff objects to this definition in that it purports to incorporate a definition of "Plaintiff" that, as explained in detail in the foregoing "Plaintiff's Objection to Defendant's Definition 1" is vague and overly broad. To the extent that this definition depends on the objected-to definition of "Plaintiff," any of the Requests incorporating this term are overly broad, vague, and unduly burdensome.

5

**Defendant's Definition 7.**    *As used herein, the "'805 Patent" refers to U.S. Patent No. 5,718,805 and any related application or patent anywhere in the world.*

**Plaintiff's Objections to Defendant's Definition 7.**

Plaintiff objects to this definition because the phrase "anywhere in the world" is vague and ambiguous. Plaintiff further objects because the term "any related application" to the extent that the term "related" does not limited to applications that are "related" to the '805 patent in a way that is relevant. As such, this definition purports to impose on Plaintiff the burden of guessing Defendant's meaning of "related" and/or "anywhere in the world." Plaintiff will not speculate as to the meaning of Defendant's terms in responding to Defendant's Requests.

**Defendant's Definition 8.**    *As used herein, the "'168 Patent" refers to U.S. Patent No. 5,972,168 and any related application or patent anywhere in the world.*

**Plaintiff's Objections to Defendant's Definition 8.**

Plaintiff objects to this definition because the phrase "anywhere in the world" is vague and ambiguous. Plaintiff further objects because the term "any related application" to the extent that the term "related" does not limited to applications that are "related" to the '168 patent in a way that is relevant. As such, this definition purports to impose on Plaintiff the burden of guessing Defendant's meaning of "related" and/or "anywhere in the world." Plaintiff will not speculate as to the meaning of Defendant's terms in responding to Defendant's Requests.

**Defendant's Definition 9.**    *As used herein, "Patents-in-Suit" both the '805 Patent and '168 Patent and any related application or patent anywhere in the world.*

**Plaintiff's Objections to Defendant's Definition 9.**

Plaintiff hereby incorporates its objections to "Defendant's Definition 7" and "Defendant's Definition 8" as if fully set forth herein. Plaintiff further objects to the term "any related

6

application" to the extent that the term "related" fails to limit to the scope of the definition to any relevant issue. Plaintiff also objects to the phrase "anywhere in the world" because the purported location of the applications or patents purportedly within the scope of the definition is indeterminate. Thus, Defendant's Definition 9 purports to require Plaintiff to guess the meaning of the allegedly defined term. Plaintiff will not speculate as to the meaning of this term or the Requests incorporating this term.

**Defendant's Definition 10.** *As used herein, "Applicant" includes any person named as an inventor of the '805 or '168 Patent and any related application or patent anywhere in the world.*

### Plaintiff's Objection to Defendant's Definition 10.

Plaintiff hereby incorporates its objections to "Defendant's Definition 3," "Defendant's Definition 7," and "Defendant's Definition 8" as if fully set forth herein. Plaintiff further objects to the term "any related application" to the extent that the term "related" fails to limit to the scope of the definition to any relevant issue. Plaintiff also objects to the phrase "anywhere in the world" because the purported location of the applications or patents purportedly within the scope of the definition is indeterminate. Thus, "Defendant's Definition 10" purports to require Plaintiff to guess the meaning of the allegedly defined term. Plaintiff will not speculate as to the meaning of this term or the Requests incorporating this term.

### OBJECTIONS AND RESPONSES TO DEFENDANT'S DOCUMENT REQUESTS

### DEFENDANT'S REQUEST NO.1:

*All documents describing Plaintiff's organizational structure as it relates to the research, development, manufacturing, testing, marketing, exportation, importation, distribution, sale, and licensing of subject matter Plaintiff contends is covered by any claim of the Patents-in-Suit.*

7

**Plaintiff's Objections to Defendant's Request No. 1**

### General Objections to Defendant's Request No. 1

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

### Specific Objections to Defendant's Request No. 1

Plaintiff hereby incorporates its objections to Defendant's Definition 1, Defendant's

Definition 4, and Defendant's Definition 9 as if fully set forth herein. Plaintiff further objects that

the term "organizational structure" is vague and ambiguous for failure to limit the meaning of

"organizational" to a permissibly relevant scope. Plaintiff further objects to this request as

undefined for relying on the purported "subject matter Plaintiff contends is covered" without

reference to any particular Plaintiff's contention. As such, this request impermissibly purports to

circumvent the limitations on contention interrogatories imposed by the Scheduling Order.

Plaintiff further objects to this interrogatory for reliance on the vague and undefined term "subject

matter." Plaintiff objects that the phrases "research . . . of subject matter," "development . . . of

subject matter," "manufacturing . . . of subject matter," "testing . . . of subject matter," "marketing

. . . of subject matter," "exportation . . . of subject matter," "importation . . . of subject matter,"

"distribution . . . of subject matter," "sale . . . of subject matter," and "licensing . . . of subject

matter," are unintelligible for at least the reason that "subject matter" is not ordinarily understood

to be the subject of, e.g. sale, manufacturing, testing, marketing, exportation, importation,

distribution, or development. Plaintiff will not speculate as to the meaning of these phrases.

Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify

a time period that reasonably limits the scope of the request to issues relevant to this case.

8

**Plaintiff's Response to Defendant's Request No. 1**

Subject to the foregoing general and specific objections, Plaintiff will produce responsive organizational charts.

**DEFENDANT'S REQUEST NO.2:**

*All documents concerning Plaintiff's procedures and policies for generating, maintaining, and disposing of records (regardless of how they were generated or maintained), including, but not limited documents related to the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 2**

**General Objections to Defendant's Request No. 2**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 2**

Plaintiff hereby incorporates its objections to to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein. Plaintiff further objects to this request because it is incomprehensible to the extent that it requests "records . . . including but not limited documents," without defining "limited documents." Plaintiff also objects to this request as it calls for the production of "records (regardless of how they were generated or maintained)" thus purporting to impose on Plaintiff the burden of producing records that Plaintiff neither generated nor maintained. Plaintiff further objects to this request to the extent that it calls for the production of documents protected by the attorney-client and work-product privileges. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

9

**Plaintiff's Response to Defendant's Request No. 2**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO.3:**

*All documents establishing Plaintiff's alleged investment in the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 3**

**General Objections to Defendant's Request No. 3**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 3**

Plaintiff hereby incorporates its objection to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein. Plaintiff further objects that this request is vague as to meaning of "alleged investment" in that it makes no reference to any specific allegation of investment. Plaintiff will not speculate as to the meaning of the "alleged invetment" in order to make sense of this request. Plaintiff also objects to the use of the term "establishing" as vague without reference to any criteria for determining whether a document establishes the asserted fact or not. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

10

**Plaintiff's Response to Defendant's Request No. 3**

     Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO.4:**

*All documents establishing Plaintiff's alleged sales associated with the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 4**

     **General Objections to Defendant's Request No. 4**

     Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

     **Specific Objections to Defendant's Request No. 4**

     Plaintiff hereby incorporates its objections to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein.   Plaintiff further objects to this request as vague for reliance on the undefined term "alleged sales" without reference to any particular allegations.  Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff also objects to the use of the term "establishes" as vague in the absence of any reference to criteria for determining whether a document establishes the asserted fact or not.  Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

11

<u>**Plaintiff's Response to Defendant's Request No. 4**</u>

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO.5:**

*All documents establishing Plaintiff's alleged costs associated with the subject matter of the Patents-in-Suit.*

<u>**Plaintiff's Objections to Defendant's Request No. 5**</u>

<u>**General Objections to Defendant's Request No. 5**</u>

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

<u>**Specific Objections to Defendant's Request No. 5**</u>

Plaintiff hereby incorporates its objections to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the term "cost" in a way that reasonably limits it to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "alleged costs" without reference to any particular allegation. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff also objects to the use of the term "establishing" as vague in the absence of any reference to criteria for determining whether a document establishes the asserted fact or not. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

12

**Plaintiff's Response to Defendant's Request No. 5**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged responsive documents to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

## DEFENDANT'S REQUEST NO.6:

*All documents establishing Plaintiff's alleged profits associated with the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 6**

### General Objections to Defendant's Request No. 6

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

### Specific Objections to Defendant's Request No. 6

Plaintiff hereby incorporates its objections to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the term "profits" in a way that reasonably limits it to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "alleged profits" without reference to any particular allegation. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff also objects to the use of the term "establishing" as vague in the absence of any reference to criteria for determining whether a document establishes the asserted fact or not. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

13

**Plaintiff's Response to Defendant's Request No. 6**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged responsive documents to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO.7:**

*All documents establishing Plaintiff's alleged revenue associated with licenses or sublicenses of the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 7**

**General Objections to Defendant's Request No. 7**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 7**

Plaintiff hereby incorporates its objections to Defendant's Definition 1, Definition 4, and Definition 9 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the term "revenue" in a way that reasonably limits it to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "alleged revenue" without reference to any particular allegation. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff also objects to the use of the term "establishing" as vague in the absence of any reference to criteria for determining whether a document establishes the asserted fact or not. Plaintiff also objects to this request as overly broad and unduly burdensome for failure to limit the scope of terms "licenses" and "sublicenses" to relevant issues. Plaintiff further objects to the request to the extent that it purports to request documents that are subject to obligations of

14

confidentiality to third parties. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

**Plaintiff's Response to Defendant's Request No. 7**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO.8:**

*All Applicant generated documents associated with or related to the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 8**

**General Objections to Defendant's Request No. 8**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 8**

Plaintiff hereby incorporates its objections to Defendant's Definition 4, Defendant's Definition 9, and Defendant's Definition 10 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the terms "associated with" or "related to" in a way that reasonably limits them to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "Applicant generated" without limiting the term "generated" to a meaning that is likely to encompass relevant documents. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff also objects to this request to the

15

extent that it calls for documents protected by the work-product doctrine and/or the attorney-client privilege. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

**Plaintiff's Response to Defendant's Request No. 8**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO.9:**

*All Applicant maintained files associated with or related to the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 9**

**General Objections to Defendant's Request No. 9**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 9**

Plaintiff hereby incorporates its objections to Defendant's Definition 4, Defendant's Definition 9, and Defendant's Definition 10 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the terms "associated with" or "related to" in a way that reasonably limits them to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "Applicant maintained" without limiting the term "maintained" to a meaning that is likely to encompass relevant documents. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that

16

reasonably limits the request to relevant documents. Plaintiff also objects to this request to the extent that it calls for documents protected by the work-product doctrine and/or the attorney-client privilege. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

### Plaintiff's Response to Defendant's Request No. 9

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### DEFENDANT'S REQUEST NO. 10:

*All prior art known to Applicant to be associated with or related to the subject matter of the Patents-in-Suit.*

### Plaintiff's Objections to Defendant's Request No. 10

#### General Objections to Defendant's Request No. 10

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

#### Specific Objections to Defendant's Request No. 10

Plaintiff hereby incorporates its objections to Defendant's Definition 4, Defendant's Definition 9, and Defendant's Definition 10 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the terms "associated with" or "related to" in a way that reasonably limits them to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "known to Applicant" without limiting the term "known" to a meaning that is likely to encompass relevant documents. Plaintiff further objects to this request

17

as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

**Plaintiff's Response to Defendant's Request No. 10**

Subject to the foregoing general and specific objections, Plaintiff responds that all responsive prior art is cited on the Patents-in-Suit.

## DEFENDANT'S REQUEST NO. 11:

*All design, installation and manufacturing documentation in Applicant files associated with or related to the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 11**

### General Objections to Defendant's Request No. 11

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

### Specific Objections to Defendant's Request No. 11

Plaintiff hereby incorporates its objections to Defendant's Definition 4, Defendant's Definition 9, and Defendant's Definition 10 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the terms "associated with" or "related to" in a way that reasonably limits them to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "Applicant files" without limiting the term "Applicant files" to a meaning that is likely to encompass relevant documents. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff also objects to this request as vague due to its reliance on the undefined term "documentation." Plaintiff will not speculate as to the meaning of

18

this request. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

**Plaintiff's Response to Defendant's Request No. 11**

Subject to the foregoing general and specific objections, Plaintiff responds that there are no documents responsive to this request.

**DEFENDANT'S REQUEST NO. 12:**

*All documents associated with or related to Plaintiff's evaluation of any potential infringement by Defendant of the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 12**

**General Objections to Defendant's Request No. 12**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 12**

Plaintiff hereby incorporates its objections to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the terms "evaluation" or "potential infringement" in a way that reasonably limits it to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "Plaintiff's evaluation" without reference to any particular evaluation. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff further objects to this request as vague for failure to define the terms "associated with" or "related to" in a way that reasonably limits them to any relevant issue in this case. Plaintiff also objects to this request as overly broad and unduly burdensome to the extent that it calls for the

19

production of documents protected by either the attorney-client privilege or the work-product doctrine. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

**Plaintiff's Response to Defendant's Request No. 12**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO. 13:**

*All documents associated with or related to Plaintiff's evaluation of any potential infringement by any third party of the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 13**

**General Objections to Defendant's Request No. 13**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 13**

Plaintiff hereby incorporates its objections to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the terms "evaluation" or "potential infringement" in a way that reasonably limits it to any relevant issue in this case. Plaintiff also objects to the request as vague, indefinite, and improper for use of the term "Plaintiff's evaluation" without reference to any particular evaluation. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents.

20

Plaintiff further objects to this request as vague for failure to define the terms "associated with" or "related to" in a way that reasonably limits them to any relevant issue in this case. Plaintiff also objects to this request as overly broad and unduly burdensome to the extent that it calls for the production of documents protected by either the attorney-client privilege or the work-product doctrine. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case. Plaintiff also objects to this request as unduly burdensome and oppressive as it purports to require Plaintiff to produce documents irrelevant to any issue in this case.

### Plaintiff's Response to Defendant's Request No. 13

In view of the foregoing general and specific objections, no documents will be produced in response to this request.

### DEFENDANT'S REQUEST NO. 14:

*All documents that Plaintiff contends support or tend to support the Complaint allegations.*

### Plaintiff's Objections to Defendant's Request No. 14

#### General Objections to Defendant's Request No. 14

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

#### Specific Objections to Defendant's Request No. 14

Plaintiff hereby incorporates its objections to Defendant's Definition 1 and Defendant's Definition 4 as if fully set forth herein. Plaintiff also objects to the request as vague and improper for use of the term "Plaintiff's contends" without reference to any particular contentions. Plaintiff further objects to this request as vague for reliance on the terms "support" or "tend to support" without reference to any criteria for those terms. Plaintiff also objects to this request as overly broad and unduly burdensome to the extent that it calls for the production of documents protected

21

by either the attorney-client privilege or the work-product doctrine. Plaintiff further objects to this request as unduly burdensome in that it purports to require Plaintiff to produce documents that are in the possession, custody, or control of Defendant, or documents that may be obtained by Defendant with less burden than would be incurred by Plaintiff. In particular, on information and belief, Defendant possesses ample documentation of its willful infringement of Plaintiff's patents.

**Plaintiff's Response to Defendant's Request No. 14**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

## RESERVATION OF RIGHTS

Further to the express and implied reservations of rights in the foregoing objections and responses, Plaintiff hereby reserves the right to compensation—including without limitation its costs and attorneys' fees—for expenses incurred in responding to Defendant's requests to the extent that those requests exceed the scope permissible under the Federal Rules of Civil Procedure and the Court's Local Rules.

Respectfully submitted,

Date: _____     By _____
                          Neal Goldberg, Esq.
                          Greenblum & Bernstein, P.L.C.
                          1950 Roland Clarke Place
                          Reston, VA 20191

22

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff Voith Paper GmbH & Co. KG's Objections And Responses To Defendant JohnsonFoils, Inc.'s First Set of Requests For Production of Documents And Things To Plaintiff was served on Attorneys for Defendant JohnsonFoils, Inc., via Electronic Mail and Federal Express:

> Anthony S. Volpe, Esq.
> Ryan W. O'Donnel, Esq.
> Randolph J. Huis, Esq.
> VOLPE AND KOENIG, P.C.
> United Plaza, Suite 1600
> 30 S. 17th Street
> Philadelphia, PA 19103
> (215) 568-6400
>
> George H. Seitz, III, Esq. (DE #667)
> SEITZ, VAN OGTROP & GREEN, P.A.
> 222 Delaware Avenue, Suite 1500
> P. O. Box 68
> Wilmington, DE 19899
> (302) 888-7602

Date:   September 17, 2007

Neil F. Greenblum
Michael J. Fink
Neal Goldberg
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

— and —

Adam W. Poff (DE #3990)
YOUNG CONWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6642

*Attorneys for Plaintiff Voith Paper GmbH & Co. KG*

{J214720 00262508.DOC}