IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VOITH PAPER GMBH & CO. KG, : | |
| : | Civil Action No. 07-226-JJF |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| JOHNSONFOILS, INC., : | |
| : | |
| Defendant. : | |

**DEFENDANT'S REPLY TO PLAINTIFF'S ANSWERING
BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS IN RESPONSE TO
<u>ITS FIRST SET OF DOCUMENT REQUESTS</u>**

George H. Seitz, III (DE #667)
Patricia Pyles McGonigle (DE #3126)
Kevin A. Guerke (DE#4096)
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

-and-

Anthony S. Volpe
John J. O'Malley
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400

*Attorneys for Defendant
JohnsonFoils, Inc.*

## TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................ 1

II. SUPPLEMENTAL STATEMENT OF FACTS .......................................................... 1

III. ARGUMENT ............................................................................................................... 2

    A. Voith Cannot Show Good Cause for Its Unilateral
       Failure To Produce Documents Under Local Rule 26.2 ......................... 2

    B. Voith's Objections and Requests for Clarification
       Do Not Excuse its Failure to Produce Documents ................................ 3

    C. Documents Relating to Third Party Infringements
       Must be Produced ................................................................................... 4

IV. CONCLUSION ............................................................................................................ 7

## TABLE OF AUTHORITIES

Cases

Katz v. Batavia Marine & Sporting Supplies, Inc.,
    984 F.2d 422 (Fed. Cir. 1993) ........................................................................... 3

U.S. Steel Corp. v. United States,
    730 F.2d 1465 (Fed. Cir. 1984) ..................................................................... 5, 6

Rules Cited                                                                                              Page

D. Del. Local Rule 26.2 ...................................................................................*passim*

I.  INTRODUCTION

In its Answering Brief to Defendant, JohnsonFoils, Inc. ("JohnsonFoils"), Plaintiff, Voith Paper GmbH & Co. ("Voith") attempts to avoid the primary issue by engaging in semantics to justify its failure to produce documents responsive to JohnsonFoils' long outstanding document requests.  Despite Voith's attempts to hide and confuse the issues in its thirty-seven (37) page Answering Brief, the issues are straightforward.  JohnsonFoils simply wishes Voith to produce all documents which it already identified as responsive to JohnsonFoils' outstanding document requests pursuant to Local Rule 26.2.  Without those documents, JohnsonFoils cannot assess most of Voith's responses or objections.

II.  SUPPLEMENTAL STATEMENT OF FACTS

To date, JohnsonFoils has produced over two-hundred thousand (200,000) pages of documents pursuant to Local Rule 26.2.

On December 31, 2007 and January 2 and 4, 2008, Voith produced approximately 7,000 pages of documents pursuant to Local Rule 26.2 in response to JohnsonFoils' First Set of Document Requests.[1]  Based on the document numbers of the produced Voith documents (VTH 1-637; VTH 22817-29898), it appears that a minimum of over 20,000 pages of documents have been withheld, are not identified on any log, and are not likely to be produced without an Order of this Court.

---

[1]  Voith provided no explanation as to why these documents could have not been produced some three (3) months earlier.

1

On January 10, 2008, Randolph J. Huis filed a Notice of Withdrawal and Request for Termination of CM-ECF Notices in the instant case. (D.I. 59).

## III. ARGUMENT

### A. Voith Cannot Show Good Cause for Its Unilateral Failure To Produce Documents Under Local Rule 26.2

Voith primarily defends its failure to produce in response to JohnsonFoils' First Set of Document Requests on the grounds that JohnsonFoils is a direct competitor of Voith and Voith does not wish JohnsonFoils' patent prosecution attorneys to have access to its confidential business information ("CBI"). As detailed in JohnsonFoils' "Answering Brief In Opposition To Plaintiff's Motion For A Protective Order Pursuant To Federal Rules Of Civil Procedure 26(c) Prohibiting The Disclosure Of Voith's Highly Confidential Information To Individuals Engaged In Competitive Business Practices For Or On Behalf Of Voith's Competitor JohnsonFoils, Inc." (D.I. 57, pgs 7 - 16), Voith has failed to make the required specific showing of good cause for the institution of a protective order.[2] Voith's argument for a *per se* rule denying patent prosecuting attorneys access to confidential information is contrary to Federal Circuit precedent which requires an

---

[2] JohnsonFoils is incorporating its argument by reference. There is overlap regarding the parties' two motions (D.I. 49 and D.I. 52) because on December 13, 2007, the parties conducted a telephone conference to discuss Voith's lack of production. During the conference, the parties' agreed that they were at an impasse on the issue of Voith's production of documents. The parties agreed that JohnsonFoils would file a motion to compel and that Voith would move for a protective order if it wished.

2

individualized factual showing of competitive decisionmaking before denying access to an attorney. <u>U.S. Steel Corp. v. United States</u>, 730 F.2d 1465 (Fed. Cir. 1984).

In addition, Voith relies primarily on the engagement of Randolph J. Huis as alleged lead counsel on behalf of JohnsonFoils to supports its need for a Protective Order in this case. While JohnsonFoils denies that Mr. Huis participates in any competitive decisionmaking for or on behalf of JohnsonFoils, Mr. Huis has withdrawn his appearance from this case. With this withdrawal, Voith has no grounds to continue its refusal to produce documents.

### B.   Voith's Objections and Requests for Clarification Do Not Excuse its Failure to Produce Documents

At the outset, Voith argues that its own motion for a protective order moots JohnsonFoils' motion to compel. As noted previously, JohnsonFoils was forced to file its motion to compel after Voith refused to produce any documents pursuant to Local Rule 26.2. On December 13th, the parties agreed that they were at an impasse on this issue and JohnsonFoils would file a motion to compel. The parties also agreed that Voith could move for a protective order if it wished. Given the fact that Voith waited over three (3) months to move for a protective order, it is almost certain that it would not have moved for a protective order without JohnsonFoils' motion to compel. Nevertheless, JohnsonFoils is unaware of any case law that supports Voith's position that a subsequent motion for a protective order moots a motion compel. It has been JohnsonFoils' counsel's experience that, in such cases, if the motion for protective order is denied, then the Court will grant the motion to compel and order production of documents.

Voith next argues that the motion to compel should be denied because Voith has raised objections and clarification that need to be addressed. This argument is simply further evidence of Voith's attempts to delay the matter. Voith has raised numerous objections and issues with JohnsonFoils' documents requests. JohnsonFoils raised some of the same objections as Voith, but has produced over 200,000 pages of documents in order to keep the matter moving on pace.

With JohnsonFoils' production, Voith is clearly in position to evaluate the totality of the production and follow up with JohnsonFoils on any questions it has regarding the objections made. JohnsonFoils simply wishes to have the same courtesy from Voith. Instead, Voith takes the position that it need not produce any document and any motion to compel is premature until each and everyone of its objections and clarifications have been resolved to its satisfaction. Voith's position is neither realistic nor in line with common discovery practice. Voith should be made to produce under Local Rule 26.2 all documents which it has already identified as relevant. Other issues with respect to definitions and objections can be addressed in an informed manner when the initial production is complete.

### C. Documents Relating to Third Party Infringements Must be Produced

JohnsonFoils' Request No. 13 seeks production of "All documents associated with or related to Plaintiff's evaluation of any potential infringement by any third party of the subject matter of the Patents-in-Suit." Voith responded to this request by stating "[i]n view of the foregoing general and specific objections, no documents will be produced in response to this request." See Exhibit A to JohnsonFoils'

4

Opening Brief (D.I. 57). In addition, Voith now argues in the alternative that Request No. 13 is subsumed in JohnsonFoils' Request No. 12 which seeks "All documents associated with or related to Plaintiff's evaluation of any potential infringement by Defendant of the subject matter of the Patents-in-Suit." Neither argument withstands scrutiny.

On the issue of the relevance of Document Request No. 13, as noted previously, Voith charges JohnsonFoils with inducing and contributing to the infringement of the Patents-in-Suit. Clearly, discovery regarding any charges by Voith against third parties for infringement are relevant to the issues in this suit. For example, if Voith has already charged one of JohnsonFoils' customers with infringement, that raises any number of issues that are relevant to any claim or defense in this action, including but not limited to issues such as invalidity of the patents in suit, infringement, misuse, laches, statute of limitations and estoppel. Surely, whether the Patents-in-Suit have been asserted against third parties and whether related issues of claim construction and invalidity have been put to the test is relevant to the issues in this case. JohnsonFoils is entitled to know these simple facts and there is no reasonable basis for withholding the information.

Moreover, discovery of this nature is standard in other cases where rights may have already been asserted or litigated in prior cases. Clearly, patent infringement cases are not exceptions to the rule that discovery is liberal and relevancy is broadly construed. <u>Katz v. Batavia Marine & Sporting Supplies, Inc.</u>, 984 F.2d 422, 424 (Fed. Cir. 1993). For Voith to insist that JohnsonFoils cannot file

5

a motion to compel on this issue, when its relevance is clear on its face, until JohnsonFoils has debated back and forth with Voith's counsel, makes no sense and reveals Voith's true purpose which is simply delay.

Voith's other argument that documents responsive to Document Request No. 13 are subsumed in Request No. 12 makes little sense. Clearly, in most cases, document requests are served that may have overlapping subject matter. This does not excuse the failure to produce <u>any</u> documents. To the extent that Voith actually believed that the requests were wholly duplicative, it could have made that statement in its original responses. The fact that it did not do so is indicative that this argument is merely a make weight argument designed to excuse its refusal to produce clearly responsive documents.

Nevertheless, even if some of the documents that are responsive to Request No. 13 may be interpreted as responsive to Request No. 12, Voith failed to produce those documents as well.

IV.  **CONCLUSION**

This Court should ignore Voith's attempts to create complication and confusion where none exists. Voith should be should be ordered to immediately produce all responsive documents pursuant to Local Rule 26.2 without any further conditions.

Dated: January 14, 2008

Respectfully submitted,

Seitz, Van Ogtrop & Green, P.A.

/s/ Patricia P. McGonigle
_____
George H. Seitz, III (DE #667)
gseitz@svglaw.com
Patricia Pyles McGonigle (DE #3126)
pmcgonigle@svglaw.com
Kevin A. Guerke (DE#4096)
kguerke@svglaw.com
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

-and-

Anthony S. Volpe
Randolph J. Huis
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400

*Attorneys for Defendant*
*JohnsonFoils, Inc.*

7

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 14th day of January 2008, I electronically filed the foregoing pleading with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record. Further, I caused a copy of the foregoing to be served upon the following counsel as noted

<u>Via Hand Delivery</u>
Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899

<u>Via Federal Express</u>
Neil F. Greenblum, Esquire
Neal Goldberg, Esquire
Michael J. Fink, Esquire
Greenblum & Bernstein, PLC
1950 Roland Clarke Place
Reston, Virginia  20191


/s/ *Patricia P. McGonigle*
_____
Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com