IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG.,               )
                                          )
            Plaintiff                     )
                                          )
      v.                                  )        Civil Action No. 07-226 (JJF)
                                          )
JOHNSONFOILS, INC.,                       )
                                          )
            Defendant                     )

**PLAINTIFF VOITH
PAPER GMBH & CO. KG'S
REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR A PROTECTIVE ORDER
PURSUANT TO FEDERAL RULES OF CIVIL
PROCEDURE 26(c) PROHIBITING THE DISCLOSURE
OF VOITH'S HIGHLY CONFIDENTIAL INFORMATION TO
INDIVIDUALS ENGAGED IN COMPETITIVE BUSINESS PRACTICES
FOR OR ON BEHALF OF VOITH'S COMPETITOR JOHNSONFOILS, INC.**

Adam W. Poff (No. 3990)
Chad S.C. Stover  (No. 4919)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
Tel:  (302) 571-6600
Fax:  (302) 571-1253

*Attorneys for Plaintiff Voith Paper GMBH & Co. Kg.*

OF COUNSEL:

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
Neal Goldberg
1950 Roland Clarke Place
Reston, VA 20191
Tel:  (703) 716-0081
Fax:  (703) 716-1180

Dated:  January 16, 2008

# TABLE OF CONTENTS

Page

REPLY ......................................................................................................................1

I.   JOHNSONFOILS HAS FAILED TO REBUT VOITH'S
     EVIDENCE THAT DOCUMENTS SUPPORTING
     VOITH'S CLAIMS AND DEFENSES CONTAIN
     VOITH'S TECHNICAL AND BUSINESS CBI....................................2

II.  JOHNSONFOILS' ADMITS THAT THERE IS GOOD
     CAUSE TO PROTECT BOTH PARTIES CBI AND
     ONLY DISPUTES THE SCOPE OF THE ORDER.............................3

III. JOHNSONFOILS' DESIRE TO LIMIT VOITH'S
     DOCUMENT PRODUCTION TO PUBLIC
     DOCUMENTS THAT SUPPORT JOHNSONFOILS'
     INVALIDITY ALLEGATIONS IS IRRELEVANT
     TO THIS PROTECTIVE ORDER DISPUTE........................................4

IV.  JOHNSONFOILS WRONGLY PLACES THE BURDEN
     OF IDENTIFYING JOHNSONFOILS' AGENTS AND
     RESEARCHING THEIR COMPETITIVE ROLES ON
     VOITH .................................................................................................6

V.   JOHNSONFOILS' FAILURE TO PROVIDE
     INFORMATION ON THE COMPETITIVE ACTIVITIES
     OF INDIVIDUALS TO WHOM VOITH'S CBI WILL
     BE DISCLOSED PRECLUDES FINDING ANY UNDUE
     PREJUDICE FROM IMPOSING VOITH'S PROTECTIVE
     ORDER.................................................................................................7

VI.  A PROTECTIVE ORDER SHOULD BE ENTERED
     WHICH BARS JOHNSONFOILS' AGENTS PROVIDED
     ACCESS TO VOITH'S CBI FROM INVOLVEMENT IN
     COMPETITIVE BUSINESS PRACTICES FROM THE
     TIME SUCH AGENTS RECEIVE VOITH'S CBI AND
     FOR SOME REASONABLE TIME IN THE FUTURE........................9

     A.   Barring Individuals From Involvement in
          Competitive Business Activities From the Time
          They Review Voith's CBI and For a Reasonable
          Time Thereafter Reasonably Avoids the Serious
          Risk That Voith's CBI Will Be Improperly Disclosed
          Or Used ......................................................................................9

B.      Individuals Primarily Involved in Competitive
        Business Practices for JohnsonFoils for Whom
        Such a Bar Would Likely be Ineffective Should
        Be Precluded From Reviewing Voith's CBI ............................ 11

C.      JohnsonFoils' Proposed Protective Order Fails to
        Ensure an Individualized Inquiry Into the Competitive
        Business Practices of Its Agents Selected to Review
        Voith's CBI ............................................................................. 12

VII.    CONCLUSION ............................................................................... 12

Plaintiff Voith Paper GmbH & Co. KG (hereinafter referred to as "Plaintiff" or "Voith") by and through its attorneys hereby replies to Defendant's Answering Brief in Opposition to Plaintiff's Motion for a Protective Order Pursuant to Federal Rules of Civil Procedure 26(c) Prohibiting the Disclosure of Voith's Highly Confidential Information to Individuals Engaged in Competitive Business Practices For or On Behalf of JohnsonFoils, Inc. (JohnsonFoils' "Opposition"), D.I. 52.

## REPLY

Apart from repeating its conclusory denials that Voith's Confidential Business Information ("CBI") exists, JohnsonFoils' Opposition presents no *evidence* to rebut Voith's evidence that disclosing Voith's technical and business CBI to JohnsonFoils' agents involved in competitive business practices would risk serious harm to Voith. Instead, JohnsonFoils argues that an *individualized* factual inquiry is required to justify limiting the disclosure of Voith's CBI. Yet, JohnsonFoils has not identified any JohnsonFoils agents to whom the disclosure of Voith's CBI is sought. Nor has JohnsonFoils provided any evidence of those agents' involvement in competitive business practices for or on behalf of JohnsonFoils. When directly asked to identify which of its trial counsel were involved in competitive prosecution activities for JohnsonFoils, JohnsonFoils refused to identify any such attorney.

Instead of providing the information needed to assess the risk of disclosing Voith's CBI to JohnsonFoils' agents, JohnsonFoils asserts, incorrectly, that Voith, not JohnsonFoils, is required to divine these facts on its own in order to justify imposing a protective order that reduces the—unrebutted—serious risk of harm to Voith from disclosing its CBI to individuals involved in competitive business practices for JohnsonFoils. Not only that, but JohnsonFoils' "Proposed Protective Order" contains no provision for the "individualized inquiry" urged by

1

JohnsonFoils. JohnsonFoils' Proposed Protective Order permits JohnsonFoils, without any inquiry at all, to disclose Voith's CBI to any selected JohnsonFoils' employee. In view of Voith's unrebutted evidence of the serious risk of harm to Voith from disclosing its CBI to individuals involved in competitive business practices for JohnsonFoils, JohnsonFoils' Proposed Protective Order is plainly unacceptable, even on JohnsonFoils' own terms.

To reasonably limit the risk that Voith's CBI will be improperly disclosed or used, a protective order should be entered which limits the disclosure of Voith's CBI to individuals who are not, at the time of the disclosure, and for a reasonable time afterwards, foreclosed from participating in competitive activities. To achieve this result, Voith's Proposed Protective Order institutes a bar on competitive patent prosecution in the subject matter of the Patents-in-suit. JohnsonFoils complains that Voith's Proposal is overly broad, but JohnsonFoils has never provided the information needed to balance the risks to Voith of broader disclosure against JohnsonFoils' need to disclose Voith's CBI to any particular individual. JohnsonFoils' persistent refusal to disclose the extent of competitive activities on the part of those to whom it would disclose Voith's CBI justifies imposing a broad protective order. JohnsonFoils will not be prejudiced because the entry of Voith's Proposed Protective Order does not prevent JohnsonFoils from seeking modification of the restrictions at such time as it is willing to fully disclose the risks of a broader disclosure to Voith and, if necessary, the Court.

## I.    JOHNSONFOILS HAS FAILED TO REBUT VOITH'S EVIDENCE THAT DOCUMENTS SUPPORTING VOITH'S CLAIMS AND DEFENSES CONTAIN VOITH'S TECHNICAL AND BUSINESS CBI

JohnsonFoils has failed to provide any evidence to rebut Voith's evidence that documents supporting Voith's claims and defenses contain Voith's technical and business CBI. *See*

Opening Brief, Statement of Facts, pp. 3-7 (reciting statements from the Declaration of Kurt F. Brandauer ("Brandauer Declaration"), Exh. 1 to Opening Brief).

As explained in Voith's Opening Brief, documents relevant to Voith's *current* revenues, costs, and profits contain information that would be considered, if available, by a competitor of Voith's, such as JohnsonFoils, to Voith's detriment. See Opening Brief, pp. 3-7; Brandauer Declaration, Exh. 1 to Opening Brief. In addition, documents relevant to the incorporation of the claimed invention in modern paper making machines contain technical CBI beyond the information disclosed in the Patents-in-suit. *See* Opening Brief, at pp. 4, 16; Brandauer Declaration, Exh. 1 to Opening Brief. Such documents are relevant to Voith's damages contentions and constitute objective evidence of nonobviousness. *See* Opening Brief, pp. 4, 22-23.

## II.    JOHNSONFOILS' ADMITS THAT THERE IS GOOD CAUSE TO PROTECT BOTH PARTIES' CBI AND ONLY DISPUTES THE SCOPE OF THE ORDER

JohnsonFoils' Opposition repeatedly denies that Voith's CBI exists or that good cause for a protective order has been shown, but, inconsistently, admits that a protective order is needed to protect both parties' confidential CBI.

> Based on the facts known to JohnsonFoils, JohnsonFoils does not dispute that there is good cause to protect both parties' confidential CBI . . . The parties dispute the scope of Voith's proposed protective order which seeks to limit access of JohnsonFoils' attorneys to Voith's CBI.

Opposition, p. 8. Thus, the only disputed issue is the scope the protective order appropriate for this case. Yet, while disputing the scope of Voith's proposed protective order, JohnsonFoils' Opposition continues its practice of concealing pertinent information from Voith about the risks of disclosing its confidential information to JohnsonFoils that are relevant to identifying the protective order's protective scope. JohnsonFoils mysteriously states that Voith is in need of

protection for its CBI "[b]ased on facts known to JohnsonFoils" without telling Voith, or this Court, what those facts are. *Id.*

## III.   JOHNSONFOILS' DESIRE TO LIMIT VOITH'S DOCUMENT PRODUCTION TO PUBLIC DOCUMENTS THAT SUPPORT JOHNSONFOILS' INVALIDITY ALLEGATIONS IS IRRELEVANT TO THIS PROTECTIVE ORDER DISPUTE

JohnsonFoils' insistence that no Voith CBI has been requested by its document requests reflects no more than JohnsonFoils' tactical realization that keeping such documents out of evidence will gut Voith's case. Among other things, Voith has the burden of proving damages. Documents relevant to the damages inquiry include at least information about Voith's costs, revenues, production capacity, and profits relating to Voith's performing the accused acts instead of JohnsonFoils. Necessarily, such documents relate to present day paper making machines. In addition, documents relevant to Voith's defense to JohnsonFoils' obviousness allegations include documents that establish objective considerations of nonobviousness, such as the widespread adoption of the claimed invention in modern paper making machines. Again, such documents necessarily reveal aspects of modern paper making machines that incorporate the invention. All of this was explained in Voith's Opening Brief. *See* Opening Brief, pp. 15-17. Yet, incredibly, JohnsonFoils maintains that the only documents at issue in the parties' protective order dispute are limited to the prior art:

> Moreover, any newly developed technology not covered under the Patents-in-suit falls outside the scope of JohnsonFoils' document requests because it cannot be relevant to any claim or defense in this case.

Opposition, p. 11. On close examination, JohnsonFoils' eagerness to dismiss documents containing Voith's CBI as not "relevant to any claim or defense" expresses no more than JohnsonFoils' desire to prevent Voith from supporting its claims and defenses. JohnsonFoils'

preferences for which of Voith's documents should be produced, or not, is irrelevant to the

protective order dispute.

Continuing with its erroneous insistence that only information which supports

JohnsonFoils' invalidity contentions are responsive to JohnsonFoils' document requests,

JohnsonFoils incredibly asserts that

> Even if such trade secrets exist in technical CBI responsive to JohnsonFoils'
> discovery requests, serious questions of fraud during the prosecution of the
> patents before the United States Patent and Trademark Office ('PTO') are
> implicated.  Voith had a duty to disclose such information during the prosecution
> of the Patents-in-Suit and now has an affirmative duty to disclose relevant prior
> art during the pending reexaminations of the Patents-in-Suit.

Opposition, p. 11.  For this statement to be true, every document responsive to JohnsonFoils'

document request would have to be pertinent to the prosecution of the patents-in-suit and known

to Voith during prosecution.  As explained in Voith's Opening Brief, documents disclosing the

incorporation of the claimed invention in modern paper making machines are relevant to Voith's

damages claims and Voith's defenses to JohnsonFoils' invalidity allegations.  Contrary to

JohnsonFoils' extraordinary claim, developments in modern paper making machines subsequent

to the filing date of the application disclosed in documents relevant to these claims and defenses

are plainly *irrelevant* to the prosecution of the Patents-in-suit.

JohnsonFoils' further assertion that Voith "cannot cite to any particular technology at

risk" from the disclosure of Voith's CBI to a JohnsonFoils' patent prosecutor is just a

restatement of JohnsonFoils incorrect assumption that such documents are limited to disclosing

the prior art.  *See* Opposition, p. 10.  Moreover, it is disingenuous for JohnsonFoils to fault Voith

for not discussing the specifics of its confidentiality concerns in its Opening Brief in light of

JohnsonFoils' refusal to allow Voith to disclose its CBI to JohnsonFoils' attorneys not involved

in competitive prosecution or other business practices pending the resolution of the parties'

protective order dispute by the Court. *See* Exhibits (offers to disclose pending resolution of protective order dispute).

Elevating its argument that Voith's document production is limited to the documents disclosing the prior art and the Patents-in-suit to absurd heights, JohnsonFoils next argues that Voith's CBI would be of no value to JohnsonFoils' competitive prosecutors because "Voith cannot and does not point to any pending applications that claim priority from the Patents-in-suit." Opposition, p. 10. Any such pending patent application would necessarily be limited to claims supported by the publicly disclosed Patents-in-suit. Plainly, JohnsonFoils' patent prosecutors to whom Voith's CBI relating to modern paper making machines are disclosed would not be limited to claims supported by the Patents-in-suit.

## IV.    JOHNSONFOILS WRONGLY PLACES THE BURDEN OF IDENTIFYING JOHNSONFOILS' AGENTS AND RESEARCHING THEIR COMPETITIVE ROLES ON VOITH

JohnsonFoils' further argument that "Voith has failed to establish that any JohnsonFoils' attorney is a competitive decisionmaker" is irrelevant. *See* Opposition, p. 12. No case cited by JohnsonFoils places on the producing party the burden of guessing which of its competitors' employees are likely to provided access to CBI and then to investigate, without any help from the receiving party, whether that employee poses an unacceptable risk that confidential information will be improperly used. As the party knowing with specificity its own disclosure needs and the roles of the individuals to whom disclosure is sought, JohnsonFoils is best positioned to make that information available.

Indeed, JohnsonFoils has refused to provide Voith with requested information about the competitive activities of its litigation counsel. *See* Declaration of Neal Goldberg, Exh. 26 to Voith's Opening Brief. Not only that, but JohnsonFoils has demonstrated its willingness to

change the cast of characters eligible to view Voith's CBI to create a moving target and frustrate

Voith's own attempts to assess the risks of disclosing its CBI. For example, without any help

from JohnsonFoils, Voith determined that Randolph J. Huis, JohnsonFoils' designated lead

counsel of record from the start of this case, is actively involved in prosecuting patents in the

paper machine field for JohnsonFoils. Opening Brief, at 5. Apprised of the results of Voith's

investigation, JohnsonFoils withdrew Mr. Huis from this case on January 10, 2008. *See* Notice

of Withdrawal of Randolph J. Huis, D.I. 59. JohnsonFoils asserts that Voith somehow knew that

Mr. Huis was not *actually* involved in the case because his name didn't appear on the parties'

correspondence. *See* Opposition, pp. 13-14. This does not change the fact that, under Rule 26.2,

as lead counsel of record, Mr. Huis would have been eligible to review Voith's CBI.

JohnsonFoils' pattern of concealing the involvement of its agents' competitive activities—and

changing its lineup in response to Voith's attempts to gather the needed information on its

own—amply justifies placing the burden of providing information on the competitive activities

of persons entitled to view Voith's CBI on JohnsonFoils.

## V.    JOHNSONFOILS' FAILURE TO PROVIDE INFORMATION ON THE COMPETITIVE ACTIVITIES OF INDIVIDUALS TO WHOM VOITH'S CBI WILL BE DISCLOSED PRECLUDES FINDING ANY UNDUE PREJUDICE FROM IMPOSING VOITH'S PROTECTIVE ORDER

By failing to provide any information about the competitive activities of its counsel,

JohnsonFoils cannot begin to meet its own test for establishing that any prejudice to

JohnsonFoils from limiting the disclosure of Voith's CBI to JohnsonFoils' counsel outweighs the

risk of serious harm to Voith. JohnsonFoils' Opposition states:

> Whether any amount of inadvertent disclosure of confidential information is acceptable is determined by balancing the potential injury to the party disclosing the confidential information against the need for access by the moving party.

Opposition, p. 10. (emphasis added). Having failed to provide requested information on the competitive activities of JohnsonFoils' counsel, there is nothing to balance against JohnsonFoils' alleged prejudice.

Moreover, on close examination, JohnsonFoils greatly exaggerates the consequences to JohnsonFoils of imposing Voith's Proposed Protective Order. For example, JohnsonFoils states that Voith's Protective Order "proposes to exclude JohnsonFoils' counsel who filed ex-parte reexamination proceedings before the USPTO." Opposition, p. 3. First, nothing in Voith's protective order prohibits *past* involvement in prosecution matters. Thus, the fact that some of JohnsonFoils' counsel may have been involved in filing a request for reexamination in the past has no bearing whatsoever on such counsel's access to Voith's confidential information under Voith's Proposed Protective Order.

JohnsonFoils further exaggerates the prejudice to JohnsonFoils of imposing Voith's Proposed Protective Order by suggesting that a limitation on access to Voith's CBI by individuals involved in competitive patent prosecution for JohnsonFoils would result in "barring their attorneys from reviewing the whole of Voith's discovery responses." Opposition, p. 16. Although, again, JohnsonFoils' failure to disclose the extent of its litigation counsel's activities in competitive patent prosecution makes it difficult to evaluate this claim, it would appear that at least JohnsonFoils local counsel, George H. Seitz, III, Esq., as well as JohnsonFoils' Volpe & Koenig counsel of record John J. O'Malley, Esq., are not even admitted to practice before the United States Patent and Trademark Office. *See* Biographies of George H. Seitz III, and John J. O'Malley, Exh. 1. Thus, contrary to JohnsonFoils' claim, at least some of JohnsonFoils' litigation counsel would appear to have full access to Voith's CBI and would not be impacted at all by a prosecution bar.

In light of JohnsonFoils' incomplete disclosure of the number of attorneys potentially

excluded by Voith's Proposed Protective Order, its further speculation that JohnsonFoils may

have to "retain new attorneys and educate them on its technology," Opposition, p. 16, proves

nothing. In any event, without full disclosure of the competitive activities of individuals

proposed to have access to Voith's CBI there is nothing to balance, and JohnsonFoils' alleged

prejudice is entitled to no weight.

## VI.  A PROTECTIVE ORDER SHOULD BE ENTERED WHICH BARS JOHNSONFOILS' AGENTS PROVIDED ACCESS TO VOITH'S CBI FROM INVOLVEMENT IN COMPETITIVE BUSINESS PRACTICES FROM THE TIME SUCH AGENTS RECEIVE VOITH'S CBI AND FOR SOME REASONABLE TIME IN THE FUTURE

### A.  Barring Individuals From Involvement in Competitive Business Activities From the Time They Review Voith's CBI and For a Reasonable Time Thereafter Reasonably Avoids the Serious Risk That Voith's CBI Will Be Improperly Disclosed Or Used.

As explained in Voith's Opening Brief, barring individuals from involvement in

competitive business activities from the time they review Voith's CBI and for a reasonable time

thereafter reasonably avoids the serious and unacceptable risk that Voith's CBI will be

improperly disclosed or used. Voith's Proposed Protective Order accomplished this goal, in part,

by imposing a three year prosecution bar on those to whom Voith's CBI is disclosed.

JohnsonFoils objects that the proposed prosecution bar would exclude its litigation

counsel because JohnsonFoils' litigation counsel filed ex-parte requests for reexaminations of

Voith's patents. *See* Opposition, p. 17. There is no merit to this contention. Voith's proposed

protective order does nothing to bar an attorney's access to Voith's CBI based on *past*

involvement in prosecution matters. If a JohnsonFoils' attorney is planning to file a *future*

reexamination requests against Voith's patents, JohnsonFoils' failure to inform either Voith or

this Court makes such plans irrelevant. In addition, as explained above, JohnsonFoils failure to

identify which attorneys might be excluded based on prosecution activities makes it impossible to identify any real prejudice to JohnsonFoils. JohnsonFoils' failure to identify which members of the JohnsonFoils litigation staff would be affected does not entitle it to an inference that all of JohnsonFoils' litigation counsel would be disqualified.

JohnsonFoils further objects that a limitation resulting from involvement in prosecution matters on the subject of the Patents-in-Suit is overly broad because that term could be interpreted broadly. *See* Opposition, pp. 18-19. The possibility that JohnsonFoils may interpret Voith's Proposed Protective Order broadly is no basis for denying Voith's requested relief. Notably, in the parties' protective order negotiations JohnsonFoils never mentioned to Voith that it needed clarification of this term. Moreover, because JohnsonFoils has failed to disclose the competitive activities of its litigation counsel, it is impossible to weigh prejudice to JohnsonFoils resulting from even the broadest prosecution bar. If the prosecution bar applies only to one member of the JohnsonFoils' litigation staff and that staff member's involvement in the case is minimal, the prejudice of excluding such that attorney is negligible in view of the risks to Voith. Indeed, it would appear that Mr. Huis, the recently withdrawn lead counsel of record for JohnsonFoils, is a case in point.

Voith's selection of a three year prosecution bar is neither arbitrary nor excessive. A three year bar provides Voith with the option, if it chooses, to perfect patent protection on any yet-unpatented trade secrets disclosed to JohnsonFoils within a three year period after the disclosure. Apart from the citation to cases that provide for a shorter prosecution bar, JohnsonFoils, again, has failed to provide the information regarding the competitive activities of its litigation staff necessary to balance any prejudice to JohnsonFoils against the hardship imposed on Voith from having to accelerate its patenting activities in light of a shorter bar.

Finally, JohnsonFoils objects that the proposed prosecution bar may exclude a

JohnsonFoils' litigation staff member from prosecuting patents even if most of Voith's CBI

wouldn't have been "of value" to a prosecutor. *See* Opposition, p. 18. Apart from the fact that

requiring Voith to guess, without any information from JohnsonFoils, which documents would

be valuable to JohnsonFoils' prosecutors and label its documents accordingly, is unreasonable

and burdensome, the risk that a prosecution bar will be excessive in light of the disclosures

actually made has to be balanced against the risk to Voith that its CBI will be improperly

disclosed or used. Again, JohnsonFoils' failure to disclose information regarding the

competitive activities of its agents precludes the required balancing.

**B.    JohnsonFoils' Proposed Protective Order Fails to Ensure an Individualized Inquiry Into the Competitive Business Practices of Its Agents Selected to Review Voith's CBI**

JohnsonFoils' proposed protective order is flawed, *inter alia*, because, as admitted by

JohnsonFoils, it places absolutely no limits on the class of individuals permitted to review

Voith's CBI. *See* Opposition, p. 19. Instead, JohnsonFoils offered to "address Voith's concerns

[about in-house counsel access to Voith CBI] if and when they are specific." *Id.* Yet,

JohnsonFoils refusal to accept that any documents containing Voith CBI are relevant to this case

is flatly inconsistent with this assurance. In view of JohnsonFoils' failure to be forthcoming

about the competitive activities of the individuals to whom disclosure of Voith's CBI,

JohnsonFoils' proposed protective order would unreasonably put Voith in the position of

speculating with respect to competitive activities of JohnsonFoils' employees easily available to

JohnsonFoils.[1]

---

[1] To avoid JohnsonFoils having to redesignate its "Attorneys' Eyes Only" designated documents, Voith proposes that upon entry of Voith's Proposed Protective Order, such documents be afforded the same level of protection as documents designated Highly Confidential.

**C.    Local Rule 26.2's Litigation Counsel Restriction Does Not Provide Sufficient Protection**

Voith's request for protection beyond Local Rule 26.2 as a condition for disclosing Voith's CBI to JohnsonFoils' litigation counsel is a reasonable response to JohnsonFoils' failure to reasonably negotiate the terms of an Agreed Protective Order, JohnsonFoils' repeated denials that Voith's CBI is truly confidential, and JohnsonFoils' express refusal to disclose the competitive activities of its litigation staff.  Under the circumstances, Voith has properly sought a protective order pursuant to Rule 26(c).  Indeed, JohnsonFoils has provided no evidence to rebut Voith's evidence that the risk of harm to Voith from the disclosure of Voith's CBI to individuals involved in competitive activities on behalf of JohnsonFoils is serious.  *See* Opening Brief, 15-17, 22-23, Brandauer Declaration, Exh. 1 to Opening Brief.

## VII.  CONCLUSION

For the foregoing reasons, Voith respectfully requests that this Court grant the relief

requested in Voith's Motion for a Protective Order, filed December 18, 2007.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Adam Poff (No. 3990)
Chad S.C. Stover  (No. 4919)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
Tel:  (302) 571-6600
Fax:  (302) 571-1253

*Attorneys for Plaintiff Voith Paper GMBH & Co. Kg.*

OF COUNSEL:

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
Neal Goldberg
1950 Roland Clarke Place
Reston, VA 20191
(703) 716-0081

Dated: January 16, 2008

## CERTIFICATE OF SERVICE

I, Adam W. Poff, hereby certify that on January 16, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

George H. Seitz, III, Esquire
Patricia P. McGonigle, Esquire
SEITZ, VAN OGTROP & GREEN, P.A.
222 Delaware Avenue
Suite 1500
P.O. Box 68
Wilmington, DE 19899

I further certify that on January 16, 2008, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

Anthony S. Volpe, Esquire
Ryan W. O'Donnell, Esquire
Volpe and Koenig
United Plaza, Suite 1600
30 South 17th Street,
Philadelphia, PA 19103

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Adam w. Poff*
Adam W. Poff (No. 3990)
Chad S.C. Stover (No. 4919)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
cstover@ycst.com

*Attorneys for Voith Paper GmbH & Co. KG*

# EXHIBIT
# 1



HOME    MAP    CONTACT    SEARCH    TOOLS



* About Volpe and Koenig
* People
* Publications
* Press Releases
* Forms/Links
* Practice Areas
* Reported Cases
* Events
* Contact



**Personalize »**

No Industry Selected »
0 Saved Pages »



bringing law to your ideas...

**ATTORNEYS**

### John J. O'Malley
Shareholder

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
215-568-6400 Phone
215-568-6499 Fax

**E-mail:** JOMalley@volpe-koenig.com

 Get Address Card



**Practice Areas**
Copyrights: Bringing Law To Your Expression
Licensing: Bringing Value To Your Portfolio
Litigation: Bringing Strategy To Your Problems
Trademarks: Bringing Law To Your Identity

**Professional Experience**

John J. O'Malley concentrates his practice on litigation and trademark matters. His litigation experience includes infringement of patents relating to industrial fabrics, child care equipment and automatic identification technology, enforcement of non-competition agreements, and trademark infringement of common law and federal trademark rights.

John has substantial experience in counseling clients on trademark matters and prosecuting trademark applications in the United States and abroad. His practice also includes due diligence issues arising out of mergers and acquisitions as well as the transfer of patent and trademark rights throughout the world.

He is a member of the Bar in Pennsylvania and is admitted to the United States District Court for the Eastern District of Pennsylvania, Court of Appeals for the Third Circuit and the Supreme Court of the United States.

**Education**

- J.D., Villanova University School of Law
- B.A., *cum laude*, Political Science, George Washington University

**Professional Activities**

- Committee of Seventy; 2005-present, Board Member 2006-present

- Brehon Law Society; Vice President 2006-present, Secretary 2003-2006, Executive Board Member 1998-present
- International Trademark Association; Vice-Chair of Membership Committee, 2002-2003, Co-Chair of Corporate Recruitment Sub-Committee 1999-2001
- Greater Philadelphia Chamber of Commerce; Team Member *1997 and 1998 On the Move Campaigns*
- Philadelphia Intellectual Property Law Association
- Irish American Business Chamber and Network; Board Member 2006-present

### Civic Activities

- Family and Community Services of Delaware County; Board Member 2001-present, Chairman of Public Policy Committee, 2002-2004, Member of Planning Committee, 2003-present
- Leadership, Inc.; completed 1997-1998 CORE program
- Ireland Chamber of Commerce in the United States, Inc.

### Publications

- The Legal Intelligencer, *Intellectual Property Insurance,* March 1996.
- The Legal Intelligencer, *Preparing a Technical Witness for a Deposition,* May 1998.
- The Legal Intelligencer, *Development of Collateral Estoppel as it Applies to Markman Hearings,* March 2000.
- The Metropolitan Corporate Counsel, *Personal Liability of Corporate Officers for Patent, Trademark and Copyright Infringement,* June 2000.

### Articles

Personal Liability Of Corporate Officers For Patent, Trademark And Copyright Infringement
Trade Dress and Design Patent Protection of Commercial Buildings

### Past Events Engagements

- CLE Seminar - Determining and Protecting the Value of Your Intellectual Property: American Lawyer Media in association with Volpe and Koenig & Smart and Associates
- EBS Kick Off and Meet the Panel
- Emerging Business Series: How-To Seminars for Today
- Intellectual Property CLE: Pennsylvania Bar Institute
- Live Audio Conference: National Constitution Center Conferences

**Attorneys by Practice Area**
**Search Attorneys by Keyword**
**Listing of All Attorneys**

SAVE    SEND    PRINT

© Volpe and Koenig, P.C. 2003 / Web Info¤          Privacy Policy and Disclaimer
Design Patent #400,521
Utility Patent Pending
Registered Trademark

# EXHIBIT

# 2

# SEITZ, VAN OGTROP & GREEN, P.A.

*222 Delaware Avenue, Suite 1500, P.O. Box 68, Wilmington, Delaware 19899*
*Telephone: 302-888-0600 Fax: 302-888-0606*

➤ **Home**

➤ **Firm Overview**

➤ **Attorneys**

➤ **Contact Us**

➤ **Directions**

George H. Seitz, III
Member
Email: gseitz@svglaw.com

**Practice Areas:** Civil Litigation; Commercial Law; Construction Law; Environmental Insurance Litigation; Tort Litigation; Patent Litigation.

**Admitted:** 1971, Delaware and U.S. District Court, District of Delaware; 1978, U.S. Court of Appeals, 3rd Circuit; 1992, U.S. Supreme Court

**Law School:** University of Virginia, J.D., 1971

**College:** University of Delaware, B.S., 1968

**Member:** Delaware State and American (Member, Forum Committee on the Construction Industry) Bar Associations; American Board of Trial Advocates (Secretary/Treasurer, Delaware Chapter).

**Biography:** Beta Gamma Sigma. Member, National Moot Court Team, 1970-1971. Publication, Delaware Chapter, Fifty State Public Construction Contracting, (John Wiley & Sons, Inc., 1996). Chief Deputy Attorney General of Delaware, 1976-1977. Chief Prosecutor, 1975-1976. Deputy Attorney General, 1972-1974. Law Clerk, Delaware Supreme Court, 1971-1972.

**Born:** Wilmington, Delaware, November 25, 1945

**ISLN:** 903864136

 This web site is designed for general information only. The information presented at this site should not be construed to be formal legal advice nor the formation of a lawyer/client relationship.