IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VOITH PAPER GMBH & CO. KG | : |
| | : Civil Action No. 07-226-JJF |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| JOHNSONFOILS, INC. | : |
| | : |
| Defendant. | : |

DEFENDANT'S REPLY TO PLAINTIFF'S ANSWERING
BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR LEAVE TO AMEND ITS COUNTERCLAIMS

George H. Seitz, III (DE #667)
Patricia Pyles McGonigle (DE #3126)
Kevin A. Guerke (DE#4096)
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

-and-

Anthony S. Volpe
John J. O'Malley
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400

*Attorneys for Defendant
JohnsonFoils, Inc.*

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................... 1

II. SUPPLEMENTAL STATEMENT OF FACTS ........................................................ 1

III. ARGUMENT .............................................................................................................. 2

    A.    This Court Has Declaratory Judgment Jurisdiction
        Over The Related Patents ............................................................................... 2

        1.    All The Circumstances In This Case Establish A
            Justiciable Controversy ...................................................................... 3

        2.    Differences In Claim Scope Has No Bearing On
            Whether Patents are Related .............................................................. 5

        3.    Any Prejudice To Voith Is *De Minimus* ............................................ 7

    B.    Voith Failed To Establish Undue Delay, Bad Faith,
        Or Dilatory Motives ....................................................................................... 8

IV. CONCLUSION ........................................................................................................... 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731
 (Fed. Cir. 1988) ............................................................................................... 2

*Arthur v. Maersk, Inc.*, 434 F.3d 196 (3d Cir. 2006) ........................................ 7

*Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953
 (Fed. Cir. 1987) ............................................................................................ 5, 6

*MedImmune, Inc. v. Genentech, Inc.*, --, U.S. -- 127 S. Ct. 764,
 166 L.Ed.2d 604 (2008) ................................................................................ 2, 3

*Sony Elecs., Inc. v. Guardian Media Techs., Ltd.*, 497 F.3d 1271
 (Fed. Cir. 2007) ............................................................................................... 2

*Teva Pharm. USA, Inc. v. Novartis Pharm. Corp.*, 482 F.3d 1330
 (Fed. Cir. 2007) ..................................................................................... 2, 3, 5, 6

*United States v. Duffus*, 174 F.3d 333 (3d Cir. 1999) ....................................... 7

*Vanguard Research, Inc. v. PEAT, Inc.*, 304 F.3d 1249 (Fed. Cir. 2002) ...... 5, 6

## FEDERAL STATUTES

28 U.S.C. § 2201 .............................................................................................. 2, 5

35 U.S.C. §120 .................................................................................................... 6

I.  INTRODUCTION

Plaintiff, Voith Paper GmbH & Co. ("Voith"), in its Answering Brief, to Defendant, JohnsonFoils, Inc.'s ("JohnsonFoils"), Motion For Leave to Amend Its Counterclaims ignores the close family relationship between U.S. Patent Nos. 5,718,805 ("'805 Patent") and 5,972,168 ("'168 Patent'") (collectively referred to as "Patents-in-Suit") and U.S. Patent Nos. 5,389,206 ("'206 Patent"), 5,500,091 ("'091 Patent'"); and 5,853,544 ("'544 Patent") (collectively referred to as the "Related Family Patents"). <u>See</u>, Op. Br.[1], Exs. B – E. Voith does this in an attempt to avoid this Court's exercise of jurisdiction and to exaggerate the potential prejudice to Voith if the amendment is permitted.

This Court should not be taken in by Voith's ongoing exaggerations. The Related Family Patents are a present and real harm to JohnsonFoils' activities and are directly related to the Patents-in-Suit. It makes judicial and common sense to address all issues concerning this family of interrelated patents.

II.  SUPPLEMENTAL STATEMENT OF FACTS

Despite having repeated opportunities to do so, Voith has not offered JohnsonFoils a covenant not to sue on the Related Family Patents or informed JohnsonFoils through correspondence or in the pleadings that JohnsonFoils does not infringe the Related Family Patents.

---

[1] *Defendant JohnsonFoils, Inc.'s Opening Brief in Support of Its Motion for Leave to Amend Counterclaims* (D.I. 55) will be cited to herein as "Op. Br.".

62999 v1                                1

III. ARGUMENT

    A.    This Court Has Declaratory Judgment Jurisdiction Over The Related Patents.

Voith's primary argument is that JohnsonFoils has failed to allege sufficient facts to support declaratory judgment jurisdiction. This does not reflect the current law of the Court of Appeals for the Federal Circuit.

The Declaratory Judgment Act, in accordance with Article III of the Constitution, requires the existence of an actual controversy between the parties before a federal court can constitutionally assume jurisdiction. See 28 U.S.C. § 2201(a).[2] the Federal Circuit applies the standard set forth in the Supreme Court's decision in MedImmune, Inc. v. Genentech, Inc., -- U.S. --, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007). Teva Pharm. USA, Inc. v. Novartis Pharm. Corp., 482 F.3d 1330, 1337 (Fed. Cir. 2007). In MedImmune, the Court criticized the "reasonable apprehension of suit" requirement, stating that it "conflicts" with several cases in which the Supreme Court found that a declaratory judgment plaintiff had a justiciable controversy. Id. at 774 n.11.

In Teva, the Federal Circuit made clear that the dicta in MedImmune effectively overruled the former two-part test. Id.; See Sony Elecs., Inc. v. Guardian

---

[2] The Federal Circuit had, until recently, relied on a two-part test for determining whether an actual controversy exists in declaratory judgment actions involving patents: the defendant's conduct must have created in the plaintiff an objectively "reasonable apprehension that the defendant will initiate suit if the plaintiff continues the allegedly infringing activity," and second, the plaintiff must have either actually produced the device or have prepared to produce it. Arrowhead Indus. Water, Inc. v. Ecolochem, Inc., 846 F.2d 731, 736 (Fed. Cir. 1988).

Media Techs., Ltd., 497 F.3d 1271, 1284 (Fed. Cir. 2007)(It is "clear that a declaratory judgment plaintiff does not need to establish a reasonable apprehension of a lawsuit in order to establish that there is an actual controversy between the parties.")

Under the Federal Circuit's current law, a declaratory judgment plaintiff must show that under "all the circumstances" an actual or imminent injury caused by the defendant that can be redressed by judicial relief and that is of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Teva, 482 F.3d at 1338, quoting MedImmune, 127 S. Ct. at 771. An "actual controversy" requires only that a dispute be "'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts.'" Id. at 1339, quoting, MedImmune, 127 S. Ct. at 771.

    1.    All The Circumstances In This Case Establish A Justiciable Controversy.

Voith suggests that there is no justiciable controversy because Voith has not explicitly charged Voith with infringement of the Related Family Patents. However, in Teva, the Federal Circuit determined that when taken as a whole, the five grounds alleged by the plaintiff were sufficient to establish a justiciable controversy in a declaratory judgment action involving related patents for which there had not been an express charge of infringement. Id. at 1341.

The first ground relied upon was the defendant's listing its five related patents in the Food and Drug Administration's Orange Book; this was recognized as the defendant's representation that a claim of patent infringement could reasonably be asserted against a person not licensed by the owner. Id.

The second ground relied upon by the Court was the plaintiff's submission of its Abbreviated New Drug Application ("ANDA") certifying that it did not infringe the defendant's Orange Book patents or that the patents were invalid. Id.

The third ground relied upon by the Court was the defendant's filing of an earlier infringement lawsuit on only one of its five patents listed in the Orange Book. *Id.* at 1343. The court found that the defendant's actions insulated its other four patents from a validity challenge, and frustrated the central purpose of the Hatch-Waxman Act of bringing cheaper generic drugs to market as quickly as possible. Id. at 1343-44.

The fourth ground relied upon by the Court was the defendant's pending infringement litigation "involving the same technology and the same parties is relevant to determining whether a justiciable declaratory judgment controversy exists on other related patents." Id. at 1344-45.

The final ground relied upon by the Court was defendant's decision to sue on only one of its five related patents left open the possibility of future litigation. Id. at 1345. The Court explained that even if the plaintiff is successful in defending the pending infringement suit, it remains subject to four additional infringement actions by the defendant.

In this case, JohnsonFoils has already been accused of infringement based upon the Patents-in-Suit. This related litigation involving the same parties, the same technology, and the same products is directly relevant to whether a justiciable controversy exists with respect to the Related Family Patents. Teva, 482 F.3d at 1344, citing, Vanguard Research, Inc. v. PEAT, Inc., 304 F.3d 1249, 1255 (Fed. Cir. 2002); Goodyear Tire & Rubber Co. v. Releasomers, Inc., 824 F.2d 953, 955 (Fed. Cir. 1987).

To date, Voith has played coy and refuses to state whether it contends that the accused products infringe the Related Family Patents. Accordingly, even if JohnsonFoils prevails here, as it expects, it remains subject to three additional infringement actions from Voith. Currently, the Related Family Patents stand as a sword hanging over JohnsonFoils. Such a threat of protracted litigation creates a present a real harm to JohnsonFoils and is relevant to determining whether there is a justiciable controversy. Teva, 482 F.3d at 1345.

JohnsonFoils has injuries in fact which are traceable to Voith's actions and which can be resolved by a declaratory judgment. Therefore, JohnsonFoils has standing and there is an actual controversy sufficient to confer jurisdiction under the Declaratory Judgment Act.

    2.    Differences in Claim Scope Has No Bearing on Whether Patents are Related

Voith argues that there is no justiciable controversy argument because of the differences in the scope of the claims of the Patents-in-Suit and the Related Family Patents. However, the logic of this argument fails under scrutiny. Although each

claim of a patent is a separate invention, and it is possible to infringe one claim of a patent without infringing another, Voith's argument would even deny this Court declaratory judgment jurisdiction over the current counterclaims of the Patents-in-Suit, if Voith did not assert each of those claims individually.[3]

Moreover, as noted previously, the Federal Circuit considers whether unasserted patents are "related" to be directly relevant to whether a justiciable controversy exists with respect to the Related Patents. Teva, 482 F.3d at 1344, citing, Vanguard Research, Inc., 304 F.3d at 1255; Goodyear Tire & Rubber Co., 824 F.2d at 955. Clearly, the key factor is whether the patents are related not whether the claims differ in scope.

There can be no dispute that the patents here are related. The Patents-in-Suit and Related Family Patents issued from continuation applications of U.S. Application No. 07/773,965. See, Op. Br., Exs. B – E. Under 35 U.S.C. §120, the specifications of the Patents-in-Suit and Related Family Patents cannot vary but for insubstantial details of form.[4] All of the patents after the '206 Patent were subject to: (i) the United States Patent and Trademark rejecting every claim as patentably indistinct in comparison to the '206 Patent claims, and (ii) Voith filing a terminal disclaimer to overcome the rejection. Id. This is Voith's admission that the claims are obvious variants of the same invention as the Patents-in-Suit.

---

[3]  JohnsonFoils notes that Voith has still not identified the claims it is asserting against JohnsonFoils.

[4]  The patents issued in the following order, (1) the '206 Patent, (2) the '091 Patent, (3) the '805 Patent), (4) the '544 Patent, and (5) the '168 Patent.

### 3. Any Prejudice To Voith Is De Minimus

Almost any amendment to a pleading adding a claim or counterclaim will prejudice the other party. The test is not whether the other party will be prejudiced, but whether there is undue prejudice. United States v. Duffus, 174 F.3d 333, 336 (3d Cir. 1999). Here, there is no undue prejudice to Voith. From the discussion above in the previous section, it is clear that to the extent the amendments expand the scope of the case, any such expansion is only minimal.

Similarly, Voith's claims of prejudice based on discovery are flawed. At the outset, Voith has known of the declaratory judgment counterclaims since at least November 28th when the related case was filed and has known of JohnsonFoils' intent to amend its counterclaims since December 17, 2007 when JohnsonFoils approached Voith for its consent to amend the counterclaims. See, Op. Br., Exs. I and J. In the interim, Voith served JohnsonFoils with interrogatories and document requests on January 15, 2008. Clearly, Voith has had an opportunity to take necessary document discovery.

Moreover, Voith's concern that JohnsonFoils has limited its discovery to the extent of its objections to Voith's definition of "Accused Products" and the "Patents-in-Suit" is misplaced. JohnsonFoils has produced over 200,000 pages of documents and has not limited its production to exclude documents conceivably covered by the the Related Family Patents.[5]

---

[5]    To date no depositions have been taken and fact discovery is not set to close until April 30, 2008. D.I. 17.

Voith's claims regarding its own production burden fail for similar reasons. Given the related nature of the patents, it is difficult to understand the burden to Voith if the Related Family Patents are included.[6] In support of its argument, Voith claims that it would need to find new documents to demonstrate that the features of the Related Family Patents were incorporated into commercially successful machines to support objective considerations of nonobviousness. If one were to believe this argument, Voith would have to analyze its current products to determine whether they are covered by the Patents-in-Suit and then withhold documents for any products that it believed were not covered by the Patents-in-Suit. Voith has not indicated that it has made such a fine distinction. Given the close family relationship of the patents, it would be virtually impossible to make those distinctions and comply with the discovery rules.

### B. Voith Failed To Establish Undue Delay, Bad Faith, or Dilatory Motives

Contrary to Voith's argument, JohnsonFoils provided its explanation for the delay in filing the Amended Counterclaims in its Opening Brief.[7] JohnsonFoils did not become aware of the extent of Voith's overly broad and unreasonable interpretation of the claims until after it filed its Counterclaims. Notably, since the

---

[6] This is especially true given the fact that Voith is still withholding the vast majority of its document production.

[7] As noted in JohnsonFoils Opening Brief, delay by itself is not sufficient to justify denial of leave to amend. Arthur v. Maersk, Inc., 434 F.3d 196, 206 (3d Cir. 2006).

Counterclaims were filed Voith has <u>not</u> said that it would not assert the same broad claim scope with the Related Patents.

Voith also attempts to create the perception that any delay was in bad faith and intended for a dilatory motive. The facts disprove any such motive. Although it is true that JohnsonFoils believed and continues to believe that the case should be stayed pending reexamination, JohnsonFoils is the only party to have moved forward with substantial document production.

## IV. CONCLUSION

For the reasons set forth in JohnsonFoils' Opening Brief and this Reply, JohnsonFoils respectfully requests that leave be granted to file its amended counterclaims.

Respectfully submitted,

Seitz, Van Ogtrop & Green, P.A.

Dated: January 22, 2008

/s/ Patricia P. McGonigle
_____
George H. Seitz, III (DE #667)
gseitz@svglaw.com
Patricia Pyles McGonigle (DE #3126)
pmcgonigle@svglaw.com
Kevin A. Guerke (DE#4096)
kguerke@svglaw.com
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

-and-

Anthony S. Volpe
Randolph J. Huis
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400

*Attorneys for Defendant*
*JohnsonFoils, Inc.*

## **CERTIFICATE OF SERVICE**

I, Patricia P. McGonigle, Esquire, hereby certify that on this 22nd day of January 2008, I electronically filed the foregoing pleading with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record. Further, I caused a copy of the foregoing pleading to be served upon the following counsel as noted

**Via Hand Delivery**
Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899

**Via Federal Express**
Neil F. Greenblum, Esquire
Neal Goldberg, Esquire
Michael J. Fink, Esquire
Greenblum & Bernstein, PLC
1950 Roland Clarke Place
Reston, Virginia  20191

/s/ *Patricia P. McGonigle*
_____
Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com

62988 v1