IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG,<br>    a Company organized and<br>    existing under the laws of Germany, | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| | ) | C.A. No. 07-0226-JJF |
| v. | )<br>) | |
| JOHNSONFOILS, INC.<br>    a Delaware Corporation, | )<br>)<br>) | |
| Defendant. | ) | |

## PLAINTIFF VOITH GMBH
## & CO. KG'S MOTION FOR LEAVE TO
## SUPPLEMENT ITS OPENING MARKMAN BRIEF

Pursuant to Fed. R. Civ. P. 16, Plaintiff Voith Paper GmbH & Co. KG ("Voith")

respectfully requests leave to supplement its Opening Markman Brief. A copy of Voith's

Supplemental Markman Brief and supporting declaration is submitted herewith. There is

good cause to grant this motion because Voith was unable, despite repeated efforts, to

obtain from JohnsonFoils, Inc. ("JohnsonFoils") information about the terms

JohnsonFoils intended to construe. Consequently, the parties' opening Markman briefs

do not address the same claim language, resulting in an incomplete record. In addition,

granting this Motion will not result in any delay or undue prejudice to JohnsonFoils

because Voith's Supplemental Markman Brief is limited to construing claim terms

already addressed in JohnsonFoils, Inc.'s Opening Claim Construction Brief. Voith

states as follows in further support of this Motion:

## BACKGROUND

1.     On January 16, 2008, pursuant to the Court's Scheduling Order, both Voith and JohnsonFoils filed their Opening Markman Briefs.[1]   Generally, Markman Briefs are filed by the parties in a patent infringement suit to assist the Court in construing the meaning of the patent claims.  The parties' briefs typically identify the claim terms in dispute and set forth each parties' proposed constructions for those terms.

2.     Voith's Markman Brief identifies twenty-eight (28) claim terms from the Patents-in-suit (U.S. Patent Nos. 5,718,805 ("the '805 patent") and 5,972,168 ("the '168 patent")), and provides proposed constructions for each term.  Likewise, JohnsonFoils' Markman Brief identifies over twenty claim terms and provides proposed constructions for those terms.  However, the terms addressed by Voith's Markman Brief are _different_ from the terms addressed by JohnsonFoils Markman Brief.  Because the briefs do not address the same terms, the current record is incomplete.

3.     Voith attempted to provide a timely and complete record for the Markman Hearing, but in each instance was frustrated by JohnsonFoils.  First, Voith asked JohnsonFoils, through Voith's First Set of Interrogatories to JohnsonFoils, to "identify with specificity each claim element in the Patents-in-suit which the Prior Art discloses" and to "identify each claim limitation which Defendant asserts is not literally present in the Accused Product." See Voith's First Set of Interrogatories, Nos. 6 & 7; Exhibit 1. Specific responses to these interrogatories would have enabled Voith to address the claim terms disputed by JohnsonFoils in Voith's Opening Markman Brief.  JohnsonFoils, however, failed to provide the requested information.

---

[1]     JohnsonFoils' Markman brief is entitled "Defendant JohnsonFoils, Inc.'s Opening Claim Construction Brief."

4.    Voith's counsel subsequently contacted JohnsonFoils' counsel and requested "a time for each party to identify the claim terms which [JohnsonFoils] asserts need to be construed by the Court" in order to "narrow the issues to be resolved by the Court." (Exhibit 2, December 18, 2007 letter). JohnsonFoils' counsel responded that Voith, as patentee, should first identify the claim terms which should be construed. (Exhibit 3, December 19, 2007 letter). In reply, Voith's counsel promptly identified those terms. (Exhibit 4, December 20, 2007 letter). Rather than identify any additional claim terms which required construction, as expected, JohnsonFoils instead requested that Voith also provide its definitions for the identified terms and proposed to provide its position on those terms by January 4, 2008. (Exhibit 5, December 21, 2007). Prior to submitting its Opening Markman Brief on January 16, 2008, JohnsonFoils did not provide Voith with any information about the claim terms it intended to propose for construction.

5.    As a result of JohnsonFoils' failure to provide information on the terms it intended to construe prior to submitting its Opening Markman Brief, the parties' briefs address different claim phrases and terms and provide no indication of which terms are disputed and require construction. JohnsonFoils did not construe any of the claim terms which Voith had identified on December 20, 2007. Instead, JohnsonFoils proposed constructions for over twenty other claim terms. The requested supplement directly addresses the terms and proposed constructions in JohnsonFoils' brief that, through JohnsonFoils' own failure to provide required disclosures to Voith, were not addressed in Voith's Opening Markman Brief, usefully supplements the record by identifying the terms in dispute.

## GRANTING MOTION TO AMEND IS FOR GOOD
## CAUSE AND WITHOUT PREJUDICE AND DELAY

6.      As explained above, there is good cause to grant Voith's request for leave to supplement its Opening Markman Brief, and granting such leave will not cause JohnsonFoils any undue prejudice or delay the proceedings. Under Fed. R. Civ. P. 16(b) "a scheduling order may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Whether good cause exists depends upon the diligence of the moving party." Fed. R. Civ. P. 16(b), advisory committee's note. On three separate occasions, starting from date Voith served its first, July 26, 2007, interrogatories, and continuing with Voith's efforts to negotiate an exchange of terms in December, 2007, Voith asked JohnsonFoils to identify disputed claim terms in advance. Even Voith's unilateral and advance disclosure of claim terms for which Voith expected to propose constructions did not result in any reciprocal disclosure from JohnsonFoils. JohnsonFoils' refusal to provide the requested information has resulted in an incomplete record from which it is not possible to identify the terms and issues in dispute.

7.      Voith has been diligent in its efforts to timely file a Markman Brief that addresses the terms disputed by JohnsonFoils, but has been thwarted by JohnsonFoils' failure to cooperate. Voith's need to supplement its Opening Markman brief in order to provide a complete record of the parties' dispute in advance of the Markman Hearing results directly from JohnsonFoils' failure to either cooperate on an exchange of disputed terms or provide its long overdue answers to Voith's interrogatories. In addition, Voith learned of JohnsonFoils' disputed claim terms for the first time only one week ago, and

has worked diligently to prepare its Supplemental Markman Brief well in advance of the Markman Hearing.

8.    The detriment to all parties—and the Court—resulting from the present incomplete record of the parties' claim construction contentions, coupled with JohnsonFoils' repeated failure to provide the information despite Voith's diligent efforts, are circumstances amply demonstrating the "good cause" required to permit the filing of Voith's Supplemental Markman Brief.

9.    Moreover, granting Voith's motion for leave to file its Supplemental Markman Brief will not cause any undue prejudice to JohnsonFoils or inconvenience the Court.    Permitting the filing Voith's Supplemental Markman Brief actually <u>benefits</u> JohnsonFoils by providing JohnsonFoils with Voith's positions on its claim constructions well in advance of the Markman Hearing.  In view of JohnsonFoils' refusal to identify disputed terms or respond to Voith's Interrogatories, any prejudice from a one week delay in learning Voith's positions is not undue.    Permitting the filing Voith's Supplemental Markman Benefits the Court by providing a complete record on the parties' contentions and narrowing the issues that must be addressed at the Markman Hearing. Although completing the record necessarily requires adding more information, any resulting burden is offset by the increased efficiency resulting from making available— before the Markman hearing—each party's position on all claim terms offered for interpretation.[2]

---

[2]    As detailed in the background section above, in December, well before January 16, Voith provided JohnsonFoils with many of the terms that Voith ultimately addressed in Voith's Opening Markman Brief, but JohnsonFoils <u>chose</u> not to address them.

10.     In addition, granting Voith's motion for leave to supplement will not result in any delay.    Voith's Supplemental Markman Brief does not require delaying the scheduled January 30 Markman Hearing.    Since the issues addressed in Voith's Supplemental Markman Brief are limited to issues specifically addressed in JohnsonFoils' Opening Brief, JohnsonFoils' has more than sufficient time to prepare any response in advance of the hearing.    Although Voith's Supplemental Markman leaves the Court with less time to review the parties' pleadings than called for under the Scheduling Order, the additional information provided beneficially narrows the potential issues of dispute between the parties, and should, overall, conserve judicial resources.

## CONCLUSION

11.     For the foregoing reasons, Voith respectfully requests that this motion for leave to supplement be granted.

Date: January 24, 2008

                         YOUNG CONAWAY STARGATT &
                         TAYLOR, LLP

                         _____
                         Adam W. Poff (No. 3990)
                         Chad S.C. Stover (No.  4919)
                         The Brandywine Building
                         1000 West Street, 17th Floor
                         Wilmington, Delaware 19899
                         (302) 571-6642

                         GREENBLUM & BERNSTEIN, P.L.C.
                         Neil F. Greenblum
                         Michael J. Fink
                         Neal Goldberg
                         1950 Roland Clarke Place
                         Reston, VA 20191
                         (703) 716-1191

                         *Attorneys for Voith Paper GmbH & Co. KG*

6

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VOITH PAPER GMBH & CO. KG,<br>a Company organized and<br>existing under the laws of Germany,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSONFOILS, INC.<br>a Delaware Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 07-0226-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO JOHNSONFOILS, INC.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Voith Paper GmbH & Co. KG (hereinafter, "Plaintiff") requests that Defendant JohnsonFoils, Inc. (hereinafter, "Defendant") answers the following interrogatories separately, fully, and under oath, within thirty (30) days of service. In accordance with Federal Rule of Civil Procedure 26(e), Defendant is subject to a duty to seasonably amend all responses to these interrogatories. The following definitions and instructions apply, as do the definitions set forth in Local Rule 26.5(c).

### DEFINITIONS

These interrogatories shall be deemed to be continuing within the meaning of Fed. R. Civ. P. 26 (e) (1) and (2) with respect to any additional information which becomes known to Defendant or its counsel up to and including the time of trial. Answers hereto shall be enlarged, diminished, or otherwise modified to include any information required by Fed. R. Civ. P. 26 (e) (1) and (2) as acquired by Defendant subsequent to the date of its initial answers within a reasonable time after the acquisition of such information.

{J214720 00230682.DOC}

The singular shall include the plural and *vice versa*, and words in any gender shall include the other gender.

The term "Patents-in-suit" means the patent that are the subject of the above-captioned matter, specifically including U.S. Pat. Nos. 5,718,805 and 5,972,168 (collectively hereinafter "the Patents-in-suit").

The term "Prior Art" shall be construed in accordance with the meaning given that term in Title 35, United States Code, and interpretations thereof provided by the federal judiciary.

The term "Plaintiff" means Voith Paper GmbH & Co. KG

The term "Defendant" means JohnsonFoils, Inc.; any predecessor business organization of the Defendant, and any wholly or partly owned subsidiary, division, parent, joint venture, or other entity in which any or all of Defendant is a material participant or equity interest holder, or was a material participant or equity interest holder at any time.

The term "Person" means any individual or organization, including sole proprietorship, partnership, corporation, association, governmental body or agency, or other legal entity.

The term "Organization" means domestic or foreign, public or private corporations, partnerships or proprietorships, as well as all other business organizations, associations, forms, trustees, or legal entities.

The term "Document" means any medium, upon which information can be communicated, in the possession, custody or control of Defendant, its counsels or its consultants, or known to Defendant, its counsels or its consultants, and is used in a comprehensive sense to include, without limitation, the following items, whether printed, typed, written or produced by hand or stamp, recorded, microfilmed, photographed, video-

taped, filmed, stored on information storage means such as data bases, tapes, disks, hard drives, cassettes and/or other memory devices and computer records of any type, or any copy of Documents reproduced by any process, whether or not claimed to be privileged, confidential or personal: letters, notes, memoranda, reports, records, agreements, working papers, communications (including interdepartmental or intradepartmental communications, inter-company or intra-company communications), correspondence, summaries or records of personal conversations, diaries, e-mails, facsimile transmissions, forecasts, statistical statements, tables, graphs, laboratory reports, research reports, notebooks, books, charts, spreadsheets, plans, production files, blueprints, schematics, flow charts, computer programs, including source code and associated documentation both integral and separate from the program, engineering specifications, software specifications, diagrams, drawings, manuals, instructions and/or procedures, including, but not limited to, installation instructions or procedures, operating instructions or procedures, calibration instructions or procedures, maintenance or service instructions or procedures, photographs, minutes or records of meetings, minutes or records of conferences, expressions or statements of policy, lists of persons attending meetings or conferences, recorded statements, interviews or conversations, transcripts, reports or summaries of interviews, reports or summaries of investigations, opinions or reports or summaries of either negotiations or preparations for such, brochures, pamphlets, advertisements, circulars, press releases, price lists, instruments, accounts, bills of sale, purchase orders, quotations, terms of sale, invoices, lists of expenses, both fixed and variable, and all other materials on any tangible medium of expression, and all original and/or preliminary notes. Any comment or notation appearing on any Document, and not a part of the original text, is to be considered a separate "Document." Unless otherwise noted, the

Documents requested are those prepared or existing at the time that Defendant's Answer and Counterclaims were filed in the present action and those prepared since that time.

The terms "Identify" or "Identity," in the case of an individual, mean to state the person's full name; home address (present or last known); employer or business affiliation, business address and position; email address(es), and the relevant time period and nature of each of his present and prior employment positions or affiliations with Defendant.

The terms "Identify" or "Identity," in the case of an Organization, mean to state the organization's full name; type of organization (*i.e.*, corporation, partnership, etc.); the post office address of its principal place of business; date(s) and state(s) or country(ies) of incorporation; the identities of its principal officers and directors; and, any date of dissolution.

The terms "Identity" or "Identify," in the case of a Document, mean to state the Document's title and a description of its subject matter; the type or nature of the Document (*e.g.*, e-mail, letter, memorandum, telegram, chart, laboratory report, etc.); the identity of all person(s) who prepared the Document; the identity of all person(s) to whom copies were provided and/or submitted; the date the Document was prepared; its present location and custodian; and all other means of identifying it with sufficient particularity to satisfy the requirements for its inclusion in a demand or request for its production pursuant to Fed. R. Civ. P. 34.

The term "Identity" or "Identify," in the case of software, computer program, application, system, apparatus, device, component thereof, or other thing, means to describe the system or device, component or thing by name, model number, type, storage capacity, part number, and all other means of identifying it with sufficient particularity to satisfy the requirements for its inclusion in a demand or request for its production pursuant to Fed. R. Civ. P. 34.

In the event Defendant contends that any Document asked to be Identified is privileged or otherwise excludable from discovery, Defendant is requested to specify the basis for the privilege or other grounds for exclusion in addition to the Document Identification information requested above.

The term "Identify with Specificity," in addition to what is requested in the paragraphs above, means to Identify the responsive Documents by Bates number and to particularly point out the specific page(s), paragraph(s) and line(s) where the requested information can be found. In the case of a patent, in addition to the patent number, the specific column and line numbers should be provided.

The terms "Accused Product" and "Accused Products" as used herein means each and every paper forming machine which Defendant has modified, or contracted to modify, to utilize one or more resiliently supported blades.

The term "Client" as used herein means any and all Persons, and/or Organizations that is a client of Defendant in relation with the Accused Products.

The term "Customer" as used herein means any and all Persons, and/or Organizations that is a customer of Defendant in relation with the Accused Products.

## INSTRUCTIONS

The form of the responses to this first set of interrogatories is to comply with Federal Rule 33(b) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each and every paper forming machine which Defendant has modified, or contracted to modify, to utilize one or more resiliently supported blades.

INTERROGATORY NO. 2:

For each Accused Product, identify the make and model number of each paper forming machine which was modified, the specific modifications made to each such machine, the owner and location of each such machine, the dates when such modifications were made, and the person(s) most knowledgeable about the modifications made to each such machine.

INTERROGATORY NO. 3:

Identify the Person(s) most knowledgeable about the design, development and/or functionality of the Accused Products.

INTERROGATORY NO. 4:

Identify any and all Clients to whom the Accused Products have been offered, sold, licensed, or otherwise made available.

INTERROGATORY NO. 5:

For each of the Affirmative Defenses and Counterclaims asserted or which will be asserted, identify and specifically describe all facts on which you rely to support those contentions, and identify the Person(s) most knowledgeable about the facts and all documents in support thereof.

INTERROGATORY NO. 6:

Identify the Prior Art which you contend is relevant and/or material to the Patents-in-suit, specify each claim to which each piece of Prior Art relates, describe with particularity why such Prior Art reference is material, i.e. identify with specificity each claim element in the Patents-in-suit which the Prior Art discloses, and why such Prior Art reference is not cumulative over the Prior Art of record considered by the examiner, *i.e.*, identify with specificity the claim elements or combination of claim elements that the Prior Art of record

allegedly does not disclose, and state how you contend this Prior Art is applied against each of those claims.

INTERROGATORY NO. 7:

For each claim of each of the Patents-in-suit which Defendant asserts is not infringed by the Accused Products, for each Accused Product, identify each claim limitation which Defendant asserts is not literally present in the Accused Product and describe why the claim is not infringed under the doctrine of equivalents.

INTERROGATORY NO. 8:

For each and every paper forming machine which Defendant has modified to utilize one or more resiliently supported blades, identify the amount charged for the modification and all documents relating thereto.

INTERROGATORY NO. 9:

Identify all Persons whom will be called as witnesses to present testimony at deposition and/or at trial, and state the substance and basis(es) of their testimony.

INTERROGATORY NO. 10:

Identify all Documents that you intend to present at trial and/or hearing.

INTERROGATORY NO. 11:

Identify the individual(s) who are providing the answers to these Interrogatories and the responses to Plaintiff's First Request for Production of Documents submitted herewith.

Dated: July 26, 2007

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
1950 Roland Clarke Place
Reston, VA 20191
(703) 716-1191

{J214720 00230682.DOC}                    7

Young Conaway Stargatt & Taylor, LLP
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6642

*Attorneys for Voith Paper GmbH & Co. KG*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the PLAINTIFF'S FIRST SET OF INTERROGATORIES TO JOHNSONFOILS, INC. was served on Attorneys for Defendant JohnsonFoils, Inc., via Electronic Mail and First Class Mail:

> Anthony S. Volpe, Esq.
> Ryan W. O'Donnel, Esq.
> Randolph J. Huis, Esq.
> VOLPE AND KOENIG, P.C.
> United Plaza, Suite 1600
> 30 S. 17th Street
> Philadelphia, PA 19103
> (215) 568-6400
>
> George H. Seitz, III, Esq. (DE #667)
> SEITZ, VAN OGTROP & GREEN, P.A.
> 222 Delaware Avenue, Suite
> P. O. Box 68
> Wilmington, DE 19899
> (302) 888-7602

Date:   July 26, 2007

> Neil F. Greenblum
> Michael J. Fink
> GREENBLUM & BERNSTEIN, P.L.C.
> 1950 Roland Clarke Place
> Reston, Virginia 20191
> (703) 716-1191
>
> – and –
>
> Adam W. Poff (DE #3990)
> YOUNG CONWAY STARGATT & TAYLOR, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19899
> (302) 571-6642
>
> *Attorneys for Plaintiff Voith Paper GmbH & Co. KG*

{J214720 00231711.DOC}

# Exhibit 2

LAW OFFICES
## GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

December 18, 2007

<u>VIA EMAIL(PDF)</u>

Tony Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Re:    *Voith Paper GmbH & Co. KG  v. JohnsonFoils, Inc.*
       <u>C.A. No. 07-0226-JJF. Our Ref.: 214720.</u>

Dear Tony:

As you know, a Markman hearing is scheduled for next month. We propose that each side submit an opening Markman brief, an opposition, and a reply, and we would like to discuss a briefing schedule with you. Additionally, please let me know whether JohnsonFoils is agreeable to setting a time for each party to identify the claim terms which it asserts need to be construed by the Court. To the extent that we can agree on the meaning of any of those terms, it will narrow the issues to be resolved by the Court.

With respect to your request for leave to amend JohnsonFoils counterclaims, JohnsonFoils has already filed a separate action (C.A. No. 07-760) seeking exactly the same relief which you seek to include in the amended counterclaim. There is no proper justification to amend the counterclaims in the present action to simply repeat what is asserted in the other action, especially when JohnsonFoils has requested to stay this action. Moreover, the proposed amendment at this point in the litigation would unfairly prejudice Voith, cause unnecessary delay, and needlessly increase the cost of litigation, and as such, appears to be interposed for improper purposes. Accordingly, Voith does <u>not</u> consent to the request to amend.

{J214720 00328676.DOC}

Tony Volpe, Esq.                    December 18, 2007                    Page -2-

We can be available tomorrow if you are willing to discuss these matters.

Very truly yours,

GREENBLUM & BERNSTEIN, P.L.C.

Michael J. Fink

MJF/mis

{J214720 00322687.DOC}

# Exhibit 3



**Volpe** **and** **Koenig** P.C.

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

──────────────── BRINGING LAW TO YOUR IDEAS ®────────────────

Anthony S. Volpe
avolpe@volpe-koenig.com

December 19, 2007

Michael J. Fink, Esquire                                         **VIA E-MAIL**
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191

Re:    *Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.*
       Civil Action No. 07-226

Dear Michael:

This responds to your suggestion for a Markman briefing schedule. We are surprised at your suggestion, given your earlier opposition to our request to include it in the schedule, but believe that it is too late in any event. The date set for simultaneous exchange of briefs, according to our calculations, is January 16, 2008. Although we do not believe there is sufficient time for the briefing you suggested, we do agree that it may be useful to decide on the disputed terms.

If you agree with exchanging terms, we suggest that you, as the patentee, provide your proposed terms for our consideration by Friday, December 28, 2007. We will respond on Friday, January 4, 2008 with our proposed terms. We can then discuss any differences and possibly agree on what will be briefed for January 16th.

Please let us have the benefit of your thoughts at your earlier opportunity.

Very truly yours,

Volpe and Koenig, P.C.

By: _____
      Anthony S. Volpe

ASV/cps

cc:    All counsel of record via e-mail

*Patents        Trademarks        Copyrights        Trade Secrets        Litigation        Licensing*

# Exhibit 4

LAW OFFICES

# GREENBLUM & BERNSTEIN, P.L.C.

PATENT, COPYRIGHT AND TRADEMARK MATTERS

1950 ROLAND CLARKE PLACE

RESTON, VA 20191-1411

TEL: (703) 716-1191

FAX: (703) 716-1180

EMAIL: gbpatent@gbpatent.com

www.gbpatent.com

December 20, 2007

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM FUENTEZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM R. LYDDANE
WILLIAM S. BOSSNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERBERT F. MUENSTERER, Ph.D. □ *
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL B. MOON
PAUL T. LEE △
JOHN V. MAZZOLA □
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D. □
AZZA JAYAPRAKASH
JONATHAN MILLER *

NEAL GOLDBERG
STEVEN D. POLLICOFF *
FARID MAJIDUDDIN, Ph.D. □
SARAH J. SMALL

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPENNER *
RICHARD J. McGRATH
BARRY I. HOLLANDER

TECHNICAL ADVISORS:
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
WALTER SCHLAPKOHL, Ph.D.

* ADMITTED TO A BAR
  OTHER THAN VA
□ EUROPEAN PATENT ATTORNEY
△ KOREAN PATENT ATTORNEY
□ REGISTERED PATENT AGENT

### VIA EMAIL(PDF)

Tony Volpe, Esq.

Volpe and Koenig, P.C.

United Plaza, Suite 1600

30 South 17th Street

Philadelphia, PA 19103

Re:    *Voith Paper GmbH & Co. KG v. JohnsonFoils, Inc.*
       *C.A. No. 07-0226-JJF.* Our Ref.: 214720.

Dear Tony:

I disagree with your statement that it is too late for us to agree to a Markman briefing schedule.

I also disagree with you that the date set for simultaneous exchange of Markman briefs is January 16, 2008. The Scheduling Order states that the Markman briefing is to be completed 10 days prior to the January 30, 2008, hearing. While the Scheduling Order does not expressly set dates for filing initial briefs, oppositions, and replies, it does not preclude the filing of such responsive pleadings, otherwise called for under Del. Local Rule 7.1.2. Consequently, a brief filed without providing any time for the opposing party to file an opposition by January 16, does not comply with the Scheduling Order. Thus, the parties must either file their opening briefs so as to permit the filing of an opposition by January 16, or, as we have proposed, ask the Court to modify the Scheduling Order to permit the parties to file their opposition briefs after January 16. To that end, we propose that the parties agree to submit their respective opening Markman briefs on January 14, and jointly request leave for each party to file a responsive brief by January 22.

At this time, we have preliminarily identified the following as terms which may benefit from construction: twin-wire former, wire, web, fiber suspension, first section, second section, third section, means for directing the wire belts, twin wire zone, single wire predrainage zone, drainage element, means for supporting the belts, wedge shaped entrance slot, headbox, drainage strips, offset and in a non-opposing relationship, support means for resiliently supporting, means for collecting the water, roll, endless loop, means for supplying a vacuum, resiliently supported, rigidly supported, dewatering element, suction roll, forming roll, and forming shoe. Of course,

Tony Volpe, Esq.                    December 20, 2007                    Page -2-

there is no need to provide briefing on a claim term if the parties agree to a joint proposed claim
construction for that term, or JohnsonFoils stipulates that its accused devices satisfy that term as
it appears in the claims.

We had expected to be able to determine which claim terms are in dispute based upon
JohnsonFoils' response to Voith's Interrogatory No. 7 which requests JohnsonFoils to identify
the claim terms it asserts are not present in its accused products. However, JohnsonFoils has yet
to provide a substantive response despite offering no opposition to Voith's Motion to Compel
directed to JohnsonFoils' deficient interrogatory responses.

Accordingly, please identify any claim terms which you believe are not present in the
accused devices, and any other claim terms which you believe may benefit from construction, so
that we have a reasonable starting point from which to identify any disputes.

Very truly yours,

GREENBLUM & BERNSTEIN, P.L.C.

Michael J. Fink

MJF/mis

Cc:    Adam W. Poff, Esq.
       George H. Seitz, III, Esq.

# Exhibit 5



**Volpe**
**and**
**Koenig** P.C.

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

———————— BRINGING LAW TO YOUR IDEAS® ————————

Anthony S. Volpe
avolpe@volpe-koenig.com

December 21, 2007

Michael J. Fink, Esquire                                    **VIA E-MAIL**
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191

Re:    *Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.*
       Civil Action No. 07-226

Dear Michael:

This responds to your December 20, 2007 correspondence.  We continue to believe
we are correct in our calculation that simultaneous briefs are due January 16, 2008.
We are not interested in agreeing to a different briefing schedule, especially in light
to your objections to have such a schedule and your refusal to consider claims terms
when the parties met to discuss a possible settlement.

If you are agreeing to exchange terms, please send us you definitions for the terms
listed in you December 20th correspondence by Friday, December 28, 2007.  We will
respond on Friday, January 4, 2008 with our position on your proposed terms.  We
can then discuss any differences and possibly agree on what will be briefed for
January 16th.

Very truly yours,

Volpe and Koenig, P.C.

By: _____
       Anthony S. Volpe

ASV/cps

cc:    All counsel of record via e-mail

*Patents        Trademarks        Copyrights        Trade Secrets        Litigation        Licensing*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-226 (JJF) |
| | ) | |
| JOHNSONFOILS, INC., | ) | |
| | ) | |
| Defendant | ) | |

## RULE 7.1.1 STATEMENT

Pursuant to Rule 7.1.1 of the Local Rules of the United States District Court for the District of Delaware, I hereby certify that counsel for Voith Paper GmbH & Co. KG ("Voith Paper") has made a reasonable effort to reach agreement with counsel for JohnsonFoils, Inc. on the matters set forth in Voith Paper's Motion for Leave to Supplement Opening Markman Brief, and that the parties have not been able to reach agreement.

Dated: January 24, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
Tel: (302) 571-6600
Fax: (302) 571-1253

*Attorneys for Plaintiff.*

OF COUNSEL:

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
Neal Goldberg
1950 Roland Clarke Place
Reston, VA 20191
(703) 716-0081