IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG          :
                                   :       Civil Action No. 07-226-JJF
            Plaintiff,             :
                                   :
         v.                        :
                                   :
JOHNSONFOILS, INC.                 :
                                   :
            Defendant.             :

## DEFENDANT, JOHNSONFOILS, INC.'S, SUPPLEMENTAL EXHIBITS IN SUPPORT OF ITS MOTION TO STAY THE PROCEEDINGS PENDING REEXAMINATION OF THE PATENTS IN SUIT OR IN THE ALTERNATIVE FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT PRIOR TO AUGUST 20, 2008 THAT U.S. PATENTS 5,718,805 AND 5,972,168 ARE INVALID

Defendant, JohnsonFoils, Inc. ("JohnsonFoils") previously filed a "Motion to Stay The Proceedings Pending Reexamination Of The Patents In Suit Or In The Alternative For Leave To File A Motion For Summary Judgment Prior To August 20, 2008 That U.S. Patents 5,718,805 And 5,972,168 Are Invalid" (D.I. 27) (the "Motion to Stay"), which remains pending.

On January 28, 2008, JohnsonFoils was notified that the United States Patent and Trademark Office ("USPTO") has granted reexamination to U.S. Patent No. 5,389,206, a related patent to the Patents-in-Suit. With the USPTO's recent order, the USPTO has ordered reexamination of the Patents-in-Suit and all related patents. Accordingly, JohnsonFoils is submitting the USPTO's five (5) Reexamination Orders to complete the record for the pending Motion to Stay. See Exhibits 7, 8, 9, 10 and 11.[1]

---

[1]     U.S. Patent Nos. U.S. Patent Nos. 5,389,206, 5,500,091, and 5,853,544 are related to the Patents-in-Suit and are also the subject of JohnsonFoils pending "Motion for Leave to Amend Its Counterclaims." D.I. 57.

Dated:  January 30, 2008

Respectfully submitted,

Seitz, Van Ogtrop & Green, P.A.

/s/ Patricia P. McGonigle
_____
George H. Seitz, III (DE #667)
gseitz@svglaw.com
Patricia Pyles McGonigle (DE #3126)
pmcgonigle@svglaw.com
Kevin A. Guerke (DE#4096)
kguerke@svglaw.com
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

- and -

Anthony S. Volpe
John J. O'Malley
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA  19103

*Attorneys for Defendant*
*JohnsonFoils, Inc.*

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 30th day of January 2008, I electronically filed the foregoing pleading with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record. Further, I caused a copy of the foregoing pleading to be served upon the following counsel as noted

**Via Hand Delivery**
Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899

**Via Federal Express**
Neil F. Greenblum, Esquire
Neal Goldberg, Esquire
Michael J. Fink, Esquire
Greenblum & Bernstein, PLC
1950 Roland Clarke Place
Reston, Virginia 20191

/s/ Patricia P. McGonigle
Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com

63084 v1

# Exhibit 7



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

RECEIVED
_____AM/PM

NOV 2 6 2007

VOLPE & KOENIG, P.C.

Volpe and Koenig, P.C.
United Plaza, Suite 1600, 30 South 17th Street
Philadelphia, PA 19103

## *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/008,826*.

PATENT NO. *5718805*.

ART UNIT *3991*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,826 | 08/24/2007 | 5718805 | | 2050 |

7590    11/19/2007

OSTROLENK FABER GERB & SOFFEN
1180 AVENUE OF THE AMERICAS
NEW YORK, NY  10036-8403

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

RECEIVED
————————AM/PM

NOV 2 6 2007

VOLPE & KOENIG, P.C.

DATE MAILED: 11/19/2007

Please find below and/or attached an Office communication concerning this application or proceeding.

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. 90/008,826 | Patent Under Reexamination 5718805 | |
|---|---|---|---|
| | Examiner Alan Diamond | Art Unit 3991 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>24 August 2007</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892,    b)☒ PTO/SB/08,    c)☐ Other: _____

RECEIVED
_____AM/PM
NOV 2 6 2007
VOLPE & KOENIG, P.C.

1. ☒  The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐  The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)).  Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)).  **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181  ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE  REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

    a) ☐  by Treasury check or,

    b) ☐  by credit to Deposit Account No. _____,  or

    c) ☐  by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

Alan  Diamond
Primary Examiner
Art Unit: 3991

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 08-06)          Office Action in *Ex Parte* Reexamination          Part of Paper No. 20071114

Application/Control Number: 90/008,826

Art Unit: 3991

RECEIVED
_____AM/PM

NOV 2 6 2007

VOLPE & KOENIG, P.C.

Page 2

## Decision on Reexamination Request

1.    A substantial new question of patentability affecting claims 1-5 of United States Patent Number 5,718,805 to Egelhof *et al.* (hereinafter "Egelhof") is raised by the request for *ex parte* reexamination.  The request for reexamination is Third Party requested.

### Extension of Time

2.    Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding.  Additionally, 35 U.S.C. 305 requires that *ex parte* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)).  Extensions of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

### Substantial New Question of Patentability (SNQ)

3.    The presence or absence of a "substantial new question of patentability" determines whether or not reexamination is ordered.

For a "substantial new question of patentability" to be present, it is only necessary that :

A) the prior art patents and/or printed publications raise a substantial new question of patentability regarding at least one claim, i.e., the teaching of the (prior art)

Application/Control Number: 90/008,826                                        Page 3
Art Unit: 3991

patents and printed publications is such that a reasonable examiner would consider the

teaching to be important in deciding whether or not the claim is patentable; and

B) the same question of patentability as to the claim has not been decided by the

Office in a previous examination of the patent or in a final holding of invalidity by the

Federal Courts in a decision on the merits involving the claim.

A SNQ may be based solely on old art where the old art is being

presented/viewed in a new light, or in a different way, as compared with its use in the

earlier concluded examination(s), in view of a material new argument or interpretation in

the request.  (MPEP 2242).

### References Relied Upon in the Request

Schaffrath, P.M. and Green, M.S. "Vertical Forming Machine Gives Symmetrical
Sheet Structure." (May 1965) TAPPI 48(5): 50A-52A, (hereinafter "Schaffrath and
Green"), newly cited.

"Paper Machine Felts." Ed. Woodside, L.M. (1967), Albany Felt Company,
Albany, NY: Chapter IV, pages 17-22, (hereinafter "Verti-Forma '67"), newly cited.

"Paper Machine Felts and Fabrics." Eds. Bergsma, et al. (1976) Albany
International Corp., Albany, NY: Chapter 4, pages 35-43, (hereinafter "Verti-Forma '76"),
newly cited.

Parker, J.D. "The Sheet Forming Process." (1972) TAPPI Fourth Printing: 80-89.
(hereinafter "Parker"), newly cited.

Means, GB 1,125,906, old art

Baumann, W. "DUOFORMER-D® - A new Approach to Top Wire Forming."
(1988) TAPPI Proceedings – Annual Meeting: pp. 75-80 (hereinafter "Baumann"), newly
cited[1].

---

[1] Baumann is newly cited because it does not appear as a cited reference on the face of Egelhof or any of its patented family members.  The only
application in the Egelhof family chain to go abandoned was Serial No. 07/773,965, which was file-wrapper-continued to Serial No. 08/055,918,
which issued as U.S. Patent 5,389,206.

Application/Control Number: 90/008,826                                    Page 4
Art Unit: 3991

### *Request*

4.     The request indicates the Requester considers that the combination of
Schaffrath and Green, admissions in Egelhof, Means, and Baumann raises a
substantial new question of patentability with respect to claims 1-5 of Egelhof.
The Requester refers collectively to said admissions in Egelhof, Means, and
Baumann as "Admitted Prior Art"[2], and the same terminology is used herein.

It is agreed that consideration of the combination of Schaffrath and Green and
the Admitted Prior Art raises a substantial new question of patentability as to claims 1-5
of Egelhof.  Page 11, lines 10-12, and the claim chart at pages 18-63 of the request for
reexamination are hereby incorporated by reference for their explanation of the teaching
provided in Schaffrath and Green and the Admitted Prior Art that was not present in the
prosecution of the application which became the Egelhof patent.  There is a substantial
likelihood that a reasonable examiner would consider this teaching important in deciding
whether or not claims 1-5 of Egelhof were patentable.  Accordingly, the combination of
Schaffrath and Green and the Admitted Prior Art raises a substantial new question of
patentability as to claims 1-5, which question has not been decided in a previous
examination of the Egelhof patent.

---

[2] In particular, requester cites col. 1, line 17 to col. 3, line 45 of Egelhof as admitted prior art, and this citation in Egelhof also cites both Means and Baumann. See the paragraph bridging pages 10 and 11 of the request; and, for example, the claim chart on pages 18, 20, and 24, where the Admitted Prior Art refers to cited portions in Egelhof and also refers to Means and Baumann.

5.    **The request indicates the Requester considers that the combination of Verti-Forma '67 and the Admitted Prior Art raises a substantial new question of patentability with respect to claims 1-5 of Egelhof.**

It is agreed that consideration of the combination of Verti-Forma '67 and the Admitted Prior Art raises a substantial new question of patentability as to claims 1-5 of Egelhof.  Page 11, lines 13-15, and the claim chart at pages 18-63 of the request for reexamination are hereby incorporated by reference for their explanation of the teaching provided in Verti-Forma '67 and the Admitted Prior Art that was not present in the prosecution of the application which became the Egelhof patent.  There is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claims 1-5 of Egelhof were patentable.  Accordingly, the combination of Verti-Forma '67 and the Admitted Prior Art raises a substantial new question of patentability as to claims 1-5, which question has not been decided in a previous examination of the Egelhof patent.

6.    **The request indicates the Requester considers that the combination of Verti-Forma '76 and the Admitted Prior Art raises a substantial new question of patentability with respect to claims 1-5 of Egelhof.**

It is agreed that consideration of the combination of Verti-Forma '76 and the Admitted Prior Art raises a substantial new question of patentability as to claims 1-5 of Egelhof.  Page 11, lines 16-18, and the claim chart at pages 18-63 of the request for reexamination are hereby incorporated by reference for their explanation of the teaching

Application/Control Number: 90/008,826                                    Page 6
Art Unit: 3991

provided in Verti-Forma '76 and the Admitted Prior Art that was not present in the

prosecution of the application which became the Egelhof patent.  There is a substantial

likelihood that a reasonable examiner would consider this teaching important in deciding

whether or not claims 1-5 of Egelhof were patentable.  Accordingly, the combination of

Verti-Forma '76 and the Admitted Prior Art raises a substantial new question of

patentability as to claims 1-5, which question has not been decided in a previous

examination of the Egelhof patent.

7.      **The request indicates the Requester considers that the combination of**
**Parker and the Admitted Prior Art raises a substantial new question of**
**patentability with respect to claims 1-5 of Egelhof.**

        It is agreed that consideration of the combination of Parker and the Admitted

Prior Art raises a substantial new question of patentability as to claims 1-5 of Egelhof.

Page 11, lines 19-20, and the claim chart at pages 18-63 of the request for

reexamination are hereby incorporated by reference for their explanation of the teaching

provided in Parker and the Admitted Prior Art that was not present in the prosecution of

the application which became the Egelhof patent.  There is a substantial likelihood that

a reasonable examiner would consider this teaching important in deciding whether or

not claims 1-5 of Egelhof were patentable.  Accordingly, the combination of Parker and

the Admitted Prior Art raises a substantial new question of patentability as to claims 1-5,

which question has not been decided in a previous examination of the Egelhof patent.

### *Duty to Disclose*

8.    The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No. 5,718,805 throughout the course of this reexamination proceeding.  The third party requestor is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding.  See MPEP §§ 2207, 2282 and 2286.

### *Correspondence*

14.    Any inquiry concerning this communication or earlier communications from the examiner should be directed to Alan Diamond whose telephone number is (571) 272-1338.  The examiner can normally be reached on Monday through Friday from 5:30 a.m. to 2:00 p.m.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Deborah Jones can be reached on (571) 272-1535.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system.  Status information for published applications may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished applications is available through Private PAIR only.  For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

Application/Control Number: 90/008,826                              Page 8
Art Unit: 3991

### Notice Re Patent Owner's Correspondence Address

Effective May 16, 2007, 37 CFR 1.33(c) has been revised to provide that:

The patent owner's correspondence address for all communications in an *ex parte* reexamination or an *inter partes* reexamination is designated as the correspondence address of the patent.

> *Revisions and Technical Corrections Affecting Requirements for Ex Parte and Inter Partes Reexamination*, 72 FR 18892 (April 16, 2007)(Final Rule)

**The correspondence address for any pending reexamination proceeding not having the same correspondence address as that of the patent is, by way of this revision to 37 CFR 1.33(c), <u>automatically changed to that of the patent file</u> as of the effective date.**

This change is effective for any reexamination proceeding which is pending before the Office as of May 16, 2007, <u>including the present reexamination proceeding</u>, and to any reexamination proceeding which is filed after that date.

Parties are to take this change into account when filing papers, and direct communications accordingly.

In the event the patent owner's correspondence address listed in the papers (record) for the present proceeding is different from the correspondence address of the patent, it is strongly encouraged that the patent owner affirmatively file a Notification of Change of Correspondence Address in the reexamination proceeding and/or the patent (depending on which address patent owner desires), to conform the address of the proceeding with that of the patent and to clarify the record as to which address should be used for correspondence.

Telephone Numbers for reexamination inquiries:

| | |
|---|---|
| Reexamination and Amendment Practice | (571) 272-7703 |
| Central Reexam Unit (CRU) | (571) 272-7705 |
| Reexamination Facsimile Transmission No. | (571) 273-9900 |

Please mail any communications to:
    Attn: Mail Stop "Ex Parte Reexam"
    Central Reexamination Unit
    Commissioner for Patents
    P. O. Box 1450
    Alexandria VA  22313-1450

Application/Control Number: 90/008,826                                    Page 9
Art Unit: 3991

Please FAX any communications to:
    (571) 273-9900
    Central Reexamination Unit

Please hand-deliver any communications to:
    Customer Service Window
    Attn:  Central Reexamination Unit
    Randolph Building, Lobby Level
    401 Dulany Street
    Alexandria, VA  22314

Signed:

Alan Diamond
Primary Examiner
Art Unit 3991
(571) 272-1338


DEBORAH D. JONES
SPRE-AU 3991
CENTRAL REEXAMINATION UNIT


JERRY D. JOHNSON
CRU EXAMINER-AU 3991

Sheet 1 of 1

| FORM PTO-1449 | | ATTY. DOCKET NO. | SERIAL NO.<br>~~Not yet known~~ 90/008,826<br>Reexamination of U.S. patent<br>5,718,805. |
|---|---|---|---|
| U.S. DEPARTMENT OF COMMERCE<br>PATENT AND TRADEMARK OFFICE | | | *RECEIVED* |
| INFORMATION DISCLOSURE<br>STATEMENT BY APPLICANT | | APPLICANT | *NOV 26 2007* *AM/PM* |
| (Sheet 1 of 2) | | FILING DATE<br>Not yet known<br>08/24/0 | GROUP<br>Central Reexamination Unit<br>3991 *VOLPE & KOENIG, P.C.* |

## U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

## FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|---|
| ADD | | GB 1,125,906 | 10/29/1964 | United Kingdom | — | — | — | ⌣ |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

## OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| ADD | 1 | Schaffrath, P.M. and Marshall, S. G. "Vertical Forming Machine Gives Symmetrical Sheet Structure." (May 1965) Tappi 48(5): 50A-52A. |
| ADD | 2 | "Paper Machine Felts." Ed. Woodside, L.M. (1967) Albany Felt Company, Albany, NY: Chapter IV, pages 17-22. |
| ADD | 3 | "Paper Machine Felts and Fabrics" Eds. Bergsma, *et al.* (1976) Albany International Corp., Albany, NY: Chapter 4, pages 35-43. |
| ADD | 4 | Parker, J.D. "The Sheet Forming Process." (1972) TAPPI Fourth Printing: 80-89. |

| EXAMINER | DATE CONSIDERED |
|---|---|
| | 11/15/07 |

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

EXHIBIT H

Sheet 1 of 1

| FORM PTO-1449<br><br>U.S. DEPARTMENT OF COMMERCE<br>PATENT AND TRADEMARK OFFICE<br><br>INFORMATION DISCLOSURE<br>STATEMENT BY APPLICANT<br><br>(Sheet 2 of 2) | ATTY. DOCKET NO. | SERIAL NO.<br>Not yet known 90/008,826<br>Reexamination of U.S. patent<br>5,718,805 |
|---|---|---|
| | APPLICANT | |
| | FILING DATE<br>Not yet known<br>08 24 07 | GROUPE & KOENIG, P.C.<br>Central Reexamination Unit<br>3991 |

RECEIVED AM/PM NOV 2 6 2007 VOLPE & KOENIG, P.C.

### U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | YES | NO |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

### OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| ADD | 5 | Baumann, W. "DUOFORMER-D® - A New Approach to Top Wire Forming." (1988) TAPPI Proceedings – Annual Meeting: 75-80. |
|---|---|---|
| | | |
| | | |
| | | |

| EXAMINER | DATE CONSIDERED |
|---|---|
| | 11/15/07 |

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

EXHIBIT H

# Exhibit 8

 United States Patent and Trademark Office



Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

RECEIVED
_____AM/PM
NOV 2 6 2007
VOLPE & KOENIG, P.C.

Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

## *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/008,821*.

PATENT NO. *5972168*.

ART UNIT *3991*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,821 | 08/24/2007 | 5972168 | | 2048 |

2352    7590    11/19/2007

OSTROLENK FABER GERB & SOFFEN
1180 AVENUE OF THE AMERICAS
NEW YORK, NY  100368403

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

RECEIVED
------------------------AM/PM

NOV 2 6 2007

VOLPE & KOENIG, P.C.

DATE MAILED: 11/19/2007

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

| ***Order Granting / Denying Request For Ex Parte Reexamination*** | Control No. 90/008,821 | Patent Under Reexamination 5972168 | |
|---|---|---|---|
| | Examiner Alan Diamond | Art Unit 3991 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>24 August 2007</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892,     b)☒ PTO/SB/08,     c)☐ Other: _____

1. ☒   The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐   The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)).  Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE  REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

a) ☐ by Treasury check or,

b) ☐ by credit to Deposit Account No. _____,  or

c) ☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

Alan  Diamond
Primary Examiner
Art Unit: 3991

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 08-06)          Office Action in *Ex Parte* Reexamination          Part of Paper No. 20071113

Application/Control Number: 90/008,821                                    Page 2
Art Unit: 3991

### Decision on Reexamination Request

1.    A substantial new question of patentability affecting claims 1-8 of United

States Patent Number 5,972,168 to Egelhof *et al.* (hereinafter "Egelhof") is raised

by the request for *ex parte* reexamination.  The request for reexamination is Third

Party requested.


### Extension of Time

2.    Extensions of time under 37 CFR 1.136(a) will not be permitted in these

proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant"

and not to parties in a reexamination proceeding.  Additionally, 35 U.S.C. 305

requires that *ex parte* reexamination proceedings "will be conducted with special

dispatch" (37 CFR 1.550(a)).  Extensions of time in *ex parte* reexamination

proceedings are provided for in 37 CFR 1.550(c).


### Substantial New Question of Patentability (SNQ)

3.    The presence or absence of a "substantial new question of patentability"

determines whether or not reexamination is ordered.

    For a "substantial new question of patentability" to be present, it is only

necessary that :

    A) the prior art patents and/or printed publications raise a substantial new

question of patentability regarding at least one claim, i.e., the teaching of the

(prior art) patents and printed publications is such that a reasonable examiner

Application/Control Number: 90/008,821                                    Page 3
Art Unit: 3991

would consider the teaching to be important in deciding whether or not the claim is patentable; and

B) the same question of patentability as to the claim has not been decided by the Office in a previous examination of the patent or in a final holding of invalidity by the Federal Courts in a decision on the merits involving the claim.

A SNQ may be based solely on old art where the old art is being presented/viewed in a new light, or in a different way, as compared with its use in the earlier concluded examination(s), in view of a material new argument or interpretation in the request.  (MPEP 2242).

### *References Relied Upon in the Request*

Schaffrath, P.M. and Green, M.S. "Vertical Forming Machine Gives Symmetrical Sheet Structure." (May 1965) TAPPI 48(5): 50A-52A, (hereinafter "Schaffrath and Green"), newly cited.

"Paper Machine Felts." Ed. Woodside, L.M. (1967), Albany Felt Company, Albany, NY: Chapter IV, pages 17-22, (hereinafter "Verti-Forma '67"), newly cited.

"Paper Machine Felts and Fabrics." Eds. Bergsma, *et al.* (1976) Albany International Corp., Albany, NY: Chapter 4, pages 35-43, (hereinafter "Verti-Forma '76"), newly cited.

Parker, J.D. "The Sheet Forming Process." (1972) TAPPI Fourth Printing: 80-89. (hereinafter "Parker"), newly cited.

Means, GB 1,125,906, old art

Baumann, W. "DUOFORMER-D® - A new Approach to Top Wire Forming." (1988) TAPPI Proceedings – Annual Meeting: pp. 75-80 (hereinafter "Baumann"), newly cited[1].

---

[1] Baumann is newly cited because it does not appear as a cited reference on the face of Egelhof or any of the patented parents thereof. The only application in the Egelhof family chain to go abandoned was Serial No. 07/773,965, which was file-wrapper-continued to Serial No. 08/055,918, which issued as U.S. Patent 5,389,206.

Application/Control Number: 90/008,821                                      Page 4
Art Unit: 3991

### *Request*

4.      The request indicates the Requester considers that the combination
of Schaffrath and Green, admissions in Egelhof, Means, and Baumann
raises a substantial new question of patentability with respect to claims 1-8
of Egelhof.  The Requester refers collectively to said admissions in
Egelhof, Means, and Baumann as "Admitted Prior Art"[2], and the same
terminology is used herein.

It is agreed that consideration of the combination of Schaffrath and Green
and the Admitted Prior Art raises a substantial new question of patentability as to
claims 1-8 of Egelhof.  Page 11, lines 8-10, and the claim chart at pages 20-52 of
the request for reexamination are hereby incorporated by reference for their
explanation of the teaching provided in Schaffrath and Green and the Admitted
Prior Art that was not present in the prosecution of the application which became
the Egelhof patent.  There is a substantial likelihood that a reasonable examiner
would consider this teaching important in deciding whether or not claims 1-8 of
Egelhof were patentable.  Accordingly, the combination of Schaffrath and Green
and the Admitted Prior Art raises a substantial new question of patentability as to
claims 1-8, which question has not been decided in a previous examination of the
Egelhof patent.

---

[2] In particular, requester cites col. 1, line 17 to col. 3, line 45 of Egelhof as admitted prior art, and this citation in Egelhof also cites
both Means and Baumann.  See the last paragraph on page 10 of the request; and, for example, the claim chart on pages 20-22, where
the Admitted Prior Art refers to cited portions in Egelhof and also refers to Means and Baumann.

5.    The request indicates the Requester considers that the combination
of Verti-Forma '67 and the Admitted Prior Art raises a substantial new
question of patentability with respect to claims 1-8 of Egelhof.

It is agreed that consideration of the combination of Verti-Forma '67 and
the Admitted Prior Art raises a substantial new question of patentability as to
claims 1-8 of Egelhof. Page 11, lines 11-13, and the claim chart at pages 20-52
of the request for reexamination are hereby incorporated by reference for their
explanation of the teaching provided in Verti-Forma '67 and the Admitted Prior
Art that was not present in the prosecution of the application which became the
Egelhof patent. There is a substantial likelihood that a reasonable examiner
would consider this teaching important in deciding whether or not claims 1-8 of
Egelhof were patentable. Accordingly, the combination of Verti-Forma '67 and
the Admitted Prior Art raises a substantial new question of patentability as to
claims 1-8, which question has not been decided in a previous examination of the
Egelhof patent.


6.    The request indicates the Requester considers that the combination
of Verti-Forma '76 and the Admitted Prior Art raises a substantial new
question of patentability with respect to claims 1-8 of Egelhof.

It is agreed that consideration of the combination of Verti-Forma '76 and
the Admitted Prior Art raises a substantial new question of patentability as to
claims 1-8 of Egelhof. Page 11, lines 14-16, and the claim chart at pages 20-52
of the request for reexamination are hereby incorporated by reference for their

Application/Control Number: 90/008,821                                    Page 6
Art Unit: 3991

explanation of the teaching provided in Verti-Forma '76 and the Admitted Prior

Art that was not present in the prosecution of the application which became the

Egelhof patent. There is a substantial likelihood that a reasonable examiner

would consider this teaching important in deciding whether or not claims 1-8 of

Egelhof were patentable. Accordingly, the combination of Verti-Forma '76 and

the Admitted Prior Art raises a substantial new question of patentability as to

claims 1-8, which question has not been decided in a previous examination of the

Egelhof patent.


7.      **The request indicates the Requester considers that the combination**

**of Parker and the Admitted Prior Art raises a substantial new question of**

**patentability with respect to claims 1-8 of Egelhof.**

        It is agreed that consideration of the combination of Parker and the

Admitted Prior Art raises a substantial new question of patentability as to claims

1-8 of Egelhof. Page 11, lines 17-18, and the claim chart at pages 20-52 of the

request for reexamination are hereby incorporated by reference for their

explanation of the teaching provided in Parker and the Admitted Prior Art that

was not present in the prosecution of the application which became the Egelhof

patent. There is a substantial likelihood that a reasonable examiner would

consider this teaching important in deciding whether or not claims 1-8 of Egelhof

were patentable. Accordingly, the combination of Parker and the Admitted Prior

Art raises a substantial new question of patentability as to claims 1-8, which

question has not been decided in a previous examination of the Egelhof patent.

Application/Control Number: 90/008,821                                    Page 7
Art Unit: 3991

### *Duty to Disclose*

8.      The patent owner is reminded of the continuing responsibility under 37

CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or

concurrent proceeding, involving Patent No. 5,972,168 throughout the course of

this reexamination proceeding.  The third party requestor is also reminded of the

ability to similarly apprise the Office of any such activity or proceeding throughout

the course of this reexamination proceeding.  See MPEP §§ 2207, 2282 and

2286.


### *Correspondence*

14.     Any inquiry concerning this communication or earlier communications from

the examiner should be directed to Alan Diamond whose telephone number is

(571) 272-1338.  The examiner can normally be reached on Monday through

Friday from 5:30 a.m. to 2:00 p.m.

        If attempts to reach the examiner by telephone are unsuccessful, the

examiner's supervisor, Deborah Jones can be reached on (571) 272-1535.

        Information regarding the status of an application may be obtained from

the Patent Application Information Retrieval (PAIR) system.  Status information

for published applications may be obtained from either Private PAIR or Public

PAIR.  Status information for unpublished applications is available through

Private PAIR only.  For more information about the PAIR system, see http://pair-

direct.uspto.gov. Should you have questions on access to the Private PAIR

Application/Control Number: 90/008,821                               Page 8
Art Unit: 3991

system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-

free).

### Notice Re Patent Owner's Correspondence Address

Effective May 16, 2007, 37 CFR 1.33(c) has been revised to provide that:

The patent owner's correspondence address for all communications in an *ex parte* reexamination or an *inter partes* reexamination is designated as the correspondence address of the patent.

> *Revisions and Technical Corrections Affecting Requirements for Ex Parte and Inter Partes Reexamination*, 72 FR 18892 (April 16, 2007)(Final Rule)

**The correspondence address for any pending reexamination proceeding not having the same correspondence address as that of the patent is, by way of this revision to 37 CFR 1.33(c), <u>automatically changed to that of the patent file</u> as of the effective date.**

This change is effective for any reexamination proceeding which is pending before the Office as of May 16, 2007, <u>including the present reexamination proceeding</u>, and to any reexamination proceeding which is filed after that date.

Parties are to take this change into account when filing papers, and direct communications accordingly.

In the event the patent owner's correspondence address listed in the papers (record) for the present proceeding is different from the correspondence address of the patent, it is strongly encouraged that the patent owner affirmatively file a Notification of Change of Correspondence Address in the reexamination proceeding and/or the patent (depending on which address patent owner desires), to conform the address of the proceeding with that of the patent and to clarify the record as to which address should be used for correspondence.

Telephone Numbers for reexamination inquiries:

| | |
|---|---|
| Reexamination and Amendment Practice | (571) 272-7703 |
| Central Reexam Unit (CRU) | (571) 272-7705 |
| Reexamination Facsimile Transmission No. | (571) 273-9900 |

Application/Control Number: 90/008,821                    Page 9
Art Unit: 3991

Please mail any communications to:
    Attn: Mail Stop "Ex Parte Reexam"
    Central Reexamination Unit
    Commissioner for Patents
    P. O. Box 1450
    Alexandria VA   22313-1450

Please FAX any communications to:
    (571) 273-9900
    Central Reexamination Unit

Please hand-deliver any communications to:
    Customer Service Window
    Attn:  Central Reexamination Unit
    Randolph Building, Lobby Level
    401 Dulany Street
    Alexandria, VA  22314

Signed:

Alan Diamond
Primary Examiner
Art Unit 3991
(571) 272-1338

CENTRAL REEXAMINATION UNIT
SPRE-AU 3991
DEBORAH D. JONES
SPRE-AU 3991
CENTRAL REEXAMINATION UNIT

JERRY D. JOHNSON
CRU EXAMINER-AU 3991

Sheet 1 of 1

| FORM PTO-1449 | ATTY. DOCKET NO. | SERIAL NO. |
|---|---|---|
| U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | | Not yet known 90/008,821 Reexamination of U.S. patent 5,972, RECEIVED AM/PM |
| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | APPLICANT NOV 2 6 2007 | |
| (Page 1 of 2) | FILING DATE Not yet known 08/24/07 | GROUP Central Reexamination VOLPE KOENIG, P.C. 3991 |

## U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

## FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|---|
| ADD | | GB 1,125,906 | 10/29/1964 | United Kingdom | — | — | — | — |
| | | | | | | | | |
| | | | | | | | | |

## OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| ADD | 1 | Schaffrath, P.M. and Marshall, S. G. "Vertical Forming Machine Gives Symmetrical Sheet Structure." (May 1965) Tappi 48(5): 50A-52A. |
|---|---|---|
| ADD | 2 | "Paper Machine Felts." Ed. Woodside, L.M. (1967) Albany Felt Company, Albany, NY: Chapter IV, pages 17-22. |
| ADD | 3 | "Paper Machine Felts and Fabrics" Eds. Bergsma, *et al.* (1976) Albany International Corp., Albany, NY: Chapter 4, pages 35-43. |
| ADD | 4 | Parker, J.D. "The Sheet Forming Process." (1972) TAPPI Fourth Printing: 80-89. |

| EXAMINER | DATE CONSIDERED |
|---|---|
| | 11/13/07 |

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

EXHIBIT H

Sheet 1 of 1

| FORM PTO-1449<br><br>U.S. DEPARTMENT OF COMMERCE<br>PATENT AND TRADEMARK OFFICE<br><br>INFORMATION DISCLOSURE<br>STATEMENT BY APPLICANT<br><br>(Page 2 of 2) | ATTY. DOCKET NO. | SERIAL NO.<br>~~Not yet known~~ 90/00 8, 82 1<br>Reexamination of U.S. patent<br>5,972,168 *RECEIVED* |
|---|---|---|
| | APPLICANT | |
| | FILING DATE<br>~~Not yet known~~<br>08/24/07 | Central Reexamination Unit<br>399 1 |

*NOV 2 6 2007*

## U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

## FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | YES | NO |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

## OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| *[initials]* | 5 | Baumann, W. "DUOFORMER-D® - A New Approach to Top Wire Forming." (1988) TAPPI Proceedings – Annual Meeting: 75-80. |
| | | |
| | | |
| | | |

| EXAMINER *[signature]* | DATE CONSIDERED<br>11/13/07 |
|---|---|

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

EXHIBIT H

# Exhibit 9



 UNITED STATES PATENT AND TRADEMARK OFFICE

RECEIVED
AM/PM

JAN 2 8 2008

VOLPE & KOENIG, P.C.

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/008,924*.

PATENT NO. *5389206*.

ART UNIT *3991*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,924 | 11/16/2007 | 5389206 | | 6128 |

7590     01/23/2008

Martin Pfeffer
OSTROLENK, FABER, GERB & SOFFEN
1180 Avenue of the Americas
New York, NY  10036-8403

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

RECEIVED
————————AM/PM

JAN 2 8 2008

VOLPE & KOENIG, P.C.

DATE MAILED: 01/23/2008

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. 90/008,924 | Patent Under Reexamination 5389206 | |
|---|---|---|---|
| | Examiner Alan Diamond | Art Unit 3991 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>16 November 2007</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892,    b)☒ PTO/SB/08,    c)☐ Other: _____

1. ☒   The request for *ex parte* reexamination is GRANTED.

   RESPONSE TIMES ARE SET AS FOLLOWS:

   For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

   For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐   The request for *ex parte* reexamination is DENIED.

   This decision is not appealable (35 U.S.C. 303(c)).  Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)).  **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181  ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE  REGULATIONS UNDER 37 CFR 1.183.**

   In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

   a) ☐  by Treasury check or,

   b) ☐  by credit to Deposit Account No. _____,  or

   c) ☐  by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

RECEIVED
_____AM/PM

JAN 2 8 2008

VOLPE & KOENIG, P.C.

Alan Diamond
Primary Examiner
Art Unit: 3991

cc:Requester ( if third party requester )

Application/Control Number:                           Page 2
90/008,924
Art Unit: 3991

RECEIVED
————————AM/PM

JAN 2 8 2008

VOLPE & KOENIG, P.C.

### *Decision on Reexamination Request*

1.     A substantial new question of patentability affecting claims 1-18 of United States

Patent Number 5,389,206 to Buck *et al.* (hereinafter "Buck") is raised by the request for

*ex parte* reexamination.  The request for reexamination is Third Party requested.


### *Extension of Time*

2.     Extensions of time under 37 CFR 1.136(a) will not be permitted in these

proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and

not to parties in a reexamination proceeding.  Additionally, 35 U.S.C. 305 requires that

*ex parte* reexamination proceedings "will be conducted with special dispatch" (37

CFR 1.550(a)).  Extensions of time in *ex parte* reexamination proceedings are provided

for in 37 CFR 1.550(c).


### *Substantial New Question of Patentability (SNQ)*

3.     The presence or absence of a "substantial new question of patentability"

determines whether or not reexamination is ordered.

       For a "substantial new question of patentability" to be present, it is only

necessary that :

       A) the prior art patents and/or printed publications raise a substantial new

question of patentability regarding at least one claim, i.e., the teaching of the (prior art)

patents and printed publications is such that a reasonable examiner would consider the

teaching to be important in deciding whether or not the claim is patentable; and

B) the same question of patentability as to the claim has not been decided by the

Office in a previous examination of the patent or in a final holding of invalidity by the

Federal Courts in a decision on the merits involving the claim.

A SNQ may be based solely on old art where the old art is being

presented/viewed in a new light, or in a different way, as compared with its use in the

earlier concluded examination(s), in view of a material new argument or interpretation in

the request.  (MPEP 2242).

### References Relied Upon in the Request

Schaffrath, P.M. and Green, M.S. "Vertical Forming Machine Gives Symmetrical Sheet Structure." (May 1965) TAPPI 48(5): 50A-52A, (hereinafter "Schaffrath and Green"), newly cited.

"Paper Machine Felts." Ed. Woodside, L.M. (1967), Albany Felt Company, Albany, NY: Chapter IV, pages 17-22, (hereinafter "Verti-Forma '67"), newly cited.

"Paper Machine Felts and Fabrics." Eds. Bergsma, et al. (1976) Albany International Corp., Albany, NY: Chapter 4, pages 35-43, (hereinafter "Verti-Forma '76"), newly cited.

Parker, J.D. "The Sheet Forming Process." (1972) TAPPI Fourth Printing: 80-89. (hereinafter "Parker"), newly cited.

Norman, B. "Principles of Twin-Wire Forming," Svensk Papperstidning, 8(11); pages 330-336, (1979), newly cited.

Baxter, Jr et al, U.S. Patent 3,215,594 (hereinafter "Baxter"), newly cited.

Means, GB 1,125,906, old art.

Baumann, W. "DUOFORMER-D® - A new Approach to Top Wire Forming." (1988) TAPPI Proceedings – Annual Meeting: pp. 75-80 (hereinafter "Baumann"), newly cited.

Bubik, DE 3138133 A1, old art.

Application/Control Number:                                    Page 4
90/008,924
Art Unit: 3991

### *Request*

4.     **The request indicates the Requester considers that the combination of**
**Schaffrath and Green and admissions in Buck, Means, Baumann and Bubik raises**
**a substantial new question of patentability with respect to claims 1, 3, 7, 8, 10, 11,**
**13, 16 and 18 of Buck.  The Requester refers collectively to said admissions in**
**Buck, Means, Baumann and Bubik as "Admitted Prior Art"[1], and the same**
**terminology is used herein.**

It is agreed that consideration of the combination of Schaffrath and Green and
the Admitted Prior Art raises a substantial new question of patentability as to claims 1,
3, 7, 8, 10, 11, 13, 16 and 18 of Buck.  The claim chart at pages 32-42 and 44-51 of the
request for reexamination are hereby incorporated by reference for their explanation of
the teaching provided in Schaffrath and Green and the Admitted Prior Art that was not
present in the prosecution of the application which became the Buck patent.  There is a
substantial likelihood that a reasonable examiner would consider this teaching important
in deciding whether or not claims 1, 3, 7, 8, 10, 11, 13, 16 and 18 of Buck were
patentable.  Accordingly, the combination of Schaffrath and Green and the Admitted
Prior Art raises a substantial new question of patentability as to claims 1, 3, 7, 8, 10, 11,
13, 16 and 18, which question has not been decided in a previous examination of the
Buck patent.

Application/Control Number:                                          Page 5
90/008,924
Art Unit: 3991

5.    **The request indicates the Requester considers that the combination of Schaffrath and Green, Norman and the Admitted Prior Art raises a substantial new question of patentability with respect to claims 2, 9, 12, 14, 15 and 17 of Buck.**

It is agreed that consideration of the combination of Schaffrath and Green, Norman and the Admitted Prior Art raises a substantial new question of patentability as to claims 2, 9, 12, 14, 15 and 17 of Buck. The claim chart at pages 42 and 45-50 of the request for reexamination are hereby incorporated by reference for their explanation of the teaching provided in Schaffrath and Green, Norman and the Admitted Prior Art that was not present in the prosecution of the application which became the Buck patent. There is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claims 2, 9, 12, 14, 15 and 17 of Buck were patentable. Accordingly, the combination of Schaffrath and Green, Norman and the Admitted Prior Art raises a substantial new question of patentability as to claims 2, 9, 12, 14, 15 and 17, which question has not been decided in a previous examination of the Buck patent.

6.    **The request indicates the Requester considers that the combination of Schaffrath and Green, Baxter and the Admitted Prior Art raises a substantial new question of patentability with respect to claims 4-6 of Buck.**

---

[1] In particular, requester cites col. 1, line 8 through col. 3, line 61 of Buck as admitted prior art, and this citation in Buck also cites Means, Baumann and Bubik. See the paragraph bridging pages 9 and 10 of the request; and, for example, the claim chart on pages 32-37, where the Admitted Prior Art refers to cited portions in Buck and also refers to Means, Baumann and Bubik.

Application/Control Number:                                          Page 6
90/008,924
Art Unit: 3991

It is agreed that consideration of the combination of Schaffrath and Green, Baxter

and the Admitted Prior Art raises a substantial new question of patentability as to claims

4-6 of Buck.  The claim chart at pages 43-44 of the request for reexamination are

hereby incorporated by reference for their explanation of the teaching provided in

Schaffrath and Green, Baxter and the Admitted Prior Art that was not present in the

prosecution of the application which became the Buck patent.  There is a substantial

likelihood that a reasonable examiner would consider this teaching important in deciding

whether or not claims 4-6 of Buck were patentable.  Accordingly, the combination of

Schaffrath and Green, Baxter and the Admitted Prior Art raises a substantial new

question of patentability as to claims 4-6, which question has not been decided in a

previous examination of the Buck patent.


7.      The request indicates the Requester considers that the combination of

Verti-Forma '67 and the Admitted Prior Art raises a substantial new question of

patentability with respect to claims 1, 3, 7, 8, 10, 11, 13, 16 and 18 of Buck.

It is agreed that consideration of the combination of Verti-Forma '67 and the

Admitted Prior Art raises a substantial new question of patentability as to claims 1, 3, 7,

8, 10, 11, 13, 16 and 18 of Buck.  The claim chart at pages 51-70 of the request for

reexamination are hereby incorporated by reference for their explanation of the teaching

provided in Verti-Forma '67 and the Admitted Prior Art that was not present in the

prosecution of the application which became the Buck patent.  There is a substantial

likelihood that a reasonable examiner would consider this teaching important in deciding

Application/Control Number:                                    Page 7
90/008,924
Art Unit: 3991

whether or not claims 1, 3, 7, 8, 10, 11, 13, 16 and 18 of Buck were patentable.

Accordingly, the combination of Verti-Forma '67 and the Admitted Prior Art raises a

substantial new question of patentability as to claims 1, 3, 7, 8, 10, 11, 13, 16 and 18,

which question has not been decided in a previous examination of the Buck patent.

8.       **The request indicates the Requester considers that the combination of**
**Verti-Forma '67, Norman and the Admitted Prior Art raises a substantial new**
**question of patentability with respect to claims 2, 9, 12, 14, 15 and 17 of Buck.**

It is agreed that consideration of the combination of Verti-Forma '67, Norman and

the Admitted Prior Art raises a substantial new question of patentability as to claims 2,

9, 12, 14, 15 and 17 of Buck.  The claim chart at pages 61 and 65-69 of the request for

reexamination are hereby incorporated by reference for their explanation of the teaching

provided in Verti-Forma '67, Norman and the Admitted Prior Art that was not present in

the prosecution of the application which became the Buck patent.  There is a substantial

likelihood that a reasonable examiner would consider this teaching important in deciding

whether or not claims 2, 9, 12, 14, 15 and 17 of Buck were patentable.  Accordingly, the

combination of Verti-Forma '67, Norman and the Admitted Prior Art raises a substantial

new question of patentability as to claims 2, 9, 12, 14, 15 and 17, which question has

not been decided in a previous examination of the Buck patent.

Application/Control Number:                               Page 8
90/008,924
Art Unit: 3991

9.    **The request indicates the Requester considers that the combination of**

**Verti-Forma '67, Baxter and the Admitted Prior Art raises a substantial new**

**question of patentability with respect to claims 4-6 of Buck.**

It is agreed that consideration of the combination of Verti-Forma '67, Baxter and

the Admitted Prior Art raises a substantial new question of patentability as to claims 4-6

of Buck. The claim chart at pages 62-63 of the request for reexamination are hereby

incorporated by reference for their explanation of the teaching provided in Verti-Forma

'67, Baxter and the Admitted Prior Art that was not present in the prosecution of the

application which became the Buck patent. There is a substantial likelihood that a

reasonable examiner would consider this teaching important in deciding whether or not

claims 4-6 of Buck were patentable. Accordingly, the combination of Verti-Forma '67,

Baxter and the Admitted Prior Art raises a substantial new question of patentability as to

claims 4-6, which question has not been decided in a previous examination of the Buck

patent.

10.    **The request indicates the Requester considers that the combination of**

**Verti-Forma '76 and the Admitted Prior Art raises a substantial new question of**

**patentability with respect to claims 1, 3, 7, 8, 10, 11, 13, 16 and 18 of Buck.**

It is agreed that consideration of the combination of Verti-Forma '76 and the

Admitted Prior Art raises a substantial new question of patentability as to claims 1, 3, 7,

8, 10, 11, 13, 16 and 18 of Buck. The claim chart at pages 70-81, 83-86 and 88-89 of

the request for reexamination are hereby incorporated by reference for their explanation

Application/Control Number:                                          Page 9
90/008,924
Art Unit: 3991

of the teaching provided in Verti-Forma '76 and the Admitted Prior Art that was not

present in the prosecution of the application which became the Buck patent. There is a

substantial likelihood that a reasonable examiner would consider this teaching important

in deciding whether or not claims 1, 3, 7, 8, 10, 11, 13, 16 and 18 of Buck were

patentable. Accordingly, the combination of Verti-Forma '76 and the Admitted Prior Art

raises a substantial new question of patentability as to claims 1, 3, 7, 8, 10, 11, 13, 16

and 18, which question has not been decided in a previous examination of the Buck

patent.


11.    **The request indicates the Requester considers that the combination of**

**Verti-Forma '76, Norman and the Admitted Prior Art raises a substantial new**

**question of patentability with respect to claims 2, 9, 12, 14, 15 and 17 of Buck.**

It is agreed that consideration of the combination of Verti-Forma '76, Norman and

the Admitted Prior Art raises a substantial new question of patentability as to claims 2,

9, 12, 14, 15 and 17 of Buck. The claim chart at pages 80, 84, 86, 87 and 89 of the

request for reexamination are hereby incorporated by reference for their explanation of

the teaching provided in Verti-Forma '76, Norman and the Admitted Prior Art that was

not present in the prosecution of the application which became the Buck patent. There

is a substantial likelihood that a reasonable examiner would consider this teaching

important in deciding whether or not claims 2, 9, 12, 14, 15 and 17 of Buck were

patentable. Accordingly, the combination of Verti-Forma '76, Norman and the Admitted

Prior Art raises a substantial new question of patentability as to claims 2, 9, 12, 14, 15

Application/Control Number:
90/008,924
Art Unit: 3991

Page 10

and 17, which question has not been decided in a previous examination of the Buck

patent.

12.    The request indicates the Requester considers that the combination of
Verti-Forma '76, Baxter and the Admitted Prior Art raises a substantial new
question of patentability with respect to claims 4-6 of Buck.

It is agreed that consideration of the combination of Verti-Forma '76, Baxter and

the Admitted Prior Art raises a substantial new question of patentability as to claims 4-6

of Buck.  The claim chart at pages 81 and 82 of the request for reexamination are

hereby incorporated by reference for their explanation of the teaching provided in Verti-

Forma '76, Baxter and the Admitted Prior Art that was not present in the prosecution of

the application which became the Buck patent.  There is a substantial likelihood that a

reasonable examiner would consider this teaching important in deciding whether or not

claims 4-6 of Buck were patentable.  Accordingly, the combination of Verti-Forma '76,

Baxter and the Admitted Prior Art raises a substantial new question of patentability as to

claims 4-6, which question has not been decided in a previous examination of the Buck

patent.

13.    The request indicates the Requester considers that the combination of
Parker and the Admitted Prior Art raises a substantial new question of
patentability with respect to claims 1, 3, 7, 8, 10, 11, 13, 16 and 18 of Buck.

Application/Control Number:                                    Page 11
90/008,924
Art Unit: 3991

It is agreed that consideration of the combination of Parker and the Admitted

Prior Art raises a substantial new question of patentability as to claims 1, 3, 7, 8, 10, 11,

13, 16 and 18 of Buck.  The claim chart at pages 90-100 and 102-108 of the request for

reexamination are hereby incorporated by reference for their explanation of the teaching

provided in Parker and the Admitted Prior Art that was not present in the prosecution of

the application which became the Buck patent.  There is a substantial likelihood that a

reasonable examiner would consider this teaching important in deciding whether or not

claims 1, 3, 7, 8, 10, 11, 13, 16 and 18 of Buck were patentable.  Accordingly, the

combination of Parker and the Admitted Prior Art raises a substantial new question of

patentability as to claims 1, 3, 7, 8, 10, 11, 13, 16 and 18, which question has not been

decided in a previous examination of the Buck patent.


14.    The request indicates the Requester considers that the combination of

Parker, Norman and the Admitted Prior Art raises a substantial new question of

patentability with respect to claims 2, 9, 12, 14, 15 and 17 of Buck.

It is agreed that consideration of the combination of Parker, Norman and the

Admitted Prior Art raises a substantial new question of patentability as to claims 2, 9,

12, 14, 15 and 17 of Buck.  The claim chart at pages 99, 100 and 103-107 of the

request for reexamination are hereby incorporated by reference for their explanation of

the teaching provided in Parker, Norman and the Admitted Prior Art that was not

present in the prosecution of the application which became the Buck patent.  There is a

substantial likelihood that a reasonable examiner would consider this teaching important

Application/Control Number:                                    Page 12
90/008,924
Art Unit: 3991

in deciding whether or not claims 2, 9, 12, 14, 15 and 17 of Buck were patentable.

Accordingly, the combination of Parker, Norman and the Admitted Prior Art raises a

substantial new question of patentability as to claims 2, 9, 12, 14, 15 and 17, which

question has not been decided in a previous examination of the Buck patent.


**15.     The request indicates the Requester considers that the combination of**

**Parker, Baxter and the Admitted Prior Art raises a substantial new question of**

**patentability with respect to claims 4-6 of Buck.**

It is agreed that consideration of the combination of Parker, Baxter and the

Admitted Prior Art raises a substantial new question of patentability as to claims 4-6 of

Buck.  The claim chart at pages 100-101 of the request for reexamination are hereby

incorporated by reference for their explanation of the teaching provided in Parker,

Baxter and the Admitted Prior Art that was not present in the prosecution of the

application which became the Buck patent.  There is a substantial likelihood that a

reasonable examiner would consider this teaching important in deciding whether or not

claims 4-6 of Buck were patentable.  Accordingly, the combination of Parker, Baxter and

the Admitted Prior Art raises a substantial new question of patentability as to claims 4-6,

which question has not been decided in a previous examination of the Buck patent.


### *Duty to Disclose*

16.     The patent owner is reminded of the continuing responsibility under 37 CFR

1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent

Application/Control Number:                                        Page 13
90/008,924
Art Unit: 3991

proceeding, involving Patent No. 5,389,206 throughout the course of this reexamination

proceeding.  The third party requestor is also reminded of the ability to similarly apprise

the Office of any such activity or proceeding throughout the course of this reexamination

proceeding.  See MPEP §§ 2207, 2282 and 2286.


### *Correspondence*

14.    Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Alan Diamond whose telephone number is (571) 272-

1338.  The examiner can normally be reached on Monday through Friday from 5:30

a.m. to 2:00 p.m.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Deborah Jones can be reached on (571) 272-1535.

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free).


### *Notice Re Patent Owner's Correspondence Address*

Effective May 16, 2007, 37 CFR 1.33(c) has been revised to provide that:

Application/Control Number:                                    Page 14
90/008,924
Art Unit: 3991

The patent owner's correspondence address for all communications in an *ex parte* reexamination or an *inter partes* reexamination is designated as the correspondence address of the patent.

> *Revisions and Technical Corrections Affecting Requirements for Ex Parte and Inter Partes Reexamination*, 72 FR 18892 (April 16, 2007)(Final Rule)

**The correspondence address for any pending reexamination proceeding not having the same correspondence address as that of the patent is, by way of this revision to 37 CFR 1.33(c), <u>automatically changed to that of the patent file</u> as of the effective date.**

This change is effective for any reexamination proceeding which is pending before the Office as of May 16, 2007, <u>including the present reexamination proceeding</u>, and to any reexamination proceeding which is filed after that date.

Parties are to take this change into account when filing papers, and direct communications accordingly

In the event the patent owner's correspondence address listed in the papers (record) for the present proceeding is different from the correspondence address of the patent, it is strongly encouraged that the patent owner affirmatively file a Notification of Change of Correspondence Address in the reexamination proceeding and/or the patent (depending on which address patent owner desires), to conform the address of the proceeding with that of the patent and to clarify the record as to which address should be used for correspondence.

Telephone Numbers for reexamination inquiries:

Reexamination and Amendment Practice              (571) 272-7703
Central Reexam Unit (CRU)                         (571) 272-7705
Reexamination Facsimile Transmission No.          (571) 273-9900

Please mail any communications to:
        Attn: Mail Stop "Ex Parte Reexam"
        Central Reexamination Unit
        Commissioner for Patents
        P. O. Box 1450
        Alexandria VA  22313-1450

Application/Control Number:                                        Page 15
90/008,924
Art Unit: 3991

Please FAX any communications to:
    (571) 273-9900
    Central Reexamination Unit

Please hand-deliver any communications to:
    Customer Service Window
    Attn:  Central Reexamination Unit
    Randolph Building, Lobby Level
    401 Dulany Street
    Alexandria, VA  22314

Signed:

Alan Diamond
Primary Examiner
Art Unit 3991
(571) 272-1338

DEBORAH D. JONES
CRU SPE-AU 3991

JERRY D. JOHNSON
PRIMARY EXAMINER
CRU - AU 3991

RECEIVED
AM/PM

JAN 2 8 2008

VOLPE & KOENIG, P.C.

Sheet 1 of 2

| | |
|---|---|
| FORM PTO-1449<br><br>U.S. DEPARTMENT OF COMMERCE<br>PATENT AND TRADEMARK OFFICE<br><br>INFORMATION DISCLOSURE<br>STATEMENT BY APPLICANT<br><br>(Sheet 1 of 2) | **ATTY. DOCKET NO.**          **SERIAL NO.**<br>Not yet known<br>Reexamination of U.S. patent<br>5,389,206 |
| | Bück *et al.* |
| | **FILING DATE**<br>Not yet known | **GROUP**<br>Central Reexamination Unit |

### U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| /AD/ | | U.S. 3,215,594 | 11/02/1965 | Baxter et al. | — | — | — |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | YES | NO |
| /AD/ | | GB 1,125,906 | 10/29/1964 | United Kingdom | — | — | — | |
| /AD/ | | DE 31 38 133 | 09/25/1981 | Federal Republic of Germany | — | — | ✓ | |

### OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| /AD/ | 1 | Schaffrath, P.M. and Green, M.S."Vertical Forming Machine Gives Symmetrical Sheet Structure." (May 1965) TAPPI 48(5): 50A-52A. |
| /AD/ | 2 | "Paper Machine Felts." Ed. Woodside, L.M. (1967) Albany Felt Company, Albany, NY: Chapter IV, pages 17-22. |
| /AD/ | 3 | "Paper Machine Felts and Fabrics" Eds. Bergsma, et al. (1976) Albany International Corp., Albany, NY: Chapter 4, pages 35-43. |
| /AD/ | 4 | Parker, J.D. "The Sheet Forming Process." (1972) TAPPI Fourth Printing: 80-89. |

| EXAMINER<br>/Alan Diamond/ | DATE CONSIDERED<br>01/16/2008 |
|---|---|

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

EXHIBIT M

RECEIVED
AM/PM

JAN 2 8 2008

VOLPE & KOENIG, P.C.    Sheet 2 of 2

| FORM PTO-1449<br><br>U.S. DEPARTMENT OF COMMERCE<br>PATENT AND TRADEMARK OFFICE<br><br>INFORMATION DISCLOSURE<br>STATEMENT BY APPLICANT<br><br>(Sheet 2 of 2) | ATTY. DOCKET NO. | SERIAL NO.<br>Not yet known<br>Reexamination of U.S. patent<br>5,389,206 |
|---|---|---|
| | Bück *et al.* | |
| | FILING DATE<br>Not yet known | GROUP<br>Central Reexamination Unit |

### U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | TRANSLATION NO |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

### OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| /AD/ | 5 | Baumann, W. "DUOFORMER-D® - A New Approach to Top Wire Forming." (1988) TAPPI Proceedings – Annual Meeting: 75-80. |
| /AD/ | | Norman, B. "Principles of twin-wire forming." Svensk Papperstidning (1979) 82 (11), 330–336. |
| | | |
| | | |

| /Alan Diamond/ EXAMINER | DATE CONSIDERED 01/16/2008 |
|---|---|

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

EXHIBIT M

# Exhibit 10



 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

RECEIVED
_____ AM/PM

DEC 2 6 2007

VOLPE & KOENIG, P.C.

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. _90/008,932_.

PATENT NO. _5,500,091_.

ART UNIT _3991_.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination | |
|---|---|---|---|
| | 90/008,932 | 5,500,091 | |
| | Examiner | Art Unit | |
| | Alan Diamond | 3991 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>16 November 2007</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a)☐  PTO-892,      b)☒  PTO/SB/08,      c)☐  Other: _____

1. ☒   The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐   The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)).  Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE  REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

a) ☐  by Treasury check or,

b) ☐  by credit to Deposit Account No. _____,  or

c) ☐  by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

Alan  Diamond
Primary Examiner
Art Unit: 3991

cc:Requester ( if third party requester )

Application/Control Number:                                    Page 2
90/008,932
Art Unit: 3991

### Decision on Reexamination Request

1.    A substantial new question of patentability affecting claims 1 and 2 of United

States Patent Number 5,500,091 to Buck *et al.* (hereinafter "Buck") is raised by the

request for *ex parte* reexamination.  The request for reexamination is Third Party

requested.

### Extension of Time

2.    Extensions of time under 37 CFR 1.136(a) will not be permitted in these

proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and

not to parties in a reexamination proceeding.  Additionally, 35 U.S.C. 305 requires that

*ex parte* reexamination proceedings "will be conducted with special dispatch" (37

CFR 1.550(a)).  Extensions of time in *ex parte* reexamination proceedings are provided

for in 37 CFR 1.550(c).

### Substantial New Question of Patentability (SNQ)

3.    The presence or absence of a "substantial new question of patentability"

determines whether or not reexamination is ordered.

For a "substantial new question of patentability" to be present, it is only

necessary that :

A) the prior art patents and/or printed publications raise a substantial new

question of patentability regarding at least one claim, i.e., the teaching of the (prior art)

Application/Control Number:                                    Page 3
90/008,932
Art Unit: 3991

patents and printed publications is such that a reasonable examiner would consider the

teaching to be important in deciding whether or not the claim is patentable; and

    B) the same question of patentability as to the claim has not been decided by the

Office in a previous examination of the patent or in a final holding of invalidity by the

Federal Courts in a decision on the merits involving the claim.

    A SNQ may be based solely on old art where the old art is being

presented/viewed in a new light, or in a different way, as compared with its use in the

earlier concluded examination(s), in view of a material new argument or interpretation in

the request.  (MPEP 2242).


### References Relied Upon in the Request

    Schaffrath, P.M. and Green, M.S. "Vertical Forming Machine Gives Symmetrical
Sheet Structure." (May 1965) TAPPI 48(5): 50A-52A, (hereinafter "Schaffrath and
Green"), newly cited.

    "Paper Machine Felts." Ed. Woodside, L.M. (1967), Albany Felt Company,
Albany, NY: Chapter IV, pages 17-22, (hereinafter "Verti-Forma '67"), newly cited.

    "Paper Machine Felts and Fabrics." Eds. Bergsma, et al. (1976) Albany
International Corp., Albany, NY: Chapter 4, pages 35-43, (hereinafter "Verti-Forma '76"),
newly cited.

    Parker, J.D. "The Sheet Forming Process." (1972) TAPPI Fourth Printing: 80-89.
(hereinafter "Parker"), newly cited.

    Means, GB 1,125,906, old art.

    Baumann, W. "DUOFORMER-D® - A new Approach to Top Wire Forming."
(1988) TAPPI Proceedings – Annual Meeting: pp. 75-80 (hereinafter "Baumann"), newly
cited.

    Bubik, DE 3138133 A1, old art.

Application/Control Number:                                    Page 4
90/008,932
Art Unit: 3991

### *Request*

4.     **The request indicates the Requester considers that the combination of Schaffrath and Green, admissions in Buck, Means, Baumann and Bubik raises a substantial new question of patentability with respect to claims 1 and 2 of Buck. The Requester refers collectively to said admissions in Buck, Means, Baumann and Bubik as "Admitted Prior Art"[1], and the same terminology is used herein.**

It is agreed that consideration of the combination of Schaffrath and Green and the Admitted Prior Art raises a substantial new question of patentability as to claims 1 and 2 of Buck. Page 11, lines 1-3, and the claim chart at pages 18-37 of the request for reexamination are hereby incorporated by reference for their explanation of the teaching provided in Schaffrath and Green and the Admitted Prior Art that was not present in the prosecution of the application which became the Buck patent. There is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claims 1 and 2 of Buck were patentable. Accordingly, the combination of Schaffrath and Green and the Admitted Prior Art raises a substantial new question of patentability as to claims 1 and 2, which question has not been decided in a previous examination of the Buck patent.

---

[1] In particular, requester cites col. 1, line 10 to col. 3, line 50 of Buck as admitted prior art, and this citation in Buck also cites Means, Baumann. and Bubik. See the paragraph bridging pages 9 and 10 of the request; and, for example, the claim chart on pages 18-23, where the Admitted Prior Art refers to cited portions in Buck and also refers to Means, Baumann. and Bubik.

Application/Control Number:                                          Page 5
90/008,932
Art Unit: 3991

5.      The request indicates the Requester considers that the combination of

Verti-Forma '67 and the Admitted Prior Art raises a substantial new question of

patentability with respect to claims 1 and 2 of Buck.

         It is agreed that consideration of the combination of Verti-Forma '67 and the

Admitted Prior Art raises a substantial new question of patentability as to claims 1 and 2

of Buck. Page 11, lines 4-6, and the claim chart at pages 37-57 of the request for

reexamination are hereby incorporated by reference for their explanation of the teaching

provided in Verti-Forma '67 and the Admitted Prior Art that was not present in the

prosecution of the application which became the Buck patent. There is a substantial

likelihood that a reasonable examiner would consider this teaching important in deciding

whether or not claims 1 and 2 of Buck were patentable. Accordingly, the combination of

Verti-Forma '67 and the Admitted Prior Art raises a substantial new question of

patentability as to claims 1 and 2, which question has not been decided in a previous

examination of the Buck patent.

6.      The request indicates the Requester considers that the combination of

Verti-Forma '76 and the Admitted Prior Art raises a substantial new question of

patentability with respect to claims 1 and 2 of Buck.

         It is agreed that consideration of the combination of Verti-Forma '76 and the

Admitted Prior Art raises a substantial new question of patentability as to claims 1 and 2

of Buck. Page 11, lines 7-9, and the claim chart at pages 57-77 of the request for

reexamination are hereby incorporated by reference for their explanation of the teaching

Application/Control Number:                                    Page 6
90/008,932
Art Unit: 3991

provided in Verti-Forma '76 and the Admitted Prior Art that was not present in the

prosecution of the application which became the Buck patent. There is a substantial

likelihood that a reasonable examiner would consider this teaching important in deciding

whether or not claims 1 and 2 of Buck were patentable. Accordingly, the combination of

Verti-Forma '76 and the Admitted Prior Art raises a substantial new question of

patentability as to claims 1 and 2, which question has not been decided in a previous

examination of the Buck patent.


7.    **The request indicates the Requester considers that the combination of**

**Parker and the Admitted Prior Art raises a substantial new question of**

**patentability with respect to claims 1 and 2 of Buck.**

It is agreed that consideration of the combination of Parker and the Admitted

Prior Art raises a substantial new question of patentability as to claims 1 and 2 of Buck.

Page 11, lines 10-12, and the claim chart at pages 77-96 of the request for

reexamination are hereby incorporated by reference for their explanation of the teaching

provided in Parker and the Admitted Prior Art that was not present in the prosecution of

the application which became the Buck patent. There is a substantial likelihood that a

reasonable examiner would consider this teaching important in deciding whether or not

claims 1 and 2 of Buck were patentable. Accordingly, the combination of Parker and

the Admitted Prior Art raises a substantial new question of patentability as to claims 1

and 2, which question has not been decided in a previous examination of the Buck

patent.

Application/Control Number:                                    Page 7
90/008,932
Art Unit: 3991

## *Duty to Disclose*

8.     The patent owner is reminded of the continuing responsibility under 37 CFR

1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent

proceeding, involving Patent No. 5,500,932 throughout the course of this reexamination

proceeding.  The third party requestor is also reminded of the ability to similarly apprise

the Office of any such activity or proceeding throughout the course of this reexamination

proceeding.  See MPEP §§ 2207, 2282 and 2286.


## *Correspondence*

14.     Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Alan Diamond whose telephone number is (571) 272-

1338.  The examiner can normally be reached on Monday through Friday from 5:30

a.m. to 2:00 p.m.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Deborah Jones can be reached on (571) 272-1535.

        Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free).

Application/Control Number:                                     Page 8
90/008,932
Art Unit: 3991


### *Notice Re Patent Owner's Correspondence Address*

Effective May 16, 2007, 37 CFR 1.33(c) has been revised to provide that:

The patent owner's correspondence address for all communications in an *ex parte*
reexamination or an *inter partes* reexamination is designated as the correspondence
address of the patent.

> *Revisions and Technical Corrections Affecting Requirements for Ex Parte*
> *and Inter Partes Reexamination*, 72 FR 18892 (April 16, 2007)(Final Rule)

**The correspondence address for any pending reexamination proceeding not
having the same correspondence address as that of the patent is, by way of this
revision to 37 CFR 1.33(c), <u>automatically changed to that of the patent file</u> as of
the effective date.**

This change is effective for any reexamination proceeding which is pending before the
Office as of May 16, 2007, <u>including the present reexamination proceeding</u>, and to any
reexamination proceeding which is filed after that date.

Parties are to take this change into account when filing papers, and direct
communications accordingly.

In the event the patent owner's correspondence address listed in the papers (record) for
the present proceeding is different from the correspondence address of the patent, it is
strongly encouraged that the patent owner affirmatively file a Notification of Change of
Correspondence Address in the reexamination proceeding and/or the patent (depending
on which address patent owner desires), to conform the address of the proceeding with
that of the patent and to clarify the record as to which address should be used for
correspondence.

Telephone Numbers for reexamination inquiries:

Reexamination and Amendment Practice          (571) 272-7703
Central Reexam Unit (CRU)                     (571) 272-7705
Reexamination Facsimile Transmission No.      (571) 273-9900

Application/Control Number:                                    Page 9
90/008,932
Art Unit: 3991

Please mail any communications to:
    Attn: Mail Stop "Ex Parte Reexam"
    Central Reexamination Unit
    Commissioner for Patents
    P. O. Box 1450
    Alexandria VA   22313-1450

Please FAX any communications to:
    (571) 273-9900
    Central Reexamination Unit

Please hand-deliver any communications to:
    Customer Service Window
    Attn:  Central Reexamination Unit
    Randolph Building, Lobby Level
    401 Dulany Street
    Alexandria, VA  22314

Signed:

Alan Diamond
Primary Examiner
Art Unit 3991
(571) 272-1338

DEBORAH D. JONES
CRU SPE-AU 3991

JERRY D. JOHNSON
PRIMARY EXAMINER
CRU - AU 3991

RECEIVED
Sheet 1 of 2          AM/PM

| FORM PTO-1449 | ATTY. DOCKET NO. | SERIAL NO. DEC 2 6 2007 |
|---|---|---|
| U.S. DEPARTMENT OF COMMERCE<br>PATENT AND TRADEMARK OFFICE | | Not yet known 90/00 ;<br>Reexamination of U.S. patent VOLPE & KOENIG, P.C.<br>5,500,091 |
| INFORMATION DISCLOSURE<br>STATEMENT BY APPLICANT | | Bück *et al.* |
| (Sheet 1 of 2) | FILING DATE<br>Not yet known<br>11/16/2007 | GROUP<br>Central Reexamination Unit<br>3991 |

### U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|---|
| /AD/ | | GB 1,125,906 | 10/29/1964 | United Kingdom | — | — | — | — |
| /AD/ | | DE 31 38 133 | 09/25/1981 | Federal Republic of Germany | — | — | ✓ | |
| | | | | | | | | |

### OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| /AD/ | 1 | Schaffrath, P.M. and Green, M.S. "Vertical Forming Machine Gives Symmetrical Sheet Structure." (May 1965) TAPPI 48(5): 50A-52A. |
|---|---|---|
| /AD/ | 2 | "Paper Machine Felts." Ed. Woodside, L.M. (1967)<br>Albany Felt Company, Albany, NY: Chapter IV, pages 17-22. |
| /AD/ | 3 | "Paper Machine Felts and Fabrics" Eds. Bergsma, et al. (1976)<br>Albany International Corp., Albany, NY: Chapter 4, pages 35-43. |
| /AD/ | 4 | Parker, J.D. "The Sheet Forming Process." (1972)<br>TAPPI Fourth Printing: 80-89. |

| EXAMINER<br>/Alan Diamond/ | DATE CONSIDERED<br>12/17/2007 |
|---|---|

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

EXHIBIT K

RECEIVED
AM/PM

Sheet DEC 2 6 2007

WOLFE & KOENIG, P.C.

| FORM PTO-1449<br><br>U.S. DEPARTMENT OF COMMERCE<br>PATENT AND TRADEMARK OFFICE<br><br>INFORMATION DISCLOSURE<br>STATEMENT BY APPLICANT<br><br>(Sheet 2 of 2) | ATTY. DOCKET NO. | SERIAL NO.<br>Not yet known<br>Reexamination of U.S. patent<br>5,500,091 |
|---|---|---|
| | Bück *et al.* | |
| | FILING DATE<br>Not yet known<br>11/16/200? | GROUP<br>Central Reexamination Unit<br>3991 |

## U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

## FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | YES | NO |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

## OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| /AD/ | 5 | Baumann, W. "DUOFORMER-D® - A New Approach to Top Wire Forming." (1988) TAPPI Proceedings – Annual Meeting:  75-80. |
|---|---|---|
| | | |
| | | |
| | | |

| EXAMINER<br>/Alan Diamond/ | DATE CONSIDERED<br>12/17/2007 |
|---|---|

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

EXHIBIT K

# Exhibit 11

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

RECEIVED
_____ AM/PM

DEC 2 6 2007

VOLPE & KOENIG, P.C.

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/008,931*.

PATENT NO. *5,853,544*.

ART UNIT *3991*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)):

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/008,931 | 5,853,544 |
| | Examiner | Art Unit | |
| | Alan Diamond | 3991 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>16 November 2007</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a)☐  PTO-892,    b)☒  PTO/SB/08,    c)☐  Other: _____

1. ☒    The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐    The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)).  Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)).  **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE  REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

a) ☐  by Treasury check or,

b) ☐  by credit to Deposit Account No. _____,  or

c) ☐  by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

Alan  Diamond
Primary Examiner
Art Unit: 3991

cc:Requester ( if third party requester )

Application/Control Number:                                          Page 2
90/008,931
Art Unit: 3991

### Decision on Reexamination Request

1.      A substantial new question of patentability affecting claims 1 and 2 of United

States Patent Number 5,853,544 to Egelhof *et al.* (hereinafter "Egelhof") is raised by the

request for *ex parte* reexamination.  The request for reexamination is Third Party

requested.

### Extension of Time

2.      Extensions of time under 37 CFR 1.136(a) will not be permitted in these

proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and

not to parties in a reexamination proceeding.  Additionally, 35 U.S.C. 305 requires that

*ex parte* reexamination proceedings "will be conducted with special dispatch" (37

CFR 1.550(a)).  Extensions of time in *ex parte* reexamination proceedings are provided

for in 37 CFR 1.550(c).

### Substantial New Question of Patentability (SNQ)

3.      The presence or absence of a "substantial new question of patentability"

determines whether or not reexamination is ordered.

        For a "substantial new question of patentability" to be present, it is only

necessary that :

        A) the prior art patents and/or printed publications raise a substantial new

question of patentability regarding at least one claim, i.e., the teaching of the (prior art)

Application/Control Number:                                      Page 3
90/008,931
Art Unit: 3991

patents and printed publications is such that a reasonable examiner would consider the

teaching to be important in deciding whether or not the claim is patentable; and

B) the same question of patentability as to the claim has not been decided by the

Office in a previous examination of the patent or in a final holding of invalidity by the

Federal Courts in a decision on the merits involving the claim.

A SNQ may be based solely on old art where the old art is being

presented/viewed in a new light, or in a different way, as compared with its use in the

earlier concluded examination(s), in view of a material new argument or interpretation in

the request. (MPEP 2242).


### References Relied Upon in the Request

Schaffrath, P.M. and Green, M.S. "Vertical Forming Machine Gives Symmetrical Sheet Structure." (May 1965) TAPPI 48(5): 50A-52A, (hereinafter "Schaffrath and Green"), newly cited.

"Paper Machine Felts." Ed. Woodside, L.M. (1967), Albany Felt Company; Albany, NY: Chapter IV, pages 17-22, (hereinafter "Verti-Forma '67"), newly cited.

"Paper Machine Felts and Fabrics." Eds. Bergsma, *et al.* (1976) Albany International Corp., Albany, NY: Chapter 4, pages 35-43, (hereinafter "Verti-Forma '76"), newly cited.

Parker, J.D. "The Sheet Forming Process." (1972) TAPPI Fourth Printing: 80-89. (hereinafter "Parker"), newly cited.

Norman, B. "Principles of Twin-Wire Forming," Svensk Papperstidning, 8(11), pages 330-336, (1979), newly cited.

Means, GB 1,125,906, old art.

Baumann, W. "DUOFORMER-D® - A new Approach to Top Wire Forming." (1988) TAPPI Proceedings – Annual Meeting: pp. 75-80 (hereinafter "Baumann"), newly cited.

Application/Control Number:                                    Page 4
90/008,931
Art Unit: 3991

     Bubik, DE 3138133 A1, old art.

### *Request*

4.    **The request indicates the Requester considers that the combination of Schaffrath and Green, Norman, admissions in Egelhof, Means, Baumann and Bubik raises a substantial new question of patentability with respect to claims 1 and 2 of Egelhof. The Requester refers collectively to said admissions in Egelhof, Means, Baumann and Bubik as "Admitted Prior Art"[1], and the same terminology is used herein.**

    It is agreed that consideration of the combination of Schaffrath and Green, Norman and the Admitted Prior Art raises a substantial new question of patentability as to claims 1 and 2 of Egelhof. Page 12, lines 7-10, and the claim chart at pages 20-34 of the request for reexamination are hereby incorporated by reference for their explanation of the teaching provided in Schaffrath and Green, Norman and the Admitted Prior Art that was not present in the prosecution of the application which became the Egelhof patent. There is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claims 1 and 2 of Egelhof were patentable. Accordingly, the combination of Schaffrath and Green, Norman and the Admitted Prior Art raises a substantial new question of patentability as to claims 1 and 2, which question has not been decided in a previous examination of the Egelhof patent.

Application/Control Number:                                    Page 5
90/008,931
Art Unit: 3991

5.    The request indicates the Requester considers that the combination of
Verti-Forma '67, Norman and the Admitted Prior Art raises a substantial new
question of patentability with respect to claims 1 and 2 of Egelhof.

It is agreed that consideration of the combination of Verti-Forma '67, Norman and
the Admitted Prior Art raises a substantial new question of patentability as to claims 1
and 2 of Egelhof.  Page 12, lines 11-14, and the claim chart at pages 34-48 of the
request for reexamination are hereby incorporated by reference for their explanation of
the teaching provided in Verti-Forma '67, Norman and the Admitted Prior Art that was
not present in the prosecution of the application which became the Egelhof patent.
There is a substantial likelihood that a reasonable examiner would consider this
teaching important in deciding whether or not claims 1 and 2 of Egelhof were
patentable.  Accordingly, the combination of Verti-Forma '67, Norman and the Admitted
Prior Art raises a substantial new question of patentability as to claims 1 and 2, which
question has not been decided in a previous examination of the Egelhof patent.

6.    The request indicates the Requester considers that the combination of
Verti-Forma '76, Norman and the Admitted Prior Art raises a substantial new
question of patentability with respect to claims 1 and 2 of Egelhof.

It is agreed that consideration of the combination of Verti-Forma '76, Norman and
the Admitted Prior Art raises a substantial new question of patentability as to claims 1

---

[1] In particular, requester cites col. 1, line 16 to col. 3, line 56 of Egelhof as admitted prior art, and this citation in Egelhof also cites Means, Baumann and Bubik.  See the paragraph bridging pages 10 and 11 of the request; and, for example, the claim chart on pages 20-24, where the Admitted Prior Art refers to cited portions in Egelhof and also refers to Means, Baumann and Bubik.

Application/Control Number:                                   Page 6
90/008,931
Art Unit: 3991

and 2 of Egelhof. Page 12, lines 15-18, and the claim chart at pages 49-63 of the

request for reexamination are hereby incorporated by reference for their explanation of

the teaching provided in Verti-Forma '76, Norman and the Admitted Prior Art that was

not present in the prosecution of the application which became the Egelhof patent.

There is a substantial likelihood that a reasonable examiner would consider this

teaching important in deciding whether or not claims 1 and 2 of Egelhof were

patentable. Accordingly, the combination of Verti-Forma '76, Norman and the Admitted

Prior Art raises a substantial new question of patentability as to claims 1 and 2, which

question has not been decided in a previous examination of the Egelhof patent.


7.    **The request indicates the Requester considers that the combination of**
**Parker, Norman and the Admitted Prior Art raises a substantial new question of**
**patentability with respect to claims 1 and 2 of Egelhof.**

It is agreed that consideration of the combination of Parker, Norman and the

Admitted Prior Art raises a substantial new question of patentability as to claims 1 and 2

of Egelhof. Page 12, lines 19-22, and the claim chart at pages 63-77 of the request for

reexamination are hereby incorporated by reference for their explanation of the teaching

provided in Parker, Norman and the Admitted Prior Art that was not present in the

prosecution of the application which became the Egelhof patent. There is a substantial

likelihood that a reasonable examiner would consider this teaching important in deciding

whether or not claims 1 and 2 of Egelhof were patentable. Accordingly, the combination

of Parker, Norman and the Admitted Prior Art raises a substantial new question of

Application/Control Number:                                        Page 7
90/008,931
Art Unit: 3991

patentability as to claims 1 and 2, which question has not been decided in a previous

examination of the Egelhof patent.


### Duty to Disclose

8.      The patent owner is reminded of the continuing responsibility under 37 CFR

1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent

proceeding, involving Patent No. 5,853,544 throughout the course of this reexamination

proceeding.  The third party requestor is also reminded of the ability to similarly apprise

the Office of any such activity or proceeding throughout the course of this reexamination

proceeding.  See MPEP §§ 2207, 2282 and 2286.


### Correspondence

14.     Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Alan Diamond whose telephone number is (571) 272-

1338.  The examiner can normally be reached on Monday through Friday from 5:30

a.m. to 2:00 p.m.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Deborah Jones can be reached on (571) 272-1535.

Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system.  Status information for published applications

may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished

applications is available through Private PAIR only.  For more information about the PAIR

Application/Control Number:                                    Page 8
90/008,931
Art Unit: 3991

system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR

system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

### *Notice Re Patent Owner's Correspondence Address*

Effective May 16, 2007, 37 CFR 1.33(c) has been revised to provide that:

The patent owner's correspondence address for all communications in an *ex parte* reexamination or an *inter partes* reexamination is designated as the correspondence address of the patent.

> *Revisions and Technical Corrections Affecting Requirements for Ex Parte and Inter Partes Reexamination*, 72 FR 18892 (April 16, 2007)(Final Rule)

**The correspondence address for any pending reexamination proceeding not having the same correspondence address as that of the patent is, by way of this revision to 37 CFR 1.33(c), <u>automatically changed to that of the patent file</u> as of the effective date.**

This change is effective for any reexamination proceeding which is pending before the Office as of May 16, 2007, <u>including the present reexamination proceeding</u>, and to any reexamination proceeding which is filed after that date.

Parties are to take this change into account when filing papers, and direct communications accordingly.

Application/Control Number:                                              Page 9
90/008,931
Art Unit: 3991

In the event the patent owner's correspondence address listed in the papers (record) for
the present proceeding is different from the correspondence address of the patent, it is
strongly encouraged that the patent owner affirmatively file a Notification of Change of
Correspondence Address in the reexamination proceeding and/or the patent (depending
on which address patent owner desires), to conform the address of the proceeding with
that of the patent and to clarify the record as to which address should be used for
correspondence.

Telephone Numbers for reexamination inquiries:

Reexamination and Amendment Practice        (571) 272-7703
Central Reexam Unit (CRU)                   (571) 272-7705
Reexamination Facsimile Transmission No.    (571) 273-9900

Please mail any communications to:
        Attn: Mail Stop "Ex Parte Reexam"
        Central Reexamination Unit
        Commissioner for Patents
        P. O. Box 1450
        Alexandria VA   22313-1450

Please FAX any communications to:
        (571) 273-9900
        Central Reexamination Unit

Please hand-deliver any communications to:
        Customer Service Window
        Attn:  Central Reexamination Unit
        Randolph Building, Lobby Level
        401 Dulany Street
        Alexandria, VA  22314

Signed:


Alan Diamond
Primary Examiner                    DEBORAH D. JONES
Art Unit 3991                       CRU SPE-AU 3991            JERRY D. JOHNSON
(571) 272-1338                                                PRIMARY EXAMINER
                                                             CRU - AU 3991

Sheet 1 of ...

RECEIVED
AWFM
DEC/2 8 2007
VOLPE & KOENIG, P.C.

| | | |
|---|---|---|
| **FORM PTO-1449**<br><br>U.S. DEPARTMENT OF COMMERCE<br>PATENT AND TRADEMARK OFFICE<br><br>INFORMATION DISCLOSURE<br>STATEMENT BY APPLICANT<br><br>(Sheet 1 of 2) | ATTY. DOCKET NO. | SERIAL NO.<br>Not yet known<br>Reexamination of US patent<br>5,853,544 |
| | Egelhof *et al.* | |
| | FILING DATE<br>Not yet known<br>11/19/2007 | GROUP<br>Central Reexamination Unit<br>3991 |

### U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|---|
| /AD/ | | GB 1,125,906 | 10/29/1964 | United Kingdom | — | — | — | — |
| /AD/ | | DE 31 38 133 | 09/25/1981 | Federal Republic of Germany | — | — | ✓ | |
| | | | | | | | | |

### OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| /AD/ | 1 | Schaffrath, P.M. and Green, M.S."Vertical Forming Machine Gives Symmetrical Sheet Structure." (May 1965) TAPPI 48(5): 50A-52A. |
| /AD/ | 2 | "Paper Machine Felts." Ed. Woodside, L.M. (1967) Albany Felt Company, Albany, NY: Chapter IV, pages 17-22. |
| /AD/ | 3 | "Paper Machine Felts and Fabrics" Eds. Bergsma, et al. (1976) Albany International Corp., Albany, NY: Chapter 4, pages 35-43. |
| /AD/ | 4 | Parker, J.D. "The Sheet Forming Process." (1972) TAPPI Fourth Printing: 80-89. |

| EXAMINER<br>/Alan Diamond/ | DATE CONSIDERED<br>12/17/2007 |
|---|---|

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

EXHIBIT L

RECEIVED
AM/PM
DEC 2006 2007

| FORM PTO-1449<br><br>U.S. DEPARTMENT OF COMMERCE<br>PATENT AND TRADEMARK OFFICE<br><br>INFORMATION DISCLOSURE<br>STATEMENT BY APPLICANT<br><br>(Sheet 2 of 2) | ATTY. DOCKET NO. | SERVING<br>Not yet known<br>Reexamination of U.S. patent<br>5,853,544 |
|---|---|---|
| | Egelhof *et al.* | |
| | FILING DATE<br>Not yet known<br>11/16/2007 | GROUP<br>Central Reexamination Unit<br>3991 |

### U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

### OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| /AD/ | 5 | Baumann, W. "DUOFORMER-D® - A New Approach to Top Wire Forming." (1988) TAPPI Proceedings – Annual Meeting: 75-80. |
|---|---|---|
| /AD/ | | Norman, B. "Principles of twin-wire forming." Svensk Papperstidning (1979) 82 (11), 330–336. |
| | | |
| | | |

| EXAMINER<br>/Alan Diamond/ | DATE CONSIDERED<br>12/17/2007 |
|---|---|

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

EXHIBIT L