IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG      :

     :     Civil Action No. 07-226-JJF

        Plaintiff,      :

     :

            v.      :

     :

JOHNSONFOILS, INC.      :

     :

        Defendant.      :

## DEFENDANT'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL OPENING MARKMAN BRIEF

George H. Seitz, III (DE #667)
Patricia Pyles McGonigle (DE #3126)
Kevin A. Guerke (DE#4096)
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

-and-

Anthony S. Volpe
John J. O'Malley
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400

*Attorneys for Defendant
JohnsonFoils, Inc.*

# TABLE OF CONTENTS

Page

I.    NATURE AND STAGE OF THE PROCEEDINGS ............................................1

II.   SUMMARY OF ARGUMENT.............................................................................3

III.  STATEMENT OF FACTS ..................................................................................4

IV.   ARGUMENT........................................................................................................5

    A.   Voith Cannot Rely On A Baseless Claim of Surprise
        To Support Its Attempt To Pad The Record. ...........................................5

    B.   Voith Should Not Be Given The Opportunity To
        Attempt To Clean Up Its Mistakes.........................................................7

    C.   JohnsonFoils Complied With Its Discovery Obligations.........................8

    D.   Admission Of Voith's Supplemental *Markman* Brief
        And The Waller Supplemental Declaration Will
        Unduly Prejudice JohnsonFoils. .............................................................11

    E.   The Supplemental Waller Declaration Should Be Stricken. .................12

V.    CONCLUSION ................................................................. ...............................12

i

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Markman v. Westview Instruments*, 517 U.S. 370 (1996)...................................5

*Markman v. Westview Instruments, Inc.*, 52 F.3d 967
   (Fed. Cir. 1995)...................................................................................5

*Philips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 1995) ......................................5

Defendant, JohnsonFoils, Inc. ("JohnsonFoils") hereby submits its Answering Brief in Opposition to Plaintiff, Voith Paper, GMBH & Co., KG's ("Voith"), Motion for Leave to Supplement its Opening *Markman* Brief ("Motion for Leave") (D.I. 74).[1]

## I.    NATURE AND STAGE OF THE PROCEEDINGS

On April 27, 2007, Voith filed this action alleging that JohnsonFoils infringed on Patent No. 5,718,805 ("the '805 Patent"), and Patent No. 5,972,168 ("the '168 Patent") (collectively referred to as "Patents-in-Suit").    JohnsonFoils served its Answer, Affirmative Defenses and Counterclaims on August 13, 2007.

On August 3, 2007, the Court issued a Scheduling Order setting the trial for November 5, 2008, and ordering the parties to:

(1)    File all motions to amend the pleadings by December 21, 2007;

(2)    File their respective *Markman* Briefs ten days prior to the scheduled *Markman* hearing;

(3)    Attend a *Markman* hearing scheduled for January 30, 2008;

(4)    Complete exchange of contention interrogatories, identify witnesses and complete document discovery by February 15, 2008;

(5)    Complete fact discovery by April 30, 2008); and

(6)    Prohibiting depositions until the completion of interrogatory and document discovery on February 15, 2008. (D.I. 17).

---

[1]    Although Voith's Motion for Leave does not mention the Supplemental Declaration of Michael J., Waller ("Waller Supplemental Declaration"), Voith's Supplemental Markman Brief is based on the Supplemental Waller Declaration. Accordingly, JohnsonFoils considers Voith's Motion for Leave as covering the Supplemental Waller Declaration as well.

On January 16, 2008, Voith filed its "Declaration of Michael J. Waller in Support of Plaintiff Voith Paper GmbH & Co. KG's Opening *Markman* Brief." ("Waller Declaration" or "Waller Decl.")  (D.I. 66).

On January 16, 2008, Voith filed its Opening *Markman* Brief.  (D.I. 65).

On January 16, 2008, JohnsonFoils filed its Opening Claim Construction Brief.  (D.I. 68).

On January 24, 2008, JohnsonFoils filed its "Motion to Strike Declaration of Michael H. Waller in Support of Plaintiff's Opening *Markman* Brief or in the Alternative for an Order Directing Michael H. Waller to Appear at the January 30, 2008 *Markman* Hearing to Allow Defendant an Opportunity to Cross-Examine." (D.I. 71).

On January 24, 2008, JohnsonFoils filed its "Combined Motion to (I) Shorten the Opposition Period for Defendant's Motion to Strike the Declaration of Michael H. Waller and (II) Set Expedited Hearing on Defendant's Motion to Strike with L.R. 7.1.1 Certification." (D.I. 72).

On January 24, 2008, JohnsonFoils filed its "Opening Brief in Support of its Motion to Strike Declaration of Michael H. Waller in Support of Plaintiff's Opening *Markman* Brief or in the Alternative for an Order Directing Michael H. Waller to Appear at the January 30, 2008 *Markman* Hearing to Allow Defendant an Opportunity to Cross-Examine." (D.I. 73)

On January 24, 2008, Voith filed its "Motion for Leave to Supplement its Opening *Markman* Brief." (D.I. 74).

On January 24, 2008, Voith filed its "Supplemental Opening *Markman* Brief." (D.I. 76).

On January 24, 2008, Voith filed its "Supplemental Declaration of Michael H. Waller in Support of its Supplemental Opening *Markman* Brief." (D.I. 77)

On January 28, 2008, Voith filed its "Answering Brief in Opposition to JohnsonFoils' Motion to Strike Declaration of Michael H. Waller in Support of Plaintiff's Opening *Markman* Brief or in the Alternative for an Order Directing Michael H. Waller to Appear at the January 30, 2008 *Markman* Hearing to Allow Defendant an Opportunity to Cross-Examine." (D.I. 80).

On January 30, 2008, this Court held the *Markman* hearing.

## II.    SUMMARY OF ARGUMENT

1.    Any claim by Voith to surprise regarding claim construction is belied by the facts and its own decisions. Voith cannot claim surprise when it repeatedly disclaimed the need for a *Markman* hearing and rejected good faith attempts to exchange claim constructions while at the same time secretly planning on relying upon an expert witness and supplementing its briefing if needed.

2.    Recognizing that its Opening *Markman* Brief was inadequate, Voith launched this strategy to "fix" its claim construction briefing. The Court should not allow such *ex post facto* briefing, which is no more than a transparent attempt to "fix things" prior to the scheduled *Markman* Hearing. Voith's Motion for Leave is a

3

unilateral attempt to modify the Scheduling Order that has been in place since August 3, 2007 (Exhibit A, D.I. 17).

3.     Voith's claims that JohnsonFoils did not comply with its discovery obligations are baseless and do not withstand scrutiny since the alleged discovery issues, even if they were true, are irrelevant to claim construction.

4.     Admission of Voith's Supplemental *Markman* Brief and the Waller Supplemental Declaration will unduly prejudice JohnsonFoils, who filed its *Markman* Brief in accordance with the Court's Scheduling Order, and reward Voith, who ignored the Court's Scheduling Order, with an unfair advantage.

5.     The Waller Supplemental Declaration, like the first Waller Declaration, is defective and should be stricken.

## III.    STATEMENT OF FACTS

Pursuant to the Court's August 3, 2007 Rule 16(b) Scheduling Order (Exhibit A, D.I. 17), paragraph 7, *Markman* claim construction briefs were to be completed ten (10) days (or January 16, 2008) prior to the scheduled January 30, 2008 *Markman* Hearing.

As shown by Voith's counsel letter of December 18, 2007 (Voith's Motion for Leave, Exhibit 2), Voith delayed in raising any *Markman* briefing issues until less than one month prior to the date *Markman* briefing was to conclude.  Clearly, the *Markman* Hearing remained an afterthought to Voith.

On December 19, 2007, JohnsonFoils' counsel suggested that the parties exchange proposed claim terms. (Voith's Motion for Leave, Exhibit 3).

4

On December 20, 2007, Voith's counsel responded with an undefined random list of terms that "*may benefit from claim construction*," but provided no proposed claim construction. (Voith's Motion for Leave, Exhibit 4).

On December 21, 2007, JohnsonFoils' counsel again requested that the parties have a meaningful exchange of proposed claim constructions. (Voith's Motion for Leave, Exhibit 5).

Voith's counsel did not respond to this proposed exchange, never identified its technical expert, and JohnsonFoils first learned of Voith's technical expert only when Voith filed its Opening *Markman* Brief on January 16, 2008.

## IV.    ARGUMENT

### A.    Voith Cannot Rely On A Baseless Claim Of Surprise To Support Its Attempt To Pad The Record.

Claim construction is a determination exclusively for the court as a matter of law. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 978-79 (Fed. Cir. 1995) (*en banc*), *aff'd*, 517 U.S. 370, 116 S. Ct. 1384, 134 L. Ed. 2d 577 (1996). Claim construction involves interpretation of the claims by their plain meaning and in light of the patent specification or prosecution history, *i.e.*, in light of the intrinsic record. *Markman v. Westview Instruments*, 517 U.S. 370, 372 (1996) ("*Markman II*"). Accordingly, a court must look first to the intrinsic record when construing claims. *Markman* 52 F.3d at 980; See also *Philips v. AWH Corp.*, 415 F.3d 1303, 1315 – 1316 (Fed. Cir. 2005).

Before bringing this suit, Voith must have construed the claims of the Patents-in-Suit and compared them to JohnsonFoils' accused products in order to meet its Rule 11 obligations. Since there cannot be a resolution of this case without a proper interpretation of the claims of the Patents-in-Suit, JohnsonFoils has, since the outset of this litigation, sought to discuss and construe the claims with Voith. When the parties met to discuss potential settlement in or around June 2007, Voith's counsel simply refused to consider or discuss claim terms. During the initial Rule 16 Conference with the Court, JohnsonFoils' counsel sought to include a *Markman* briefing schedule in the scheduling order. See Exhibit B, D.I. 15. It was Voith's position that a *Markman* briefing was *altogether unnecessary*, and Voith objected to a briefing schedule. See Exhibit C, D.I. 14.[2]

It is difficult to hear Voith's current protest about the claim construction procedures and assert surprise in this matter, where Voith: (i) is the party with the most familiarity with its Patents-in-Suit; (ii) refused to discuss the patent claim terms or exchange claim constructions; (iii) insisted that no claim construction was necessary; (iv) without prior notice, filed an expert declaration in support of its Opening *Markman* Brief; (v) on the eve of the *Markman* Hearing, sought to amend the Court's Scheduling Order by supplementing its Opening *Markman* Brief.

Voith's motion is baseless, is not supported by law, fact or argument, and should be denied.

---

[2]    Voith is also aware of JohnsonFoils' positions from the Requests for Reexamination that were filed for the Patents-in-Suit.

B.    **Voith Should Not Be Given The Opportunity To Attempt To Clean Up Its Mistakes.**

It is imperative that the Court appreciate the true basis of Voith's Motion for Leave.  Voith is not arguing that JohnsonFoils construed claim terms that Voith was unaware were potential candidates for construction.[3]  Rather, Voith is arguing that it must have "another bite at the apple" because the parties chose to construe *different* claim terms.  In plain and clear terms, Voith is seeking to now supplement the record with claim constructions for terms it either *forgot to construe*, or *actively chose not to construe*.[4]  This is not a basis for an opportunity to correct Voith's *Markman* Brief.

Voith's arguments in support of its Motion for Leave are perplexing and, in some cases, simply wrong.  Voith falsely states, "JohnsonFoils did not construe any of the claim terms which Voith had identified on December 20, 2007."  (Voith's Motion for Leave, at 3).  JohnsonFoils' Opening Claim Construction Brief addresses at least the terms "twin wire former," "wire," "fiber suspension," "first section," "second section," "third section," "twine zone wire," "single wire predrainage zone," "means for supporting the belts," "wedge shaped entrance slot," "headbox," "drainage strips," "support means for resiliently supporting," "means for collecting

---

[3]    Clearly, JohnsonFoils did not "make up" any claim terms, which are taken directly from the patents-in-suit.

[4]    Voith attempts to take JohnsonFoils to task for not construing *enough* of the claim terms,  (see, Voith's Motion for Leave, at 5, n. 2), stating that "JohnsonFoils chose [emphasis in original] not to address them."  However, that is perfectly acceptable; JohnsonFoils has identified certain patent claim terms, and has provided its proposed construction of those terms.  It is difficult to see how such an act could somehow be construed as strategic behavior on the part of JohnsonFoils.

7

water," "suction roll," and "forming roll." (See, JohnsonFoils' Opening Claim Construction Brief). Voith either did not read JohnsonFoils' Brief, or Voith is affirmatively misleading the Court. Furthermore, JohnsonFoils' Brief does not address any term that is not on the December 20, 2007 list <u>from Voith's counsel</u>.[5]. (Voith's Motion for Leave, Exhibit 4).[6] There is no jurisprudence requiring the parties' in a patent case to construe the same terms at a *Markman* Hearing. It may very well be the case, as it is here, that the parties select different claim terms from the available terms and phrases. In the absence of jurisprudence demanding that the parties *Markman* Briefs "match", Voith, as the patentee, should not be permitted to delay in revealing its hand so it can "fix" its position with a late brief.

## C.    JohnsonFoils Complied With Its Discovery Obligations.

Voith attempts to somehow tie its own briefing failures to JohnsonFoils' interrogatory responses[7] to the following interrogatory requests. (Voith's Motion for Leave, at 2, 4).

---

[5]    Notably, Voith's counsel never provided a definitive list of terms for potential claim construction. Instead, Voith's counsel set forth a list of terms "which may benefit from construction." (See Voith's Motion for Leave, Exhibit 4).

[6]    Manifestly, the terms for construction are not dictated by either party, they are dictated by the patent claim terms. Voith identified virtually every claim term from the patents. Voith cannot be heard to be surprised, prejudiced or taken aback by the terms included in JohnsonFoils' Opening Claim Construction Brief since -- *those terms were identified by Voith's counsel.* That fact is dispositive of Voith's "fix it" motion.

[7]    The interrogatory responses were designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the Protective Order.

INTERROGATORY NO. 6:

Identify the Prior Art which you contend is relevant and/or material to the Patents-in-suit, specify each claim to which each piece of Prior Art relates, describe with particularity why such Prior Art reference is material, *i.e.* identify with specificity each claim element in the Patents-in-suit which the Prior Art discloses, and why such Prior Art reference is not cumulative over the Prior Art of record considered by the examiner, *i.e.*, identify with specificity the claim elements or combination of claim elements that the Prior Art of record allegedly does not disclose, and state how you contend this Prior Art is applied against each of those claims.

***

INTERROGATORY NO. 7:

For each claim of each of the Patents-in-suit which Defendant asserts is not infringed by the Accused Products, for each Accused Product, identify each claim limitation which Defendant asserts is not literally present in the Accused Product and describe why the claim is not infringed under the doctrine of equivalents.

See Voith's Motion for Leave, Exhibit 1.

Even assuming, *arguendo*, that JohnsonFoils' responses were somehow inadequate, Voith's requests have no bearing on claim construction which is a matter of law for the Court to decide. To the extent the requests have any relevance, it is to issues of validity and infringement which are not before the Court at this time.

Clearly, Voith's alleged discovery "issue" is not only a non-issue, it is disingenuous.

D.    Admission Of Voith's Supplemental *Markman* Brief And The
      Waller Supplemental Declaration Will Unduly Prejudice
      JohnsonFoils.

Despite having repeated opportunities to notify the Court and JohnsonFoils that it would like the opportunity to file a supplemental/reply brief and declarations in support of its *Markman* positions, Voith waited until the last possible minute to request supplemental briefing and submit expert declarations without prior notice, totaling 210 numbered paragraphs and over 58 pages.   Cleary, JohnsonFoils is prejudiced by the fact that it filed its *Markman* Brief in accordance with the Court's Scheduling Order.   To allow Voith to submit supplemental briefing with expert declarations rewards Voith for its tactics and gives it an unfair advantage.[8]   This is especially true here where JohnsonFoils has not had an opportunity to depose or refute Waller's opinions.

If the Court decides to allow and consider Voith's Supplemental Briefing and the Waller Supplemental Declaration, then JohnsonFoils has no choice but to also request leave of Court to take the deposition of Mr. Waller and additional time in which to file an opposition to Voith's *Markman* briefs and expert declarations. Given the lack of advance notice and counsels' litigation schedule, it may take some time for the parties to schedule any such deposition.   As a result, *Markman* briefing will likely not be completed for some time which will further delay matters in the case.

---

[8]    Voith's refusal to exchange proposed claim constructions is explained, in part, by the fact that it knew that it would be filing expert declaration and intended to supplement its briefing if it missed any relevant issues.

11

E.    **The Supplemental Waller Declaration Should Be Stricken.**

As with its Opening *Markman* Brief, Voith's Supplemental *Markman* Brief relies on a declaration from Mr. Waller. The Waller Supplemental Declaration suffers from the same defects outlined in JohnsonFoils' "Opening Brief In Support Of Its Motion To Strike Declaration Of Michael H. Waller In Support Of Plaintiff's Opening *Markman* Brief Or In The Alternative For An Order Directing Michael H. Waller To Appear At The January 30, 2008 *Markman* Hearing To Allow Defendant The Opportunity To Cross-Examine." (D.I. 71).[9]    For those same reasons, JohnsonFoils respectfully submits that the Waller Supplemental Declaration must be stricken.

V.    **CONCLUSION**

In summary, Voith's Motion for Leave and the grievances therein are not premised upon anything that JohnsonFoils did or did not do. Rather, Voith seeks to make up for what it failed to do.

Voith has failed to make an adequate showing of good cause for either modifying the Rule 16(b) Scheduling Order or allowing Voith to file a supplemental *Markman* Brief.

JohnsonFoils respectfully submits that Voith's Motion for Leave must be denied.

---

[9]    JohnsonFoils incorporates by reference its arguments from its Opening Brief.

Respectfully submitted,

Seitz, Van Ogtrop & Green, P.A.

/s/ Patricia P. McGonigle

Date: February 7, 2008

George H. Seitz, III (DE #667)
Patricia Pyles McGonigle (DE #3126)
Kevin A. Guerke (DE#4096)
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

-and-

Anthony S. Volpe
John J. O'Malley
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400

*Attorneys for Defendant
JohnsonFoils, Inc.*

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 7th day of February 2008, I

electronically filed the foregoing pleading with the Clerk of Court using CM/ECF which will

send notification of such filing to counsel of record.  Further, I caused a copy of the foregoing

pleading to be served upon the following counsel as noted

**Via Hand Delivery**
Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899

**Via Federal Express**
Neil F. Greenblum, Esquire
Neal Goldberg, Esquire
Michael J. Fink, Esquire
Greenblum & Bernstein, PLC
1950 Roland Clarke Place
Reston, Virginia  20191

/s/ Patricia P. McGonigle
Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com

63319 v1

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG,<br>a Company organized and<br>existing under the laws of Germany, | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>)<br>) | C.A. No. 07-0226-JJF |
| JOHNSONFOILS, INC.<br>a Delaware Corporation, | )<br>)<br>) | |
| Defendant. | )<br>) | |

### RULE 16(b) SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and as discussed at the scheduling conference on August 1, 2007,

IT IS ORDERED that:

1.    **Pre-Discovery Disclosures.**  The parties will exchange by September 21, 2007, the information required by Fed. R. Civ. P. 26(a) (1) and D. Del. LR 16.2.

2.    **Joinder of other Parties.**    All motions to join other parties shall be filed on or before December 21, 2007.

3.    **Discovery.**

(a)    Exchange and completion of contention interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by February 15, 2008.

(b)    Maximum of 25 interrogatories, including contention interrogatories, for each side.

{J214720 00231791.DOC}

    (c)    Maximum of 50 requests for admission by each side.

    (d)    Maximum of 10 depositions by plaintiff and 10 by defendant, excluding expert depositions. Depositions shall not commence until the discovery required by Paragraph 3 (a, b and c) is completed.

    (e)    Reports from retained experts required by Fed. R. Civ. P. 26(a) (2) shall be served from the party with the burden of proof on May 21, 2008, rebuttal expert reports shall be served on June 18, 2008.

    (f)    Any party desiring to depose an expert witness shall notice and complete said deposition no later than thirty (30) days from receipt of said expert's report, unless otherwise agreed in writing by the parties or ordered by the Court.

    (g)    Fact discovery shall close on April 30, 2008.

    (h)    Expert discovery shall close on July 18, 2008.

4.    **Non-Case Dispositive Motions.**

    (a)    Any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion. The Notice of Motion shall indicate the date on which the movant seeks to have the motion heard. The date selected shall be within 30 days of the filing of the motion and allow or briefing in accordance with the Federal and Local Rules. Available motion dates will be posted on the Court's website at: www.ded.uscourts.gov.

    (b)    At the motion hearing, each side will he allocated twenty (20) minutes to argue and respond to questions from the Court.

    (c)    Upon filing of the Notice of Motion, a copy of said Notice shall be sent to Chambers by-email at: jjf_civil@ded.uscourts.gov

5.      **Amendment of the Pleadings.**      All motions to amend the pleadings

shall be filed on or before December 21, 2007.

6.      **Case Dispositive Motions.**   Any case dispositive motions, pursuant to

the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on

or before August 20, 2008.   Briefing shall be pursuant to D. Del. LR 7.1.2.   No case

dispositive motion may be filed more than ten (10) days from the above date without

leave of the Court.  The Court will issue a separate Order regarding procedures for filing

summary judgment motions.

7.      **Markman.**   A Markman Hearing will be held on January 30, 2008, at

10:00 a.m.  Briefing on the claim construction issues shall be completed at least ten (10)

business days prior to the hearing.  The Court, after reviewing the briefing, will allocate

time to the parties on the hearing date.

8.      **Applications by Motion.**

(a)      Any applications to the Court shall be by written motion filed with

the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the

Local Rules of Civil Practice for the United States District Court for the District of

Delaware (Amended Effective January 1, 1995).  Any non-dispositive motion shall

contain the statement required by D. Del. LR 7.1.1 and be made in accordance with the

Court's December 15, 2006 Order on Procedures for Filing Non-dispositive motions in

Patent Cases.  Parties may file stipulated and unopposed Orders with the clerk of the

Court for the Court's review and signing.  The Court will not consider applications and

requests submitted by letter or in a form other than a motion.

(b)      No facsimile transmissions will be accepted.

{J214720 00231791.DOC}

(c)    No telephone calls shall be made to Chambers.

(d)    Any party with a true emergency matter requiring the assistance of
the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov.  The e-mail shall provide
a short statement describing the emergency.

9.    **Pretrial Conference and Trial.**  A Pretrial Conference will be held on
October 16, 2008 at 12:00 p.m.  Trial shall commence on November 5, 2008.


August 3, 2007
Date

UNITED STATES DISTRICT JUDGE

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG, a Company organized and existing under the laws of Germany, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 07-0226-JJF |
| v. | ) ) | |
| JOHNSONFOILS, INC. a Delaware Corporation, | ) ) ) | |
| Defendant. | ) ) | |

## RULE 16(b) SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and as discussed at the scheduling conference on August 1, 2007,

IT IS ORDERED that:

1.    **Pre-Discovery Disclosures.** The parties will exchange by September 21, 2007, the information required by Fed. R. Civ. P. 26(a) (1) and D. Del. LR 16.2.

2.    **Joinder of other Parties.**    All motions to join other parties shall be filed on or before December 21, 2007.

3.    **Discovery.**

(a)    Exchange and completion of contention interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by February 15, 2008.

(b)    Maximum of 25 interrogatories, including contention interrogatories, for each side.

(c)   Maximum of 50 requests for admission by each side.

(d)   Maximum of 10 depositions by plaintiff and 10 by defendant, excluding expert depositions. Depositions shall not commence until the discovery required by Paragraph 3 (a, b and c) is completed.

(e)   Reports from retained experts required by Fed. R. Civ. P. 26(a) (2) shall be served from the party with the burden of proof on May 21, 2008, rebuttal expert reports shall be served on June 18, 2008.

(f)   Any party desiring to depose an expert witness shall notice and complete said deposition no later than thirty (30) days from receipt of said expert's report, unless otherwise agreed in writing by the parties or ordered by the Court.

(g)   Fact discovery shall close on April 30, 2008.

(h)   Expert discovery shall close on July 18, 2008.

4.   **Non-Case Dispositive Motions.**

(a)   Any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion. The Notice of Motion shall indicate the date on which the movant seeks to have the motion heard. The date selected shall be within 30 days of the filing of the motion and allow or briefing in accordance with the Federal and Local Rules. Available motion dates will be posted on the Court's website at: www.ded.uscourts.gov.

(b)   At the motion hearing, each side will he allocated twenty (20) minutes to argue and respond to questions from the Court.

(c)   Upon filing of the Notice of Motion, a copy of said Notice shall be sent to Chambers by-email at: jjf_civil@ded.uscourts.gov

{J214720 00231791.DOC}

5.    **Amendment of the Pleadings.**    All motions to amend the pleadings shall he filed on or before December 21, 2007.

6.    **Case Dispositive Motions.**    Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before August 20, 2008.  Briefing shall be pursuant to D. Del. LR 7.1.2.  No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court. The Court will issue a separate Order regarding procedures for filing summary judgment motions.

7.    **Markman.**    A Markman Hearing will be held on January 30, 2008, at 10:00 a.m. Briefing on the claim construction issues shall be completed at least ten (10) business days prior to the hearing. The Court, after reviewing the briefing, will allocate time to the parties on the hearing date.

8.    **Applications by Motion.**

(a)    Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995).  Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1 and be made in accordance with the Court's December 15, 2006 Order on Procedures for Filing Non-dispositive motions in Patent Cases.  Parties may file stipulated and unopposed Orders with the clerk of the Court for the Court's review and signing.  The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b)    No facsimile transmissions will be accepted.

{J214720 00231791.DOC}

(c)    No telephone calls shall be made to Chambers.

(d)    Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

9.    **Pretrial Conference and Trial.**    A Pretrial Conference will be held on October 16, 2008 at 12:00 p.m. Trial shall commence on November 5, 2008.


_____          _____
Date                                     UNITED STATES DISTRICT JUDGE

# EXHIBIT C

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH

JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN

JOSEPH M. BARRY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
KAREN LANTZ
TIMOTHY E. LENGKEEK

ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
        (NJ & PA ONLY)
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER
JOHN E. TRACEY
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE  19801

P.O. BOX 391
WILMINGTON, DELAWARE  19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

GEORGETOWN, DELAWARE
MIDDLETOWN, DELAWARE
NEW YORK, NEW YORK

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-5018
DIRECT FAX:  302-576-3457
cstover@ycst.com

July 30, 2007

**BY CM/ECF**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE  19801

Re:    *Voith Paper GmbH & Co, KG v. JohnsonFoils, Inc.*
       Civil Action No. 07-0226-JJF

Dear Judge Farnan:

        We, together with the law firm Greenblum & Bernstein, represent the Plaintiff,
Voith Paper GMBH & Co. KG, in the above referenced litigation.

        As instructed by the Court in its Order Setting Rule 16(b) Conference, dated July
17, 2007, the parties have conferred and agreed upon the dates and discovery limitations required
by the form of order.  The purpose of this letter is to inform the Court of the agreed upon dates
and limitations, and alert the Court to issues that will likely be discussed at the hearing.  The
agreed upon dates and discovery limitations are as follows:

        1.    Pre-Discovery Disclosures.  The parties will exchange by September 21,
2007, the information required by Fed. R. Civ. P. 26(a) (1) and D. Del. LR 16.2.

        2.    Joinder of other Parties.  All motions to join other parties shall be filed on
or before December 21, 2007.

        3.    Discovery.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Joseph J. Farnan, Jr.
July 30, 2007
Page 2

      (a)    Exchange and completion of contention interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by February 15, 2008.

      (b)    Maximum of 25 interrogatories, including contention interrogatories, for each side.

      (c)    Maximum of 50 requests for admission by each side.

      (d)    Maximum of 10 depositions by plaintiff and 10 by defendant, excluding expert depositions.

      (e)    Reports from retained experts required by Fed. R. Civ. P. 26(a) (2) shall be served from the party with the burden of proof on May 21, 2008, rebuttal expert reports shall be served on June 18, 2008 (agreed to change in form of order).

      (g)    Fact discovery shall close on April 30, 2008 (agreed to but not required by form of order).

      (h)    Expert discovery shall close on July 18, 2008 (agreed to but not required by form of order).

      4.    Amendment of the Pleadings.  All motions to amend the pleadings shall he filed on or before December 21, 2007.

      5.    Case Dispositive Motions.  Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before August 20, 2008.

      The parties have not submitted a proposed Order because no agreement could be reached on the final wording.  Plaintiff believes that the form of order with the above dates and limitations inserted would be appropriate.  Defendant wants to include additional language to the form of order which is objectionable to Plaintiff.  Specifically, Defendant wants the Order to include the following paragraph:

      Defendant requests a Markman Hearing and proposes that it be
      scheduled in January 2008 if that is convenient to the Court.
      Defendant also proposes that Plaintiff identify its asserted claims
      by October 1, 2007, and that all Markman briefing be completed
      by December 15, 2007.  Plaintiff is uncertain at this time whether a
      Markman Hearing will be necessary.  A Markman Hearing will be
      held on _____.

      Plaintiff believes that the additional language should not be included because the language of the form of order which provides that the parties can request a Markman Hearing is

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Joseph J. Farnan, Jr.
July 30, 2007
Page 3

appropriate. There is no need to schedule a Markman hearing at this time because it is unclear whether a Markman Hearing will be necessary. It would be more practical after the parties have conducted discovery to determine if, and the extent of, any disputes regarding claim construction which may require a Markman Hearing.

Plaintiff also objects to setting a date certain at this time for having to identify the asserted claims. Defendant's proposal is unreasonable because the proposed date is a little more than a week after initial disclosures are due and does not provide Plaintiff with adequate time to complete the discovery it will need to properly determine which claims ultimately will be asserted at trial. Plaintiff believes that the more reasonable approach is for Defendant to propound a contention interrogatory requesting identification of the asserted claims, which will be responded to when appropriate. Defendant does not agree with this position.

The parties will be prepared to discuss these matters at the August 1, 2007 hearing.

Respectfully submitted,

Chad S.C. Stover (#4919)

CS:cg
cc:     Clerk of the Court (by hand delivery and CM/ECF)
        George H. Seitz, Esquire (by hand delivery and CM/ECF)
        Anthony S. Volpe, Esquire (by e-mail)
        Michael J. Fink, Esquire (by e-mail)
        Adam W. Poff, Esquire