# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG.,                )
                                           )
      Plaintiff                        )
                                           )
v.                                         )   Civil Action No. 07-226 (JJF)
                                           )
JOHNSONFOILS, INC.,                        )
                                           )
      Defendant                        )

## PLAINTIFF VOITH PAPER GMBH & CO. KG'S
## REPLY TO JOHNSONFOILS, INC'S OPPOSITION TO VOITH'S
## MOTION FOR LEAVE TO SUPPLEMENT ITS OPENING MARKMAN BRIEF

Adam W. Poff (# 3990)
Chad S.C. Stover (# 4919)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
Tel: (302) 571-6600
Fax: (302) 571-1253

*Attorneys for Plaintiff Voith Paper GMBH & Co. Kg.*

OF COUNSEL:

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
Neal Goldberg
1950 Roland Clarke Place
Reston, VA 20191
Tel: (703) 716-0081
Fax: (703) 716-1180

Dated: February 19, 2008

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................. iii

I.    JOHNSONFOILS WAIVED ANY OBJECTION TO
      VOITH'S SUPPLEMENTAL CLAIM CONSTRUCTIONS
      AND SUPPORTING ARGUMENTS BY FAILING TO
      OBJECT AT THE MARKMAN HEARING ................................................................3

II.   VOITH DILIGENTLY REQUESTED LEAVE TO
      SUPPLEMENT ITS OPENING BRIEF AFTER A DELAY
      CAUSED BY JOHNSONFOILS' FAILURE TO ANSWER
      CONTENTION INTERROGATORIES, JOHNSONFOILS'
      REFUSAL TO IDENTIFY DISPUTED CLAIM PHRASES,
      AND JOHNSONFOILS' REFUSAL TO AGREE TO A
      MARKMAN BRIEFING SCHEDULE .......................................................................4

      A.    JohnsonFoils' Failure to Answer Voith's Contention
            Interrogatories Materially Interfered with Voith's Ability
            to Anticipate Disputed Claim Phrases Prior to Receiving
            JohnsonFoils' Opening Markman Brief on January 16, 2008 ...........................4

            1.    JohnsonFoils Failed to Answer Voith's Contention
                  Interrogatories Served Over Six Months Prior to the
                  Markman Hearing on July 26, 2007 .......................................................4

            2.    JohnsonFoils' Failure to Answer Voith's Contention
                  Interrogatories Materially Interfered with Voith's
                  Ability to Anticipate Disputed Claim Phrases in Voith's
                  Opening Markman Brief.........................................................................7

      B.    JohnsonFoils Refused Voith's Request to Agree to a Markman
            Briefing Schedule Which Would Permit Each Party to File a
            Timely Opening Brief, Response Brief, and Reply ...........................................9

      C.    JohnsonFoils Did Not Construe Any of the Terms Proposed
            By Voith on December 20, 2007, or Any of the Terms
            Construed in Voith's Opening Markman Brief .................................................9

D.  There is Good Cause For Permitting Voith to Have Filed a
Supplemental Brief on January 24, 2008, Because Voith Could
Not Have Identified JohnsonFoils' Disputed Claim Phrases
Prior to the Cutoff Date for Markman Briefing and Voith
Diligently Submitted Its Supplemental Markman Brief on
January 24, 2008. ........................................................................................... 11

III.  PROFESSOR WALLER'S ORIGINAL AND SUPPLEMENTAL
DECLARATIONS ARE ADMISSIBLE TO EXPLAIN THE
INTRINSIC RECORD FROM THE PERSPECTIVE OF ONE
OF ORDINARY SKILL ............................................................................................. 13

IV  CONCLUSION ................................................................................................................. 15

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Callaway Golf v. Dunlop Slazenger Group Americas,*
   295 F.Supp.2d 430 (D. Del. 2003) ........................................................................ 11

*E-Pass Techs., Inc. v. 3COM Corp.,*
   473 F.3d 1213 (Fed. Cir. 2007) .............................................................................. 7

*In re Icon Health and Fitness, Inc.,*
   496 F.3d 1374 (Fed. Cir. 2007) .............................................................................. 7

*Lava Trading, Inc. v. Sonic Trading Management,*
   445 F.3d 1348 (Fed. Cir. 2006) ........................................................................... 7, 8

*Phillips v. AWH Corporation,*
   415 F.3d 1303 (Fed. Cir. 2005) ............................................................................ 14

*Sulzer Textil A.G. v. Picanol N.V.,*
   358 F.3d 1356 (Fed. Cir. 2004) ............................................................................ 10

*U.S. Surgical Corp. v. Ethicon, Inc.,*
   103 F.3d 1554 (Fed. Cir. 1997) ............................................................................ 10

*Walden v. Georgia-Pacific Corp.,*
   126 F.3d 506 (3d Cir. 1997) ................................................................................... 3

*Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.,*
   442 F.3d 1322 (Fed. Cir. 2006) .............................................................................. 8

**Rules**

Fed. R. Civ. P. 33(d) ...................................................................................................... 5

Fed. R. Civ. P. 37(a)(4) ........................................................................................... 5, 6, 7

iii

Voith GmbH & Co. KG ("Voith") hereby replies to JohnsonFoils Inc.'s ("JohnsonFoils") Answering Brief in Opposition to Voith's Motion for Leave to Supplement Its Opening Markman Brief ("Opposition," D.I. 87).

As explained below, JohnsonFoils has waived any objection to the admission of Voith's supplemental claim constructions and supporting arguments by failing to object at the Markman Hearing. At the Markman Hearing on January 30, 2008, Voith, without objection, presented both Voith's original proposed constructions and Voith's responsive constructions and arguments to each of JohnsonFoils' proposed constructions. *See* Markman Transcript, D.I. 86; Markman Presentation. Because any objection to Voith's proposed constructions and supporting arguments of Voith's Supplemental Markman Brief have been waived, any argument to exclude Voith's Supplemental Markman Brief based on its content has also been waived. In addition, Professor Waller was present at the Markman Hearing. See Markman Hearing Transcript, D.I. 86. JohnsonFoils' failure to request the opportunity to ask questions of Professor Waller waives any objection to Professor Waller's Declaration based on JohnsonFoils' purported lack of opportunity to ask questions of Professor Waller.

Apart from JohnsonFoils' waiver, Voith has demonstrated good cause to Supplement its Opening Markman Brief after the time set by the Scheduling Order. As explained in Voith's Opening Brief in Support of Voith's Motion for Leave to Supplement its Opening Markman Brief, D.I. 74, Voith's need to supplement its Opening Markman Brief directly results from (1) JohnsonFoils failure to answer Voith's contention interrogatories, (2) JohnsonFoils' failure to inform Voith of the claim phrases it would construe prior to January 16, 2008, and (3) JohnsonFoils' refusal to agree to a Markman Briefing schedule that would permit each party to file an opening and responsive brief. After identifying the phrases JohnsonFoils intended to

construe for the first time on January 16, Voith diligently prepared its Supplemental Markman Brief and filed a Motion for leave to supplement its opening Markman Brief on January 24, 2008. D.I. 74.

JohnsonFoils' Opposition does nothing to rebut Voith's proof that 1) Voith could not have completed its Markman Briefing to address disputed claim phrases by the date set by the scheduling order and that 2) Voith was diligent in completing its briefing of disputed claim phrases by January 24, 2008. JohnsonFoils' assertion that the invalidity and noninfringement contentions it has wrongfully withheld from Voith are *irrelevant* to claim construction is expressly contradicted by controlling Federal Circuit Law. Moreover, JohnsonFoils' sole ground for demonstrating prejudice—that "JohnsonFoils is prejudiced by the fact that [JohnsonFoils] filed its Markman Brief in accordance with the Court's Scheduling Order"—is legally irrelevant to determining whether Voith has established good cause to modify the scheduling order to permit the filing of Voith's Supplemental Markman Brief. Voith's diligence from the earliest date it could begin drafting its Supplemental Markman Brief through January 24, 2008, coupled with JohnsonFoils' role in depriving Voith of the opportunity to complete its Markman Briefing by the time set in the Scheduling Order, establish good cause to permit Voith to Supplement its Opening Markman Brief.

JohnsonFoils' further request to strike Professor Michael H. Waller's Supplemental Declaration should be denied because JohnsonFoils fails to state a single objection to any specific statement or conclusion contained therein. As explained in Voith's Opposition to JohnsonFoils' Motion to Strike, D.I. 80, Professor Waller's opinion usefully enhances the record with the perspective of one of skill in the art and is consistent with the intrinsic record.

2

Moreover, any concerns that Professor Waller's Declaration may not have been fully tested by cross examination go to the weight, not the admissibility, of Professor Waller's declaration.

I.   **JOHNSONFOILS WAIVED ANY OBJECTION TO VOITH'S SUPPLEMENTAL CLAIM CONSTRUCTIONS AND SUPPORTING ARGUMENTS BY FAILING TO OBJECT AT THE MARKMAN HEARING**

It is important at the outset to appreciate that any pending objection to the <u>content</u> of Voith's Supplement to its Opening Markman Brief has been waived. JohnsonFoils waived any objection to Voith's supplemental constructions and supporting arguments by failing to raise any objection at the Markman Hearing. *See Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 520 (3d Cir. 1997) (absent a definitive ruling on a pre-hearing objection a party is required to object at the hearing to preserve its objection (*applying American Home Assurance Co. v. Sunshine Supermarket, Inc.*, 753 F.2d 321, 324-25 (3d Cir.1985))).[1] The only exception for the requirement that objections be raised at the hearing is narrowly limited to circumstances where the ruling is so definitive that any objection raised at the hearing would be a pure formality:

> [I]f a party files an unsuccessful motion in limine seeking the exclusion of certain evidence, that party need not formally object at trial when the evidence in question is introduced if two conditions are satisfied: (1) the party filed a written pre-trial motion setting forth reasons and case citations in support of the request that the evidence be excluded; and (2) the district court made a "definitive" ruling with no suggestion that it would reconsider the matter at trial.

*Walden*, 126 F.3d at 518. As explained in *Walden*, unless there is a definitive ruling on the pre-hearing motion it is preferable to provide the court with the opportunity to make a definitive ruling at the hearing on a fuller record. *See Walden*, 126 F.3d at 519 (admission of material subject to a pre-hearing motion relating to admissibility may only be challenged if the objection is raised at the hearing).

---

[1]   Although Walden was decided in the context of pre-trial rulings relating to the admissibility of evidence, its reasoning and holding applies equally well to pre-hearing objections in general.

In this case there was <u>no</u> pre-hearing ruling relating to the parties dispute over either

JohnsonFoils' Motion to Strike the Declaration of Michael H. Waller or Voith's Motion to

Supplement its Opening Markman Brief. Thus, JohnsonFoils was required to object to Voith's

supplemental constructions and supporting arguments at the hearing. JohnsonFoils' failure to

object eliminates any ground for excluding at least the content of Voith's Supplemental

Markman Brief as recorded in the Markman Hearing Transcript and Voith's Markman Slide

Presentation. JohnsonFoils' resulting waiver of any objection to the content of Voith's

Supplemental Markman Brief also precludes JohnsonFoils from establishing prejudice resulting

from including that content in the record.

**II.    VOITH DILIGENTLY REQUESTED LEAVE TO SUPPLEMENT ITS OPENING
BRIEF AFTER A DELAY CAUSED BY JOHNSONFOILS' FAILURE TO
ANSWER CONTENTION INTERROGATORIES, JOHNSONFOILS' REFUSAL
TO IDENTIFY DISPUTED CLAIM PHRASES, AND JOHNSONFOILS'
REFUSAL TO AGREE TO A MARKMAN BRIEFING SCHEDULE**

> **A.    JohnsonFoils' Failure to Answer Voith's Contention Interrogatories
> Materially Interfered with Voith's Ability to Anticipate Disputed Claim
> Phrases Prior to Receiving JohnsonFoils' Opening Markman Brief on
> January 16, 2008.**

> > **1.    JohnsonFoils Failed to Answer Voith's Contention Interrogatories
> > Served Over Six Months Prior to the Markman Hearing on July 26,
> > 2007.**

JohnsonFoils has yet to answer Voith's contention interrogatories relating to

JohnsonFoils' claims and defenses, JohnsonFoils' invalidity contentions, and JohnsonFoils'

noninfringement contentions, served over six months ago on July 26, 2007. *See* Voith's First

Interrogatories, Interrogatory No. 5 (requesting factual grounds for all contentions relating to

asserted claims and defenses), Interrogatory No. 6 (requesting contentions and supporting facts

relating to invalidity claims), Interrogatory No. 7 (requesting contentions and supporting facts

4

relating to infringement). The fact that JohnsonFoils' failure to answer is the subject of Voith's

pending Motion to Compel, D.I. 42, does not excuse that failure.

In response to Voith's detailed contention interrogatories, JohnsonFoils were so

incomplete as to amount to a failure to respond. *See* Fed. R. Civ. P. 37(a)(4) (stating that an

evasive or incomplete answer constitutes a failure to answer). In response to Voith's

Interrogatory No. 5, requesting JohnsonFoils' contentions and support for all of its claims and

defenses, JohnsonFoils failed to answer, instead referring Voith to invalidity contentions made in

a different proceeding:

> JohnsonFoils objects to this interrogatory as overly broad, unduly burdensome,
> and premature. JohnsonFoils also objects to this interrogatory to the extent that it
> requests information protected by the attorney-client privilege or the work-
> product doctrine.
>
> Subject to and without waiver of the foregoing objections, a response to this
> interrogatory can be ascertained pursuant to Fed. R. Civ. P. 33(d) from at least the
> requests for reexamination of the Patents-in-Suit filed by JohnsonFoils and all
> prior art cited therein.

JohnsonFoils' Responses to Voith's First Set of Interrogatories, No. 5, Exh. 1. JohnsonFoils'

reliance on Rule 33(d) to answer contention interrogatories is especially improper since Rule

33(d) is limited to instances where JohnsonFoils does not know the answer to an interrogatory

and would have to expend at least as much effort ascertaining its contentions from documents as

would Voith. Yet, for Voith to ascertain JohnsonFoils' <u>contentions</u> from JohnsonFoils'

documents is likely *impossible*, whereas it is likely that JohnsonFoils already <u>knows</u> its

contentions. *See* Fed. R. Civ. P. 37(a)(4) (providing an evasive or incomplete answer constitutes

a failure to answer). JohnsonFoils' reference to documents filed with the United States Patent

Office is nonresponsive. Voith's Interrrogatory requests JohnsonFoils' contentions in <u>this</u>

proceeding.

5

In response to Voith's Interrogatory No. 6, specifically requesting JohnsonFoils'

invalidity contentions and supporting grounds, JohnsonFoils failed to answer, instead referring

Voith to its deficient answer to Voith's Interrogatory 5:

> JohnsonFoils objects to this interrogatory as overly broad, unduly burdensome,
> and premature. JohnsonFoils also objects to this interrogatory to the extent that it
> requests information protected by the attorney-client privilege or the work-
> product doctrine. JohnsonFoils objects to this interrogatory to the extent that it is
> duplicative of Interrogatory No. 5.
>
> Subject to and without waiver of the foregoing objections, a response to this
> interrogatory can be ascertained pursuant to Fed. R. Civ. P. 33(d) from at least the
> requests for reexamination of the Patents-in-Suit filed by JohnsonFoils and all
> prior art cited therein.

JohnsonFoils' Responses to Voith's First Set of Interrogatories, No. 6, Exh. 1.  As explained in

the context of Voith's Interrogatory No. 5 above, this "answer" utterly fails to inform Voith of

JohnsonFoils' invalidity contentions for <u>this</u> action. *See* Fed. R. Civ. P. 37(a)(4) (providing an

evasive or incomplete answer constitutes a failure to answer).

In response to Voith's Interrogatory No. 7, specifically requesting JohnsonFoils'

infringement contentions, JohnsonFoils again failed to answer, referring Voith again to

JohnsonFoils' deficient answer to Voith's Interrogatory No. 5 discussed above:

> JohnsonFoils objects to this interrogatory as overly broad, unduly burdensome,
> harassing, premature, and to the extent that it requests information irrelevant to
> the subject matter of the present action. JohnsonFoils also objects to this
> interrogatory to the extent that it requests information protected by the attorney-
> client privilege or the work-product doctrine. JohnsonFoils objects to this
> interrogatory as the term "Accused Products" is vague and not sufficiently
> defined. JohnsonFoils objects to this interrogatory to the extent that it is
> duplicative of Interrogatory No. 5.

JohnsonFoils' Responses to Voith's First Set of Interrogatories, No. 7, Exh. 1.  Thus, in response

to Voith's request for JohnsonFoils' noninfringement contentions, JohnsonFoils objected and

referred Voith to documents potentially relating to validity submitted with JohnsonFoils'

6

reexamination requests.  Not only that, but in its Opposition to Voith's pending Motion to Compel JohnsonFoils' answers to Voith's First Set of Interrogatories, JohnsonFoils did not even address its failure to answer Voith's Interrogatories.  *See* Fed. R. Civ. P. 37(a)(4) (providing an evasive or incomplete answer constitutes a failure to answer).

Considering JohnsonFoils' actual interrogatory responses, reproduced verbatim above, JohnsonFoils' claim that "JohnsonFoils complied with its discovery obligations," JohnsonFoils' Opposition at 8, is incredible.

### 2.    JohnsonFoils' Failure to Answer Voith's Contention Interrogatories Materially Interfered with Voith's Ability to Anticipate Disputed Claim Phrases in Voith's Opening Markman Brief.

JohnsonFoils' failure to answer Voith's contention interrogatories materially interfered with Voith's ability to anticipate disputed claim phrases in Voith's Opening Markman Brief by depriving Voith of context necessary to a proper claim construction.  JohnsonFoils' contends that its invalidity contentions and noninfringement contentions are *irrelevant* to claim construction. *See* JohnsonFoils' Opposition at 10 ("Even assuming, *arguendo*, that JohnsonFoils' responses were somehow inadequate, Voith's requests [for invalidity contentions and infringement contentions] have no bearing on claim construction.")  JohnsonFoils is incorrect.

The Federal Circuit has expressly held that infringement and invalidity issues are <u>highly</u> <u>relevant</u> to claim construction.  *See In re Icon Health and Fitness, Inc.*, 496 F.3d 1374, 1379 (Fed. Cir. 2007) ("[A]n infringement or invalidity analysis provides the context for claim construction); *E-Pass Techs., Inc. v. 3COM Corp.*, 473 F.3d 1213, 1219 (Fed. Cir. 2007) ("[A]ny articulated definition of a claim term ultimately must relate to the infringement questions that it is intended to answer); *Lava Trading, Inc. v. Sonic Trading Management*, 445 F.3d 1348, 1350 (Fed. Cir. 2006) (proper context for claim construction is lacking where there is no information

7

comparing the accused products to the claims); *Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442 F.3d 1322, 1326 (Fed. Cir. 2006) ("[T]he legal function of giving meaning to claim terms always takes place in the context of a specific accused infringing device or process.")

The requirement that claim construction occur in the context of the parties' invalidity and noninfringement contentions is based on constitutional limits that restrict the jurisdiction of courts to resolving <u>actual disputes</u>. Without that context, claim construction is an abstract exercise in semantics that is likely to result in an improper advisory opinion. *See Wilson Sporting Goods*, 442 F.3d at 1327 ("[W]ithout a record of the accused products, this appeal assumes many attributes of a proceeding seeking an advisory opinion.") Conducting claim construction in the context of the parties' actual dispute is consistent with the prohibition on construing claims to specifically resolve an infringement or validity issue. In *Wilson Sporting Goods*, the court explained:

> While a trial court should certainly not prejudge the ultimate infringement analysis by construing claims with an aim to include or exclude an accused product or process, knowledge of that product or process provides meaningful context for the first step of the infringement analysis, claim construction.

*Wilson Sporting Goods*, 442 F.3d at 1326-27.

Moreover, the Federal Circuit has made clear that the requirement to consider claim construction in the context of disputed infringement and noninfringement issues is <u>mandatory</u>. *See Lava Trading*, 445 F.3d at 1350 (remanding for claim construction at the district court, stating that court lacked the proper context for claim construction without information about the accused device); *Wilson Sporting Goods*, 442 F.3d at 1331 (refusing to construe claims, instead remanding to the district court for construction on record supplemented to include information on the accused device).

8

JohnsonFoils' failure to answer Voith's contention interrogatories deprived Voith of the proper context within which to evaluate the parties' disputes and forced Voith to wait until receiving JohnsonFoils' Opening Markman Brief on January 16. Having caused this delay, JohnsonFoils should not be heard to complain that Voith's Supplemental Markman Brief, addressing JohnsonFoils' proposed claim phrase constructions, was received a week later on January 24, 2008, well in advance of the January 30 Markman Hearing.

**B.    JohnsonFoils Refused Voith's Request to Agree to a Markman Briefing Schedule Which Would Permit Each Party to File a Timely Opening Brief, Response Brief, and Reply**

As explained in Voith's Opening Brief, Voith attempted to obtain JohnsonFoils' agreement to a briefing schedule that would have allowed both Voith and JohnsonFoils to file a timely Opening Markman Brief, Response Markman Brief, and a Reply, but was turned down. *See* Letter from Michael J. Fink to Anthony S. Volpe, dated December 18, 2007, Exh. 2 to Voith's Opening Brief ("December 18 Letter"); Letter from Anthony S. Volpe to Michael J. Fink, dated December 19, 2007, Exh. 3 to Voith's Opening Brief ("December 19 Letter").

**C.    JohnsonFoils Did Not Construe Any of the Terms Proposed By Voith on December 20, 2007, or Any of the Terms Construed in Voith's Opening Markman Brief**

Despite JohnsonFoils' attempt to malign Voith's efforts to agree on a Markman Briefing Schedule and to narrow the set of disputed claim terms, the parties' correspondence demonstrates that JohnsonFoils insisted on a one shot January 16 briefing schedule and did not identify disputed claim phrases prior to January 16 despite receiving a list of Voith's candidate claim phrases on December 20, 2007. *See* December 19 Letter; Letter from Michael J. Fink to Anthony S. Volpe, dated December 20, 2007, Exh. 4 to Voith's Opening Brief ("December 20 Letter").

As explained in Voith's Opening Brief, JohnsonFoils' tactical decision to turn the Markman Briefing into a guessing game resulted in opening Markman briefs that addressed distinct claim phrases and, as a result, failed to identify the parties' actual disputes. *See Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1365-1366 (Fed. Cir. 2004) (trial court must instruct jury on all disputed claim terms (*citing U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997)). Contrary to JohnsonFoils' assertion, JohnsonFoils' Opposition at p. 8, identifying disputed claim phrases by providing each party with the opportunity to propose constructions for the same terms is essential to proper claim construction. As explained in *U.S. Surgical*, "[c]laim construction is a matter of resolution of disputed meanings and technical scope, to clarify and when necessary to explain what the patentee covered by the claims, for use in the determination of infringement. It is not an obligatory exercise in redundancy." *U.S. Surgical*, 103 F.3d at 1568.

Notwithstanding JohnsonFoils' denials, no claim term enumerated by Voith as a potential term to construe was actually construed by JohnsonFoils. *See* JohnsonFoils' Opposition, at 7-8; December 20 Letter (enumerating claim terms that may be construed and proposing a mutual identification of disputed terms). Specifically, JohnsonFoils did not construe the claim phrases identified in Voith's December 20 Letter and enumerated in JohnsonFoils' Opposition. In the December 20 Letter, Voith listed several technical phrases that Voith stated would benefit from construction, including, among others, "twin wire former," "wire," "fiber suspension," "first section," "second section," "third section," "twin wire zone," "single wire predrainage zone," "means for supporting the belts," "wedge shaped entrance slot," "headbox," and "drainage strips." *See* December 20 Letter.

10

JohnsonFoils' Opening Markman Brief construes neither these terms, nor any other term listed in the December 20 Letter. *See* JohnsonFoils' Opening Markman Brief, at Table of Contents at pp. ii-iv, D.I. 68. JohnsonFoils did construe different claim <u>phrases</u>, some of which contain the technical terms construed by Voith, but in each case the inclusion of additional claim language resulted in a construction that reflected JohnsonFoils' construction of the entire phrase. Voith disagrees with JohnsonFoils' apparent contention that JohnsonFoils' construction of claim phrases <u>containing</u> terms construed by Voith is the same as construing the terms construed by Voith.

> **D.    There is Good Cause For Permitting Voith to Have Filed a Supplemental Brief on January 24, 2008, Because Voith Could Not Have Identified JohnsonFoils' Disputed Claim Phrases Prior to the Cutoff Date for Markman Briefing and Voith Diligently Submitted Its Supplemental Markman Brief on January 24, 2008.**

After receiving JohnsonFoils' Opening Markman Brief on January 16, 2008, Voith diligently prepared its Supplemental Markman Brief and filed Voith's Motion for Leave to Supplement Its Opening Markman Brief, D.I. 74, on January 24, 2008. JohnsonFoils does not address Voith's diligence between the time set by the Scheduling Order for completing briefing, January 16, and the filing of Voith's Motion to Supplement its Opening Markman Brief on January 24. However, because Voith could not have prepared its Supplemental Brief by January 16, that is the only time period that matters. *Callaway Golf v. Dunlop Slazenger Group Americas*, 295 F.Supp.2d 430. 432-33 (D. Del. 2003) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." (*quoting* Rule 16 Advisory Comm. Notes (1983 Amend)). In *Calloway*, the Court permitted the filing of a counterclaim outside the time set by the scheduling order because the party counter-claimant did not learn of the facts supporting the counterclaim until after the

11

time set by the scheduling order. Similarly, in this case, Voith did not have sufficient information to identify the disputed claim phrases until the Markman Briefing cutoff date due circumstances beyond Voith's control: 1) JohnsonFoils failure to answer Voith's contention interrogatories, 2) JohnsonFoils' failure to identify the phrases it intended to construe prior to January 16, 2008, and 3) JohnsonFoils' refusal to agree to Markman Briefing Schedule that included the submission of brief prior to January 16, 2008.

Instead of addressing Voith's diligence in preparing its Supplemental Markman Brief, JohnsonFoils instead states that "Voith waited until the last possible minute to request supplemental briefing." JohnsonFoils' Opposition, at p. 11. Yet, the record is clear that Voith approached JohnsonFoils with a proposed Markman Briefing Schedule on December 18, 2007. *See* December 18 Letter. JohnsonFoils refused Voith's request. *See* December 19 Letter. JohnsonFoils further allegation that "Voith's refusal to exchange proposed claim constructions is explained, in part, by the fact that it knew that it would be filing expert declaration and intended to supplement its briefing if it missed any relevant issues" is incomprehensible in view of the clear record that Voith, not JohnsonFoils, disclosed claim terms Voith ultimately construed in advance. *See* December 20 Letter. In view of JohnsonFoils' refusal to identify the terms it intended to construe after receiving Voith's list, it was reasonable for Voith to treat JohnsonFoils' counter-proposal that Voith hand over Voith's proposed constructions on December 28 without any potential reciprocal exchange until a week later on January 4, as a rejection of Voith's proposal. *See* Letter from Anthony S. Volpe to Michael J. Fink, dated December 21, 2007. Exh. 5 to Voith's Opening Brief.

12

## III.    PROFESSOR WALLER'S ORIGINAL AND SUPPLEMENTAL DECLARATIONS ARE ADMISSIBLE TO EXPLAIN THE INTRINSIC RECORD FROM THE PERSPECTIVE OF ONE OF ORDINARY SKILL

JohnsonFoils' admits that its criticisms of Professor Waller's Supplemental Declaration are not based on any deficiencies in <u>any</u> of Professor Waller's particular statements or conclusions. In fact, JohnsonFoils has expressly limited its criticism of Professor Waller's Supplemental Declaration to the arguments raised in JohnsonFoils' Motion to Strike [the] Declaration of Michael H. Waller, D.I. 71 ("Motion to Strike"). *See* JohnsonFoils' Opening Brief, at p. 12. JohnsonFoils' Motion to Strike makes <u>no reference</u> to Professor Waller's Supplemental Declaration.

JohnsonFoils' argument that allowing Voith's Supplemental Brief and supporting Supplemental Declaration will result in further delays is unfounded. Instead of responding to Professor Waller's substantive opinions, JohnsonFoils instead argues that if Professor Waller's Supplemental Declaration is allowed, "JohnsonFoils has no choice but to also request leave of Court to take the deposition of Mr. Waller and additional time in which to file an opposition to Voith's Markman briefs and expert declarations." JohnsonFoils' Opposition at p. 11. First, JohnsonFoils fails to explain why JohnsonFoils did not timely do so. In addition, Professor Waller was present at the Markman Hearing, but JohnsonFoils made no request to examine him despite previously insisting on the opportunity to do so. The failure of JohnsonFoils to either timely request leave to submit an expert declaration to respond to Professor Waller's opinions or timely request the opportunity to ask questions of Professor Waller at the Markman Hearing is fatal to JohnsonFoils' claim that it has had no opportunity to respond to Professor Waller's Supplemental Declaration.

13

JohnsonFoils' attempt to discredit Professor Waller's Supplemental Declaration as per se inadmissible expert testimony is contrary to settled principles of claim construction. To the extent that JohnsonFoils objects generally to Professor Waller's Supplemental Declaration based on its Motion to Strike, Voith refers the Court to Voith's Answering Brief in Opposition to JohnsonFoils' Motion to Strike Declaration of Michael H. Waller. D.I. 80 ("Voith's Opposition"). As explained in Voith's Opposition, Professor Waller—an individual with significant academic and practical credentials in the paper making machine field—followed the accepted procedure for reviewing the intrinsic record and formulating his opinions as to the understanding one of ordinary skill would have of the Patents-in-suit, the cited references, the claims, and the prosecution history. *See Phillips v. AWH Corporation*, 415 F.3d 1303, 1312-14 (Fed. Cir. 2005) (explaining that claims must be interpreted from the perspective of one of ordinary skill). In view of the requirement that the perspective of one of ordinary skill should dominate the claim construction process, it is difficult to understand JohnsonFoils' purported "surprise" at Voith's reliance on expert testimony. *Phillips*, 415 F.3d at 1318-19 (explaining the role of expert testimony in a proper claim construction). Although Professor Waller's conclusions are consistent with the intrinsic record, any concerns arising from the present absence of record cross examination—putting aside for the sake of argument JohnsonFoils' waiver resulting from JohnsonFoils' failure to submit its own expert declaration and JohnsonFoils' failure to request the opportunity to question Professor Waller at the Markman Hearing—go only to the weight, not the admissibility, of Professor Waller's Supplemental Declaration. *Phillips*, 415 F.3d at 1319 (gate keeping function of courts should be exercised to accord proper weight to expert evidence in the context of the intrinsic record).

14

## IV.    CONCLUSION

For the foregoing reasons, Voith respectfully requests that its request for leave to

supplement its Opening Markman Brief be granted.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

Adam W. Poff (# 3990)
Chad S.C. Stover (# 4919)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
Tel:  (302) 571-6600
Fax:  (302) 571-1253

*Attorneys for Plaintiff Voith Paper GMBH & Co. Kg.*

OF COUNSEL:

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
Neal Goldberg
1950 Roland Clarke Place
Reston, VA 20191
Tel:  (703) 716-0081
Fax:  (703) 716-1180

Dated:  February 19, 2008

15

## CERTIFICATE OF SERVICE

I, Adam W. Poff, hereby certify that on February 19, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> George H. Seitz, III, Esquire
> Patricia P. McGonigle, Esquire
> SEITZ, VAN OGTROP & GREEN, P.A.
> 222 Delaware Avenue
> Suite 1500
> P.O. Box 68
> Wilmington, DE 19899

I further certify that on February 19, 2008, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

> Anthony S. Volpe, Esquire
> Ryan W. O'Donnell, Esquire
> Volpe and Koenig
> United Plaza, Suite 1600
> 30 South 17th Street,
> Philadelphia, PA 19103

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Adam w. Poff*
Adam W. Poff (No. 3990)
Chad S.C. Stover (No. 4919)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
cstover@ycst.com

*Attorneys for Voith Paper GmbH & Co. KG*

# EXHIBIT 1

CONFIDENTIAL – ATTORNEYS EYES ONLY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 1:07-cv-00226-JJF |
| v. | : | |
| | : | |
| JOHNSONFOILS, INC., | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT, JOHNSONFOILS, INC.'S, RESPONSES TO PLAINTIFF,
VOITH PAPER GMBH & CO. KG'S, FIRST SET OF INTERROGATORIES**

Defendant, JohnsonFoils, Inc. ("JohnsonFoils") submits its objections and responses to Plaintiff, Voith Paper GmbH ·& Co. KG's ("Voith") First Set of Interrogatories ("Interrogatories") as follows:

**GENERAL OBJECTIONS**

1.      JohnsonFoils objects to the Voith's Interrogatories to the extent that its Definitions and Interrogatories are overly broad, unduly burdensome, oppressive, premature, seek discovery of information exceeding the permissible scope of discovery, and purport to impose obligations beyond those required by the Fed. R. Civ. P. 33.

2.      JohnsonFoils objects to Voith's Interrogatories to the extent they seek information protected by the attorney-client privilege, the work product doctrine, or other privilege or immunity.  JohnsonFoils does not waive any attorney-client privilege, protection for attorney work-product, or other privilege or immunity, nor

CONFIDENTIAL – ATTORNEYS' EYES ONLY

JohnsonFoils further objects to this interrogatory to the extent it is duplicative of Interrogatory Nos. 1 and 2.

Subject to and without waiver of the foregoing objections, JohnsonFoils will produce documents pursuant to Fed. R. Civ. P. 33(d) from which Voith may derive or ascertain the information sought in response to this Interrogatory with no greater burden than JohnsonFoils.

**INTERROGATORY NO. 5:**

For each of the Affirmative Defenses and Counterclaims asserted or which will be asserted, identify and specifically describe all facts on which you rely to support those contentions, and identify the Person(s) most knowledgeable about the facts and all documents in support thereof.

**Response:** JohnsonFoils objects to this Interrogatory as overly broad, unduly burdensome, and premature. JohnsonFoils also objects to this Interrogatory to the extent that it requests information protected by the attorney-client privilege or the work-product doctrine.

Subject to and without waiver of the foregoing objections, a response to this interrogatory can be ascertained pursuant to Fed. R. Civ. P. 33(d) from at least the requests for reexaminations of the Patents-in-Suit filed by JohnsonFoils and all prior art cited therein.

- 7 -

CONFIDENTIAL – ATTORNEYS' EYES ONLY

**INTERROGATORY NO. 6:**

Identify the Prior Art which you contend is relevant and/or material to the Patents-in-suit, specify each claim to which each piece of Prior Art relates, describe with particularity why such Prior Art reference is material, *i.e.* identify with specificity each claim element in the Patents-in-suit which the Prior Art discloses, and why such Prior Art reference is not cumulative over the Prior Art of record considered by the examiner, *i.e.*, identify with specificity the claim elements or combination of claim elements that the Prior Art of record allegedly does not disclose, and state how you contend this Prior Art is applied against each of those claims.

**Response:**   JohnsonFoils objects to this Interrogatory as overly broad, unduly burdensome, and premature.  JohnsonFoils also objects to this Interrogatory to the extent that it requests information protected by the attorney-client privilege or the work-product doctrine.   JohnsonFoils objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 5.

Subject to and without waiver of the foregoing objections, a response to this interrogatory can be ascertained pursuant to Fed. R. Civ. P. 33(d) from at least the requests for reexamination of the Patents-in-Suit filed by JohnsonFoils and all prior art cited therein.

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**INTERROGATORY NO. 7:**

For each claim of each of the Patents-in-suit which Defendant asserts is not infringed by the Accused Products, for each Accused Product, identify each claim limitation which Defendant asserts is not literally present in the Accused Product and describe why the claim is not infringed under the doctrine of equivalents.

**Response:** JohnsonFoils objects to this Interrogatory as overly broad, unduly burdensome, harassing, premature, and to the extent that it requests information irrelevant to the subject matter of the present action. JohnsonFoils also objects to this Interrogatory to the extent that it requests information protected by the attorney-client privilege or the work-product doctrine. JohnsonFoils objects to this interrogatory as the term "Accused Products" is vague and not sufficiently defined. JohnsonFoils further objects to this interrogatory to the extent it is duplicative of Interrogatory No. 5.

**INTERROGATORY NO. 8:**

For each and every paper forming machine which Defendant has modified to utilize one or more resiliently supported blades, identify the amount charged for the modification and all documents relating thereto.

**Response:** JohnsonFoils objects to this Interrogatory as overly broad, unduly burdensome, harassing, and to the extent that it requests information irrelevant to the subject matter of the present action. JohnsonFoils objects to this

- 9 -

CONFIDENTIAL – ATTORNEYS EYES ONLY

VERIFICATION

I, James Gibson, declare under penalty of perjury that I am General Counsel for JohnsonFoils, Inc., that I have read the foregoing JohnsonFoils, Inc.'s Responses To Voith Paper GmbH & Co. KG's First Set Of Interrogatories and that the responses are true to the best of my current knowledge, information and belief. Although the truth of all of said responses may not be known to me personally, they are based in whole or in part on information received from others or derived from corporate records.

_Aug. 27, 2007_
Date

_James M. Gibson_
James Gibson

## CERTIFICATE OF SERVICE

I herby certify that a true and correct copy of Defendant, JohnsonFoils, Inc.'s,

Responses to Plaintiff, Voith Paper GmbH & Co. KG's, First Set of Interrogatories

was served via electronic mail and first class mail on the following persons:

Neil F. Greenblum, Esquire
Michael J. Fink, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191

Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391


Respectfully submitted,

Date:  August 28, 2007

*Ryan W. O'Dull*
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400

*Attorneys for Defendant*
*JohnsonFoils, Inc.*