IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VOITH PAPER GMBH & CO. KG | : |
| | : Civil Action No. 07-226-JF |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| JOHNSONFOILS, INC. | : |
| | : |
| Defendant. | : |

### NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant, JohnsonFoils, Inc. ("JohnsonFoils"), will take the deposition of Plaintiff, Voith Paper GmbH & Co. KG ("Voith"), who shall designate one or more officers, directors, managing agents, or other persons, who consent to testify on its behalf, with respect to the matters identified in the attached Schedule A, before a person duly authorized to administer oaths. The deposition will take place at the offices of Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, DE 19899, on April 25, 2008, beginning at 9:30 AM, and shall continue from day-to-day thereafter until concluded. The deposition will be transcribed by a stenographer and may also be videotaped.

Dated: March 13, 2008

SEITZ, VAN OGTROP & GREEN, P.A.

/s/ Patricia P. McGonigle
_____
George H. Seitz, III (DE #667)
gseitz@svglaw.com
Patricia P. McGonigle (DE #3126)
pmcgonigle@svglaw.com
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19801
(302) 888-0600

- and -

Anthony S. Volpe, Esquire
John J. O'Malley, Esquire
Ryan O'Donnell, Esquire
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 S. 17th Street
Philadelphia, PA  19103
Telephone: (215) 568-6400
Facsimile: (215) 568-6499
*Attorneys for Defendant JohnsonFoils, Inc.*

63994 v1

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

As used herein, the following definitions apply:

1.  "Plaintiff" means "Voith Paper GmbH & Co. KG," and includes any and all agents, affiliates, predecessors in interest, business entities, officers, directors, employees or others that are in or were in privity with Plaintiff.

2.  "Defendant" means "JohnsonFoils, Inc." and includes any and all agents or affiliates or predecessors in interest, business entities, officers, directors, employees or others that Plaintiff believes are or were in privity with Defendant.

3.  As used herein, "person" or "persons" means any natural person and all legal entities.

4.  As used herein "document" encompasses the broadest meaning and scope of that term as used in Federal Rule of Civil Procedure 34 and includes tangible things and electronically stored information as well as "things," writings and recordings," "electronic records," "photographs," "originals," and "duplicates" as defined in Federal Rule of Evidence 1001.

5.  As used herein, the terms "and" and "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which might otherwise be construed to be outside of its scope.

6.  As used in herein, the term "Complaint" means the Complaint filed by Plaintiff in Civil Action No. 07-0226-JJF.

7.  As used herein, the "'805 Patent" refers to U.S. Patent No. 5,718,805 and any related application or patent anywhere in the world.

63994 v1

8.  As used herein, the "'168 Patent" refers to U.S. Patent No. 5,972,168 and any related application or patent anywhere in the world.

9.  As used herein, "Patents-in-Suit" both the '805 Patent and '168 Patent and any related application or patent anywhere in the world.

10. As used herein, "Applicant" includes any person named as an inventor of the '805 or '168 Patent and any related application or patent anywhere in the world.

## AREAS OF TESTIMONY

1.  Plaintiff's organizational structure as it relates to the research, development, manufacturing, testing, marketing, exportation, importation, distribution, sale, and licensing of subject matter Plaintiff contends is covered by any claim of the Patents-in-Suit.

2.  Plaintiff's procedures and policies for generating, maintaining, and disposing of records (regardless of how they were generated or maintained), including, but not limited to documents related to the subject matter of the Patents-in-Suit.

3.  Plaintiff's alleged investment in the subject matter of the Patents-in-Suit.

4.  The prior art known to Plaintiff to be associated with or related to the subject matter of the Patents-in-Suit.

5.  Plaintiff's evaluation of any potential infringement by Defendant of the subject matter of the Patents-in-Suit.

63994 v1

6. Plaintiff's evaluation of any potential infringement by any third party of the subject matter of the Patents-in-Suit.

7. All facts and documents that Plaintiff contends support or tend to support the Complaint allegations.

8. Plaintiff's alleged investment in research and development of the subject matter of the Patents-in-Suit.

9. The conception, development or reduction to practice of each invention described or claimed in the '805 and '168 Patents.

10. Plaintiff's development of any product relating to the subject matter of the Patents-in-Suit.

11. Plaintiff's licensing of any product relating to the subject matter of the Patents-in-Suit.

12. Plaintiff's manufacture of any product relating to the subject matter of any the Patents-in-Suit.

13. Plaintiff's sales of any product relating to the subject matter of the Patents-in-Suit.

14. The patentability of the subject matter disclosed in the Patents-in-Suit.

15. Any communications between or among Plaintiff or any third person relating to the validity, infringement, enforceability, claim scope, or licensing of any of the Patents-in-Suit or any foreign counterparts.

16. Any communications with any person claiming title to or ownership of the Patents-in-Suit.

63994 v1

17. All facts or documents that support the allegation in Plaintiff's Complaint for willful patent infringement.

18. All facts or documents that support the allegation in Plaintiff's Complaint that Defendant has infringed and/or is currently infringing the Patents-in-Suit.

19. Plaintiff's first knowledge of Defendant's allegedly infringing product(s).

20. Plaintiff's ownership of the Patents-in-Suit.

21. All facts or documents that Plaintiff contends support its allegations that Defendant had full knowledge of the Patents-in-Suit at all times relevant hereto.

22. All facts or documents that support the allegations in Plaintiff's Complaint that it has been, and will continue to be, harmed, damaged or irreparably harmed by Defendant's alleged infringement of the Patents-in-Suit.

23. Plaintiff's market research, marketing plans or market share for each of Plaintiff's products allegedly covered by any claim of the Patents-in-Suit.

24. Plaintiff's sales of products allegedly covered by the claims of the Patents-in-Suit.

25. Plaintiff's projections of sales, prices, profitability and profit margins for each of Plaintiff's products allegedly covered by any claim of the Patents-in-Suit.

26. Plaintiff's return on investment and profit for each of Plaintiff's products allegedly covered by any claim of the Patents-in-Suit.

27. Any costs related to each of Plaintiff's products allegedly covered by any claim of the Patents-in-Suit.

28. Royalty payments, license fees or user fees paid to or received by Plaintiff based upon the Patents-in-Suit.

29. Any agreement, understanding, negotiations or contract between Plaintiff and any third party concerning the Patents-in-Suit.

30. Any opposition, interference, reissue or nullification, or reexamination proceeding that the Patents-in-Suit are now or have ever been involved.

31. The market for paper former products.

32. Plaintiff's response and production of documents in response to Defendant's Requests for Production of Documents.

63994 v1

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 14th day of March 2008, I electronically filed the foregoing Notice of Deposition with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record. Further, I caused a copy of the foregoing pleading to be served upon the following counsel as noted:

<u>Via Email</u>
Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899

<u>Via Email</u>
Neil F. Greenblum, Esquire
Neal Goldberg, Esquire
Michael J. Fink, Esquire
Greenblum & Bernstein, PLC
1950 Roland Clarke Place
Reston, Virginia  20191

/s/ *Patricia P. McGonigle*
_____
Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com

64005 v1