# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG | : | |
| | : | Civil Action No. 07-226-JJF |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHNSONFOILS, INC. | : | |
| | : | |
| Defendant. | : | |

**JOHNSONFOILS, INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR AN ORDER OF PROTECTION FROM THE MARCH 14, 2008 SUBPOENAS SERVED BY VOITH PAPER GMBH & CO. KG**

George H. Seitz, III (DE #667)
Patricia Pyles McGonigle (DE #3126)
Kevin A. Guerke (DE#4096)
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

-and-

Anthony S. Volpe
John J. O'Malley
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400

*Attorneys for Defendant*
*JohnsonFoils, Inc.*

Dated: March 25, 2008

## TABLE OF CONTENTS

Page

I.    INTRODUCTION.................................................................................-1-

II.   NATURE AND STAGE OF THE PROCEEDINGS.........................................-1-

III.  SUMMARY OF ARGUMENT ...............................................................-4-

IV.   STATEMENT OF FACTS ....................................................................-4-

V.    ARGUMENT ................................................................................-6-

VI.   CONCLUSION ..............................................................................-13-

## TABLE OF AUTHORITIES

**Cases**                                                                    **Pages**

Allen v. Howmedica Leibinger, Inc., 190 F.R.D. 518 (W.D.Tenn. 1999) ................... 12

Cash Today of Tex. v. Greenberg, 2002 U.S. Dist. LEXIS 20694

    (D. Del. 2002) ........................................................................... 12

Exxon Shipping Co. v. United States Dept. of Interior, 34 F.3d 774

    (9th Cir. 1994) ......................................................................... 12

La Chemise Lacoste v. Alligator Co., 60 F.R.D. 164 (D. Del. 1973)........................... 7

Mack v. Great Atlantic & Pacific Tea Co., Inc., 871 F.2d 179 (1st Cir. 1989)......... 6, 9

Mannington Mills, Inc. v. Armstrong World Indus., 206 F.R.D. 525

    (D. Del. 2002)........................................................................... 7

MGM Studios, Inc. v. Grokster, Ltd., 218 F.R.D. 423 (D. Del. 2003) ...................... 12

Power Integrations Inc. v. Fairchild Semiconductor Int'l, Inc.,

    2006 U.S. Dist. LEXIS 60089 (D. Del. 2006) ................................... 7

Zuk v. E. Pa. Psychiatric Inst., 103 F.3d 294, 299 (3d Cir. 1996)............................... 6


**Rules Cited**

FED. R. CIV. P. 26(b) .............................................................................. 6, 8

FED. R. CIV. P. 26(c) ............................................................................ 1, 4, 6, 7

FED. R. CIV. P. 45 ............................................................................... 4, 6, 12

## I.    INTRODUCTION

JohnsonFoils, Inc. ("JohnsonFoils") moves pursuant to FED R. CIV. P. 26(c) for protection from the four March 14, 2008 Subpoenas served on AstenJohnson, AbitibiBowater, Inc. ("AbitibiBowater"), and International Paper Company ("International Paper") by Voith Paper GMBH & Co. KG ("Voith").

## II.    NATURE AND STAGE OF PROCEEDINGS

On April 20, 2007, Voith filed a Complaint (D.I. No. 1) alleging that JohnsonFoils infringes Voith's U.S. Patent Nos. 5,718,805, ("805 Patent") and 5,972,168 ("'168 Patent") (collectively, the "patents-in-suit").

On July 26, 2007, Voith served its First Set of Interrogatories and First Requests for Production on JohnsonFoils.  See Exhibits A and B.

On August 16, 2007, Voith served its Second Set of Interrogatories and Second Requests for Production of Documents on JohnsonFoils. See Exhibits C and D.

On August 24, 2007, JohnsonFoils filed Requests for Reexamination of the patents-in-suit with the United States Patent and Trademark Office ("USPTO").

On August 28, 2007, JohnsonFoils filed its Motion to Stay the Proceedings Pending Reexamination of the Patents-In-Suit or in the Alternative for Leave to File a Motion for Summary Judgment that U.S. Patent Nos. 5,718,805, and 5,972,168 are Invalid ("Motion to Stay") (D.I. Nos. 27 and 28).[1]

---

[1]  JohnsonFoils' Motion to Stay is currently pending before this Court.  On or about February 13, 2008, both JohnsonFoils and Voith provided this Court with a supplemental submission in connection with JohnsonFoils' Motion to Stay at this

On January 15, 2008, Voith served its Third Set of Interrogatories and Third Requests for Production of Documents on JohnsonFoils. <u>See</u> Exhibits E and F.

On March 14, 2008, Voith served the following:

1.    "Notice of Taking Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) of JohnsonFoils, Inc." <u>See</u> Exhibit G.  The Notice contains forty-six (46) topics for deposition, and schedules the deposition for April 22, 2008.

2.    Individual Deposition Notices for the following JohnsonFoils employees:

(A)    Vaughn Wildfong (scheduled for April 24, 2008);

(B)    Douglas McPherson (scheduled for April 21, 2008);

(C)    Jay Shands (scheduled for April 23, 2008); and

(D)    James Ronning (scheduled for April 25, 2008).

3.    A Rule 30(b)(6) Subpoena on AstenJohnson, Inc. ("AstenJohnson Subpoena"), which was issued by the District of South Carolina. <u>See</u> Exhibit H. This Subpoena scheduled a deposition of AstenJohnson for April 4, 2008 on eighteen (18) topics and requests fifteen (15) broad categories of documents.

4.    A first Rule 30(b)(6) Subpoena on AbitibiBowater, Inc. ("first Bowater Subpoena"), which was issued by the Eastern District of Tennessee. <u>See</u> Exhibit I. This Subpoena scheduled a deposition of AbitibiBowater for April 28, 2008 on

---

Court's request (D.I. Nos. 88 and 89).  The timing of Voith's current request for discovery of JohnsonFoils' customers and its sister corporation, AstenJohnson, is particularly specious in view of the fact that the Court has not decided JohnsonFoils' Motion to Stay.

thirteen (13) topics, requests eleven (11) broad categories of documents, and a site inspection.

     5.    A second Rule 30(b)(6) Subpoena on AbitibiBowater, Inc. ("second Bowater Subpoena"), which was issued by the District of Arizona. <u>See</u> Exhibit J. This Subpoena scheduled a deposition of AbitibiBowater for April 8, 2008 on thirteen (13) topics, requests eleven (11) broad categories of documents, and a site inspection. The deposition topics and requests for production of documents in the second Bowater Subpoena are substantially identical to the first Bowater Subpoena.

     6.    A Rule 30(b)(6) Subpoena on International Paper Company ("IP Subpoena"), which was issued by the Northern District of Alabama. <u>See</u> Exhibit K. This Subpoena scheduled a deposition of International Paper Company for April 30, 2008 on thirteen (13) topics, requests eleven (11) broad categories of documents, and a site inspection. The deposition topics and requests for production of documents in the IP Subpoena are substantially identical to the first and second Bowater Subpoenas.[2]

     On March 19, 2008, counsel for JohnsonFoils and AstenJohnson wrote to Voith's counsel requesting that Voith withdraw its Subpoenas concerning AstenJohnson, as the Subpoenas are clearly calculated to harass JohnsonFoils, its sister corporation, AstenJohnson, and to interfere with JohnsonFoils' business relationships. <u>See</u> Exhibit L.

---

[2] The first Bowater Subpoena, second Bowater Subpoena, and IP Subpoena are collectively referred to herein as the "Customer Subpoenas."

On March 20, 2008, Voith's counsel responded that it will not withdraw the Subpoenas. See Exhibit M.

On March 24, 2008, third-party, AstenJohnson, filed a Motion for Protective Order to Prohibit the Disclosure and Discovery of AstenJohnson Requested in the AstenJohnson Subpoena and Customer Subpoenas (D.I. Nos. 110 and 111).

## III.    SUMMARY OF ARGUMENT

A protective order pursuant to FED R. CIV. P. 26(c) is warranted as the discovery requested in the AstenJohnson Subpoena and Customer Subpoenas as it relates to JohnsonFoils exceeds the scope of discovery pursuant to FED R. CIV. P. 26 and 45, is overly broad, creates an undue burden, and is intended to harass third parties to this action. Any and all discovery, purportedly sought through these Subpoenas, that is potentially relevant to a claim or defense in this matter is directly available from the named defendant, JohnsonFoils. The scope of these Subpoenas extends well beyond any issue related to the patents-in-suit and is a classic fishing expedition through the business information of third parties, including AstenJohnson which is a direct competitor of Voith.

## IV.    STATEMENT OF FACTS

1.    AstenJohnson and JohnsonFoils are individually incorporated entities that are wholly owned subsidiaries of AstenJohnson Holdings Ltd.

2.    Although AstenJohnson and JohnsonFoils are both in the paper industry, each entity is specialized in the products and services it provides. AstenJohnson is a supplier of clothing for paper machines. JohnsonFoils specializes

in equipment for the management of water removal and paper sheet formation on paper machines.  Both AstenJohnson and JohnsonFoils are competitors of Voith.

3.      The paper machine clothing that AstenJohnson supplies is unrelated to the subject matter of the patents-in-suit.

4.      The AstenJohnson Subpoena includes eighteen (18) "Topics for Rule 30(b)(6) Deposition" and fifteen (15) Document Requests that are not limited to the issues concerning the patents-in-suit, but are broadly directed to all aspects of AstenJohnson's business and any relationship with JohnsonFoils.  See Exhibit H.

5.      AbitibiBowater and International Paper are customers of both JohnsonFoils and AstenJohnson.

6.      Topic No. 7 of the "Topics for Rule 30(b)(6) Deposition" of the Customer Subpoenas requests testimony on "[a]ll goods and/or services purchased or obtained from AstenJohnson, both before, during and after the rebuild, and the amounts paid for such goods and services."  (Emphasis added).  See Exhibits I, J, and K.

7.      Request No. 5 of the "Document Requests" in the Customer Subpoenas states, "[a]ll documents referring or relating to goods and/or services purchased or obtained from JohnsonFoils and/or AstenJohnson, before, during and after the rebuild, and the amounts paid for such goods and services."  (Emphasis added).  See Exhibits I, J, and K.

8.      The scope of information in the Customer Subpoenas is not limited to the sections of the accused paper machines allegedly covered by the subject matter of the patents-in-suit and does not relate to any claim or defense.  Instead, the

unbounded Customer Subpoenas encompass all information concerning JohnsonFoils' business relationships with these customers, including <u>all</u> administrative, financial, marketing, sales, and technical information which is wholly unrelated to the subject matter of this suit.[3]

## V.    ARGUMENT

### A.    LEGAL AUTHORITY

Pursuant to FED R. CIV. P. 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...." A party is not permitted "to undertake wholly exploratory operations in the vague hope that something helpful will turn up." <u>Mack v. Great Atlantic & Pacific Tea Co., Inc.</u>, 871 F.2d 179, 187(1st Cir. 1989); <u>Zuk v. E. Pa. Psychiatric Inst.</u>, 103 F.3d 294, 299 (3d Cir. 1996) (Rule 26 reflects the principle that "discovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it."). FED R. CIV. P. 45(c)(1) requires that "[a] party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena."

FED R. CIV. P. 26(c) allows a party from whom discovery is sought to move for a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," and the party may request relief that:

---

[3] AstenJohnson recently filed a Motion for Protective Order to limit the broad scope of discovery requested in the Customer Subpoenas and AstenJohnson Subpoena (D.I. Nos. 110 and 111).

(1)    that the disclosure or discovery not be had;

(2)    that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;

(3)    that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

(4)    that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;

Pursuant to Rule 26(c) a party may seek a protective order by filing a motion in the court where the action is pending or, on matters relating to a deposition, the court in the district where the deposition is to be taken. See e.g., Power Integrations Inc. v. Fairchild Semiconductor Int'l, Inc., 2006 U.S. Dist. LEXIS 60089 (D. Del. 2006) (granting non-party's request for an order to quash subpoena and a protective order precluding a deposition) (copy attached as Exhibit N); Mannington Mills, Inc. v. Armstrong World Indus., 206 F.R.D. 525, 529 (D. Del. 2002); See also La Chemise Lacoste v. Alligator Co., 60 F.R.D. 164 (D. Del. 1973) (ordering a subpoena for depositions and production of documents to be limited to certain matters upon defendant's motion for a protective order).

For the reasons discussed below, this Court should prohibit the discovery sought in the AstenJohnson Subpoena and Customer Subpoenas as the scope of these Subpoenas goes well beyond any "claim or defense" by the parties in this action. Voith is misusing the discovery process in this action to obtain an overly broad array of competitive information from a plurality of sources that is irrelevant to the present litigation.

### B.    THE OVERLY BROAD SCOPE OF DISCOVERY REGARDING JOHNSONFOILS IN THE ASTENJOHNSON SUBPOENA MUST BE PROHIBITED

The "Topics for Rule 30(b)(6) Deposition" ("Topics") and "Document Requests" ("Requests") identified in the AstenJohnson Subpoena are not "relevant to any party's claim or defense" as required by Fed. R. Civ. P. 26(b)(1), overly broad, and framed solely to harass JohnsonFoils and its sister corporation, AstenJohnson, a non-party competitor of Voith.  At least Topics 3-7, 11, 12, and 15-18 and Requests 2-6, 10, 11, and 13-15 of the AstenJohnson Subpoena (Exhibit "H") are broadly crafted to request information that is wholly irrelevant to this litigation.   These Topics and Requests can be summarized as follows:

Category 1:  AstenJohnson's pricing and sales relating to any third party whose "paper machine(s) have been rebuilt by JohnsonFoils" (Topics 3 and 18 and Request 15);

Category 2:  AstenJohnson's goods, information, services provided to customers or JohnsonFoils or any revenue or amounts paid to JohnsonFoils relating to "any rebuild of a paper machine" (Topics 4-7 and Requests 2-6);

Category 3:  AstenJohnson's relationship with JohnsonFoils (Topics 11 and 12 and Request 10);

Category 4:   Coordination of pricing, marketing efforts and sales between AstenJohnson and JohnsonFoils (Topics 15 and 16 and Requests 11 and 13); and

Category 5:   AstenJohnson or JohnsonFoils projection and forecasts concerning "rebuilds of paper machines" (Topic 17 and Request 14).

The discovery requested in Categories 1-5 is either irrelevant to this action or too broadly stated to be meaningfully deciphered.   For example, the scope of Category 2 requests <u>all</u> information concerning any customer or project in which

JohnsonFoils "rebuilt" <u>any</u> paper machine <u>from the beginning of time</u>. Category 5 requests <u>all</u> projections and forecasts relating to <u>any</u> "rebuild of paper machines" <u>from the beginning of time</u>. However, the subject matter of the present litigation is not so broad. The patents-in-suit are limited to a particular section of a paper machine; not any "rebuild" of a paper machine. Voith has not framed the discovery by providing a definition for the phrase "rebuild of a paper machine," limiting it in time, or specifically directing it to any accused paper machine.

The scope of Categories 1 and 4 are so broad that they could encompass <u>all</u> information pertaining to <u>any</u> business relationship between JohnsonFoils and its customers (Category 1) or between JohnsonFoils and AstenJohnson (Category 4), regardless of whether such information related to a paper machine, let alone the particular section of a paper machine subject to the claims in Voith's patents-in-suit.

Discovery regarding the relationship between AstenJohnson and JohnsonFoils is irrelevant to any claim or defense in this lawsuit (Category 3). As Voith is well aware, AstenJohnson and JohnsonFoils are individually incorporated entities that are wholly owned subsidiaries of AstenJohnson Holdings Ltd. Information relating to AstenJohnson's "relationship with JohnsonFoils" or "any indemnification and/or warranty between AstenJohnson and JohnsonFoils" is wholly irrelevant to the subject matter of the patents-in-suit.

Voith cannot be permitted "to undertake wholly exploratory operations in the vague hope that something helpful will turn up." <u>Mack</u>, 871 F.2d at 187. Voith

should not be permitted to use the guise of obtaining broad discovery regarding all business relationships between AstenJohnson and JohnsonFoils as a vehicle for obtaining competitive information that is irrelevant to this lawsuit and which it would not otherwise obtain lawfully.

JohnsonFoils respectfully requests that this Court issue a protective order to prohibit the broad discovery requested in the AstenJohnson Subpoena as it relates to JohnsonFoils (Topics 3-7, 11, 12, and 15-18 and Requests 2-6, 10, 11, and 13-15) as the scope of this discovery is not relevant to any claim or defense in this matter.

## C.   THE OVERLY BROAD SCOPE OF DISCOVERY IN THE CUSTOMER SUBPOENAS MUST BE PROHIBITED

The JohnsonFoils discovery requested in the Customer Subpoenas must be prohibited as it overly broad and irrelevant to any claim or defense in this action. Topics 1-5, 8, and 9 and Requests 1, 3, 4, 6, and 7 of the Customer Subpoenas broadly request all information relating to any customer or project in which JohnsonFoils "rebuilt" any paper machine." See Exhibits I, J, and K.  As discussed in detail above, the patents-in-suit are directed to a particular section of a paper machine; they do not relate to all sections of a paper machine or any "rebuild" of any section of a paper machine.  Thus, the broad scope of the Customer Subpoenas goes well beyond the metes and bound of any claim or defense in this action.

In addition, Voith has accused JohnsonFoils of infringement with respect to services JohnsonFoils provided on particular paper machines.  Thus, Voith's request for JohnsonFoils customers to provide information relating to "JohnsonFoils rebuild

of <u>any</u> paper machine" is clearly an attempt to abuse the discovery process and harass JohnsonFoils and its customer relationships.

Furthermore, Topic 6 of the Customer Subpoena requests, "[i]n addition to the rebuild performed by JohnsonFoils, all other goods and/or services purchased or obtained from JohnsonFoils, both before, during, and after the rebuild, and the amounts paid for such goods and/or services." Notwithstanding that Voith fails to define the term "rebuild," Topic 6 expressly requests information relating to <u>all other JohnsonFoils goods and services at any time, regardless of whether they are related to any "rebuild</u>."

Similarly, Request No. 2 states, "[a]ll documents referring or relating to the decision to rebuild any paper machines," and Request No. 11 states, "all documents that refer or relate to any communications with JohnsonFoils or any entity acting on behalf of JohnsonFoils." Again, Voith provides no definition for the term "rebuild," and the scope of these requests for information clearly go well beyond the subject matter of the patents-in-suit or scope of this litigation.

The Customer Subpoenas are a thinly veiled attempt by Voith to conduct a fishing expedition among JohnsonFoils customers with the added purpose to harass JohnsonFoils and its business relationships with important customers. JohnsonFoils respectfully requests that this Court issue a protective order prohibiting the JohnsonFoils discovery requested in the Customer Subpoenas.

### D.   ALL RELEVANT DISCOVERY RESPONSIVE TO THE FOUR VOITH SUBPOENAS CAN BE OBTAINED FROM JOHNSONFOILS

Any potentially "relevant" discovery sought through the objectionable Voith Subpoenas is obtainable from JohnsonFoils.  Voith has not identified any need for burdening JohnsonFoils' Customers or AstenJohnson with such broad discovery. FED R. CIV. P. 45(c)(1) requires that "[a] party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." MGM Studios, Inc. v. Grokster, Ltd., 218 F.R.D. 423, 424 (D. Del. 2003) ("It is incumbent upon counsel in the first instance to order discovery demands, particularly against non-parties, in such a way that the burdens of giving evidence are reasonable, under all of the circumstances presented."); Cash Today of Tex. v. Greenberg, 2002 U.S. Dist. LEXIS 20694, *13 (D. Del. 2002) (attached as Exhibit O) (citing Allen v. Howmedica Leibinger, Inc., 190 F.R.D. 518, 525 (W.D.Tenn. 1999)) ("In determining if compliance with the subpoena would create an undue burden, the court should consider not only the potential burden to the producing party, but the necessity of the information for the party seeking production, and whether the information can be obtained from other, more convenient sources.").  "In this undue burden inquiry, nonparties are afforded 'special protection.'" Cash Today at *13 (citing Exxon Shipping Co. v. United States Dept. of Interior, 34 F.3d 774, 779 (9th Cir. 1994)).

All relevant discovery in this matter can and should be obtained from JohnsonFoils, and the discovery directed to AstenJohnson and JohnsonFoils' customers is, at best, duplicative of the seventy-four (74) document requests

(Exhibits B, D, and F), twenty (20) interrogatories (Exhibits A, C, and E), notice of 30(b)(6) deposition (Exhibit G), and four (4) employee deposition notices that Voith has already served on JohnsonFoils in this matter. Voith has not identified any deficiency in JohnsonFoils' document production or any reason why the requested discovery cannot be obtained from JohnsonFoils.

JohnsonFoils respectfully requests that this Court issue a protective order to prohibit the discovery requested in the AstenJohnson Subpoena and Customer Subpoenas as their breath creates an undue burden on and harassment of non-parties to this action.

## VI.    CONCLUSION

JohnsonFoils respectfully requests the issuance of a protective order prohibiting Voith from proceeding with the discovery concerning JohnsonFoils through the AstenJohnson Subpoena and Customer Subpoenas.

Respectfully submitted,

Seitz, Van Ogtrop & Green, P.A.

/s/ Patricia P. McGonigle

Dated: March 25, 2008

George H. Seitz, III (DE #667)
gseitz@svglaw.com
Patricia Pyles McGonigle (DE #3126)
pmcgonigle@svglaw.com
Kevin A. Guerke (DE#4096)
kguerke@svglaw.com
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

- and -

- 13 -

Anthony S. Volpe
John J. O'Malley
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA  19103
(215) 568-6400

*Attorneys for Defendant*
*JohnsonFoils, Inc.*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,  )
    a Company organized and  )
    existing under the laws of Germany,  )
                                     )
              Plaintiff,  )
                                       )     C.A. No. 07-0226-JJF
            v.  )
                                       )
JOHNSONFOILS, INC.  )
    a Delaware Corporation,  )
                                       )
              Defendant.  )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO JOHNSONFOILS, INC.

        Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Voith Paper GmbH & Co. KG (hereinafter, "Plaintiff") requests that Defendant JohnsonFoils, Inc. (hereinafter, "Defendant") answers the following interrogatories separately, fully, and under oath, within thirty (30) days of service. In accordance with Federal Rule of Civil Procedure 26(e), Defendant is subject to a duty to seasonably amend all responses to these interrogatories. The following definitions and instructions apply, as do the definitions set forth in Local Rule 26.5(c).

### DEFINITIONS

        These interrogatories shall be deemed to be continuing within the meaning of Fed. R. Civ. P. 26 (e) (1) and (2) with respect to any additional information which becomes known to Defendant or its counsel up to and including the time of trial. Answers hereto shall be enlarged, diminished, or otherwise modified to include any information required by Fed. R. Civ. P. 26 (e) (1) and (2) as acquired by Defendant subsequent to the date of its initial answers within a reasonable time after the acquisition of such information.

{J214720 00230682.DOC}

The singular shall include the plural and *vice versa*, and words in any gender shall include the other gender.

The term "Patents-in-suit" means the patent that are the subject of the above-captioned matter, specifically including U.S. Pat. Nos. 5,718,805 and 5,972,168 (collectively hereinafter "the Patents-in-suit").

The term "Prior Art" shall be construed in accordance with the meaning given that term in Title 35, United States Code, and interpretations thereof provided by the federal judiciary.

The term "Plaintiff" means Voith Paper GmbH & Co. KG

The term "Defendant" means JohnsonFoils, Inc.; any predecessor business organization of the Defendant, and any wholly or partly owned subsidiary, division, parent, joint venture, or other entity in which any or all of Defendant is a material participant or equity interest holder, or was a material participant or equity interest holder at any time.

The term "Person" means any individual or organization, including sole proprietorship, partnership, corporation, association, governmental body or agency, or other legal entity.

The term "Organization" means domestic or foreign, public or private corporations, partnerships or proprietorships, as well as all other business organizations, associations, forms, trustees, or legal entities.

The term "Document" means any medium, upon which information can be communicated, in the possession, custody or control of Defendant, its counsels or its consultants, or known to Defendant, its counsels or its consultants, and is used in a comprehensive sense to include, without limitation, the following items, whether printed, typed, written or produced by hand or stamp, recorded, microfilmed, photographed, video-

taped, filmed, stored on information storage means such as data bases, tapes, disks, hard drives, cassettes and/or other memory devices and computer records of any type, or any copy of Documents reproduced by any process, whether or not claimed to be privileged, confidential or personal: letters, notes, memoranda, reports, records, agreements, working papers, communications (including interdepartmental or intradepartmental communications, inter-company or intra-company communications), correspondence, summaries or records of personal conversations, diaries, e-mails, facsimile transmissions, forecasts, statistical statements, tables, graphs, laboratory reports, research reports, notebooks, books, charts, spreadsheets, plans, production files, blueprints, schematics, flow charts, computer programs, including source code and associated documentation both integral and separate from the program, engineering specifications, software specifications, diagrams, drawings, manuals, instructions and/or procedures, including, but not limited to, installation instructions or procedures, operating instructions or procedures, calibration instructions or procedures, maintenance or service instructions or procedures, photographs, minutes or records of meetings, minutes or records of conferences, expressions or statements of policy, lists of persons attending meetings or conferences, recorded statements, interviews or conversations, transcripts, reports or summaries of interviews, reports or summaries of investigations, opinions or reports or summaries of either negotiations or preparations for such, brochures, pamphlets, advertisements, circulars, press releases, price lists, instruments, accounts, bills of sale, purchase orders, quotations, terms of sale, invoices, lists of expenses, both fixed and variable, and all other materials on any tangible medium of expression, and all original and/or preliminary notes. Any comment or notation appearing on any Document, and not a part of the original text, is to be considered a separate "Document." Unless otherwise noted, the

Documents requested are those prepared or existing at the time that Defendant's Answer and Counterclaims were filed in the present action and those prepared since that time.

The terms "Identify" or "Identity," in the case of an individual, mean to state the person's full name; home address (present or last known); employer or business affiliation, business address and position; email address(es), and the relevant time period and nature of each of his present and prior employment positions or affiliations with Defendant.

The terms "Identify" or "Identity," in the case of an Organization, mean to state the organization's full name; type of organization (*i.e.*, corporation, partnership, etc.); the post office address of its principal place of business; date(s) and state(s) or country(ies) of incorporation; the identities of its principal officers and directors; and, any date of dissolution.

The terms "Identity" or "Identify," in the case of a Document, mean to state the Document's title and a description of its subject matter; the type or nature of the Document (*e.g.*, e-mail, letter, memorandum, telegram, chart, laboratory report, etc.); the identity of all person(s) who prepared the Document; the identity of all person(s) to whom copies were provided and/or submitted; the date the Document was prepared; its present location and custodian; and all other means of identifying it with sufficient particularity to satisfy the requirements for its inclusion in a demand or request for its production pursuant to Fed. R. Civ. P. 34.

The term "Identity" or "Identify," in the case of software, computer program, application, system, apparatus, device, component thereof, or other thing, means to describe the system or device, component or thing by name, model number, type, storage capacity, part number, and all other means of identifying it with sufficient particularity to satisfy the requirements for its inclusion in a demand or request for its production pursuant to Fed. R. Civ. P. 34.

In the event Defendant contends that any Document asked to be Identified is privileged or otherwise excludable from discovery, Defendant is requested to specify the basis for the privilege or other grounds for exclusion in addition to the Document Identification information requested above.

The term "Identify with Specificity," in addition to what is requested in the paragraphs above, means to Identify the responsive Documents by Bates number and to particularly point out the specific page(s), paragraph(s) and line(s) where the requested information can be found. In the case of a patent, in addition to the patent number, the specific column and line numbers should be provided.

The terms "Accused Product" and "Accused Products" as used herein means each and every paper forming machine which Defendant has modified, or contracted to modify, to utilize one or more resiliently supported blades.

The term "Client" as used herein means any and all Persons, and/or Organizations that is a client of Defendant in relation with the Accused Products.

The term "Customer" as used herein means any and all Persons, and/or Organizations that is a customer of Defendant in relation with the Accused Products.

## INSTRUCTIONS

The form of the responses to this first set of interrogatories is to comply with Federal Rule 33(b) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each and every paper forming machine which Defendant has modified, or contracted to modify, to utilize one or more resiliently supported blades.

INTERROGATORY NO. 2:

For each Accused Product, identify the make and model number of each paper forming machine which was modified, the specific modifications made to each such machine, the owner and location of each such machine, the dates when such modifications were made, and the person(s) most knowledgeable about the modifications made to each such machine.

INTERROGATORY NO. 3:

Identify the Person(s) most knowledgeable about the design, development and/or functionality of the Accused Products.

INTERROGATORY NO. 4:

Identify any and all Clients to whom the Accused Products have been offered, sold, licensed, or otherwise made available.

INTERROGATORY NO. 5:

For each of the Affirmative Defenses and Counterclaims asserted or which will be asserted, identify and specifically describe all facts on which you rely to support those contentions, and identify the Person(s) most knowledgeable about the facts and all documents in support thereof.

INTERROGATORY NO. 6:

Identify the Prior Art which you contend is relevant and/or material to the Patents-in-suit, specify each claim to which each piece of Prior Art relates, describe with particularity why such Prior Art reference is material, i.e. identify with specificity each claim element in the Patents-in-suit which the Prior Art discloses, and why such Prior Art reference is not cumulative over the Prior Art of record considered by the examiner, *i.e.*, identify with specificity the claim elements or combination of claim elements that the Prior Art of record

allegedly does not disclose, and state how you contend this Prior Art is applied against each of those claims.

INTERROGATORY NO. 7:

For each claim of each of the Patents-in-suit which Defendant asserts is not infringed by the Accused Products, for each Accused Product, identify each claim limitation which Defendant asserts is not literally present in the Accused Product and describe why the claim is not infringed under the doctrine of equivalents.

INTERROGATORY NO. 8:

For each and every paper forming machine which Defendant has modified to utilize one or more resiliently supported blades, identify the amount charged for the modification and all documents relating thereto.

INTERROGATORY NO. 9:

Identify all Persons whom will be called as witnesses to present testimony at deposition and/or at trial, and state the substance and basis(es) of their testimony.

INTERROGATORY NO. 10:

Identify all Documents that you intend to present at trial and/or hearing.

INTERROGATORY NO. 11:

Identify the individual(s) who are providing the answers to these Interrogatories and the responses to Plaintiff's First Request for Production of Documents submitted herewith.

Dated: July 26, 2007

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
1950 Roland Clarke Place
Reston, VA 20191
(703) 716-1191

Young Conaway Stargatt & Taylor, LLP
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6642

*Attorneys for Voith Paper GmbH & Co. KG*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the PLAINTIFF'S FIRST SET OF INTERROGATORIES TO JOHNSONFOILS, INC. was served on Attorneys for Defendant JohnsonFoils, Inc., via Electronic Mail and First Class Mail:

> Anthony S. Volpe, Esq.
> Ryan W. O'Donnel, Esq.
> Randolph J. Huis, Esq.
> VOLPE AND KOENIG, P.C.
> United Plaza, Suite 1600
> 30 S. 17th Street
> Philadelphia, PA 19103
> (215) 568-6400
>
> George H. Seitz, III, Esq. (DE #667)
> SEITZ, VAN OGTROP & GREEN, P.A.
> 222 Delaware Avenue, Suite
> P. O. Box 68
> Wilmington, DE 19899
> (302) 888-7602

Date:   July 26, 2007

Neil F. Greenblum
Michael J. Fink
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

-- and --

Adam W. Poff (DE #3990)
YOUNG CONWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6642

*Attorneys for Plaintiff Voith Paper GmbH & Co. KG*

{J214720 00231711.DOC}

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,          )
    a Company organized and          )
    existing under the laws of Germany,  )
                             )
          Plaintiff,          )
                             )     C.A. No. 07-0226-JJF
         v.          )
                             )
JOHNSONFOILS, INC.          )
    a Delaware Corporation,          )
                             )
        Defendant.          )

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
TO JOHNSONFOILS, INC.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Voith Paper

GmbH & Co. KG (hereinafter, "Plaintiff") requests that Defendant JohnsonFoils, Inc.

(hereinafter, "Defendant") produces for inspection and copying all of the following

documents and other tangible things that are in its possession, custody, or control. Production

shall take place within thirty (30) days of this request, at the offices of Greenblum &

Bernstein, P.L.C., 1950 Roland Clarke Place, Reston, Virginia 20191, or at such other

location and time as the parties agree. In accordance with Federal Rule of Civil Procedure

26(e), Defendant is subject to a duty to seasonably amend all responses to these requests for

production. The following definitions and instructions apply.

## DEFINITIONS

Plaintiff incorporates by reference the Definitions contained in Plaintiff's First Set of

Interrogatories served concurrently herewith.

{J214720 00230805.DOC}

## INSTRUCTIONS

A. If the requested Document, material, thing, and/or information exists on computer media form, it must be produced as computer media rather than being printed out.

B. If Defendant knows of the existence, past or present, of any Documents or things requested below, but is unable to produce such Documents or things because they are not presently in the possession, custody, or control of Defendant, Defendant shall so state and shall identify such Documents or things, and the Person who has possession, custody, or control of the Documents or things.

C. If any Document is known to have existed and cannot now be located or has been either destroyed or discarded, that Document shall be identified by the last known person(s) who had custody of the Document, the date of the destruction or discard, the manner(s) the Document has been destroyed or discarded, the reason(s) for destruction or discard, the efforts and action(s) made to locate the Document if lost or misplaced, a statement describing the Document, including, but not limited to a summary of its contents, the identity and position or title of its author(s) and of all persons to whom it was sent and/or shown.

D. If Defendant declines to produce any Documents, or thing under the claim of privilege or other objection, it shall identify each such Document or thing by its date, nature, author and addressee if applicable, as well as identify all recipients thereof, and state the name and address of the person in possession of the Document, or the thing by its date, nature, subject matter, the number of pages, attachments or appendices, author and addressee if applicable, position or title of the author(s) and of the addressee(s) if applicable, as well as identify all recipients thereof, such as but not limited to all persons to whom distributed, shown or explained, and state the name and address of the person in possession of the Document, or the thing. Further, Defendant shall state, in compliance with the Protected

Order, the privilege on which it relies in declining to produce the Document and the basis for the claim of privilege or other basis upon which they decline to produce the Document and/or the thing.

 E. Documents from any single file should be produced in the same order as they were found in this file, and the files from which they are being produced shall be identified. If copies of Documents are produced in lieu of the originals, such copies must be legible and bound or stapled in the same way then the originals.

 F. As to each Document and/or thing produced in response hereto, Defendant shall identify the request for production and where applicable, the interrogatory number, in response to which the Document or thing is being produced.

 G. The requests set forth herein shall be deemed continuing pursuant to Fed. R. Civ. P. 26 (e) (1) and (2) so as to require supplemental production of documents and/or things if Defendant discovers responsive Documents and/or things after the date of response hereto despite a diligent effort to provide all responsive Documents within the time specified by Fed. R. Civ. P. 34.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

 All agreements and/or contracts relating to the sale, offer for sale, use, importation, or otherwise making available the Accused Products.

### REQUEST FOR PRODUCTION NO. 2:

 All Documents relating to or referring to any agreements and/or contracts relating to the sale, offer for sale, use importation, or otherwise making available the Accused Products.

REQUEST FOR PRODUCTION NO. 3:

All Documents (whether in paper or electronic format) referring or relating to, evidencing, showing in particular, but not limited to, the structure, function, or operation of any version of the Accused Products, including but not limited to patent applications, notes, correspondence, memoranda, reports, evaluations, surveys, studys, presentations, technical lectures, talks, prototypes, samples, advertisements, marketing materials, contracts and agreements such as, without limitation, those relating to venture capital, user guides, product literature, preparatory works, drawings, development documentation, product documentation, and maintenance documentation, referring or relating to, evidencing, showing the structure, function, or operation of any version of the Accused Products.

REQUEST FOR PRODUCTION NO. 4:

All Documents relating to internal and/or external complaints, problems, comments, evaluations, survey, analysis, studies or reports regarding the Accused Products.

REQUEST FOR PRODUCTION NO. 5:

All Documents describing, referring or relating to in whole or in part to differences, similarities and/or comparisons between the Accused Product, and either or both of the Patents-in-suit and/or Plaintiff's product(s).

REQUEST FOR PRODUCTION NO. 6:

All Documents, things, and material relating to the design and/or development of all versions of the Accused Products or part thereof, and all Documents, things, and material sufficient to identify all Persons who participated in such design and/or development.

REQUEST FOR PRODUCTION NO. 9:

All Documents, searches, studies, opinions, or evaluations made in connection with either or both of the Patents-in-suit, and all documents referring or relating to such searches,

studies, opinions, or evaluations including but not limited to issues of novelty, patentability, validity, enforceability, or enforceable scope of either or both of the Patents-in-suit.

REQUEST FOR PRODUCTION NO. 10:

All Documents concerning the data and/or other information created, viewed or considered by any expert preparing a report or affidavit on behalf of Defendant, in forming his or her opinion.

REQUEST FOR PRODUCTION NO. 11:

All Documents and things referring to or relating to specifications of any Accused Product, including but not limited to marketing requirements, design requirements, functional specifications, detailed design descriptions, test plans, and any other technical or marketing requirements.

REQUEST FOR PRODUCTION NO. 12:

All Documents and things referring to or relating to market or technical research, any studies, patent searches, and/or prior art searches undertaken by the Defendant, or done on Defendant's behalf, including but not limited to materials and information gathered about either or both of the Patents-in-suit or Plaintiff's product(s).

REQUEST FOR PRODUCTION NO. 13:

All Documents referring to or relating to Defendant first becoming aware of either or both of the Patents-in-suit.

REQUEST FOR PRODUCTION NO. 14:

All Documents and things referring to or relating to Defendant's marketing plans, goals and strategies with respect to the Accused Products.

REQUEST FOR PRODUCTION NO. 15:

All Documents and things referring to or relating to Defendant's marketing of the Accused Products, including but not limited to all promotions, demonstrations, presentations, promotional materials and/or offers for sale, licensing and otherwise making the Accused Products available.

REQUEST FOR PRODUCTION NO. 16:

All Documents which refer to or reference Plaintiff and/or Plaintiff's products.

REQUEST FOR PRODUCTION NO. 17:

All Documents and things referring to or relating the Defendant selling, importing, licensing or otherwise making available the Accused Products, including but not limited to any and all proposals, orders, contracts, agreements, and/or invoices.

REQUEST FOR PRODUCTION NO. 18:

All Documents and things illustrating, referring to or relating to Defendant's prices associated with the Accused Products.

REQUEST FOR PRODUCTION NO. 19:

All Documents that refer or relate to any sales and/or contracts concerning the Accused Products, including but not limited to communications with potential and/or actual customers.

REQUEST FOR PRODUCTION NO. 20:

All agreements entered into by the Defendant referring to or relating to installation, maintenance, service and/or warranty of any of the Accused Products.

REQUEST FOR PRODUCTION NO. 21:

All Documents and things referring to or relating to the respective gross and/or net profit, sales, costs and/or expenses realized on and/or in relation to the selling, leasing,

licensing, and/or otherwise commercializing the Accused Products, and a breakdown of such income by Accused Product, on a yearly basis, for every year, from 2001 to present.

REQUEST FOR PRODUCTION NO. 23:

All Documents generated by or on behalf of Defendant or any third party referring to or relating to the Plaintiff and/or Plaintiff's products, including but not limited to communications between Defendant and any third party, press releases, news articles, abstracts, conference papers, advertisements and/or promotional materials.

REQUEST FOR PRODUCTION NO. 24:

All Documents and things which concern, analyze, refer and/or relate to any of the Accused Products, whether internal or external communications, to or from Defendant, including but not limited to communications between and among the respective board members, officers, employees, staff members, attorneys, agents or representatives.

REQUEST FOR PRODUCTION NO. 25:

All Documents and things illustrating, referring to or relating to the past and present structure and organization of Defendant, including but not limited to organizational charts, incorporation documents and office location(s), any transfer of assets (such as technology, intellectual property rights), or change of corporate name.

REQUEST FOR PRODUCTION NO. 26:

All Documents concerning or in relation to Defendant's document retention, custody, and/or destruction policy(ies) from 2001 to present.

REQUEST FOR PRODUCTION NO. 27:

All Prior Art on which Defendant relies or intends to rely to support claims of invalidity of any of the Patents-in-suit, including but not limited to all Prior Art cited in any opinions and studies regarding the either or both of the Patents-in-suit.

REQUEST FOR PRODUCTION NO. 28:

All Documents that refer to, relate to, support or refute Defendant's contentions and belief that it has not infringed and is not infringing the Patents-in-suit.

REQUEST FOR PRODUCTION NO. 29:

All Documents that refer to, relate to, support or refute Defendant's contentions and belief that it has not contributed to infringement and has not induced others to infringe, and is not now contributing to infringement nor inducing others to infringe, either or both of the Patents-in-suit.

REQUEST FOR PRODUCTION NO. 30:

To the extent not produced in response to another Request For Production, all Documents which support any defense asserted by Defendants.

REQUEST FOR PRODUCTION NO. 31.

All Documents on which Defendant intends to rely at trial or hearing within this litigation.

REQUEST FOR PRODUCTION NO. 32:

All Documents passing between Defendant and any person that Defendant may call as a witness at trial or hearing within this litigation.

REQUEST FOR PRODUCTION NO. 33.

All Documents and things required to be identified by Fed. R. Civ. P. 26(a) (1).

REQUEST FOR PRODUCTION NO. 34:

All Documents, things, and materials requested to be identified in Plaintiff's First Set of Interrogatories served concurrently herewith.

REQUEST FOR PRODUCTION NO. 35:

All Documents, things, and materials identified and/or containing information used in preparing Defendant's responses to Plaintiff's First Set of Interrogatories served concurrently herewith.

REQUEST FOR PRODUCTION NO. 36:

All Documents and things relating to any attempts to design around any claim(s) of either or both of the Patents-in-suit.

Dated: July 26, 2007

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
1950 Roland Clarke Place
Reston, VA 20191
(703) 716-1191

Young Conaway Stargatt & Taylor, LLP
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6642

*Attorneys for Voith Paper GmbH & Co. KG*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO JOHNSONFOILS, INC. was served on Attorneys for Defendant JohnsonFoils, Inc., via Electronic Mail and First Class Mail:

> Anthony S. Volpe, Esq.
> Ryan W. O'Donnel, Esq.
> Randolph J. Huis, Esq.
> VOLPE AND KOENIG, P.C.
> United Plaza, Suite 1600
> 30 S. 17th Street
> Philadelphia, PA 19103
> (215) 568-6400
>
> George H. Seitz, III, Esq. (DE #667)
> SEITZ, VAN OGTROP & GREEN, P.A.
> 222 Delaware Avenue, Suite
> P. O. Box 68
> Wilmington, DE  19899
> (302) 888-7602

Date:   July 26, 2007

> Neil F. Greenblum
> Michael J. Fink
> GREENBLUM & BERNSTEIN, P.L.C.
> 1950 Roland Clarke Place
> Reston, Virginia 20191
> (703) 716-1191
>
> — and —
>
> Adam W. Poff (DE #3990)
> YOUNG CONWAY STARGATT & TAYLOR, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19899
> (302) 571-6642
>
> *Attorneys for Plaintiff Voith Paper GmbH & Co. KG*

{J214720 00231841.DOC}

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG, a Company organized and existing under the laws of Germany, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 07-0226-JJF |
| v. | ) ) | |
| JOHNSONFOILS, INC. a Delaware Corporation, | ) ) ) | |
| Defendant. | ) | |

### PLAINTIFF'S SECOND SET
### OF INTERROGATORIES TO JOHNSONFOILS, INC.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Voith Paper GmbH & Co. KG (hereinafter, "Plaintiff") requests that Defendant JohnsonFoils, Inc. (hereinafter, "Defendant") answers the following interrogatories separately, fully, and under oath, within thirty (30) days of service. In accordance with Federal Rule of Civil Procedure 26(e), Defendant is subject to a duty to seasonably amend all responses to these interrogatories. The following definitions and instructions apply, as do the definitions set forth in Local Rule 26.5(c).

### DEFINITIONS

These interrogatories shall be deemed to be continuing within the meaning of Fed. R. Civ. P. 26 (e) (1) and (2) with respect to any additional information which becomes known to Defendant or its counsel up to and including the time of trial. Answers hereto shall be enlarged, diminished, or otherwise modified to include any information required by Fed. R. Civ. P. 26 (e) (1) and (2) as acquired by Defendant subsequent to the date of its initial answers within a reasonable time after the acquisition of such information.

The singular shall include the plural and *vice versa*, and words in any gender shall include the other gender.

The term "Patents-in-Suit" means the patent that are the subject of the above-captioned matter, specifically including U.S. Pat. Nos. 5,718,805 and 5,972,168 (collectively hereinafter "the Patents-in-Suit").

The term "Prior Art" shall be construed in accordance with the meaning given that term in Title 35, United States Code, and interpretations thereof provided by the federal judiciary.

The term "Plaintiff" means Voith Paper GmbH & Co. KG

The term "Defendant" means JohnsonFoils, Inc.; any predecessor business organization of the Defendant, and any wholly or partly owned subsidiary, division, parent, joint venture, or other entity in which any or all of Defendant is a material participant or equity interest holder, or was a material participant or equity interest holder at any time.

The term "Person" means any individual or organization, including sole proprietorship, partnership, corporation, association, governmental body or agency, or other legal entity.

The term "Organization" means domestic or foreign, public or private corporations, partnerships or proprietorships, as well as all other business organizations, associations, forms, trustees, or legal entities.

The term "Document" means, in addition to any thing constituting, reflecting, or evidencing any information requested, any medium, upon which information can be communicated, in the possession, custody or control of Defendant, its counsels or its consultants, or known to Defendant, its counsels or its consultants, and is used in a comprehensive sense to include, without limitation, the following items, whether printed,

typed, written or produced by hand or stamp, recorded, microfilmed, photographed, video-taped, filmed, stored on information storage means such as data bases, tapes, disks, hard drives, CDs, DVDs, cassettes and/or other memory devices and computer records of any type, or any copy of Documents reproduced by any process, whether or not claimed to be privileged, confidential or personal: letters, notes, memoranda, reports, records, agreements, working papers, communications (including interdepartmental or intradepartmental communications, inter-company or intra-company communications), correspondence, summaries or records of personal conversations, diaries, e-mails, facsimile transmissions, forecasts, statistical statements, tables, graphs, laboratory reports, research reports, notebooks, books, charts, spreadsheets, plans, production files, blueprints, schematics, flow charts, computer programs, including without limitation source code and associated documentation both integral and separate from the program, and further including any installation programs and computational platforms for installing, running, examining, and testing said software, engineering specifications, software specifications, diagrams, drawings, manuals, instructions and/or procedures, including, but not limited to, installation instructions or procedures, operating instructions or procedures, calibration instructions or procedures, maintenance or service instructions or procedures, photographs, minutes and/or records of meetings, minutes and/or records of conferences, expressions or statements of policy, lists of persons attending meetings or conferences, recorded statements, interviews or conversations, transcripts, reports or summaries of interviews, reports or summaries of investigations, opinions or reports or summaries of either negotiations or preparations for such, brochures, pamphlets, advertisements, circulars, press releases, price lists, instruments, accounts, bills of sale, purchase orders, quotations, terms of sale, invoices, lists of expenses, both fixed and variable, and all other materials on any tangible medium of expression, and all original and/or

3

preliminary notes. Any comment or notation appearing on any Document, and not a part of the original text, is to be considered a separate "Document." Any copy of a Document that contains notes, comments, attachments, edits, or writings of any kind not contained in the original copy is to be considered a distinct nonduplicative Document from any other copy not containing its exact notes, comments, attachments, edits or writings. Unless otherwise noted, the Documents requested are those prepared or existing at or before the time that Defendant's Answer and Counterclaims were filed in the present action and those prepared or existing since that time.

The terms "Identify" or "Identity," in the case of an individual, mean to state the person's full name; home address (present or last known); employer or business affiliation, business address and position; email address(es), and the relevant time period and nature of each of his present and prior employment positions or affiliations with Defendant.

The terms "Identify" or "Identity," in the case of an Organization, mean to state the organization's full name; type of organization (*i.e.*, corporation, partnership, etc.); the post office address of its principal place of business; date(s) and state(s) or country(ies) of incorporation; the identities of its principal officers and directors; and, any date of dissolution.

The terms "Identity" or "Identify," in the case of a Document, mean to state the Document's title and a description of its subject matter; the type or nature of the Document (*e.g.*, e-mail, letter, memorandum, telegram, chart, laboratory report, etc.); the identity of all person(s) who prepared the Document; the identity of all person(s) to whom copies were provided and/or submitted; the date the Document was prepared; its present location and custodian; and all other means of identifying it with sufficient particularity to satisfy the requirements for its inclusion in a demand or request for its production pursuant to Fed. R. Civ. P. 34. In response to a request to "Identify" or provide the "Identity" of a document,

4

thing, and/or information, which is not within your custody, possession or control, provide sufficient information to identify the requested document, thing, and/or information and the person or entity having said possession, custody, or control, to satisfy the requirements for a request to production of the document, thing and/or information from said third parties pursuant to Fed. R. Civ. P. 34(c) and Fed. R. Civ. P. 45.

The term "Identity" or "Identify," in the case of software, computer program, application, system, apparatus, device, component thereof, or other thing, means to describe the system or device, component or thing by name, version, build date, release date, model number, type, platform, storage capacity, part number, and all other means of identifying it with sufficient particularity to satisfy the requirements for its inclusion in a demand or request for its production pursuant to Fed. R. Civ. P. 34.

In the event Defendant contends that any Document asked to be Identified is privileged or otherwise excludable from discovery, Defendant is requested to specify the basis for the privilege or other grounds for exclusion in addition to the Document Identification information requested above sufficient to enable Plaintiff to verify that the Document is properly withheld pursuant to Fed. R. Civ. P. 26(a)(5)(a) including a description of the nature of the Document and any information contained in, attached to, or written on the document that is not specifically privileged and/or subject to a protective order.

The term "Identify with Specificity," in addition to what is requested in the paragraphs above, means to Identify the responsive Documents by Bates number and to particularly point out the specific page(s), paragraph(s) and line(s) where the requested information can be found. In the case of a patent, in addition to the patent number, the specific column and line numbers should be provided. The absence of the phrase "Identify with Specificity" from any request does not limit Defendant's obligation to respond fully and completely to that request

5

even where such full and complete response includes information contained or in addition to the information specifically requested when the phrase "Identify with Specificity" is used.

The terms "Accused Product" and "Accused Products" as used herein means each and every paper forming machine which Defendant has modified, or contracted to modify, to utilize one or more resiliently supported blades.

The term "Client" as used herein means any and all Persons, and/or Organizations that is a client of Defendant in relation with the Accused Products.

The term "Customer" as used herein means any and all Persons, and/or Organizations that is a customer of Defendant in relation with the Accused Products.

## INSTRUCTIONS

The form of the responses to this first set of interrogatories is to comply with Federal Rule 33(b) of the Federal Rules of Civil Procedure.

Interrogatory No. 11 as amended is included in this Second Set of Interrogatories. Defendant is instructed to respond to the amended Interrogatory No. 11, and not to respond to Plaintiff's original, unamended Interrogatory No. 11 as included in Plaintiff's First Set of Interrogatories.

## INTERROGATORIES

### INTERROGATORY NO. 11 (AMENDED):

Identify the individual(s) who are providing answers to any of Plaintiff's Interrogatories and the responses to any of Plaintiff's requests for documents, including for each such individual information sufficient to identify the information, Documents, and/or things so provided. For each individual(s) identified who relied on another individual to provide or prepare their answer or response, specifically identify such other individual(s).

6

INTERROGATORY NO. 12:

Identify any Person with whom Defendant or anyone acting on Defendant's behalf—including without limitation sales, service, and marketing employees, representatives, contractors and/or consultants—has discussed this litigation or communicated about this litigation, including any Documents relating to such discussions or communications.

INTERROGATORY NO. 13:

Identify any efforts or attempts by Defendant or anyone acting on Defendant's behalf to design around the Patents-in-Suit, including any Documents or communications relating to such efforts or attempts.

Dated: August 16, 2007

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
1950 Roland Clarke Place
Reston, VA 20191
(703) 716-1191

Young Conaway Stargatt & Taylor, LLP
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6642

*Attorneys for Voith Paper GmbH & Co. KG*

{J214720 00243119.DOC}

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the PLAINTIFF'S SECOND SET OF INTERROGATORIES TO JOHNSONFOILS, INC. was served on Attorneys for Defendant JohnsonFoils, Inc., via Electronic Mail and First Class Mail:

Anthony S. Volpe, Esq.
Ryan W. O'Donnel, Esq.
Randolph J. Huis, Esq.
VOLPE AND KOENIG, P.C.
United Plaza, Suite 1600
30 S. 17th Street
Philadelphia, PA 19103
(215) 568-6400

George H. Seitz, III, Esq. (DE #667)
SEITZ, VAN OGTROP & GREEN, P.A.
222 Delaware Avenue, Suite
P. O. Box 68
Wilmington, DE  19899
(302) 888-7602

Date:   August 16, 2007

Neil F. Greenblum
Michael J. Fink
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

– and –

Adam W. Poff (DE #3990)
YOUNG CONWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6642

*Attorneys for Plaintiff Voith Paper GmbH & Co. KG*

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,  )
    a Company organized and  )
    existing under the laws of Germany,  )
                       )
          Plaintiff,  )
                       )     C.A. No. 07-0226-JJF
        v.  )
                       )
JOHNSONFOILS, INC.  )
    a Delaware Corporation,  )
                       )
         Defendant.  )

## PLAINTIFF'S SECOND SET OF
## REQUESTS FOR PRODUCTION TO JOHNSONFOILS, INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Voith Paper

GmbH & Co. KG (hereinafter, "Plaintiff") requests that Defendant JohnsonFoils, Inc.

(hereinafter, "Defendant") produces for inspection and copying all of the following

documents and other tangible things that are in its possession, custody, or control. Production

shall take place within thirty (30) days of this request, at the offices of Greenblum &

Bernstein, P.L.C., 1950 Roland Clarke Place, Reston, Virginia 20191, or at such other

location and time as the parties agree. In accordance with Federal Rule of Civil Procedure

26(e), Defendant is subject to a duty to seasonably amend all responses to these requests for

production. The following definitions and instructions apply.

### DEFINITIONS

Plaintiff incorporates by reference the Definitions contained in Plaintiff's Second Set

of Interrogatories served concurrently herewith.

## INSTRUCTIONS

A. If a requested Document, material, thing and/or any information exists on computer media, it must be produced on computer media. If a requested Document, material, thing and/or any information exists both on computer media and some other form, each other form of the Document, material, thing and/or information must be produced in addition to the computer media form if it is not identical to the computer media form with respect to both content and properties, including without limitation the presence of annotations or the Document's legibility.

B. If Defendant knows of the existence, past or present, of any Documents or things requested below, but is unable to produce such Documents or things because they are not presently in the possession, custody, or control of Defendant, Defendant shall so state and shall identify such Documents or things, and the Person who has possession, custody, or control of the Documents or things with sufficient information to identify the requested document, thing, and/or information and the person or entity having said possession, custody, or control, to satisfy the requirements for a request to production of the document, thing and/or information from said third parties pursuant to Fed. R. Civ. P. 34(c) and Fed. R. Civ. P. 45.

C. If any Document is known to have existed and cannot now be located or has been either destroyed or discarded, that Document shall be identified by the last known person(s) who had custody of the Document, the date of the destruction or discard, the manner(s) in which the Document has been destroyed or discarded, the reason(s) for the destruction or discard, the efforts and action(s) made to locate the Document if lost or misplaced, a statement describing the Document, including, but not limited to a summary of its contents,

2

the identity and position or title of its author(s) and of all persons to whom it was sent and/or shown.

D. If Defendant declines to produce any Documents, or thing under the claim of privilege or other objection, it shall identify each such Document or thing by its date, nature—including information sufficient to establish that nondisclosure is warranted under the asserted privilege or objection, including without limitation a disclosure of any nonprivileged information contained in the document—author and addressee if applicable, as well as identify all recipients thereof, and state the name and address of the person in possession of the Document, or the thing by its date, nature, subject matter, the number of pages, attachments or appendices, author and addressee if applicable, position or title of the author(s) and of the addressee(s) if applicable, as well as identify all recipients thereof, such as but not limited to all persons to whom distributed, shown or explained, and state the name and address of the person in possession of the Document, or the thing. Further, Defendant shall state, in compliance with the Federal Rules and any protective order entered in this case, the privilege on which it relies in declining to produce the Document and the basis for the claim of privilege or other basis upon which they decline to produce the Document and/or the thing.

E. Documents from any single file should be produced in the same order as they were found in this file, and the files from which they are being produced shall be identified. If copies of Documents are produced in lieu of the originals, such copies must be legible and bound or stapled in the same way then the originals. If a copy of a file is produced in the manner in which it is maintained in the ordinary course of business, the original file must be made available for inspection upon request.

F. As to each Document and/or thing produced in response hereto, Defendant shall identify the request for production and where applicable, the interrogatory number, in

3

response to which the Document or thing is being produced. In addition, Defendant shall designate the source of each document, including the name and contact information of the individual in possession, custody or control of the document as it is maintained in the ordinary course of business.

G. The requests set forth herein shall be deemed continuing pursuant to Fed. R. Civ. P. 26 (e) (1) and (2) so as to require supplemental production of documents and/or things if Defendant discovers responsive Documents and/or things after the date of response hereto despite a diligent effort to provide all responsive Documents within the time specified by Fed. R. Civ. P. 34.

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 37:

All Documents, including, but not limited to, agreements and/or contracts relating to the sale, offer for sale, use, importation, or otherwise making available any paper forming machine which is being modified, is planned to be modified, or is offered to be modified to include at least one resiliently mounted blade.

REQUEST FOR PRODUCTION NO. 38:

All Documents describing, referring or relating to in whole or in part to differences, similarities and/or comparisons between any paper forming machine which is being modified, is planned to be modified, or is offered to be modified to include with at least one resiliently mounted blade and either or both of the Patents-in-Suit and/or Plaintiff's product(s).

REQUEST FOR PRODUCTION NO. 39:

All Documents, things, and material relating to the design and/or development of all versions of any paper forming machine which is being modified, is planned to be modified, or is offered to be modified to include at least one resiliently mounted blade, or part of such

4

paper forming machine thereof, and all Documents, things, and material sufficient to identify all Persons who participated in such design and/or development.

REQUEST FOR PRODUCTION NO. 40:

All Documents and things referring to or relating to specifications of any paper forming machine which is being modified, is planned to be modified, or is offered to be modified to include at least one resiliently mounted blade, including but not limited to marketing requirements, design requirements, functional specifications, detailed design descriptions, test plans, and any other technical or marketing requirements.

REQUEST FOR PRODUCTION NO. 41:

All Documents and things referring to or relating to Defendant's marketing plans, goals, and/or strategies with respect to any paper forming machine having at least one resiliently mounted blade.

REQUEST FOR PRODUCTION NO. 42:

All Documents and things referring to or relating to Defendant's marketing of any paper forming machine having at least one resiliently mounted blade, including but not limited to all promotions, demonstrations, presentations, promotional materials and/or offers for sale, licensing and otherwise making such a paper forming machine available.

REQUEST FOR PRODUCTION NO. 43:

All Documents and things referring to or relating the Defendant selling, importing, licensing or otherwise making available a paper forming machine with at least one resiliently mounted blade, including but not limited to any and all proposals, orders, contracts, agreements, and/or invoices.

REQUEST FOR PRODUCTION NO. 44:

All Documents and things illustrating, referring to or relating to Defendant's prices associated with any paper forming machine with at least one resiliently mounted blade.

REQUEST FOR PRODUCTION NO. 45:

All Documents that refer or relate to any sales and/or contracts concerning paper forming machines having at least one resiliently mounted blade, including but not limited to communications with potential and/or actual customers.

REQUEST FOR PRODUCTION NO. 46:

All Documents and things which concern, analyze, refer and/or relate to any paper forming machine having at least one resiliently mounted blade, whether internal or external communications, to or from Defendant, including but not limited to communications between and among the respective board members, officers, employees, staff members, attorneys, agents or representatives.

REQUEST FOR PRODUCTION NO. 47:

All Documents reviewed and/or relied upon by any person that Defendant may call as a witness at trial or any hearing in this litigation.

REQUEST FOR PRODUCTION NO. 48:

All Documents, things, and/or materials requested to be identified by any Plaintiff interrogatory.

REQUEST FOR PRODUCTION NO. 49:

All Documents, things, and materials identified and/or containing information used in preparing Defendant's responses to any Plaintiff interrogatory.

6

REQUEST FOR PRODUCTION NO. 50:

All documents and things relating to, supporting, or contradicting your claim that "JohnsonFoils has not infringed any claim of the Patents-in-Suit, either literally or under the doctrine of equivalents."

REQUEST FOR PRODUCTION NO. 51:

All documents and things relating to, supporting, or contradicting your claim that "[e]ach of the Patents-in-Suit is invalid, unenforceable, and void for failure to comply with the provisions of 35 U.S.C. § 101 et seq."

REQUEST FOR PRODUCTION NO. 52:

All documents and things relating to, supporting, or contradicting your claim that "Voith is barred by the doctrine of prosecution history estoppel from presenting a claim interpretation necessary to find infringement of any claim of the Patents-in-Suit."

REQUEST FOR PRODUCTION NO. 53:

All documents and things relating to, supporting, or contradicting your claim that "Voith has misused each of the Patents-in-Suit which renders each of them unenforceable, and Voith is precluded from obtaining any relief in this action due to its misuse."

REQUEST FOR PRODUCTION NO. 54:

All documents and things relating to, supporting, or contradicting your claim that "Voith's claims are barred, in whole or in part, by the [doctrine of equitable estoppel, the doctrine of waiver, the statute of limitations, and the doctrine of laches]."

REQUEST FOR PRODUCTION NO. 55:

All documents and things relating to, supporting, or contradicting your claim that "JohnsonFoils has not induced and is not inducing infringement of any claim of the Patents-

7

in-Suit," and "JohnsonFoils has not in the past and is not now contributing to the infringement of any claim of the Patents-in-Suit."

REQUEST FOR PRODUCTION NO. 56:

All documents and things relating to, supporting, or contradicting your claim that "[a]ll claims of the Patents-in-Suit are invalid under 35 U.S.C. § 102."

REQUEST FOR PRODUCTION NO. 57:

All documents and things relating to, supporting, or contradicting your claim that "[a]ll claims of the Patents-in-Suit are invalid under 35 U.S.C. § 103."

REQUEST FOR PRODUCTION NO. 58:

All documents and things relating to, supporting, or contradicting your claim that "[a]ll claims of the Patents-in-Suit are invalid under 35 U.S.C. § 112."

REQUEST FOR PRODUCTION NO. 59:

All documents and things relating to, supporting, or contradicting your claim that "Voith knew or should have known that JohnsonFoils was not infringing any permissible, reasonable, or valid interpretation of any claim of the Patents-in-Suit" and that "Voith's . . . interpretations of the claims of the Patents-in-Suit are interposed for . . . anti-competitive effect."

REQUEST FOR PRODUCTION NO. 60:

All documents and things relating to, supporting, or contradicting your claim that "Voith knew or should have known of existing prior art that was not before the United States Patent and Trademark Office during the prosecution of the applications leading to the Patents-in-Suit," "that existing prior art is such that Voith knew or should have known that the claims of the Patents-in-Suit were not patentable," "that existing prior art is such that Voith now knows or should have known that its interpretations of the claims of the Patents-in-Suit render

8

them invalid," "Voith knowingly ignored the prior art so it could advance its . . . interpretations of the claims . . . for anti-competitive effects," and "Voith's assertion of . . . interpretations of the claims of the Patents-in-Suit is having an anti-competitive effect on JohnsonFoils."

REQUEST FOR PRODUCTION NO. 61:

All documents and things relating to any communications between Defendant and others about this litigation.

Dated: August 16, 2007

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblam
Michael J. Fink
1950 Roland Clarke Place
Reston, VA 20191
(703) 716-1191

Young Conaway Stargatt & Taylor, LLP
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6642

*Attorneys for Voith Paper GmbH & Co. KG*

{JJ214720 00243131.DOC}

9

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION TO JOHNSONFOILS, INC. was served on Attorneys for Defendant JohnsonFoils, Inc., via Electronic Mail and First Class Mail:

Anthony S. Volpe, Esq.
Ryan W. O'Donnel, Esq.
Randolph J. Huis, Esq.
VOLPE AND KOENIG, P.C.
United Plaza, Suite 1600
30 S. 17th Street
Philadelphia, PA 19103
(215) 568-6400

George H. Seitz, III, Esq. (DE #667)
SEITZ, VAN OGTROP & GREEN, P.A.
222 Delaware Avenue, Suite
P. O. Box 68
Wilmington, DE 19899
(302) 888-7602

Date: August 16, 2007

Neil F. Greenblum
Michael J. Fink
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

– and –

Adam W. Poff (DE #3990)
YOUNG CONWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6642

*Attorneys for Plaintiff Voith Paper GmbH & Co. KG*

{J214720 00243121.DOC}

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-0226-JJF |
| v. | ) | |
| | ) | |
| JOHNSONFOILS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S THIRD SET OF INTERROGATORIES TO JOHNSONFOILS, INC.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Voith Paper GmbH & Co. KG (hereinafter, "Plaintiff") requests that Defendant JohnsonFoils, Inc. (hereinafter, "Defendant") answers the following interrogatories separately, fully, and under oath, within thirty (30) days of service. In accordance with Federal Rule of Civil Procedure 26(e), Defendant is subject to a duty to seasonably amend all responses to these interrogatories. The following definitions and instructions apply, as do the definitions set forth in Local Rule 26.5(c).

## DEFINITIONS

"Definitions" from PLAINTIFF'S FIRST SET OF INTERROGATORIES TO JOHNSONFOILS, INC., served on Attorneys for Defendant JohnsonFoils, Inc., via Electronic Mail and First Class Mail on July 26, 2007, are hereby incorporated by reference.

## INSTRUCTIONS

The form of the responses to this third set of interrogatories is to comply with Federal Rule 33(b) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

INTERROGATORY NO. 14:

Identify each and every person whom you contemplate or expect to call as an expert witness at the trial of this matter, and state in detail, the facts and opinions to which each proposed expert witness is expected to testify and the basis and reasons for the expert witnesses' opinions; identify all documents, data or other information considered by the expert witness in forming the opinions; state the qualifications of the expert witness, including a list of all publications authored by the expert within the last ten years; and state the compensation paid or to be paid for the study and/or testimony.

INTERROGATORY NO. 15:

For each Accused Product, identify with specificity the gross sales revenue and the net profit obtained from each paper forming machine rebuild attempted, completed, or contracted to perform, by Defendant.

INTERROGATORY NO. 16:

For each Accused Product, identify each and every element involved in the formation of paper, *e.g.*, rolls, shoes, blades, vacuums, and other drainage elements.

INTERROGATORY NO. 17:

Describe with specificity how paper is formed in each Accused Product, including, but not limited to, the function of each and every element involved in the formation of paper.

INTERROGATORY NO. 18:

For each Accused Product, identify with specificity the parts removed from the paper forming machine in preparation for or during a rebuild.

INTERROGATORY NO. 19:

For each Accused Product, identify with specificity any part(s) added or planned to be added to the paper forming machine, and describe the function of each such part.

INTERROGATORY NO. 20:

Identify the Person(s) involved in the market, planning, installation, testing, start-up, running, and maintenance of each Accused Product.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Dated: January 15, 2007

_____
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6642

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
Neal Goldberg
1950 Roland Clarke Place
Reston, VA 20191
(703) 716-1191

*Attorneys for Voith Paper GmbH & Co. KG*

## CERTIFICATE OF SERVICE

I, Adam W. Poff, Esquire, hereby certify that on January 15, 2008, I caused true and

correct copies of the foregoing document to be served upon the following counsel of record in

the manner indicated:

### BY HAND DELIVERY

George H. Seitz, III, Esquire
Patricia P. McGonigle, Esquire
SEITZ, VAN OGTROP & GREEN, P.A.
222 Delaware Avenue
Suite 1500
P.O. Box 68
Wilmington, DE 19899

### BY E-MAIL

Anthony S. Volpe, Esquire
Ryan W. O'Donnell, Esquire
Volpe and Koenig
United Plaza, Suite 1600
30 South 17th Street,
Philadelphia, PA 19103

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Adam w. Poff*
Adam W. Poff  (No. 3990)
Chad S.C. Stover (No. 4919)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
cstover@ycst.com

*Attorneys for Voith Paper GmbH & Co. KG*

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-0226-JJF |
| v. | ) | |
| | ) | |
| JOHNSONFOILS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S THIRD SET OF
### REQUESTS FOR PRODUCTION TO JOHNSONFOILS, INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Voith Paper

GmbH & Co. KG (hereinafter, "Plaintiff") requests that Defendant JohnsonFoils, Inc.

(hereinafter, "Defendant") produces for inspection and copying all of the following

documents and other tangible things that are in its possession, custody, or control.

Production shall take place within thirty (30) days of this request, at the offices of

Greenblum & Bernstein, P.L.C., 1950 Roland Clarke Place, Reston, Virginia 20191, or at

such other location and time as the parties agree. In accordance with Federal Rule of

Civil Procedure 26(e), Defendant is subject to a duty to seasonably amend all responses

to these requests for production. The following definitions and instructions apply.

### DEFINITIONS

Plaintiff incorporates by reference the Definitions contained in Plaintiff's Third

Set of Interrogatories served concurrently herewith.

### INSTRUCTIONS

A.  If a requested Document, material, thing and/or any information exists on

computer media, it must be produced on computer media.  If a requested Document,

material, thing and/or any information exists both on computer media and some other form, each other form of the Document, material, thing and/or information must be produced in addition to the computer media form if it is not identical to the computer media form with respect to both content and properties, including without limitation the presence of annotations or the Document's legibility.

B. If Defendant knows of the existence, past or present, of any Documents or things requested below, but is unable to produce such Documents or things because they are not presently in the possession, custody, or control of Defendant, Defendant shall so state and shall identify such Documents or things, and the Person who has possession, custody, or control of the Documents or things with sufficient information to identify the requested document, thing, and/or information and the person or entity having said possession, custody, or control, to satisfy the requirements for a request to production of the document, thing and/or information from said third parties pursuant to Fed. R. Civ. P. 34(c) and Fed. R. Civ. P. 45.

C. If any Document is known to have existed and cannot now be located or has been either destroyed or discarded, that Document shall be identified by the last known person(s) who had custody of the Document, the date of the destruction or discard, the manner(s) in which the Document has been destroyed or discarded, the reason(s) for the destruction or discard, the efforts and action(s) made to locate the Document if lost or misplaced, a statement describing the Document, including, but not limited to a summary of its contents, the identity and position or title of its author(s) and of all persons to whom it was sent and/or shown.

D. If Defendant declines to produce any Documents, or thing under the claim of privilege or other objection, it shall identify each such Document or thing by its date, nature—including information sufficient to establish that nondisclosure is warranted under the asserted privilege or objection, including without limitation a disclosure of any nonprivileged information contained in the document—author and addressee if applicable, as well as identify all recipients thereof, and state the name and address of the person in possession of the Document, or the thing by its date, nature, subject matter, the number of pages, attachments or appendices, author and addressee if applicable, position or title of the author(s) and of the addressee(s) if applicable, as well as identify all recipients thereof, such as but not limited to all persons to whom distributed, shown or explained, and state the name and address of the person in possession of the Document, or the thing. Further, Defendant shall state, in compliance with the Federal Rules and any protective order entered in this case, the privilege on which it relies in declining to produce the Document and the basis for the claim of privilege or other basis upon which they decline to produce the Document and/or the thing.

E. Documents from any single file should be produced in the same order as they were found in this file, and the files from which they are being produced shall be identified. If copies of Documents are produced in lieu of the originals, such copies must be legible and bound or stapled in the same way then the originals. If a copy of a file is produced in the manner in which it is maintained in the ordinary course of business, the original file must be made available for inspection upon request.

F. As to each Document and/or thing produced in response hereto, Defendant shall identify the request for production and where applicable, the interrogatory number,

in response to which the Document or thing is being produced.  In addition, Defendant

shall designate the source of each document, including the name and contact information

of the individual in possession, custody or control of the document as it is maintained in

the ordinary course of business.

G. The requests set forth herein shall be deemed continuing pursuant to Fed. R.

Civ. P. 26 (e) (1) and (2) so as to require supplemental production of documents and/or

things if Defendant discovers responsive Documents and/or things after the date of

response hereto despite a diligent effort to provide all responsive Documents within the

time specified by Fed. R. Civ. P. 34.

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 62:

All Documents referring or related to Defendant's decision to commence

development, sale, and rebuilding of paper forming machines, specifically paper forming

machines involving the Accused Product.

REQUEST FOR PRODUCTION NO. 63:

All Documents that refer to Defendant's knowledge of the Patents-in-suit.

REQUEST FOR PRODUCTION NO. 64:

All annual reports, auditors reports, corporate evaluations, and corporate

appraisals of Defendant from 2001 to the present.

REQUEST FOR PRODUCTION NO. 65:

All Documents from 2001 to the present which identify or relate to the

location of each facility where Defendant or its parents, predecessors, subsidiaries, joint

ventures, and other affiliated entities are or have been engaged or plan to be engaged in

the research, development, manufacture, testing, marketing, distribution, sale, or importation, of the Accused Products.

REQUEST FOR PRODUCTION NO. 66:

All Documents that refer or relate to any attempt by Defendant to increase its share of the paper former rebuild product market, including, but not limited to, correspondence, memoranda, notes, reports, market plans, strategic plans or market studies.

REQUEST FOR PRODUCTION NO. 67:

Documents consisting of, referring to and/or relating to budgets and sales forecasts relating to the Accused Products.

REQUEST FOR PRODUCTION NO. 68:

All financial statements prepared by or on behalf of Defendant that reference Plaintiff and/or the above-captioned litigation.

REQUEST FOR PRODUCTION NO. 69:

All financial statements prepared by or on behalf of Defendant, including but not limited to income statements, balance sheets, cash flows, ledgers, state and federal tax returns, and all other Documents that detail or describe Defendant's revenues, costs and/or incremental profits from the sale of the Accused Products

REQUEST FOR PRODUCTION NO. 70:

All Documents referring to or relating to communications with any members of Defendant's board of directors regarding Plaintiff, the above-captioned litigation.

REQUEST FOR PRODUCTION NO. 71:

All Documents, including but not limited to minutes from meetings of Defendant's Board of Directors, referring to or relating to Plaintiff, the Patents-in-Suit, and/or the above-captioned litigation.

REQUEST FOR PRODUCTION NO. 72:

All Documents referring to or relating to Defendant's pricing of Defendant's products and the Accused Product.

REQUEST FOR PRODUCTION NO. 73:

All Documents relating or referring to any Voith paper making machine that Defendant has used in the research, development, manufacture, testing, marketing, distribution, sale, or importation, of the Accused Products.

REQUEST FOR PRODUCTION NO. 74:

All Documents identified in and/or containing information used in preparing Defendant's responses to Plaintiff's Third Set of Interrogatories to Defendant, served concurrently herewith.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Dated: January 15, 2007

_____
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6642

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
Neal Goldberg
1950 Roland Clarke Place
Reston, VA 20191
(703) 716-1191

*Attorneys for Voith Paper GmbH & Co. KG*

## CERTIFICATE OF SERVICE

I, Adam W. Poff, Esquire, hereby certify that on January 15, 2008, I caused true and correct copies of the foregoing document to be served upon the following counsel of record in the manner indicated:

### BY HAND DELIVERY

George H. Seitz, III, Esquire
Patricia P. McGonigle, Esquire
SEITZ, VAN OGTROP & GREEN, P.A.
222 Delaware Avenue
Suite 1500
P.O. Box 68
Wilmington, DE 19899

### BY E-MAIL

Anthony S. Volpe, Esquire
Ryan W. O'Donnell, Esquire
Volpe and Koenig
United Plaza, Suite 1600
30 South 17th Street,
Philadelphia, PA 19103

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Adam w. Poff*
Adam W. Poff  (No. 3990)
Chad S.C. Stover (No. 4919)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
cstover@ycst.com

*Attorneys for Voith Paper GmbH & Co. KG*

# EXHIBIT G

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-226 (JJF) |
| | ) | |
| JOHNSONFOILS, INC., | ) | |
| | ) | |
| Defendant | ) | |

## NOTICE OF TAKING DEPOSITION
## PURSUANT TO FED.R.CIV.P.30(b)(6) OF JOHNSONFOILS, INC.

TO:    Anthony S. Volpe, Esq.
       Volpe and Koenig, P.C.
       United Plaza, Suite 1600
       30 South 17th Street
       Philadelphia, PA  19103

PLEASE TAKE NOTICE that, pursuant to Rule 30 (b)(6) of the Federal Rules of Civil

Procedure, plaintiff Voith GmbH & Co. KG. ("Voith") will take the deposition upon oral

examination of Defendant JohnsonFoils, Inc. on the Topics identified in Exhibit A attached

hereto. The deposition will commence at 9:30 a.m. on April 22, 2008, at the law firm of Young

Conaway Stargatt & Taylor, LLP, located at 1000 West Street, 17th Floor, Wilmington, DE

19801, or at such other reasonable time and/or location as the parties may agree. The deposition

will be conducted before an officer authorized to administer oaths and will continue from day to

day, weekends and legal holidays excluded, until completed. The testimony will be recorded by

sound-and-visual and stenographic means.

DATED:  March 14, 2008

Neil F. Greenblum (NG4712)
Michael J. Fink
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

– and –

Adam Poff (DE #3990)
YOUNG CONOWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899
(302) 571-6642

*Attorneys for Plaintiff Voith GmbH & Co. KG*

2

**Exhibit A**

**Topics for Rule 30(b)(6) Deposition**

1. JohnsonFoils' organization, personnel, manufacturing, products and services.

2. JohnsonFoils' paper machine rebuilds, including but not limited to bidding, pricing, marketing, contracts, installation for rebuilding paper machines.

3. JohnsonFoils' past, pending, and planned, offers to rebuild any paper machines.

4. JohnsonFoils' market forecasts and market studies, including historical analyses, forecasts and analyses relating to the revenues, costs, profits, and market competition relating to paper machine rebuilds.

5. JohnsonFoils' knowledge of Voith technology and know-how, including Voith paper machines, Voith patents, and other Voith proprietary information.

6. JohnsonFoils' knowledge of Voith rebuilds of paper machines, including marketing, pricing, engineering, and technical information relating to Voith paper machine rebuilds, Voith offers to rebuild paper machines, and Voith's plans to rebuild paper machines.

7. JohnsonFoils' product line, including equipment and services.

8. Components used by JohnsonFoils to rebuild any paper machine, including the manufacturer of each such component, where the components are manufactured, where the components are assembled, the entity which purchases, ships and/or exports the components, and how the components are installed.

9. Components manufactured and/or supplied by JohnsonFoils and used in any paper machine rebuilt by JohnsonFoils.

10. Exporting and/or shipping abroad components manufactured by JohnsonFoils used to rebuild a paper machine.

11. JohnsonFoils' customers which have a Voith paper machine or a paper machine rebuilt or serviced by Voith.

12. JohnsonFoils' decision to enter the paper machine rebuild market.

13. JohnsonFoils' research and development relating to rebuilds for paper machines.

14. Sales of equipment or services resulting from, made with, or made following an offer or sale of a paper machine rebuild performed by JohnsonFoils.

15. Sales or offers by AstenJohnson to a prospective JohnsonFoils customers following the offer or sale by JohnsonFoils of a paper machine rebuild.

16. AstenJohnson products and services offered by or referred to prospective customers by JohnsonFoils.

17. The revenues derived by JohnsonFoils from each paper machine rebuilt by JohnsonFoils.

18. The profits derived by JohnsonFoils from each paper machine rebuilt by JohnsonFoils.

3

19.  The costs to JohnsonFoils incurred for each paper machine rebuilt by JohnsonFoils.

20.  Cooperation, assistance and information provided by AstenJohnson to JohnsonFoils relating to paper machine rebuilds.

21.  Relationship with AstenJohnson, including but limited to common board members, ownership, liasons, and how activities are coordinated.

22.  The design, structure, function and operation of the paper machine known as the Calhoun 5 in Calhoun, Tennessee.

23.  JohnsonFoils' rebuild of the paper machine known as the Calhoun 5 in Calhoun, Tennessee.

24.  JohnsonFoils' testing and completion of the rebuild of the paper machine known as the Calhoun 5 in Calhoun, Tennessee.

25.  The design, structure, function and operation of the paper machines known as the Courtland 30, Courtland 33, and Courtland 35 in Courtland, Alabama.

26.  JohnsonFoils' rebuild of the paper machines known as the Courtland 30, Courtland 33, and Courtland 35 in Courtland, Alabama.

27.  JohnsonFoils' testing and completion of the paper machines known as the Courtland 30, Courtland 33, and Courtland 35 in Courtland, Alabama.

28.  The design, structure, function and operation of the paper machine known as Snowflake PM3.

29.  JohnsonFoils' rebuild of the paper machines in Snowflake Arizona, including but not limited to the paper machine known as Snowflake PM3.

30.  JohnsonFoils' testing and completion of the paper machine known as the Snowflake PM3.

31.  The design, structure, function and operation the of the paper machine known as Paper Corea.

32.  JohnsonFoils' rebuild of the paper machines known as Paper Corea.

33.  JohnsonFoils' testing and completion of the paper machines known as Paper Corea.

34.  The design, structure, function and operation of any other paper machines rebuilt by JohnsonFoils anywhere in the world.

35.  The design, structure, function and operation of each component added and/or replaced in each paper making machine rebuilt by JohnsonFoils.

36.  The function and operation of resiliently mounted blades in a JohnsonFoils' rebuild.

37.  The design and development of paper machine rebuilds offered by JohnsonFoils.

38.  JohnsonFoils' installation procedures for rebuilding a paper machine.

39.  JohnsonFoils' testing procedures during and after rebuilding a paper machine.

40.  JohnsonFoils' organizational structure and its officers, employees and others who work for or on behalf of JohnsonFoils.

41.  The defenses and counterclaims asserted by JohnsonFoils, including but not limited to noninfringement, invalidity, inequitable conduct, failure to state a claim upon which relief can be granted, misuse, claims being barred by equitable estoppel, the doctrine of waiver, statute of limitations, and the doctrine of laches.

42.  JohnsonFoils' knowledge of the patents-in-suit prior to the filing of the Complaint.

43.  JohnsonFoils' attempts to design around any of the patents-in-suit.

44.  JohnsonFoils' discovery responses.

45.  JohnsonFoils' search for documents and information responsive to Voith's Interrogatories and Requests for documents.

46.  Information relating to JohnsonFoils' document management, creation, retention, maintenance, and preservation.

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff Voith Paper GMBH & Co. KG's Notice of Taking Deposition Pursuant to Fed.R.Civ.30(b)(6) of JohnsonFoils, Inc. was served on Attorneys for Defendant JohnsonFoils, Inc., via Federal Express:

> Anthony S. Volpe, Esq.
> John J. O'Malley, Esq.
> Ryan W. O'Donnel, Esq.
> VOLPE AND KOENIG, P.C.
> United Plaza, Suite 1600
> 30 S. 17th Street
> Philadelphia, PA 19103
> (215) 568-6400

> George H. Seitz, III, Esq. (DE #667)
> SEITZ, VAN OGTROP & GREEN, P.A.
> 222 Delaware Avenue, Suite 1500
> P. O. Box 68
> Wilmington, DE 19899
> (302) 888-7602

Date:  March 14, 2008

_[signature]_

Neil F. Greenblum
Michael J. Fink
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

– and –

Adam W. Poff (DE #3990)
YOUNG CONWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6642

*Attorneys for Plaintiff Voith Paper GmbH & Co. KG*

# EXHIBIT H

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG.,          )
                                     )
          Plaintiff                  )
                                     )
     v.                              )          Civil Action No. 07-226 (JJF)
                                     )
JOHNSONFOILS, INC.,                  )
                                     )
          Defendant                  )

NOTICE OF TAKING DEPOSITION
PURSUANT TO FED.R.CIV.P.30(b)(6) OF ASTENJOHNSON. INC.

TO:      Anthony S. Volpe, Esq.
         Volpe and Koenig, P.C.
         United Plaza, Suite 1600
         30 South 17th Street
         Philadelphia, PA 19103

PLEASE TAKE NOTICE that, pursuant to Rule 30 (b)(6) of the Federal Rules of Civil

Procedure, plaintiff Voith GmbH & Co. KG. ("Voith") will take the deposition upon oral

examination of AstenJohnson, Inc. on the Topics identified in Exhibit A attached hereto. The

deposition will commence at 9:30 a.m. (E.D.T.) on April 4, 2008, at the Residence Inn located at

5035 International Blvd, North Charleston, SC 29418, or at such other reasonable time and/or

location as the parties may agree. The deposition will be conducted before an officer authorized

to administer oaths and will continue from day to day, weekends and legal holidays excluded,

until completed. The testimony will be recorded by sound-and-visual and stenographic means.

AstenJohnson, Inc. is also directed to produce at Greenblum & Bernstein, 1950 Roland Clarke

Place, Reston VA, 20191, on April 1, 2008, documents responsive to the document requests

attached hereto as Exhibit B.

{J214720.00387032.DOC}

DATED:  March 14, 2008

Neil F. Greenblum (NG4712)
Michael J. Fink
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

Adam Poff (DE #3990)
YOUNG CONOWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899
(302) 571-6642

*Attorneys for Plaintiff Voith GmbH & Co. KG*

## Definitions and Instructions

1.    The singular shall include the plural and vice versa.

2.    The term "patents-in-suit" means U.S. Patent Nos. 5,718,805 and 5,972,168.

3.    The term "JohnsonFoils" means, without limitation, JohnsonFoils Inc. and, any predecessor business organization; and any wholly or partly owned subsidiary, division, parent, joint venture, or other entity in which any or all of JohnsonFoils is a material participant or equity interest holder, or was a material participant or equity interest holder at any time.

4.    The term "AstenJohnson" means, without limitation, AstenJohnson, Inc. and, any predecessor business organization; and any wholly or partly owned subsidiary, division, parent, joint venture, or other entity in which any or all of AstenJohnson is a material participant or equity interest holder, or was a material participant or equity interest holder at any time.

5.    The term "person" and/or "personnel" means, without limitation, any individual or organization, including sole proprietorship, partnership, corporation, association, governmental body or agency, or other legal entity.

6.    The term "organization" means, without limitation, domestic or foreign, public or private corporations, partnerships or proprietorships, as well as all other business organizations, associations, forms, trustees, or legal entities.

7.    The term "Document" means, without limitation, any medium, upon which information can be communicated, in your possession, custody or control, your counsel or consultants, or known to you, your counsel or your consultants, and is used in a comprehensive sense to include, without limitation, the following items, whether printed, typed, written or produced by hand or stamp, recorded, microfilmed, photographed, video-taped, filmed, stored on information storage means such as data bases, tapes, disks, hard drives, cassettes and/or other memory devices and computer records of any type, or any copy of Documents reproduced by any process, whether or not claimed to be privileged, confidential or personal: letters, notes, memoranda, reports, records, agreements, working papers, communications (including interdepartmental or intradepartmental communications, intercompany or intracompany communications), correspondence, summaries or records of personal conversations, diaries, e-mails,

facsimile transmissions, forecasts, statistical statements, tables, graphs, laboratory reports, research reports, notebooks, books, charts, spreadsheets, plans, production files, blueprints, schematics, flow charts, computer programs, including source code and associated documentation both integral and separate from the program, engineering specifications, software specifications, diagrams, drawings, manuals, instructions and/or procedures, including, but not limited to, installation instructions or procedures, operating instructions or procedures, calibration instructions or procedures, maintenance or service instructions or procedures, photographs, minutes or records of meetings, minutes or records of conferences, expressions or statements of policy, lists of persons attending meetings or conferences, recorded statements, interviews or conversations, transcripts, reports or summaries of interviews, reports or summaries of investigations, opinions or reports or summaries of either negotiations or preparations for such, brochures, pamphlets, advertisements, circulars, press releases, price lists, instruments, accounts, bills of sale, purchase orders, quotations, terms of sale, invoices, lists of expenses, both fixed and variable, and all other materials on any tangible medium of expression, and all original and/or preliminary notes. Any comment or notation appearing on any Document, and not a part of the original text, is to be considered a separate "Document."

8.    "Communication" means, without limitation, oral or written communications of any kind, such as conversations, electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchanges of written or recorded information, or face-to-face meetings.

**Exhibit A**

**Topics for Rule 30 (b)(6) Deposition**

1.  AstenJohnson's organization, products and services.

2.  The market, past and present, for goods and services relating to paper making machines.

3.  AstenJohnson's pricing and annual sales, past and present, of goods and/or services to any third party whose paper machine(s) have been rebuilt by JohnsonFoils.

4.  Goods, information and/or services provided by AstenJohnson to either JohnsonFoils or JohnsonFoils' customers relating to any rebuild of a paper machine.

5.  Information, good and/or services provided by JohnsonFoils to AstenJohnson relating to any rebuild of a paper machine.

6.  JohnsonFoils' rebuilds of paper machines, including communications with JohnsonFoils regarding or relating to any such rebuilds, and any participation in JohnsonFoils bidding on or installation of a rebuild for any paper machines.

7.  The amount(s) paid to JohnsonFoils relating to any paper machine rebuild.

8.  The patents-in-suit.

9.  Licensing of AstenJohnson patents and any patents under which AstenJohnson is licensed, relating to the field of paper machines.

10.  Knowledge and/or information concerning the litigation pending between Voith and JohnsonFoils, including any communications with JohnsonFoils or any third parties concerning the litigation and/or the patents-in-suit.

11.  Any indemnification and/or warranty between AstenJohnson and JohnsonFoils.

12.  Relationship with JohnsonFoils, including but limited to common board members, ownership, liasons, and how activities are coordinated.

13.  Information about Voith and Voith paper machines.

14. Responsibility and involvement in the litigation between Voith and JohnsonFoils.

15. Coordination of pricing and marketing efforts with Johnson Foils.

16. Joint sales of products, and pricing coordination.

17. Projections and forecasts concerning rebuilds of paper machines, and the market share that AstenJohnson/Johnson Foils would get.

18. All customer sales where a contract to rebuild a paper machine resulted in sales of other components and/or services by AstenJohnson and/or Johnson Foils.

**Exhibit B**

## Document Requests

1.  AstenJohnson's organization charts for the past six years.

2.  All documents referring or relating to any JohnsonFoils' rebuild of a paper machine, including but not limited to bids, proposals, contracts, quotations, manuals, drawings, technical descriptions, evaluations, test results and communications.

3.  All documents showing any involvement by AstenJohnson in any aspect of a rebuild of a paper machine performed by JohnsonFoils.

4.  All documents referring or relating to AstenJohnson's participation in any paper machine rebuild, including but not limited to any discounts offered to the owner of the paper machine.

5.  All documents showing the amount(s) paid to JohnsonFoils relating to any paper machine rebuild.

6.  All documents showing the revenues derived from each paper machine rebuild performed by JohnsonFoils, including all revenues derived from fabric sales for each such paper machine, over the past six years.

7.  All documents relating to any patent license agreements relating to the field of paper machines.

8.  All documents that refer or relate to either or both of the patents-in-suit.

9.  All documents that refer or relate to Voith, including but not limited to any documents referring to the litigation between Voith and JohnsonFoils.

10. All documents relating to any indemnification and/or warranty between AstenJohnson and JohnsonFoils.

11. Documents on each situation where Johnson foils and AstenJohnson cooperated on a project.

12. All documents relating to any responsibility and/or involvement in the litigation between Voith and JohnsonFoils.

13. All documents relating to the coordination of pricing and/or marketing efforts with Johnson Foils, including documents relating to joint sales of products, and pricing coordination.

14. All documents relating to projections and/or forecasts on paper machine rebuilds, including documents showing the market share that AstenJohnson and Johnson Foils would get.

15. All documents relating to customer sales in which a contract to rebuild a paper machine resulted in sales of other components and/or services by AstenJohnson and/or Johnson Foils.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff Voith Paper GMBH & Co. Kg's Notice of Taking Deposition Pursuant to Fed.R.Civ.30(b)(6) of AstenJohnson, Inc. was served on Attorneys for Defendant JohnsonFoils, Inc., via Federal Express:

Anthony S. Volpe, Esq.
John J. O'Malley, Esq.
Ryan W. O'Donnel, Esq.
VOLPE AND KOENIG, P.C.
United Plaza, Suite 1600
30 S. 17th Street
Philadelphia, PA 19103
(215) 568-6400

George H. Seitz, III, Esq. (DE #667)
SEITZ, VAN OGTROP & GREEN, P.A.
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE 19899
(302) 888-7602

Date:    March 14, 2008

Neil F. Greenblum
Michael J. Fink
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

-- and --

Adam W. Poff (DE #3990)
YOUNG CONWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6642

*Attorneys for Plaintiff Voith Paper GmbH & Co. KG*

{J214720 00388053.DOC}

AO 88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH CAROLINA

VOITH PAPER GMBH & CO., KG.,

**V.**

JOHNSONFOILS, INC.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]  Civil Action No. 07-0226-JJF
UNITED STATES DISTRICT COURT,
DISTRICT OF DELAWARE,

TO:    **AstenJohnson, Inc.**

Care of:
William Finn, Chairman
4399 Corporate Road
Charleston, South Carolina 29405

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Residence Inn, 5035 International Blvd. North Charleston, SC 29418 | April 4, 2008  9:30AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Rider A.

| PLACE | DATE AND TIME |
|---|---|
| Greenblum, & Bernstein, P.L.C., 1950 Roland Clarke Place, Reston, VA 20191 | April 1, 2008 |

☐ YOU ARE COMMANDED to permit inspection, photographing, and videotaping of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | March , 2008 |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Plaintiff Voith Paper | March 14, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael J. Fink; Greenblum & Bernstein, P.L.C.; 1950 Roland Clarke Place; Reston, VA 20191
Phone: 703-716-1191

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1]If action is pending in district other than district of issuance, state district under case number.

{J214720 00387616.DOC}

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
          DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

{J214720 00387616.DOC}

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT I

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**
# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TENNESSEE

VOITH PAPER GMBH & CO., KG.,

## V.

JOHNSONFOILS, INC.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1]   Civil Action No. 07-0226-JJF
UNITED STATES DISTRICT COURT,
DISTRICT OF DELAWARE,

TO:    AbitibiBowater, Inc.

Care of:
**Corporation Service Company**
2908 Poston Ave
Nashville, TN 37203

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| | DATE AND TIME |
|---|---|
| Baymont Inn, 107 Interstate Dr NW, Cleveland, TN 37312 | April 28, 2008 9:30AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Rider A.

| PLACE | DATE AND TIME |
|---|---|
| Greenblum & Bernstein, P.L.C.; 1950 Roland Clarke Place; Reston, VA 20191 | April 1, 2008 |

☒ YOU ARE COMMANDED to permit inspection, photographing, and videotaping of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| AbitibiBowater, Inc., Calhoun Mill, 5020 Highway 11 South, Calhoun, TN 37309, specifically PM#5 and any other machines rebuilt by JohnsonFoils, Inc. | April 29, 2008 8:00AM |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Plaintiff Voith Paper | DATE March 14, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael J. Fink; Greenblum & Bernstein, P.L.C.; 1950 Roland Clarke Place; Reston, VA 20191
Phone: 703-716-1191

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

{J214720 00388073.DOC}

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

{J214720 00388073.DOC}

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG.,            )
                                       )
      Plaintiff                     )
                                       )
      v.                            )    Civil Action No. 07-226 (JJF)
                                       )
JOHNSONFOILS, INC.,                    )
                                       )
      Defendant                     )

### NOTICE OF TAKING DEPOSITION
### PURSUANT TO FED.R.CIV.P.30(b)(6) OF ABITIBIBOWATER, INC.

**TO:**       **Anthony S. Volpe, Esq.**
              **Volpe and Koenig, P.C.**
              **United Plaza, Suite 1600**
              **30 South 17th Street**
              **Philadelphia, PA  19103**

PLEASE TAKE NOTICE that, pursuant to Rule 30 (b)(6) of the Federal Rules of Civil

Procedure, plaintiff Voith GmbH & Co. KG. ("Voith") will take the deposition upon oral

examination of AbitibiBowater, Inc. at Calhoun, TN on the Topics identified in Exhibit A

attached hereto. The deposition will commence at 9:30 a.m. on April 28, 2008, at the Baymont

Inn located at 107 Interstate Dr NW, Cleveland, TN 37312, or at such other reasonable time

and/or location as the parties may agree. The deposition will be conducted before an officer

authorized to administer oaths and will continue from day to day, weekends and legal holidays

excluded, until completed. The testimony will be recorded by sound-and-visual and

stenographic means. AbitibiBowater, Inc. at Calhoun, TN is also directed to produce at

Greenblum & Bernstein, 1950 Roland Clarke Place, Reston VA, 20191, on April 1, 2008,

documents responsive to the document requests attached hereto as Exhibit B.

{J214720 00388023.DOC}

DATED: March 14, 2008

Neil F. Greenblum (NG4712)
Michael J. Fink
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

Adam Poff (DE #3990)
YOUNG CONOWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899
(302) 571-6642

*Attorneys for Plaintiff Voith GmbH & Co. KG*

## Definitions and Instructions

1.      The singular shall include the plural and vice versa.

2.      The term "patents-in-suit" means U.S. Patent Nos. 5,718,805 and 5,972,168.

3.      The term "JohnsonFoils" means, without limitation, JohnsonFoils Inc. and, any predecessor business organization; and any wholly or partly owned subsidiary, division, parent, joint venture, or other entity in which any or all of JohnsonFoils is a material participant or equity interest holder, or was a material participant or equity interest holder at any time.

4.      The term "AstenJohnson" means, without limitation, AstenJohnson, Inc. and, any predecessor business organization; and any wholly or partly owned subsidiary, division, parent, joint venture, or other entity in which any or all of AstenJohnson is a material participant or equity interest holder, or was a material participant or equity interest holder at any time.

5.      The term "person" and/or "personnel" means, without limitation, any individual or organization, including sole proprietorship, partnership, corporation, association, governmental body or agency, or other legal entity.

6.      The term "organization" means, without limitation, domestic or foreign, public or private corporations, partnerships or proprietorships, as well as all other business organizations, associations, forms, trustees, or legal entities.

7.      The term "Document" means, without limitation, any medium, upon which information can be communicated, in your possession, custody or control, your counsel or consultants, or known to you, your counsel or your consultants, and is used in a comprehensive sense to include, without limitation, the following items, whether printed, typed, written or produced by hand or stamp, recorded, microfilmed, photographed, video-taped, filmed, stored on information storage means such as data bases, tapes, disks, hard drives, cassettes and/or other memory devices and computer records of any type, or any copy of Documents reproduced by any process, whether or not claimed to be privileged, confidential or personal: letters, notes, memoranda, reports, records, agreements, working papers, communications (including interdepartmental or intradepartmental, communications, intercompany or intracompany communications), correspondence, summaries or records of personal conversations, diaries, e-mails,

facsimile transmissions, forecasts, statistical statements, tables, graphs, laboratory reports, research reports, notebooks, books, charts, spreadsheets, plans, production files, blueprints, schematics, flow charts, computer programs, including source code and associated documentation both integral and separate from the program, engineering specifications, software specifications, diagrams, drawings, manuals, instructions and/or procedures, including, but not limited to, installation instructions or procedures, operating instructions or procedures, calibration instructions or procedures, maintenance or service instructions or procedures, photographs, minutes or records of meetings, minutes or records of conferences, expressions or statements of policy, lists of persons attending meetings or conferences, recorded statements, interviews or conversations, transcripts, reports or summaries of interviews, reports or summaries of investigations, opinions or reports or summaries of either negotiations or preparations for such, brochures, pamphlets, advertisements, circulars, press releases, price lists, instruments, accounts, bills of sale, purchase orders, quotations, terms of sale, invoices, lists of expenses, both fixed and variable, and all other materials on any tangible medium of expression, and all original and/or preliminary notes. Any comment or notation appearing on any Document, and not a part of the original text, is to be considered a separate "Document." .

    8.    "Communication" means, without limitation, oral or written communications of any kind, such as conversations, electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchanges of written or recorded information, or face-to-face meetings.

## Exhibit A

## Topics for Rule 30 (b)(6) Deposition

1.  JohnsonFoil's rebuild of any paper machine.

2.  Communications with JohnsonFoils regarding or relating to any rebuild of a paper machine.

3.  JohnsonFoil's contract(s) for rebuilding paper machine(s).

4.  The decision to rebuild any paper machines, including the factors considered when rendering the decision to use JohnsonFoils to rebuild any paper machines, any consideration of using another company to rebuild any paper machine, and the reasons for not using another company to perform the rebuild(s).

5.  The amount(s) paid to JohnsonFoils relating to any paper machine rebuild.

6.  In addition to the rebuild performed by JohnsonFoils, all other goods and/or services purchased or obtained from JohnsonFoils, both before, during and after the rebuild, and the amounts paid for such goods and/or services.

7.  All goods and/or services purchased or obtained from AstenJohnson, both before, during and after the rebuild, and the amounts paid for such goods and/or services.

8.  The design, structure, function and operation of any paper machine rebuilt by JohnsonFoils, including but not limited to the design, structure, function and operation of the components installed and/or replaced during the rebuild.

9.  Testing and completion of any paper machine rebuilt by JohnsonFoils.

10. The patents-in-suit.

11. Any indemnification and/or warranty from JohnsonFoils.

12. Knowledge and/or information concerning the litigation pending between Voith and JohnsonFoils, including any communications with any third parties concerning the litigation and/or the patents-in-suit.

13. Information about Voith and Voith paper machines.

## Exhibit B
## Document Requests

1.    All documents referring or relating to JohnsonFoil's, including but not limited to documents relating to any rebuild of a paper machine performed by JohnsonFoils such as proposals, contracts, quotations, manuals, drawings, technical descriptions, evaluations, and test results.

2.    All documents referring or relating to the decision to rebuild any paper machines, including all documents referring or relating to the decision to use JohnsonFoil's to rebuild any paper machines.

3.    All documents showing the amount(s) paid to JohnsonFoils relating to any paper machine rebuild.

4.    All documents referring or relating to any consideration of using another company, including but not limited to Voith, to rebuild any paper machines, and the reasons for not using another company to perform the rebuild(s).

5.    All documents referring or relating to goods and/or services purchased or obtained from JohnsonFoils and/or AstenJohnson, before, during and after the rebuild, and the amounts paid for such goods and/or services.

6.    All documents referring or relating to the design, structure, function and operation of any paper machine rebuilt by JohnsonFoils, including but not limited to the design, structure, function and operation of the components installed and/or replaced during the rebuild.

7.    All documents referring or relating to testing and completion of any paper machine rebuilt by JohnsonFoils.

8.    All documents that refer or relate to either or both of the patents-in-suit.

9.    All documents referring or relating to any indemnification and/or warranty provisions from JohnsonFoils.

10.    All documents that refer or relate to Voith, including but not limited to any documents referring to the litigation between Voith and JohnsonFoils.

11.    All documents that refer or relate to any communications with JohnsonFoils or any entity acting on behalf of JohnsonFoils.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff Voith Paper GMBH & Co. Kg's Notice of Taking Deposition Pursuant to Fed.R.Civ.30(b)(6) of AbitiBowater, Inc. at Calhoun, TN was served on Attorneys for Defendant JohnsonFoils, Inc., via Federal Express:

Anthony S. Volpe, Esq.
John J. O'Malley, Esq.
Ryan W. O'Donnel, Esq.
VOLPE AND KOENIG, P.C.
United Plaza, Suite 1600
30 S. 17th Street
Philadelphia, PA 19103
(215) 568-6400

George H. Seitz, III, Esq. (DE #667)
SEITZ, VAN OGTROP & GREEN, P.A.
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE 19899
(302) 888-7602

Date:   March 14, 2008

Neil F. Greenblum
Michael J. Fink
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

— and —

Adam W. Poff (DE #3990)
YOUNG CONWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6642

*Attorneys for Plaintiff Voith Paper GmbH & Co. KG*

{J214720 00388031.DOC}

03/14/2008  14:47    6156438502615643B502                                    PAGE  02/02

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | 03-14-08  11:58 A.M. | 2908 Poston Ave. Nashville, TN |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Mary Marchetti, Corporation Service Co. | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Sheila Gilliland | Licensed Private Investigator |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____03-14-08_____
                        DATE

_Sheila Gilliland_
SIGNATURE OF SERVER

P.O. Box 1 Greenbrier, TN
                                    37073
ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

{J214720 00338073.DOC}

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT J

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

VOITH PAPER GMBH & CO., KG.,

## V.

JOHNSONFOILS, INC.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1]  Civil Action No. 07-0226-JJF
UNITED STATES DISTRICT COURT,
DISTRICT OF DELAWARE

TO:    AbitibiBowater, Inc.

Care of:
**C T Corporation System**
2394 E Camelback Rd
Phoenix, AZ 85016

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

**X** YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| | DATE AND TIME |
|---|---|
| Comfort Inn, 2055 S. Main St., Snowflake, AZ 85937 | April 8, 2008 10:00AM |

**X** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Rider A.

| PLACE | DATE AND TIME |
|---|---|
| Greenblum & Bernstein, P.L.C.; 1950 Roland Clarke Place; Reston, VA 20191 | April 1, 2008 |

**X** YOU ARE COMMANDED to permit inspection, photographing, and videotaping of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| AbitibiBowater, Inc., Snowflake Mill, 277 Spur North, P.O. Box 128, Snowflake, AZ 85937, specifically PM#3 and any other machines rebuilt by JohnsonFoils, Inc. | April 8, 2008 8:30AM |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _signature_    Attorney for Plaintiff Voith Paper | March 14, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael J. Fink; Greenblum & Bernstein, P.L.C.; 1950 Roland Clarke Place; Reston, VA 20191
Phone: 703-716-1191

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1]If action is pending in district other than district of issuance, state district under case number.

{J214720 00388076.DOC}

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial; the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{J214720 00388076.DOC}

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG.,          )
                                     )
    Plaintiff                     )
                                     )
    v.                            )          Civil Action No. 07-226 (JJF)
                                     )
JOHNSONFOILS, INC.,                  )
                                     )
    Defendant                     )

### NOTICE OF TAKING DEPOSITION
### PURSUANT TO FED.R.CIV.P.30(b)(6) OF ABITIBIBOWATER, INC.

**TO:**      **Anthony S. Volpe, Esq.**
               **Volpe and Koenig, P.C.**
               **United Plaza, Suite 1600**
               **30 South 17th Street**
               **Philadelphia, PA  19103**

PLEASE TAKE NOTICE that, pursuant to Rule 30 (b)(6) of the Federal Rules of Civil

Procedure, plaintiff Voith GmbH & Co. KG. ("Voith") will take the deposition upon oral

examination of AbitibiBowater, Inc. at Snowflake, AZ on the Topics identified in Exhibit A

attached hereto. The deposition will commence at 10:00 a.m. on April 8, 2008, at the Comfort

Inn, located at 2055 S. Main St., Snowflake, AZ 85937, or at such other reasonable time and/or

location as the parties may agree. The deposition will be conducted before an officer authorized

to administer oaths and will continue from day to day, weekends and legal holidays excluded,

until completed. The testimony will be recorded by sound-and-visual and stenographic means.

AbitibiBowater, Inc. at Snowflake, AZ is also directed to produce at Greenblum & Bernstein,

1950 Roland Clarke Place, Reston VA, 20191, on April 1, 2008, documents responsive to the

document requests attached hereto as Exhibit B.

{J214720 00387983.DOC}

DATED: March 14, 2008

Neil F. Greenblum (NG4712)
Michael J. Fink
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

Adam Poff (DE #3990)
YOUNG CONOWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899
(302) 571-6642

*Attorneys for Plaintiff Voith GmbH & Co. KG*

## Definitions and Instructions

1.    The singular shall include the plural and vice versa.

2.    The term "patents-in-suit" means U.S. Patent Nos. 5,718,805 and 5,972,168.

3.    The term "JohnsonFoils" means, without limitation, JohnsonFoils Inc. and, any predecessor business organization; and any wholly or partly owned subsidiary, division, parent, joint venture, or other entity in which any or all of JohnsonFoils is a material participant or equity interest holder, or was a material participant or equity interest holder at any time.

4.    The term "AstenJohnson" means, without limitation, AstenJohnson, Inc. and, any predecessor business organization; and any wholly or partly owned subsidiary, division, parent, joint venture, or other entity in which any or all of AstenJohnson is a material participant or equity interest holder, or was a material participant or equity interest holder at any time.

5.    The term "person" and/or "personnel" means, without limitation, any individual or organization, including sole proprietorship, partnership, corporation, association, governmental body or agency, or other legal entity.

6.    The term "organization" means, without limitation, domestic or foreign, public or private corporations, partnerships or proprietorships, as well as all other business organizations, associations, forms, trustees, or legal entities.

7.    The term "Document" means, without limitation, any medium, upon which information can be communicated, in your possession, custody or control, your counsel or consultants, or known to you, your counsel or your consultants, and is used in a comprehensive sense to include, without limitation, the following items, whether printed, typed, written or produced by hand or stamp, recorded, microfilmed, photographed, video-taped, filmed, stored on information storage means such as data bases, tapes, disks, hard drives, cassettes and/or other memory devices and computer records of any type, or any copy of Documents reproduced by any process, whether or not claimed to be privileged, confidential or personal: letters, notes, memoranda, reports, records, agreements, working papers, communications (including interdepartmental or intradepartmental, communications, intercompany or intracompany communications), correspondence, summaries or records of personal conversations, diaries, e-mails,

facsimile transmissions, forecasts, statistical statements, tables, graphs, laboratory reports, research reports, notebooks, books, charts, spreadsheets, plans, production files, blueprints, schematics, flow charts, computer programs, including source code and associated documentation both integral and separate from the program, engineering specifications, software specifications, diagrams, drawings, manuals, instructions and/or procedures, including, but not limited to, installation instructions or procedures, operating instructions or procedures, calibration instructions or procedures, maintenance or service instructions or procedures, photographs, minutes or records of meetings, minutes or records of conferences, expressions or statements of policy, lists of persons attending meetings or conferences, recorded statements, interviews or conversations, transcripts, reports or summaries of interviews, reports or summaries of investigations, opinions or reports or summaries of either negotiations or preparations for such, brochures, pamphlets, advertisements, circulars, press releases, price lists, instruments, accounts, bills of sale, purchase orders, quotations, terms of sale, invoices, lists of expenses, both fixed and variable, and all other materials on any tangible medium of expression, and all original and/or preliminary notes. Any comment or notation appearing on any Document, and not a part of the original text, is to be considered a separate "Document." .

8.    "Communication" means, without limitation, oral or written communications of any kind, such as conversations, electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchanges of written or recorded information, or face-to-face meetings.

## Exhibit A

## Topics for Rule 30 (b)(6) Deposition

1.  JohnsonFoil's rebuild of any paper machine.

2.  Communications with JohnsonFoils regarding or relating to any rebuild of a paper machine.

3.  JohnsonFoil's contract(s) for rebuilding paper machine(s).

4.  The decision to rebuild any paper machines, including the factors considered when rendering the decision to use JohnsonFoils to rebuild any paper machines, any consideration of using another company to rebuild any paper machine, and the reasons for not using another company to perform the rebuild(s).

5.  The amount(s) paid to JohnsonFoils relating to any paper machine rebuild.

6.  In addition to the rebuild performed by JohnsonFoils, all other goods and/or services purchased or obtained from JohnsonFoils, both before, during and after the rebuild, and the amounts paid for such goods and/or services.

7.  All goods and/or services purchased or obtained from AstenJohnson, both before, during and after the rebuild, and the amounts paid for such goods and/or services.

8.  The design, structure, function and operation of any paper machine rebuilt by JohnsonFoils, including but not limited to the design, structure, function and operation of the components installed and/or replaced during the rebuild.

9.  Testing and completion of any paper machine rebuilt by JohnsonFoils.

10. The patents-in-suit.

11. Any indemnification and/or warranty from JohnsonFoils.

12. Knowledge and/or information concerning the litigation pending between Voith and JohnsonFoils, including any communications with any third parties concerning the litigation and/or the patents-in-suit.

13. Information about Voith and Voith paper machines.

**Exhibit B**

**Document Requests**

1.  All documents referring or relating to JohnsonFoil's, including but not limited to documents relating to any rebuild of a paper machine performed by JohnsonFoils such as proposals, contracts, quotations, manuals, drawings, technical descriptions, evaluations, and test results.

2.  All documents referring or relating to the decision to rebuild any paper machines, including all documents referring or relating to the decision to use JohnsonFoil's to rebuild any paper machines.

3.  All documents showing the amount(s) paid to JohnsonFoils relating to any paper machine rebuild.

4.  All documents referring or relating to any consideration of using another company, including but not limited to Voith, to rebuild any paper machines, and the reasons for not using another company to perform the rebuild(s).

5.  All documents referring or relating to goods and/or services purchased or obtained from JohnsonFoils and/or AstenJohnson, before, during and after the rebuild, and the amounts paid for such goods and/or services.

6.  All documents referring or relating to the design, structure, function and operation of any paper machine rebuilt by JohnsonFoils, including but not limited to the design, structure, function and operation of the components installed and/or replaced during the rebuild.

7.  All documents referring or relating to testing and completion of any paper machine rebuilt by JohnsonFoils.

8.  All documents that refer or relate to either or both of the patents-in-suit.

9.  All documents referring or relating to any indemnification and/or warranty provisions from JohnsonFoils.

10. All documents that refer or relate to Voith, including but not limited to any documents referring to the litigation between Voith and JohnsonFoils.

11. All documents that refer or relate to any communications with JohnsonFoils or any entity acting on behalf of JohnsonFoils.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff Voith Paper GMBH & Co. Kg's Notice of Taking Deposition Pursuant to Fed.R.Civ.30(b)(6) of AbitiBowater, Inc. at Snowflake, AZ was served on Attorneys for Defendant JohnsonFoils, Inc., via Federal Express:

Anthony S. Volpe, Esq.
John J. O'Malley, Esq.
Ryan W. O'Donnel, Esq.
VOLPE AND KOENIG, P.C.
United Plaza, Suite 1600
30 S. 17th Street
Philadelphia, PA 19103
(215) 568-6400

George H. Seitz, III, Esq. (DE #667)
SEITZ, VAN OGTROP & GREEN, P.A.
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE 19899
(302) 888-7602

Date:   March 14, 2008

Neil F. Greenblum
Michael J. Fink
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

-- and --

Adam W. Poff (DE #3990)
YOUNG CONWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6642

*Attorneys for Plaintiff Voith Paper GmbH & Co. KG*

{J214720 00387988.DOC}

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 03/14/2008 12:29PM | 2394 E Camelback Rd<br>Phoenix, AZ 85016 |

SERVED ON (PRINT NAME)   MANNER OF SERVICE

Molly Martinez, Process Specialist Abitibi-Consolidated Corp c/o CT Corporation System, Statutory Agent

SERVED BY (PRINT NAME)                              TITLE

Louis Haney Jr                     Licensed Process server

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    03/14/2008
                   DATE

*Louis Haney Jr # Lic. 7379*
SIGNATURE OF SERVER

ADDRESS OF SERVER
722 E Osborn Rd, #330
Phoenix AZ 85014

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

{J214720 00388076.DOC}

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT K

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA

VOITH PAPER GMBH & CO., KG.,

**V.**

JOHNSONFOILS, INC.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1]  Civil Action No. 07-0226-JJF
UNITED STATES DISTRICT COURT,
DISTRICT OF DELAWARE,

TO:     International Paper Company

        Care of:
        **The Corporation Company**
        2000 Interstate Park Drive
        Suite 204
        Montgomery, AL 36109

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Holiday Inn Hotel & Suites Decatur, 1101 6th Ave Northeast, Decatur, AL 35601 | April 30, 2008 9:30AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

        See attached Rider A.

| PLACE | DATE AND TIME |
|---|---|
| Greenblum & Bernstein, P.L.C.; 1950 Roland Clarke Place; Reston, VA 20191 | April 1, 2008 |

☒ YOU ARE COMMANDED to permit inspection, photographing, and videotaping of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| International Paper Company, Courtland Mill, 16504 County Road 150, Courtland, AL 35618, specifically PM#30, PM#33, and PM#35 and any other machines rebuilt by JohnsonFoils, Inc. | April 29, 2008 4:00PM |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Plaintiff Voith Paper | March 14, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael J. Fink; Greenblum & Bernstein, P.L.C.; 1950 Roland Clarke Place; Reston, VA 20191
Phone: 703-716-1191

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1]If action is pending in district other than district of issuance, state district under case number.

{J214720 00388072.DOC}

AO-88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

{J214720 00388072.DOC}

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-226 (JJF) |
| | ) | |
| JOHNSONFOILS, INC., | ) | |
| | ) | |
| Defendant | ) | |

## NOTICE OF TAKING DEPOSITION
## PURSUANT TO FED.R.CIV.P.30(b)(6) OF INTERNATIONAL PAPER

**TO:**    **Anthony S. Volpe, Esq.**
**Volpe and Koenig, P.C.**
**United Plaza, Suite 1600**
**30 South 17th Street**
**Philadelphia, PA  19103**

PLEASE TAKE NOTICE that, pursuant to Rule 30 (b)(6) of the Federal Rules of Civil

Procedure, plaintiff Voith GmbH & Co. KG. ("Voith") will take the deposition upon oral

examination of International Paper at Courtland, TN on the Topics identified in Exhibit A

attached hereto.  The deposition will commence at 9:30 a.m. on April 30, 2008, at the  Holiday

Inn Hotel & Suites Decatur located at 1101 6th Ave Northeast, Decatur, AL 35601, or at such

other reasonable time and/or location as the parties may agree.  The deposition will be conducted

before an officer authorized to administer oaths and will continue from day to day, weekends and

legal holidays excluded, until completed.  The testimony will be recorded by sound-and-visual

and stenographic means. International Paper at Courtland, TN is also directed to produce at

Greenblum & Bernstein, 1950 Roland Clarke Place, Reston VA, 20191, on April 1, 2008,

documents responsive to the document requests attached hereto as Exhibit B.

{J214720 00388034.DOC}

DATED:  March 14, 2008

Neil F. Greenblum (NG4712)
Michael J. Fink
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

Adam Poff (DE #3990)
YOUNG CONOWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899
(302) 571-6642

*Attorneys for Plaintiff Voith GmbH & Co. KG*

## Definitions and Instructions

1.    The singular shall include the plural and vice versa.

2.    The term "patents-in-suit" means U.S. Patent Nos. 5,718,805 and 5,972,168.

3.    The term "JohnsonFoils" means, without limitation, JohnsonFoils Inc. and, any predecessor business organization; and any wholly or partly owned subsidiary, division, parent, joint venture, or other entity in which any or all of JohnsonFoils is a material participant or equity interest holder, or was a material participant or equity interest holder at any time.

4.    The term "AstenJohnson" means, without limitation, AstenJohnson, Inc. and, any predecessor business organization; and any wholly or partly owned subsidiary, division, parent, joint venture, or other entity in which any or all of AstenJohnson is a material participant or equity interest holder, or was a material participant or equity interest holder at any time.

5.    The term "person" and/or "personnel" means, without limitation, any individual or organization, including sole proprietorship, partnership, corporation, association, governmental body or agency, or other legal entity.

6.    The term "organization" means, without limitation, domestic or foreign, public or private corporations, partnerships or proprietorships, as well as all other business organizations, associations, forms, trustees, or legal entities.

7.    The term "Document" means, without limitation, any medium, upon which information can be communicated, in your possession, custody or control, your counsel or consultants, or known to you, your counsel or your consultants, and is used in a comprehensive sense to include, without limitation, the following items, whether printed, typed, written or produced by hand or stamp, recorded, microfilmed, photographed, video-taped, filmed, stored on information storage means such as data bases, tapes, disks, hard drives, cassettes and/or other memory devices and computer records of any type, or any copy of Documents reproduced by any process, whether or not claimed to be privileged, confidential or personal: letters, notes, memoranda, reports, records, agreements, working papers, communications (including interdepartmental or intradepartmental, communications, intercompany or intracompany communications), correspondence, summaries or records of personal conversations, diaries, e-mails,

facsimile transmissions, forecasts, statistical statements, tables, graphs, laboratory reports, research reports, notebooks, books, charts, spreadsheets, plans, production files, blueprints, schematics, flow charts, computer programs, including source code and associated documentation both integral and separate from the program, engineering specifications, software specifications, diagrams, drawings, manuals, instructions and/or procedures, including, but not limited to, installation instructions or procedures, operating instructions or procedures, calibration instructions or procedures, maintenance or service instructions or procedures, photographs, minutes or records of meetings, minutes or records of conferences, expressions or statements of policy, lists of persons attending meetings or conferences, recorded statements, interviews or conversations, transcripts, reports or summaries of interviews, reports or summaries of investigations, opinions or reports or summaries of either negotiations or preparations for such, brochures, pamphlets, advertisements, circulars, press releases, price lists, instruments, accounts, bills of sale, purchase orders, quotations, terms of sale, invoices, lists of expenses, both fixed and variable, and all other materials on any tangible medium of expression, and all original and/or preliminary notes.  Any comment or notation appearing on any Document, and not a part of the original text, is to be considered a separate "Document."  .

8.    "Communication" means, without limitation, oral or written communications of any kind, such as conversations, electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchanges of written or recorded information, or face-to-face meetings.

## Exhibit A

## Topics for Rule 30 (b)(6) Deposition

1. JohnsonFoil's rebuild of any paper machine.

2. Communications with JohnsonFoils regarding or relating to any rebuild of a paper machine.

3. JohnsonFoil's contract(s) for rebuilding paper machine(s).

4. The decision to rebuild any paper machines, including the factors considered when rendering the decision to use JohnsonFoils to rebuild any paper machines, any consideration of using another company to rebuild any paper machine, and the reasons for not using another company to perform the rebuild(s).

5. The amount(s) paid to JohnsonFoils relating to any paper machine rebuild.

6. In addition to the rebuild performed by JohnsonFoils, all other goods and/or services purchased or obtained from JohnsonFoils, both before, during and after the rebuild, and the amounts paid for such goods and/or services.

7. All goods and/or services purchased or obtained from AstenJohnson, both before, during and after the rebuild, and the amounts paid for such goods and/or services.

8. The design, structure, function and operation of any paper machine rebuilt by JohnsonFoils, including but not limited to the design, structure, function and operation of the components installed and/or replaced during the rebuild.

9. Testing and completion of any paper machine rebuilt by JohnsonFoils.

10. The patents-in-suit.

11. Any indemnification and/or warranty from JohnsonFoils.

12. Knowledge and/or information concerning the litigation pending between Voith and JohnsonFoils, including any communications with any third parties concerning the litigation and/or the patents-in-suit.

13. Information about Voith and Voith paper machines.

## Exhibit B

## Document Requests

1.  All documents referring or relating to JohnsonFoil's, including but not limited to documents relating to any rebuild of a paper machine performed by JohnsonFoils such as proposals, contracts, quotations, manuals, drawings, technical descriptions, evaluations, and test results.

2.  All documents referring or relating to the decision to rebuild any paper machines, including all documents referring or relating to the decision to use JohnsonFoil's to rebuild any paper machines.

3.  All documents showing the amount(s) paid to JohnsonFoils relating to any paper machine rebuild.

4.  All documents referring or relating to any consideration of using another company, including but not limited to Voith, to rebuild any paper machines, and the reasons for not using another company to perform the rebuild(s).

5.  All documents referring or relating to goods and/or services purchased or obtained from JohnsonFoils and/or AstenJohnson, before, during and after the rebuild, and the amounts paid for such goods and/or services.

6.  All documents referring or relating to the design, structure, function and operation of any paper machine rebuilt by JohnsonFoils, including but not limited to the design, structure, function and operation of the components installed and/or replaced during the rebuild.

7.  All documents referring or relating to testing and completion of any paper machine rebuilt by JohnsonFoils.

8.  All documents that refer or relate to either or both of the patents-in-suit.

9.  All documents referring or relating to any indemnification and/or warranty provisions from JohnsonFoils.

10. All documents that refer or relate to Voith, including but not limited to any documents referring to the litigation between Voith and JohnsonFoils.

11. All documents that refer or relate to any communications with JohnsonFoils or any entity acting on behalf of JohnsonFoils.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff Voith Paper GMBH & Co. Kg's Notice of Taking Deposition Pursuant to Fed.R.Civ.30(b)(6) of International Paper at Courtland, AL was served on Attorneys for Defendant JohnsonFoils, Inc., via Federal Express:

> Anthony S. Volpe, Esq.
> John J. O'Malley, Esq.
> Ryan W. O'Donnel, Esq.
> VOLPE AND KOENIG, P.C.
> United Plaza, Suite 1600
> 30 S. 17th Street
> Philadelphia, PA 19103
> (215) 568-6400

> George H. Seitz, III, Esq. (DE #667)
> SEITZ, VAN OGTROP & GREEN, P.A.
> 222 Delaware Avenue, Suite 1500
> P. O. Box 68
> Wilmington, DE  19899
> (302) 888-7602

Date:   March 14, 2008

Neil F. Greenblum
Michael J. Fink
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

– and –

Adam W. Poff (DE #3990)
YOUNG CONWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6642

*Attorneys for Plaintiff Voith Paper GmbH & Co. KG*

# EXHIBIT L



**Volpe**
and
**Koenig**
P.C.

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

——————————————— BRINGING LAW TO YOUR IDEAS®———————————————

Anthony S. Volpe
avolpe@volpe-koenig.com

March 19, 2008

Michael J. Fink, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191

**VIA E-MAIL**
**and FIRST CLASS MAIL**

Re:   *Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.*
       Civil Action No. 07-226

Dear Michael:

This replies to your letter of March 14, 17 and 18, 2008.

First, I reiterate that we have accepted the document disc under the court's standing order in the absence of a negotiated protective order. We reject any and all of your attempts, past, present or future, to add any further obligation(s) and do not recognize any category of "Highly Confidential" information.

With respect to your letters regarding the depositions you offered on April 17, 18, 29 and 30, we are currently available on those dates. However, we cannot respond fully as you have not identified the witnesses or whether they are comfortable with being deposed in English. As to the location, we will take them in George Seitz's Wilmington office. In a like manner, we are willing to produce our witnesses in Adam Poff's Wilmington office.

With regard to the German law which prevents you from providing the last known address for the non-employee inventors, please provide the law you refer to in the German language.

With respect to documents being shown to experts or third parties, we are willing to reach a stipulated agreement regarding expert access; however, we are currently not so disposed with respect to third parties. If you can identify categories of document you may show to third parties, we are willing to consider a stipulated agreement.

We look forward to receiving the German law and your proposal for handling the documents with experts and third parties.

*Patents        Trademarks        Copyrights        Trade Secrets        Litigation        Licensing*



Michael J. Fink, Esquire                                    March 19, 2008
Page 2


Finally, with regard to your 30(b)(6) subpoenas concerning AstenJohnson, we view each of those, pure and simple, as harassment and ask you to withdrawal them by the close of business on **Friday, March 21, 2008**.  If they are not withdrawn by that time, we will move for a protective order.

Very truly yours,

Volpe and Koenig, P.C.

By:_____
    Anthony S. Volpe

ASV/vag

cc:    All counsel of record via e-mail

# EXHIBIT M

LAW OFFICES

# GREENBLUM & BERNSTEIN, P.L.C.

PATENT, COPYRIGHT AND TRADEMARK MATTERS

1950 ROLAND CLARKE PLACE

RESTON, VA 20191-1411

TEL: (703) 716-1191

FAX: (703) 716-1180

EMAIL: gbpatent@gbpatent.com

www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPRZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERIBERT F. MUENSTERER, Ph.D. ☐ *
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL R. MOON
PAUL T. LEE ∆
JOHN V. MAZZOLA ☐
JAMES KENNETH MOOKE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D. ☐
AZZA JAYAPRAKASH
JONATHAN MILLER *

NEAL GOLDBERG
STEVEN R. POLLICOFF *
FAHD MAJIDUDDIN, Ph.D. ☐
SARAH J. SMALL

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPERNER *
RICHARD J. McGRATH
BARRY I. HOLLANDER

TECHNICAL ADVISORS:
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
WALTER SCHLAPKOHL, Ph.D.

* ADMITTED TO A BAR
  OTHER THAN VA
° EUROPEAN PATENT ATTORNEY
∆ KOREAN PATENT ATTORNEY
☐ REGISTERED PATENT AGENT

March 20, 2008

### VIA EMAIL

Anthony S. Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Re:    *Voith v. Johnson Foils*, USDC for Delaware: 1:07-cv-00226-JJF;
       Our Ref: J214720

Dear Tony,

This letter is in response to your letter of March 19, 2008.

As you are well aware, Voith's Motion for a Protective Order is presently pending before the Court. That motion requests, *inter alia,* that the Court impose a prosecution bar. It is clear that you do not agree with the relief which Voith has requested, but frankly that is irrelevant at this point. The issue is before the Court.

The witnesses, Messrs. Böck, Brandauer, and Wulz, are willing to try testifying in English to the extent they can. That said, you will still need to have an interpreter available in the event that a witness cannot understand any questions. We have not yet determined who will be designated as the Rule 30(b)(6) witness(es), but it will be one or more of these three individuals. Again, for the convenience of the witnesses, we request that you agree to conduct the depositions at our offices in Reston, Virginia.

With respect to experts, we propose that the parties stipulate as follows:

Documents and information designated as Confidential, Highly Confidential and/or Attorneys Eyes Only shall not be made available to or disclosed to any potential expert until the party wishing to make such disclosure provides to the producing party (i) a written notice identifying such individual

and stating such individual's present occupation, employer and position, and all
other business affiliations for the past ten (10) years, and (ii) an up-to-date copy
of such individual's curriculum vitae. The producing Party shall have five (5)
business days following the date of the notice to object to the proposed
disclosure. If the producing party has not objected in writing by the end of the
five days, provided that the expert executes the Declaration in the form attached
hereto, documents designated as Confidential, Highly Confidential and/or
Attorneys Eyes Only, copies thereof, and the information contained therein may
be disclosed to the expert. A timely objection from the producing party shall stay
disclosure to the proposed individual.

The parties shall make a good faith effort to resolve any dispute over an
objection. If the parties are unable to resolve their dispute in good faith, the party
to whom the objection has been made shall so advise the objecting party in
writing. To preserve the objection, the objecting party must seek relief from the
Court within ten (10) days, computed in accordance with Fed. R. Civ. P. 6 and
the Delaware Court's Local Rules, of the effective date of service of the notice
that the parties are unable to resolve the dispute. If the objecting party fails to
seek relief within that time period, the objection shall be deemed withdrawn. If
the objecting party timely requests relief from the Court as provided above, there
shall be no disclosure of Confidential, Highly Confidential and/or Attorneys Eyes
Only Information to such proposed-to-be-designated person, except by
agreement of the parties or further order of the Court.

As you have already been provided the necessary information regarding Mr. Waller,
please let me know if you have any objection to him having access to documents designated as
Confidential, Highly Confidential and/or Attorneys Eyes Only. I will send you the requisite
Declaration executed by Mr. Waller, if the proposed stipulation is acceptable.

With respect to the use of documents designated Attorneys Eyes Only by JohnsonFoils'
during the depositions of third parties, the types of documents would be those previously
provided to the third party, or in good faith believed to have been previously provided to the
third party, and any technical documents, including but not limited to drawings, pictures and
specifications, concerning the third party's paper machine/facility.

As for your request that we provide you with a copy of the German law which relates to
the disclosure of personal information to a third party, I will make an inquiry.

Also, please confirm the availability of JohnsonFoils' witnesses on the days noticed.
Additionally, please let me know who will be designated as the Rule 30(b)(6) witness(es).

Anthony S. Volpe, Esq                 March 20, 2008                      Page -3-

     Lastly, regarding the subpoena on JohnsonFoils' parent company, AstenJohnson, which is also in the paper making field, it is not meant to harass. We are not willing to withdraw it.

                                       Very truly yours,
                                       GREENBLUM & BERNSTEIN, P.L.C.

                                       Michael J. Fink

Enc.:   Form Declaration

cc:     George Seitz, Esq.
        Adam Poff, Esq.

Anthony S. Volpe, Esq                March 20, 2008                        Page -4-

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,    )
      )
      Plaintiff,       )
      )
      v.       )    C.A. No. 07-226-JJF
      )
JOHNSONFOILS, INC.,    )
      )
      Defendant.    )
      )

## DECLARATION

I, _____, declare that:

1.     All documents and information designated as Confidential, Highly Confidential and/or Attorneys Eyes Only shall be used only in connection with the above captioned litigation.

2.     I shall not use any documents and information designated as Confidential, Highly Confidential and/or Attorneys Eyes Only for any business, competitive or other purpose, and shall not disclose such designated documents and information to any person or entity, other than outside counsel of record, and their employees, representing either of the parties in the above captioned litigation.

3.     I understand that the Court may enter a protective order in this case, and I agree to be bound by the terms of any protective order which is entered by the Court in this case.

4.     I hereby agree under penalty of contempt of court that I shall not disclose or use any documents and information designated as Confidential, Highly Confidential and/or Attorneys Eyes Only except as provided above.

5.     I hereby agree and submit to the exercise of the personal jurisdiction over me by the United States District Court for the District of Delaware  insofar as is necessary to enforce this Declaration.

Name: _____

Date:  _____

# Exhibit "N"

LEXSEE 2006 U.S. DIST. LEXIS 60089

**POWER INTEGRATIONS, INC., a Delaware corporation, Plaintiff, v. FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, Defendants.**

**C.A. No. 04-1371-JJF**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

*2006 U.S. Dist. LEXIS 60089*

**August 24, 2006, Decided**

**SUBSEQUENT HISTORY:** Motion denied by, Motion to strike granted by, in part *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., 2006 U.S. Dist. LEXIS 67562 (D. Del., Sept. 20, 2006)*

**PRIOR HISTORY:** *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., 2006 U.S. Dist. LEXIS 59617 (D. Del., Aug. 22, 2006)*

**COUNSEL:** [*1] Frank E. Scherkenback, Esquire of FISH & RICHARDSON P.C., Boston, Massachusetts; Howard G. Pollack, Esquire and Michael R. Headley, Esquire of FISH & RICHARDSON P.C., Redwood City, California; William J. Marsden, Jr., Esquire of FISH & RICHARDSON, P.C., Wilmington, Delaware, Attorneys for Plaintiff, Power Integrations, Inc.

Michael W. Shore, Esquire; Alfonso Garcia Chan, Esquire, Jeffrey R. Bragalone, Esquire and Joseph F. DePumpo, Esquire of SHORE CHAN BRAGALONE LLP, Dallas, Texas; Steven J. Balick, Esquire, John G. Day, Esquire and Tiffany Geyer Lydon, Esquire of ASHBY & GEDDES, Wilmington, Delaware, Attorneys for Non-Party, Intersil Corporation.

**JUDGES:** Joseph J. Farnan, Jr., UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Joseph J. Farnan, Jr.

**OPINION**

***MEMORANDUM OPINION***

Joseph J. Farnan, Jr., District Judge.

Presently before the Court is Intersil Corporation's Motion To Quash Subpoena And For Protective Order (D.I. 262). For the reasons discussed, the Court will grant Intersil Corporation's Motion.

**I. BACKGROUND**

Power Integrations, Inc. ("Power Integrations") filed this patent infringement action against Fairchild Semiconductor International, Inc. and Fairchild Semiconductor [*2] Corporation ("Fairchild"). Pursuant to subpoenas issued by Power Integrations in January 2006, Power Integrations and Fairchild deposed former Intersil employees, James Beasom, Robert Moore and John Prentice on topics related to *U.S. Patent No. 4,823,173* (the "'173 patent") and *U.S. Patent No. 5,264,719* (the "'719 patent") (collectively, "the Beasom patents"). The *'173 patent* and *'719 patent* were invented by Mr. Beasom. Mr. Moore and Mr. Prentice worked with Mr. Beasom and signed Mr. Beasom's engineering notebook to acknowledge the date of Mr. Beasom's inventions. Fairchild has asserted the *'719 patent* as part of its invalidity defense in this litigation.

On April 11, 2006, Fairchild and Intersil Corporation ("Intersil") sued Power Integrations in the Eastern District of Texas alleging infringement of the *'719 patent* (the "Texas action"). Fairchild obtained the right to sue Power Integrations on the *'719 patent* through a license agreement with Intersil.

Intersil is not a party to this action. On May 9, 2006, Power Integrations subpoenaed Intersil in this case, listing fifteen topics for examination and seeking the production of documents related to those fifteen topics (the "May [*3] 2006 subpoena"). Specifically, Power Integrations seeks information related to (1) the licensing of the Beasom patents to Fairchild by Intersil, (2) commu-

2006 U.S. Dist. LEXIS 60089, *

nications between Fairchild and Intersil regarding Power Integrations, the Beasom patents, Fairchild's Delaware lawsuit with Power Integrations, and the Texas action against Power Integrations, including all communications with Fairchild's attorneys, (3) documents referring or relating to the Beasom patents, (4) the dates of conception and reduction to practice of the Beasom patents, (5) documents that refer or relate to the conception or reduction to practice of the inventions claimed in the Beasom patents, (6) documents corroborating the date of conception and reduction to practice of the Beasom patents, (7) documents concerning the prosecution of the Beasom patents, (8) efforts to prove out or test the inventions claimed in the Beasom patents, (9) Intersil's commercialization of the inventions claimed in the Beasom patents, (10) the use of the Beasom patents, (11) the markings of the products alleged to embody the Beasom patents, (12) the unit volume of sales of the Intersil products embodying the Beasom patents, (13) communications [*4] between Intersil and Messrs. Beasom, Moore and/or Prentice concerning the Beasom Patents, Power Integrations, Power Integrations' patents, Fairchild, and/or the litigations between Power Integrations and Fairchild; (14) the basis for Intersil's decision to sue Power Integrations in the Texas action, and (15) communications between Intersil and any other person or entity regarding the Texas action. (D.I. 263, Exh. G).

In response to the subpoena, Intersil has produced some documents. However, Intersil seeks to quash the subpoena and obtain a protective order against Power Integrations' deposition of Intersil. The parties have fully briefed Intersil's Motion To Quash, and therefore, the matter is ready for resolution by the Court.

## II. PARTIES' CONTENTIONS

By its Motion To Quash, Intersil contends that Power Integrations is improperly attempting to obtain discovery in the Texas action prior to the *Rule 26* Scheduling Conference in that case. Intersil contends that because Mr. Beasom is the sole named inventor of the *'173* and *'719 patent*, "there is no doubt that Intersil would have designated Mr. Beasom to testify on its behalf as to all issues regarding invention for these [*5] patents, including conception, invention date, reduction to practice, testing and related matters." (D.I. 263 at 1). Intersil contends that Power Integrations had the opportunity to depose Intersil in January and declined to do so. By issuing the May 2006 subpoenas, Intersil contends that Power Integrations is improperly attempting to depose Mr. Beasom a second time on topics that have already been explored through his deposition in connection with the first subpoena. Intersil also contends that many of the issues listed in the subpoena are matters which are irrelevant to

the litigation between Power Integrations and Fairchild in this Court.

In response, Power Integrations contends that Fairchild has produced documents regarding the Beasom patents in the past with the full cooperation of Intersil. However, Power Integrations contends that Fairchild refused to produce further documents since the filing of the Texas action, even though Fairchild represented that it could still obtain the documents from Intersil. Because of Fairchild's alleged "stonewalling" Power Integrations contends that it sought to obtain the documents directly from Intersil through the May 2006 subpoena. In this [*6] regard, Power Integrations points out that it never directly subpoenaed Intersil in the past and contends that the documents and things sought by the May 2006 subpoena related to the Beasom patents and the Intersil-Fairchild license are relevant to Power Integrations damages in the form of reasonable royalty rates, Fairchild's invalidity defense, and issues of bias.

## III. DISCUSSION

Pursuant to *Federal Rule of Civil Procedure 26(b)(3)*, the Court may, on its own initiative or pursuant to a motion for a protective order filed under *Rule 26(c)*, limit discovery if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . ." *Fed. R. Civ. P. 26(b)(3)*. *Rule 30(a)(2)(B)* requires a party to obtain leave of court before a deponent is deposed for a second time. In the case of nonparty deponents, [*7] courts recognize that "[d]iscovery should be more limited to protect nonparty deponents from harassment, inconvenience or disclosure of confidential documents." *See e.g., Northeast Women's Center, Inc. v. Mc Monagle, 1987 U.S. Dist. LEXIS 14083, 1987 WL 6665, *5 (E.D. Pa. Feb. 10, 1987)* (citing *Dart Indus. Co. v. Westwood Chem. Co., 649 F.2d 646, 649 (9th Cir. 1980))*.

Reviewing the information sought by the May 2006 subpoena in light of the circumstances of this case, the Court concludes that Intersil is entitled to an order quashing the subpoena and precluding Power Integrations from taking the deposition of Intersil. Although the May 2006 subpoena is directed at Intersil, the Court is persuaded that the information sought by the subpoena is uniquely related to Mr. Beasom, and that Power Integrations would have been aware that Mr. Beasom would be asked to testify on behalf of Intersil in response to the subpoena. Further, the information sought by the May 2006 subpoena related to the Besom patents is, in many re-

spects, identical to the information sought by Power Integrations in its initial subpoenas directed to Messrs. Beasom, Moore and Prentice, and Power Integrations had [*8] the opportunity to obtain this information during its depositions of those individuals in January 2006. (*Compare* D.I. 263, Exh. G with D.I. 263, Exhs. A & E).

To the extent that the May 2006 subpoena seeks information which is not duplicative of Power Integrations previously issued subpoenas, the Court concludes that the information Power Integrations seeks is irrelevant to this lawsuit. Power Integrations has not explained how the information it seeks with respect to the Texas action is relevant here, and Power Integrations has failed to explain how information related to the commercialization, licensing and marketing of the products embodied by the Beasom patents is relevant to the validity of *U.S. Patent No. 5,313,082.* [1] Power Integrations has also failed to explain how unit volume of sales or marking by Intersil, a non-party to this litigation, is relevant to the issue of Power Integrations alleged damages from Fairchild's alleged infringement. Moreover, the last date to complete fact witness depositions in this case was November 14, 2005 [2], and Power Integrations has not demonstrated to the Court sufficient reason why discovery should be reopened at this late date.

[*9]

    1   Intersil acknowledges that issues of enablement, conception and reduction to practice of the Beasom patents may be relevant to whether the Beasom patents anticipate or render obvious the *'082 patent.* As Intersil points out, however, Power Integrations covered these subjects at its prior depositions of Messrs. Beasom, Moore and Prentice.

    2   Pursuant to the original Scheduling Order (D.I. 17) entered in this case, fact discovery was to close on September 30, 2005. By Order dated November 3, 2005 (D.I. 128), the Court extended the deadline for completion of fact witness depo-

sitions to November 14, 2005, to accommodate an additional deposition requested by Defendants.

In sum, the Court concludes that the May 2006 subpoena is cumulative to and duplicative of the previous subpoenas issued by Power Integrations in this case, and that Power Integrations had ample opportunity to pursue the discovery it now seeks from Intersil when it deposed Intersil's former employees in January 2006. The Court further concludes that the discovery sought by the May 2006 subpoena which is not cumulative is irrelevant to the present litigation. Accordingly, the Court will grant Intersil's request for an order quashing the May 2006 subpoena and precluding Power Integrations from deposing Intersil.

### III. CONCLUSION

For the reasons discussed, the Court will grant the Motion To Quash And For Protective Order filed by Intersil.

An appropriate Order [*10] will be entered.

### *ORDER*

At Wilmington, this 24 day of August 2006, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. Intersil Corporation's Motion To Quash Subpoena And For Protective Order (D.I. 262) is *GRANTED.*

2. The May 9, 2006 subpoena issued by Power Integrations, Inc. to Intersil Corporation ("Intersil") in connection with the above-captioned action is *QUASHED,* and Power Integrations is precluded from taking the deposition of Intersil in this action.

Joseph J. Farnan, Jr.

UNITED STATES DISTRICT JUDGE

Exhibit "O"

LEXSEE 2002 U.S. DIST. LEXIS 20694

**CASH TODAY OF TEXAS, INC., et al., Plaintiffs, v. JEROME N. GREENBERG, et al., Defendants.**

**C.A. No. 02-MC-77-GMS**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

*2002 U.S. Dist. LEXIS 20694*

**October 23, 2002, Decided**

**DISPOSITION:**    [*1]  Motion to quash subpoena duces tecum DENIED.

**COUNSEL:** For EASY MONEY HOLDING CORPORATION, defendant: Thomas P. Preston, Reed Smith LLP, Wilmington, DE.

**JUDGES:** Gregory M. Sleet, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Gregory M. Sleet

**OPINION**

**MEMORANDUM AND ORDER**

**I. INTRODUCTION**

This matter stems from litigation currently pending in the United States District Court for the Northern District of Texas [1] ("the litigation") between the plaintiffs, Cash Today of Texas, Inc. ("Cash Today"), *et al.* (collectively "the plaintiffs") and the defendants, Easy Money Holding Corporation ("Easy Money"), *et al.* (collectively "the defendants"). The litigation arises from the dissolution of a joint venture between Cash Today and Easy Money. County Bank of Rehobeth Beach, Delaware ("County Bank") is a lender with a past business relationship with one of Easy Money's affiliates and present business relationship with Cash Today. Easy Money has issued and served upon County Bank a subpoena *duces tecum* ("the subpoena") for production of certain documents. County Bank moves to quash the subpoena (D.I. 1). For the following reasons, the court will deny County Bank's motion.  [*2]

1 Civil Case No. 401-CV-0794-A

**II. BACKGROUND**

The litigation pending in the district court in Texas is a civil racketeering action arising from alleged conduct following the dissolution of a joint venture between Easy Money and Cash Today. Both companies provide short-term credit to individuals through a variety of mechanisms, including what is frequently referred to as a "pay-day loan." The defendants and the plaintiffs typically act as "servicers" to provide such loans to consumers pursuant to agreements with lenders. County Bank is one such lender. For some period of time, County Bank maintained a servicing relationship with one of Easy Money's affiliates, Tidewater Services, until approximately March 2001, when County Bank terminated the relationship. [2] At some later point, [3] County Bank entered into a servicing relationship with Cash Today. Easy Money has issued and served upon County Bank the subpoena, which seeks the production of documents relating to transactions and communications between [*3]  County Bank and Cash Today and other defendants.

> 2  In October 2001, Easy Money instituted a suit against County Bank and others, alleging a variety of wrongs stemming from this termination. That litigation, Civil Action No. 01-Z-1959 in the United States District Court for the District of Colorado, currently is proceeding through discovery.
>
> 3  The precise date seems to be contested.

**III. DISCUSSION**

County Bank objects to the subpoena for several reasons. It claims: (1) the requested information is not relevant to the litigation; (2) the requested information constitutes confidential information and trade secrets; (3) the subpoena requires the disclosure of statutorily-protected nonpublic personal financial data of borrowers; and (4) the subpoena is unduly burdensome. The court will address these objections in turn.

A. Relevance of the Requested Information

County Bank objects to the subpoena as requesting information that is not relevant to the litigation, pursuant to *Federal Rule of Civil* [*4] *Procedure 26.* [4] *Rule 26* allows for discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." *FED. R. CIV. P. 26(b)(1).* Relevance for discovery purposes is given very broad meaning. *Allen v. Howmedica Leibinger, Inc., 190 F.R.D. 518, 521 (W.D.Tenn. 1999).* This is especially true because determinations of relevance for discovery purposes are made well in advance of trial. *FED. R. CIV. P. 26* advisory committee note. Those facts which, for whatever reason, are not to be considered in determining the ultimate issues may be eliminated in due course. *Hercules Powder Co. v. Rohm & Haas Co., 3 F.R.D. 302, 304 (D. Del. 1943).* Therefore, only if "it is palpable that the evidence sought can have no possible bearing upon the issues" should a court deny discovery by quashing a subpoena. *Id.* Once an objection is raised as to relevancy, the party seeking discovery bears the burden of demonstrating the relevance of the sought information to the issues in litigation. *Andritz Sprout-Bauer v. Beazer East, 174 F.R.D. 609, 631 (E.D. Pa. 1997).*

4 Although *Rule 26* refers specifically to depositions, subpoenas are governed by the same standards. *See Syposs v. United States, 181 F.R.D. 224, 226 (W.D.N.Y. 1998)* ("The reach of a subpoena issued pursuant to *FED. R. CIV. P. 45* is subject to the general relevancy standard applicable to discovery under *FED. R. CIV. P. 26(b)(1).*"); *Mannington Mills, Inc. v. Armstrong World Indus., 206 F.R.D. 525, 529 (D. Del. 2002)* (detailing relationship between *Rules 26* and *45*).

[*5] In the instant case, Easy Money seeks the disclosure of documents relating to transactions between County Bank and Cash Today and certain of Cash Today's business entities. County Bank contends these documents are irrelevant because its relationship with the plaintiffs began in the Fall of 2001, while the litigation between the plaintiffs and the defendants focuses on acts allegedly committed in the Spring of 2000. However, Easy Money asserts the information is nonetheless relevant to certain claims and affirmative defenses of the litigation, including Cash Today's mitigation of damages. Easy Money claims that these damages may have continued to accrue after the joint venture was severed in the Spring of 2000, well through the time when County Bank concedes it began a business relationship with the plaintiffs. Further, Easy Money alleges that Cash Today may have kept funds that were rightfully the property of the defendants; that Cash Today deposited these funds to

County Bank accounts; and that County Bank may act as an alter ego of Cash Today.

Even a cursory review of these allegations, detailed in the defendants' pleadings, reveals the requisite connection between the sought information [*6] and the litigation. The subpoenaed documents may provide information regarding damages resulting from Cash Today's alleged breach of contracts, as well as the extent of the plaintiffs' mitigation of damages. Certainly, the evidence sought may have some "possible bearing upon the issues" in the pending litigation. *Hercules Powder Co., 3 F.R.D. at 304.* The plaintiffs' objection that the information sought is not relevant is not justified.

B. Disclosure of Confidential Information and Trade Secrets

County Bank objects that the subpoena would require the disclosure of confidential information and trade secrets to its competitors. In some contexts, trade secrets are protected from discovery. "It is well established," however, "that trade secrets are not absolutely privileged from discovery in litigation." *Coca Cola Bottling Co. v. The Coca Cola Co., 107 F.R.D. 288, 292 (D. Del. 1985).* To avoid discovery of a trade secret, the party must demonstrate by competent evidence that the information sought is a trade secret and that disclosure of the secret might be harmful. *Id.* (citing *Centurion Industries, Inc. v. Warren Steurer & Associates, 665 F.2d 323, 325 (10th Cir. 1981);* [*7] 8 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL § 2043, at 301 (1970)). Information may be deemed a trade secret if it "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure and use [and] is the subject of efforts ... to maintain its secrecy." *DEL. CODE ANN. tit. 6, § 2001(4)(a)(2001); see also Procter & Gamble Co. v. Nabisco Brands, Inc., et al., 111 F.R.D. 326 (D. Del. 1986).* In determining if disclosure would be harmful, the court must consider "not the injury that would be caused by public disclosure, but the injury that would result from disclosure under an appropriate protective order." *Coca Cola Bottling Co., 107 F.R.D. at 293.* Disclosure to a competitor is presumed more harmful than disclosure to a non-competitor. *Id.*

If it is established that the sought information constitutes trade secrets and that disclosure would be harmful, the burden shifts to the party seeking discovery to establish that disclosure of the trade secret is relevant and necessary to the litigation. [*8] *Id at 292.* Relevance is established, as discussed above, when the sought information is relevant, in broad terms, to the subject matter of the litigation. *Id.* Disclosure of the evidence is consid-

ered necessary when the information is required "for the movant to prepare its case for trial, which includes proving its theories and rebutting its opponent's theories." *Id at 293*. If relevancy and need have been established, the court must balance the need for the information with the harm that would be caused if disclosure is ordered. *Id.* This balance tilts in favor of disclosure. *Coca Cola Bottling Co., 107 F.R.D. at 293*. Indeed, "discovery is virtually always ordered once the movant has established that the secret information is relevant and necessary." *Id.* (citing a survey of relevant case law).

In the instant case, County Bank offers an affidavit by its vice president, David Gillan, to establish that the subpoenaed evidence constitutes confidential information and trade secrets. Mr. Gillan states:

> County Bank is one of the pioneers in [its] field, and has expended considerable resources developing and implementing [*9] its proprietary means for carrying out [its] business, and developing a qualified network of servicers. County Bank also takes measures to safeguard its proprietary information, including entering into confidentiality agreements with those loan servicers that wish to enter into business with County Bank .... More importantly, County Bank takes significant measures to safeguard the personal and confidential financial data of its borrowers. These measures include the use of computer passwords and instructions to servicers and employees.

Aff. of David Gillan P 5, County Bank's Opening Brief, Exhibit E. It is not completely clear from this evidence, the only evidence offered by County Bank to support its position, that the documents sought contain confidential and trade secret material. For example, it has not established that its contracts with loan servicers and other "proprietary information" possess "independent economic value ... from not being generally known." *DEL. CODE ANN. tit. 6, § 2001(4)(a)*(2001). County Bank has not sustained its burden of showing that the requested information constitutes trade secrets. Nonetheless, the subpoenaed information may well be confidential [*10] in nature. Certainly, County Bank seems to treat its contracts with its loan servicers as confidential. Although the issue is not entirely clear, [5] the court, in any event, does not regard a finding of confidentiality as controlling, for the reasons set out below.

> 5    For example, it appears that some of the same types of documents that County Bank now asserts

are confidential were submitted in the Colorado litigation between Easy Money and County Bank, without any designation of confidentiality or trade secret protection.

Even assuming the information is confidential in nature, County Bank also must show that harm will flow from disclosure of such information. It does not meet this burden. County Bank asserts merely that "there are very real threats to the integrity of County Bank's confidential operating systems lurking within this Subpoena" and that "this information would be very useful to Easy Money." County Bank's Opening Brief at 7. Nowhere in its briefing does County Bank elaborate about these "threats" [*11] supposedly inherent in the subpoena. [6] County Bank claims that Easy Money is a competitor (a claim rejected by Easy Money), and the court can well imagine harms that might flow from disclosure of confidential information to a competitor. It is not the court's role to fathom arguments on County Bank's behalf, however, and "blanket and generalized" assertions of confidentiality, absent allegations regarding specific harm, are not sufficient to sustain a motion to quash. *United States v. International Business Machines Corp., 81 F.R.D. 628, 630 (S.D.N.Y. 1979)* (assertions that information is "confidential and sensitive" and that disclosure would cause "severe and irreparable injury" not sufficient); *see also In re Rogatory, 144 F.R.D. 272, 276 (E.D. Pa. 1992)* ("The mere fact that documents discuss trade secrets does not make them per se undiscoverable ...."). Indeed, the party moving to quash "must show, with specificity, that disclosure will work a clearly defined and serious injury to the moving party." *Composition Roofers Union Local 30 Welfare Trust Fund v. Graveley Roofing Enterprises, Inc., 160 F.R.D. 70, 72 (E.D. Pa. 1995)*. County [*12] Bank simply has not done so. For these reasons, County Bank's objection that the subpoena requires the disclosure of confidential or trade secret material is insufficient to support a motion to quash.

> 6    This is especially striking given County Bank's failure to file a reply brief.

Nonetheless, the court is mindful of County Bank's concern about the disclosure of sensitive or confidential information. For this reason, the court orders the parties to extend the protective order currently in place between the parties to encompass any information gathered pursuant to the subpoena.

C. Disclosure of Non-Public Financial Information of Borrowers

County Bank objects to the subpoena as requiring the production of confidential personal financial information of its borrowers, in contravention of 12 C.F.R. § 332. *Section 332.10* limits the disclosure by banks and

other financial institutions of nonpublic personal information to nonaffiliated third parties absent a consumer "opt out" notice. *12 C.F.R. § 332.10* [*13] *. Section 332.15(a)(7)* of the same title, however, expressly allows for disclosure of nonpublic personal information "to comply with a properly authorized ... subpoena or summons." *12 C.F.R. § 332.15(a)(7)(ii)*. Disclosure for purposes of the instant subpoena clearly is exempted from the opt-out requirements designed to protect consumer financial information. County Bank's objection to the subpoena per 12 C.F.R. § 332 is unfounded.

D. Burden of Complying

Finally, County Bank objects to the subpoena as unduly burdensome. *Federal Rule of Civil Procedure 45* directs a court to quash or modify a subpoena "if it ... subjects a person to undue burden." *FED. R. CIV. P. 45(c)(3)(A)(iv)*. In determining if compliance with the subpoena would create an undue burden, the court should consider not only the potential burden to the producing party, but the necessity of the information for the party seeking production, and whether the information can be obtained from other, more convenient sources. *Allen, 190 F.R.D. at 525*. In this undue burden inquiry, nonparties are afforded "special protection." *Exxon Shipping Co. v. United States Dept. of Interior, 34 F.3d 774, 779 (9th Cir. 1994)*. [*14]

In the instant case, the subpoena as issued would appear to create a substantial burden on County Bank, a nonparty to the litigation. The subpoena may require the production of over 20,000 individual loan files, as well as certain other documents. The burden of locating and copying such documents would fall on County Bank's staff of five people. Were the inquiry to end here, the court may well have found an undue burden. The defendants, however, in keeping with their statutory mandate "to take reasonable steps to avoid imposing undue burden or expense on a person subject to [a] subpoena," *FED. R. CIV. P. 45(c)(1)*, have proposed conditions that would dramatically lessen the burden on County Bank. For example, Easy Money has offered: (1) to accept computer disks or reports summarizing the relevant documents; and (2) to conduct an on-site, supervised inspection of the relevant documents and to copy them at its own expense. Subject to these sorts of terms, the burden of complying with the subpoena is substantially reduced such that the burden is not "undue."

In this undue burden inquiry, the court also is mindful of the apparent necessity of the information and the absence of alternative [*15] sources. The subpoenaed information relates to the defenses and counterclaims of the defendants. The records of the financial transactions between County Bank and Cash Today may provide the defendants with evidence of Cash Today's failure to mitigate damages, or the damages resulting from any breach of contract on Cash Today's part. To paraphrase Judge Hand, then, unless County Bank is required to respond to the subpoena, the defendants will be unable to learn whether the plaintiffs have done them a wrong. *Grasselli Chemical Co. v. National Aniline & Chemical Co., 282 F. 379, 381 (S.D.N.Y. 1920)*. In addition, it does not appear, and the parties have not alleged, that such information can be provided by any other source. For these reasons, the court finds that whatever burden County Bank will encounter in complying with the subpoena is necessary and, as tempered by certain conditions discussed above, not undue.

**III. CONCLUSION**

For the aforementioned reasons, IT IS HEREBY ORDERED that:

1. County Bank's motion to quash the subpoena *duces tecum* (D.I. 1) is DENIED.

2. Counsel for County Bank and the defendants shall confer and, within 20 days [*16] of the date of this order, extend the protective order currently existing in the litigation to incorporate the information contemplated by the subpoena.

Gregory M. Sleet

UNITED STATES DISTRICT JUDGE

Dated: October 23, 2002

<u>CERTIFICATE OF SERVICE</u>

I, Patricia P. McGonigle, Esquire, hereby certify that on this 25th day of March 2008, I electronically filed the foregoing pleading with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record. Further, I caused a copy of the foregoing pleading to be served upon the following counsel as noted

<u>Plaintiff's Counsel</u>:

**<u>Via Hand Delivery</u>**
Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899

**<u>Via Federal Express</u>**
Neil F. Greenblum, Esquire
Neal Goldberg, Esquire
Michael J. Fink, Esquire
Greenblum & Bernstein, PLC
1950 Roland Clarke Place
Reston, Virginia  20191

<u>Third-Parties</u>:

**<u>Via Federal Express</u>**
AbitibiBowater, Inc.
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203

**<u>Via Federal Express</u>**
International Paper Company
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109

**<u>Via Federal Express</u>**
AbitibiBowater, Inc.
c/o C T Corporation System
2394 E. Camelback Road
Phoenix, AZ 85016

/s/  *Patricia P. McGonigle*
_____
Patricia P. McGonigle (DE3126)
pmcgonigle@svglaw.com