IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| VOITH PAPER GMBH & CO.KG,, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 07-226-JJF |
| JOHNSONFOILS, INC., | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

Pending before the Court is JohnsonFoils, Inc.'s Motion To Stay the Proceedings Pending Reexamination Of The Patents in Suit or in the Alternative for Leave to File a Motion for Summary Judgment Prior to August 20, 2008 that U.S. Patents 5,718,805 and 5,972,168 Are Invalid (D.I. 27). For the reasons discussed, the Motion will be denied.

**I.   BACKGROUND**

On April 27, 2007, Voith Paper GmbH & Co. ("Voith") filed this action, alleging infringement of U.S. Patents 5,718,805 ("the '805 patent") and 5,972,168 ("the '168 patent") (collectively, the "patents in suit") by JohnsonFoils, Inc. ("JohnsonFoils"). The patents in suit will expire on September 8, 2010. On August 3, 2007, the Court entered a Scheduling Order in this action, setting a trial date of November 8, 2008. (D.I. 17)

On August 24, 2007, JohnsonFoils filed Requests for Reexamination of the patents in suit with the United States

Patent and Trademark Office ("USPTO"), alleging that newly discovered prior art raises substantial new questions regarding the patentability of the patents in suit.

## II. PARTIES' CONTENTIONS

JohnsonFoils contends that a stay would simplify the issues before the Court since the Court will be asked to consider arguments raised before the USPTO in the reexamination proceedings, and, if the USPTO finds any claim invalid or if Voith amends any claims during reexamination, any <u>Markman</u> claim construction issued by the Court would be rendered moot, and an additional <u>Markman</u> hearing required. JohnsonFoils also contends that a stay will allow for a more efficient and less costly trial. JohnsonFoils contends that a stay will not prejudice Voith since the case is in the very early stages of litigation, Voith's patents in suit only have about three years of enforceable terms, and Voith will not suffer any possible loss of damages. In the alternative, JohnsonFoils contends that the Court should grant it leave to file a motion for summary judgment, since "every element in all claims in the Patents-in-Suit is disclosed in the prior art." (D.I. 28 at 10.)

In response, Voith contends that JohnsonFoils's request for a stay should be denied because it disregards this Court's ruling that it would not stay this case nor change the trial date because of reexamination proceedings. Voith also contends that JohnsonFoils has failed to demonstrate that being required to go

forward with this litigation constitutes hardship or inequity. Voith contends that it will unduly prejudiced by a stay because a stay would likely result in a loss of patent exclusivity for the remainder of the terms of the patents in suit, and that a stay is unlikely to simplify any issues pending in this case. Voith further contends that JohnsonFoils's request for leave to file summary judgment should be denied because it is premature, and requires the Court to make a legal determination based on underlying factual determinations without the benefit of a factual record.

## III. DISCUSSION

The decision to grant or deny a stay is within the court's broad range of discretionary powers. The Court concludes that a stay will not substantially assist resolution of the issues, and will result in substantial prejudice to Voith for the reasons it cites. Further, the Court concludes that JohnsonFoils has failed to make a showing of a "clear case of hardship or inequity." Gold v. Johns-Manville Sales Corp. 723 F.2d 1068, 1075-1076 (3d Cir. 1983) ("It is well settled that before a stay may be issued, the petitioner must demonstrate 'a clear case of hardship or inequity,' if there is 'even a fair possibility' that the stay would work damage on another party")(quoting Landis v. North American Co., 299 U.S. 248, 255 (1936)). The Court also concludes, as Voith contends, that it is unlikely the pending reexamination proceedings will do much to simplify the issues

that need to be tried in this case.

The Court further concludes that consideration of Defendant's motion for summary judgment is premature. Courts are "obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery." Dowling v. Philadelphia, 855 F.2d 136, 139 (3d Cir. 1988) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). Accordingly, the Court will not grant JohnsonFoils leave to file an early summary judgment motion.

Thus, the Court will deny JohnsonFoils's Motion To Stay the Proceedings Pending Reexamination Of The Patents in Suit or in the Alternative for Leave to File a Motion for Summary Judgment Prior to August 20, 2008 that U.S. Patents 5,718,805 and 5,972,168 Are Invalid (D.I. 27).

## ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that JohnsonFoils's Motion To Stay the Proceedings Pending Reexamination Of The Patents in Suit or in the Alternative for Leave to File a Motion for Summary Judgment Prior to August 20, 2008 that U.S. Patents 5,718,805 and 5,972,168 Are Invalid (D.I. 27) is **DENIED**.

March 31, 2008                    _Joseph J Farnan Jr._
                                  UNITED STATES DISTRICT JUDGE