IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG | : | |
| | : | Civil Action No. 07-226-JJF |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHNSONFOILS, INC. | : | |
| | : | |
| Defendant. | : | |

**JOHNSONFOILS, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO
EXTEND THE DISCOVERY PERIOD AND TO EXTEND THE DURATION OF
VOITH'S WITNESS DEPOSITIONS**

George H. Seitz, III (DE #667)
gseitz@svglaw.com
Patricia Pyles McGonigle (DE #3126)
pmcgonigle@svglaw.com
Kevin A. Guerke (DE#4096)
kguerke@svglaw.com
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

- and -

Anthony S. Volpe
John J. O'Malley
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA  19103
(215) 568-6400

*Attorneys for Defendant
JohnsonFoils, Inc.*

## TABLE OF CONTENTS

I.      INTRODUCTION.................................................................................................

II.     NATURE AND STAGE OF THE RELEVANT PROCEEDINGS ......................

III.    SUMMARY OF ARGUMENT ..............................................................................

IV.     STATEMENT OF RELEVANT FACTS ...............................................................

V.      ARGUMENT .........................................................................................................

VI.     CONCLUSION ......................................................................................................

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Pages**

<u>O'Connell v. Hyatt Hotels</u>, 357 F.2d 152 (1st Cir. 2004)...............................................

<u>Scheidecker v. Arvig Enters</u>, 139 F.R.D. 630 (D. Minn. 2000)......................................

**Rules Cited**

Fed.R.Civ.P. 16(b) ...........................................................................................

Fed.R.Civ.P. 26(b)(2)........................................................................................

FEDR.CIV.P. 30(d)(1) .......................................................................................

## I.    INTRODUCTION

JohnsonFoils, Inc. ("JohnsonFoils") moves for an Order extending the discovery period for a period of ninety (90) days.  Pursuant to the August 3, 2007 Scheduling Order, the deadline for completion of fact discovery in this matter is April 30, 2008.  JohnsonFoils has good cause for this request, as Voith has continually impeded JohnsonFoils efforts to conduct discovery in a timely manner. The following are exemplary of Voith's prejudicial actions in this matter:

(1)    Throughout the course of discovery in this manner, Voith has implemented unilateral restrictions on persons who can review its documents in disregard of the express requirements Local Rule 26.2;

(2)    Voith produced nearly 100,000 pages of documents (over 75% of Voith's total production) on the eve of or after the February 15, 2008 deadline for document production;

(3)    Over 100,000 pages of the 129,851 pages of documents Voith produced in this matter are in German and Voith refuses to provide English language translations of such documents; and

(4)    Voith waited until March 11, 2008 to notify JohnsonFoils that six (6) of the inventors of the Patents-in-Suit are no longer employed by Voith, despite knowing JohnsonFoils' intention to depose these witnesses as early as August 10, 2007.

JohnsonFoils also respectfully requests additional time beyond the seven (7) hours provided in Fed.R.Civ.P. 30(d)(1) to take the depositions of Voith's witnesses as Voith has demanded the presence of a translator.

## II.    NATURE AND STAGE OF THE RELEVANT PROCEEDINGS

On April 27, 2007, Voith Paper GmbH & Co. KG ("Voith") filed this action alleging that JohnsonFoils, Inc. ("JohnsonFoils") infringed its U.S. Patent Nos. 5,718,805 and 5,972,168 ("Patents-in-Suit") (D.I. 1).    JohnsonFoils served its Answer, Affirmative Defenses and Counterclaims in response to Voith's Complaint on August 13, 2007 (D.I. 19).

On August 3, 2007, the Court issued its Fed.R.Civ.P. 16(b) Scheduling Order (D.I. 17), setting the trial date for November 5, 2008, and ordering the parties to complete document production by February 15, 2008 and fact discovery by April 30, 2008.

On August 10, 2007, JohnsonFoils served Voith with the following notices of deposition: (1) Hans-Jungen Wulz; (2) Wilhelm Wanke; (3) Albrecht Meinecke; (4) Werner Kade; (5) Klaus Henseler; (6) Dieter Egelhof; (7) and Rudolph Buck through Else Buck.    These Notices are collectively attached Exhibit A.    The foregoing individuals are all co-inventors of the Patents-in-Suit.

Before JohnsonFoils could file its notice of service for these deposition notices, Voith insisted that JohnsonFoils immediately withdrawal all deposition notices, alleging that they were premature.    See Exhibit B.    JohnsonFoils notified Voith that the notices would be withdrawn and rescheduled. See Exhibit C.

On August 13, 2007, JohnsonFoils served its First Set of Requests for Production of Documents and Things on Voith (Nos. 1-14) (D.I. 32). Voith served its Objections and Responses to JohnsonFoils' First Set of Requests for Production of Documents and Things on September 17, 2007 (D.I. 34).

On October 4, 2007, JohnsonFoils served its Second Set of Requests for Production of Documents and Things on Voith (Nos. 15-32) (D.I. 40). Voith served its Objections and Responses to JohnsonFoils' Second Set of Requests for Production of Documents and Things on November 8, 2007.

On December 17, 2007, JohnsonFoils filed a Motion to Compel Voith to produce document in response to JohnsonFoils First Requests for Production of Documents (D.I. 49 and 50). Voith filed its Opposition Brief on January 9, 2008 (D.I. 58), and JohnsonFoils filed its Reply Brief on January 14, 2008 (D.I. 61). This Court has not yet decided JohnsonFoils' Motion to Compel Production of Documents.

On December 18, 2007, Voith filed a Motion for Protective Order requesting an order to prohibit the disclosure of Voith's "Highly Confidential Information" to its competitors (D.I. 52 and 53). JohnsonFoils filed its Opposition Brief on January 9, 2008 (D.I. 57), and Voith filed its Reply Brief on January 16, 2008 (D.I. 67). This Court has not yet decided Voith's Motion for Protective Order.

On January 14, 2008, JohnsonFoils served its Third Set of Requests for Production of Documents and Things on Voith (Nos. 33-85) (D.I. 60). Voith served

its Objections and Responses to JohnsonFoils' Third Set of Requests for Production of Documents and Things on February 15, 2008 (D.I. 96).

On March 13, 2008, JohnsonFoils re-served Voith with the following notices of deposition: (1) Hans-Jungen Wulz (D.I. 101); (2) Wilhelm Wanke (D.I. 98); (3) Albrecht Meinecke (D.I. 99); (4) Werner Kade (D.I. 105); (5) Klaus Henseler (D.I. 97) (6) Dieter Egelhof (D.I. 100); and (7) Rudolph Buck through Else Buck (D.I. 102). JohnsonFoils also served the following additional notices of deposition: (8) Karl Bock (D.I. 103); (9) Kurt Brandauer (D.I. 104); and (10) Notice of 30(b)(6) Deposition of Voith (D.I. 106). These notices are collectively attached as Exhibit D.

On March 14, 2008, Voith served JohnsonFoils with the following notices of deposition: (1) Douglas McPherson; (2) Vaughn Wildfong; (3) Jay Shands; (4) James A. Ronning; and (5) 30(b)(6) Notice of Deposition of JohnsonFoils (D.I. 107).

On March 14, 2008, Voith also served subpoenas for deposition _and_ the production of documents on the following third parties: (1) AstenJohnson, Inc.; (2) AbitibiBowater, Inc. (issued by the Eastern District of Tennessee); (3) AbitibiBowater, Inc. (issued by the District of Arizona); and (4) International Paper Company (D.I. 107 and 108).

On March 24, 2008, third-party, AstenJohnson, Inc., filed a Motion for Protective Order asking this Court to prohibit the discovery requested in Voith's subpoena of AstenJohnson, Inc., and to the extent that the discovery requested in the subpoenas of AbitibiBowater, Inc. and International Paper Company relate to

AstenJohnson (D.I. 110 and 111). This Court has not yet decided AstenJohnson's Motion for Protective Order.

On March 25, 2008, JohnsonFoils filed a Motion for a Protective Order asking this Court to prohibit the discovery requested in Voith's subpoenas of AstenJohnson, Inc., AbitibiBowater, Inc., and International Paper Company to the extent that such discovery relates to JohnsonFoils (D.I. 112 and 113). This Court has not yet decided JohnsonFoils' Motion for Protective Order.

## III.   SUMMARY OF ARGUMENT

1.    JohnsonFoils has good cause warranting extension a ninety (90) day extension of the discovery period due to: (1) Voith's unreasonable restrictions on its production of documents; (2) Voith's production of nearly 100,000 pages of documents (over 75% of Voith's total document production) on the eve of or after the February 15, 2008 deadline for production of documents; (3) the large quantity of foreign language documents that Voith produced on the eve of or after the February 15, 2008 document production deadline; and (4) Voith's belated notification that only one (1) of the seven (7) inventors of the Patents-in-Suit is employed by Voith, and Voith's refusal to provide a last known address for the remaining six (6) inventors.    Voith's discovery tactics are purposefully employed to impede JohnsonFoils' discovery progress and make compliance with the April 30, 2008 deadline an undue burden.

2.    JohnsonFoils should be entitled to additional time beyond the seven (7) hours provided in Fed.R.Civ.P. 30(d)(1) to take the depositions of Voith's witnesses.

Voith has required the presence of a translator at such depositions despite its acknowledgement that the witnesses understand and speak English.  Based on the duplication of effort required to ask and answer questions using a translator, JohnsonFoils respectfully requests that this Court grant it two (2) days (*i.e.*, fourteen (14) hours) for each of Voith's witness depositions.

## IV.    STATEMENT OF RELEVANT FACTS

1.     Pursuant to the Court's August 3, 2007 Scheduling Order, the parties were ordered to complete document discovery by <u>February 15, 2008</u> and all fact discovery by April 30, 2008. (D.I. 17).

2.     On August 13, 2007, JohnsonFoils served its First Set of Requests for Production of Documents and Things on Voith (Nos. 1-14) (D.I. 32).  Voith served its Objections and Responses to JohnsonFoils' First Set of Requests for Production of Documents and Things on September 17, 2007 (D.I. 34).

3.     On October 4, 2007, JohnsonFoils served its Second Set of Requests for Production of Documents and Things on Voith (Nos. 15-32) (D.I. 40).  Voith served its Objections and Responses to JohnsonFoils' Second Set of Requests for Production of Documents and Things on November 8, 2007.

4.     On November 7, 2007, Voith produced documents totaling 5,391 pages (VTH000001-VTH005391), <u>but</u> Voith unilaterally added the following preconditions which go well beyond the requirements of Local Rule 26.2.

> Furthermore, until the terms of the protective order are agreed upon, the enclosed documents are provided subject to the additional precondition that <u>no</u> attorney at your firm involved in patent related matters before any patent granting authority or agency anywhere in

the world relating to the subject matter of this lawsuit, including without limitation matters on behalf of JohnsonFoils, Inc. and/or its affiliated companies anywhere in the world, e.g., AstenJohnson, Inc. is permitted access to any documents designated "HIGHLY CONFIDENTIAL," or any information contained therein. Accordingly, any individual views documents designated HIGHLY CONFIDENTIAL, or to whom any information contained therein is disclosed, is hereby noticed that they are precluded from participation in the above described patent related matters.

See Exhibit E.

5.    On November 8, 2007, JohnsonFoils advised Voith that it did not accede to Voith's unilateral demands, and it was returning the documents unopened. See Exhibit F.

6.    On November 19 and 26, 2007, JohnsonFoils requested that Voith immediately produce its documents in accordance with Local Rule 26.2, and without its extraneous limitations.  See Exhibits G and H.

7.    On November 26, 2007, Voith reiterated that it would only produce its documents under its unilateral terms.  See Exhibit I.

8.    On December 7, 2007, JohnsonFoils again requested that Voith produce pursuant to Local Rule 26.2 or it would move to compel Voith's production. See Exhibit J.  On December 10, 2007, Voith again refused to produce its documents in accordance with Local Rule 26.2.  See Exhibit K.

9.    Between December 31, 2008 and January 4, 2008, Voith made three separate document productions of non-confidential documents totaling 7,718 pages of documents (VTH000001-VTH000637; VTH022817-024998; VTH24999-VTH27511; VTH 27512-VTH29898).  See Exhibit L.

- 7 -

10.     On February 15, 2008, on the eve of the deadline for document production, Voith produced its document nos. VTH000001-VTH088942, which included over 59,000 pages of new documents (VTH029899-VTH88942).   See Exhibit M.  Voith's February 18, 2008 letter again attempted to place limitation on these documents beyond the requirement of Local Rule 26.2.

11.     On February 22, 2008, JohnsonFoils advised Voith that it did not accede to Voith's unilateral demands, and returned the documents unopened. See Exhibit N.

12.     On March 7, 2008, nearly one month after the close of document production, Voith produced its document nos. VTH000001-VTH127328, which included over 38,000 pages of new documents (VTH088942-127328).  See Exhibit O. Voith's March 7, 2008 letter again attempted to place limitation on these documents beyond the requirement of Local Rule 26.2.

13.     In order to avoid further delay and prejudice to JohnsonFoils, on March 12, 2008, JohnsonFoils clarified that it would accept Voith's production in accordance with Rule 26.2, and would reject any other terms that Voith unilaterally imposes on such documents.  See Exhibit P.

14.     On March 14, 2008, one month after the close of document production, Voith produced its document nos. VTH000001-VTH129851, which included over 2,500 pages of new documents (VTH 127329 – 129851).  See Exhibit Q.  Voith's March 14, 2008 letter again attempted to place limitation on these documents beyond the requirement of Local Rule 26.2.

15.    On March 19, 2008, JohnsonFoils again clarified that it would accept Voith's production in accordance with Rule 26.2, and would reject any other terms that Voith unilaterally imposes on such documents.  <u>See</u> Exhibit R.

16.    As demonstrated above, Voith produced nearly 100,000 pages of documents totaling over 75% percent of its document production on the eve of or after the deadline for document production in this matter.  To the extent that Voith produced any documents prior to the February 15, 2008 deadline, it only did so by placing unilateral restrictions on such documents which go well beyond the requirement of Local Rule 26.2.

17.    On March 10, 2008 JohnsonFoils served Notices of Deposition on Voith, notifying Voith of its intent to depose nine (9) individuals, and one (1) corporate representative pursuant to Fed.R.Civ.P. 30(b)(6). (D.I. 97-106).  <u>See</u> Exhibit D.  Seven (7) of the nine (9) individual deponents were initially served in JohnsonFoils' August 2007 deposition notices (<u>see</u> Exhibit A).

18.    On March 11, 2008 Voith first notified JohnsonFoils that only three (3) of the deponents were currently employed by Voith and that none of the deponents spoke English as a first language.  <u>See</u> Exhibit S.  Voith recommended that JohnsonFoils arrange to have an interpreter present for the depositions and required that the depositions take place at its attorneys' offices in Reston, Virginia. <u>See</u> Id.

19.    On March 12, 2008 JohnsonFoils requested that Voith provide the last known address of the remaining six (6) former employees identified in JohnsonFoils

March 14, 2008 deposition notices. <u>See</u> Exhibit T. Voith refused to provide this information, contending that German law prohibits disclosure of this information, but has failed to point to any specific law. <u>See</u> Exhibit U.

20.    On March 19, 2008, JohnsonFoils advised Voith that the depositions of Voith's witnesses would take place in Delaware where Voith brought this suit. Exhibit R. JohnsonFoils also requested the identification of the German law that Voith asserts prevents the disclose of the last known address of its six former employees. <u>Id</u>.

21.    On March 20, 2008, Voith modified its notification to JohnsonFoils by stating that the deponents "are willing to testify in English to the extent they can," but that an interpreter would be required in the event a witness could not understand a question. <u>See</u> Exhibit V.

22.    During an April 1, 2008 telephone conference between the parties, JohnsonFoils disagreed that German law prevents the disclosure of the last known address of Voith's former employees. Voith agreed to contact its former employees and determine whether there was any objection to disclosing this information. <u>See</u> Exhibit W.

23.    On April 1 and 2, 2008, JohnsonFoils advised Voith that it would postpone its depositions of Voith's witnesses due to the large quantity of foreign language documents that require translations and requested that Voith join it in a motion to extend the April 30, 2008 discovery deadline. <u>See</u> Exhibits W and X.

JohnsonFoils' request is warranted based on the following hardships that Voith imposed on JohnsonFoils' ability to proceed with discovery in this matter:

(1)     Throughout the course of discovery in this manner, Voith has refused to products its documents in accordance with the provisions of Local Rule 26.2 and without its unilateral restrictions;

(2)     Voith produced nearly 100,000 pages of documents (over 75% of Voith's total production) on the eve of or following the February 15, 2008 deadline for document production in this matter;

(3)     Over 100,000 pages of the 129,851 pages of documents Voith produced in this matter are in German, and Voith refuses to provide English language translations of such documents;

(4)     Voith delayed until March 11, 2008 to notify JohnsonFoils that six (6) of the inventors of the Patents-in-Suit are no longer employed by Voith, despite knowing JohnsonFoils' intention to depose these witnesses as early as August 10, 2007; and

(5)     Voith delayed until March 11, 2008 to notify JohnsonFoils that a translator will be required to be present during the depositions of its witnesses as English is not their first language.

See Exhibit X.

24.     On April 3, 2008, Voith stated that it would oppose JohnsonFoils' request for an extension of the April 30, 2008 discovery deadline. See Exhibit Y.

## V.    ARGUMENT

### A.    JohnsonFoils Has Demonstrated "Good Cause" To Extend The April 30, 2008 Discovery Deadline

JohnsonFoils requests a ninety (90) day extension of the discovery period due to the dilatory tactics that Voith has employed to impede JohnsonFoils' discovery progress throughout the course of this matter.  Fed.R.Civ.P. 16(b) requires that a court issue a scheduling order setting a timeline for litigation.  Rule 16(b)(4) permits modification of a scheduling order "only for good cause and with the judge's consent."  The Advisory Committee Notes on the 1983 amendments to the Rules clarify this standard, stating "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a 'manifest injustice' or 'substantial hardship' test." See also O'Connell v. Hyatt Hotels, 357 F.2d 152 (1st Cir. 2004). The good cause standard focuses on diligence of the moving party rather than prejudice to the non-moving party. Scheidecker v. Arvig Enters, 139 F.R.D. 630, 631-632 (D. Minn. 2000).

Even exercising the utmost diligence, it would be impossible for JohnsonFoils to complete discovery prior to the Scheduling Order's April 30, 2008 deadline due to the impediments that Voith has placed on JohnsonFoils throughout the discovery period.  Since the initiation of discovery, Voith has attempted to place unreasonable, unilateral restrictions on JohnsonFoils ability to review and assess Voith's document production.  See Exhibits E, I, K, M, O, and Q.  Voith continued to assert

- 12 -

such restrictions despite JohnsonFoils' repeated notice that Voith is imposing requirements that go beyond the scope of Local Rule 26.2. Voith's unwarranted, unilateral demands have impeded JohnsonFoils efforts to proceed with discovery.

Voith also produced over 59,000 pages of documents on the February 15, 2008 deadline for document production (see Exhibit M), and over 40,000 pages of documents one month after this deadline (see Exhibits O and Q). Voith did not request leave of court or provide any advance notification to JohnsonFoils that it would be producing the majority of its documents in this action (over 75% of its total production) after the February 15, 2008 court ordered deadline.

Over 100,000 pages (or 75%) of Voith's total document production are in a foreign language and Voith refuses to provide translations. See Exhibits W, X and Y. Plaintiffs have been required to provide translations of documents produced in a foreign language "as a reasonable cost of transacting business in this country." Stapleton v. Kawasaki Heavy Industries, Ltd., 69 F.R.D. 489, 490 (D. Ga. 1975). An extension of time is warranted in order for JohnsonFoils to translate and review this large quantity of foreign language documents, most of which were produced following the February 15, 2008 document production deadline.[1]

Finally, despite having knowledge as far back as August 10, 2007 that JohnsonFoils intended to depose the seven (7) inventors of the Patents-in-Suit (see

---

[1] JohnsonFoils recently obtained an estimate from a third party that it will take 4-6 months to perform a full translation of Voith's foreign language documents and the cost will be over $3,000,000. JohnsonFoils will likely seek to have Voith share the cost of such translations.

Exhibit A), Voith waited until March 11, 2008 to notify JohnsonFoils that six (6) of these inventors are no longer employed by Voith. When JohnsonFoils requested the last known addresses of the remaining deponents, Voith refused, contending that German law prohibited disclosure of this information. See attached Exhibit U. Because six (6) of the deponents are no longer employees of Voith, JohnsonFoils may be required to depose these individuals in a foreign country; further necessitating an extension of the discovery period.

Based on Voith's dilatory tactics, JohnsonFoils will not be able to review and assess Voith's production of documents prior to the April 30, 2008 close of discovery. Consequently, JohnsonFoils will be prejudiced if required to depose Voith's witnesses without having a full assessment of the large quantity of foreign language documents Voith produced in this matter. Voith is clearly attempting to gain an unfair advantage in this matter by impeding JohnsonFoils ability to obtain discoverable information in a timely manner. JohnsonFoils substantial hardship goes far beyond the "good cause" required by Rule 16. If the deadline for completion of discovery is not extended, Voith will be rewarded for the use of dilatory tactics.[2]

Based on the foregoing, JohnsonFoils respectfully submits that "good cause" warrants a ninety (90) day extension of the discovery period in this matter.

---

[2] JohnsonFoils is not seeking an extension of the November 5, 2008 trial date. A ninety (90) day extension of the discovery deadline is not expected to interfere with remaining pre-trial deadlines, including the August 20, 2008 dispositive motion deadline.

**B.    JohnsonFoils Should be Permitted Additional Time to Conduct its Depositions**

Fed.R.Civ.P. 30(d)(1) requires that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."

Voith is requiring that JohnsonFoils provide a translator for its depositions. <u>See</u> Exhibits S and V. Voith admits that the deponents speak English, and are willing to be deposed in English, yet still insists that JohnsonFoils provide translators. <u>See</u> <u>id</u>. Because the use of translators essentially duplicates the question and answer process in a deposition, JohnsonFoils will require additional time to fairly examine Voith's witnesses.

JohnsonFoils respectfully requests that this Court grant it two (2) days (*i.e.*, fourteen (14) hours) to depose Voith's witnesses.

## VI.    CONCLUSION

Throughout the discovery period of this litigation, Voith has used dilatory tactics to inhibit JohnsonFoils' ability to obtain discoverable information. JohnsonFoils respectfully request for a ninety (90) extension of the discovery period as good cause has been demonstrated warranting this requested relief. JohnsonFoils also respectfully requests additional time to take the depositions of Voith's witnesses as Voith has demanded the presence of a translator.

Respectfully submitted,

Dated: _____

_____
George H. Seitz, III (DE #667)
gseitz@svglaw.com
Patricia Pyles McGonigle (DE #3126)
pmcgonigle@svglaw.com
Kevin A. Guerke (DE#4096)
kguerke@svglaw.com
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

- and -

Anthony S. Volpe
John J. O'Malley
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA  19103
(215) 568-6400

*Attorneys for Defendant*
*JohnsonFoils, Inc.*

- 16 -

EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,
a Company organized and existing under
the laws of Germany,

　　　　　　　　　　　　　　　　Plaintiff,

　　　　　　v.

JOHNSONFOILS, INC.,
a Delaware Corporation,

　　　　　　　　　　　　　　　　Defendants.

Civil Action No. 07-0226-JJF

TO:　Michael J. Fink, Esquire
　　　Greenblum & Bernstein, P.L.C.
　　　1950 Roland Clarke Place
　　　Reston, VA  20191

## NOTICE OF DEPOSITION OF HANS-JURGEN WULZ

　　　Pursuant to Federal Rule of Civil Procedure 30, Defendant, JohnsonFoils, Inc., will take the video taped deposition of Hans-Jurgen Wulz, before a person duly authorized to administer oaths, at the offices of Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, DE  19899 commencing at 9:30 a.m. on October 1, 2007 and continuing until concluded.

Date: _August 10, 2007_　　By:　_Anthony S. Volpe_
　　　　　　　　　　　　　　　　Anthony S. Volpe (PA # 24,733)
　　　　　　　　　　　　　　　　Ryan W. O'Donnell (PA# 89,775)
　　　　　　　　　　　　　　　　Randolph J. Huis (DE # 3057)
　　　　　　　　　　　　　　　　Volpe and Koenig, P.C.
　　　　　　　　　　　　　　　　United Plaza, Suite 1600
　　　　　　　　　　　　　　　　30 South 17th Street
　　　　　　　　　　　　　　　　Philadelphia, PA  19103
　　　　　　　　　　　　　　　　Telephone:  215-568-6400
　　　　　　　　　　　　　　　　Facsimile:  215-568-6499

　　　　　　　　　　　　　　　　_Attorneys for Defendant, JohnsonFoils, Inc._

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 07-226-UNA |
| v. | : | |
| | : | |
| JOHNSONFOILS, INC., | : | |
| | : | |
| Defendant. | : | |

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Deposition was served on the following parties on August 10, 2007 via first class regular mail.

Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Michael J. Fink, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191

By: _____
Anthony S. Volpe
Randolph J. Huis
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400
*Attorneys for Defendant JohnsonFoils, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VOITH PAPER GMBH & CO. KG,<br>  a Company organized and existing under<br>  the laws of Germany,<br><br>                                 Plaintiff,<br><br>                v.<br><br>JOHNSONFOILS, INC.,<br>  a Delaware Corporation,<br><br>                         Defendants. | Civil Action No. 07-0226-JJF |

TO:    Michael J. Fink, Esquire
         Greenblum & Bernstein, P.L.C.
         1950 Roland Clarke Place
         Reston, VA  20191

### NOTICE OF DEPOSITION OF WILHELM WANKE

      Pursuant to Federal Rule of Civil Procedure 30, Defendant, JohnsonFoils, Inc., will take the video taped deposition of Wilhelm Wanke, before a person duly authorized to administer oaths, at the offices of Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, DE  19899 commencing at 9:30 a.m. on October 2, 2007 and continuing until concluded.

Date: _August 10, 2007_    By: _Anthony S. Volpe_
                                  Anthony S. Volpe (PA # 24,733)
                                  Ryan W. O'Donnell (PA# 89,775)
                                  Randolph J. Huis (DE # 3057)
                                  Volpe and Koenig, P.C.
                                  United Plaza, Suite 1600
                                  30 South 17th Street
                                  Philadelphia, PA  19103
                                  Telephone:  215-568-6400
                                  Facsimile:  215-568-6499

                                  *Attorneys for Defendant, JohnsonFoils, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,    :
                              :
            Plaintiff,        :
                              :
                              :    C.A. No. 07-226-UNA
            v.                :
                              :
JOHNSONFOILS, INC.,           :
                              :
            Defendant.        :

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of
Deposition was served on the following parties on August 10, 2007 via first class
regular mail.

Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Michael J. Fink, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191

By:    _____
       Anthony S. Volpe
       Randolph J. Huis
       Ryan W. O'Donnell
       Volpe and Koenig, P.C.
       United Plaza, Suite 1600
       30 South 17th Street
       Philadelphia, PA 19103
       (215) 568-6400
       *Attorneys for Defendant JohnsonFoils,
       Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VOITH PAPER GMBH & CO. KG,<br>  a Company organized and existing under<br>  the laws of Germany,<br><br>                            Plaintiff,<br><br>                  v.<br><br>JOHNSONFOILS, INC.,<br>  a Delaware Corporation,<br><br>                      Defendants. | Civil Action No. 07-0226-JJF |

TO:   Michael J. Fink, Esquire
        Greenblum & Bernstein, P.L.C.
        1950 Roland Clarke Place
        Reston, VA  20191

**NOTICE OF DEPOSITION OF ALBRECHT MEINECKE**

      Pursuant to Federal Rule of Civil Procedure 30, Defendant, JohnsonFoils, Inc., will take the video taped deposition of Albrecht Meinecke, before a person duly authorized to administer oaths, at the offices of Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, DE  19899 commencing at 9:30 a.m. on October 3, 2007 and continuing until concluded.

Date: _August 10, 2007_    By:   _Anthony S. Volpe_
                                  Anthony S. Volpe (PA # 24,733)
                                  Ryan W. O'Donnell (PA# 89,775)
                                  Randolph J. Huis (DE # 3057)
                                  Volpe and Koenig, P.C.
                                  United Plaza, Suite 1600
                                  30 South 17th Street
                                  Philadelphia, PA  19103
                                  Telephone:  215-568-6400
                                  Facsimile:  215-568-6499

                                  *Attorneys for Defendant, JohnsonFoils, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,           :
                                      :
            Plaintiff,                :
                                      :        C.A. No. 07-226-UNA
      v.                              :
                                      :
JOHNSONFOILS, INC.,                   :
                                      :
            Defendant.                :

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of
Deposition was served on the following parties on August 10, 2007 via first class
regular mail.

Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

Michael J. Fink, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191

By:    _____
       Anthony S. Volpe
       Randolph J. Huis
       Ryan W. O'Donnell
       Volpe and Koenig, P.C.
       United Plaza, Suite 1600
       30 South 17th Street
       Philadelphia, PA 19103
       (215) 568-6400
       *Attorneys for Defendant JohnsonFoils,*
       *Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VOITH PAPER GMBH & CO. KG,<br>  a Company organized and existing under<br>  the laws of Germany,<br><br>                            Plaintiff,<br><br>               v.<br><br>JOHNSONFOILS, INC.,<br>  a Delaware Corporation,<br><br>                     Defendants. | Civil Action No. 07-0226-JJF |

TO:    Michael J. Fink, Esquire
        Greenblum & Bernstein, P.L.C.
        1950 Roland Clarke Place
        Reston, VA  20191

**NOTICE OF DEPOSITION OF WERNER KADE**

      Pursuant to Federal Rule of Civil Procedure 30, Defendant, JohnsonFoils, Inc., will take the video taped deposition of Werner Kade, before a person duly authorized to administer oaths, at the offices of Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, DE  19899 commencing at 9:30 a.m. on October 9, 2007 and continuing until concluded.

Date: *August 10, 2007*    By:   *Anthony S. Volpe*

                                   Anthony S. Volpe (PA # 24,733)
                                   Ryan W. O'Donnell (PA# 89,775)
                                   Randolph J. Huis (DE # 3057)
                                   Volpe and Koenig, P.C.
                                   United Plaza, Suite 1600
                                   30 South 17th Street
                                   Philadelphia, PA  19103
                                   Telephone:  215-568-6400
                                   Facsimile:  215-568-6499

                                 *Attorneys for Defendant, JohnsonFoils, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 07-226-UNA |
| v. | : | |
| | : | |
| JOHNSONFOILS, INC., | : | |
| | : | |
| Defendant. | : | |

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Deposition was served on the following parties on August 10, 2007 via first class regular mail.

Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

Michael J. Fink, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191

By:  _Anthony S. Volpe_

Anthony S. Volpe
Randolph J. Huis
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400
*Attorneys for Defendant JohnsonFoils, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VOITH PAPER GMBH & CO. KG,<br> a Company organized and existing under<br> the laws of Germany,<br><br>             Plaintiff,<br><br>     v.<br><br>JOHNSONFOILS, INC.,<br> a Delaware Corporation,<br><br>            Defendants. | Civil Action No. 07-0226-JJF |

TO: Michael J. Fink, Esquire
   Greenblum & Bernstein, P.L.C.
   1950 Roland Clarke Place
   Reston, VA 20191

**NOTICE OF DEPOSITION OF KLAUS HENSELER**

   Pursuant to Federal Rule of Civil Procedure 30, Defendant, JohnsonFoils, Inc., will take the video taped deposition of Klaus Henseler, before a person duly authorized to administer oaths, at the offices of Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, DE 19899 commencing at 9:30 a.m. on October 4, 2007 and continuing until concluded.

Date: _August 10, 2007_  By: _Anthony S. Volpe_
               Anthony S. Volpe (PA # 24,733)
               Ryan W. O'Donnell (PA# 89,775)
               Randolph J. Huis (DE # 3057)
               Volpe and Koenig, P.C.
               United Plaza, Suite 1600
               30 South 17th Street
               Philadelphia, PA 19103
               Telephone: 215-568-6400
               Facsimile: 215-568-6499

               *Attorneys for Defendant, JohnsonFoils, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG, :
 :
   Plaintiff, :
 :  C.A. No. 07-226-UNA
   v. :
 :
JOHNSONFOILS, INC., :
 :
   Defendant. :

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing Notice of Deposition was served on the following parties on August 10, 2007 via first class regular mail.

    Adam W. Poff, Esquire
    Young, Conaway, Stargatt & Taylor
    The Brandywine Building
    1000 West Street, 17th Floor
    P.O. Box 391
    Wilmington, DE  19899-0391

    Michael J. Fink, Esquire
    Greenblum & Bernstein, P.L.C.
    1950 Roland Clarke Place
    Reston, VA  20191

   By: *[signature]*
     Anthony S. Volpe
     Randolph J. Huis
     Ryan W. O'Donnell
     Volpe and Koenig, P.C.
     United Plaza, Suite 1600
     30 South 17th Street
     Philadelphia, PA 19103
     (215) 568-6400
     *Attorneys for Defendant JohnsonFoils, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VOITH PAPER GMBH & CO. KG, a Company organized and existing under the laws of Germany, Plaintiff, v. JOHNSONFOILS, INC., a Delaware Corporation, Defendants. | Civil Action No. 07-0226-JJF |

TO:    Michael J. Fink, Esquire
       Greenblum & Bernstein, P.L.C.
       1950 Roland Clarke Place
       Reston, VA 20191

## NOTICE OF DEPOSITION OF DIETER EGELHOF

Pursuant to Federal Rule of Civil Procedure 30, Defendant, JohnsonFoils, Inc., will take the video taped deposition of Dieter Egelhof, before a person duly authorized to administer oaths, at the offices of Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, DE 19899 commencing at 9:30 a.m. on October 8, 2007 and continuing until concluded.

Date: *August 10, 2007*    By: *Anthony S. Volpe*

Anthony S. Volpe (PA # 24,733)
Ryan W. O'Donnell (PA# 89,775)
Randolph J. Huis (DE # 3057)
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
Telephone: 215-568-6400
Facsimile: 215-568-6499

*Attorneys for Defendant, JohnsonFoils, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 07-226-UNA |
| v. | : | |
| | : | |
| JOHNSONFOILS, INC., | : | |
| | : | |
| Defendant. | : | |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Notice of Deposition was served on the following parties on August 10, 2007 via first class regular mail.

Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

Michael J. Fink, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191


By:  _____
Anthony S. Volpe
Randolph J. Huis
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400
*Attorneys for Defendant JohnsonFoils, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

VOITH PAPER GMBH & CO. KG,
  a Company organized and existing under
  the laws of Germany,

                      Plaintiff,

               v.

JOHNSONFOILS, INC.,
  a Delaware Corporation,

                 Defendants.

Civil Action No. 07-0226-JJF

TO:   Michael J. Fink, Esquire
       Greenblum & Bernstein, P.L.C.
       1950 Roland Clarke Place
       Reston, VA 20191

## NOTICE OF DEPOSITION OF RUDOLF BUCK THROUGH ELSE BUCK

     Pursuant to Federal Rule of Civil Procedure 30, Defendant, JohnsonFoils, Inc., will take the video taped deposition of Rudolf Buck, through Else Buck, before a person duly authorized to administer oaths, at the offices of Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, DE 19899 commencing at 9:30 a.m. on October 9, 2007 and continuing until concluded.

Date: _August 10, 2007_   By: _Anthony S. Volpe_

                      Anthony S. Volpe (PA # 24,733)
                      Ryan W. O'Donnell (PA# 89,775)
                      Randolph J. Huis (DE # 3057)
                      Volpe and Koenig, P.C.
                      United Plaza, Suite 1600
                      30 South 17th Street
                      Philadelphia, PA 19103
                      Telephone: 215-568-6400
                      Facsimile: 215-568-6499

                      *Attorneys for Defendant, JohnsonFoils, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,           :
                                     :
            Plaintiff,               :
                                     :
                                     :     C.A. No. 07-226-UNA
            v.                       :
                                     :
JOHNSONFOILS, INC.,                  :
                                     :
            Defendant.               :

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of
Deposition was served on the following parties on August 10, 2007 via first class
regular mail.

Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

Michael J. Fink, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191

By:  _____
     Anthony S. Volpe
     Randolph J. Huis
     Ryan W. O'Donnell
     Volpe and Koenig, P.C.
     United Plaza, Suite 1600
     30 South 17th Street
     Philadelphia, PA 19103
     (215) 568-6400
     *Attorneys for Defendant JohnsonFoils,
     Inc.*

# EXHIBIT B

LAW OFFICES

# GREENBLUM & BERNSTEIN, P.L.C.

PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPRZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERIBERT F. MUENSTERER, Ph.D. °◇
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL B. MOON
PAUL T. LEE *
JOHN V. MAZZOLA □
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D.
SAFET METJAHIC *

AZZA JAYAPRAKASH
JONATHAN MILLER *
NEAL GOLDBERG
STEVEN B. POLLICOFF *

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPERNER *
RICHARD J. McGRATH

TECHNICAL ADVISORS:
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.

———
* ADMITTED TO A BAR
  OTHER THAN VA
° EUROPEAN PATENT ATTORNEY
△ KOREAN PATENT ATTORNEY
□ REGISTERED PATENT AGENT

August 16, 2007

## VIA EMAIL

Anthony S. Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA  19103

           Re:   *Voith v. Johnson Foils*, USDC for Delaware: 1:07-cv-00226-JJF;
                 Our Ref: J214720

Dear Tony,

     Today we received seven (7) notices of deposition which you served on Plaintiff noticing the depositions of Messrs. Wulz, Henseler, Menecke, Kade, Buck, Wanke, and Egelhof for early October. The notices are improper and we request that you immediately withdraw them. Specifically, we note that paragraph 3(d) of the Rule 16(b) Scheduling Order, entered August 3, 2007, expressly states that "Depositions shall not commence until the discovery required by Paragraph 3 (a, b and c) is completed." As discovery has just commenced, the notices are premature. Please confirm immediately that Defendant withdraws the notices.

                Very truly yours,

                GREENBLUM & BERNSTEIN, P.L.C.

                Michael J. Fink

cc:   Adam Poff, Esq.
       George H. Seitz, III, Esq.
MJF/nj

{J214720 00243213.DOC}

EXHIBIT C

Voith vs. Johnson Foils, USDC for Delaware: 1:07-cv-00226-JJF; Our Ref· J214720     Page 1 of 2

Case 1:07-cv-00226-JJF     Document 118-2     Filed 04/08/2008     Page 19 of 56

## Ryan O'Donnell

| | |
|---|---|
| **From:** | George H Seitz III [gseitz@svglaw.com] |
| **Sent:** | Thursday, August 23, 2007 4:45 PM |
| **To:** | MICHAEL FINK |
| **Cc:** | NEIL GREENBLUM; Ryan O'Donnell; apoff@ycst.com; CStover@ycst.com; Patricia P McGonigle; Randy Huis; Tony Volpe |

**Subject:** RE: Voith vs. Johnson Foils, USDC for Delaware: 1:07-cv-00226-JJF; Our Ref: J214720

Michael, in response to your letter, we will file a Notice tomorrow withdrawing the Motion.

Regarding the deposition notices, they were never filed in Court. You may consider them withdrawn. Tony, will be in touch with you about rescheduling.

Thank you.

*George H. Seitz, III*
*302-888-7602 (Direct)*
*302-888-0606 (Fax)*
*gseitz@svglaw.com (email)*

---

**From:** MICHAEL FINK [mailto:MFINK@gbpatent.com]
**Sent:** Thursday, August 23, 2007 1:39 PM
**To:** Tony Volpe
**Cc:** NEIL GREENBLUM; George H Seitz III; Ryan O'Donnell; apoff@ycst.com; CStover@ycst.com; Patricia P McGonigle; RHuis@volpe-koenig.com
**Subject:** Voith vs. Johnson Foils, USDC for Delaware: 1:07-cv-00226-JJF; Our Ref: J214720

Tony,

Attached is a letter requesting Defendant to withdraw the summary judgment motion which was recently filed.

Best regards,

Michael

Michael J. Fink, Esq.
Partner
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

*****************************************************************
The information contained in this e-mail message is intended only for

the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
*************************************************************************

In rare cases, our spam scanners may eliminate legitimate email. Please advise us immediately if you receive an error notification from our server.

<<Letter requesting confer on SJ motion and Deposition Notices (00247247).PDF>>

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,
   a Company organized and existing under
   the laws of Germany,

                              Plaintiff,

                    v.

JOHNSONFOILS, INC.,
   a Delaware Corporation,

                              Defendants.

Civil Action No. 07-0226 (JJF)

TO:   Michael J. Fink, Esquire
      Greenblum & Bernstein, P.L.C.
      1950 Roland Clarke Place
      Reston, VA  20191

## NOTICE OF DEPOSITION OF HANS-JURGEN WULZ

Pursuant to Federal Rule of Civil Procedure 30, Defendant, JohnsonFoils, Inc., will take the video taped deposition of Hans-Jurgen Wulz, before a person duly authorized to administer oaths, at the offices of Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, DE  19899 commencing at 9:30 a.m. on April 21, 2008, and continuing until concluded.

Dated:  March 13, 2008

                    SEITZ, VAN OGTROP & GREEN, P.A.

                    /s/ Patricia P. McGonigle

                    George H. Seitz, III (DE #667)
                    gseitz@svglaw.com
                    Patricia P. McGonigle (DE #3126)
                    pmcgonigle@svglaw.com
                    222 Delaware Avenue, Suite 1500
                    P.O. Box 68
                    Wilmington, DE  19801
                    (302) 888-0600

                        - and -

Anthony S. Volpe
Ryan W. O'Donnell
John J. O'Malley
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA  19103
Telephone:  215-568-6400
Facsimile:  215-568-6499

*Attorneys for Defendant, JohnsonFoils, Inc.*

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 14th day of March 2008, I electronically filed the foregoing Notice of Deposition with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.  Further, I caused a copy of the foregoing pleading to be served upon the following counsel as noted:

<u>Via Email</u>
Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899

<u>Via Email</u>
Neil F. Greenblum, Esquire
Neal Goldberg, Esquire
Michael J. Fink, Esquire
Greenblum & Bernstein, PLC
1950 Roland Clarke Place
Reston, Virginia  20191

/s/ Patricia P. McGonigle
Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com

64005 v1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VOITH PAPER GMBH & CO. KG,<br>   a Company organized and existing under<br>   the laws of Germany,<br>                              Plaintiff,<br><br>                    v.<br><br>JOHNSONFOILS, INC.,<br>   a Delaware Corporation,<br>                              Defendants. | Civil Action No. 07-0226-JJF |

TO:     Michael J. Fink, Esquire
        Greenblum & Bernstein, P.L.C.
        1950 Roland Clarke Place
        Reston, VA  20191

## NOTICE OF DEPOSITION OF WILHELM WANKE

Pursuant to Federal Rule of Civil Procedure 30, Defendant, JohnsonFoils, Inc., will take the video taped deposition of Wilhelm Wanke, before a person duly authorized to administer oaths, at the offices of Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, DE  19899 commencing at 9:30 a.m. on April 14, 2008, and continuing until concluded.

Dated: March 13, 2008

SEITZ, VAN OGTROP & GREEN, P.A.

/s/ Patricia P. McGonigle

George H. Seitz, III (DE #667)
gseitz@svglaw.com
Patricia P. McGonigle (DE #3126)
pmcgonigle@svglaw.com
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE  19801
(302) 888-0600

- and -

Anthony S. Volpe
Ryan W. O'Donnell
John J. O'Malley
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA  19103
Telephone:  215-568-6400
Facsimile:  215-568-6499

*Attorneys for Defendant, JohnsonFoils, Inc.*

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 14th day of March 2008, I electronically filed the foregoing Notice of Deposition with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record. Further, I caused a copy of the foregoing pleading to be served upon the following counsel as noted:

**Via Email**
Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899

**Via Email**
Neil F. Greenblum, Esquire
Neal Goldberg, Esquire
Michael J. Fink, Esquire
Greenblum & Bernstein, PLC
1950 Roland Clarke Place
Reston, Virginia 20191

/s/ Patricia P. McGonigle
Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com

64005 v1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VOITH PAPER GMBH & CO. KG,<br>   a Company organized and existing under<br>   the laws of Germany,<br><br>                                Plaintiff,<br><br>                    v.<br><br>JOHNSONFOILS, INC.,<br>   a Delaware Corporation,<br><br>                                Defendants. | Civil Action No. 07-0226-JJF |

TO:    Michael J. Fink, Esquire
       Greenblum & Bernstein, P.L.C.
       1950 Roland Clarke Place
       Reston, VA  20191

## NOTICE OF DEPOSITION OF ALBRECHT MEINECKE

Pursuant to Federal Rule of Civil Procedure 30, Defendant, JohnsonFoils, Inc., will take the video taped deposition of Albrecht Meinecke, before a person duly authorized to administer oaths, at the offices of Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, DE  19899 commencing at 9:30 a.m. on April 18, 2008, and continuing until concluded.

Dated:  March 13, 2008

                              SEITZ, VAN OGTROP & GREEN, P.A.

                              /s/ Patricia P. McGonigle
                              _____
                              George H. Seitz, III (DE #667)
                              gseitz@svglaw.com
                              Patricia P. McGonigle (DE #3126)
                              pmcgonigle@svglaw.com
                              222 Delaware Avenue, Suite 1500
                              P.O. Box 68
                              Wilmington, DE  19801
                              (302) 888-0600

64000 v1

- and -

Anthony S. Volpe
Ryan W. O'Donnell
John J. O'Malley
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA  19103
Telephone:  215-568-6400
Facsimile:  215-568-6499

*Attorneys for Defendant, JohnsonFoils, Inc.*

64000 v1

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 14th day of March 2008, I electronically filed the foregoing Notice of Deposition with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record. Further, I caused a copy of the foregoing pleading to be served upon the following counsel as noted:

Via Email
Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899

Via Email
Neil F. Greenblum, Esquire
Neal Goldberg, Esquire
Michael J. Fink, Esquire
Greenblum & Bernstein, PLC
1950 Roland Clarke Place
Reston, Virginia 20191

/s/ *Patricia P. McGonigle*

Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com

64005 v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,
  a Company organized and existing under
the laws of Germany,

                              Plaintiff,

               v.

JOHNSONFOILS, INC.,
  a Delaware Corporation,

                       Defendants.

Civil Action No. 07-0226-JJF

TO:  Michael J. Fink, Esquire
      Greenblum & Bernstein, P.L.C.
      1950 Roland Clarke Place
      Reston, VA 20191

## NOTICE OF DEPOSITION OF WERNER KADE

      Pursuant to Federal Rule of Civil Procedure 30, Defendant, JohnsonFoils, Inc., will take the video taped deposition of Werner Kade, before a person duly authorized to administer oaths, at the offices of Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, DE 19899 commencing at 9:30 a.m. on April 17, 2008, and continuing until concluded.

Dated: March 13, 2008

                    SEITZ, VAN OGTROP & GREEN, P.A.

                    /s/ *Patricia P. McGonigle*

                    George H. Seitz, III (DE #667)
                    gseitz@svglaw.com
                    Patricia P. McGonigle (DE #3126)
                    pmcgonigle@svglaw.com
                    222 Delaware Avenue, Suite 1500
                    P.O. Box 68
                    Wilmington, DE 19801
                    (302) 888-0600
                    - and -

64001 v1

Anthony S. Volpe
Ryan W. O'Donnell
John J. O'Malley
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
Telephone: 215-568-6400
Facsimile: 215-568-6499

*Attorneys for Defendant, JohnsonFoils, Inc.*

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 14th day of March 2008, I electronically filed the foregoing Notice of Deposition with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record. Further, I caused a copy of the foregoing pleading to be served upon the following counsel as noted:

Via Email
Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899

Via Email
Neil F. Greenblum, Esquire
Neal Goldberg, Esquire
Michael J. Fink, Esquire
Greenblum & Bernstein, PLC
1950 Roland Clarke Place
Reston, Virginia  20191

/s/ Patricia P. McGonigle
_____
Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com

64005 v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,
a Company organized and existing under
the laws of Germany,

Plaintiff,

v.

JOHNSONFOILS, INC.,
a Delaware Corporation,

Defendants.

Civil Action No. 07-0226-JJF

TO:   Michael J. Fink, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191

## NOTICE OF DEPOSITION OF KLAUS HENSELER

Pursuant to Federal Rule of Civil Procedure 30, Defendant, JohnsonFoils, Inc., will take the video taped deposition of Klaus Henseler, before a person duly authorized to administer oaths, at the offices of Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, DE  19899 commencing at 9:30 a.m. on April 16, 2008, and continuing until concluded.

Dated:  March 13, 2008

SEITZ, VAN OGTROP & GREEN, P.A.

/s/ Patricia P. McGonigle

George H. Seitz, III (DE #667)
gseitz@svglaw.com
Patricia P. McGonigle (DE #3126)
pmcgonigle@svglaw.com
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE  19801
(302) 888-0600

64002 v1

Anthony S. Volpe
Ryan W. O'Donnell
John J. O'Malley
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA  19103
Telephone:  215-568-6400
Facsimile:  215-568-6499

*Attorneys for Defendant, JohnsonFoils, Inc.*

64002 v1

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 14th day of March 2008, I electronically filed the foregoing Notice of Deposition with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record. Further, I caused a copy of the foregoing pleading to be served upon the following counsel as noted:

<u>Via Email</u>
Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899

<u>Via Email</u>
Neil F. Greenblum, Esquire
Neal Goldberg, Esquire
Michael J. Fink, Esquire
Greenblum & Bernstein, PLC
1950 Roland Clarke Place
Reston, Virginia 20191

/s/ Patricia P. McGonigle
_____
Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,
  a Company organized and existing under
the laws of Germany,

                        Plaintiff,

            v.

JOHNSONFOILS, INC.,
  a Delaware Corporation,

                    Defendants.

Civil Action No. 07-0226-JJF

TO:   Michael J. Fink, Esquire
      Greenblum & Bernstein, P.L.C.
      1950 Roland Clarke Place
      Reston, VA 20191

## NOTICE OF DEPOSITION OF DIETER EGELHOF

    Pursuant to Federal Rule of Civil Procedure 30, Defendant, JohnsonFoils, Inc., will take the video taped deposition of Dieter Egelhof, before a person duly authorized to administer oaths, at the offices of Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, DE 19899 commencing at 9:30 a.m. on April 15, 2008, and continuing until concluded.

Dated: March 13, 2008

                    SEITZ, VAN OGTROP & GREEN, P.A.

                    /s/ Patricia P. McGonigle

                    George H. Seitz, III (DE #667)
                    gseitz@svglaw.com
                    Patricia P. McGonigle (DE #3126)
                    pmcgonigle@svglaw.com
                    222 Delaware Avenue, Suite 1500
                    P.O. Box 68
                    Wilmington, DE 19801
                    (302) 888-0600

Anthony S. Volpe
Ryan W. O'Donnell
John J. O'Malley
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA  19103
Telephone:  215-568-6400
Facsimile:  215-568-6499

*Attorneys for Defendant, JohnsonFoils, Inc.*

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 14th day of March 2008, I electronically filed the foregoing Notice of Deposition with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.  Further, I caused a copy of the foregoing pleading to be served upon the following counsel as noted:

Via Email
Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899

Via Email
Neil F. Greenblum, Esquire
Neal Goldberg, Esquire
Michael J. Fink, Esquire
Greenblum & Bernstein, PLC
1950 Roland Clarke Place
Reston, Virginia  20191

/s/ Patricia P. McGonigle
Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com

64005 v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG         :
                                  :     Civil Action No. 07-226 (JJF)
              Plaintiff,          :
                                  :
       v.                         :
                                  :
JOHNSONFOILS, INC.                :
                                  :
              Defendant.          :

To:    Michael J. Fink, Esquire
       Greenblum & Bernstein, P.L.C.
       1950 Roland Clark Place
       Reston, VA  20191

## NOTICE OF DEPOSITION OF RUDOLF BUCK THROUGH ELSE BUCK

       Pursuant to Federal Rule of Civil Procedure 30, Defendant, JohnsonFoils,
Inc., will take the video-taped deposition of Rudolf Buck, through Else Buck, before
a person duly authorized to administer oaths, at the offices of Seitz, Van Ogtrop &
Green, PA., 222 Delaware Avenue, Suite 1500, Wilmington, DE  19899 commencing
at 9:30 a.m. on April 22, 2008, and continuing until concluded.

Dated:  March 13, 2008

                          SEITZ, VAN OGTROP & GREEN, P.A.

                          /s/ Patricia P. McGonigle
                          _____
                          George H. Seitz, III (DE #667)
                          gseitz@svglaw.com
                          Patricia P. McGonigle (DE #3126)
                          pmcgonigle@svglaw.com
                          222 Delaware Avenue, Suite 1500
                          P.O. Box 68
                          Wilmington, DE  19801
                          (302) 888-0600

                               - and -

Anthony S. Volpe
Ryan W. O'Donnell
John J. O'Malley
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
Telephone: 215-568-6400
Facsimile: 215-568-6499

*Attorneys for Defendant JohnsonFoils, Inc.*

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 14th day of March 2008, I electronically filed the foregoing Notice of Deposition with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record. Further, I caused a copy of the foregoing pleading to be served upon the following counsel as noted:

Via Email
Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899

Via Email
Neil F. Greenblum, Esquire
Neal Goldberg, Esquire
Michael J. Fink, Esquire
Greenblum & Bernstein, PLC
1950 Roland Clarke Place
Reston, Virginia 20191

/s/ Patricia P. McGonigle
_____
Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com

64005 v1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,
a Company organized and existing under
the laws of Germany,

                                    Plaintiff,

                v.

JOHNSONFOILS, INC.,
a Delaware Corporation,

                                    Defendants.

Civil Action No. 07-0226-JJF

TO:    Michael J. Fink, Esquire
       Greenblum & Bernstein, P.L.C.
       1950 Roland Clarke Place
       Reston, VA  20191

## NOTICE OF DEPOSITION OF KARL-JOSEPH BÖCK

Pursuant to Federal Rule of Civil Procedure 30, Defendant, JohnsonFoils, Inc., will take the video taped deposition of Karl-Joseph Böck, before a person duly authorized to administer oaths, at the offices of Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, DE  19899 commencing at 9:30 a.m. on April 23, 2008, and continuing until concluded.

Dated:  March 13, 2008

SEITZ, VAN OGTROP & GREEN, P.A.

/s/ Patricia P. McGonigle

George H. Seitz, III (DE #667)
gseitz@svglaw.com
Patricia P. McGonigle (DE #3126)
pmcgonigle@svglaw.com
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE  19801
(302) 888-0600

63996 v1

- and -

Anthony S. Volpe
Ryan W. O'Donnell
John J. O'Malley
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
Telephone: 215-568-6400
Facsimile: 215-568-6499

*Attorneys for Defendant, JohnsonFoils, Inc.*

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 14th day of March 2008, I electronically filed the foregoing Notice of Deposition with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record. Further, I caused a copy of the foregoing pleading to be served upon the following counsel as noted:

<u>Via Email</u>
Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899

<u>Via Email</u>
Neil F. Greenblum, Esquire
Neal Goldberg, Esquire
Michael J. Fink, Esquire
Greenblum & Bernstein, PLC
1950 Roland Clarke Place
Reston, Virginia  20191

/s/ Patricia R. McGonigle
Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com

64005 v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,
   a Company organized and existing under
the laws of Germany,

                        Plaintiff,

        v.

JOHNSONFOILS, INC.,
   a Delaware Corporation,

                 Defendants.

Civil Action No. 07-226 (JJF)

TO:   Michael J. Fink, Esquire
        Greenblum & Bernstein, P.L.C.
        1950 Roland Clarke Place
        Reston, VA  20191

## NOTICE OF DEPOSITION OF KURT F. BRANDAUER

     Pursuant to Federal Rule of Civil Procedure 30, Defendant, JohnsonFoils, Inc., will take the video taped deposition of Kurt Brandauer, before a person duly authorized to administer oaths, at the offices of Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, DE  19899 commencing at 9:30 a.m. on April 24, 2008, and continuing until concluded.

Dated:  March 13, 2008

                       SEITZ, VAN OGTROP & GREEN, P.A.

                       /s/ Patricia P. McGonigle

                       George H. Seitz, III (DE #667)
                       gseitz@svglaw.com
                       Patricia P. McGonigle (DE #3126)
                       pmcgonigle@svglaw.com
                       222 Delaware Avenue, Suite 1500
                       P.O. Box 68
                       Wilmington, DE  19801
                       (302) 888-0600

63995 v1

· and ·

Anthony S. Volpe
Ryan W. O'Donnell
John J. O'Malley
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
Telephone: 215·568·6400
Facsimile: 215·568·6499

*Attorneys for Defendant, JohnsonFoils, Inc.*

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 14th day of March 2008, I electronically filed the foregoing Notice of Deposition with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record. Further, I caused a copy of the foregoing pleading to be served upon the following counsel as noted:

<u>Via Email</u>
Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899

<u>Via Email</u>
Neil F. Greenblum, Esquire
Neal Goldberg, Esquire
Michael J. Fink, Esquire
Greenblum & Bernstein, PLC
1950 Roland Clarke Place
Reston, Virginia 20191

/s/ *Patricia P. McGonigle*
_____
Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com

64005 v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG          :
                                   :          Civil Action No. 07-226-JF
                 Plaintiff,        :
                                   :
         v.                        :
                                   :
JOHNSONFOILS, INC.                 :
                                   :
                 Defendant.        :

## NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant, JohnsonFoils, Inc. ("JohnsonFoils"), will take the deposition of Plaintiff, Voith Paper GmbH & Co. KG ("Voith"), who shall designate one or more officers, directors, managing agents, or other persons, who consent to testify on its behalf, with respect to the matters identified in the attached Schedule A, before a person duly authorized to administer oaths. The deposition will take place at the offices of Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, DE 19899, on April 25, 2008, beginning at 9:30 AM, and shall continue from day-to-day thereafter until concluded. The deposition will be transcribed by a stenographer and may also be videotaped.


Dated: March 13, 2008

                        SEITZ, VAN OGTROP & GREEN, P.A.

                        /s/ Patricia P. McGonigle

                        George H. Seitz, III (DE #667)
                        gseitz@svglaw.com
                        Patricia P. McGonigle (DE #3126)
                        pmcgonigle@svglaw.com
                        222 Delaware Avenue, Suite 1500
                        P.O. Box 68
                        Wilmington, DE 19801
                        (302) 888-0600

- and -

Anthony S. Volpe, Esquire
John J. O'Malley, Esquire
Ryan O'Donnell, Esquire
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 S. 17th Street
Philadelphia, PA  19103
Telephone: (215) 568-6400
Facsimile: (215) 568-6499
*Attorneys for Defendant JohnsonFoils, Inc.*

63994 v1

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

As used herein, the following definitions apply:

1.    "Plaintiff" means "Voith Paper GmbH & Co. KG," and includes any and all agents, affiliates, predecessors in interest, business entities, officers, directors, employees or others that are in or were in privity with Plaintiff.

2.    "Defendant" means "JohnsonFoils, Inc." and includes any and all agents or affiliates or predecessors in interest, business entities, officers, directors, employees or others that Plaintiff believes are or were in privity with Defendant.

3.    As used herein, "person" or "persons" means any natural person and all legal entities.

4.    As used herein "document" encompasses the broadest meaning and scope of that term as used in Federal Rule of Civil Procedure 34 and includes tangible things and electronically stored information as well as "things," writings and recordings," "electronic records," "photographs," "originals," and "duplicates" as defined in Federal Rule of Evidence 1001.

5.    As used herein, the terms "and" and "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which might otherwise be construed to be outside of its scope.

6.    As used in herein, the term "Complaint" means the Complaint filed by Plaintiff in Civil Action No. 07-0226-JJF.

7.    As used herein, the "'805 Patent" refers to U.S. Patent No. 5,718,805 and any related application or patent anywhere in the world.

63994 v1

8.      As used herein, the "'168 Patent" refers to U.S. Patent No. 5,972,168 and any related application or patent anywhere in the world.

9.      As used herein, "Patents-in-Suit" both the '805 Patent and '168 Patent and any related application or patent anywhere in the world.

10.     As used herein, "Applicant" includes any person named as an inventor of the '805 or '168 Patent and any related application or patent anywhere in the world.

## AREAS OF TESTIMONY

1.      Plaintiff's organizational structure as it relates to the research, development, manufacturing, testing, marketing, exportation, importation, distribution, sale, and licensing of subject matter Plaintiff contends is covered by any claim of the Patents-in-Suit.

2.      Plaintiff's procedures and policies for generating, maintaining, and disposing of records (regardless of how they were generated or maintained), including, but not limited to documents related to the subject matter of the Patents-in-Suit.

3.      Plaintiff's alleged investment in the subject matter of the Patents-in-Suit.

4.      The prior art known to Plaintiff to be associated with or related to the subject matter of the Patents-in-Suit.

5.      Plaintiff's evaluation of any potential infringement by Defendant of the subject matter of the Patents-in-Suit.

63994 v1

6.     Plaintiff's evaluation of any potential infringement by any third party of the subject matter of the Patents-in-Suit.

7.     All facts and documents that Plaintiff contends support or tend to support the Complaint allegations.

8.     Plaintiff's alleged investment in research and development of the subject matter of the Patents-in-Suit.

9.     The conception, development or reduction to practice of each invention described or claimed in the '805 and '168 Patents.

10.     Plaintiff's development of any product relating to the subject matter of the Patents-in-Suit.

11.     Plaintiff's licensing of any product relating to the subject matter of the Patents-in-Suit.

12.     Plaintiff's manufacture of any product relating to the subject matter of any the Patents-in-Suit.

13.     Plaintiff's sales of any product relating to the subject matter of the Patents-in-Suit.

14.     The patentability of the subject matter disclosed in the Patents-in-Suit.

15.     Any communications between or among Plaintiff or any third person relating to the validity, infringement, enforceability, claim scope, or licensing of any of the Patents-in-Suit or any foreign counterparts.

16.     Any communications with any person claiming title to or ownership of the Patents-in-Suit.

63994 v1

17.    All facts or documents that support the allegation in Plaintiff's Complaint for willful patent infringement.

18.    All facts or documents that support the allegation in Plaintiff's Complaint that Defendant has infringed and/or is currently infringing the Patents-in-Suit.

19.    Plaintiff's first knowledge of Defendant's allegedly infringing product(s).

20.    Plaintiff's ownership of the Patents-in-Suit.

21.    All facts or documents that Plaintiff contends support its allegations that Defendant had full knowledge of the Patents-in-Suit at all times relevant hereto.

22.    All facts or documents that support the allegations in Plaintiff's Complaint that it has been, and will continue to be, harmed, damaged or irreparably harmed by Defendant's alleged infringement of the Patents-in-Suit.

23.    Plaintiff's market research, marketing plans or market share for each of Plaintiff's products allegedly covered by any claim of the Patents-in-Suit.

24.    Plaintiff's sales of products allegedly covered by the claims of the Patents-in-Suit.

25.    Plaintiff's projections of sales, prices, profitability and profit margins for each of Plaintiff's products allegedly covered by any claim of the Patents-in-Suit.

26.    Plaintiff's return on investment and profit for each of Plaintiff's products allegedly covered by any claim of the Patents-in-Suit.

27.    Any costs related to each of Plaintiff's products allegedly covered by any claim of the Patents-in-Suit.

28.    Royalty payments, license fees or user fees paid to or received by Plaintiff based upon the Patents-in-Suit.

29.    Any agreement, understanding, negotiations or contract between Plaintiff and any third party concerning the Patents-in-Suit.

30.    Any opposition, interference, reissue or nullification, or reexamination proceeding that the Patents-in-Suit are now or have ever been involved.

31.    The market for paper former products.

32.    Plaintiff's response and production of documents in response to Defendant's Requests for Production of Documents.

63994 v1

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 14th day of March 2008, I electronically filed the foregoing Notice of Deposition with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.  Further, I caused a copy of the foregoing pleading to be served upon the following counsel as noted:

<table>
<tr><td>

Via Email
Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899
</td><td>

Via Email
Neil F. Greenblum, Esquire
Neal Goldberg, Esquire
Michael J. Fink, Esquire
Greenblum & Bernstein, PLC
1950 Roland Clarke Place
Reston, Virginia  20191
</td></tr>
</table>

/s/ Patricia P. McGonigle
_____
Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com

64005 v1

# EXHIBIT E

LAW OFFICES
# GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPRZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERBERT F. MUENSTERER, Ph.D. □ *
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL B. MOON
PAUL T. LEE △
JOHN V. MAZZOLA □
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D. □
AZZA JAYAPRAKASH
JONATHAN MILLER *

NEAL GOLDBERG
STEVEN B. POLLICOFF *
FAHD MAJIDUDDIN, Ph.D. □
SARAH J. SMALL

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPERNER *
RICHARD J. McGRATH
BARRY I. HOLLANDER

TECHNICAL ADVISORS:
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
WALTER SCHLAPKOHL, Ph.D.

* ADMITTED TO A BAR
  OTHER THAN VA
○ EUROPEAN PATENT ATTORNEY
△ KOREAN PATENT ATTORNEY
□ REGISTERED PATENT AGENT

November 7, 2007

**VIA EMAIL(PDF) AND FEDERAL EXPRESS**

Tony Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

      Re:    *Voith Paper GmbH & Co. KG v. JohnsonFoils, Inc.*
              *C.A. No. 07-0226-JJF.* Our Ref.: 214720.

Dear Tony:

       Please find enclosed documents bearing production numbers within the range VTH 000001 – VTH 005391. Many of these documents are marked "HIGHLY CONFIDENTIAL," *i.e.*, the highest level of confidentiality which we proposed to you in our letter dated September 21, 2007, and which we specified in the proposed protective order which we provided to you on October 31. Pursuant to Del. R. 26.2 ("Rule 26.2"), all documents that we have designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, and any information contained therein, are provided for **Attorneys' Eyes Only** and are strictly limited to attorneys who have entered an appearance in the above referenced litigation and, as necessary, their supervised employees. As required by Rule 26.2, any persons provided access to documents or information designated confidential or highly confidential by Voith "are under an obligation to keep such documents confidential and to use them only for purposes of litigating the case." Rule 26.2.

       Furthermore, until the terms of the protective order are agreed upon, the enclosed documents are provided subject to the additional precondition that <u>no</u> attorney at your firm involved in patent related matters before any patent granting authority or agency anywhere in the world relating to the subject matter of this lawsuit, including without limitation matters on behalf of JohnsonFoils, Inc. and/or its affiliated companies anywhere in the world, *e.g.*, AstenJohnson Inc., is permitted access to any documents designated "HIGHLY CONFIDENTIAL," or any information contained therein. Accordingly, any individual who views documents designated HIGHLY CONFIDENTIAL, or to whom any information contained therein is disclosed, is hereby noticed that they are precluded from participation in the above described patent related matters. These documents are provided subject the further precondition that any individual

Tony Volpe, Esq.                    November 7, 2007                    Page -2-

authorized to view confidential documents pursuant to Rule 26.2 who is provided access to documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, or to whom any information contained therein is disclosed, is provided with a copy of this letter prior to any such disclosure.

        In view of the remarkable assertion in your letter dated October 24, 2007, over a month after our confidentiality designations were originally proposed to you, that you "do not agree to [Voith's CONFIDENTIAL and HIGHLY CONFIDENTIAL] designations and are not bound to them without entry of a protective order," we insist that you confirm in writing your acceptance of the terms of this letter prior to reviewing the enclosed documents.

                            Very truly yours,

                            GREENBLUM & BERNSTEIN, P.L.C.

                            Neal Goldberg


Enclosure:    Documents bearing production numbers in the range VTH 000001 – VTH 005391
              (by FedEx only)

# EXHIBIT F



**Volpe**
**and**
**Koenig** P.C.

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

———————————— BRINGING LAW TO YOUR IDEAS® ————————————

Anthony S. Volpe
avolpe@volpe-koenig.com

November 8, 2007

Neal Goldberg, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191

**VIA UPS**

Re:    *Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.*
        U.S.D.C. for the District of Delaware
        Civil Action No.  07-226-JJF

Dear Neal:

We received your November 7, 2007 letter and the boxes of documents.  After reading your letter and the unilateral demands in it, I instructed our mail room that the boxes were not to be opened or docketed.  The unopened boxes are being returned overnight as we do not accede to your demands.  As we said previously, we will provide comments on your draft protective order as soon as possible. When that is agreed, we will accept documents in accordance with it.

With respect to documents from Voith US as part of Plaintiff's responses to JohnsonFoils' requests for production, we are still awaiting your answer to our October 23, 2007 inquiry.  Will you stipulate that Voith US is either a party to this action or under the custody or control of Plaintiff and provide a separate identification of all documents produced from Voith US?

Very truly yours,

Volpe and Koenig, P.C.

By: _____
        Anthony S. Volpe

ASV/RWO/cps

cc: Michael J. Fink, Esquire (Letter only via e-mail only)
    Adam Wyatt Poff, Esquire (Letter only via e-mail only)
    George H. Seitz, III, Esquire (Letter only via e-mail only)
    Patti McGonigle, Esquire (Letter only via e-mail only)

*Patents        Trademarks        Copyrights        Trade Secrets        Litigation        Licensing*

# EXHIBIT G

## Ryan O'Donnell

| | |
|---|---|
| **From:** | Tony Volpe |
| **Sent:** | Monday, November 19, 2007 12:47 PM |
| **To:** | 'MICHAEL FINK' |
| **Cc:** | NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com; John O'Malley |

**Subject:** RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Michael, the only lack of good faith is that reflected in your continuing effort to create the impression that we have refused to produce documents. What we have done is to ask you to do what you said you would do months ago so the production could be efficient and orderly. Instead, you have refused to produce the promised draft, have refused to consider any position other than your own by speaking over anyone who does not agree with you and accusing them of not attempting to resolve the issues. We did refuse to accept documents under your unilateral and unnecessary demands.

As to the protective order proposal you did finally provide, it goes well beyond anything necessary for this technology, especially in view of the near expiration date of the patents. To date, you still have not addressed our repeated inquiries about how documents will be produced.

We will be sending you, by UPS, a documents CD with about 12,000 pages, marked as Attorneys' Eyes Only under the court's standing order, as TIFF images. We expect you to produce Voith's documents immediately under the court's standing order without any of your additional unilateral demands.

We welcome your comments on our proposed protective order.

Regards,

Tony

---

**From:** MICHAEL FINK [mailto:MFINK@gbpatent.com]
**Sent:** Sunday, November 18, 2007 1:31 PM
**To:** Tony Volpe
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com
**Subject:** RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Tony,

As we have repeatedly stated, in accordance with the applicable local rules and customs in Delaware, Voith's counsel will maintain confidential documents which JohnsonFoil produces in response to Voith's discovery requests as Outside Counsel Eyes Only until a protective order is entered by the Court. This level of confidentiality exceeds the level of confidentiality set forth in your recently proposed protective order, so there is no good faith basis for not producing responsive documents. Please reconsider your refusal to produce any documents responsive to Voith's discovery requests until a protective order is entered by the Court.

Furthermore, it is unfortunate that you refused to cooperate with us by redlining the draft protective order we forwarded to you. If you are adamant about the provisions of your proposed protective order, it is unlikely that the parties will agree on many of the provisions,

but we should try to narrow the points in dispute.  Please let me know your availability on
Monday, November 19, to discuss the protective orders.

Regards,
Michael

Michael J. Fink, Esq.
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

************************************************************************
The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited. If you have received
this communication in error, please notify us immediately by e-mail,
and delete the original message.
************************************************************************
In rare cases, our spam scanners may eliminate legitimate email. Please advise us
immediately if you receive an error notification from our server.

---

**From:** Tony Volpe [mailto:TVolpe@volpe-koenig.com]
**Sent:** Friday, November 16, 2007 4:55 PM
**To:** MICHAEL FINK
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com
**Subject:** Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Hello Michael:

A proposed protective order is attached in word.

Best regards,

Tony

Anthony S. Volpe, Attorney at Law
Volpe and Koenig, P.C.
www.volpe-koenig.com
215-568-6400

12/14/2007



Volpe
and
Koenig

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA  19103
Tel  215.568.6400  Fax 215.568.6499
www.volpe-koenig.com

*Notice:* If you are not the named recipient of this transmission, please notify us immediately, by telephone, and delete or destroy any copy of this message.  You should not disclose or use this information in any way.  Disclosure or use of this information may expose you to criminal or civil liabilities.  We apologize for the inconvenience and thank you for your attention to this notice.

12/14/2007

# EXHIBIT H

## Ryan O'Donnell

| | |
|---|---|
| **From:** | Tony Volpe |
| **Sent:** | Monday, November 26, 2007 9:26 AM |
| **To:** | 'NEAL GOLDBERG' |
| **Cc:** | Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com; MICHAEL FINK; NEIL GREENBLUM |

**Subject:** RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Hello Neal:

I can only reiterate our previously stated position. We do not accept that there is highly sensitive information simply because you say there may be such information. This is similar to your rejection of our view that the patents are soon to expire and the related technology is old and admitted to be in the public domain. As we stated previously, you always have the right to seek protection under the rules for specific information by demonstrating the alleged risk to that specific information by disclosure under our proposed order.

As to a party representative, we believe it is necessary to our defense to have the benefit of open discussions with someone knowledgeable about the industry. Certain, this is a risk that Voith understood when it asserted the patents. To ask AstenJohnson to defend itself with out the benefit of access to the same information that is available to Voith is unreasonable.

In view of our impasse, we expect you to immediately produce Voith's discovery under the Court's standing order.

Best regards,

Tony

---

**From:** NEAL GOLDBERG [mailto:ngoldberg@gbpatent.com]
**Sent:** Wednesday, November 21, 2007 4:53 PM
**To:** Tony Volpe
**Cc:** Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com; MICHAEL FINK; NEIL GREENBLUM; NEAL GOLDBERG
**Subject:** RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Tony:

As we have explained, Voith's proposed "Highly Confidential" and "Confidential" designations, and associated restrictions, are intended to protect Voith's *confidential* information from the risk of improper use, not, as your response suggests, to limit the disclosure of "subject matter [that] has long been public." That a document relates to a machine embodying the patented invention does not foreclose the real possibility that such a document also contains sensitive proprietary information that has never been disclosed. For at least that reason, as we explained in our last e-mail, the term of the patents-in-suit is irrelevant. As we have explained, the very real risk that an attorney involved in patent prosecution will inadvertently, and improperly, benefit from the disclosure of Voith's proprietary information outweighs any prejudice to JohnsonFoils from limiting the disclosure of Voith's confidential information to those of its litigation counsel who are precluded from prosecution on matters relating to the Patents-in-Suit.

In addition, we see no reason why it is necessary for a "party representative" or in-house counsel to have access to Voith's confidential information. Again, Voith has never proposed restricting anyone's access to information that "has long been public." The prejudice to a party of disclosing its proprietary information, whether technical or

12/14/2007

not, to a competitor is indisputable.  For that reason, we asked you, and we now ask you again, to explain why any prejudice to JohnsonFoils from our proposed restrictions outweighs the clear prejudice to Voith.  We appreciate your offer to limit "in-house counsel" to nonprosecuting attorneys, but, at least, your proposal would do nothing to address the prejudice to Voith of disclosing its non-technical, but still highly sensitive, proprietary business information.

We point out that we  have  always been willing to limit the use of our proposed "Confidential" and "Highly Confidential" designations to nonpublic documents and information.  Therefore, to the extent that your objection to our proposed confidentiality designations is based on your desire to circulate information that "has long been public," we ask that you withdraw your objection.

Finally, it is unfortunate that, without providing any explanation why JohnsonFoils believes it would be prejudiced by Voith's proposed confidentiality designations, you have refused our invitation to discuss these issues and have instead insisted that we "make the necessary showing under Rule 26."

Again, we urge you to reconsider our proposed confidentiality designations or provide a counter-proposal that addresses Voith's concerns.   To that end, we again invite you to discuss the terms of an agreed protective order in a teleconference at 4:00 p.m. on this coming Monday, November 26, 2007.

Regards,

Neal


Neal Goldberg
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
Tel: (703) 716 1191
Fax:(703) 716 1180
E-Mail: ngoldberg@gbpatent.com


*****************************************************************

The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited. If you have received
this communication in error, please notify us immediately by e-mail,
and delete the original message.


*****************************************************************



---

**From:** Tony Volpe [mailto:TVolpe@volpe-koenig.com]
**Sent:** Wednesday, November 21, 2007 11:14 AM
**To:** MICHAEL FINK
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com
**Subject:** RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Michael:

The third and fourth paragraphs below exemplify why your proposal is unworkable. There is little, if any,

Case 1:07-cv-00226-JJF    Document 118-3    Filed 04/08/2008    Page 13 of 39

Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)    Page 3 of 5

reason for your broad exclusion of any attorney who sees Voith's information from prosecuting patents. The subject matter has long been public and there is little, if any, information to be produced that relates to current prosecution of subject matter in patents that are near to expiration.

If you are concerned about who serves as the "party representative," we are willing to consider what you think are necessary safeguards. As to in-house counsel, I see no reason why such counsel should be excluded. In our specific case, the in-house general counsel is not a technical person and is not a patent prosecutor. If you want to exclude in-house patent prosecution personnel, we will consider your proposal.

For our part, we do not see your concerns as being realistic, but remind you that you are always free to make the necessary showing under Rule 26 for the protection of specific information.

You should not take the decision not to engage in the debate invited by the first two paragraphs of your message to in any way indicate agreement with your continued attempts to vilify our positions.

Best regards,

Tony

---

**From:** MICHAEL FINK [mailto:MFINK@gbpatent.com]
**Sent:** Tuesday, November 20, 2007 6:36 PM
**To:** Tony Volpe
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com
**Subject:** Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Tony:

As explained in our previous correspondence, it is unreasonable for you to reject our Proposed Protective Order without providing any specific objections or proposed revisions. Your bald assertion that our Proposed Protective Order "goes well beyond anything necessary for this technology," is baseless and falls far short of a good faith effort to confer. Moreover, JohnsonFoils has requested confidential information that is ostensibly beyond strictly technical disclosures. In addition, the "near expiration date of the patents" is irrelevant to the terms of the Proposed Protective Order. Again, JohnsonFoils has requested information that is ostensibly beyond the technical practice of the patents in suit.

Despite your failure to reasonably confer with us regarding the terms of Voith's Proposed Protective Order, we remain willing to work with you in the hope that we can resolve our differences without the involvement of the Court. To that end, we have reviewed the protective order you sent to us on November 16 ("the JF Protective Order"). Although we are still in the process of evaluating the full extent of the differences between the JF Protective Order and Voith's Proposed Protective Order, we have reviewed your proposed confidentiality designation, and, for the reasons stated below, find it inadequate to reasonable protect Voith's confidential information from the risk of improper disclosure or use.

Unlike Voith's Proposed Protective Order, which provides for two levels of confidentiality "Confidential" and "Highly Confidential," the JF Protective Order provides for only one confidentiality designation: "Attorneys' Eyes Only." Ordinarily an "Attorneys' Eyes Only" designation provides the strongest protection available short of withholding the documents completely. However, JohnsonFoils' definition of "Attorneys' Eyes Only" is very broad, is not limited to attorneys, and does not bar attorneys with access to confidential information from prosecuting patent applications on subjects related to the patents-in-suit. *See* JF Protective Order, ¶5. Specifically, the JF Protective Order permits a "party

representative," all in-house attorneys, and all outside counsel to review material marked "Attorneys' Eyes Only." The "party representative" appears to include at least any employee or executive of JohnsonFoils. The "in-house attorneys" appears to include any attorney regularly employed by JohnsonFoils, including its patent attorneys. Moreover, because the JF Proposed Protective Order also appears to permits disclosure to employees of such attorneys and individuals, even non-attorney patent agents would have access to Attorneys' Eyes Only information. Although the JF Protective Order states that Voith's confidential information would be used solely for the purposes of this litigation, it would be very difficult, if not impossible, to detect an improper use. In stark contrast to the JF Proposed Protective Order, Voith's Proposed Protective Order strictly limits material designated Highly Confidential to outside counsel retained for this litigation, and qualified experts, and further bars any outside counsel with access to Highly Confidential information from involvement in related patent matters for a period of three (3) years.

The extraordinarily broad disclosures permitted by your proposed "Attorneys' Eyes Only" designation, as described in detail above, pose an unacceptably high risk to Voith that its confidential information will be improperly disclosed or used. For example, we do not think it is reasonable to expect that a patent prosecutor who has seen technical information relating to Voith's paper machines and is working to draft claims to cover JohnsonFoils' competitors will not be influenced by that disclosure. Nor do we think it reasonable to expect that an in-house company representative or counsel considering a business plan or contract will not be influenced by prior exposure to details of Voith's-a direct competitor-confidential business and financial information. The JF Protective Order is unacceptable because it fails to account for these reasonable risks by balancing the harm to Voith against the prejudice to JohnsonFoils limiting the disclosure of Voith's confidential information as required. Indeed, JohnsonFoils has failed to articulate any prejudice that would result from the provisions of Voith's Proposed Protective Order.

To address Voith's reasonable interest in limiting the risk that its confidential information will be misused, we request that you reconsider the designations defined in Voith's Proposed Protective Order: "Highly Confidential," and "Confidential." To the extent that you do not agree with this proposal, please explain why JohnsonFoils would be prejudiced by the proposed limitations, and why JohnsonFoils believes that any asserted prejudice outweighs the risk to Voith that its confidential information will be improperly disclosed or used.

Please let us know when you are available to discuss these issues.

Best regards,

Michael J. Fink, Esq.
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

**********************************************************************
The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the

12/14/2007

Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)   Page 5 of 5

intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited. If you have received
this communication in error, please notify us immediately by e-mail,
and delete the original message.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In rare cases, our spam scanners may eliminate legitimate email. Please advise us immediately if you
receive an error notification from our server.

---

**Volpe**
and
**Koenig**

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
Tel 215.568.6400  Fax 215.568.6499
www.volpe-koenig.com

---

**Notice:** If you are not the named recipient of this transmission, please notify us immediately, by telephone, and delete or destroy any copy of this message. You should not disclose or use this information in any way. Disclosure or use of this information may expose you to criminal or civil liabilities. We apologize for the inconvenience and thank you for your attention to this notice.

---

12/14/2007

# EXHIBIT I

Case 1:07-cv-00226-JJF     Document 118-3     Filed 04/08/2008     Page 17 of 39

Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)   Page 1 of 7

## Ryan O'Donnell

| | |
|---|---|
| **From:** | NEAL GOLDBERG [ngoldberg@gbpatent.com] |
| **Sent:** | Monday, November 26, 2007 6:21 PM |
| **To:** | Tony Volpe |
| **Cc:** | NEIL GREENBLUM; Poff, Adam; MICHAEL FINK; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com; Stover, Chad; NEAL GOLDBERG |
| **Subject:** | RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720) |
| **Importance:** High | |

Dear Tony:

We are disappointed that you have rejected Voith's Proposed Protective Order in its entirety and have, again, rejected our invitation to confer with us on the terms of an agreed protective order. We continue to believe that reaching agreement on a protective order that reasonably protects both parties' confidential information—such as Voith's Proposed Protective Order—is preferable to involving the Court.

This is especially true since JohnsonFoils apparently concedes that a prosecution bar is an appropriate means of limiting the risk that highly sensitive confidential information will be misused, but, instead, asserts, without basis, that Voith has no such highly sensitive information. Specifically, you state that "[JohnsonFoils] does not accept there is highly sensitive information simply because you say there may be such information." To the extent that your objection is based on the disputed existence of Voith's highly sensitive information, your concerns are fully addressed in paragraph fifteen (15) of Voith's Proposed Protective Order, entitled "Challenge of Designation," and providing a procedure for challenging a party's confidentiality designations.

Moreover, JohnsonFoils has never explained why disclosing Voith's highly sensitive information to a JohnsonFoils party representative is <u>necessary</u> to avoid a prejudice that outweighs the obvious prejudice to Voith. Any need JohnsonFoils may have for "open discussions with someone knowledgeable about the industry" can easily be satisfied, pursuant to Voith's Proposed Protective Order, by retaining a qualified expert. Furthermore, we strongly disagree with your assertion that "[disclosing highly sensitive information to a competitor] is a risk that Voith understood when it asserted the patents." Discovery is not a proper means for JohnsonFoils to inflict undue burdens and risks on Voith, including the unnecessary risk of competitive injury from the unnecessarily broad disclosure of Voith's highly sensitive information.

In response to your demand that Voith "immediately produce Voith's discovery" we remind you that Voith has already provided the requested discovery, and that you, without any prior conferral, returned the documents to Voith. Nonetheless, Voith will, again, provide discovery pursuant to the Court's Rule 26.2. However, Voith will only provide highly sensitive documents, *i.e.*, documents designated Highly Confidential and subject to the pending protective order dispute, subject to the following conditions. First, any documents designated Highly Confidential, or the information they contain or reflect, in whole or in part, shall not be disclosed to any attorney involved in matters pending, or potentially pending, before any patent granting authority anywhere in the world. Second, any individual to whom such highly confidential information is disclosed agrees to be bound by the terms of any prosecution bar, or other restrictions, subsequently entered by the Court or agreed by the parties. In light of your continuing refusal to confer, if you do not agree to these conditions by the close of business on Wednesday, November 28, 2007, we will withhold Voith's highly confidential documents pending

resolution of the parties' protective order dispute by the Court.

Also, apart from your refusal to agree with Voith's two proposed levels of confidentiality, including the proposed "Confidential" and "Highly Confidential" designations, you have not stated any disagreement with any other provision of Voith's Proposed Protective Order. So that we may work to further narrow this dispute, please identify any other provisions of Voith's Proposed Protective Order for which you have an objection. Furthermore, in light of the foregoing response to your objections to Voith's proposed confidentiality designations, please let us know if you are willing to agree on protective order provisions that protect each party's confidential information by substantially providing for a suitable prosecution bar and a limit on the disclosure of highly sensitive information to exclude disclosure to in-house counsel and party representatives.

Sincerely,

Neal

Neal Goldberg
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
Tel: (703) 716 1191
Fax:(703) 716 1180
E-Mail: ngoldberg@gbpatent.com

CONFIDENTIAL: SUBJECT TO ATTORNEY-CLIENT PRIVILEGE
*********************************************************************

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


*********************************************************************

---

**From:** Tony Volpe [mailto:TVolpe@volpe-koenig.com]
**Sent:** Monday, November 26, 2007 9:26 AM
**To:** NEAL GOLDBERG
**Cc:** Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com; MICHAEL FINK; NEIL GREENBLUM
**Subject:** RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Hello Neal:

I can only reiterate our previously stated position. We do not accept that there is highly sensitive information simply because you say there may be such information. This is similar to your rejection of our view that the patents are soon to expire and the related technology is old and admitted to be in the public domain. As we stated previously, you always have the right to seek protection under the rules for specific

12/14/2007

information by demonstrating the alleged risk to that specific information by disclosure under our proposed order.

As to a party representative, we believe it is necessary to our defense to have the benefit of open discussions with someone knowledgeable about the industry. Certain, this is a risk that Voith understood when it asserted the patents. To ask AstenJohnson to defend itself with out the benefit of access to the same information that is available to Voith is unreasonable.

In view of our impasse, we expect you to immediately produce Voith's discovery under the Court's standing order.

Best regards,

Tony

---

**From:** NEAL GOLDBERG [mailto:ngoldberg@gbpatent.com]
**Sent:** Wednesday, November 21, 2007 4:53 PM
**To:** Tony Volpe
**Cc:** Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com; MICHAEL FINK; NEIL GREENBLUM; NEAL GOLDBERG
**Subject:** RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Tony:

As we have explained, Voith's proposed "Highly Confidential" and "Confidential" designations, and associated restrictions, are intended to protect Voith's *confidential* information from the risk of improper use, not, as your response suggests, to limit the disclosure of "subject matter [that] has long been public." That a document relates to a machine embodying the patented invention does not foreclose the real possibility that such a document also contains sensitive proprietary information that has never been disclosed. For at least that reason, as we explained in our last e-mail, the term of the patents-in-suit is irrelevant. As we have explained, the very real risk that an attorney involved in patent prosecution will inadvertently, and improperly, benefit from the disclosure of Voith's proprietary information outweighs any prejudice to JohnsonFoils from limiting the disclosure of Voith's confidential information to those of its litigation counsel who are precluded from prosecution on matters relating to the Patents-in-Suit.

In addition, we see no reason why it is necessary for a "party representative" or in-house counsel to have access to Voith's confidential information. Again, Voith has never proposed restricting anyone's access to information that "has long been public." The prejudice to a party of disclosing its proprietary information, whether technical or not, to a competitor is indisputable. For that reason, we asked you, and we now ask you again, to explain why any prejudice to JohnsonFoils from our proposed restrictions outweighs the clear prejudice to Voith. We appreciate your offer to limit "in-house counsel" to nonprosecuting attorneys, but, at least, your proposal would do nothing to address the prejudice to Voith of disclosing its non-technical, but still highly sensitive, proprietary business information.

We point out that we have always been willing to limit the use of our proposed "Confidential" and "Highly Confidential" designations to nonpublic documents and information. Therefore, to the extent that your objection to our proposed confidentiality designations is based on your desire to circulate information that "has long been public," we ask that you withdraw your objection.

Finally, it is unfortunate that, without providing any explanation why JohnsonFoils believes it would be prejudiced by Voith's proposed confidentiality designations, you have refused our invitation to discuss these issues and have instead insisted that we "make the necessary showing under Rule 26."

Again, we urge you to reconsider our proposed confidentiality designations or provide a counter-proposal that addresses Voith's concerns. To that end, we again invite you to discuss the terms of an agreed protective order in a teleconference at 4:00 p.m. on this coming Monday, November 26, 2007.

Case 1:07-cv-00226-JJF    Document 118-3    Filed 04/08/2008    Page 20 of 39

Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)    Page 4 of 7

Regards,

Neal


Neal Goldberg
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
Tel: (703) 716 1191
Fax:(703) 716 1180
E-Mail: ngoldberg@gbpatent.com


*****************************************************************

**The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited. If you have received
this communication in error, please notify us immediately by e-mail,**

**and delete the original message.**

*****************************************************************


---

**From:** Tony Volpe [mailto:TVolpe@volpe-koenig.com]
**Sent:** Wednesday, November 21, 2007 11:14 AM
**To:** MICHAEL FINK
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com
**Subject:** RE: Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Michael:

The third and fourth paragraphs below exemplify why your proposal is unworkable. There is little, if any, reason for your broad exclusion of any attorney who sees Voith's information from prosecuting patents. The subject matter has long been public and there is little, if any, information to be produced that relates to current prosecution of subject matter in patents that are near to expiration.

If you are concerned about who serves as the "party representative," we are willing to consider what you think are necessary safeguards. As to in-house counsel, I see no reason why such counsel should be excluded. In our specific case, the in-house general counsel is not a technical person and is not a patent prosecutor. If you want to exclude in-house patent prosecution personnel, we will consider your proposal.

For our part, we do not see your concerns as being realistic, but remind you that you are always free to make the necessary showing under Rule 26 for the protection of specific information.

You should not take the decision not to engage in the debate invited by the first two paragraphs of your message to in any way indicate agreement with your continued attempts to vilify our positions.

Best regards,


12/14/2007

Tony

---

**From:** MICHAEL FINK [mailto:MFINK@gbpatent.com]
**Sent:** Tuesday, November 20, 2007 6:36 PM
**To:** Tony Volpe
**Cc:** NEAL GOLDBERG; Poff, Adam; Ryan O'Donnell; gseitz@svglaw.com; Pmcgonigle@svglaw.com
**Subject:** Voith vs. Johnson Foils, USDC of Delaware: 1:07-cv-00226-UNA (Our Ref. No. J214720)

Tony:

As explained in our previous correspondence, it is unreasonable for you to reject our Proposed Protective Order without providing any specific objections or proposed revisions. Your bald assertion that our Proposed Protective Order "goes well beyond anything necessary for this technology," is baseless and falls far short of a good faith effort to confer. Moreover, JohnsonFoils has requested confidential information that is ostensibly beyond strictly technical disclosures. In addition, the "near expiration date of the patents" is irrelevant to the terms of the Proposed Protective Order. Again, JohnsonFoils has requested information that is ostensibly beyond the technical practice of the patents in suit.

Despite your failure to reasonably confer with us regarding the terms of Voith's Proposed Protective Order, we remain willing to work with you in the hope that we can resolve our differences without the involvement of the Court. To that end, we have reviewed the protective order you sent to us on November 16 ("the JF Protective Order"). Although we are still in the process of evaluating the full extent of the differences between the JF Protective Order and Voith's Proposed Protective Order, we have reviewed your proposed confidentiality designation, and, for the reasons stated below, find it inadequate to reasonable protect Voith's confidential information from the risk of improper disclosure or use.

Unlike Voith's Proposed Protective Order, which provides for two levels of confidentiality "Confidential" and "Highly Confidential," the JF Protective Order provides for only one confidentiality designation: "Attorneys' Eyes Only." Ordinarily an "Attorneys' Eyes Only" designation provides the strongest protection available short of withholding the documents completely. However, JohnsonFoils' definition of "Attorneys' Eyes Only" is very broad, is not limited to attorneys, and does not bar attorneys with access to confidential information from prosecuting patent applications on subjects related to the patents-in-suit. *See* JF Protective Order, ¶5. Specifically, the JF Protective Order permits a "party representative," all in-house attorneys, and all outside counsel to review material marked "Attorneys' Eyes Only." The "party representative" appears to include at least any employee or executive of JohnsonFoils. The "in-house attorneys" appears to include any attorney regularly employed by JohnsonFoils, including its patent attorneys. Moreover, because the JF Proposed Protective Order also appears to permits disclosure to employees of such attorneys and individuals, even non-attorney patent agents would have access to Attorneys' Eyes Only information. Although the JF Protective Order states that Voith's confidential information would be used solely for the purposes of this litigation, it would be very difficult, if not impossible, to detect an improper use. In stark contrast to the JF Proposed Protective Order, Voith's Proposed Protective Order strictly limits material designated Highly Confidential to outside counsel retained for this litigation, and qualified experts, and further bars any outside counsel with access to Highly Confidential information from involvement in related patent matters for a period of three (3) years.

The extraordinarily broad disclosures permitted by your proposed "Attorneys' Eyes Only" designation, as described in detail above, pose an unacceptably high risk to Voith that its confidential information will be improperly disclosed or used. For example, we do not think it is reasonable to expect that a

patent prosecutor who has seen technical information relating to Voith's paper machines and is working to draft claims to cover JohnsonFoils' competitors will not be influenced by that disclosure. Nor do we think it reasonable to expect that an in-house company representative or counsel considering a business plan or contract will not be influenced by prior exposure to details of Voith's-a direct competitor-confidential business and financial information. The JF Protective Order is unacceptable because it fails to account for these reasonable risks by balancing the harm to Voith against the prejudice to JohnsonFoils limiting the disclosure of Voith's confidential information as required. Indeed, JohnsonFoils has failed to articulate any prejudice that would result from the provisions of Voith's Proposed Protective Order.

To address Voith's reasonable interest in limiting the risk that its confidential information will be misused, we request that you reconsider the designations defined in Voith's Proposed Protective Order: "Highly Confidential," and "Confidential." To the extent that you do not agree with this proposal, please explain why JohnsonFoils would be prejudiced by the proposed limitations, and why JohnsonFoils believes that any asserted prejudice outweighs the risk to Voith that its confidential information will be improperly disclosed or used.

Please let us know when you are available to discuss these issues.

Best regards,

Michael J. Fink, Esq.
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

**********************************************************************
The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited. If you have received
this communication in error, please notify us immediately by e-mail,
and delete the original message.
**********************************************************************
In rare cases, our spam scanners may eliminate legitimate email. Please advise us immediately if you
receive an error notification from our server.

---

Volpe
and
Koenig

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
Tel 215.568.6400 Fax 215.568.6499
www.volpe-koenig.com

12/14/2007

*Notice:* If you are not the named recipient of this transmission, please notify us immediately, by telephone, and delete or destroy any copy of this message. You should not disclose or use this information in any way. Disclosure or use of this information may expose you to criminal or civil liabilities. We apologize for the inconvenience and thank you for your attention to this notice.

# EXHIBIT J



**Volpe and Koenig** P.C.®

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

━━━━━━━━━━━━━━  BRINGING LAW TO YOUR IDEAS  ━━━━━━━━━━━━━━

Anthony S. Volpe
avolpe@volpe-koenig.com

December 7, 2007

**VIA E-MAIL AND FACSIMILE
3 PAGES TO 703-716-1180**

Neil F. Greenblum, Esquire
Michael J. Fink, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191

Re:    Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.
       In the United States District Court for the District of Delaware
       Civil Action No.  07-226

Dear Counsel:

This letter addresses a number of outstanding discovery issues which have been unresolved for some time.

JohnsonFoils has repeatedly requested that Voith immediately produce its documents in accordance with Local Rule 26.2 without the extraneous limitations provided in your November 7, 2007 letter.  Your November 26, 2007 response that you will only produce documents in accordance with your self-imposed restrictions goes well beyond Local Rule 26.2 which provides in pertinent part that:

> If any documents are deemed confidential by the producing party and the parties have not stipulated to a confidentiality agreement, until such an agreement is in effect, disclosure shall be limited to members and employees of the firm of trial counsel who have entered an appearance and, where appropriate, have been admitted pro hac vice. Such persons are under an obligation to keep such documents confidential and to use them only for purposes of litigating the case.

Clearly, Local Rule 26.2 does not permit a party to unilaterally insert additional restrictions.  Since you have not moved for a protective order, your responses are well overdue.

Based upon our prior correspondence and the briefing regarding the motion to compel, it appears that we are at an impasse on this issue and we intend to move to compel production of documents.  Please advise if you disagree.  If you have

*Patents        Trademarks        Copyrights        Trade Secrets        Litigation        Licensing*



Neil F. Greenblum, Esquire                                    December 7, 2007
Michael J. Fink, Esquire                                      C.A. No. 07-226
Page 2

reconsidered your position, we will be available to discuss this issue today or on Monday.

The next issue to address is Voith's voluminous objections to JohnsonFoils First and Second Set of Document Requests. We noted with interest that many of Voith's objections in its discovery responses are very similar to those Voith found objectionable in your October 12, 2007 letter and in its Motion to Compel. We do not accept your objections and ask that you reconsider your objections in light of your prior positions.

We now turn to three specific requests for which Voith stated that no documents exist, or if they exist, they would not be produced. If the position is that no documents exist, please provide a certification from Voith or its counsel that no documents exist. If documents exist and you are refusing to identify them on your privilege log, please provide a certification from Voith or its counsel on the basis for that refusal.

In response to document request 10, which seeks all prior art known to Voith, the response stated that all prior art was cited in the Patents-In-Suit. JohnsonFoils expects that Voith has made a good faith effort to examine its records, including, but not limited to, all counterpart and related patent applications, and will rely on Voith's representations.

In response to document request 11, which seeks all design, installation and manufacturing documentation associated with the subject matter of the Patents-in-Suit, Voith states that there are no responsive documents. We find this hard to believe and it leads us to the conclusion that Voith has not preserved documents in accordance with its obligations under the rules.

In response to document request 13, which seeks documents associated with Voith's evaluation of any potential infringement by a third party of the subject matter of the Patents-In-Suit, Voith has refused to produce any documents based on its objections. The existence of other claims of infringement against third parties is clearly relevant to the instant case. To the extent that certain documents may be subject to a claim of privilege, those documents must be identified on your privilege log. We find it hard to believe that there are no other responsive documents and



**Volpe and Koenig** p.c. ®

Neil F. Greenblum, Esquire                                    December 7, 2007
Michael J. Fink, Esquire                                       C.A. No. 07-226
Page 3

request that you revise and supplement your response by producing non-privileged documents.

To the extent that Voith is unwilling to produce the requested documents and supplement its responses, please let us know by the close of business on Tuesday, December 11, 2007. We are available to confer with you on any of these issues today or on Monday, December 10, 2007. Please suggest a time to confer.

Very truly yours,

Volpe and Koenig, P.C.

By: _____
       Anthony S. Volpe

ASV/cps

cc: All counsel of record by e-mail.

# EXHIBIT K

LAW OFFICES
# GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM J. PIERPZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERIBERT F. MUENSTERER, Ph.D. □ *
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL B. MOON
PAUL T. LEE △
JOHN V. MAZZOLA □
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D. □
AZZA JAYAPRAKASH
JONATHAN MILLER *

NEAL GOLDBERG
STEVEN B. POLLICOFF *
FAHD MAJIDUDDIN, Ph.D. □
SARAH J. SMALL

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPERNER *
RICHARD J. McGRATH
BARRY I. HOLLANDER

TECHNICAL ADVISORS:
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG PH.D.
WALTER SCHLAPKOHL, Ph.D.
————
* ADMITTED TO A BAR
   OTHER THAN VA
□ EUROPEAN PATENT ATTORNEY
△ KOREAN PATENT ATTORNEY
□ REGISTERED PATENT AGENT

December 10, 2007

<u>VIA EMAIL(PDF)</u>

Tony Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

> Re:    *Voith Paper GmbH & Co. KG v. JohnsonFoils, Inc.*
>        <u>C.A. No. 07-0226-JJF. Our Ref.: 214720.</u>

Dear Tony:

We write to respond to your letter dated Friday, December 7, 2007, relating to discovery issues ("JohnsonFoils' Letter dated 12-07-2007"). As explained in detail below, we disagree with your characterization of the parties' pending discovery disputes and request that you clarify and explain your objections to assist us in narrowing any disagreement. We are presently available to confer with you regarding pending discovery disputes on either the morning of Thursday, December 13, or the morning of Friday, December 14, 2007. We invite you, in the interim, to provide us with the clarifications and explanations requested below.

Although, as we have repeatedly stated, we prefer to resolve the parties' protective order dispute with an *agreed* protective order, we have requested that the Court bar disclosure of Voith's Highly Confidential information to individuals involved in competitive activities for or on behalf of JohnsonFoils pending resolution of the parties' protective order dispute. *See* Voith's Reply to JohnsonFoils' Opposition to Voith's Motion to Compel, at 11-12. Voith is also actively in the process of continuing its investigation and supplementing its document production. So as not to delay discovery any further, we again ask that you accept our offer to provide Highly Confidential documents to JohnsonFoils litigation counsel not involved in competitive activities for JohnsonFoils pending resolution of the parties' protective order dispute by the Court.

Responding to the specific issues raised in your letter, we disagree with your characterization of the timeliness of Voith's document production. Voith's November 7 production preceded the production of any of JohnsonFoils' documents by nearly two weeks.

Anthony S. Volpe, Esq.                December 10, 2007                Page -2-

*See* Letter from Neal Goldberg to Anthony S. Volpe, dated November 7, 2007. JohnsonFoils' unreasonable return of Voith's production, without any attempt to confer with Voith, does not alter the timeliness of Voith's production. Nowhere do the Federal Rules provide that a party is required to produce, and reproduce, documents that have been unreasonably refused. As we have explained in detail in our Reply to JohnsonFoils' Opposition to Voith's Motion to Compel, Voith's production was fully compliant with Rule 26.2. Not only that, but Voith went *further* than the requirements of Rule 26.2 by providing JohnsonFoils with documents marked Highly Confidential that are the subject of the parties' ongoing protective order negotiations.

To the extent that JohnsonFoils' review of Voith's documents has been delayed, that delay is easily attributable to JohnsonFoils' failure to raise the potential of conflicts arising from its trial counsel's involvement in competitive patent prosecution activities sooner. Despite being informed of Voith's proposed confidentiality levels, Confidential and Highly Confidential, on September 21, 2007, JohnsonFoils waited until two weeks after receiving Voith's Proposed Protective Order before flatly refusing to agree to a limit on the disclosure of Voith's Highly Confidential documents to individuals involved in competitive activities, including competitive patent prosecution, for or on behalf of JohnsonFoils. Even then, JohnsonFoils made no reference to potential conflicts due to its trial counsel's competitive activities, only denying, incredibly, that Voith had any Highly Confidential information to protect:

> [JohnsonFoils] can only reiterate [its] previously stated position. We do not accept that there is highly sensitive information simply because [Voith] say[s] there may be such information.

*See* Email from Anthony S. Volpe to Neal Goldberg, dated November 26, 2007. In that very same Email, JohnsonFoils' not only admitted the existence of Voith's Highly Confidential information, but asserted that it would be prejudiced by any bar on sharing that information with a JohnsonFoils' representative:

> As to a party representative, we believe it is necessary to our defense to have the benefit of open discussions with someone knowledgeable about the industry. Certain (*sic*), this is a risk that Voith understood when it asserted the patents. To ask AstenJohnson to defend itself without the benefit of access to the same information that is available to Voith is unreasonable.

*Id.* JohnsonFoils' assertion that Voith understood the risk of disclosing its Highly Confidential information to a competitor is inconsistent with JohnsonFoils' claim that no such information exists.

It was not until JohnsonFoils' Opposition to Voith's Motion to Compel, filed November 28, 2007, that JohnsonFoils said anything about the potential exclusion of its own trial counsel due to trial counsel's involvement in competitive patent prosecution for or on behalf of JohnsonFoils. *See* JohnsonFoils' Opposition to Voith's Motion to Compel, D.I. 46, at p. 2, fn. 1 ("Voith's restrictions . . . could potentially exclude JohnsonFoils' litigation counsel . . . ."). Even then, JohnsonFoils' Opposition referred only to the "potential" exclusion of some unnamed trial counsel, but identified no specific patent prosecution conduct or any specific patent prosecutors.

Anthony S. Volpe, Esq.                December 10, 2007                Page -3-

To this date, JohnsonFoils has failed to provide sufficient detail of this purported conflict to permit Voith to evaluate the prejudice, if any, to JohnsonFoils of agreeing to Voith's proposed prosecution bar and/or other limits on the disclosure of Voith's Highly Confidential documents to JohnsonFoils' trial counsel. To the extent that JohnsonFoils' ability to review Voith's responsive Highly Confidential documents has been delayed, the delay is fairly attributed to JohnsonFoils' failure to alert Voith of this potential conflict rather than any omission by Voith.

Moreover, we disagree with your further contention that the parties' protective order dispute is not before the Court. Although Voith's Motion to Compel addressed the failure of JohnsonFoils to respond to any of Voith's discovery requests, JohnsonFoils squarely put the parties' protective order dispute before the Court in its opposition—including JohnsonFoils' erroneous characterization of Voith's restrictions on the disclosure of Highly Confidential documents in Voith's November 7, 2007, document production—as JohnsonFoils' excuse for failing to respond to discovery requests. Because JohnsonFoils raised the protective order dispute in its Opposition, Voith addressed the issue in its Reply, and requested that the Court provide a limitation on JohnsonFoils' disclosure of Voith's highly confidential documents to individuals involved in competitive activities, including patent prosecution. *See* Voith's Reply to JohnsonFoils' Opposition to Voith's Motion to Compel, at 11-12.

With respect to your further request that Voith "provide a certification" that certain documents do not exist, we object to your request as unduly burdensome for purporting to impose on Voith greater obligations to respond to your requests for production than required by the Federal Rules of Civil Procedure. In response to your specific remarks regarding JohnsonFoils' Requests for Production Nos. 10, 11, and 13, Voith responds generally as follows. First, we note that your letter mischaracterizes each of your requests for production by 1) failing to incorporate the definitions associated with the requests, and 2) misstating the requests. In addition, your letter fails to address or explain any of Voith's objections to those requests. For those reasons, *inter alia*, your letter misstates Voith's objections and responses to those requests. Because your discussion of Voith's responses to those requests misstates your requests, Voith's responses, and the context of Voith's responses, Voith generally responds to your objections to Voith's responses by referring you to Voith's actual responses, and inviting you to address Voith's actual objections and responses in order to narrow any dispute.

Specifically, with respect to JohnsonFoils' Request For Production No. 10, we note that your restatement of your request is incorrect. Your Request No. 10 actually asks for "[a]ll prior art known to Applicant to be associated with or related to the subject matter of the Patents-in-Suit." We further note that this request is based on the objected-to JohnsonFoils Definitions Nos. 4, 9, and 10. Voith's response is based on JohnsonFoils' actual request in the context of JohnsonFoils' stated definitions, and Voith's objections. For at least these reasons, we disagree with your characterization of Voith's response.

With respect to JohnsonFoils' Request For Production No. 11, we note that your restatement is incorrect. Your Request No. 11 actually asks for "[a]ll design, installation and manufacturing documentation in Applicant files associated with or related to the subject matter of the Patents-in-Suit." We further note that this request is based on the objected-to JohnsonFoils Definitions Nos. 4, 9, and 10. Voith's response is based on JohnsonFoils' actual

Anthony S. Volpe, Esq.                     December 10, 2007                     Page -4-

request in the context of JohnsonFoils' stated definitions, and Voith's objections. Please explain your reasons for asserting that Voith's response to your actual Request No. 11, as stated in the context of your definitions and Voith's objections, is inadequate.

Similarly, with respect to JohnsonFoils' Request for Production No. 13, we note that your restatement is incorrect. Your Request No. 13 actually asks for "[a]ll documents associated with or related to Plaintiff's evaluation of any potential infringement by any third party of the subject matter of the Patents-in-Suit." We further note that this request is based on the objected-to JohnsonFoils Definitions Nos. 4 and 9. Voith's response is based on JohnsonFoils' actual request in the context of JohnsonFoils' stated definitions, and Voith's objections. Please explain your reasons for asserting that Voith's response to your actual Request No. 13, as stated in the context of your definitions and Voith's objections, is inadequate. In response to your assertion that "the existence of other claims of infringement against third parties is *clearly* relevant to the instant case," JohnsonFoils Letter dated 12-7-2007, at 2 (emphasis supplied), Voith refers you to Voith's response in the context of your definitions and Voith's objections. Notwithstanding the foregoing, to help clarify your objection and assist us in potentially narrowing any disagreement, please explain your basis for asserting that potential infringement claims Voith might have against third parties are relevant.

Although your letter purports to respond to Voith's objections to JohnsonFoils' requests for production, your letter fails to identify any specific JohnsonFoils request for production or, for that matter, any particular objection. As a result your response does not clarify or explain any of JohnsonFoils' requests for production, and does nothing to overcome Voith's objections. Instead, your letter states, without *any* specific reference an objection or discovery request, that JohnsonFoils "does not accept [Voith's] objections and ask[s] that [Voith] reconsider [its] objections in light of Voith's prior positions." JohnsonFoils Letter dated 12-7-2007, at 2. JohnsonFoils also states that it "noted with interest that many of Voith's objections in its discovery responses are very *similar* to Voith found objectionable in [Voith's] October 12, 2007[,] letter and in [Voith's] Motion to Compel." *Id* (emphasis supplied). First, as explained in Voith's Reply to JohnsonFoils' Opposition to Voith's Motion to Compel, Voith's objections are objections to JohnsonFoils'—different from Voith's—requests. That JohnsonFoils' objections to Voith's discovery requests are improper does not detract in any way from the propriety of Voith's objections to JohnsonFoils' discovery requests. Please let us know if you have any specific response to a specific Voith objection to a specific JohnsonFoils discovery request so that we may confer on each such objection and request, and narrow any remaining disagreement. We would welcome any clarification or explanation of your discovery requests that is responsive to Voith's objections.

We also note that your Friday, December 7, 2007, fax appears to demand that we respond by Tuesday, December 11, 2007, and provides Voith with insufficient time to evaluate your various objections to Voith's discovery responses. We remind you that Voith provided JohnsonFoils with detailed objections to JohnsonFoils' objections on October 12, attempted to confer with JohnsonFoils regarding those objections on October 24, 2007, and then, only when JohnsonFoils flatly refused to produce documents, indicated that Voith would move to compel JohnsonFoils' production. Voith filed its Motion to Compel on November 9, 2007, after JohnsonFoils continued to refuse to produce documents pursuant to Rule 26.2, and almost a full

Anthony S. Volpe, Esq.                 December 10, 2007                      Page -5-

month after objecting to JohnsonFoils' responses.  Providing Voith with less than two full
business days to evaluate your objections and confer with you is unreasonable.  Nonetheless we
are presently available to confer with you regarding these issues on either the morning of
Thursday, December 13, or the morning of Friday, December 14, 2007.  Please suggest a time
when you are available to confer.

                                  Sincerely,

                                  GREENBLUM & BERNSTEIN, P.L.C.

                                  Neal Goldberg

# EXHIBIT L

LAW OFFICES

# GREENBLUM & BERNSTEIN, P.L.C.

PATENT, COPYRIGHT AND TRADEMARK MATTERS

1950 ROLAND CLARKE PLACE

RESTON, VA 20191-1411

TEL: (703) 716-1191

FAX: (703) 716-1180

EMAIL: gbpatent@gbpatent.com

www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPRZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYBDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERIBERT F. MUENSTERER, Ph.D. □ *
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL B. MOON
PAUL T. LEE △
JOHN V. MAZZOLA □
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D. □
AZZA JAYAPRAKASH
JONATHAN MILLER *

NEAL GOLDBERG
STEVEN B. POLLICOFF *
FAHD MAJIDUDDIN, Ph.D. □
SARAH J. SMALL

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPERNER *
RICHARD J. McGRATH
BARRY I. HOLLANDER

TECHNICAL ADVISORS :
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
WALTER SCHLAPKOHL, Ph.D.

\* ADMITTED TO A BAR
   OTHER THAN VA
□ EUROPEAN PATENT ATTORNEY
△ KOREAN PATENT ATTORNEY
□ REGISTERED PATENT AGENT

December 31, 2007

**VIA EMAIL(PDF) AND FEDERAL EXPRESS**

Tony Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Re:    *Voith Paper GmbH & Co. KG  v. JohnsonFoils, Inc.*
       *C.A. No. 07-0226-JJF.* Our Ref.: 214720.

Dear Tony:

Please find enclosed hard copies of documents bearing production numbers within the range VTH 000001 – VTH 000637 and a CD containing document production bearing numbers VTH 022817 – VTH 024998.

Very truly yours,

GREENBLUM & BERNSTEIN, P.L.C.

Neal Goldberg

Enclosures:    - Documents bearing production numbers VTH 000001 – VTH 000637 (by FedEx only)
               - CD bearing production numbers in the range VTH 022817 – VTH 024998 (by FedEx only)

NGO/FKM/or

LAW OFFICES
# GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPRZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERIBERT F. MUENSTERER, Ph.D. □ *
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL B. MOON
PAUL T. LEE ▲
JOHN V. MAZZOLA □
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D. □
AZZA JAYAPRAKASH
JONATHAN MILLER *

NEAL GOLDBERG
STEVEN B. POLLICOFF *
FAHD MAJIDUDDIN, Ph.D. □
SARAH J. SMALL

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPERNER *
RICHARD J. McGRATH
BARRY I. HOLLANDER

TECHNICAL ADVISORS :
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
WALTER SCHLAPKOHL, Ph.D.

* ADMITTED TO A BAR
OTHER THAN VA
º EUROPEAN PATENT ATTORNEY
▲ KOREAN PATENT ATTORNEY
□ REGISTERED PATENT AGENT

January 2, 2008

VIA EMAIL(PDF) AND FEDERAL EXPRESS

Tony Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Re:    *Voith Paper GmbH & Co. KG v. JohnsonFoils, Inc.*
       *C.A. No. 07-0226-JJF.* Our Ref.: 214720.

Dear Tony:

Please find enclosed a CD containing documents bearing production numbers VTH 024999 – VTH 027511.

Very truly yours,

GREENBLUM & BERNSTEIN, P.L.C.

Neal Goldberg

Enclosures:    CD bearing production numbers in the range VTH 024999 – VTH 027511 (by FedEx only)

NGO/FKM/ajw

{J214720 00337110.DOC}

LAW OFFICES

# GREENBLUM & BERNSTEIN, P.L.C.

PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPRZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
BERIBERT F. MUENSTERER, Ph.D. □ *
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL B. MOON
PAUL T. LEE △
JOHN V. MAZZOLA □
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D. □
AZZA JAYAPRAKASH
JONATHAN MILLER *

NEAL GOLDBERG
STEVEN B. POLLICOFF *
FAHD MAJIDUDDIN, Ph.D. □
SARAH J. SMALL

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPERNER *
RICHARD J. McGRATH
BARRY I. HOLLANDER

TECHNICAL ADVISORS :
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
WALTER SCHLAPKOHL, Ph.D.

* ADMITTED TO A BAR
  OTHER THAN VA
□ EUROPEAN PATENT ATTORNEY
△ KOREAN PATENT ATTORNEY
□ REGISTERED PATENT AGENT

January 4, 2008

VIA EMAIL(PDF) AND FEDERAL EXPRESS

Tony Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Re:     *Voith Paper GmbH & Co. KG v. JohnsonFoils, Inc.*
        *C.A. No. 07-0226-JJF.* Our Ref.: 214720.

Dear Tony:

Please find enclosed a CD containing documents bearing production numbers VTH 027512 – VTH 029898.

Very truly yours,

GREENBLUM & BERNSTEIN, P.L.C.

Neal Goldberg

Enclosures:     CD bearing production numbers in the range VTH 027512 – VTH 029898 (by FedEx only)

NGO/FKM/ajw

{J214720 00339096.DOC}

# EXHIBIT M

LAW OFFICES
# GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPRZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERBERT F. MUENSTERER, Ph.D. ◊ *
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL B. MOON
PAUL T. LEE ∆
JOHN V. MAZZOLA ◊
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D. ◊
AZZA JAYAPRAKASH
JONATHAN MILLER *

NEAL GOLDBERG
STEVEN B. POLLICOFF *
FAHD MAJIDUDDIN, Ph.D. ◻
SARAH J. SMALL

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPERNER *
RICHARD J. MCGRATH
BARRY I. HOLLANDER

TECHNICAL ADVISORS:
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
WALTER SCHLAPKOHL, Ph.D.

—————
* ADMITTED TO A BAR
   OTHER THAN VA
◊ EUROPEAN PATENT ATTORNEY
∆ KOREAN PATENT ATTORNEY
◻ REGISTERED PATENT AGENT

February 15, 2008

RECEIVED
—————AM/PM
FEB 19 2008
VOLPE & KOENIG, P.C.

## VIA FEDERAL EXPRESS

Anthony S. Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Re:    *Voith v. Johnson Foils*, USDC for Delaware: 1:07-cv-00226-JJF;
       Our Ref: J214720

Dear Tony,

Please find enclosed two DVDs with documents responsive to JohnsonFoils first, second and third sets of document requests. The documents are Bates stamped VTH00001–VTH88942.

Please note that the DVDs have been marked HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY as they contain documents which have been designated HIGHLY CONFIDENTIAL. Thus, such documents are to be treated as Outside Counsel Attorney's Eyes Only, and, in view of Voith's pending Motion for a Protective Order, all attorneys which have had access to the HIGHLY CONFIDENTIAL documents are subject to any prosecution bar imposed by the Court.

Very truly yours,
GREENBLUM & BERNSTEIN, P.L.C.

Michael J. Fink

Enc:   Two (2) DVDs
cc:    George Seitz, Esq. w/o enclosures

{J214720 00365867.DOC}

# EXHIBIT N



**Volpe and Koenig** P.C. ®

BRINGING LAW TO YOUR IDEAS®

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

John J. O'Malley
jomalley@volpe-koenig.com

February 22, 2008

Michael J. Fink, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191

**VIA UPS**

Re:    *Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.*
       U.S.D.C. for the District of Delaware
       Civil Action No.  07-226-JJF

Dear Michael:

We received your February 15, 2008 letter and the two DVDs containing VTH00001-VTH88942.  As set forth in our November 8, 2008 letter, we cannot accept your unilateral demands regarding the treatment of the documents. Accordingly, we are returning the DVDs unviewed.

The only limitations we are willing to accept on access to the documents are those provided under Local Rule 26.2.  We ask that you reconsider your position and produce the DVDs, as we have done for our part, pursuant to Local Rule 26.2.

We look forward to hearing from you.

Very truly yours,

Volpe and Koenig, P.C.

By: _____
    John J. O'Malley

JJO/kk
Enclosures

cc: Adam Wyatt Poff, Esquire (Letter only via e-mail only)
    George H. Seitz, III, Esquire (Letter only via e-mail only)
    Patti McGonigle, Esquire (Letter only via e-mail only)

*Patents        Trademarks        Copyrights        Trade Secrets        Litigation        Licensing*

# EXHIBIT O

LAW OFFICES

# GREENBLUM & BERNSTEIN, P.L.C.

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPRZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERIBERT F. MUENSTERER, Ph.D. □ *
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL B. MOON
PAUL T. LEE Δ
JOHN V. MAZZOLA □
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D. □
AZZA JAVAPRAKASH
JONATHAN MILLER *

PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEAL GOLDBERG
STEVEN B. POLLICOFF *
FAHD MAJIDUDDIN, Ph.D. □
SARAH J. SMALL

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPERNER *
RICHARD J. McGRATH
BARRY L HOLLANDER

TECHNICAL ADVISORS :
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
WALTER SCHLAPKOHL, Ph.D.

* ADMITTED TO A BAR
  OTHER THAN VA
○ EUROPEAN PATENT ATTORNEY
Δ KOREAN PATENT ATTORNEY
□ REGISTERED PATENT AGENT

March 7, 2008

RECEIVED _____ AM/PM

MAR 1 0 2008

VOLPE & KOENIG, P.C.

## VIA FEDERAL EXPRESS

Anthony S. Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Re:    *Voith v. Johnson Foils*, USDC for Delaware: 1:07-cv-00226-JJF;
        <u>Our Ref: J214720</u>

Dear Tony,

Please find enclosed four (4) DVDs with documents responsive to JohnsonFoils' first, second and third sets of document requests. The documents are Bates stamped VTH00001–VTH127328.

Please note that the DVDs have been marked HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY as they contain documents which have been designated HIGHLY CONFIDENTIAL. Thus, such documents are to be treated as Outside Counsel Attorney's Eyes Only, and, in view of Voith's pending Motion for a Protective Order, all attorneys which have had access to the HIGHLY CONFIDENTIAL documents are subject to any prosecution bar imposed by the Court.

Very truly yours,
GREENBLUM & BERNSTEIN, P.L.C.

Michael J. Fink

Enc:    Four (4) DVDs
cc:      George Seitz, Esq. w/ enclosures

{J214720 00382729.DOC}

# EXHIBIT P



**Volpe**
**and**
**Koenig**
**P.C.** ®

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

——————————— BRINGING LAW TO YOUR IDEAS ———————————

Anthony S. Volpe
avolpe@volpe-koenig.com

March 12, 2008

Michael J. Fink, Esquire                                                **VIA E-MAIL**
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA   2019101411

Re:   *Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.*
      U.S.D.C., District of Delaware, Civil Action No. 07-226

Dear Michael:

We are in receipt of four (4) DVDs with documents Bates stamped VTH00001-
VTH127328.  We accept them in accordance with Rule 26.2 and reject any other
terms that you are attempting to impose.

Very truly yours,

Volpe and Koenig, P.C.

By: _____
      Anthony S. Volpe

ASVcah

cc:  All Counsel of Record (via E-mail)

708883-1
*Patents*        *Trademarks*        *Copyrights*        *Trade Secrets*        *Litigation*        *Licensing*

# EXHIBIT Q

*K Kee*

LAW OFFICES
## GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

March 14, 2008

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPRZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERIBERT F. MUENSTERER, Ph.D. □ °
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL B. MOON
PAUL T. LEE △
JOHN V. MAZZOLA □
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D. □
AZZA JAYAPRAKASH
JONATHAN MILLER *

NEAL GOLDBERG
STEVEN B. POLLICOFF *
FAHD MAJIDUDDIN, Ph.D. □
SARAH J. SMALL

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPERNER *
RICHARD J. McGRATH
BARRY I. HOLLANDER

TECHNICAL ADVISORS :
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
WALTER SCHLAPKOHL, Ph.D.

\* ADMITTED TO A BAR
  OTHER THAN VA
° EUROPEAN PATENT ATTORNEY
△ KOREAN PATENT ATTORNEY
□ REGISTERED PATENT AGENT

## VIA FEDERAL EXPRESS AND EMAIL

Anthony S. Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

*AJE-1,204,0 US*

Re:    *Voith v. Johnson Foils*, USDC for Delaware: 1:07-cv-00226-JJF;
       <u>Our Ref: J214720</u>

Dear Tony,

Enclosed please find Notices of Deposition for the following:

1.    Douglas McPherson;

2.    Vaughn Wildfong;

3.    Jay Shands;

4.    James A Ronning;

5.    Rule 30(b)(6) for Defendant JohnsonFoils, Inc.;

6.    Rule 30(b)(6) for International Paper Company at Courtland, AL (copy of subpoena included);

7.    Rule 30(b)(6) for AbitibiBowater, Inc. at Calhoun, TN (copy of subpoena included);

8.    Rule 30(b)(6) for AbitibiBowater, Inc. at Snowflake, AZ (copy of subpoena included);

Anthony S. Volpe, Esq                    March 14, 2008                    Page -2-

    9.      Rule 30(b)(6) for AstenJohnson, Inc. (copy of subpoena included).

       If any of the scheduled dates of the JohnsonFoils' witnesses are not convenient, please advise and we will work with you to reschedule.

       Additionally, please find enclosed a CD with additional documents responsive to JohnsonFoils' first, second and third sets of document requests. The documents are Bates stamped VTH 127329 – VTH 129851. Please note that the CD has been marked HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY as it contains documents which have been designated HIGHLY CONFIDENTIAL. Thus, such documents are to be treated as Outside Counsel Attorney's Eyes Only, and, in view of Voith's pending Motion for a Protective Order, all attorneys which have had access to the HIGHLY CONFIDENTIAL documents are subject to any prosecution bar imposed by the Court.

                         Very truly yours,
                         GREENBLUM & BERNSTEIN, P.L.C.

                         Michael J. Pink

Encs:  Notices of Depostion
       Copies of Subpoenae
       CD marked HIGHLY CONFIDENTIAL
         ATTORNEY'S EYES ONLY.

cc:    George Seitz, Esq. w/ enclosures
       Adam Poff, Esq. w/ enclosures

# EXHIBIT R



**Volpe** and **Koenig** P.C. ®

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

——————————— BRINGING LAW TO YOUR IDEAS® ———————————

Anthony S. Volpe
avolpe@volpe-koenig.com

March 19, 2008

Michael J. Fink, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191

**VIA E-MAIL**
**and FIRST CLASS MAIL**

Re:   *Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.*
        Civil Action No. 07-226

Dear Michael:

This replies to your letter of March 14, 17 and 18, 2008.

First, I reiterate that we have accepted the document disc under the court's standing order in the absence of a negotiated protective order. We reject any and all of your attempts, past, present or future, to add any further obligation(s) and do not recognize any category of "Highly Confidential" information.

With respect to your letters regarding the depositions you offered on April 17, 18, 29 and 30, we are currently available on those dates. However, we cannot respond fully as you have not identified the witnesses or whether they are comfortable with being deposed in English. As to the location, we will take them in George Seitz's Wilmington office. In a like manner, we are willing to produce our witnesses in Adam Poff's Wilmington office.

With regard to the German law which prevents you from providing the last known address for the non-employee inventors, please provide the law you refer to in the German language.

With respect to documents being shown to experts or third parties, we are willing to reach a stipulated agreement regarding expert access; however, we are currently not so disposed with respect to third parties. If you can identify categories of document you may show to third parties, we are willing to consider a stipulated agreement.

We look forward to receiving the German law and your proposal for handling the documents with experts and third parties.

*Patents        Trademarks        Copyrights        Trade Secrets        Litigation        Licensing*



Michael J. Fink, Esquire                                    March 19, 2008
Page 2


Finally, with regard to your 30(b)(6) subpoenas concerning AstenJohnson, we view each of those, pure and simple, as harassment and ask you to withdrawal them by the close of business on **Friday, March 21, 2008**.  If they are not withdrawn by that time, we will move for a protective order.

Very truly yours,

Volpe and Koenig, P.C.

By:_____
     Anthony S. Volpe

ASV/vag

cc:    All counsel of record via e-mail

# EXHIBIT S

LAW OFFICES

# GREENBLUM & BERNSTEIN, P.L.C.

PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPRZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERIBERT F. MUENSTERER, Ph.D. □ *
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL B. MOON
PAUL T. LEE △
JOHN V. MAZZOLA □
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D. □
AZZA JAYAPRAKASH
JONATHAN MILLER *

NEAL GOLDBERG
STEVEN B. POLLICOFF *
FAHD MAJIDUDDIN, Ph.D. □
SARAH J. SMALL
TODD HARDY *

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPERNER *
RICHARD J. McGRATH
BARRY I. HOLLANDER

TECHNICAL ADVISORS:
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
WALTER SCHLAPKOHL, Ph.D.

* ADMITTED TO A BAR OTHER THAN VA
◦ EUROPEAN PATENT ATTORNEY
△ KOREAN PATENT ATTORNEY
□ REGISTERED PATENT AGENT

March 11, 2008

**VIA EMAIL (PDF)**

Anthony S. Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Re:   *Voith v. Johnson Foils*, USDC for Delaware: 1:07-cv-00226-JJF;
      Our Ref: J214720

Dear Tony,

Regarding the Notices of Deposition which you recently served, please be advised that only Messrs. Böck, Brandauer, and Wulz are currently employed by Voith. We are checking on their availability. To facilitate the deposition process, please let us know how much time you will need to depose each witness, as it may be possible to schedule more than one deposition in a day. Additionally, please let us know how many hours you will need to complete the 30(b)(6) deposition.

Also, as English is not the witnesses' first language, we are determining whether the witnesses are willing to be deposed in English. However, even if a witness agrees to try to testify in English, we recommend that you make arrangements to have an interpreter present.

Lastly, for the convenience of the witnesses, the depositions will be conducted at our offices in Reston, Virginia. There is a Sheraton hotel one block away if you need a recommendation where to stay.

Very truly yours,

GREENBLUM & BERNSTEIN, P.L.C.

Michael J. Fink

# EXHIBIT T



**Volpe**
**and**
**Koenig**
P.C.

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

———— BRINGING LAW TO YOUR IDEAS ————

March 12, 2008

Anthony S. Volpe
avolpe@volpe-koenig.com

Michael J. Fink, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA   20191-1411

**VIA E-MAIL**

Re:   *Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.*
      U.S.D.C., District of Delaware, Civil Action No. 07-226

Dear Michael:

This responds to your March 11, 2008 letter regarding JohnsonFoils 30(b)(6) notice. It is our understanding from your letter that only Messrs. Böck, Brandauer and Wultz are currently employed by Voith, and that we are to contact the other inventors directly. Therefore, we repeat our request that you provide us with the last known addresses for each of these witnesses no later than March 14, 2008. In terms of scheduling, we expect, especially in light of potential issues, to depose each witness for the time provided under the Federal Rules of Civil Procedure.

With respect to having an interpreter available, please confirm whether or not your client is prepared to testify in English. To the extent that an interpreter is required, please be advised that we reserve the right to petition the court for the additional examination time.

Finally, we do not accept your proposal for moving the depositions to Reston, Virginia. Your client's action was commenced in the District of Delaware and we will proceed at the noticed location.

Very truly yours,

Volpe and Koenig, P.C.

By: _____
     Anthony S. Volpe, Esquire

ASV/cah

cc:  All Counsel of Record (via E-mail)

*Patents        Trademarks        Copyrights        Trade Secrets        Litigation        Licensing*

# EXHIBIT U

LAW OFFICES
# GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPRZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYBDANE
WILLIAM S. ROSSNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERIBERT F. MUENSTERER, Ph.D. □ *
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL B. MOON
PAUL T. LEE △
JOHN V. MAZZOLA □
JAMES KENNETH MOORE, JR.
ENOCH FEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D. □
AZZA JAYAPRAKASH
JONATHAN MILLER *

NEAL GOLDBERG
STEVEN B. POLLICOFF *
FAHD MAJIDUDDIN, Ph.D. □
SARAH J. SMALL

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPERNER *
RICHARD J. McGRATH
BARRY I. HOLLANDER

TECHNICAL ADVISORS:
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
WALTER SCHLAPKOHL, Ph.D.

_____

* ADMITTED TO A BAR
  OTHER THAN VA
◦ EUROPEAN PATENT ATTORNEY
△ KOREAN PATENT ATTORNEY
□ REGISTERED PATENT AGENT

March 18, 2008

## VIA EMAIL

Anthony S. Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Re:    *Voith v. Johnson Foils*, USDC for Delaware: 1:07-cv-00226-JJF;
<u>Our Ref: J214720</u>

Dear Tony,

Further to my letter to you yesterday, we want to finalize a schedule for both party's depositions as soon as possible so the necessary arrangements can be made. As such, please confirm by close of business tomorrow whether you are available to take the depositions of the Voith witnesses on April 17, 18, 29 and 30. As stated in my previous letter, it will be much easier on the witnesses who are travelling from Europe to be deposed at our offices in Reston, Virginia. Please also confirm by tomorrow, if possible, the availability of the noticed JohnsonFoils' witnesses during the week of April 21, 2008, and whether you prefer that the depositions be conducted somewhere other than at our local counsel's office in Delaware.

Lastly, with respect to the depositions which you have noticed of named inventors who no longer work for Voith, under German Law, Voith cannot provide you with the addresses of former employees.

Very truly yours,
GREENBLUM & BERNSTEIN, P.L.C.

Michael J. Fink

cc:    George Seitz, Esq.
       Adam Poff, Esq.

{J214720 00390738.DOC}

# EXHIBIT V

LAW OFFICES

# GREENBLUM & BERNSTEIN, P.L.C.

PATENT, COPYRIGHT AND TRADEMARK MATTERS

1950 ROLAND CLARKE PLACE

RESTON, VA 20191-1411

TEL: (703) 716-1191

FAX: (703) 716-1180

EMAIL: gbpatent@gbpatent.com

www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPRZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM L. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERIBERT F. MUENSTERER, Ph.D. ◻ *
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL R. MOON
PAUL T. LEE △
JOHN V. MAZZOLA ◻
JAMES KENETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D. ◻
AZZA JAYAPRAKASH
JONATHAN MILLER *

NEAL GOLDBERG
STEVEN B. POLLICOFF *
FAHD MAJIDUDDIN, Ph.D. ◻
SARAH J. SMALL

OF COUNSEL :
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPENNER *
RICHARD J. McGRATH
BARRY I. HOLLANDER

TECHNICAL ADVISORS :
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
WALTER SCHLAPKOHL, Ph.D.

* ADMITTED TO A BAR
OTHER THAN VA
◦ EUROPEAN PATENT ATTORNEY
△ KOREAN PATENT ATTORNEY
◻ REGISTERED PATENT AGENT

March 20, 2008

## VIA EMAIL

Anthony S. Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA  19103

Re:    *Voith v. Johnson Foils*, USDC for Delaware: 1:07-cv-00226-JJF;
          Our Ref: J214720

Dear Tony,

This letter is in response to your letter of March 19, 2008.

As you are well aware, Voith's Motion for a Protective Order is presently pending before the Court. That motion requests, *inter alia,* that the Court impose a prosecution bar. It is clear that you do not agree with the relief which Voith has requested, but frankly that is irrelevant at this point. The issue is before the Court.

The witnesses, Messrs. Böck, Brandauer, and Wulz, are willing to try testifying in English to the extent they can. That said, you will still need to have an interpreter available in the event that a witness cannot understand any questions. We have not yet determined who will be designated as the Rule 30(b)(6) witness(es), but it will be one or more of these three individuals. Again, for the convenience of the witnesses, we request that you agree to conduct the depositions at our offices in Reston, Virginia.

With respect to experts, we propose that the parties stipulate as follows:

Documents and information designated as Confidential, Highly Confidential and/or Attorneys Eyes Only shall not be made available to or disclosed to any potential expert until the party wishing to make such disclosure provides to the producing party (i) a written notice identifying such individual

{J214720 00392653.DOC 2}

Anthony S. Volpe, Esq                March 20, 2008                        Page -2-

and stating such individual's present occupation, employer and position, and all other business affiliations for the past ten (10) years, and (ii) an up-to-date copy of such individual's curriculum vitae. The producing Party shall have five (5) business days following the date of the notice to object to the proposed disclosure. If the producing party has not objected in writing by the end of the five days, provided that the expert executes the Declaration in the form attached hereto, documents designated as Confidential, Highly Confidential and/or Attorneys Eyes Only, copies thereof, and the information contained therein may be disclosed to the expert. A timely objection from the producing party shall stay disclosure to the proposed individual.

The parties shall make a good faith effort to resolve any dispute over an objection. If the parties are unable to resolve their dispute in good faith, the party to whom the objection has been made shall so advise the objecting party in writing. To preserve the objection, the objecting party must seek relief from the Court within ten (10) days, computed in accordance with Fed. R. Civ. P. 6 and the Delaware Court's Local Rules, of the effective date of service of the notice that the parties are unable to resolve the dispute. If the objecting party fails to seek relief within that time period, the objection shall be deemed withdrawn. If the objecting party timely requests relief from the Court as provided above, there shall be no disclosure of Confidential, Highly Confidential and/or Attorneys Eyes Only Information to such proposed-to-be-designated person, except by agreement of the parties or further order of the Court.

As you have already been provided the necessary information regarding Mr. Waller, please let me know if you have any objection to him having access to documents designated as Confidential, Highly Confidential and/or Attorneys Eyes Only. I will send you the requisite Declaration executed by Mr. Waller, if the proposed stipulation is acceptable.

With respect to the use of documents designated Attorneys Eyes Only by JohnsonFoils' during the depositions of third parties, the types of documents would be those previously provided to the third party, or in good faith believed to have been previously provided to the third party, and any technical documents, including but not limited to drawings, pictures and specifications, concerning the third party's paper machine/facility.

As for your request that we provide you with a copy of the German law which relates to the disclosure of personal information to a third party, I will make an inquiry.

Also, please confirm the availability of JohnsonFoils' witnesses on the days noticed. Additionally, please let me know who will be designated as the Rule 30(b)(6) witness(es).

{J214720 00392653.DOC 2}

Anthony S. Volpe, Esq                    March 20, 2008                        Page -3-

     Lastly, regarding the subpoena on JohnsonFoils' parent company, AstenJohnson, which is also in the paper making field, it is not meant to harass. We are not willing to withdraw it.

                                     Very truly yours,
                                     GREENBLUM & BERNSTEIN, P.L.C.

                                     Michael J. Fink

Enc.:   Form Declaration

cc:     George Seitz, Esq.
        Adam Poff, Esq.

Anthony S. Volpe, Esq                March 20, 2008                        Page -4-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG,           )
                                     )
                Plaintiff,           )
                                     )
        v.                           )        C.A. No. 07-226-JJF
                                     )
JOHNSONFOILS, INC.,                  )
                                     )
                Defendant.           )
_____)

### DECLARATION

I, _____, declare that:

1.      All documents and information designated as Confidential, Highly Confidential and/or Attorneys Eyes Only shall be used only in connection with the above captioned litigation.

2.      I shall not use any documents and information designated as Confidential, Highly Confidential and/or Attorneys Eyes Only for any business, competitive or other purpose, and shall not disclose such designated documents and information to any person or entity, other than outside counsel of record, and their employees, representing either of the parties in the above captioned litigation.

3.      I understand that the Court may enter a protective order in this case, and I agree to be bound by the terms of any protective order which is entered by the Court in this case.

4.      I hereby agree under penalty of contempt of court that I shall not disclose or use any documents and information designated as Confidential, Highly Confidential and/or Attorneys Eyes Only except as provided above.

5.      I hereby agree and submit to the exercise of the personal jurisdiction over me by the United States District Court for the District of Delaware  insofar as is necessary to enforce this Declaration.

                        Name:_____

                        Date: _____

{J214720 00392653.DOC 2}

# EXHIBIT W

**Volpe
and
Koenig**
P.C.

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

——————— BRINGING LAW TO YOUR IDEAS® ———————

April 1, 2008

Anthony S. Volpe
avolpe@volpe-koenig.com
**VIA E-MAIL**

Michael J. Fink, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191

Re:   *Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.*
      Civil Action No. 07-226

Dear Michael:

This summarizes our discussions during today's conference call.

    1.   <u>Stipulated protective order governing expert witnesses and third party depositions</u>. Voith will draft for submission to the court a proposed stipulated protective order controlling disclosure of documents designated as "Attorneys Eyes Only" under Local Rule 26.2 to expert witnesses and third parties during depositions. The proposed protective order will include proposed provisions to govern: (1) the showing of party documents to third parties were the intended recipients of or the possible author of the document, and (2) the disclosure to experts in general and potentially as deposition attendees. To the extent, the Court does not rule on the stipulated protective order after a reasonable time, the parties will agree to be bound by it pending a court ruling.

    JohnsonFoils' willingness to advance the discovery process is not to be taken as any concession or agreement that any third party discovery should be taken before the Court hearing scheduled for May 9, 2008.

    2.   <u>Location of German inventors</u>. The parties disagree on the scope of German law governing the disclosure of last known addresses of an inventor no longer employed by Voith. Before JohnsonFoils takes any further action, you agreed to review the matter with German counsel and to ask Voith to contact its former employees and determine if there is any objection to disclosing an address to JohnsonFoils' attorneys.

    3.   <u>Location of depositions</u>. The parties disagree whether JohnsonFoils as a counterclaimant can be forced to be deposed in Delaware as opposed to its place of business in Springfield, Massachusetts. The parties agreed to discuss the issue with local counsel. After the call, JohnsonFoils local counsel, who joined the

*Patents*    *Trademarks*    *Copyrights*    *Trade Secrets*    *Litigation*    *Licensing*



Michael J. Fink, Esquire                                                          April 1, 2008
Page 2

conference near the end, confirmed the lack of any rule or case law that is contrary to JohnsonFoils' position that its employees must be deposed in Springfield.

    4.    <u>Availability of Witnesses</u>.  JohnsonFoils will postpone all depositions of Voith witnesses until the issue regarding the translation of German documents has been resolved by the Court.  JohnsonFoils is checking with its witnesses to determine their availability for depositions in Springfield, Massachusetts on the previously identified April dates.  Once Voith has that information, it will decide whether it wishes to proceed with the depositions in Springfield or wait until the dispute regarding the location of depositions is resolved.

    5.    <u>German Document Translations and the Extension of Discovery</u>.  Voith will not agree to extend the discovery period or provide translations of the German documents it produced.  Voith also claims that it does not have any German translations of those documents.  Voith stated that it will oppose a motion to extend the discovery period in view of the 100,000 plus pages of German documents and it will oppose a motion compelling Voith to translate the documents.

    6.    <u>Outstanding Voith Paper, Inc. subpoena</u>.  Voith was not prepared to discuss this issue.  JohnsonFoils maintains its position that Voith must confirm that it has collected and produced all responsive documents available to Voith Paper, Inc, produced those documents, and provide a means for JohnsonFoils to identify those documents in the absence of a separate identified production.  If Voith does not provide that information forthwith, JohnsonFoils will move to enforce the subpoena.

We look forward to hearing from you on the above in the very near future.

Very truly yours,

Volpe and Koenig, P.C.

By:    _____
       Anthony S. Volpe

ASV/cps
cc:    All counsel of record via e-mail

# EXHIBIT X



**Volpe and Koenig** P.C.

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

———————— BRINGING LAW TO YOUR IDEAS ————————

Anthony S. Volpe
avolpe@volpe-koenig.com

Michael J. Fink, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191

**VIA E-MAIL and FIRST-CLASS U.S.MAIL**

Re:   *Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.*
      U.S.D.C., D. of Del., Civil Action No. 07-226

Dear Michael:

I am writing to express our concern over your insistence on third-party depositions despite the May 9, 2008 hearing on JohnsonFoils' and AstenJohnson's protective order motions.  You are doing so with full knowledge that we are filing for at least a ninety (90) day extension of discovery.  Your recent production of over 100,000 pages of German language documents and a notification that the inventors need to be deposed through a German interpreter justify additional discovery time.  As you know, courts routinely recognize agreements to take discovery out of time so that issues pending before the court can be resolved prior to the discovery.

Your effort to burden potential deponents, who are third-party customers, with choosing between the potential for an improper disclosure of AstenJohnson's or JohnsonFoils' information or multiple depositions is unreasonable. Furthermore, your document requests are well beyond the court's Scheduling Order which required that all document discovery be completed by February 15, 2008.  Voith has long been aware of the third-party customers and there is no reason, other than harassment, why discovery could not have been timely requested within the time provided by the Scheduling Order.

In view of the above, we ask that you immediately confirm that you will <u>not</u> proceed with any third-party discovery before the court's May 9, 2008 hearing.

Very truly yours,

Volpe and Koenig, P.C.

By: _____
    Anthony S. Volpe

ASV/cah
cc:  All counsel of record via e-mail

*Patents      Trademarks      Copyrights      Trade Secrets      Litigation      Licensing*

# EXHIBIT Y

LAW OFFICES
# GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPRZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERIBERT F. MUENSTERER, Ph.D. ☐ *
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL B. MOON
PAUL T. LEE △
JOHN V. MAZZOLA ☐
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D. ☐
AZZA JAYAPRAKASH
JONATHAN MILLER *

STEVEN B. POLLICOFF *
FARD MAJDUDDIN, Ph.D. ☐
SARAH J. SMALL
TODD HARDY *
BO BIN JANG, Ph.D. ☐

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPERNER *
RICHARD J. McGRATH
BARRY I. HOLLANDER

TECHNICAL ADVISORS:
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
WALTER SCHLAPKOHL, Ph.D.

* ADMITTED TO A BAR
  OTHER THAN VA
☐ EUROPEAN PATENT ATTORNEY
△ KOREAN PATENT ATTORNEY
◊ REGISTERED PATENT AGENT

April 3, 2008

<u>**VIA EMAIL**</u>

Anthony S. Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Re:     *Voith v. Johnson Foils*, USDC for Delaware: 1:07-cv-00226-JJF;
<u>Our Ref: J214720</u>

Dear Tony,

This letter is in response to your undated letter transmitted by email yesterday evening concerning third-party depositions. You state in that letter that JohnsonFoils will be "filing for at least a ninety (90) day extension of discovery." When we conferred, you stated that JohnsonFoils would be seeking a ninety (90) day extension, not "at least a ninety (90) day extension." In either event, as I previously informed you, we will oppose any request for an extension which may affect the trial date in November.

As for your complaint that Voith produced German language documents, that should not be surprising because Voith is a German company. Moreover, when Voith produced documents to you, on more than one occasion you refused to inspect them and actually returned the documents to us. Thus, any assertion that you do not have enough time to properly review Voith's document production is a result of your own actions. I doubt the Court will condone your repeated refusals to inspect Voith's documents as good cause to extend the discovery period.

Furthermore, contrary to your statement that "the inventors need to be deposed through a German interpreter," we stated in our letter of March 20, 2008, that "The witnesses .... are willing to try testifying in English to the extent they can. That said, you will still need to have an interpreter available in the event that a witness cannot understand any questions." (It appears

Anthony S. Volpe, Esq.                April 3, 2008                         Page -2-

you may have misunderstood our letter.)  Moreover, if additional time were needed due to interpreters, we would be reasonably accommodating.

As to your assertion that Voith is trying to burden third-party customers, nothing could be further from the truth.  For example, International Paper, one of the third-party customers noticed for deposition, is a customer of both Voith and JohnsonFoils.  Moreover, I am working with the counsels for the third-party customers to minimize the burden associated with any deposition.  If the third-party customers are willing to proceed with the depositions, I see no grounds for JohnsonFoils to object.  Any JohnsonFoils' documents which a third-party customer may have in its possession relevant to the issues raised in the litigation should not be problematic, unless JohnsonFoils failed to produce them.  Any JohnsonFoils documents in the possession of a third-party customer can be produced and maintained as confidential under Local Rule 26.2.

As for your assertions that the third-party customers would be subject to multiple depositions, please explain the basis for this assertion.  Do you anticipate that the third-party customers will be obstructive and non-responsive?

The Scheduling Order entered in our case requires that fact discovery be completed by April 30, 2008.  We are using our best efforts to complete fact discovery by that date.  I understand that certain JohnsonFoils' witnesses are not available, but they must be the exceptions, not the rule.  We offered to make Voith's witnesses available for depositions in Delaware, and after you agreed to the dates, you unilaterally decided not to take them.

From the start of this litigation, JohnsonFoils has attempted to delay and drag out the case.  The Court denied JohnsonFoils' request for a stay, and the case is moving ahead.  The parties are required to comply with the Scheduling Order, which cannot be changed without good cause.  Accordingly, we intend to proceed with third-party discovery, and I strongly recommend that you do not take any action to delay the depositions where the third-party is willing to go forward.

Very truly yours,

GREENBLUM & BERNSTEIN, P.L.C.

Michael J. Fink

cc:     George Seitz, Esq.
        Adam Poff, Esq.

MJF/mis

{J214720 00403088.DOC}

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 8th day of April 2008, I electronically filed the foregoing pleading with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.  Further, I caused a copy of the foregoing pleading to be served upon the following counsel of record in the manner so noted:

**Via Hand Delivery**
Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899

**Via Electronic Mail**
Neil F. Greenblum, Esquire
Neal Goldberg, Esquire
Michael J. Fink, Esquire
Greenblum & Bernstein, PLC
1950 Roland Clarke Place
Reston, Virginia  20191

/s/  *Patricia P. McGonigle*
_____
Patricia P. McGonigle (DE3126)
pmcgonigle@svglaw.com

64353 v1