IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG.,       )
                                  )
          Plaintiff               )
                                  )
     v.                           )    Civil Action No. 07-226 (JJF)
                                  )
JOHNSONFOILS, INC.,               )
                                  )
          Defendant               )

**PLAINTIFF VOITH PAPER GMBH & CO. KG'S ANSWERING
BRIEF IN OPPOSITION TO JOHNSONFOILS, INC.'S MOTION
FOR AN ORDER OF PROTECTION FROM THE MARCH 14, 2008
SUBPOENAS SERVED BY VOITH PAPER GMBH & CO. KG**

Adam W. Poff (# 3990)
Andrew A. Lundgren (# 4429)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
Telephone: (302) 571-6600
Fax: (302) 571-1253

*Attorneys for Plaintiff Voith Paper GMBH & Co. Kg.*

OF COUNSEL:

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
P. Branko Pejic
1950 Roland Clarke Place
Reston, VA 20191
Telephone: (703) 716-0081
Fax: (703) 716-1180

Dated: April 11, 2008.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES...............................................................................................i

I.    INTRODUCTION..................................................................................................1

II.   NATURE AND STAGE OF PROCEEDINGS.......................................................1

III.  SUMMARY OF THE ARGUMENT......................................................................3

IV.   ARGUMENT

      A.    Legal Authority.................................................................................................5

      B.    The Subpoenas To AstenJohnson,
            AbitibiBowater, And International
            Paper Are Not Overly Broad............................................................................6

      C.    Voith Has Taken Steps To Ensure
            That The Subpoenas Are Not Overly
            Burdensome, Annoying Or Harrassing..............................................................8

      D.    Discovery Regarding The Associated Sales
            Establishing The Irreparable Harm To
            Voith Cannot Be Obtained From JohnsonFoils...................................................9

      E.    This Motion Appears To Have Been Brought
            For Purposes Of Delaying The Litigation
            And Needlessly Multiplies The Proceedings......................................................9

V.    CONCLUSION ......................................................................................................10

## TABLE OF AUTHORITIES

**Page**

**Cases**

*American Seating Co. v. USSC Group, Inc.,*
    514 F.3d 1262 (Fed. Cir. 2008) ...................................................................7

*Cash Today of Texas, Inc. v. Greenberg,*
    2002 WL 31414138 (D. Del. 2002).....................................................5, 7, 8, 9

*Corning Inc. v. SRU Biosystems, LLC,*
    223 F.R.D. 191 (D. Del. 2004) .................................................................5

*Degen v. United States,*
    517 U.S. 820 (1996) ...............................................................................5

*Falkenberg Capital Corp. v. Dakota Cellular, Inc.,*
    1998 WL 552966 (D. Del. 1998)..............................................................5

*Pansy v. Borough of Stroudsburg,*
    23 F.3d 772 (3d Cir. 1994) .....................................................................5

*Royal Indem. Co. v. Pepper Hamilton LLP,*
    2006 WL 3827452 (D. Del. 2006)..............................................................5

*Verizon Services Corp. v. Vonage Holdings Corp.,*
    503 F.3d 1295 (Fed. Cir. 2007) ...............................................................6

**Rules**

Fed. R. Civ. P. 26.........................................................................................8

Fed. R. Civ. P. 26(c) ....................................................................................1

Fed. R. Civ. P. 26(c)(1) ................................................................................8

Fed. R. Civ. P. 45.........................................................................................8

L.R. 26.2 .................................................................................................3, 7

DB02:6735207.1                                                              066310.1001

## I.    INTRODUCTION

JohnsonFoils' motion for protective order pursuant to Rule 26(c) should be denied because the subpoenas served by Voith seek highly relevant information that Voith expects to use at trial to substantiate its claims for infringement and damages and its request for an injunction. This information sought is not available from defendant JohnsonFoils. Furthermore, as detailed below, it appears that the instant Motion has been interposed solely for purposes of delay and needlessly multiplies the litigation.

## II.    NATURE AND STAGE OF PROCEEDINGS

There are two pending substantially identical Motions For Protective Order pending before the Court. One Motion was filed by AstenJohnson [D.I. 111] and the other Motion was filed by defendant JohnsonFoils [D.I. 113]. This Brief is in opposition to the Motion filed by JohnsonFoils [D.I. 113].

On March 14, 2008 Voith served subpoenas on AstenJohnson, Inc. ("AstenJohnson"), AbitibiBowater, Inc. ("AbitibiBowater"), and International Paper Company ("International Paper") requesting documents and things; inspection, photographing and videotaping of designated premises; and requesting the taking of testimony from designated individuals. (*See* JF Ex. H-K, D.I. 113-3, pp. 18-19, 21-22, 32-33 and 43-44).[1] AstenJohnson is defendant JohnsonFoils' parent company that provides, *inter alia*, follow-on goods, including certain claimed elements of the Patents-in-Suit, *i.e.*, wires (fabrics), and services after the infringing paper machine rebuilds performed by JohnsonFoils; AstenJohnson and JohnsonFoils are also being represented by the same counsel in this matter. AbitibiBowater and International Paper are

---

[1]    "JF Ex." denotes the exhibit referenced in the JohnsonFoils' Motion for Protective Order [D.I. 113].

customers of JohnsonFoils' infringing rebuild activities, and also purchase AstenJohnson's associated follow on goods and services.

The discovery sought in the subpoenas is directed to the customers' operation of the rebuilt paper making machines in an infringing fashion and the business dealings between AbitibiBowater, International Paper and any other customers, and JohnsonFoils and AstenJohnson for paper machine rebuilds and follow on goods and services. This is highly relevant discovery reasonably seeking evidence of infringement as well as the damages and irreparable harm being suffered by Voith as a result of JohnsonFoils' infringing activities.

Besides being an improper ploy to deny Voith highly relevant evidence, JohnsonFoils' Motion For Protective Order goes beyond attempting to limit discovery of AstenJohnson and JohnsonFoils alone. JohnsonFoils also seeks to improperly limit discovery of its customers.

However, it appears that JohnsonFoils brought its Motion without contacting AbitibiBowater and International Paper. The customers have not formally challenged Voith's subpoenas, but have instead cooperated with Voith. Counsel for the customers have contacted Voith's counsel about the requested discovery and agreement has been reached on most, if not all, issues. (Exhibit 1). Meanwhile, JohnsonFoils has sought to obstruct and interfere with this discovery process. (Exhibit 2).

AbitibiBowater has already provided discovery sought in connection with the AbitibiBowater facility located in Snowflake, Arizona, and has agreed to provide discovery relating to its Calhoun, Tennessee facility. International Paper, likewise, has agreed to provide discovery relating to its Courtland, Alabama facility. In fact, it is likely that all discovery of the customers will be completed by the time this Motion is heard. As such, JohnsonFoils' arguments in this respect are both improper and appear to be moot.

2

Because the subpoenas seek relevant discovery of infringement, damages and irreparable harm, and given the customers' cooperation in providing this relevant discovery, Voith submits that there is no good faith basis for, nor good cause supporting JohnsonFoils' instant Motion.

## III.   SUMMARY OF THE ARGUMENT

1.      JohnsonFoils' Motion For Protective Order should be denied.  Voith's subpoenas seek highly relevant information relating to, *inter alia*, infringement and the damages and irreparable harm to Voith caused by defendant JohnsonFoils' infringing rebuilds of paper making machines.  This information is generally not available from defendant JohnsonFoils.  Moreover, to the extent that the requested information is designated business confidential, Voith will maintain it as attorneys' eyes only pursuant to Local Rule 26.2, such that Voith will not have access to AstenJohnson's and JohnsonFoil's business confidential information.

2.      Defendant JohnsonFoils specializes in equipment for paper machines, including rebuilds for customers such as AbitibiBowater and International Paper.  JohnsonFoils' parent, AstenJohnson, is a supplier of paper machine and paper making accessories, including paper forming fabrics, *i.e.*, the "wire" in twin-wire formers, to the same customers.

3.      JohnsonFoils' infringing activities have foreclosed Voith from the North American paper machine rebuild market.  These infringing activities have also resulted in Voith being foreclosed from the associated follow on business such as training, support, and sales of other goods and services flowing from the rebuild itself.  As noted in the Declaration of Karl-Josef Böck [D.I. 88], damages relating to the infringing rebuild activities are a fraction of the harm suffered by Voith.  The follow on goods and services provided by AstenJohnson after a successful rebuild by JohnsonFoils contribute to the irreparable harm to Voith.  Moreover, the

patents-in-suit expire in 2010. As such, time is of the essence, and the paramount remedy sought by Voith is an injunction.

4.      Discovery of the relationship and inter-workings between JohnsonFoils and AstenJohnson in the paper machine and related goods and services businesses are also highly relevant as AstenJohnson's sales of follow on goods and services may be considered "convoyed sales," and thus included in the computation of money damages due Voith.

5.      Accordingly, Voith's requests for such discovery of AstenJohnson, and customers of the infringing machines and the goods and services, seek highly relevant information. The customers have recognized that such information is inexorably related to technical information relating to the rebuild itself and have agreed to cooperate and provide discovery. It further goes without saying that the requested information relating to the associated follow on sales of the goods and services and accessories, such as training, support and paper forming fabrics to the customers by AstenJohnson, is not available from JohnsonFoils.

6.      Moreover, AstenJohnson and JohnsonFoils are represented by the same counsel, and appear to be working in concert to deny Voith this relevant discovery. AstenJohnson, unlike the customers, never discussed the subpoena with Voith, and JohnsonFoils hastily moved for a protective order. Similtaneously, JohnsonFoils' filed the instant Motion For Protective Order which mirrors AstenJohnson's co-pending Motion For Protective Order. In this respect, it is noteworthy that the subpoenas to AstenJohnson, AbitibiBowater, and International Paper sought substantially similar information, and compromise was reached accommodating the customers and Voith. [*See* JF Ex. H-K, D.I. 113].

7.      In view of the above and particularly Voith's express desire for an injunction, it is clear that JohnsonFoils and AstenJohnson have conspired to delay the proceedings and to deny

4

Voith this critical discovery establishing infringement and the irreparable harm being suffered. For the foregoing reasons, JohnsonFoils has failed to show good cause, and no protective order is warranted in this case.

## IV.    ARGUMENT

### A.    Legal Authority

A party is entitled as a general matter to discovery of any information sought if it appears "reasonably calculated to lead to the discovery of admissible evidence." *Degen v. United States*, 517 U.S. 820 (1996) (quoting Fed.R .Civ.P. 26(b)(1)).

To prevail on a motion for a protective order under Rule 26, "the movant must demonstrate good cause for a protective order." *Royal Indem. Co. v. Pepper Hamilton LLP*, 2006 WL 3827452 at *2 (D. Del. 2006) (citing Fed.R.Civ.P. 26(c)). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (quoting *Publicker Indus. Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

"Rule 26 requires striking a balance between the countervailing legitimate interests and accommodating the needs of both parties." *Corning Inc. v. SRU Biosystems, LLC*, 223 F.R.D. 191, 194 (D. Del. 2004) (citing *BNS Inc. v. Koppers Co.*, 683 F.Supp. 454, 457 (D. Del. 1988)). "It is axiomatic that the discovery rules are to be construed liberally in favor of the party seeking discovery." *Falkenberg Capital Corp. v. Dakota Cellular, Inc.*, 1998 WL 552966 at *4 (D. Del. 1998). "Only if 'it is palpable that the evidence sought can have no possible bearing upon the issues should a court deny discovery by quashing a subpoena.'" *Cash Today of Texas, Inc. v. Greenberg*, 2002 WL 31414138 at *1 (D. Del. 2002) (quoting *Hercules Powder Co. v. Rohm & Haas Co.*, 3 F.R.D. 302, 304 (D. Del. 1943)).

**B.    The Subpoenas To AstenJohnson, AbitibiBowater,
And International Paper Are Not Overly Broad**

As noted above, the discovery sought in the subpoenas is directed to infringement and the

business dealings between AbitibiBowater, International Paper and any other customers, and

JohnsonFoils and AstenJohnson for paper machine rebuilds and follow on goods and services.

This is highly relevant discovery reasonably seeking evidence of the damages and irreparable

harm being suffered by Voith as a result of JohnsonFoils' infringing activities.

JohnsonFoils specializes in the infringing rebuilds of the paper forming machine, while

AstenJohnson's business is directed to the sale of follow on goods and services flowing from the

rebuild.  The customers for both the rebuilds and follow on goods and services, such as

AbitibiBowater and International Paper, are essentially the same.  It is the customers' purchase

of these follow on goods and services that results in further damages and irreparable harm to

Voith.  Additionally, it is the customers that operate the infringing rebuilt paper making

machines which perform the infringing method.  All of the requested information is highly

relevant to establishing the irreparable harm caused by JohnsonFoils' infringement and

AstenJohnson's sales of the follow on goods and services.  *Verizon Services Corp. v. Vonage*

*Holdings Corp.*, 503 F.3d 1295, 1310 (Fed. Cir. 2007) (upholding injunction and finding of

irreparable hard based, *inter alia*, on "lost opportunities to sell other services to the lost

customers.").

Further, discovery of the relationship and inter-workings between JohnsonFoils and

AstenJohnson in the paper machine business are necessary as AstenJohnson's sales of goods and

services may be considered "convoyed sales."  A "convoyed sale" refers to the relationship

between the sale of a patented product and a functionally associated non-patented product, and a

patentee may recover damages based upon unpatented components sold with a patented item,

6

*i.e.*, a convoyed sale, if both the patented and unpatented products "together were considered to be components of a single assembly or parts of a complete machine, or they together constituted a functional unit." *American Seating Co. v. USSC Group, Inc.*, 514 F.3d 1262, 1268 (Fed. Cir. 2008) (quoting *Rite-Hite Corp. v. Kelley Co. Inc.*, 56 F.3d 1538, 1550 (Fed. Cir. 1995)). Here, there is no doubt that components for paper making machines, including the wires (fabrics), are claimed and constitute a functional unit.

Moreover, JohnsonFoils has not and cannot identify any specific harm or injury to it should AstenJohnson should be required, like the customers are doing, to comply with the subpoenas. *Cash Today of Texas*, 2002 WL 31414138 at \*3 (citing *Composition Roofers Union Local 30 Welfare Trust Fund v. Graveley Roofing Enterprises, Inc.*, 160 F.R.D. 70, 72 (E.D. Pa. 1995)). JohnsonFoils merely, and incorrectly, asserts that sensitive information would be provided to Voith, a direct competitor. "[H]owever, . . . 'blanket and generalized' assertions of confidentiality, absent allegations regarding specific harm, are not sufficient to sustain a motion [for a protective order]." *Cash Today of Texas*, 2002 WL 31414138 at \*1 (citing *United States v. IBM*, 81 F.R.D. 628, 630 (S.D.N.Y. 1979) (assertions that information is "confidential and sensitive" and that disclosure would cause "severe and irreparable injury" are not sufficient)).

JohnsonFoils' arguments also ignore that Voith has agreed to abide by Local Delaware Rule 26.2, which currently governs discovery pending entry of a protective order. As such, any information provided would be maintained "outside attorneys' eyes only" under Rule 26.2, and maintained confidential pursuant to any designation under a protective order entered in the future.[2] "In determining if disclosure would be harmful, the court must consider 'not the injury

---

[2]    It bears noting that Voith, unlike JohnsonFoils, has sought a protective order containing a "prosecution bar." If the Court enters Voith's proposed protective order [D.I. 53], attorneys involved in prosecution of patent applications relating to the subject matter of this litigation

that would be caused by public disclosure, but the injury that would result from disclosure under an appropriate protective order.'" *Cash Today of Texas*, 2002 WL 31414138 at *3 (citations omitted). Here, Voith would not have access to any of JohnsonFoils purportedly sensitive information, and JohnsonFoils' motion should be denied. "[D]iscovery is virtually always ordered once the movant has established that the secret information is relevant and necessary." *Id.*

### C.     Voith Has Taken Steps To Ensure That The Subpoenas Are Not Overly Burdensome, Annoying Or Harassing

Voith has taken considerable steps to ensure that the subpoenas served on AstenJohnson, AbitibBowater, and International Paper are not an annoyance or embarrassment, nor are oppressive or unduly burdensome. *See* Fed. R. Civ. P. 26(c)(1). Contrary to the disingenuous characterization by JohsnonFoils of Voith's document requests and topics served along with the Subpoenas, Voith has asked each subpoena recipient for very specific information in order to comply with the spirit of Fed. R. Civ. P. 26 and 45. In the request for documents attached to the AstenJohnson subpoena, Voith does <u>not</u> ask for (as AstenJohnson has mischaracterized) "<u>all</u> aspects of AstenJohnson's business and <u>any</u> relationship with JohnsonFoils." [D.I. 113 at 5 (emphasis added)]. Rather, Voith requests documents regarding AstenJohnson's specific involvement with JohnsonFoils' paper machine rebuilds, thus reducing any likelihood that the burden on AstenJohnson or the customers to produce documents would be considered undue. (*See* JF Ex. H, D.I. 113-3 p. 15, Document Request Nos. 2-6).

---

will be precluded from access to documents produced in this litigation. In the interest of fairness, counsel for Voith is currently subjecting itself to such a prosecution bar (in addition to abiding by Local Rule 26.2) while awaiting the Court to rule on the protective order motions. [D.I. 53].

8

**D.    Discovery Regarding the Associated Sales Establishing the Irreparable Harm to Voith Cannot Be Obtained From JohnsonFoils**

As discussed above, discovery regarding the sales of services and goods, including paper forming felts, accompanying a paper making machine rebuild are available only from AstenJohnson, the company providing these services and products, and the customers of these goods and services. JohnsonFoils has expressly asserted that it and AstenJohnson are separate companies; and that it, JohnsonFoils, specializes in the rebuild of the paper making machines, while it is AstenJohnson that provides the follow on goods and services. As such, JohnsonFoils' Motion should be denied. "To paraphrase Judge Hand, then, unless [AstenJohnson and the customers are] required to respond to the subpoena, [Voith] will be unable to learn [the extent that JohnsonFoils] ha[s] done them a wrong. *Cash Today of Texas*, 2002 WL 31414138 at *5 (citing *Grasselli Chemical Co. v. National Aniline & Chemical Co.*, 289 F. 379, 381 (S.D.N.Y. 1920)).

**E.    This Motion Appears to Have Been Brought For Purposes of Delaying the Litigation and Needlessly Multiplies the Proceedings**

Delay by JohnsonFoils is a common theme running throughout this litigation. Initially, JohnsonFoils filed a motion to stay the case on August 28, 2007 which was denied on March 31, 2008. [D.I. 114]. The Motion to Stay is yet another basis cited by JohnsonFoils in support of this motion, which is now moot. The close of fact discovery is still set for April 30, 2008, and trial is set for November 5, 2008.

Upon failing at that attempt to delay, JohnsonFoils has now requested a 90 day extension of the discovery period [D.I. 118], which Voith will oppose as there is absolutely no good cause to modify the scheduling order as JohnsonFoils' requests. The basis for JohnsonFoils request to extend discovery is that it does not have enough time to translate Voith's German language

9

documents before the close of fact discovery. This, however, is a predicament of JohnsonFoils' own making. JohnsonFoils twice returned documents produced by Voith citing disagreement with Voith's stipulations enumerated in its request for a Protective Order. (Exhibit 3). JohnsonFoils eventually changed its position and accepted Voith's production; despite the fact that no protective order had been entered. (Exhibit 4). This is not good cause. Moreover, as discussed herein, Voith is being irreparably harmed by JohnsonFoils' infringing activities, and time is of the essence.

The instant Motion is yet another example of JohnsonFoils (this time in concert with its parent company) seeking to delay the proceedings, and denying Voith targeted discovery from non-parties. The instant Motion should therefore be denied.

## V.    **CONCLUSION**

JohnsonFoils has improperly brought this Motion For Protective Order. The subpoenas served on AstenJohnson, as well as on AbitibiBowater and International Paper, are proper as they request targeted relevant evidence pertaining to infringement, damages and the irreparable harm currently being suffered by Voith. The Motion may also be moot to the extent that all discovery requested in with the subpoenas served on the customers will likely be completed

10

before the hearing date set for May 9, 2008.  Accordingly, Plaintiff Voith respectfully requests

the Court to deny JohnsonFoils' Motion For Protective Order.

                                    YOUNG CONAWAY STARGATT & TAYLOR, LLP

                                    _____
                                    Adam W. Poff (# 3990)
                                    Andrew A. Lundgren (# 4429)
                                    The Brandywine Building
                                    1000 West Street, 17th Floor
                                    Wilmington, Delaware 19899
                                    Telephone:  (302) 571-6600
                                    Fax:  (302) 571-1253
                                    apoff@ycst.com

                                    *Attorneys for Plaintiff Voith Paper GMBH & Co. Kg.*


OF COUNSEL:

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
P. Branko Pejic
1950 Roland Clarke Place
Reston, VA 20191
Telephone:  (703) 716-0081
Fax:  (703) 716-1180


Dated:  April 11, 2008.

066310.1001

## CERTIFICATE OF SERVICE

I, Adam W. Poff, hereby certify that on April 11, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> George H. Seitz, III, Esquire
> Patricia P. McGonigle, Esquire
> SEITZ, VAN OGTROP & GREEN, P.A.
> 222 Delaware Avenue
> Suite 1500
> P.O. Box 68
> Wilmington, DE 19899

I further certify that on April 11, 2008, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

> Anthony S. Volpe, Esquire
> Ryan W. O'Donnell, Esquire
> Volpe and Koenig
> United Plaza, Suite 1600
> 30 South 17th Street,
> Philadelphia, PA 19103

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Adam W. Poff*
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
apoff@ycst.com

# Exhibit 1

## FAHD MAJIDUDDIN

**From:**      Melanie.Allaire@Abitibibowater.com
**Sent:**      Thursday, April 03, 2008 2:53 PM
**To:**        MICHAEL FINK
**Cc:**        Robert Kreizenbeck
**Subject:**   Re: RE Snowflake subpoena; Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc. (Our Ref. No. J214720)

Michael,

I confirm that you can contact Rob to make the arangements. I understand that you questions are going to be related to this document request.

Regards,

Mélanie

----- Original Message -----
**From:** "MICHAEL FINK" [MFINK@gbpatent.com]
**Sent:** 03/04/2008 02:35 PM
**To:** Melanie Allaire
**Subject:** RE Snowflake subpoena; Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc. (Our Ref. No. J214720)

Hi Melanie,

Following up on our telephone conversation and my earlier email this morning, please confirm that the Snowflake inspection and deposition will proceed on April 8, 2008.

Best regards,

Michael J. Fink, Esq.
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

*************************************************************************
The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or

copying of this message is strictly prohibited. If you have received
this communication in error, please notify us immediately by e-mail,
and delete the original message.
*************************************************************************
In rare cases, our spam scanners may eliminate legitimate email. Please advise us
immediately if you receive an error notification from our server.

# Exhibit 2

Voith versus JohnsonFoils Litigation                                     Page 1 of 1

## FAHD MAJIDUDDIN

| | |
|---|---|
| **From:** | Tony Volpe [TVolpe@volpe-koenig.com] |
| **Sent:** | Thursday, April 03, 2008 1:29 PM |
| **To:** | Melanie.Allaire@Abitibibowater.com |
| **Cc:** | NEIL GREENBLUM; ngoldberg@gbpatent.com; BRANKO PEJIC; apoff@ycst.com; John O'Malley; MICHAEL FINK; George H Seitz III; Patricia P McGonigle; Ryan O'Donnell; Sophie.Rossignol@abitibibowater.com |
| **Subject:** | Voith versus JohnsonFoils Litigation |
| **Attachments:** | Volpe-Fink.PDF |

Hello Ms. Allaire:

The attached correspondence was sent to Voith's counsel today.

Best regards,

Tony Volpe

<<Volpe-Fink.PDF>>
Volpe and Koenig, P.C.
www.volpe-koenig.com
215-568-6400
Direct No. 215-255-9101

---



United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
Tel 215.568.6400 Fax 215.568.6499
www.volpe-koenig.com

*Notice:* If you are not the named recipient of this transmission, please notify us immediately, by telephone, and delete or destroy any copy of this message. You should not disclose or use this information in any way. Disclosure or use of this information may expose you to criminal or civil liabilities. We apologize for the inconvenience and thank you for your attention to this notice.

Voith versus JohnsonFoils Litigation                                    Page 1 of 1

## FAHD MAJIDUDDIN

| | |
|---|---|
| **From:** | Tony Volpe [TVolpe@volpe-koenig.com] |
| **Sent:** | Wednesday, April 02, 2008 6:03 PM |
| **To:** | tiffanee.henderson@ipaper.com |
| **Cc:** | NEIL GREENBLUM; ngoldberg@gbpatent.com; BRANKO PEJIC; apoff@ycst.com; John O'Malley; MICHAEL FINK; George H Seitz III; Patricia P McGonigle; Ryan O'Donnell |
| **Subject:** | Voith versus JohnsonFoils Litigation |
| **Attachments:** | Volpe-Fink.PDF |

Hello Ms. Wade-Henderson:

The attached correspondence was sent to Voith's counsel earlier today.

<<Volpe-Fink.PDF>>
Best regards,

Tony Volpe

Volpe and Koenig, P.C.
www.volpe-koenig.com
215-568-6400
Direct No. 215-255-9101



United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
Tel 215.568.6400 Fax 215.568.6499
www.volpe-koenig.com

<u>**Notice:**</u> If you are not the named recipient of this transmission, please notify us immediately, by telephone, and delete or destroy any copy of this message. You should not disclose or use this information in any way. Disclosure or use of this information may expose you to criminal or civil liabilities. We apologize for the inconvenience and thank you for your attention to this notice.



**Volpe and Koenig** P.C.

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

———— BRINGING LAW TO YOUR IDEAS ————

Anthony S. Volpe
avolpe@volpe-koenig.com

Michael J. Fink, Esquire    .    **VIA E-MAIL and FIRST-CLASS U.S.MAIL**
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191

Re:    *Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.*
       U.S.D.C., D. of Del., Civil Action No. 07-226

Dear Michael:

I am writing to express our concern over your insistence on third-party depositions despite the May 9, 2008 hearing on JohnsonFoils' and AstenJohnson's protective order motions.  You are doing so with full knowledge that we are filing for at least a ninety (90) day extension of discovery.  Your recent production of over 100,000 pages of German language documents and a notification that the inventors need to be deposed through a German interpreter justify additional discovery time.  As you know, courts routinely recognize agreements to take discovery out of time so that issues pending before the court can be resolved prior to the discovery.

Your effort to burden potential deponents, who are third-party customers, with choosing between the potential for an improper disclosure of AstenJohnson's or JohnsonFoils' information or multiple depositions is unreasonable.  Furthermore, your document requests are well beyond the court's Scheduling Order which required that all document discovery be completed by February 15, 2008.  Voith has long been aware of the third-party customers and there is no reason, other than harassment, why discovery could not have been timely requested within the time provided by the Scheduling Order.

In view of the above, we ask that you immediately confirm that you will not proceed with any third-party discovery before the court's May 9, 2008 hearing.

Very truly yours,

Volpe and Koenig, P.C.

By:  _____
       Anthony S. Volpe

ASV/cah
cc:  All counsel of record via e-mail

*Patents        Trademarks        Copyrights        Trade Secrets        Litigation        Licensing*



United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

BRINGING LAW TO YOUR IDEAS

Anthony S. Volpe
avolpe@volpe-koenig.com

April 3, 2008

Michael J. Fink, Esquire                    **VIA E-MAIL and FIRST-CLASS U.S. MAIL**
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191

Re:   *Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.*
      U.S.D.C., D. of Del., Civil Action No. 07-226

Dear Michael:

This responds to that portion of your letter concerning third party discovery. The
fact that it does not address your mischaracterizations of Voith's discovery conduct
is not, in any way, an admission that there is even a shred of truth to them.

JohnsonFoils is not aware of any customer being obstructive. However, it suspects
that no customer is remotely interested in being forced to absorb the associated
expenses, time commitment and business distractions occasioned by Voith's
subpoenas. Voith's complete lack of compromise in view of the pending motions and
the unnecessary burdening of customers is a concern. It is also interesting that your
letter failed to address the fact that the February 15, 2008 document discovery
deadline is long past.

In view of the above, we ask that you immediately confirm that you will <u>not</u> proceed
with any third-party discovery before the court's May 9, 2008 hearing.

Very truly yours,

Volpe and Koenig, P.C.

By:  _____
       Anthony S. Volpe

ASV/cah
cc: All counsel of record via e-mail

*Patents      Trademarks      Copyrights      Trade Secrets      Litigation      Licensing*

# Exhibit 3



**Volpe and Koenig P.C.**

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

——————————————— BRINGING LAW TO YOUR IDEAS® ———————————————

Anthony S. Volpe
avolpe@volpe-koenig.com

November 8, 2007

Neal Goldberg, Esquire
Greenblum & Bernstein, P.L.C.                    **VIA UPS**
1950 Roland Clarke Place
Reston, VA 20191

Re:   *Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.*
      U.S.D.C. for the District of Delaware
      Civil Action No. 07-226-JJF

Dear Neal:

We received your November 7, 2007 letter and the boxes of documents. After reading your letter and the unilateral demands in it, I instructed our mail room that the boxes were not to be opened or docketed. The unopened boxes are being returned overnight as we do not accede to your demands. As we said previously, we will provide comments on your draft protective order as soon as possible. When that is agreed, we will accept documents in accordance with it.

With respect to documents from Voith US as part of Plaintiff's responses to JohnsonFoils' requests for production, we are still awaiting your answer to our October 23, 2007 inquiry. Will you stipulate that Voith US is either a party to this action or under the custody or control of Plaintiff and provide a separate identification of all documents produced from Voith US?

Very truly yours,

Volpe and Koenig, P.C.

By: _____
      Anthony S. Volpe

ASV/RWO/cps

cc: Michael J. Fink, Esquire (Letter only via e-mail only)
    Adam Wyatt Poff, Esquire (Letter only via e-mail only)
    George H. Seitz, III, Esquire (Letter only via e-mail only)
    Patti McGonigle, Esquire (Letter only via e-mail only)

*Patents     Trademarks     Copyrights     Trade Secrets     Litigation     Licensing*

LAW OFFICES

## GREENBLUM & BERNSTEIN, P.L.C.

PATENT, COPYRIGHT AND TRADEMARK MATTERS

1950 ROLAND CLARKE PLACE

RESTON, VA 20191-1411

TEL: (703) 716-1191

FAX: (703) 716-1180

EMAIL: gbpatent@gbpatent.com

www.gbpatent.com

February 15, 2008

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PRPEZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. ROSSNICK *
PAUL A. BRAIER, Ph.D.
JOHN PRETA *
P. BRANKO PEJIC *
HERIBERT F. MUENSTERER, Ph.D. ◊ *
LINDA J. HODGE
JOSHUA M. FOVSNER *
DANIEL B. MOON
PAUL T. LEE △
JOHN V. MAZZOLA ▯
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D. ◊
AZZA JAYAPRAKASH
JONATHAN MILLER *

NEAL GOLDBERG
STEVEN B. POLLICOFF *
FAHD MAJIDEDDIN, Ph.D. ◊
SARAH J. SMALL

OF COUNSEL :
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPENER *
RICHARD J. McGRATH
BARRY L HOLLANDER

TECHNICAL ADVISORS :
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
WALTER SCHLAPKOHL, Ph.D.

* ADMITTED TO A BAR
   OTHER THAN VA
◊ EUROPEAN PATENT ATTORNEY
△ KOREAN PATENT ATTORNEY
▯ REGISTERED PATENT AGENT

**VIA FEDERAL EXPRESS**

Anthony S. Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA  19103

Re:  *Voith v. Johnson Foils*, USDC for Delaware: 1:07-cv-00226-JJF;
     Our Ref: J214720

Dear Tony,

Please find enclosed two DVDs with documents responsive to JohnsonFoils first, second and third sets of document requests. The documents are Bates stamped VTH00001–VTH88942.

Please note that the DVDs have been marked HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY as they contain documents which have been designated HIGHLY CONFIDENTIAL. Thus, such documents are to be treated as Outside Counsel Attorney's Eyes Only, and, in view of Voith's pending Motion for a Protective Order, all attorneys which have had access to the HIGHLY CONFIDENTIAL documents are subject to any prosecution bar imposed by the Court.

Very truly yours,
GREENBLUM & BERNSTEIN, P.L.C.

Michael J. Fink

Enc:  Two (2) DVDs
cc:   George Seitz, Esq. w/o enclosures

{J214720 00365867.DOC}



**Volpe** and **Koenig** P.C.

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

————————— BRINGING LAW TO YOUR IDEAS® —————————

John J. O'Malley
jomalley@volpe-koenig.com

February 22, 2008

Michael J. Fink, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191

**VIA UPS**

Re:  *Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.*
     U.S.D.C. for the District of Delaware
     Civil Action No. 07-226-JJF

Dear Michael:

We received your February 15, 2008 letter and the two DVDs containing VTH00001-VTH88942. As set forth in our November 8, 2008 letter, we cannot accept your unilateral demands regarding the treatment of the documents. Accordingly, we are returning the DVDs unviewed.

The only limitations we are willing to accept on access to the documents are those provided under Local Rule 26.2. We ask that you reconsider your position and produce the DVDs, as we have done for our part, pursuant to Local Rule 26.2.

We look forward to hearing from you.

Very truly yours,

Volpe and Koenig, P.C.

By:
     John J. O'Malley

JJO/kk
Enclosures

cc: Adam Wyatt Poff, Esquire (Letter only via e-mail only)
    George H. Seitz, III, Esquire (Letter only via e-mail only)
    Patti McGonigle, Esquire (Letter only via e-mail only)

*Patents      Trademarks      Copyrights      Trade Secrets      Litigation      Licensing*

# Exhibit 4

LAW OFFICES
# GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPRZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYBDANE
WILLIAM S. BOSDNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERBERT F. MUENSTERER, Ph.D. ◊ *
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL B. MOON
PAUL T. LEE ◊
JOHN V. MAZZOLA ◊
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D. ◊
AZZA JAYAPRAKASH
JONATHAN MILLER *

NEAL GOLDBERG
STEVEN B. POLLICOFF *
FAHD MAJIDUDDIN, Ph.D. ◊
SARAH J. SMALL

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPERNER *
RICHARD J. McGRATH
BARRY I. HOLLANDER

TECHNICAL ADVISORS:
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
WALTER SCHLAPKOHL, Ph.D.

———
* ADMITTED TO A BAR
  OTHER THAN VA
◊ EUROPEAN PATENT ATTORNEY
Δ KOREAN PATENT ATTORNEY
Σ REGISTERED PATENT AGENT

March 7, 2008

## VIA FEDERAL EXPRESS

Anthony S. Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Re:    *Voith v. Johnson Foils*, USDC for Delaware: 1:07-cv-00226-JJF;
       Our Ref: J214720

Dear Tony,

Please find enclosed four (4) DVDs with documents responsive to JohnsonFoils' first, second and third sets of document requests. The documents are Bates stamped VTH00001–VTH127328.

Please note that the DVDs have been marked HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY as they contain documents which have been designated HIGHLY CONFIDENTIAL. Thus, such documents are to be treated as Outside Counsel Attorney's Eyes Only, and, in view of Voith's pending Motion for a Protective Order, all attorneys which have had access to the HIGHLY CONFIDENTIAL documents are subject to any prosecution bar imposed by the Court.

Very truly yours,
GREENBLUM & BERNSTEIN, P.L.C.

Michael J. Fink

Enc:   Four (4) DVDs
cc:    George Seitz, Esq. w/ enclosures

{J214720 00382729.DOC}



**Volpe and Koenig** P.C.®

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

————— BRINGING LAW TO YOUR IDEAS —————

Anthony S. Volpe
avolpe@volpe-koenig.com

March 12, 2008

Michael J. Fink, Esquire                          **VIA E-MAIL**
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA   2019101411

Re:    *Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.*
       U.S.D.C., District of Delaware, Civil Action No. 07-226

Dear Michael:

We are in receipt of four (4) DVDs with documents Bates stamped VTH00001-VTH127328.  We accept them in accordance with Rule 26.2 and reject any other terms that you are attempting to impose.

Very truly yours,

Volpe and Koenig, P.C.

By: _____
      Anthony S. Volpe

ASVcah

cc:  All Counsel of Record (via E-mail)

*Patents*        *Trademarks*        *Copyrights*        *Trade Secrets*        *Litigation*        *Licensing*



**Volpe and Koenig** P.C.

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

——————— BRINGING LAW TO YOUR IDEAS® ———————

Anthony S. Volpe
avolpe@volpe-koenig.com

March 19, 2008

Michael J. Fink, Esquire
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191

**VIA E-MAIL
and FIRST CLASS MAIL**

Re:    *Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.*
       Civil Action No. 07-226

Dear Michael:

This replies to your letter of March 14, 17 and 18, 2008.

First, I reiterate that we have accepted the document disc under the court's standing order in the absence of a negotiated protective order. We reject any and all of your attempts, past, present or future, to add any further obligation(s) and do not recognize any category of "Highly Confidential" information.

With respect to your letters regarding the depositions you offered on April 17, 18, 29 and 30, we are currently available on those dates. However, we cannot respond fully as you have not identified the witnesses or whether they are comfortable with being deposed in English. As to the location, we will take them in George Seitz's Wilmington office. In a like manner, we are willing to produce our witnesses in Adam Poff's Wilmington office.

With regard to the German law which prevents you from providing the last known address for the non-employee inventors, please provide the law you refer to in the German language.

With respect to documents being shown to experts or third parties, we are willing to reach a stipulated agreement regarding expert access; however, we are currently not so disposed with respect to third parties. If you can identify categories of document you may show to third parties, we are willing to consider a stipulated agreement.

We look forward to receiving the German law and your proposal for handling the documents with experts and third parties.

*Patents      Trademarks      Copyrights      Trade Secrets      Litigation      Licensing*



Michael J. Fink, Esquire                                    March 19, 2008
Page 2


Finally, with regard to your 30(b)(6) subpoenas concerning AstenJohnson, we view each of those, pure and simple, as harassment and ask you to withdrawal them by the close of business on **Friday, March 21, 2008**. If they are not withdrawn by that time, we will move for a protective order.

Very truly yours,

Volpe and Koenig, P.C.

By: _____
      Anthony S. Volpe

ASV/vag

cc:    All counsel of record via e-mail