IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG | : | |
| | : | Civil Action No. 07-226-JJF |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | REDACTED VERSION OF |
| JOHNSONFOILS, INC. | : | DOCUMENT FILED UNDER |
| | : | SEAL (D.I. 124) |
| Defendant. | : | |

JOHNSONFOILS, INC.'S REPLY TO VOITH PAPER GMBH & CO. KG'S
ANSWERING BRIEF IN OPPOSITION TO JOHNSONFOILS, INC.'S MOTION
FOR AN ORDER OF PROTECTION FROM THE MARCH 14, 2008 SUBPOENAS
SERVED BY VOITH PAPER GMBH & CO. KG

George H. Seitz, III (DE #667)
Patricia Pyles McGonigle (DE #3126)
Kevin A. Guerke (DE#4096)
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

-and-

Anthony S. Volpe
John J. O'Malley
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400

*Attorneys for Defendant
JohnsonFoils, Inc.*

## TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................... -1-

II. ARGUMENT .......................................................................................................... -1-

III. CONCLUSION ..................................................................................................... -10-

# TABLE OF AUTHORITIES

## Cases

Am. Seating Co. v. USSC Group, Inc., 514 F.3d 1262, 1268-1269
   (Fed. Cir. 2008) ..................................................................................2-3

Rite-Hite Corp. v. Kelly Co. Inc., 56 F.3d 1538, 1550 (Fed. Cir. 1998) ........................3

Site Microsurgical Systems, Inc. v. The Cooper Companies, Inc.,
   797 F.Supp. 333, 337 (D. Del. 1992) .................................................................4

## Rules Cited                                                               Pages

FED R. CIV. P. 26(b) ..................................................................................1, 5

DELAWARE LOCAL RULE 26.2 ....................................................................9

I. INTRODUCTION

JohnsonFoils, Inc. ("JohnsonFoils") hereby files its Reply to Voith Paper GMBH & CO. KG's Answering Brief In Opposition To JohnsonFoils' Motion For An Order of Protection from the four March 14, 2008 subpoenas served on AstenJohnson, AbitibiBowater, Inc. ("AbitibiBowater"), and International Paper Company ("International Paper") by Voith Paper GMBH & Co. KG ("Voith") (D.I. No. 123). JohnsonFoils incorporates the Nature and Stage of Proceedings and Statement of Facts as set forth in its Brief In Support Of Its Motion for an Order of Protection (D.I. 113) ("Opening Brief").

II. ARGUMENT

    A. **VOITH'S OPPOSITION MISREPRESENTS THE SCOPE OF DISCOVERY SOUGHT BY THE SUBPOENAS**

The "Topics for Rule 30(b)(6) Deposition" ("Topics") and "Document Requests" ("Requests") identified in the AstenJohnson Subpoena as well as in the Customer Subpoenas are overly broad and not "relevant to any party's claim or defense" as required by Fed. R. Civ. P. 26(b)(1).[1] Specifically, at least Topics 3-7, 11, 12, and 15-18 and Requests 2-6, 10, 11, and 13-15 of the AstenJohnson Subpoena and Topics 1-5, 8, and 9 and Requests 1, 3, 4, 6, and 7 of the Customer Subpoenas seek information and documents wholly outside of the scope of information relevant to any aspect of this litigation. See Exhibits G-K to JohnsonFoils' Opening Brief

---

[1] The "Customer Subpoenas" include: (1) Subpoena of AstenJohnson (Exhibit H to JohnsonFoils' Opening Brief); (2) a first Subpoena of AbitibiBowater, Inc. (Exhibit I to JohnsonFoils' Opening Brief); (3) a second Subpoena of AbitibiBowater, Inc. (Exhibit J to JohnsonFoils' Opening Brief); and (4) Subpoena of International Paper Company (Exhibit K to JohnsonFoils' Opening Brief).

Voith's Opposition attempts to justify the broad scope of its Requests, but does so only by asserting the information is relevant to the extent it flows from <u>potentially infringing rebuilds identified by Voith</u>. However, the breadth of the Topics and Requests are directed toward <u>all</u> rebuilds performed by JohnsonFoils. Moreover, Voith's claims to potential "convoyed sales" are unsupported by the facts of this litigation, and further, have been made absent any showing of lost sales, or more importantly, if Voith is a even supplier of these follow-up products in the U.S. market.

Finally, Voith makes repeated note that JohnsonFoils' customers have cooperated in responding to Voith's subpoenas. The customers' good faith efforts to cooperate with Voith's subpoenas do not extinguish the need to ensure the scope of the discovery sought in the subpoenas is appropriate and not overly broad.

    1.    Voith's Claims To Convoyed Sales Are Unsupported and Contrary To The Facts Of This Litigation

Voith's Opposition claims the broad scope of the subpoenas is justified as a result of the potential sales of follow-on goods, services, and the existence of "convoyed sales" resulting from the potentially infringing rebuilds. To the contrary, these related products, namely paper forming fabrics or wires, do not constitute convoyed sales. Further, Voith has made no showing of potential lost sales resulting from the rebuilds, nor has it shown that it even possesses the standing required to raise these issues.

A "convoyed sale" refers to the relationship between the sale of a patented product and a functionally associated non-patented product. <u>Am. Seating Co. v.</u>

USSC Group, Inc., 514 F.3d 1262, 1268-1269 (Fed. Cir. 2008). A functional relationship does not exist when independently operating patented and unpatented products are purchased as a package solely because of customer demand. Id. Further, convoyed sales do not include items that may have been sold with an infringing device only as a matter of convenience or business advantage. Rite-Hite Corp. v. Kelly Co. Inc., 56 F.3d 1538, 1550 (Fed. Cir. 1998). More importantly, a functional relationship also does not exist in products which show market value and serve a useful purpose independent of the patented product. Id. at 1550.

The paper fabrics or "wires" at issue are clearly independently useful products in the marketplace. AstenJohnson has been in the business of selling wires for existing paper machines for years prior to the issuance of the patents-in-suit. AstenJohnson has sold these wires despite not being a manufacturer of the paper machines themselves. Further, JohnsonFoils only offers rebuilds of discrete sections of existing machines which already utilize the wires in question. ███

███
███
███
███
███
███
███

Moreover, the plaintiff in this case, Voith Paper GMBH & Co. KG has made no showing of standing with regard to an entitlement to collect for convoyed sales. See <u>Site Microsurgical Systems, Inc. v. The Cooper Companies, Inc.</u>, 797 F.Supp. 333, 337 (D. Del. 1992) (finding that a patent owner must show an injury as a result of potential loss sales, including sales of collateral products). In <u>Site Microsurgical</u>, the patent owner could not show that they had suffered any injury as a result of the infringement of the patents at issue. It was the patent owner's parent company which sold the collateral products, and as such, it lacked standing to recover. <u>Id</u>.

Similarly, it is Voith Paper, Inc., a U.S. corporation, which supplies the paper making fabrics and associated products Voith claims constitute "convoyed sales" in the U.S. market, rather than the Plaintiff in this litigation, Voith Paper GMBH & Co. KG. As such, Voith lacks standing to recover for any potential convoyed sales. Moreover, Voith has not made even the most minimal showing of potential lost sales, failing to show that it has ever supplied wires to the mills in question prior to the rebuilds.

Because Voith has not shown it is entitled to information regarding these follow-on sales, any and all relevant discoverable information is readily obtainable through JohnsonFoils, rather than through its customers, or through AstenJohnson.

2. **Voith's Requests Seek Information Relating To All Rebuilds Performed By JohnsonFoils, Rather Than To The Rebuilds At Issue In This Litigation**

As indicated in JohnsonFoils' Opening Brief, the bulk of the Topics and Requests at issue relate to pricing, sales, revenues, product information, and marketing forecasts concerning <u>any</u> paper machine rebuilt by JohnsonFoils. These requests seek information well outside of the scope of issues relevant to this litigation. Voith's own discovery requests served on JohnsonFoils have been more limited in nature. <u>See</u>, for example, Voith's First and Second sets of Discovery Requests, D.I. 22, 23 (requesting all documents related to "accused products", defined as "each and every paper machine which Defendant has modified, or contracted to modify, to utilizes one or more resiliently supported blades"). Without justification, Voith has broadened the scope of information sought in the subpoenas at issue to include any and all rebuilds, rather than to the accused products relevant to this litigation. Information pertaining to <u>any</u> rebuild of a paper machine, or any products or services stemming from the rebuild of a machine not at issue in this case, is clearly outside of range of discoverable material under Fed. R. Civ. Pro. 26(b)(1).

The discovery sought in Topics 3-7, 11, 12, and 15-18 and Requests 2-6, 10, 11, and 13-15 of the AstenJohnson Subpoena is irrelevant to this action. For example, Topics 4-7 and Requests 2-6 seek <u>all</u> information concerning any customer or project in which JohnsonFoils "rebuilt" <u>any</u> paper machine from the beginning of time. <u>See</u> Exhibit H to JohnsonFoils' Opening Brief. Likewise, Topic 17 and

Request 14 seek <u>all</u> projections and forecasts relating to <u>any</u> "rebuild of paper machines" from the beginning of time. <u>Id</u>. The subject matter of this litigation is decidedly narrower. The patents-in-suit are limited to a particular section of a paper machine. The limited scope of the patents-in-suit does not cover any "rebuild" of a paper machine. Moreover, Voith has not framed the discovery by providing a definition for the phrase "rebuild of a paper machine", providing any temporal limitation, or specifically directing the AstenJohnson or Customer subpoenas to any accused paper machine.

Voith's Opposition fails to make any justification for the inclusion of <u>all</u> paper machine rebuilds in its Topics and Requests. To the contrary, Voith's Opposition attempts to justify the scope of the subpoenas by repeatedly reiterating the relationship between the <u>potentially infringing rebuilds</u> and the sales of follow-on goods, services, and the existence of potential "convoyed sales."[2] By Voith's own definition, "'convoyed sales' refers to the relationship of a <u>patented product</u> ... [where] a patentee may recover damages based upon unpatented components sold with a <u>patented item</u> ... ." Opposition, pg. 6, Emphasis Added. Voith has <u>only</u> argued that this information is relevant to the extent it flows from a <u>potentially infringing rebuild</u>. Voith has made no showing, nor has attempted to show, how sales of goods or services pertaining to completely unrelated rebuilds could have any relevance to the present litigation.

---

[2] <u>See</u> Voith's Opposition at pg. 6 (discussing damages stemming from "infringing activities", sales flowing from those activities, customer operation of the "infringing rebuilds", and the "irreparable harm caused by JohnsonFoils' infringement").

The scope of the Customer Subpoenas is equally overbroad and irrelevant to any claim or defense in this action. Topics 1-5, 8, and 9 and Requests 1, 3, 4, 6, and 7 of the Customer Subpoenas request <u>all</u> information relating to <u>any</u> customer or project in which JohnsonFoils "rebuilt" <u>any</u> paper machine." <u>See</u> Exhibits I, J, and K to JohnsonFoils' Opening Brief. As discussed in detail above, the patents-in-suit are directed to a particular section of a paper machine; they do not relate to <u>all</u> sections of a paper machine or <u>any</u> "rebuild" of <u>any</u> section of a paper machine. Voith has accused JohnsonFoils of infringement with respect to services JohnsonFoils provided on <u>particular</u> paper machines. Thus, the broad scope of both the AstenJohnson and Customer Subpoenas go well beyond the metes and bound of any claim or defense in this action. Clearly, Voith is using these overbroad subpoenas as a fishing expedition to gather sensitive information about its competitors.

      3.    **Many of Voith's Requests Go Beyond Information and Documents Related To The Accused "Rebuilds"**

Voith's Opposition states they do not ask for "all aspects of AstenJohnson's business and any relationship with Johnsonfoils," and asserts that the requests for documents are limited to information "regarding AstenJohnson's specific involvement with JohnsonFoils' paper machine rebuilds... ." Voith's Opposition at pg. 8. Voith again demonstrates an apparent inability to recognize the breadth their own requests when they accuse JohnsonFoils of "mischaracterizing their requests for documents." Voith's Opposition at pg. 8. To the contrary, leaving aside that <u>all</u> JohnsonFoils' "rebuilds" are not at issue in this case, Topic Nos. 2, 11, 15,

- 7 -

and 16, and Request Nos. 10, 11, and 13 specifically request information relating to AstenJohnson's business relationship with JohnsonFoils <u>independent</u> of any paper machine rebuild.

Similarly, Voith's Document Request No. 5 in the Customer Subpoenas reads:

> "All documents referring or relating to goods/and or services purchased or obtained form JohnsonFoils and/or AstenJohnson, before, during and after the rebuild, and the amounts paid for such goods and/or services."

<u>See</u> Exhibits I, J, and K to JohnsonFoils' Opening Brief. This request unquestionably covers <u>any</u> and <u>all</u> products sold, regardless of whether or not they are related to a rebuild. Similarly, Topic 6 of the Customer Subpoenas requests, "[i]n addition to the rebuild performed by JohnsonFoils, all other goods and/or services purchased or obtained from JohnsonFoils, both before, during, and after the rebuild, and the amounts paid for such goods and/or services." Notwithstanding that Voith fails to define the term "rebuild," Topic 6 expressly requests information relating to all other JohnsonFoils goods and services at any time, regardless of whether they are related to any "rebuild." Likewise, Request No. 11 states, "all documents that refer or relate to any communications with JohnsonFoils or any entity acting on behalf of JohnsonFoils." These requests extend well beyond any relationship to a "rebuild", and are well beyond the subject matter of the patents-in-suit or scope of this litigation.

### B.  VOITH IS THE PARTY RESPONSIBLE FOR CREATING DELAYS IN THE DISCOVERY PROCESS

In perhaps the clearest example of Voith's mischaracterization of the facts of these proceedings, Voith takes the position that the instant motions are a result of a "common theme" of delay by JohnsonFoils. Specifically, Voith asserts that JohnsonFoils' pending Motion for a Discovery Extension lacks good cause because Voith's recent delivery of over one-hundred thousand (100,000) German documents on the eve of, and following, the deadline for document production was attributable to JohnsonFoils' return of Voith's documents at the start of discovery. Voith's Opposition at pg. 9. Voith wrongfully claims that JohnsonFoils "eventually changed their position" with regard to accepting documents under Local Rule 26.2. <u>Id</u>. To the contrary, Voith delivered the documents in question accompanied by a battery of unilateral conditions <u>well</u> beyond those of Local Rule 26.2. JohnsonFoils' recent acceptance of these documents was based on the explicit condition that they were being accepted in accordance with <u>only</u> the conditions provided in Local Rule 26.2, and that no preconditions by Voith would be accepted. <u>See</u> Exhibit 4 of Voith's Opposition. This glaring mischaracterization of the discovery efforts of JohnsonFoils is indicative of Voith's repeated attempts to mislead this Court throughout the discovery process. Furthermore, Voith produced nearly forty-thousand (40,000) pages of documents on March 7, 2008, well after the deadline for completion of document production. Voith has <u>never</u> provided any justification or requested leave of court with respect to this late production.

III. CONCLUSION

JohnsonFoils respectfully requests the issuance of a Protective Order prohibiting Voith from proceeding with the discovery concerning JohnsonFoils through the AstenJohnson Subpoena and Customer Subpoenas.

Respectfully submitted,

Seitz, Van Ogtrop & Green, P.A.

Dated: April 21, 2008

/s/ Patricia P. McGonigle

George H. Seitz, III (DE #667)
gseitz@svglaw.com
Patricia Pyles McGonigle (DE #3126)
pmcgonigle@svglaw.com
Kevin A. Guerke (DE#4096)
kguerke@svglaw.com
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

- and -

Anthony S. Volpe
John J. O'Malley
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400

*Attorneys for Defendant JohnsonFoils, Inc.*

# EXHIBIT "P"

# (FILED UNDER SEAL)

# EXHIBIT "Q"

# (FILED UNDER SEAL)

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 24th day of April 2008, I electronically filed *JohnsonFoils, Inc.'s Reply to Voith Paper GMBH & Co. KG's Answering Brief in Opposition to JohnsonFoils, Inc.'s Motion for an Order of Protection from the March 14, 2008 Subpoenas Served by Voith Paper GMBH & Co. KG (Redacted Version)* with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record. Further, I caused a copy of the foregoing pleading to be served upon the following counsel in the manner so noted:

<u>Via U.S. First Class Mail</u>
Neil F. Greenblum, Esquire
Neal Goldberg, Esquire
Michael J. Fink, Esquire
Greenblum & Bernstein, PLC
1950 Roland Clarke Place
Reston, Virginia  20191


/s/ *Patricia P. McGonigle*
_____
Patricia P. McGonigle (DE3126)
pmcgonigle@svglaw.com

64615 v1