IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-226 (JJF) |
| | ) | |
| JOHNSONFOILS, INC., | ) | |
| | ) | |
| Defendant | ) | |

**PLAINTIFF VOITH PAPER GMBH & CO. KG'S ANSWERING
BRIEF IN OPPOSITION TO JOHNSONFOILS, INC.'S
MOTION TO EXTEND THE DISCOVERY PERIOD AND TO
EXTEND THE DURATION OF VOITH'S WITNESS DEPOSITIONS**

Adam W. Poff  (No. 3990)
Andrew A. Lundgren  (No. 4429)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Tel:  (302) 571-6600
Fax:  (302) 571-1253

*Attorney for Plaintiffs*

OF COUNSEL:

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
P. Branko Pejic
1950 Roland Clarke Place
Reston, VA 20191
Tel:  (703) 716-0081
Fax:  (703) 716-1180

Dated:  April 25, 2008

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

I.    INTRODUCTION ....................................................................................................1

II.   NATURE AND STAGE OF PROCEEDINGS .......................................................1

III.  SUMMARY OF THE ARGUMENT .......................................................................3

IV.   ARGUMENT

      A.    Legal Authority................................................................................................6

      B.    There Is No Good Cause To Disturb The Scheduling
            Order And Extend Discovery Because JohnsonFoils
            Did Not Exercise Diligence ..............................................................................7

      C.    JohnsonFoils' Demand For Translations Has No
            Basis In Law Or Fact, And Does Not Justify
            Extending The Discovery Period.......................................................................9

      D.    JohnsonFoils Disregarded The Scheduling Order
            And Unilaterally Cancelled The Depositions Of
            The Voith Witnesses........................................................................................10

      E.    JohnsonFoils Has Shown A Pattern Of Disregard
            For The Scheduling Order ...............................................................................12

V.    CONCLUSION ......................................................................................................14

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Affymetrix, Inc. v. Illumina, Inc.*,
    2005 WL 1801683 (D. Del. 2005)................................................................................8

*Am. Tourmaline Fields v. International Paper Co.*,
    1998 WL 874825 (N.D. Tex. 1998) ...................................................................7, 12

*American Standard Inc. v. Pfizer, Inc.*,
    828 F.2d 734 (Fed. Cir. 1987) ..........................................................................8

*Catholic Health Initiatives CO v. Gross*,
    2007 WL 3232455 (D. Colo. 2007)....................................................................6

*Chilingirian v. Boris*,
    882 F.2d 200 (6th Cir. 1989) ........................................................................13

*Dallas Area Rapid Transit v. Foster*,
    2002 WL 31433295 (N.D. Tex. 2002) ................................................................7

*Dilmar Oil Co. V. Federated Mutual Ins. Co.*,
    986 F.Supp. 959 (D. S.C. 1997), *aff'd*,
    129 F.3d 116 (4th Cir.1997) .......................................................................6, 7

*Ex parte Maple Chase Co.*,
    840 So.2d 147 (Ala. 2002) ..........................................................................10

*Forge v. City of Dallas*,
    2004 WL 1243151 (N.D. Tex. 2004) ..................................................................7

*Gonzalez v. Comcast Corp.*,
    2004 WL 2009366 (D. Del. 2004).....................................................................6

*In re Puerto Rico Elec. Power Authority*,
    687 F.2d 501 (1st Cir. 1982) .......................................................................10

*Interactive Coupon Mktg. Group, Inc. v. H.O.T.! Coupons, LLC*,
    1999 WL 618969 (N.D. Ill. 1999).....................................................................8

*Kirkwood v. Inca Metal Products Corp.*,
    2007 WL 2325222 (N.D. Tex. 2007) ..............................................................7, 12

*Mikohn Gaming Corp. v. Acres Gaming Inc.*,
    1998 WL 1059557 (D. Nev. 1998).....................................................................9

*Motorola, Inc. v. Interdigital Tech. Corp.*,
    1994 U.S. Dist. LEXIS 20714 (D. Del. 1994)........................................................9

*Price v. United Guar. Residential Ins. Co.*,
    2005 WL 265164 (N.D. Tex. 2005) ...............................................................7, 13

*Southwestern Bell Telephone Co. v. City of El Paso*,
    346 F.3d 541 (Fed. Cir. 2003) .......................................................................12

ii

*Stapleton v. Kawasaki Heavy Industries, Ltd.*,
    69 F.R.D. 489 (N.D. Ga. 1975) ...................................................................................................9

**Rules**

Fed.R.Civ.P. 16(b) ...........................................................................................................................6

iii

## I.   __INTRODUCTION__

JohnsonFoils' motion to extend the discovery period to depose Voith's witnesses should be denied because JohnsonFoils has not exercised diligence to complete discovery. There is, thus, no good cause to justify changing the Scheduling Order. JohnsonFoils is responsible for the present situation, as Voith timely produced documents and supplemented its production, the parties had agreed upon dates for the depositions, and the Voith witnesses were available for deposition on the agreed upon dates. JohnsonFoils then unilaterally cancelled the depositions, and now complains that it needs more time. The instant motion, like many of JohnsonFoils' previous motions, has been interposed solely for purposes of delay.

## II.   __NATURE AND STAGE OF PROCEEDINGS__

JohnsonFoils' present motion to extend the discovery period [D.I. 118] seeks to alter the agreed upon Scheduling Order entered by the Court almost a year ago, on August 3, 2007. [D.I. 17]. The present motion also involves a number of motions currently pending before the Court, specifically including Voith's Motion for a Protective Order Pursuant to Fed. R. Civ. P. 26(c) Prohibiting the Disclosure of Voith's Highly Confidential Information to Individuals Engaged in Competitive Business Practices for or on Behalf of Voith's Competitor JohnsonFoils, Inc. [D.I. 52]. This motion also relates to JohnsonFoils' Motion for Summary Judgment [D.I. 24], which was withdrawn because it was untimely. [D.I. 26]. The present motion also relates to JohnsonFoils' Motion to Stay the Proceedings Pending Reexamination of the Patents in Suit or in the Alternative for Leave to File a Motion for Summary Judgment Prior to August 20, 2008 that U.S. Patent Nos. 5,718,805 and 5,972,168 are Invalid [D.I. 27], which has been denied. [D.I. 114].

On August 3, 2007, the Court entered the agreed upon Scheduling Order setting forth the schedule for this litigation, including an April 30, 2008 close of fact discovery and a November 5, 2008 trial date. [D.I. 17]. JohnsonFoils is now seeking to mask its dilatory conduct and neglect by setting aside the mutually agreed upon Court Scheduling Order without sufficient good cause.

JohnsonFoils' present belated professed need for discovery is belied by JohnsonFoils' previous motions to the Court indicating that discovery was unnecessary. Specifically, JohnsonFoils' filed a summary judgment motion before discovery commenced, which was withdrawn as it was filed in violation of the Court's Scheduling Order. [D.I. 26]. JohnsonFoils thereafter sought to stay the proceedings or, in the alternative, seek leave to refile the summary judgment motion before the Court imposed date. [D.I. 27]. The import of JohnsonFoils' filing of the summary judgment motion must be noted at the outset. By filing that motion, JohnsonFoils has affirmatively indicated that it needs no discovery as there can be no genuine issues of material fact in dispute. JohnsonFoils again indicated that no discovery was necessary in its motion to stay pending reexam or for leave to refile the summary judgment motion. [D.I. 28 at p. 10]. The Court denied that motion finding that JohnsonFoils' assertions were lacking. [D.I. 114 at p. 2]. JohnsonFoils now reverses course, in another attempt to delay resolution of this litigation and possible injunction, by seeking to set aside the Scheduling Order and extend the discovery period.

While JohnsonFoils was pursuing these baseless and improper motions, Voith was diligently moving forward with discovery. Voith, however, despite numerous attempts to reach a compromise with JohnsonFoils regarding a Stipulated Protective Order in this case, was forced to file a motion for a protective order governing document production in this case, which is cur-

2

rently pending. [D.I. 52]. In that motion, Voith identified and described in detail the real and present danger of allowing JohnsonFoils' in-house and outside patent prosecution counsel access to Voith's sensitive highly confidential technical information; and requested the Court to enter a protective order prohibiting such counsel from having access to this highly confidential information, *i.e.*, a so called "prosecution bar." This limitation, which is common in patent infringement actions between direct competitors, is one of the primary bases of JohnsonFoils' request to set aside the agreed upon Scheduling Order. [D.I. 17]. As the Parties could not reach an agreement regarding a protective order, the parties proceeded under Local Rule 26.2 maintaining all documents deemed to contain confidential information as attorneys-eye only.[1]

## III.    **SUMMARY OF THE ARGUMENT**

1.      JohnsonFoils' motion to extend the discovery period should be denied. There is no good cause to extend discovery for ninety (90) days and set aside the Scheduling Order. JohnsonFoils has not exercised diligence in seeking to complete discovery, and JohnsonFoils is alone responsible for the current situation.

2.      JohnsonFoils twice returned Voith's document production; first on November 8, 2007 and then on February 22, 2008. (JF Ex. F, D.I. 118-3, p.5, and Ex. N, D.I. 118-4, p. 2).[2] In fact, JohnsonFoils returned in excess of 88,000 documents on the second occasion. The third time, however, JohnsonFoils accepted Voith's document production, but rejected Voith's statement that JohnsonFoils would be bound by Voith's proposed Protective Order to the extent

---

[1]    JohnsonFoils' counsel has additionally agreed that Voith's expert witness, Mr. Waller, is permitted access documents produced by JohnsonFoils which have been designated Attorneys Eyes Only.

[2]    "JF Ex." denotes the exhibit referenced in JohnsonFoils' Motion to Extend the Discovery Period and to Extend the Duration of Voith's Witness Depositions. [D.I. 118].

DB02:6773430.1                                                                                      066310.1001

entered by the Court. (JF Ex. P, D.I. 118-4, p. 6). JohnsonFoils does not attempt to explain in the present motion why it could not have acted accordingly in a timely manner at an earlier juncture.

3.     Contrary to JohnsonFoils' assertions, Voith has not placed unilateral unreasonable restrictions on access to its sensitive highly confidential information. Rather, as set forth in detail in Voith's motion for protective order, Voith proposed application of a typical prosecution bar to protect its highly confidential technical information from disclosure to a direct competetor's in-house and patent prosecution counsel. Voith has abided by this prosecution bar since the outset of discovery.

4.     JohnsonFoils' feigned surprise that a German company would maintain its documents in German cannot carry the day. JohnsonFoils has acknowledged that Voith advised them that many of Voith's documents were in the German language as early as September 20, 2007. (Ex. 1). Yet, despite this knowledge, JohnsonFoils twice returned Voith's document production. (JF Ex. F, D.I. 118-3, p. 5, and Ex. N, D.I. 118-4, p. 2). Even more ominous for JohnsonFoils is that there is no basis in law or fact for JohnsonFoils' demand that Voith translate its documents. To the extent that JohnsonFoils accuses Voith of refusing to provide translations of all the documents, Voith has produced translations in its possession. JohnsonFoils is unreasonably attempting to shift its obligations and responsibilities to Voith.

5.     With respect to Voith's witnesses, Voith immediately advised JohnsonFoils that certain inventors were no longer employed by Voith the very next day after JohnsonFoils served its notices of deposition. (Ex. 2). Voith further advised JohnsonFoils that the witnesses' first language was German, and that, although Voith's witnesses would try to testify in English, Voith "recommend[ed] that [JohnsonFoils] make arrangement to have an interpreter present" should language barriers arise. (*Id.*). This simple suggestion could not have come as a surprise to

4

JohnsonFoils given that: 1) Voith is a German company; 2) the inventors of the patents-in-suit were identified as German residents on the face of the patents; and 3) the inventors are German citizens as indicated by the patent file histories.

6.    Further, Voith did not place any time constraints on the duration of the depositions. Rather, Voith agreed to make reasonable accommodations should translation become a problem. (Ex. 3). In addition, Voith merely requested that the depositions take place in Virginia to accommodate the witnesses' convenience given that they were traveling from Germany. (*Id.*). Voith requested this courtesy in view that Voith has taken the depositions of JohnsonFoils' witnesses in Springfield, Massachusetts to accommodate their schedules. Despite JohnsonFoils' inexplicable refusal to reciprocate, Voith agreed to make its witnesses available for deposition in Delaware prior to the close of fact discovery, and arrangements were made to do so. JohnsonFoils, then, concocted this dispute, and unilaterally canceled the depositions of Voith's witnesses.

7.    In view of the above, JohnsonFoils' present motion should be denied because the instant dispute is merely a pretext to delay the litigation. Voith advised JohnsonFoils that the witnesses had arranged their schedules to be available in April as agreed and had made travel arrangements accordingly. Voith further cautioned JohnsonFoils that it was cancelling the depositions at its own peril. (Ex. 4). JohnsonFoils then, cavalierly, canceled the depositions, in the same vein as returning Voith's document production for no good reason, instead bringing this meritless motion.

8.    Moreover, JohnsonFoils did not act diligently in seeking to extend discovery. JohnsonFoils failed to timely file this motion so that it could be heard during this discovery

period. Instead, JohnsonFoils delayed such that the hearing could only occur after the close of discovery.

9.      As such, JohnsonFoils' motion should be denied and JohnsonFoils should be foreclosed from seeking fact discovery of Voith after April 30, 2008. To the extent, however, that JohnsonFoils is allowed to benefit from its improper and feckless behavior, Voith requests that the depositions of its witnesses be conducted in Virginia on dates when the Voith witnesses are available, and submits that JohnsonFoils should have to pay the witnesses' traveling expenses.

10.     Voith further submits that the Court should not condone JohnsonFoils' actions, and under no circumstances should the November 5, 2008 trial date be moved.

## IV.    ARGUMENT

### A.    Legal Authority

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Catholic Health Initiatives CO v. Gross*, 2007 WL 3232455, at *1 (D. Colo. 2007) (citing *Washington v. Arapahoe County Dept. of Social Services*, 197 F.R.D. 439, 441 (D. Colo. 2000)). To the contrary, a scheduling order may be amended only upon a showing of good cause. Fed.R.Civ.P. 16(b). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Gonzalez v. Comcast Corp.*, 2004 WL 2009366, at *1 (D. Del. 2004) (quoting *Dilmar Oil Co. V. Federated Mutual Ins. Co.*, 986 F.Supp. 959, 980 (D. S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir.1997)).

"Mere inadvertence on the part of the movant and the absence of prejudice to the non-movant are insufficient to establish 'good cause.'" *Forge v. City of Dallas*, 2004 WL 1243151,

6

at *2 (N.D. Tex. 2004); *Dallas Area Rapid Transit v. Foster*, 2002 WL 31433295, at *1 (N.D. Tex. 2002); *Am. Tourmaline Fields v. International Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. 1998).

And, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief…" *Dilmar*, 986 F.Supp. at 980. Moreover, a party's neglect to take available discovery vitiates assertions of diligence and cannot constitute good cause sufficient to disturb a scheduling order. *Kirkwood v. Inca Metal Products Corp.*, 2007 WL 2325222, at *3 (N.D. Tex. 2007).

### B.    There Is No Good Cause To Disturb The Scheduling Order And Extend Discovery Because JohnsonFoils Did Not Exercise Diligence

JohnsonFoils' motion to extend discovery should be denied. JohnsonFoils cannot demonstrate good cause sufficient to disturb the Scheduling Order because JohnsonFoils did not exercise diligence. JohnsonFoils twice returned Voith's document production and refused to take the deposition of Voith's witnesses. JohnsonFoils has also disregarded the Scheduling Order in other respects. JohnsonFoils filed an untimely summary judgment motion and has refused to make its witnesses available before the close of fact discovery. JohnsonFoils has now concocted a dispute bringing this motion at the end of fact discovery based upon feigned surprise that Voith's documents were in German despite Voith's September 20, 2007 letter noting that many of the Voith documents were in German. (Ex. 1). The Court should not reward JohnsonFoils' gamesmanship, and the Scheduling Order should not be disturbed. *Price v. United Guar. Residential Ins. Co.*, 2005 WL 265164, at *3 (N.D. Tex. 2005) ("A party takes a significant risk when it seeks an extension of a deadline close to the actual deadline.").

JohnsonFoils' shenanigans during document discovery further illuminates JohnsonFoils'

desire to delay the proceedings.[3] JohnsonFoils' argument that Voith placed unreasonable

restrictions on access to its highly confidential technical and business information is without

substance. Voith merely sought to protect its sensitive highly confidential information from

being disclosed to in-house and prosecution counsel of a direct competitor. "Courts have

presumed that disclosure to a competitor is more harmful than disclosure to a noncompetitor."

*American Standard Inc. v. Pfizer, Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987) (citing *Coca-Cola

Bottling Co. of Shreveport, Inc. v. Coca-Cola Co.*, 107 F.R.D. 288, 293 (D. Del. 1985)).

Voith did not unreasonably seek to completely bar JohnsonFoils' counsel from viewing

Voith documents, as JohnsonFoils would have this Court to believe. The requested limitation

was that, pending the Court's entry of a protective order, counsel having access to Voith's highly

confidential technical information not simultaneously prosecute patent applications in the paper

making field including for competitor JohnsonFoils. (JF Ex. E, D.I. 118-3, p. 2-3; Ex. M, D.I.

118-3, p. 39; and Ex. O, D.I. 118-4, p. 4). Additionally, JohnsonFoils' local counsel, which is

not involved in patent prosecuting matters, could have carried out the task of reviewing the

documents without compromising the confidentiality of Voith's documents. Either way, Voith's

request was entirely reasonable as such prosecution bars are not unusual in patent cases. *See

Affymetrix, Inc. v. Illumina, Inc.*, 2005 WL 1801683, at *1 (D. Del. 2005) (patent prosecution

described as competitive decision making); *Interactive Coupon Mktg. Group, Inc. v. H.O.T.!

Coupons, LLC*, 1999 WL 618969 (N.D. Ill. 1999) (imposing prosecution bar on counsel exposed

---

[3]    JohnsonFoils has employed delay tactics from the outset of this litigation. JohnsonFoils
requested significant additional time to Answer Voith's Complaint. [D.I. 11 and D.I. 12].
JohnsonFoils also filed a motion to stay the proceedings or for leave to refile its premature
summary judgment motion, after being required to withdraw the motion as untimely under
the Scheduling Order. [D.I. 27].

to confidential information); *Mikohn Gaming Corp. v. Acres Gaming Inc.*, 1998 WL 1059557 (D. Nev. 1998) (barring counsel engaged in prosecution from viewing competitor's confidential information, explaining that patent prosecution directed at a competitor is "intensely competitive"); *Motorola, Inc. v. Interdigital Tech. Corp.*, 1994 U.S. Dist. LEXIS 20714, at *11-12 (D. Del. 1994) (explaining competitive nature of patent prosecution and imposing a prosecution bar).

JohnsonFoils' dilatory conduct and neglect cannot be excused. JohnsonFoils belatedly accepted Voith's document production, spurning Voith's admonitions regarding the pending motion for protective order, but JohnsonFoils does not explain why it did not do this much earlier. JohnsonFoils' own actions belie their arguments.

### C.     JohnsonFoils' Demand For Translations Has No Basis In Law Or Fact, And Does Not Justify Extending The Discovery Period

JohnsonFoils' arguments seeking to set aside the Scheduling Order based upon the fact that Voith's documents are in the company's native tongue, German, have no basis in law or fact. JohnsonFoils negotiated and agreed upon the discovery cutoffs set forth in the Scheduling Order entered nearly a year ago with full knowledge that Voith was a German company. JohnsonFoils was further well aware that a significant portion of Voith's documents were in German while twice returning Voith's document production. When JohnsonFoils' counsel asked for translations, they were advised that none existed.

The sole case cited by JohnsonFoils to support its assertion that Voith must independently obtain and produce translated versions of its documents, *Stapleton v. Kawasaki Heavy Industries, Ltd.*, 69 F.R.D. 489 (N.D. Ga. 1975), has been rejected. According to the First Circuit in addressing the *Stapleton* case and a translation order,

It is generally assumed, as the Supreme Court stated in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) that each party is to bear the "ordinary burden of financing his own suit." *Id.* at 179, 94 S.Ct. at 2153. While the prevailing party is permitted in the court's discretion to recover certain enumerated costs necessary to preparation and presentation of his case, this allocation only occurs after the suit is over. Fed.R.Civ.P. 54(d). *See* 28 U.S.C. s 1920 (listing appropriate items of cost).

*In re Puerto Rico Elec. Power Authority*, 687 F.2d 501, 507 (1st Cir. 1982).[4] And as most recently noted by the Alabama Supreme Court, analyzing the Federal Rules as instructive on the virtually identical Alabama Rules,

> In its one-page opinion, the Stapleton court failed to cite a single case, and we decline to follow the rationale of that quarter-of-a-century-old case. Rather, we believe the better-reasoned view is that a party is required to bear its own pretrial discovery costs and any special attendant costs related to its discovery requests.
>
> We are persuaded that the federal courts are correct in holding that a party cannot impose on the producing party the cost of translating documents from a foreign language.

*Ex parte Maple Chase Co.*, 840 So.2d 147, 150 (Ala. 2002) (citing *In re Puerto Rico Elec. Power Authority*, 687 F.2d at 507; *East Boston Ecumenical Cmty. Council, Inc. v. Mastrorillo*, 124 F.R.D. 14 (D. Mass. 1989); *In re Korean Air Lines Disaster of Sept. 1, 1983*, 103 F.R.D. 357 (D.D.C. 1984); *Cook v. Volkswagen of America, Inc.*, 101 F.R.D. 92 (S.D. W.Va. 1984)) (emphasis added).

---

[4]    The present situation is identical to the *Puerto Rico* case wherein the First Circuit also observed that:

> While in *Stapleton* the court ordered reimbursement of translation expenses, there is no suggestion that the plaintiff in that case was unable to find a translator. Thus, in most, if not all, cases translators would be available to both parties-a situation which suggests that the requesting party should do the translating. Cf. Fed.R.Civ.P. 33(c) (discussed supra). Certainly in the present case, where both parties are large corporations, we have no doubt that translators could be found to do the necessary work without imposing this task or its expense on the opposing party.

*In re Puerto Rico Elec. Power Authority*, 687 F.2d at 508-09 (emphasis added).

JohnsonFoils did not act prudently, and it alone is responsible for this situation. JohnsonFoils cannot act in conscious disregard of the facts, and ask the Court to excuse its dilatory conduct and neglect on this completely untenable argument.

### D.   JohnsonFoils Disregarded The Scheduling Order And Unilaterally Cancelled The Depositions Of The Voith Witnesses

There is, likewise, no substance to JohnsonFoils' assertions regarding Voith's witnesses. Voith advised JohnsonFoils' of the inventors' employment situation the day after the notices of deposition were served.  (Ex. 2).  There was no delay on the part of Voith.  Voith also promptly agreed to make the witnesses within its control available for deposition in Delaware as demanded by JohnsonFoils.  (JF Ex. T, D.I. 118-4, p. 16).  Yet, JohnsonFoils' unilaterally refused to take the depositions of the available witnesses; concocting yet another reason to delay the litigation.

Moreover, although not obligated to do so, Voith attempted to contact the retired inventors and inquired whether they would agree to waive their right to privacy under German law, so that their personal contact information could be provided to JohnsonFoils.  None of the retired inventors have expressed a willingness to do so to date.  (Ex. 5).

Voith has also agreed to accommodate JohnsonFoils' witnesses and is conducting their depositions in Springfield, Massachusetts; despite JohnsonFoils' refusal to extend the same courtesy and depose Voith's witnesses in Virginia.

Not only has JohnsonFoils improperly and unilaterally cancelled the scheduled depositions of Voith's witnesses, JohnsonFoils has not presented any evidence that it has taken any action or exercised any diligence to locate or contact the retired inventors.  Again, JohnsonFoils appears to sit idly by and blame Voith for JohnsonFoils' neglect and lack of diligence.

DB02:6773430.1                                                     066310.1001

E.    **JohnsonFoils Has Shown A Pattern**
      **Of Disregard For The Scheduling Order**

JohnsonFoils has shown a pattern of disregard for the Court's Scheduling Order.

JohnsonFoils first filed a premature summary judgment motion, which was withdrawn as

untimely under the Scheduling Order.  [D.I. 26].  JohnsonFoils then served notices of deposition

in violation of the Scheduling Order, which were withdrawn. (Ex. 6).  JohnsonFoils further did

not make all of its witnesses available for deposition prior to the close of fact discovery; although

counsel have agreed to conduct certain depositions on May 1 and 2 to accommodate the

witnesses.  JohnsonFoils moreover cancelled the depositions of Voith's witnesses, and now seeks

to set aside the Scheduling Order with this motion.

This pattern of improper conduct  alone warrants denial of the instant motion.

JohnsonFoils has "shown a pattern of disregarding court-ordered deadlines. This tends to

establish that [JohnsonFoils'] failure to meet a discovery deadline that allowed almost one full

year for discovery is not the result of circumstances beyond the control of [JohnsonFoils']

diligent efforts, but is instead due to their own neglect.  This is not a satisfactory reason for

extending the court-ordered discovery deadline." *Kirkwood*, 2007 WL 2325222, at *3 (N.D.

Tex. 2007); *Am. Tourmaline Fields*, 1998 WL 874825, at *1; *Southwestern Bell Telephone Co. v.*

*City of El Paso*, 346 F.3d 541, 546 (Fed. Cir. 2003).

JohnsonFoils' inexcusable disregard for the Scheduling Order is compounded by

JohnsonFoils' failure to exercise diligence in conducting discovery.  JohnsonFoils twice returned

Voith's document production, and unilaterally cancelled depositions.  JohnsonFoils further filed

this motion such that it would not be heard until after the close of the discovery period.  As such,

JohnsonFoils should be foreclosed from taking discovery of Voith after the April 30 close of fact

discovery. *Price*, 2005 WL 265164, at *3 ("A party takes a significant risk when it seeks an extension of a deadline close to the actual deadline.").

In closing, it bears noting that JohnsonFoils has twice sought summary judgment in this case before the start of discovery, which is an affirmative representation that no discovery is necessary. *Chilingirian v. Boris*, 882 F.2d 200, 203 (6th Cir. 1989) (denying summary judgment movant's request for additional discovery). As such, JohnsonFoils' present protestations ring hollow.

**V.     CONCLUSION**

For the foregoing reasons, Voith respectfully requests the Court to deny JohnsonFoils' motion seeking to set aside the fact discovery deadline set forth in the Scheduling Order. To the extent that JohnsonFoils is permitted additional time to depose Voith's witnesses, an extension of ninety (90) days is unreasonable. Moreover, any depositions should be conducted in Virginia for the convenience of the witnesses, and JohnsonFoils should be required to pay the travel expenses of Voith's witnesses.

Lastly, and most importantly, notwithstanding any additional time JohnsonFoils is afforded under this motion, the other dates of the Scheduling Order should remain unchanged, especially the trial date.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Adam W. Poff  (No. 3990)
Andrew A. Lundgren  (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Tel:  (302) 571-6600
Fax:  (302) 571-1253

*Attorneys for Plaintiff*

OF COUNSEL:

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
P. Branko Pejic
1950 Roland Clarke Place
Reston, VA 20191
(703) 716-0081


Dated:  April 25, 2008

14

## CERTIFICATE OF SERVICE

I, Adam W. Poff, hereby certify that on April 25, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> George H. Seitz, III, Esquire
> Patricia P. McGonigle, Esquire
> SEITZ, VAN OGTROP & GREEN, P.A.
> 222 Delaware Avenue
> Suite 1500
> P.O. Box 68
> Wilmington, DE 19899

I further certify that on April 25, 2008, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

> Anthony S. Volpe, Esquire
> Ryan W. O'Donnell, Esquire
> Volpe and Koenig
> United Plaza, Suite 1600
> 30 South 17th Street,
> Philadelphia, PA 19103

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Adam W. Poff
Adam W. Poff  (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
apoff@ycst.com

# Exhibit 1

LAW OFFICES
## GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES E. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPRZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. ROSSNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERIBERT F. MUENSTERER, Ph.D. □○
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL B. MOON
PAUL T. LEE ▵
JOHN V. MAZZOLA ◇
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D.
SAFET METJAHIC *
AZZA JAYAPRAKASH
JONATHAN MILLER *

NEAL GOLDBERG
STEVEN B. POLLICOFF *
FAHD MAJIDUDDIN, Ph.D.

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPERNER *
RICHARD J. McGRATH
BARRY I. HOLLANDER

TECHNICAL ADVISORS:
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
SARAH J. SMALL
WALTER SCHLAPKOHL, Ph.D.

─────────

* ADMITTED TO A BAR
OTHER THAN VA
○ EUROPEAN PATENT ATTORNEY
▵ KOREAN PATENT ATTORNEY
◇ REGISTERED PATENT AGENT

September 20, 2007

**VIA EMAIL (PDF)**

Anthony S. Volpe
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Re:  *Voith v. JohnsonFoils.*; Our Ref: J214720

Dear Tony:

In response to the letter of September 19, 2007 regarding Voith's document production, we are still gathering and reviewing responsive documents for privilege. As you can imagine, the fact that many of the documents are in German has slowed our review process. Let's set up a time to talk about how documents will be produced and/or made available for inspection and copying, and exchanging privilege logs. It would be best if we can come to a mutual agreement.

Although we are still reviewing JohnsonFoil's discovery responses, please confirm that documents responsive to Voith's first and second set of discovery requests are ready to be produced.

Very truly yours,

GREENBLUM & BERNSTEIN, P.L.C.

Michael J. Fink

MJF/mis

cc:  Adam Poff, Esq.
George H. Seitz, III, Esq.
{J214720 00263714.DOC}

# Exhibit 2

LAW OFFICES
# GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPRZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERIBERT F. MUENSTERER, Ph.D. □ *
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL B. MOON
PAUL T. LEE △
JOHN V. MAZZOLA □
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D. □
AZZA JAYAPRAKASH
JONATHAN MILLER *

NEAL GOLDBERG
STEVEN B. POLLACOFF *
FAHD MAJIDUDDIN, Ph.D. □
SARAH J. SMALL
TODD HARDY *

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPERNER *
RICHARD J. McGRATH
BARRY I. HOLLANDER

TECHNICAL ADVISORS:
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
WALTER SCHLAPKOHL, Ph.D.
‾‾‾‾
* ADMITTED TO A BAR
  OTHER THAN VA
◊ EUROPEAN PATENT ATTORNEY
△ KOREAN PATENT ATTORNEY
□ REGISTERED PATENT AGENT

March 11, 2008

## <u>VIA EMAIL (PDF)</u>

Anthony S. Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA  19103

Re:    *Voith v. Johnson Foils*, USDC for Delaware: 1:07-cv-00226-JJF;
       <u>Our Ref: J214720</u>

Dear Tony,

Regarding the Notices of Deposition which you recently served, please be advised that only Messrs. Böck, Brandauer, and Wulz are currently employed by Voith. We are checking on their availability. To facilitate the deposition process, please let us know how much time you will need to depose each witness, as it may be possible to schedule more than one deposition in a day. Additionally, please let us know how many hours you will need to complete the 30(b)(6) deposition.

Also, as English is not the witnesses' first language, we are determining whether the witnesses are willing to be deposed in English. However, even if a witness agrees to try to testify in English, we recommend that you make arrangements to have an interpreter present.

Lastly, for the convenience of the witnesses, the depositions will be conducted at our offices in Reston, Virginia. There is a Sheraton hotel one block away if you need a recommendation where to stay.

Very truly yours,

GREENBLUM & BERNSTEIN, P.L.C.

Michael J. Fink

# Exhibit 3

LAW OFFICES
# GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPRZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERIBERT F. MUENSTERER, Ph.D. □ *
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL B. MOON
PAUL T. LEE Δ
JOHN V. MAZZOLA □
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D. □
AZZA JAYAPRAKASH
JONATHAN MILLER *

STEVEN B. POLLICOFF *
FARD MAJIDUDDIN, Ph.D. □
SARAH J. SMALL
TODD HARDY *
BO BIN JANG, Ph.D. □

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPERNER *
RICHARD J. McGRATH
BARRY I. HOLLANDER

TECHNICAL ADVISORS:
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
WALTER SCHLAPKOHL, Ph.D.

* ADMITTED TO A BAR
  OTHER THAN VA
□ EUROPEAN PATENT ATTORNEY
Δ KOREAN PATENT ATTORNEY
□ REGISTERED PATENT AGENT

April 3, 2008

**VIA EMAIL**

Anthony S. Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA  19103

> Re:   *Voith v. Johnson Foils*, USDC for Delaware: 1:07-cv-00226-JJF;
>         Our Ref: J214720

Dear Tony,

This letter is in response to your undated letter transmitted by email yesterday evening concerning third-party depositions. You state in that letter that JohnsonFoils will be "filing for at least a ninety (90) day extension of discovery." When we conferred, you stated that JohnsonFoils would be seeking a ninety (90) day extension, not "at least a ninety (90) day extension." In either event, as I previously informed you, we will oppose any request for an extension which may affect the trial date in November.

As for your complaint that Voith produced German language documents, that should not be surprising because Voith is a German company. Moreover, when Voith produced documents to you, on more than one occasion you refused to inspect them and actually returned the documents to us. Thus, any assertion that you do not have enough time to properly review Voith's document production is a result of your own actions. I doubt the Court will condone your repeated refusals to inspect Voith's documents as good cause to extend the discovery period.

Furthermore, contrary to your statement that "the inventors need to be deposed through a German interpreter," we stated in our letter of March 20, 2008, that "The witnesses .... are willing to try testifying in English to the extent they can. That said, you will still need to have an interpreter available in the event that a witness cannot understand any questions." (It appears

{J214720 00403088.DOC}

Anthony S. Volpe, Esq.                April 3, 2008                Page -2-

you may have misunderstood our letter.)  Moreover, if additional time were needed due to interpreters, we would be reasonably accommodating.

As to your assertion that Voith is trying to burden third-party customers, nothing could be further from the truth.  For example, International Paper, one of the third-party customers noticed for deposition, is a customer of both Voith and JohnsonFoils.  Moreover, I am working with the counsels for the third-party customers to minimize the burden associated with any deposition.  If the third-party customers are willing to proceed with the depositions, I see no grounds for JohnsonFoils to object.  Any JohnsonFoils' documents which a third-party customer may have in its possession relevant to the issues raised in the litigation should not be problematic, unless JohnsonFoils failed to produce them.  Any JohnsonFoils documents in the possession of a third-party customer can be produced and maintained as confidential under Local Rule 26.2.

As for your assertions that the third-party customers would be subject to multiple depositions, please explain the basis for this assertion.  Do you anticipate that the third-party customers will be obstructive and non-responsive?

The Scheduling Order entered in our case requires that fact discovery be completed by April 30, 2008.  We are using our best efforts to complete fact discovery by that date.  I understand that certain JohnsonFoils' witnesses are not available, but they must be the exceptions, not the rule.  We offered to make Voith's witnesses available for depositions in Delaware, and after you agreed to the dates, you unilaterally decided not to take them.

From the start of this litigation, JohnsonFoils has attempted to delay and drag out the case.  The Court denied JohnsonFoils' request for a stay, and the case is moving ahead.  The parties are required to comply with the Scheduling Order, which cannot be changed without good cause.  Accordingly, we intend to proceed with third-party discovery, and I strongly recommend that you do not take any action to delay the depositions where the third-party is willing to go forward.

Very truly yours,

GREENBLUM & BERNSTEIN, P.L.C.

Michael J. Fink

cc:    George Seitz, Esq.
       Adam Poff, Esq.

MJF/mis

{J214720 00403088.DOC}

# Exhibit 4

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERIBERT F. MUENSTERER, Ph.D. □ *
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL B. MOON
PAUL T. LEE △
JOHN V. MAZZOLA □
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D. □
AZZA JAYAPRAKASH
JONATHAN MILLER *

**LAW OFFICES**

# GREENBLUM & BERNSTEIN, P.L.C.

PATENT, COPYRIGHT AND TRADEMARK MATTERS

1950 ROLAND CLARKE PLACE

RESTON, VA 20191-1411

TEL: (703) 716-1191

FAX: (703) 716-1180

EMAIL: gbpatent@gbpatent.com

www.gbpatent.com

STEVEN B. POLLICOFF *
FAHD MAJIDUDDIN, Ph.D. □
SARAH J. SMALL
TODD HARDY *
BO BIN JANG, Ph.D. □

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPERNER *
RICHARD J. McGRATH
BARRY I. HOLLANDER

TECHNICAL ADVISORS:
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
WALTER SCHLAPKOHL, Ph.D.

March 28, 2008

*  ADMITTED TO A BAR
   OTHER THAN VA
□ EUROPEAN PATENT ATTORNEY
△ KOREAN PATENT ATTORNEY
▫ REGISTERED PATENT AGENT

<u>**VIA EMAIL**</u>

Anthony S. Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Re:    *Voith v. Johnson Foils*, USDC for Delaware: 1:07-cv-00226-JJF;
       <u>Our Ref: J214720</u>

Tony,

This responds to your March 27, 2008 letter seeking English translations of Voith's documents, and threatening to delay deposition discovery.

Frankly, we are surprised at your assertions that JohnsonFoils just learned that Voith, a German company, maintained its documents in its native langue. We advised you of this, as noted, over six months ago. Moreover, JohnsonFoils was provided with tens of thousands of these documents for months, but you returned them, purportedly because there was not a Protective Order in place. JohnsonFoils has now apparently reviewed Voith's document production (although there is still no Protective Order in place). It appears that your current request and demand is being interposed for purposes of delay. To the extent that JohnsonFoils is faced with any inconvenience, it is of your own making. Voith timely produced the documents, and JohnsonFoils returned them.

In view of the above, Voith intends to bring its witnesses from Germany and make them available for deposition in April (before the close of fact discovery) consistent with the parties' communications. Extensive arrangements have been made to bring our witnesses to Delaware as you requested. If JohnsonFoils refuses to take the depositions, it does so at its own peril. It is unreasonable to expect Voith to bring its witnesses back to the United States and make them available for deposition a second time.

{J214720 00399296.DOC}

Anthony S. Volpe, Esq.          March 28, 2008              Page -2-

    In closing, Voith has fully complied with its obligations under the Federal Rules. Voith has produced its documents as kept in the normal course of business, and provided English language documents, to the extent that such documents were prepared and maintained in the normal course of business. The Rules simply do not require that documents be produced in English.

    If we do not receive your confirmation that JohnsonFoils will conduct the depositions of Voith's witnesses as noticed by the close of business today (Friday March 28, 2008), we will assume that JohnsonFoils no longer intends to take the depositions, and we will take appropriate action and seek appropriate sanctions for any costs incurred.

                Very truly yours,

                GREENBLUM & BERNSTEIN, P.L.C.

                P. Branko Pejic

cc:    George Seitz, Esq.
       Adam Poff, Esq.


NFG/MJF/PBP/nj

# Exhibit 5

## ALISON WILLUWEIT

| | |
|---|---|
| **From:** | MICHAEL FINK |
| **Sent:** | Friday, April 25, 2008 12:22 PM |
| **To:** | 'Tony Volpe' |
| **Cc:** | John O'Malley; BRANKO PEJIC; NEIL GREENBLUM; Poff, Adam; George H Seitz III; Patricia P McGonigle |
| **Subject:** | Voith v. JohnsonFoils - J214720 |

**G&B File Number:** J214720

Tony,

As we agreed, Voith attempted to contact the inventors named on the patents-in-suit who are no longer employed by Voith.  Voith was able to contact all but one of the inventors.  All have declined to have their personal information disclosed.

Best regards,

Michael

Michael J. Fink, Esq.
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

*************************************************************************
The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited. If you have received
this communication in error, please notify us immediately by e-mail,
and delete the original message.
*************************************************************************
In rare cases, our spam scanners may eliminate legitimate email. Please advise us
immediately if you receive an error notification from our server.

# Exhibit 6

Case 1:07-cv-00226-JJF    Document 128-2    Filed 04/25/2008    Page 14 of 15

Voith vs. Johnson Foils, USDC for Delaware: 1:07-cv-00226-JJF; Our Ref: J214720    Page 1 of 2

## Ryan O'Donnell

| | |
|---|---|
| **From:** | George H Seitz III [gseitz@svglaw.com] |
| **Sent:** | Thursday, August 23, 2007 4:45 PM |
| **To:** | MICHAEL FINK |
| **Cc:** | NEIL GREENBLUM; Ryan O'Donnell; apoff@ycst.com; CStover@ycst.com; Patricia P McGonigle; Randy Huis; Tony Volpe |

**Subject:** RE: Voith vs. Johnson Foils, USDC for Delaware: 1:07-cv-00226-JJF; Our Ref: J214720

Michael, in response to your letter, we will file a Notice tomorrow withdrawing the Motion.

Regarding the deposition notices, they were never filed in Court. You may consider them withdrawn. Tony, will be in touch with you about rescheduling.

Thank you.

*George H. Seitz, III*
*302-888-7602 (Direct)*
*302-888-0606 (Fax)*
*gseitz@svglaw.com (email)*

---

**From:** MICHAEL FINK [mailto:MFINK@gbpatent.com]
**Sent:** Thursday, August 23, 2007 1:39 PM
**To:** Tony Volpe
**Cc:** NEIL GREENBLUM; George H Seitz III; Ryan O'Donnell; apoff@ycst.com; CStover@ycst.com; Patricia P McGonigle; RHuis@volpe-koenig.com
**Subject:** Voith vs. Johnson Foils, USDC for Delaware: 1:07-cv-00226-JJF; Our Ref: J214720

Tony,

Attached is a letter requesting Defendant to withdraw the summary judgment motion which was recently filed.

Best regards,

Michael

Michael J. Fink, Esq.
Partner
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
The information contained in this e-mail message is intended only for

1/9/2008

the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited. If you have received
this communication in error, please notify us immediately by e-mail,
and delete the original message.
*********************************************************************

In rare cases, our spam scanners may eliminate legitimate email. Please advise us
immediately if you receive an error notification from our server.

<<Letter requesting confer on SJ motion and Deposition Notices (00247247).PDF>>

1/9/2008