IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG | : | |
| | : | Civil Action No. 07-226-JJF |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHNSONFOILS, INC. | : | |
| | : | |
| Defendant. | : | |

JOHNSONFOILS, INC.'S REPLY TO  VOITH PAPER GMBH & CO. KG'S
ANSWERING BRIEF IN OPPOSITION TO JOHNSONFOILS, INC.'S MOTION TO
EXTEND THE DISCOVERY PERIOD AND TO EXTEND THE DURATION OF
VOITH'S WITNESS DEPOSITIONS

George H. Seitz, III (DE #667)
gseitz@svglaw.com
Patricia Pyles McGonigle (DE #3126)
pmcgonigle@svglaw.com
Kevin A. Guerke (DE#4096)
kguerke@svglaw.com
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

- and -

Anthony S. Volpe
John J. O'Malley
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA  19103
(215) 568-6400

*Attorneys for Defendant
JohnsonFoils, Inc.*

64858 v1

TABLE OF CONTENTS

I.     INTRODUCTION .................................................................................................. 1

II.    STATEMENT OF ADDITIONAL RELEVANT FACTS ................................... 1

III.   ARGUMENT ....................................................................................................... 2

       A. JohnsonFoils' Refusal to Accept Voith's Previous Document Production
          Was Justified and Does Not Constitute a Lack of Diligence ...................... 2

       B. Voith's Belated Production of Foreign Language Documents Constitutes
          Good Cause for this Court to Amend the
          Scheduling Order............................................................................................. 6

       C. JohnsonFoils' Previous Postponement of Depositions Was Justified and
          Does Not Constitute a Lack of Diligence ..................................................... 8

       D. JohnsonFoils Has Been Diligent in its Efforts to Comply
          With the Scheduling Order........................................................................... 10

       E. JohnsonFoils' Depositions Should be Conducted in
          Delaware, and JohnsonFoils Should Not Be Required
          to Pay Voith's Witnesses' Travel Expenses................................................ 10

       F. There is No Prejudice to Voith ................................................................... 11

IV.    CONCLUSION .................................................................................................. 12

## TABLE OF AUTHORITIES

**Cases**                                                                 **Pages**

<u>Ellis Air Lines v. Bellanca Aircraft Corp.</u>, 17 F.R.D. 395 (D.C. Del. 1955) .............. 11

<u>FMC Techs. v. Sequoia Energy, LLC</u>, 2006 U.S. Dist. LEXIS 44169 (E.D. Ky. June 26, 2006) ..................................................................................................... 11

<u>In re Puerto Rico Elec. Power Auth.</u>, 687 F.2d 501, 508 (1st Cir. 1982) ..................... 7


<u>Rules Cited</u>

Fed.R.Civ.P. 30(b)(6) .................................................................................................... 2

D. Del. Local Rule 26.2..................................................................................... 3, 4, 5, 9

I.    INTRODUCTION

JohnsonFoils, Inc. ("JohnsonFoils") moved this Court for an Order extending the discovery period for a period of ninety (90) days, and extending the duration of Voith Paper GmbH & Co. KG's ("Voith") Witness Depositions.  Pursuant to the August 3, 2007 Scheduling Order, the deadline for completion of fact discovery in this matter was April 30, 2008.  JohnsonFoils has demonstrated good cause for this request in its previous Motion to Extend the Discovery Period and to Extend the Duration of Voith's Witness Depositions (D.I. 117).  Despite Voith's contentions to the contrary, JohnsonFoils has exercised the utmost diligence throughout the discovery period of this litigation, but due to Voith's unreasonable demands and dilatory tactics, cannot reasonably be expected to meet the scheduling order deadline for completing discovery.  Each of JohnsonFoils' actions asserted in Voith's Opposition as lacking diligence was completely justifiable, and often a result of Voith's own lack of diligence or use of bad faith maneuvers.

II.    STATEMENT OF ADDITIONAL RELEVANT FACTS

JohnsonFoils' Opening Brief and accompanying Exhibits (A – Y) set forth facts relevant to its motion to its motion to extend.  JohnsonFoils is providing the following additional facts which are relevant to the issues raised in Voith's Response.

1.    On September 21, 2007, Voith served its Initial Disclosures Pursuant to Federal Rules of Civil Procedure 26(a)(1).  See Exhibit Z.

2      On March 14, 2008, only 47 days before the close of discovery, Voith

served the following Notices of Deposition and third party subpoenas:

> Douglas McPherson;
> Vaughn Wildfong;
> Jay Shands;
> James A. Ronning;
> Rule 30(b)(6) of AstenJohnson, Inc.;
> Rule 30(b)(6) of AbitibiBowater, Inc. (Snowflake, AZ);
> Rule 30(b)(6) of AbitibiBowater, Inc. (Calhoun, TN);
> Rule 30(b)(6) of International Paper (Courtland, TN); and
> Rule 30(b)(6) of JohnsonFoils, Inc.

See Notices of Service (D.I. 107 and 108)

3.      On April 22, 2008, Voith produced over 1,800 additional pages of

documents without explanation. See Exhibit AA.

4.      On  April 23, 2008, Voith produced over 90 additional pages of

documents without explanation. See Exhibit BB.

5.      Voith notified JohnsonFoils on April 25, 2008, that the German

inventors of the patents-in-suit would not consent to having their contact

information provided to JohnsonFoils until April 25, 2008. See Exhibit CC.

4.      On April 30, 2008, Voith served its Fourth Set of Interrogatories

despite the February 15, 2008 deadline for this discovery. See Exhibit DD.

III.   ARGUMENT

  A.   JohnsonFoils' Refusal to Accept Voith's Previous Document Production
       Was Justified and Does Not Constitute a Lack of Diligence

Voith's Opposition is littered with false accusations that JohnsonFoils failed

to exercise diligence in the discovery process.[1]   Contrary to these assertions,

JohnsonFoils has acted diligently throughout this litigation, including the discovery

period.   Voith, on the other hand has used dilatory, bad faith tactics to preclude

JohnsonFoils from obtaining discoverable material.

Voith argues that in returning documents proffered with Voith's

preconditions that extended beyond the Federal and Local Rules, JohnsonFoils

failed to exercise diligence. This is simply wrong.   JohnsonFoils returned Voith's

initial document proffer due to Voith's unreasonable demands. Local Rule 26.2

provides that absent an agreement between the parties, disclosure of the contents of

the documents is permitted between members of the firm acting as trial counsel in

the case at hand.

Despite the limited scope of the rule, Voith attempted to place unilateral,

unreasonable restrictions on its proffered documents.   On November 7, 2007 Voith

produced documents marked "CONFIDENTIAL," and "HIGHLY CONFIDENTIAL."

In a letter accompanying the documents, Voith demanded:

> [U]ntil the terms of the protective order are agreed upon,
> the enclosed documents are provided subject to the
> additional precondition that no attorney at your firm
> involved in patent related matters before any patent
> granting authority or agency anywhere in the world

---

[1]      Voith claims that it alone pursued its discovery diligently are belied by the fact that it did
not serve its first deposition notice until March 14, 2008.

relating to the subject matter of this lawsuit, including without limitation matters on behalf of JohnsonFoils, Inc. and/or its affiliated companies anywhere in the world, *e.g.*, AstenJohnson, Inc., is permitted access to any documents designated "HIGHLY CONFIDENTIAL," or any information contained therein.  Accordingly, any individual who views documents designated HIGHLY CONFIDENTIAL, or to whom any information contained therein is disclosed, is hereby noticed that they are precluded from participation in the above described patent related matters.  These documents are provided subject to the further precondition that any individual authorized to view confidential documents pursuant to Rule 26.2 who is provided access to documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, or to whom any information contained therein is disclosed, is provided with a copy  of this letter prior to such disclosure.

See Opening Brief, Exhibit E.  JohnsonFoils returned the documents unviewed. See

Opening Brief, Exhibit F.  On February 15, 2008 Voith proffered documents again

labeled "HIGHLY CONFIDENTIAL." See Opening Brief,  Exhibit M.  JohnsonFoils

again returned the documents unviewed. See Opening Brief, Exhibit N.

On March 7, 2008, nearly one month after the close of document production,

Voith produced its document nos. VTH000001-VTH127328, which included over

38,000 pages of new documents (VTH088942-127328).  See Opening Brief, Exhibit

O.  Voith would have this Court believe that JohnsonFoils changed its position

regarding the production of the Voith documents.  However, Voith's March 7, 2008

letter stated that:

Please note that the DVDs have been marked HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY as they contain documents which have been designated HIGHLY CONFIDENTIAL. Thus, such documents are to be treated as Outside Counsel Attorney's Eyes Only, and, in view of Voith's pending Motion for a Protective

- 4 -

Order, all attorneys which have had access to the HIGHLY
CONFIDENTIAL documents are subject to any prosecution bar
imposed by the Court.

Id. Importantly, this March 7, 2008 letter removed many of the unilateral and

onerous preconditions set by Voith, including, the following:

> 1.    That <u>no</u> attorney at JohnsonFoils' counsels' firm involved
> in patent related matters before any patent granting authority or
> agency anywhere in the world relating to the subject matter of this
> lawsuit, including without limitation matters on behalf of
> JohnsonFoils, Inc. and/or its affiliated companies anywhere in the
> world, *e.g.*, AstenJohnson, Inc., is permitted access to any documents
> designated "HIGHLY CONFIDENTIAL," or any information contained
> therein.

> 2.    Precluding any individual who views documents
> designated HIGHLY CONFIDENTIAL, or to whom any information
> contained therein is disclosed, is hereby noticed that they are
> precluded from participation in patent related matters.

> 3.    Requiring that any individual authorized to view
> confidential documents pursuant to Rule 26.2 who is provided access to
> documents     designated     CONFIDENTIAL     or     HIGHLY
> CONFIDENTIAL, or to whom any information contained therein is
> disclosed had to be provided with a copy of Voith's letter prior to such
> disclosure.

Compare Opening Brief Exhibits E and O.

Although Voith's March 7, 2008 letter again attempted to place limitations on

these documents beyond the requirement of Local Rule 26.2, JohnsonFoils, in order

to avoid further delay and prejudice to it, clarified on March 12, 2008 that it would

accept Voith's production in accordance with Rule 26.2 and rejected any other terms

that Voith unilaterally imposes on such documents. See Opening Brief, Exhibit P.

JohnsonFoils' refusal to accept Voith's unilateral conditions was perfectly

reasonable. After initiating this lawsuit, thus placing its own patents at issue,

Voith cannot refuse its opponent access to information regarding the technology behind those patents.[2]    Voith's demands were clearly calculated to impair JohnsonFoils' ability to effectively litigate this case.    The fact that Voith reconsidered its preconditions at a late stage in the case demonstrates the reasonableness of JohnsonFoils' position.

Voith cites several cases to demonstrate that its "request was entirely reasonable as such prosecution bars are not unusual in patent cases." See Voith's Answering Brief at p. 8.  In each of the cases cited by Voith, the court entered a protective order based on the particular facts of the case.  In none of the cases cited by Voith did the court permit a party to <u>unilaterally create its own prosecution bar</u>. And, Voith can not cite any case where the admitted art is more than twenty five (25) years old and the patent are about to expire

### B.    Voith's Belated Production of Foreign Language Documents Constitutes Good Cause for this Court to Amend the Scheduling Order

Voith argues that its production of foreign language documents does not entitle JohnsonFoils to an extended discovery period because the documents "are in the company's native tongue, German," and because JohnsonFoils entered into the Scheduling Order with full knowledge of this fact. See Voith's Answering Brief at p. 9. Voith's Opposition completely ignores the fact that JohnsonFoils had no way of knowing when the Scheduling Order was entered that Voith would proffer the documents at an <u>unreasonably late point in the discovery period</u> without notice to JohnsonFoils or request for leave of court, or that within the entire lot of documents

---

[2]    As set forth in JohnsonFoils response to Voith's Motion for a Protective Order, Voith's motion was baseless. See D.I. 57.

produced by Voith, totaling 127,000 documents, that there were over <u>100,000</u> <u>foreign language documents</u>.  <u>See</u> Opening Brief, Exhibits M, O, and Q.  Voith's production of a mass number of foreign language documents, <u>combined</u> with late production have made it nearly impossible for JohnsonFoils to complete discovery prior to the April 30th deadline set in the scheduling order.

Voith's Opposition goes on to argue that because JohnsonFoils twice returned Voith's proffered document production, it should have known that the documents were in German. <u>See</u> Voith's Answering Brief at p. 9.  This argument has no merit because Voith knows that JohnsonFoils returned the documents <u>without reviewing</u> <u>or reading them</u>. <u>See</u> Opening Brief, Exhibits F and N.  JohnsonFoils had no way of knowing that it would be faced with the daunting task of sorting through over 100,000 foreign language documents in support of the two (2) U.S. patents-in-suit. Voith's production of an exorbitant number of foreign language documents at an unreasonably late stage in the discovery period is unduly prejudicial to JohnsonFoils and this Court should amend the Scheduling Order to extend the discovery period.

Voith also misstates the law regarding translations.  The Court in <u>In re</u> <u>Puerto Rico Elec. Power Auth.</u>, 687 F.2d 501, 508 (1st Cir. 1982) did not foreclose the possibility of an order for the producing party to translate documents in an appropriate case. <u>Id.</u> at 510 n.2. JohnsonFoils submits that, regardless of whether a defendant is a corporation, it is an undue burden and expense to place on a

- 7 -

defendant to translate documents where the estimated costs of the translations is in excess of $1,000,000.

C.    JohnsonFoils' Previous Postponement of Depositions Was Justified and Does Not Constitute a Lack of Diligence

Voith contends that JohnsonFoils' previous postponement of depositions demonstrates a lack of diligence that should bar amendment of the Scheduling Order. This is an absolute distortion of the facts. After serving Voith with the notices of depositions, JohnsonFoils was hit with a number of bad faith tactics and unreasonable demands from Voith. JohnsonFoils was fully justified in postponing the depositions under the circumstances.

On March 11, 2008, more than six moths after JohnsonFoils' initial notice, Voith notified JohnsonFoils that all but three of the inventors it needed to depose were no longer employed by Voith. See Opening Brief, Exhibit S. Voith asserts that this notice was reasonable because it took place the day after the notices of deposition were served. See Voith's Answering Brief at p. 11. Voith ignores the fact that it had ample opportunity to notify JohnsonFoils of that fact prior to this date, as JohnsonFoils first served notices of deposition on August 10, 2007 for seven (7) of the inventors of the patents-in-suit, each of which was later served by the March 11, 2008 notices of deposition. See Opening Brief, Exhibits A and D. Moreover, these inventors were identified in Voith's Initial Disclosures as individuals likely to have information that would support Voith's claims or defenses. See Exhibit Z. Voith knew that JohnsonFoils intended to depose at least these seven (7) inventors, and

had ample opportunity to notify JohnsonFoils that only one (1) of them was still employed by Voith.

Voith caused further delay to the progress of JohnsonFoils' discovery by failing to meet the requirements Rule 26(a) by refusing to disclose the last known addresses of each the inventors identified in Voith Initial Disclosures. When JohnsonFoils pointed this fact out in its Motion to Extend the Discovery Period, Voith responded with a vague assertion that these inventors were invoking German law by refusing to permit disclosure of their contact information. Voith provides no specific reference to the Court regarding the German law it speaks of, and no evidence of its attempts to contact these inventors and obtain their permission to disclose their contact information aside from an e-mail to JohnsonFoils' counsel asserting that it made such an attempt. See Voith's Exhibit 5. In fact, despite repeated requests from JohnsonFoils, Voith did not notify JohnsonFoils that the German inventors would not consent to having their contact information provided to JohnsonFoils until April 25, 2008, some five days before the close of discovery. See Exhibit CC. Even if JohnsonFoils could contact the witnesses to arrange their depositions, Voith made it impossible to do before the close of discovery.

Voith's also claims that JohnsonFoils admitted that it did not need the discovery because it was prepared to file motions for summary judgment at the outset of the case. Voith's argument conveniently ignores the fact that on March 31, 2008, the Court denied JohnsonFoils' motion for leave to file summary judgment before August 30, 2008. See D.I. 114. Accordingly, no matter how confident

- 9 -

JohnsonFoils is about its infringement and validity positions, it still must prepare for trial and for the damages portion of the case.

### D.  JohnsonFoils Has Been Diligent in its Efforts to Comply With the Scheduling Order

Voith's Opposition asserts that JohnsonFoils has shown a pattern of disregard for the Scheduling Order. This is not the case here. JohnsonFoils has made every effort to comply with the deadlines set in the Scheduling Order, but due to circumstances, and Voith's lack of diligence, has been unable to do so.[3] Voith is the party that has exhibited inexcusable failure to comply with the terms of the scheduling order by imposing unilateral preconditions on the production of documents, producing most of its documents at or after the close of document discovery, refusing to provide relevant contact information for the inventors of the patents-in-suit, and serving interrogatories on the close of discovery. Voith has engaged in the very conduct that it accuses JohnsonFoils of, and as a result has placed an undue burden on JohnsonFoils in its efforts to complete discovery on time. This Court cannot condone such behavior.

---

[3]     Voith points out that JohnsonFoils previously served Voith with a premature summary judgment motion and notices of deposition. In both of these cases, Voith was fully cooperative in withdrawing service of the documents once it became aware of their untimely nature. In fact, JohnsonFoils even withdrew the notices of deposition without having ever filed them with the court. Voith further asserts noncompliance of the part of JohnsonFoils in filing its Motion to Extend the Discovery Period at a time when it would not be heard until after the discovery period. JohnsonFoils had no choice but to file its Motion at the time it did, because it became aware of the obstacles Voith's actions would impose at such a late stage during the discovery period.

E.    JohnsonFoils' Depositions Should be Conducted in Delaware, and
      JohnsonFoils Should Not be Required to Pay Voith's Witnesses'
      Travel Expenses

Voith's Opposition also asserts that JohnsonFoils should be required to
conduct its depositions in Virginia and pay their travel expenses. JohnsonFoils'
notices of deposition stated that the depositions would be held in Wilmington,
Delaware. See Opening Brief, Exhibit D. Voith persistently insisted that they be
held in Reston, Virginia "for the convenience of the witnesses." See Opening Brief,
Exhibits S and U. Voith fails to explain why it would be more convenient for the
witnesses to travel from Germany to Virginia, than from Germany to Delaware.

Furthermore, Voith's request is contrary to the law governing where
depositions should be conducted.    Plaintiffs are generally required to make
themselves available for depositions in the jurisdiction in which they chose to bring
the action. Ellis Air Lines v. Bellanca Aircraft Corp., 17 F.R.D. 395 (D.C. Del. 1955);
FMC Techs. v. Sequoia Energy, LLC, 2006 U.S. Dist. LEXIS 44169 (E.D. Ky. June
26, 2006). Voith chose to bring this action in the United States Court for the
District of Delaware and has established no compelling reason to ignore the general
rule; Voith should be required to submit to depositions within the state of Delaware,
and bear its own expense related to such.

F.    There is No Prejudice to Voith

There is no prejudice to Voith arising out of JohnsonFoils' request for an
extension of the discovery period. Although JohnsonFoils seeks an extension, it is
not seeking to extent the trial date of November 2008. In fact, there is ample time

in the Scheduling Order for JohnsonFoils to take the remaining depositions as dispositive motions are not due until August 20, 2008, and trial; is not scheduled until November 5, 2008. Voith will not be prejudiced by an extension of discovery.

## IV.    CONCLUSION

JohnsonFoils has made a showing beyond the "good cause" required for amending a scheduling order.  Voith has repeatedly engaged in dilatory tactics to impede JohnsonFoils' ability to obtain discoverable material, and now attempts to divert blame for the current situation onto JohnsonFoils.  JohnsonFoils respectfully requests the extension of the discovery period set forth its motion.


Dated:  May 5, 2008                    Respectfully submitted,

                                       Seitz, Van Ogtrop & Green, P.A.
                                       /s/ Patricia P. McGonigle

                                       _____
                                       George H. Seitz, III (DE #667)
                                       gseitz@svglaw.com
                                       Patricia Pyles McGonigle (DE #3126)
                                       pmcgonigle@svglaw.com
                                       Kevin A. Guerke (DE#4096)
                                       kguerke@svglaw.com
                                       222 Delaware Avenue, Suite 1500
                                       P.O. Box 68
                                       Wilmington, DE 19899
                                       (302) 888-0600
                                       - and -
                                       Anthony S. Volpe
                                       John J. O'Malley
                                       Volpe and Koenig, P.C.
                                       United Plaza, Suite 1600
                                       30 South 17th Street
                                       Philadelphia, PA  19103
                                       (215) 568-6400
                                       *Attorneys for Defendant*

<u>CERTIFICATE OF SERVICE</u>

I, Patricia P. McGonigle, Esquire, hereby certify that on this 5th day of May 2008, I electronically filed the foregoing pleading with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record. Further, I caused a copy of the foregoing pleading to be served upon the following counsel of record in the manner so noted:

<u>Via Electronic Mail</u>

Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899

Neil F. Greenblum, Esquire
Neal Goldberg, Esquire
Michael J. Fink, Esquire
Greenblum & Bernstein, PLC
1950 Roland Clarke Place
Reston, Virginia  20191

/s/ Patricia P. McGonigle
Patricia P. McGonigle (DE3126)
pmcgonigle@svglaw.com

64851 v1

# EXHIBIT Z

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VOITH PAPER GMBH & CO. KG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                          ) | C.A. No. 07-226-JJF |
| ) | |
| JOHNSONFOILS, INC., ) | |
| ) | |
| Defendant.            ) | |

## PLAINTIFF VOITH PAPER
## GMBH & CO. KG'S INITIAL DISCLOSURES
## PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(a)(1)

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and the Court's

Scheduling Order, Plaintiff Voith Paper GmbH & Co. KG (hereinafter referred to as

"Plaintiff" or "Voith") hereby submits its initial disclosures.  Voith reserves its right to

supplement these disclosures pursuant to Federal Rule of Civil Procedure 26(e) as its

investigation continues and more information becomes available in the course of

discovery.

### A.    PERSONS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT VOITH MAY USE TO SUPPORT ITS CLAIMS AND DEFENSES

On information and belief, the following individuals have discoverable

information that Voith may use to support its claims and defenses:

    1)  Mr. Hans-Jürgen Wulz

    Mr. Wulz may be contacted through Voith's counsel:

    Neil Greenblum
    Greenblum & Bernstein P.L.C.
    1950 Roland Clarke Place
    Reston, Virginia 20191

1

(703) 716-1191

On information and belief, Mr. Wulz has knowledge relating to United States Patents Nos. 5,718,805 and 5,972,168 ("the Patents-in-Suit").

2)  Dieter Egelhof

Pursuant to Fed. R. Civ. P. 26(e) and 26(g), Voith is attempting to obtain contact information for Mr. Egelhof.

On information and belief, Mr. Egelhof has knowledge relating to the Patents-in-Suit.

3)  Klaus Henseler

Pursuant to Fed. R. Civ. P. 26(e) and 26(g), Voith is attempting to obtain contact information for Mr. Henseler.

On information and belief, Mr. Henseler has knowledge relating to the Patents-in-Suit.

4)  Werner Kade

Pursuant to Fed. R. Civ. P. 26(e) and 26(g), Voith is attempting to obtain contact information for Mr. Kade.

On information and belief, Mr. Kade has knowledge relating to the Patents-in-Suit.

5)  Albrecht Meinecke

Pursuant to Fed. R. Civ. P. 26(e) and 26(g), Voith is attempting obtain contact information for Mr. Meinecke.

On information and belief, Mr. Meinecke has knowledge relating to the Patents-in-Suit.

6)  Wilhelm Wanke

Pursuant to Fed. R. Civ. P. 26(e) and 26(g), Voith is attempting to obtain contact information for Mr. Kade.

On information and belief, Mr. Wanke has knowledge relating to the Patents-in-Suit.

7) Jay Shands

    JohnsonFoils, Inc.
    40 Progress Avenue
    Springfield, MA 01104

    On information and belief, Mr. Shands has knowledge relating to
    JohnsonFoils's infringement of the Patents-in-Suit.

8) Vaughn Wildfong

    JohnsonFoils, Inc.
    40 Progress Avenue
    Springfield, MA 01104

    On information and belief, Mr. Wildfong has knowledge relating to
    JohnsonFoils's infringement of the Patents-in-Suit.

9) Douglas McPherson

    JohnsonFoils, Inc.
    40 Progress Avenue
    Springfield, MA 01104

    On information and belief, Mr. McPherson has knowledge relating to
    JohnsonFoils's infringement of the Patents-in-Suit.

10) Mr. Thomas Rühl

    Mr. Rühl may be contacted through Voith' counsel:

    Neil Greenblum
    Greenblum & Bernstein P.L.C.
    1950 Roland Clarke Place
    Reston, Virginia 20191
    (703) 716-1191

    On information and belief, Mr. Rühl has knowledge relating
    JohnsonFoils's infringement of the Patents-in-Suit.

11) Mr. Karl-Josef Böck

    Mr. Böck may be contacted through Voith's counsel:

3

Neil Greenblum
Greenblum & Bernstein P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

On information and belief, Mr. Böck has knowledge relating to costs
Voith's damages caused by infringement of the Patents-in-Suit.

**B.    THE CATEGORIES AND LOCATION OF DOCUMENTS AND
THINGS THAT VOITH MAY USE TO SUPPORT ITS CLAIMS AND
DEFENSES**

On information and belief, the following categories of documents and things may

be used to support Voith's claims and defenses and may be found at the indicated

locations.

1)    Documents and things relating to the Patents-in-Suit including research

and development, reviews, prosecution, prior art, reduction to practice, marketing, sales,

costs, revenues, profits, and damages resulting from JohnsonFoils's infringement, may be

located at the following facilities:

Voith Paper GmbH & Co. KG
St. Pöltener Str. 43 in 89522
Heidenheim, Germany

Voith Paper GmbH & Co. KG
Paul-Hartmann-Str. 4
Heidenheim, Germany

2)    Documents and things relating to JohnsonFoils's infringement of the

Patents-in-Suit and Voith's damages from JohnsonFoils's infringement, including

designs, specifications, profits, sales, costs, revenues, infringement opinions, and

documents demonstrating notice of JohnsonFoils's infringement of the Patents-in-Suit

may be located at JohnsonFoils's facilities.

4

## C.    COMPUTATION OF DAMAGES

Pursuant to Fed. R. Civ. P. 26(e) and 26(g), Voith is without information

sufficient to provide a computation of damages at this time and reserves its right to

supplement its disclosure.

## D.    INSURANCE AGREEMENTS

Other than the insurance agreement referred to by JohnsonFoils in its initial

disclosures, Voith is not aware of any insurance agreements or indemnification

agreements relevant to this action.

Respectfully submitted,

Neil F. Greenblum
Michael J. Fink
Neal Goldberg
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

- and

Adam W. Poff (DE #3990)
YOUNG CONWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6642

*Attorneys for Plaintiff Voith Paper GmbH & Co. KG*

Dated: September 21, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff Voith Paper GmbH & Co. KG's Initial Disclosures Pursuant to Federal Rules of Civil Procedure 26(a)(1) was served on Attorneys for Defendant JohnsonFoils, Inc., via Electronic Mail and First Class Mail:

> Anthony S. Volpe, Esq.
> Ryan W. O'Donnel, Esq.
> Randolph J. Huis, Esq.
> VOLPE AND KOENIG, P.C.
> United Plaza, Suite 1600
> 30 S. 17th Street
> Philadelphia, PA 19103
> (215) 568-6400
>
> George H. Seitz, III, Esq. (DE #667)
> SEITZ, VAN OGTROP & GREEN, P.A.
> 222 Delaware Avenue, Suite 1500
> P. O. Box 68
> Wilmington, DE 19899
> (302) 888-7602

Date:    September 21, 2007

> Neil F. Greenblum
> Michael J. Fink
> Neal Goldberg
> GREENBLUM & BERNSTEIN, P.L.C.
> 1950 Roland Clarke Place
> Reston, Virginia 20191
> (703) 716-1191
>
> – and –
>
> Adam W. Poff (DE #3990)
> YOUNG CONWAY STARGATT & TAYLOR, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19899
> (302) 571-6642
>
> *Attorneys for Plaintiff Voith Paper GmbH & Co. KG*

# EXHIBIT AA

LAW OFFICES
# GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERIBERT F. MUENSTERER, Ph.D. □ *
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL B. MOON
PAUL T. LEE △
JOHN V. MAZZOLA □
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D. □
AZZA JAYAPRAKASH
JONATHAN MILLER *

STEVEN B. POLLICOFF *
FAHD MAJIDUDDIN, Ph.D. □
SARAH J. SMALL
TODD HARDY *
BO BIN JANG, Ph.D. □

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES R. MURRAY, JR.*
SEAN MYERS-PAYNE, *
LESLIE J. PAPENNER *
RICHARD J. McGRATH
BARRY I. HOLLANDER

TECHNICAL ADVISORS:
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
WALTER SCHLAPKOHL, Ph.D.

* ADMITTED TO A BAR
  OTHER THAN VA
□ EUROPEAN PATENT ATTORNEY
△ KOREAN PATENT ATTORNEY
□ REGISTERED PATENT AGENT

April 22, 2008

**VIA EMAIL AND FEDERAL EXPRESS**
Anthony S. Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA  19103

Re:    *Voith v. JohnsonFoils*, USDC for Delaware: 1:07-cv-00226-JJF;
       Our Ref: J214720

Dear Tony,

Further to our discussion, to accommodate Dr. Wildfong's and Dr. Shands' schedule, we agree to take the Dr. Wildfong's deposition on April 30th, JohnsonFoils 30(b)(6) deposition on May 1st and Dr. Shand's deposition on May 2nd. Please find enclosed the Revised Notices of Depositions.

Also enclosed, please find one CD with documents Bates Stamped VTH 129852 – VTH 131638.

Very truly yours,

GREENBLUM & BERNSTEIN, P.L.C.

Michael J. Fink

Enclosures:    Revised Notices of Deposition to Dr. Wildfong, JohnsonFoils 30(b)(6) and Dr. Shands; Production CD

cc:    George Seitz, Esq. (by email only)
       Adam Poff, Esq. (by email only)

MJF/ajp

{J214720 00417694.DOC}

# EXHIBIT BB

LAW OFFICES

# GREENBLUM & BERNSTEIN, P.L.C.

PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPRZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERIBERT F. MUENSTERER, Ph.D. ⬜ °
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL B. MOON
PAUL T. LEE △
JOHN V. MAZZOLA ⬜
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D. ⬜
AZZA JAYAPRAKASH
JONATHAN MILLER *

STEVEN B. POLLICOFF *
FAHD MAJIDUDDIN, Ph.D. ⬜
SARAH J. SMALL
TODD HARDY *
BO BIN JANG, Ph.D. ⬜

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE *
LESLIE J. PAPERNER *
RICHARD J. McGRATH
BARRY I. HOLLANDER

TECHNICAL ADVISORS:
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
WALTER SCHLAPKOHL, Ph.D.

* ADMITTED TO A BAR
  OTHER THAN VA
° EUROPEAN PATENT ATTORNEY
△ KOREAN PATENT ATTORNEY
⬜ REGISTERED PATENT AGENT

April 23, 2008

## VIA EMAIL AND FEDERAL EXPRESS

Anthony S. Volpe, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

           Re:   *Voith v. JohnsonFoils*, USDC for Delaware: 1:07-cv-00226-JJF;
                    <u>Our Ref: J214720</u>

Dear Tony,

      Enclosed please find one CD with documents Bates Stamped VTH 131639 –
VTH 131733.

                            Very truly yours,

                            GREENBLUM & BERNSTEIN, P.L.C.

                            Michael J. Fink

Enclosures:   Production CD

MJF/ajp

Volpe & Koenig, P.C.
Received via _____

APR 2 4 2008

Docketed For _____
_____
☐ Previously Docketed  ☐ Docketing Not Req'd
Docketed by _____ Atty/Para _____

{J214720 00418977.DOC}

# EXHIBIT CC

## John O'Malley

| | |
|---|---|
| **From:** | MICHAEL FINK [MFINK@gbpatent.com] |
| **Sent:** | Friday, April 25, 2008 12:22 PM |
| **To:** | Tony Volpe |
| **Cc:** | John O'Malley; BRANKO PEJIC; NEIL GREENBLUM; Poff, Adam; George H Seitz III; Patricia P McGonigle |
| **Subject:** | Voith v. JohnsonFoils - J214720 |

Tony,

As we agreed, Voith attempted to contact the inventors named on the patents-in-suit who are no longer employed by Voith.  Voith was able to contact all but one of the inventors.  All have declined to have their personal information disclosed.

Best regards,

Michael

Michael J. Fink, Esq.
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
Voice: (703) 716-1191
Facsimile: (703) 716-1180
email: mfink@gbpatent.com
http://www.gbpatent.com/

*************************************************************************
The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential. If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited. If you have received
this communication in error, please notify us immediately by e-mail,
and delete the original message.
*************************************************************************
In rare cases, our spam scanners may eliminate legitimate email. Please advise us immediately if you
receive an error notification from our server.

# EXHIBIT DD

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG, a Company organized and existing under the laws of Germany, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 07-0226-JJF |
| v. | ) ) | |
| JOHNSONFOILS, INC. a Delaware Corporation, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S FOURTH SET OF INTERROGATORIES TO JOHNSONFOILS, INC.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Voith Paper GmbH & Co. KG (hereinafter, "Plaintiff") requests that Defendant JohnsonFoils, Inc. (hereinafter, "Defendant") answers the following interrogatory separately, fully, and under oath, within thirty (30) days of service. In accordance with Federal Rule of Civil Procedure 26(e), Defendant is subject to a duty to seasonably amend all responses to these interrogatories. The following definitions and instructions apply, as do the definitions set forth in Local Rule 26.5(c).

**DEFINITIONS**

These interrogatories shall be deemed to be continuing within the meaning of Fed. R. Civ. P. 26 (e) (1) and (2) with respect to any additional information which becomes known to Defendant or its counsel up to and including the time of trial. Answers hereto shall be enlarged, diminished, or otherwise modified to include any information required by Fed. R. Civ. P. 26 (e) (1) and (2) as acquired by Defendant subsequent to the date of its initial answers within a reasonable time after the acquisition of such information.

Definitions and Instructions from all previous Requests for Admissions, Requests for Production of Documents and Things, and Interrogatories are hereby incorporated by reference as if set forth herein.

The singular shall include the plural and *vice versa*, and words in any gender shall include the other gender.

The term "Patents-in-suit" means the patent that are the subject of the above-captioned matter, specifically including U.S. Pat. Nos. 5,718,805 and 5,972,168 (collectively hereinafter "the Patents-in-suit").

The term "Prior Art" shall be construed in accordance with the meaning given that term in Title 35, United States Code, and interpretations thereof provided by the federal judiciary.

The term "Plaintiff" means Voith Paper GmbH & Co. KG

The term "Defendant" means JohnsonFoils, Inc.; any predecessor business organization of the Defendant, and any wholly or partly owned subsidiary, division, parent, joint venture, or other entity in which any or all of Defendant is a material participant or equity interest holder, or was a material participant or equity interest holder at any time.

The term "Person" means any individual or organization, including sole proprietorship, partnership, corporation, association, governmental body or agency, or other legal entity.

The term "Organization" means domestic or foreign, public or private corporations, partnerships or proprietorships, as well as all other business organizations, associations, forms, trustees, or legal entities.

{J214720 00424394.DOC}

The term "Document" means any medium, upon which information can be communicated, in the possession, custody or control of Defendant, its counsels or its consultants, or known to Defendant, its counsels or its consultants, and is used in a comprehensive sense to include, without limitation, the following items, whether printed, typed, written or produced by hand or stamp, recorded, microfilmed, photographed, video-taped, filmed, stored on information storage means such as data bases, tapes, disks, hard drives, cassettes and/or other memory devices and computer records of any type, or any copy of Documents reproduced by any process, whether or not claimed to be privileged, confidential or personal: letters, notes, memoranda, reports, records, agreements, working papers, communications (including interdepartmental or intradepartmental communications, inter-company or intra-company communications), correspondence, summaries or records of personal conversations, diaries, e-mails, facsimile transmissions, forecasts, statistical statements, tables, graphs, laboratory reports, research reports, notebooks, books, charts, spreadsheets, plans, production files, blueprints, schematics, flow charts, computer programs, including source code and associated documentation both integral and separate from the program, engineering specifications, software specifications, diagrams, drawings, manuals, instructions and/or procedures, including, but not limited to, installation instructions or procedures, operating instructions or procedures, calibration instructions or procedures, maintenance or service instructions or procedures, photographs, minutes or records of meetings, minutes or records of conferences, expressions or statements of policy, lists of persons attending meetings or conferences, recorded statements, interviews or conversations, transcripts, reports or summaries of interviews, reports or summaries of investigations, opinions or

reports or summaries of either negotiations or preparations for such, brochures, pamphlets, advertisements, circulars, press releases, price lists, instruments, accounts, bills of sale, purchase orders, quotations, terms of sale, invoices, lists of expenses, both fixed and variable, and all other materials on any tangible medium of expression, and all original and/or preliminary notes. Any comment or notation appearing on any Document, and not a part of the original text, is to be considered a separate "Document." Unless otherwise noted, the Documents requested are those prepared or existing at the time that Defendant's Answer and Counterclaims were filed in the present action and those prepared since that time.

The terms "Identify" or "Identity," in the case of an individual, mean to state the person's full name; home address (present or last known); employer or business affiliation, business address and position; email address(es), and the relevant time period and nature of each of his present and prior employment positions or affiliations with Defendant.

The terms "Identify" or "Identity," in the case of an Organization, mean to state the organization's full name; type of organization (*i.e.*, corporation, partnership, etc.); the post office address of its principal place of business; date(s) and state(s) or country(ies) of incorporation; the identities of its principal officers and directors; and, any date of dissolution.

The terms "Identity" or "Identify," in the case of a Document, mean to state the Document's title and a description of its subject matter; the type or nature of the Document (*e.g.*, e-mail, letter, memorandum, telegram, chart, laboratory report, etc.); the identity of all person(s) who prepared the Document; the identity of all person(s) to

whom copies were provided and/or submitted; the date the Document was prepared; its present location and custodian; and all other means of identifying it with sufficient particularity to satisfy the requirements for its inclusion in a demand or request for its production pursuant to Fed. R. Civ. P. 34.

The term "Identity" or "Identify," in the case of software, computer program, application, system, apparatus, device, component thereof, or other thing, means to describe the system or device, component or thing by name, model number, type, storage capacity, part number, and all other means of identifying it with sufficient particularity to satisfy the requirements for its inclusion in a demand or request for its production pursuant to Fed. R. Civ. P. 34.

In the event Defendant contends that any Document asked to be Identified is privileged or otherwise excludable from discovery, Defendant is requested to specify the basis for the privilege or other grounds for exclusion in addition to the Document Identification information requested above.

The term "Identify with Specificity," in addition to what is requested in the paragraphs above, means to Identify the responsive Documents by Bates number and to particularly point out the specific page(s), paragraph(s) and line(s) where the requested information can be found. In the case of a patent, in addition to the patent number, the specific column and line numbers should be provided.

The terms "Accused Product" and "Accused Products" as used herein means each and every paper forming machine which Defendant has modified, or contracted to modify, to utilize one or more resiliently supported blades.

{J214720 00424394.DOC}

The term "Client" as used herein means any and all Persons, and/or Organizations that is a client of Defendant in relation with the Accused Products.

The term "Customer" as used herein means any and all Persons, and/or Organizations that is a customer of Defendant in relation with the Accused Products.

## INSTRUCTIONS

The form of the responses to this fourth set of interrogatories is to comply with Federal Rule 33(b) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

INTERROGATORY NO. 21:

Identify with specificity the earliest date that any Person affiliated with JohnsonFoils first became aware of the Patents-in-Suit, either individually or collectively, all facts and circumstances relating to this knowledge, and all documents evidencing and/or relating to JohnsonFoils' earliest knowledge of the Patents-in-Suit.

INTERROGATORY NO. 22:

Identify with specificity and describe with particularity any document and/or thing that JohnsonFoils' intends to introduce and/or otherwise rely upon at trial.

Dated: April 30, 2008

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
P. Branko Pejic
1950 Roland Clarke Place
Reston, VA 20191
(703) 716-1191

Young Conaway Stargatt & Taylor, LLP
Adam W. Poff (No. 3990)

The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6642
*Attorneys for Voith Paper GmbH & Co. KG*

{J214720 00424394.DOC}

## CERTIFICATE OF SERVICE

I hereby certify that a copy of PLAINTIFF'S FOURTH SET OF INTERROGATORIES TO JOHNSONFOILS, INC. was served on Attorneys for Defendant JohnsonFoils, Inc., via Federal Express:

Anthony S. Volpe, Esq.
John J. O'Malley, Esq.
Ryan W. O'Donnel, Esq.
VOLPE AND KOENIG, P.C.
United Plaza, Suite 1600
30 S. 17th Street
Philadelphia, PA 19103
(215) 568-6400

George H. Seitz, III, Esq. (DE #667)
SEITZ, VAN OGTROP & GREEN, P.A.
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE 19899
(302) 888-7602

Date:   April 30, 2008

Neil F. Greenblum
Michael J. Fink
P. Branko Pejic
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

– and –

Adam W. Poff (DE #3990)
YOUNG CONWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6642

*Attorneys for Plaintiff Voith Paper GmbH & Co. KG*

{J214720 00424670.DOC}