IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG | : | |
| | : | Civil Action No. 07-226 JJF |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHNSONFOILS, INC. | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT JOHNSONFOILS, INC.'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO COMPEL PLAINTIFF VOITH PAPER GMBH & CO. KG TO
RESPOND TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND TO
CATEGORIZE DOCUMENT RESPONSES**

George H. Seitz, III (DE #667)
Patricia Pyles McGonigle (DE #3126)
Kevin A. Guerke (DE#4096)
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

-and-

Anthony S. Volpe
John J. O'Malley
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400

*Attorneys for Defendant
JohnsonFoils, Inc.*

65390 v1

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................ 1

II.   NATURE AND STAGE OF THE PROCEEDINGS .......................................... 1

V.    STATEMENT OF FACTS .................................................................... 2

IV.   SUMMARY OF ARGUMENT ............................................................... 4

V.    ARGUMENT .................................................................................... 5

     A.    Legal Standard

     B.    Voith Cannot Rely on Rule 33(d).

          1.    The Answers To The Interrogatories Cannot Be Ascertained
                From Voith's Business Records

          2.    JohnsonFoils' Burden Of Deriving And Ascertaining Answers To
                JohnsonFoils' Interrogatories Drastically Outweighs Voith's.

          3.    Voith's Answers Lack The Requisite Specificity

          4.    Rule 33(d) Does Not Apply To Fact Interrogatories

     C.    Voith Failed To Produce Documents As Voith Keeps Them In The
           Usual Course Of Business.

VI.   CONCLUSION ................................................................................ 10

## TABLE OF AUTHORITIES

<u>Cases</u>                                                                        <u>Pages</u>

<u>Directory Dividends, Inc. v. SBC Communs., Inc.</u>, 2003 U.S.
Dist. LEXIS 24296 (E.D. Pa. Dec. 31, 2003) ......................................................... 11, 12

<u>DIRECTV, Inc. v. Puccinelli</u>, 224 F.R.D. 677 (D. Kan. 2004) ..................................... 11

<u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978). ................................. 5

<u>United States Securities and Exchange Commission v.Elfindepan,
S.A.</u>, 206 F.R.D. 574 (M.D.N.C. 2002) .................................................................. 9, 11

<u>The United Oil Co., Inc. v. Parts Associates, Inc.</u>, 227 F.R.D. 404 (D. Md. 2005) ...... 9


<u>Rules Cited</u>                                                                  <u>Page</u>

D. Del. Local Rule 26.2.............................................................................................. 1, 2

Fed. R. Civ. P. 34(b) .............................................................................................. 5, 12, 13

Fed. R. Civ. P. 33(d) ............................................................................................... passim

I.    INTRODUCTION

Voith Paper GmbH & Co. KG's ("Voith") continued and unjustified refusal to respond completely to JohnsonFoils, Inc.'s ("JohnsonFoils") First Set of Interrogatories and First and Third Set of Requests for Production of Documents has left JohnsonFoils with no recourse other than to file this Motion to Compel Voith to Respond to JohnsonFoils' First Set of Interrogatories.

II.    Nature And Stage Of Proceedings

On January 14, 2008, JohnsonFoils served Voith with a First Set of Interrogatories pursuant to FED R. CIV. P. 26 and FED R. CIV. P. 33.

On February 15, 2008, Voith filed its response to JohnsonFoils' First Set of Interrogatories. See Exhibit A.  In this response, Voith invoked FED R. CIV. P. 33(d) in its sixth General Objection, the Specific Objection to Interrogatory 8, and in its Responses to Interrogatories 2, 8(c), 8(d), 10, and 13.[1]

On August 13, 2007, JohnsonFoils served is First Request for Production of Documents.  On September 17, 2007, Voith served its responses.

On January 14, 2008, JohnsonFoils served is Third Request for Production of Documents.  On February 15, 2008, Voith served its responses.

---

[1]    Voith's responses were originally filed as Attorneys Eyes Only pursuant to Local Rule 26.2. Accordingly, JohnsonFoils has provided a redacted version of Voith's Responses which has removed all potential confidential information.

On May 27, 2008, JohnsonFoils notified Voith that JohnsonFoils had not found any documents responsive to its interrogatories and requested Voith provide a full and complete response to Interrogatories 10 and 13.

Pursuant to the Court's August 3, 2007 scheduling order, Voith, as the party with the burden of proof on damages, had until May 21, 2008 to submit an expert report if it sought to rely on expert testimony on damages.

After exchanging correspondence and several telephone conferences with Voith, the parties reached an impasse as to the sufficiency of Voith's response to JohnsonFoils' Interrogatories and document requests. See Exhibit G, H and I.

## III.    STATEMENT OF FACTS

On January 14, 2008, JohnsonFoils served Voith with JohnsonFoils' First Set of Interrogatories, which included Interrogatory Nos. 1-13.

On February 19, 2008, Voith served JohnsonFoils with Voith's Response to JohnsonFoils' First Set of Interrogatories on February 19, 2008. See Exhibit A. Voith answered Interrogatory Nos. 2, 8(c), 8(d), 10, and 13 by producing its business records pursuant to FED R. CIV. P. 33(d).

On May 27, 2008, JohnsonFoils notified Voith that JohnsonFoils had not found any of the documents Voith produced responsive to Interrogatory Nos. 10 and 13, and since Voith did not submit an expert damages report, Voith must provide a full and complete response to Interrogatory Nos. 10 and 13. JohnsonFoils also offered to meet with Voith and discuss Voith's response to Interrogatory Nos. 10 and

13. JohnsonFoils also requested that Voith provide the categorization of documents contemplated by Rule 34(b) since it could not locate responsive documents.

On May 30, 2008, JohnsonFoils' counsel John O'Malley and Voith's counsel P. Branko Pejic discussed JohnsonFoils' May 27, 2008 letter. During the conference call, Voith requested JohnsonFoils identify any authority supporting JohnsonFoils' request that Voith identify documents under FED R. CIV. P. 34 or FED R. CIV. P. 33(d). See Exhibit D. JohnsonFoils provided the authority on the same day. See Exhibit E.

On June 2, 2008, JohnsonFoils' and Voith's counsel discussed, among other things, Voith's response to JohnsonFoils' Interrogatories and document requests during a phone conference.

On June 3, 2008, Voith claimed its earlier responses to Interrogatory Nos. 10 and 13 were proper. Voith also indicated JohnsonFoils had not provided authority supporting its request that Voith identify, categorize, organize, or label documents under FED R. CIV. P. 34 or FED R. CIV. P. 33(d). See Exhibit F.

On June 3, 2008, JohnsonFoils acknowledged Voith's representation that Voith produced the documents as they are kept in the usual course of business. JohnsonFoils also acknowledged Voith's statement that it would not categorize the documents. JohnsonFoils notified Voith that the documents' organization was not ascertainable and requested Voith explain, in writing, the documents' organization in the usual course of business. JohnsonFoils requested Voith provide its final position by the close of business on June 3, 2008 and notified Voith of its intent to

file a motion to compel. See Exhibit H. Voith responded on June 3, 2008 with a letter identifying documents "relating to damages" and reiterated its claim that the documents were provided as they were kept in the ordinary course of business.

To date, Voith has not completely and properly responded to JohnsonFoils' Interrogatory Nos. 2, 8, 10, and 13 or categorized the documents.

III.    SUMMARY OF ARGUMENT

1.    Voith's use of Rule 33(d) to block JohnsonFoils from obtaining discoverable facts is improper and an abuse because: (a) the answers to the interrogatories at issue (Interrogatory Nos. 2, 8(c), 8(d), 10) cannot be derived or ascertained from Voith's business records; and (b) the burden of deriving or ascertaining the answer is much greater on JohnsonFoils due the voluminous nature of the documents, andthe fact that most documents are in German. Even if the burden were equal on the parties, Voith has not identified a single document or sufficient detail to permit JohnsonFoils to locate and to identify, as readily as Voith, the records from which the answer may be ascertained. FED R. CIV. P. 33(d).

2.    Since Voith failed to produce its as it keeps them in the usual course of business, as required to the provisions of FED R. CIV. P. 34(b), Voith must categorize its documents.

IV.    ARGUMENT

A.    Legal Standard

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...." FED R. CIV. P. 26(b)(1).  The definition of "relevant information" in Rule 26(b)(1) is broad.  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.  Courts construe discovery rules liberally to serve the purposes of discovery in order to provide the parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and promote settlement. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

Discovery may be had for any "matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1).  A litigant must provide complete, specific, and responsive objections when it claims the discovery is not relevant.  Relevancy only requires that the requested discovery "appears reasonably calculated to lead to the discovery of admissible evidence." FED R. CIV. P. 26(b)(1). When a party produces documents or electronically stored information pursuant to a discovery request, the party must produce these documents "as they are kept in the usual course of business", or else the party "must organize and label them to correspond to the categories in the request." See FED R. CIV. P. 34(b)(2)(E)(i).

An interrogatory may "relate to <u>any</u> matter that may be inquired into under Rule 26(b)". FED R. CIV. P. 33(a)(2). An interrogatory is not objectionable merely because it asks for a contention that relates to fact. FED R. CIV. P. 33(a)(2). A responding party <u>must</u> <u>answer</u> interrogatories. <u>See</u> FED R. CIV. P. 33(b)(1). Rule 33(d) permits a party responding to a discovery request to answer interrogatories by producing business records. <u>See</u> <u>SEC v. Elfindepan</u>, 206 F.R.D. 574, 576 (M.D.N.C. 2002). Rule 33(d) provides:

> If the answer to an interrogatory may be determined by <u>examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information)</u>, and if the <u>burden of deriving or ascertaining the answer will be substantially the same for either party</u>, the responding party may answer by:
>
> (1) <u>specifying the records</u> that must be reviewed, <u>in sufficient detail</u> to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party <u>a reasonable opportunity to examine</u> and audit the records and to make copies, compilations, abstracts, or summaries.

FED R. CIV. P. 33(d) (emphasis added).

### B.    Voith Cannot Rely On Rule 33(d).

A party may rely upon Rule 33(d) only when meeting three requirements have been met: (a) "the answer to an interrogatory may be derived or ascertained from the business records;" (b) "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served;" and (c) the specification is "in sufficient detail to permit the interrogating

party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." FED R. CIV. P. 33(d).

In order to assist the Court in assessing Voith's responses, the relevant interrogatories with Voith's responses are reproduced below. For the sake of brevity, JohnsonFoils has not reproduced Voith's objections here. See Exhibit A.

### INTERROGATORY NO. 2
Identify Plaintiff's organizational structure as it relates to the research, development, testing, manufacturing, marketing, distribution, importation, sale, and licensing of Plaintiff's products allegedly covered by any claim of the Patents-in-Suit, identifying the individuals who have held executive or operational management positions for each division, department, or other organizational group involved in those activities.
. . .

### Voith's Response to Interrogatory No. 2
Subject to the foregoing objections, Voith responds as follows: Pursuant to Fed. R. Civ. P. 33(d), a response to this Interrogatory can be ascertained through the documents which Voith will provide to JohnsonFoils.

### INTERROGATORY NO. 8
With regard to the Patents-in-Suit, identify and describe:
. . .

c)    the earliest date of sale in the United States of products covered by any claims of the Patents-in-Suit;

(d)    the earliest date that Plaintiff marked any product covered by the Patents-in-Suit in accordance with 35 U.S.C. §287(a) and how the product was marked;
. . .

### Voith's Response to Interrogatory No. 8:

Subject to the foregoing objections, Voith responds as follows:
. . .

(c)    Pursuant to Fed. R. Civ. P. 33(d), a response to this part of the Interrogatory can be ascertained through the documents Voith has or will produce.

(d)    Pursuant to Fed. R. Civ. P. 33(d), a response to this part of the Interrogatory can be ascertained through the documents Voith has or has or will produce.

. . .

Pursuant to Fed. R. Civ. P. 33(d), further responses to in part of this Interrogatory can be ascertained through the documents Voith has or will produce.  Voith will supplement its response pursuant to Rule 26(e) if more information becomes available.

## INTERROGATORY NO. 10:

<u>State the amount of damages</u> Plaintiff claims it has incurred as a result of Defendant's alleged infringement of the Patents-in-Suit and explain in detail the basis for the computation.

. . .

<u>Voith's Response to Interrogatory No. 10</u>
Subject to the foregoing objections, Voith responds as follows: Pursuant to Fed. R. Civ. P. 33(d), a response to this Interrogatory can be ascertained through the documents Voith will produce and file.

## INTERROGATORY NO. 13:

For each product identified in response to Interrogatory No. 6[2]:
(a)    on an annual basis, state the gross revenue Plaintiff received from the sale of such products;
(b)    on an annual basis, state the net profit Plaintiff received from the sale of such products;
(c)    the number of such products currently remaining in Plaintiff's inventory; and
(d)    each entity to whom Plaintiff has sold such product, and for each, identify on an annual basis, by model number, the quantity of products sold and the dollar amount of such sales.

. . .

---

[2] Interrogatory No. 6 states, "Identify each of Plaintiff's <u>products</u> allegedly covered by any claim of the Patents-in-Suit by type, product name, model number or functional designation, trademark, and trade name."

<u>Voith's Response to Interrogatory No. 10</u>
Subject to the foregoing objections, Voith responds as follows: Pursuant to Fed. R. Civ. P. 33(d), a response to this Interrogatory can be ascertained through the documents Voith has or will produce in this matter.

Voith's response to each of the above Interrogatories relied upon business records pursuant to FED R. CIV. P. 33(d).

### 1.    The Answers To The Interrogatories Cannot Be    Ascertained From Voith's Business Records

The business records that Voith produced in response to the to JohnsonFoils' Interrogatories consist of more than 130,000 pages of various categories of documents, such as technical drawings, invoices, purchase orders, sales records, and advertisements, among others.

JohnsonFoils cannot derive the answers to its Interrogatories from Voith's business records because only Voith knows what facts and information it has relied upon to support the allegations made in its complaint against JohnsonFoils. Thus, it would be necessary for JohnsonFoils to be able to read Voith's mind before JohnsonFoils would be able to derive the answers to Interrogatory Nos. 2, 8(c), 8(d), 10, and 13 from Voith's business records. Even if JohnsonFoils could read Voith's mind, that alone is no guarantee that it could discern the answers to its Interrogatories since it is highly unlikely that JohnsonFoils would view certain facts and occurrences the same way that Voith does. See <u>SEC v. Elfindepan, S.A.</u>, 206 F.R.D. 574, 576 (M.D. NC 2002)("documents themselves rarely, if ever, reveal contentions of fact or law. A party reveals its contentions."); <u>The United Oil Co., Inc.</u>

v. Parts Associates, Inc., 227 F.R.D. 404 (D. Md. 2005)(court granted motion to compel based on improper use of FRCP 33(d) when answers to interrogatories involved exercise of particular knowledge and judgment).

> **2.    JohnsonFoils' Burden Of Deriving And Ascertaining Answers To JohnsonFoils' Interrogatories Drastically Outweighs Voith's.**

Rule 33(d) only applies where the answer to an interrogatory may be determined by examining a party's business records and the burden of deriving or ascertaining the answer is substantially the same for either party. JohnsonFoils' burden of deriving answers to its fact interrogatories drastically outweighs Voith's.

JohnsonFoils focused its Interrogatories on the allegations set out in Voith's complaint and JohnsonFoils is entitled to the requested information. The extent of the burden reflects on the extent of Voith's allegations and the discovery of facts in Voith's possession that support its allegations.

Voith's burden to derive answers is far less than would be JohnsonFoils' burden. Voith produced over 130,000 documents in no discernable order, and most of Voith's documents are in German. In order for JohnsonFoils to ascertain an answer, it must first translate every document, organize them into some ascertainable order, search through them to obtain the potentially responsive documents, and then attempt to make a guess as to which documents represent Voith's thought process. Voith as a German organization must be made to respond to the interrogatories so that JohnsonFoils does not have to divine the Rule 33(d) answers.

### 3.     Voith's Answers Lack The Requisite Specificity

A party answering an interrogatory under Rule 33(d) <u>must specify</u> the business records "in sufficient detail to permit the interrogating party to locate and identify, as readily as can the party served". <u>See</u> <u>Directory Dividends, Inc. v. SBC Communs., Inc.</u>, 2003 U.S. Dist. LEXIS 24296 (E.D. Pa. Dec. 31, 2003) (ordering plaintiff to respond by specifying relevant records from its production in sufficient detail to permit defendant to locate and identify, as readily as plaintiff, records from which answer to interrogatory may be ascertained). Also, a party answering an interrogatory under Rule 33(d) does not meet its burden by randomly dumping documents. <u>See</u> <u>SEC v. Elfindepan</u>, 206 F.R.D. 574 (M.D.N.C. 2002) (stating document dumps or vague references to documents do not suffice under Rule 33(d) and granting defendant's motion ordering plaintiff to answer interrogatories completely). A party does not meet this burden when it fails to identify a single document responsive to any specific interrogatory. <u>Id.</u>

Voith asserts its responses permit JohnsonFoils to locate and identify, as readily as Voith, the records from which JohnsonFoils' answers may be ascertained. In answering the interrogatories, Voith has directed JohnsonFoils to a tremendous volume of randomly ordered documents. However, Voith still has not identified <u>a single document</u> that is <u>responsive to any specific interrogatory</u>.

Voith's attempted use of Rule 33(d) is more of a document dump than a specification of documents. Voith's action is non-compliant with the final sentence in Rule 33(d) which requires <u>specificity</u>. A party may not merely direct another

party to the documents with nothing more than the hope that the other party will be able to glean the requested information from them. See Johnson v. Kraft Foods North America, Inc., 236 F.R.D. 535, 2006 U.S. Dist. LEXIS 40923, 2006 WL 1675942 (D. Kan. 2006); DIRECTV, Inc. v. Puccinelli, 224 F.R.D. 677 (D. Kan. 2004).

Even if the burden on the parties were equal, Voith failed to specify the records JohnsonFoils must review that would enable JohnsonFoils to locate and identify the records as readily as Voith. By randomly numbering and dumping documents without any guide to the documents' organization, Voith failed to provide JohnsonFoils with a reasonable opportunity to secure an answer as contemplated by Rule 33(d).

### C.    Voith Failed to Produce Documents As Voith Keeps Them In The Usual Course of Business.

Under Rule 34(b), a party responding to a discovery request must produce documents "as they are kept in the usual course of business", or else the party "must organize and label them to correspond to the categories in the request." FED R. CIV. P. 34(b)(2)(E)(i); see Directory Dividends, Inc. v. SBC Communs., Inc., 2003 U.S. Dist. LEXIS 24296 (E.D. Pa. Dec. 31, 2003)(". . . Plaintiff must certify that it produced its documents as they are kept in Plaintiff's usual course of business. If Plaintiff did not produce  its documents as they are usually kept, Plaintiff is ordered to do so, or to organize and label the documents to correspond with SBC's document requests)(attached hereto as Exhibit J).

Voith insists it produced its documents as they were kept in the usual course of business. See Exhibit I. However, Voith produced over 130,000 pages of documents that have no discernable order, and Voith did not provide any guidance for the documents' organization. Voith's sequentially numbered these documents, but many sequentially numbered documents were adjacent to completely unrelated documents. Adjacent documents transition abruptly from paper machine drawings, to invoices, to purchase orders, spreadsheets with internal sales goals, to marketing presentations, advertisements and spreadsheets listing machine parts, without any intermediary documents or information linking these sudden transitions. There is no discernable relationship between or among most of Voith's sequentially numbered documents. Voith haphazardly produced its documents well outside of its usual course of business. Voith must categorize its documents in accordance with Rule 34(b).

## VI.    CONCLUSION

Voith has used Rule 33(d) and Rule 34(b) as a way to avoid completely answering JohnsonFoils' discovery. This Court should not permit Voith to avoid and ignore such straightforward requests. Denying this motion would allow Voith to continue blocking JohnsonFoils from obtaining discoverable facts. For these reasons, this Court should order Voith to respond completely to JohnsonFoils' First Set of Interrogatories and categorize its document responses in accordance with Rule 34(b).

Respectfully submitted,

Seitz, Van Ogtrop & Green, P.A.

Dated: June 5, 2008

/s/ Patricia P. McGonigle
George H. Seitz, III (DE #667)
gseitz@svglaw.com
Patricia Pyles McGonigle (DE #3126)
pmcgonigle@svglaw.com
Kevin A. Guerke (DE#4096)
kguerke@svglaw.com
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

-and-

Anthony S. Volpe
John J. O'Malley
Ryan W. O'Donnell
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
(215) 568-6400

*Attorneys for Defendant*
*JohnsonFoils, Inc.*

## CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 5th day of June 2008, I electronically filed the foregoing pleading with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.  Further, I caused a copy of the foregoing pleading to be served upon the following counsel of record in the manner so noted:

<table>
<tr><td>

**Via Hand Delivery**
Adam W. Poff, Esquire
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899

</td><td>

**Via Federal Express**
Neil F. Greenblum, Esquire
Neal Goldberg, Esquire
Michael J. Fink, Esquire
Greenblum & Bernstein, PLC
1950 Roland Clarke Place
Reston, Virginia  20191

</td></tr>
</table>

/s/ *Patricia P. McGonigle*
_____
Patricia P. McGonigle (DE3126)
pmcgonigle@svglaw.com

65388 v1

# EXHIBIT A

HIGHLY CONFIDENTIAL INFORMATION: ATTORNEYS' EYES ONLY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VOITH PAPER GMBH & CO. KG, )<br><br>Plaintiff, )<br><br>v. )<br><br>JOHNSONFOILS, INC., )<br><br>Defendant. ) | Civil Action No. 07-0226-JJF |

## PLAINTIFF VOITH PAPER GMBH & CO KG'S RESPONSE TO DEFENDANT, JOHNSONFOILS, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Plaintiff Voith Paper GmbH & Co. KG ("Voith") hereby responds to "Defendant, JohnsonFoils, Inc.'s ('JohnsonFoils') First Set of Interrogatories to Plaintiff" as follows:

### GENERAL OBJECTIONS

1.      Voith generally objects to JohnsonFoils' Definitions because they purport to impose upon Plaintiff requirement or obligations beyond those set forth in the Federal Rules of Civil Procedure or any applicable Local Rules of the Court.

2.      Voith further objects to JohnsonFoils' Definitions for the reasons stated in Voith's "Objections and Responses to Defendant JohnsonFoils' First Set of Requests for Production of Documents and Things to Plaintiff," and incorporates those objections herein by reference.

3.      Voith specifically objects to JohnsonFoils' definition of "Plaintiff" because it purports to include individuals and entities that "were in privity with Plaintiff" at some indefinite time in the past and are no longer under Voith's control. Voith further objects to JohnsonFoils' definition of "Plaintiff" because it encompasses all employees of Voith, past or present, regardless of whether those employees acted on Voith's behalf

1

HIGHLY CONFIDENTIAL INFORMATION: ATTORNEYS' EYES ONLY

with respect to any issue relevant to this litigation. Voith also objects to this definition of "Plaintiff" because it defines "Plaintiff" in terms of the word "Plaintiff" and is fatally circular.

4.    Voith specifically objects to JohnsonFoils' definition of "JohnsonFoils" because that definition purports to depend on Voith's "belief" that an individual is or was "in privity with Defendant." Voith will not speculate as to which of its own beliefs are referred to by this definition. Voith further objects because this definition is fatally circular by defining "Defendant" in terms of "Defendant."

5.    Voith objects to JohnsonFoils' definition of "person" because it purports to include all legal entities, regardless of whether those entities have the status of persons for the purpose of this litigation. Voith also objects because JohnsonFoils' definition of "person" is not reasonably limited in time to persons who have information relevant to this litigation.

6.    Voith objects to JohnsonFoils' definition of "identify a document" because it purports to impose on Voith the obligation to prepare summaries of documents which are responsive to a properly served discovery request. As such, this definition imposes on Voith burdens well in excess of those imposed by Fed. R. Civ. P. 33 because it purports to require Voith to prepare a summary of a document that JohnsonFoils can just as easily prepare. Wherever JohnsonFoils' requests that Voith "identify a document" that has been made the subject of a proper document request, Voith will produce the document pursuant to Fed. R. Civ. P. 33(d).

7.    Voith also objects to JohnsonFoils' definition of "identify a publication" because it purports to require that Voith identify "the relevant pages." This definition is

2

HIGHLY CONFIDENTIAL INFORMATION: ATTORNEYS' EYES ONLY

vague and unduly burdensome because it relies on the undefined term "relevant." Also, this definition purports to impose burdens on Voith in excess of those required by the Federal Rules of Civil Procedure because it requires Voith to sift through documents and determine which pages are relevant to JohnsonFoils'. To the extent that JohnsonFoils understands the term "relevant" as it applies to JohnsonFoils' Interrogatories, JohnsonFoils is in a better position to identify the relevant pages of any document itself. Therefore, wherever JohnsonFoils requests that Voith "identify a publication," that is responsive to a properly issued document request, Voith will provide the document to JohnsonFoils so that JohnsonFoils can identify the relevant pages.

8.      Voith objects to JohnsonFoils' construction of the terms "and" and "or" because it purports to require Voith to define these terms based on the resulting scope of the information requested. As such, this definition imposes on Voith the undue burden of identifying alternative meanings to JohnsonFoils' interrogatories and then speculating as to which one will provide JohnsonFoils' with more information. Voith will not speculate as to the meaning of JohnsonFoils' interrogatories.

9.      Voith objects to JohnsonFoils' definition of "Complaint" because it is defined in terms of the defined term "Plaintiff." This definition is vague, ambiguous, and unduly burdensome to the extent that it purports to impose on Voith the burden of identifying the class of persons who satisfy JohnsonFoils' circular definition of "Plaintiff."

10.     Voith objects to the definitions of the "'805 Patent" and the "'168 Patent" as vague, ambiguous, and unduly burdensome because it purports to include "any related applications or patents whether in the U.S. or a foreign jurisdiction." This definition is

3

HIGHLY CONFIDENTIAL INFORMATION: ATTORNEYS' EYES ONLY

vague and unduly burdensome because the concept of "related patent or application" is

neither defined nor reasonably limited to any patent or application relevant to this

litigation. This definition is ambiguous because it collapses any distinction between the

'805 patent, the '168 patent, and any other related patent application. As such it renders

unintelligible any proposition which refers to one such patent or application, but not the

rest.

11.    Voith also objects to JohnsonFoils' definition of "the Patents-in-suit"

because it is vague and unduly burdensome. This definition is vague because the concept

of "related application" has been given no reasonable definition. This definition is

unduly burdensome because it purports to collapse any distinction between the patents at

issue in the litigation, the '168 patent and the '805 patent, while incorporating patents and

applications that have never been asserted or put at issue by this litigation.

12.    Voith generally objects to each interrogatory to the extent that the

information sought is protected from disclosure by the attorney-client privilege, the work

product doctrine or any other recognized privilege and/or immunity. Where privileged

material is identified that is relevant and within the scope of a proper document requests,

Voith will identify the document in a privilege log to be produced at a time mutually

agreed by the Voith and JohnsonFoils.

13.    Voith further objects to each interrogatory to the extent that the

interrogatory purports to impose upon Voith the obligation to produce documents or

disclose information that is subject to an obligation of nondisclosure with a third party.

Such information is not within the control of Voith. Where information subject to a duty

of nondisclosure is the subject of a properly issued document request, Voith will disclose

4

HIGHLY CONFIDENTIAL INFORMATION: ATTORNEYS' EYES ONLY

the nature of the material withheld in a log to be exchanged at a time mutually agreed by Voith and JohnsonFoils.

14.    Voith objects to each interrogatory to the extent that it seeks the disclosure of Highly Confidential Information subject to Voith's pending Motion for a Protective Order.  Where Highly Confidential Information is requested, such information shall be withheld pending resolution of Voith's Motion for a Protective Order.  In all cases where Highly Confidential information is requested by JohnsonFoils, Voith may disclose the requested information subject to the condition that anyone with access to Voith's Highly Confidential Information will be bound from a time determined by the time at which the disclosure is first made, by any restrictions ultimately approved by the Court, including a retroactive prosecution bar and other limitations on participation in competitive activities for, or on behalf of, JohnsonFoils.

14.    Voith also objects to each interrogatory to the extent that the information sought is may be ascertained by JohnsonFoils through any source, public or private, as easily as could be entertained by Voith.  In such instances, JohnsonFoils' requests for information are unduly burdensome.

15.    Voith objects to each interrogatory to the extent that the requested information is irrelevant, does not relate to any claim or defense in the above-captioned matter, and is not reasonably calculated to lead to the discovery of admissible evidence.

16.    Voith reserves the right to supplement its interrogatory responses to the extent additional relevant, responsive information is learned in the course of discovery.

HIGHLY CONFIDENTIAL INFORMATION: ATTORNEYS' EYES ONLY

## SPECIFIC OBJECTIONS AND RESPONSES

The following objections and responses to JohnsonFoils' First Interrogatories are made subject to and without waiver of the foregoing General Objections, which are incorporated into each response as though fully set forth therein. Voith may restate a general objection in the context of a specific interrogatory for the purpose of emphasis without in any way waiving any objections which are not also specifically restated.

*INTERROGATORY NO. 1*

*Identify by name, address and state or country of incorporation any parent or related company of Plaintiff.*

Voith's Specific Objections to Interrogatory 1:

Voith hereby incorporates its General Objections as if fully set forth herein. Voith objects to this Interrogatory to the extent that it is overly broad, vague, and ambiguous. Specifically, the term "related company" is overly broad and vague for failing to define "related" in a way that reasonably limits the scope of the request to entities that are relevant to this litigation. This interrogatory is unduly burdensome because it purports to shift to Voith the burden of identifying a "relation" between Voith and other entities that would result in the disclosure of relevant information. Voith also objects to the request to supply contact information for entities whose legal address and jurisdiction of incorporation are matters of public record.

Voith's Response to Interrogatory 1:

Without waiving and subject to Voith's specific and General Objections, Voith responds as follows: Plaintiff Voith Paper GmbH & Co. KG is wholly owned by Voith Paper Holding GmbH & Co. KG which is wholly owned by J. M. Voith GmbH & Co.

6

HIGHLY CONFIDENTIAL INFORMATION: ATTORNEYS' EYES ONLY

# REDACTED

*INTERROGATORY NO. 2*

Identify Plaintiffs organizational structure as it relates to the research,
development, testing, manufacturing, marketing, distribution, importation, sale, and
licensing of Plaintiffs products allegedly covered by any claim of the Patents-in-Suit,
identifying the individuals who have held executive or operational management positions
for each division, department, or other organizational group involved in those activities.

Voith's Objections to Interrogatory No. 2:

Voith hereby incorporates its General Objections as if fully set forth herein.
Voith further objects to this interrogatory because it is defined in terms of Voith's
"allegations" without referring to any specific allegations that Voith has made that
Voith's products are "covered" by the Patents-in-suit. Voith further objects to this
Interrogatory because the concept "covered by the Patents-in-suit" is vague and
ambiguous. Apart from failing to define the criteria for a product to be "covered,"
JohnsonFoils' own definition of "Patents-in-suit" purports to the extend the scope of this
interrogatory to patents and patent applications which have no bearing on any issue in
this litigation. As such, this interrogatory is unduly burdensome. Voith further objects to
this interrogatory for seeking to obtain Highly Confidential Information that is the subject
of Voith's pending Motion for a Protective Order. To the extent that any response
including Highly Confidential Information is required, Voith provides such information
subject to the Court's resolution of Voith's pending Motion for a Protective Order.

HIGHLY CONFIDENTIAL INFORMATION: ATTORNEYS' EYES ONLY

Voith's Response to Interrogatory No. 2:

Subject to the foregoing objections, Voith responds as follows: Pursuant to Fed. R. Civ. P. 33(d), a response to this Interrogatory can be ascertained through the documents which Voith will provide to JohnsonFoils.

**REDACTED**

**REDACTED**

HIGHLY CONFIDENTIAL INFORMATION: ATTORNEYS' EYES ONLY

# REDACTED

*INTERROGATORY NO.8:*

*With regard to the Patents-in-Suit, identify and describe:*

*(a)    the first printed publication anywhere in the world that describes the invention(s) claimed in the Patents-in-Suit;*

*(b)    the earliest date of use of the invention claimed in the Patents-in-Suit;*

*(c)    the earliest date of sale in the United States of products covered by any claims of the Patents-in-Suit;*

*(d)    the earliest date that Plaintiff marked any product covered by the Patents-in-Suit in accordance with 35 U.S.C. 287(a) and how the product was marked;*

*(e)    the relevant art field as it is understood by Plaintiff; and*

*(f)    the level of ordinary skill in that art field as of the claimed date of invention.*

<u>Voith's Specific Objections to Interrogatory No. 8:</u>

Voith hereby incorporates its General Objections as if fully set forth herein.

Voith specifically objects to JohnsonFoils' incorporation of its objected-to definitions of

14

HIGHLY CONFIDENTIAL INFORMATION: ATTORNEYS' EYES ONLY

the terms "Patents-in-suit" and "identify [a publication]" because these definitions purport to extend the scope of the interrogatory beyond any information relevant to any claim or defense of this action. Voith further objects because the term "relevant art field" because this request is vague and undefined because it confusingly refers to "Plaintiff's understanding" and purports to require Voith to speculate as to the meaning of this interrogatory. Voith also objects to this interrogatory because, in numerous places ("the invention") it purports to limit the claims of the '805 patent and the '168 patent to a single invention. Voith further objects to this interrogatory because it purports to request information that Voith has already disclosed in papers filed in this action, including without limitation Voith's Opening Markman Brief.

Voith's Response to Interrogatory No. 8:

Subject to the foregoing objections, Voith responds as follows:

**REDACTED**

(c) Pursuant to Fed. R. Civ. P. 33(d), a response to this part of the Interrogatory can be ascertained through the documents Voith has or will produce.

(d) Pursuant to Fed. R. Civ. P. 33(d), a response to this part of the Interrogatory can be ascertained through the documents Voith has or will produce.

**REDACTED**

15

HIGHLY CONFIDENTIAL INFORMATION: ATTORNEYS' EYES ONLY

Pursuant to Fed. R. Civ. P. 33(d), further responses to any part of this Interrogatory can be ascertained through the documents Voith has or will produce. Voith will supplement its response pursuant to Rule 26(e) if more information becomes available.

**REDACTED**

**REDACTED**

HIGHLY CONFIDENTIAL INFORMATION: ATTORNEYS' EYES ONLY

*INTERROGATORY NO. 10:*

*State the amount of damages Plaintiff claims it has incurred as a result of Defendant's alleged infringement of the Patents-in-Suit and explain in detail the basis for the computation.*

Voith's Specific Objections to Interrogatory No. 10:

Voith hereby incorporates its General Objections as if fully set forth herein. Voith further objects to this interrogatory because it incorporates the improper definition of Patents-in-suit and Plaintiff which extends the scope of this interrogatory beyond information relevant to any claim or defense in this action. Voith further objects to this interrogatory because it depends on the identification of infringing activities which JohnsonFoils' has failed to provide in response to Voith's interrogatories. Voith also objects to this interrogatory because it fails to specify a relevant time period for the damages computation requested. Voith further objects because this Interrogatory purports to request Highly Confidential Information that is currently subject to Voith's pending Motion for a Protective Order. To the extent that Highly Confidential Information is provided in response to this Interrogatory, it is provided subject to any conditions subsequently imposed by the Court.

Voith's Response to Interrogatory No. 10:

Subject to the foregoing objections, Voith responds as follows: Pursuant to Fed. R. Civ. P. 33(d), a response to this Interrogatory can be ascertained through the documents Voith will produce and file in this matter.

17

HIGHLY CONFIDENTIAL INFORMATION: ATTORNEYS' EYES ONLY

**REDACTED**

**REDACTED**

Voith's Specific Objections to Interrogatory No. 13:

Voith hereby incorporates its General Objections as if fully set forth herein.

Voith further incorporates its specific objections to Interrogatory No. 6, upon which this

interrogatory expressly depends.  Voith also objects that this interrogatory incorporates

the term "Plaintiff" which JohnsonFoils has defined to extend the scope of this

19

HIGHLY CONFIDENTIAL INFORMATION: ATTORNEYS' EYES ONLY

interrogatory beyond information relevant to any claim or defense of this action. Voith

further objects that this interrogatory purports to request Highly Confidential Information

which is the subject of Voith's pending Motion for a Protective Order. To the extent that

any Highly Confidential Information is provided to JohnsonFoils, it is subjected,

effective from the date of disclosure, to any conditions imposed by the Court in resolving

the pending protective order dispute. Voith also objects that the information requested by

this interrogatory may as easily be obtained from a review of Voith's documents

produced pursuant to Rule 33(d).

Voith's Response to Interrogatory No. 13:

Subject to the foregoing objections, Voith responds as follows: Pursuant to Fed.

R. Civ. P. 33(d), a response to this Interrogatory can be ascertained through the

documents Voith has or will produce in this matter.

As to objections and contentions:

Date: February 15, 2008                   By: _____
                                          Neil F. Greenblum
                                          Michael J. Fink
                                          Neal Goldberg
                                          Greenblum & Bernstein, P.L.C.
                                          1950 Roland Clarke Place
                                          Reston, Virginia 20191
                                          Tel: (703) 716-1191
                                          Fax: (703) 716-1180

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff Voith Paper GMBH & Co Kg's Response To Defendant, JohnsonFoils, Inc.'s First Set Of Interrogatories To Plaintiff was served on Attorneys for Defendant JohnsonFoils, Inc., via Federal Express:

Anthony S. Volpe, Esq.
John J. O'Malley, Esq.
Ryan W. O'Donnel, Esq.
VOLPE AND KOENIG, P.C.
United Plaza, Suite 1600
30 S. 17th Street
Philadelphia, PA 19103
(215) 568-6400

George H. Seitz, III, Esq. (DE #667)
SEITZ, VAN OGTROP & GREEN, P.A.
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE  19899
(302) 888-7602

Date:   February 15, 2008

Neil F. Greenblum
Michael J. Fink
Neal Goldberg
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

– and –

Adam W. Poff (DE #3990)
YOUNG CONWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6642

*Attorneys for Plaintiff Voith Paper GmbH & Co. KG*

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VOITH PAPER GMBH & CO. KG,<br>a Company organized and existing under<br>the laws of Germany,<br>　　　　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>JOHNSONFOILS, INC.,<br>a Delaware Corporation,<br>　　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 07-0226-JJF

### PLAINTIFF VOITH PAPER GMBH & CO. KG'S OBECTIONS
### AND RESPONSES TO DEFENDANT, JOHNSONFOILS, INC.'S FIRST SET OF
### REQUESTS FORPRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF

Plaintiff Voith Paper GmbH & Co. KG ("Plaintiff") by and through its undersigned

attorneys hereby serves Defendant, Johnsonfoils, Inc., ("Defendant") with the following objections

and responses to Defendant's First Set of Requests for Production of Documents and Things to

Plaintiff ("Requests").

### GENERAL OBJECTIONS

Without waiving any of its specific objections, Plaintiff generally objects to Defendant's

Requests as follows. First, Plaintiff objects to Defendant's characterization of its Requests as

"Interrogatories Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure" (emphasis

supplied) as an impermissible attempt to impose burdens on Plaintiff in excess of those imposed by

Rule 26 and Rule 34 of the Federal Rules of Civil Procedure and the Court's Scheduling Order,

filed August 3, 2007 ("Scheduling Order"). Rule 33 confers no authority for serving document

requests.

Plaintiff further objects to Defendant's Requests as vague, overly broad, and unduly burdensome. For example, Defendant's Requests repeatedly use the term "subject matter of the Patents-in-Suit" without limiting that description to relevant information. If construed broadly, the requested "subject matter" impermissibly encompasses information that is not relevant to any issue in this case. In addition, Defendant's Requests fail to provide any limitation on the pertinent time period for the requested documents. As such, the requests are both overly broad and unduly burdensome. Defendant's Requests are further deficient in that they call for the production of documents that are plainly protected from disclosure by applicable privileges including the attorney-client communications privilege and the attorney work-product exemption. Plaintiff also objects to Defendant's requests in that they plainly seek to impermissibly require Plaintiff to produce documents and/or things that are not in Plaintiff's possession, custody, or control. Plaintiff further objects to Defendant's Requests to the extent that they purport to require Plaintiff to produce documents subject to third-party nondisclosure and/or confidentiality agreements. Plaintiff further objects that Defendant's Request appear include publicly available documents that Defendant could obtain with no greater burden than would be unjustly imposed on Plaintiff. For these reasons, and as further explained in the general and specific objections provided for each of Defendant's Requests, Plaintiff further objects to Defendant's Requests for impermissibly seeking to impose greater burdens on Plaintiff than warranted by the Federal Rules of Civil Procedure or the Court's Scheduling Order.

Without waiving any of the above stated general objections, Plaintiff objects – both generally and specifically - to each of Defendant's Definitions and Requests as follows.

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S DEFINITIONS

**Defendant's Definition 1.**    *"Plaintiff" means "Voith Paper GMBH & Co. KG," and includes any and all agents or affiliates or predecessors in interest, business entities, officers, directors, employees or others who have in the past or now act for or on behalf of Plaintiff.*

### Plaintiff's Objections to Defendant's Definition 1.

Plaintiff objects to this definition because it purports to include subject matter from an indefinite "past" far in excess of any relevant time period.  Plaintiff further objects to this definition because the term "act for or on behalf of Plaintiff" is vague.  Additionally, Plaintiff objects that the phrase "any and all agents or affiliates or predecessors in interest, business entities, officers, directors, employees or others who have in the past or now act for or on behalf of Plaintiff" is ungrammatical, unintelligible, incomprehensible, and vague.

Plaintiff further objects that this definition is an impermissible attempt to extend the scope of its discovery requests beyond that authorized by the Federal Rules of Civil Procedure in that it plainly seeks to encompasses individuals over which Plaintiff has no control.

**Defendant's Definition 2.**    *"Defendant" means "Johnsonfoils, Inc." and includes any and all agents or affiliates or predecessors in interest, business entities, officers, directors, employees or others that Plaintiff believes is or was in privity with Defendant.*

### Plaintiff's Objections to Defendant's Definition 2.

Plaintiff objects to this definition because its reference "others that Plaintiff believes is or was in privity with Defendant" is vague to the extent that it purports to depend on Plaintiff's beliefs. Plaintiff further objects to this definition for failing to provide any relevant time period to limit the class of included individuals.  Plaintiff further objects that the qualification "in privity with Defendant" is vague and overly broad for failing to specify the limiting subject matter of the

3

required privity. Plaintiff objects to this definition for seeking to impermissibly impose on Plaintiff the burden of guessing the meaning of Defendant's definition of "Defendant." Plaintiff objects that Defendant's purported requirement that Plaintiff speculate as to the meaning of Defendant's terms in order to respond to Defendant's requests is unduly burdensome.

**Defendant's Definition 3.**    *As used herein, "person" or "persons" means any natural person and all legal entities.*

### Plaintiff's Objections to Defendant's Definition 3.

Plaintiff objects that this definition is overly broad and vague as to the intended meaning of "natural person" and "all legal entities" without specifying the relevant body of law with respect to which the defined "person" is either natural or having the status of a legal entity. As such, this definition plainly seeks to impermissibly impose on Plaintiff the burden of speculating as to the meaning of "person" in Defendant's Requests.

**Defendant's Definition 4.**    *The term "document" is used in the broadest sense of Rule 34 of the Federal Rules of Civil Procedure and it includes things or physical objects regardless of how they were generated or maintained.*

### Plaintiff's Objections to Defendant's Definition 4.

Plaintiff objects to this definition as overly broad in that it purports to define "document" to include "things or physical objects regardless of how they were generated or maintained." As such, the definition plainly and impermissibly seeks to extend the scope of Defendant's Requests to include documents that are not, and may never have been, in the Plaintiff's possession, custody, or control. Consequently, this definition plainly renders each of Defendant's Requests unduly burdensome.

**Defendant's Definition 5.**     *As used herein, the terms "and" and "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which might otherwise be construed to be outside of its scope.*

**Plaintiff's Objections to Defendant's Definition 5.**

Plaintiff objects that this definition renders the meaning of "and" and "or" vague in that it fails to specify when defining either term conjunctively or disjunctively is "necessary." Plaintiff further objects that this definition is overly broad in that it purports to encompass all possible responses to Defendant's Requests – even responses irrelevant to the plain meaning of the Requests - by construing the terms "and" and "or." Plaintiff further objects that this definition impermissibly seeks to impose on Plaintiff the burden of speculating as to when a response "might otherwise be construed to be outside of [the] scope [of a request]." Plaintiff will not speculate as to the meaning of Defendant's Requests.

**Defendant's Definition 6.**     *As used in herein, the term "Complaint" means the Complaint filed by Plaintiff in Civil Action No. 07-0226-JJF.*

**Plaintiff's Objections to Defendant's Definition 6.**

Plaintiff objects to this definition in that it purports to incorporate a definition of "Plaintiff" that, as explained in detail in the foregoing "Plaintiff's Objection to Defendant's Definition 1" is vague and overly broad. To the extent that this definition depends on the objected-to definition of "Plaintiff," any of the Requests incorporating this term are overly broad, vague, and unduly burdensome.

5

**Defendant's Definition 7.**    *As used herein, the "'805 Patent" refers to U.S. Patent No. 5,718,805 and any related application or patent anywhere in the world.*

<u>**Plaintiff's Objections to Defendant's Definition 7.**</u>

Plaintiff objects to this definition because the phrase "anywhere in the world" is vague and ambiguous. Plaintiff further objects because the term "any related application" to the extent that the term "related" does not limited to applications that are "related" to the '805 patent in a way that is relevant. As such, this definition purports to impose on Plaintiff the burden of guessing Defendant's meaning of "related" and/or "anywhere in the world." Plaintiff will not speculate as to the meaning of Defendant's terms in responding to Defendant's Requests.

**Defendant's Definition 8.**    *As used herein, the "'168 Patent" refers to U.S. Patent No. 5,972,168 and any related application or patent anywhere in the world.*

<u>**Plaintiff's Objections to Defendant's Definition 8.**</u>

Plaintiff objects to this definition because the phrase "anywhere in the world" is vague and ambiguous. Plaintiff further objects because the term "any related application" to the extent that the term "related" does not limited to applications that are "related" to the '168 patent in a way that is relevant. As such, this definition purports to impose on Plaintiff the burden of guessing Defendant's meaning of "related" and/or "anywhere in the world." Plaintiff will not speculate as to the meaning of Defendant's terms in responding to Defendant's Requests.

**Defendant's Definition 9.**    *As used herein, "Patents-in-Suit" both the '805 Patent and '168 Patent and any related application or patent anywhere in the world.*

<u>**Plaintiff's Objections to Defendant's Definition 9.**</u>

Plaintiff hereby incorporates its objections to "Defendant's Definition 7" and "Defendant's Definition 8" as if fully set forth herein. Plaintiff further objects to the term "any related

6

application" to the extent that the term "related" fails to limit to the scope of the definition to any relevant issue. Plaintiff also objects to the phrase "anywhere in the world" because the purported location of the applications or patents purportedly within the scope of the definition is indeterminate. Thus, Defendant's Definition 9 purports to require Plaintiff to guess the meaning of the allegedly defined term. Plaintiff will not speculate as to the meaning of this term or the Requests incorporating this term.

**Defendant's Definition 10.** *As used herein, "Applicant" includes any person named as an inventor of the '805 or '168 Patent and any related application or patent anywhere in the world.*

### Plaintiff's Objection to Defendant's Definition 10.

Plaintiff hereby incorporates its objections to "Defendant's Definition 3," "Defendant's Definition 7," and "Defendant's Definition 8" as if fully set forth herein. Plaintiff further objects to the term "any related application" to the extent that the term "related" fails to limit to the scope of the definition to any relevant issue. Plaintiff also objects to the phrase "anywhere in the world" because the purported location of the applications or patents purportedly within the scope of the definition is indeterminate. Thus, "Defendant's Definition 10" purports to require Plaintiff to guess the meaning of the allegedly defined term. Plaintiff will not speculate as to the meaning of this term or the Requests incorporating this term.

## OBJECTIONS AND RESPONSES TO DEFENDANT'S DOCUMENT REQUESTS

### DEFENDANT'S REQUEST NO.1:

*All documents describing Plaintiff's organizational structure as it relates to the research, development, manufacturing, testing, marketing, exportation, importation, distribution, sale, and licensing of subject matter Plaintiff contends is covered by any claim of the Patents-in-Suit.*

7

**Plaintiff's Objections to Defendant's Request No. 1**

**General Objections to Defendant's Request No. 1**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 1**

Plaintiff hereby incorporates its objections to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein. Plaintiff further objects that the term "organizational structure" is vague and ambiguous for failure to limit the meaning of "organizational" to a permissibly relevant scope. Plaintiff further objects to this request as undefined for relying on the purported "subject matter Plaintiff contends is covered" without reference to any particular Plaintiff's contention. As such, this request impermissibly purports to circumvent the limitations on contention interrogatories imposed by the Scheduling Order. Plaintiff further objects to this interrogatory for reliance on the vague and undefined term "subject matter." Plaintiff objects that the phrases "research . . . of subject matter," "development . . . of subject matter," "manufacturing . . . of subject matter," "testing . . . of subject matter," "marketing . . . of subject matter," "exportation . . . of subject matter," "importation . . . of subject matter," "distribution . . . of subject matter," "sale . . . of subject matter," and "licensing . . . of subject matter," are unintelligible for at least the reason that "subject matter" is not ordinarily understood to be the subject of, e.g. sale, manufacturing, testing, marketing, exportation, importation, distribution, or development. Plaintiff will not speculate as to the meaning of these phrases. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

8

**Plaintiff's Response to Defendant's Request No. 1**

Subject to the foregoing general and specific objections, Plaintiff will produce responsive organizational charts.

**DEFENDANT'S REQUEST NO.2:**

*All documents concerning Plaintiff's procedures and policies for generating, maintaining, and disposing of records (regardless of how they were generated or maintained), including, but not limited documents related to the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 2**

**General Objections to Defendant's Request No. 2**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 2**

Plaintiff hereby incorporates its objections to to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein. Plaintiff further objects to this request because it is incomprehensible to the extent that it requests "records . . . including but not limited documents," without defining "limited documents." Plaintiff also objects to this request as it calls for the production of "records (regardless of how they were generated or maintained)" thus purporting to impose on Plaintiff the burden of producing records that Plaintiff neither generated nor maintained. Plaintiff further objects to this request to the extent that it calls for the production of documents protected by the attorney-client and work-product privileges. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

9

**Plaintiff's Response to Defendant's Request No. 2**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO.3:**

*All documents establishing Plaintiff's alleged investment in the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 3**

**General Objections to Defendant's Request No. 3**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 3**

Plaintiff hereby incorporates its objection to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein. Plaintiff further objects that this request is vague as to meaning of "alleged investment" in that it makes no reference to any specific allegation of investment. Plaintiff will not speculate as to the meaning of the "alleged invetment" in order to make sense of this request. Plaintiff also objects to the use of the term "establishing" as vague without reference to any criteria for determining whether a document establishes the asserted fact or not. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

10

**Plaintiff's Response to Defendant's Request No. 3**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO.4:**

*All documents establishing Plaintiff's alleged sales associated with the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 4**

### General Objections to Defendant's Request No. 4

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

### Specific Objections to Defendant's Request No. 4

Plaintiff hereby incorporates its objections to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein.   Plaintiff further objects to this request as vague for reliance on the undefined term "alleged sales" without reference to any particular allegations.  Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff also objects to the use of the term "establishes" as vague in the absence of any reference to criteria for determining whether a document establishes the asserted fact or not.  Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

11

**Plaintiff's Response to Defendant's Request No. 4**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO.5:**

*All documents establishing Plaintiff's alleged costs associated with the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 5**

**General Objections to Defendant's Request No. 5**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 5**

Plaintiff hereby incorporates its objections to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the term "cost" in a way that reasonably limits it to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "alleged costs" without reference to any particular allegation. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff also objects to the use of the term "establishing" as vague in the absence of any reference to criteria for determining whether a document establishes the asserted fact or not. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

12

**Plaintiff's Response to Defendant's Request No. 5**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged responsive documents to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO.6:**

*All documents establishing Plaintiff's alleged profits associated with the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 6**

**General Objections to Defendant's Request No. 6**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 6**

Plaintiff hereby incorporates its objections to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the term "profits" in a way that reasonably limits it to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "alleged profits" without reference to any particular allegation. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff also objects to the use of the term "establishing" as vague in the absence of any reference to criteria for determining whether a document establishes the asserted fact or not. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

13

**Plaintiff's Response to Defendant's Request No. 6**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged responsive documents to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO.7:**

*All documents establishing Plaintiff's alleged revenue associated with licenses or sublicenses of the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 7**

**General Objections to Defendant's Request No. 7**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 7**

Plaintiff hereby incorporates its objections to Defendant's Definition 1, Definition 4, and Definition 9 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the term "revenue" in a way that reasonably limits it to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "alleged revenue" without reference to any particular allegation. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff also objects to the use of the term "establishing" as vague in the absence of any reference to criteria for determining whether a document establishes the asserted fact or not. Plaintiff also objects to this request as overly broad and unduly burdensome for failure to limit the scope of terms "licenses" and "sublicenses" to relevant issues. Plaintiff further objects to the request to the extent that it purports to request documents that are subject to obligations of

14

confidentiality to third parties. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

**Plaintiff's Response to Defendant's Request No. 7**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO.8:**

*All Applicant generated documents associated with or related to the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 8**

**General Objections to Defendant's Request No. 8**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 8**

Plaintiff hereby incorporates its objections to Defendant's Definition 4, Defendant's Definition 9, and Defendant's Definition 10 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the terms "associated with" or "related to" in a way that reasonably limits them to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "Applicant generated" without limiting the term "generated" to a meaning that is likely to encompass relevant documents. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff also objects to this request to the

15

extent that it calls for documents protected by the work-product doctrine and/or the attorney-client privilege. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

## Plaintiff's Response to Defendant's Request No. 8

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

## DEFENDANT'S REQUEST NO.9:

*All Applicant maintained files associated with or related to the subject matter of the Patents-in-Suit.*

## Plaintiff's Objections to Defendant's Request No. 9

### General Objections to Defendant's Request No. 9

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

### Specific Objections to Defendant's Request No. 9

Plaintiff hereby incorporates its objections to Defendant's Definition 4, Defendant's Definition 9, and Defendant's Definition 10 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the terms "associated with" or "related to" in a way that reasonably limits them to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "Applicant maintained" without limiting the term "maintained" to a meaning that is likely to encompass relevant documents. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that

16

reasonably limits the request to relevant documents. Plaintiff also objects to this request to the extent that it calls for documents protected by the work-product doctrine and/or the attorney-client privilege. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

### Plaintiff's Response to Defendant's Request No. 9

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### DEFENDANT'S REQUEST NO. 10:

*All prior art known to Applicant to be associated with or related to the subject matter of the Patents-in-Suit.*

### Plaintiff's Objections to Defendant's Request No. 10

#### General Objections to Defendant's Request No. 10

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

#### Specific Objections to Defendant's Request No. 10

Plaintiff hereby incorporates its objections to Defendant's Definition 4, Defendant's Definition 9, and Defendant's Definition 10 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the terms "associated with" or "related to" in a way that reasonably limits them to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "known to Applicant" without limiting the term "known" to a meaning that is likely to encompass relevant documents. Plaintiff further objects to this request

17

as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

## Plaintiff's Response to Defendant's Request No. 10

Subject to the foregoing general and specific objections, Plaintiff responds that all responsive prior art is cited on the Patents-in-Suit.

## DEFENDANT'S REQUEST NO. 11:

*All design, installation and manufacturing documentation in Applicant files associated with or related to the subject matter of the Patents-in-Suit.*

## Plaintiff's Objections to Defendant's Request No. 11

### General Objections to Defendant's Request No. 11

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

### Specific Objections to Defendant's Request No. 11

Plaintiff hereby incorporates its objections to Defendant's Definition 4, Defendant's Definition 9, and Defendant's Definition 10 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the terms "associated with" or "related to" in a way that reasonably limits them to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "Applicant files" without limiting the term "Applicant files" to a meaning that is likely to encompass relevant documents. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff also objects to this request as vague due to its reliance on the undefined term "documentation." Plaintiff will not speculate as to the meaning of

18

this request. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

## Plaintiff's Response to Defendant's Request No. 11

Subject to the foregoing general and specific objections, Plaintiff responds that there are no documents responsive to this request.

## DEFENDANT'S REQUEST NO. 12:

*All documents associated with or related to Plaintiff's evaluation of any potential infringement by Defendant of the subject matter of the Patents-in-Suit.*

## Plaintiff's Objections to Defendant's Request No. 12

### General Objections to Defendant's Request No. 12

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

### Specific Objections to Defendant's Request No. 12

Plaintiff hereby incorporates its objections to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the terms "evaluation" or "potential infringement" in a way that reasonably limits it to any relevant issue in this case. Plaintiff also objects to the request as vague and improper for use of the term "Plaintiff's evaluation" without reference to any particular evaluation. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents. Plaintiff further objects to this request as vague for failure to define the terms "associated with" or "related to" in a way that reasonably limits them to any relevant issue in this case. Plaintiff also objects to this request as overly broad and unduly burdensome to the extent that it calls for the

19

production of documents protected by either the attorney-client privilege or the work-product doctrine. Plaintiff further objects to this request as overly broad and unduly burdensome for failure to specify a time period that reasonably limits the scope of the request to issues relevant to this case.

**Plaintiff's Response to Defendant's Request No. 12**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

**DEFENDANT'S REQUEST NO. 13:**

*All documents associated with or related to Plaintiff's evaluation of any potential infringement by any third party of the subject matter of the Patents-in-Suit.*

**Plaintiff's Objections to Defendant's Request No. 13**

**General Objections to Defendant's Request No. 13**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 13**

Plaintiff hereby incorporates its objections to Defendant's Definition 1, Defendant's Definition 4, and Defendant's Definition 9 as if fully set forth herein. Plaintiff further objects to this request as vague for failure to define the terms "evaluation" or "potential infringement" in a way that reasonably limits it to any relevant issue in this case. Plaintiff also objects to the request as vague, indefinite, and improper for use of the term "Plaintiff's evaluation" without reference to any particular evaluation. Plaintiff further objects to this request as vague for failure to specify the meaning of "subject matter" in a way that reasonably limits the request to relevant documents.

Plaintiff further objects to this request as vague for failure to define the terms "associated with" or

"related to" in a way that reasonably limits them to any relevant issue in this case. Plaintiff also

objects to this request as overly broad and unduly burdensome to the extent that it calls for the

production of documents protected by either the attorney-client privilege or the work-product

doctrine. Plaintiff further objects to this request as overly broad and unduly burdensome for failure

to specify a time period that reasonably limits the scope of the request to issues relevant to this

case. Plaintiff also objects to this request as unduly burdensome and oppressive as it purports to

require Plaintiff to produce documents irrelevant to any issue in this case.

**Plaintiff's Response to Defendant's Request No. 13**

In view of the foregoing general and specific objections, no documents will be produced in

response to this request.

**DEFENDANT'S REQUEST NO. 14:**

*All documents that Plaintiff contends support or tend to support the Complaint allegations.*

**Plaintiff's Objections to Defendant's Request No. 14**

**General Objections to Defendant's Request No. 14**

Plaintiff hereby incorporates the foregoing General Objections as if fully set forth herein.

**Specific Objections to Defendant's Request No. 14**

Plaintiff hereby incorporates its objections to Defendant's Definition 1 and Defendant's

Definition 4 as if fully set forth herein. Plaintiff also objects to the request as vague and improper

for use of the term "Plaintiff's contends" without reference to any particular contentions. Plaintiff

further objects to this request as vague for reliance on the terms "support" or "tend to support"

without reference to any criteria for those terms. Plaintiff also objects to this request as overly

broad and unduly burdensome to the extent that it calls for the production of documents protected

21

by either the attorney-client privilege or the work-product doctrine. Plaintiff further objects to this request as unduly burdensome in that it purports to require Plaintiff to produce documents that are in the possession, custody, or control of Defendant, or documents that may be obtained by Defendant with less burden than would be incurred by Plaintiff. In particular, on information and belief, Defendant possesses ample documentation of its willful infringement of Plaintiff's patents.

**Plaintiff's Response to Defendant's Request No. 14**

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

## RESERVATION OF RIGHTS

Further to the express and implied reservations of rights in the foregoing objections and responses, Plaintiff hereby reserves the right to compensation—including without limitation its costs and attorneys' fees—for expenses incurred in responding to Defendant's requests to the extent that those requests exceed the scope permissible under the Federal Rules of Civil Procedure and the Court's Local Rules.

Respectfully submitted,

Date: _____     By _____
                           Neal Goldberg, Esq.
                           Greenblum & Bernstein, P.L.C.
                           1950 Roland Clarke Place
                           Reston, VA 20191

22

### CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff Voith Paper GmbH & Co. KG's Objections And Responses To Defendant JohnsonFoils, Inc.'s First Set of Requests For Production of Documents And Things To Plaintiff was served on Attorneys for Defendant JohnsonFoils, Inc., via Electronic Mail and Federal Express:

> Anthony S. Volpe, Esq.
> Ryan W. O'Donnel, Esq.
> Randolph J. Huis, Esq.
> VOLPE AND KOENIG, P.C.
> United Plaza, Suite 1600
> 30 S. 17th Street
> Philadelphia, PA 19103
> (215) 568-6400
>
> George H. Seitz, III, Esq. (DE #667)
> SEITZ, VAN OGTROP & GREEN, P.A.
> 222 Delaware Avenue, Suite 1500
> P. O. Box 68
> Wilmington, DE  19899
> (302) 888-7602

Date:    September 17, 2007

> Neil F. Greenblum
> Michael J. Fink
> Neal Goldberg
> GREENBLUM & BERNSTEIN, P.L.C.
> 1950 Roland Clarke Place
> Reston, Virginia 20191
> (703) 716-1191

> – and –

> Adam W. Poff (DE #3990)
> YOUNG CONWAY STARGATT & TAYLOR, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19899
> (302) 571-6642

> *Attorneys for Plaintiff Voith Paper GmbH & Co. KG*

{J214720 00262508.DOC}

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOITH PAPER GMBH & CO. KG, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-0226-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| JOHNSONFOILS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### PLAINTIFF VOITH PAPER GMBH & CO. KG'S
### OBJECTIONS AND RESPONSES TO DEFENDANT,
### JOHNSONFOILS, INC.'S THIRD SET OF REQUESTS FOR
### PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF

Plaintiff Voith Paper GmbH & Co. KG ("Voith") hereby responds to Defendant,

JohnsonFoils, Inc.'s ("JohnsonFoils") "Third Set of Requests for Production of

Documents and Things to Plaintiff" ("Third RFP," or "Requests") as follows:

### GENERAL OBJECTIONS

1.      Plaintiff objects to Defendant's Requests as vague, overly broad, and

unduly burdensome.  For example, Defendant's Requests repeatedly use the term "subject

matter of the Patents-in-Suit" without limiting that description to relevant information.  If

construed broadly, the requested "subject matter" impermissibly encompasses

information that is not relevant to any issue in this case.  In addition, Defendant's

Requests fail to provide any limitation on the pertinent time period for the requested

documents.  As such, the requests are both overly broad and unduly burdensome.

2.      Defendant's Requests are further deficient in that they call for the

production of documents that are plainly protected from disclosure by applicable

1

privileges including the attorney-client communications privilege and the attorney work-product exemption.

3.      Plaintiff also objects to Defendant's requests in that they plainly seek to impermissibly require Plaintiff to produce documents and/or things that are not in Plaintiff's possession, custody, or control.

4.      Plaintiff further objects to Defendant's Requests to the extent that they purport to require Plaintiff to produce documents subject to third-party nondisclosure and/or confidentiality agreements.

5.      Plaintiff further objects that Defendant's Request appear include publicly available documents that Defendant could obtain with no greater burden than would be unjustly imposed on Plaintiff.

6.      For these reasons, and as further explained in the general and specific objections provided for each of Defendant's Requests, Plaintiff further objects to Defendant's Requests for impermissibly seeking to impose greater burdens on Plaintiff than warranted by the Federal Rules of Civil Procedure or the Court's Scheduling Order.

7.      Plaintiff objects to Defendant's Requests because they are voluminous and were served near the close of document discovery.  As such, Plaintiff reserves the right to produce responsive documents after February 15, 2008.

8.      Without waiving any of the above stated general objections, Plaintiff objects – both generally and specifically - to each of Defendant's Definitions and Requests as follows.

2

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S DEFINITIONS

Plaintiff hereby incorporates its Objections to Defendant's Definitions from its

Response to Defendant's First Set of Request for Documents and Things served on

September 17, 2007.

## DOCUMENT REQUESTS

### REQUEST NO. 33:

*All documents that evidence or tend to evidence Plaintiffs alleged investment in*

*research and development of the subject matter of the Patents-in-Suit.*

### Voith's Response to Request No. 33

Plaintiff hereby incorporates the foregoing General Objections and Objections  to

Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome

and oppressive.  This request calls for the production of documents that "tend to

evidence" Plaintiff's research and development investments regarding the subject matter

of the Patents-in-Suit, without delineating what is meant by "tend to evidence."

Furthermore, even if Plaintiff was to guess as to what "tend to evidence" meant, the

request is unduly burdensome and oppressive because it does not limit the type of

documents Defendant seeks.  Defendant's request calls for <u>all documents,</u> which covers a

span of at least 20 years, that either evidence or "tend to evidence" Plaintiff's research

and development investments in the subject matter of the Patents-in-Suit.

Subject to the foregoing general and specific objections, Plaintiff will produce

non-privileged documents responsive to this request to the extent that the request is

3

unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### *REQUEST NO. 34:*

*All documents that evidence or tend to evidence Plaintiffs alleged sales associated with the subject matter of the Patents-in-Suit.*

### Voith's Response to Request No. 34

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of documents that "tend to evidence" Plaintiff's sales "associated with" the subject matter of the Patents-in-Suit, without delineating what is meant by "associated with," or "tend to evidence." Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks. Defendant's request calls for <u>all documents,</u> which covers a span of at least 20 years, that either evidence or "tend to evidence" Plaintiff's sales "associated with" the subject matter of the Patents-in-Suit.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

4

### *REQUEST NO. 35:*

*All documents that evidence or tend to evidence Plaintiffs alleged costs associated with the subject matter of the Patents-in-Suit.*

### **Voith's Response to Request No. 35**

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of documents that "tend to evidence" Plaintiff's costs "associated with" the subject matter of the Patents-in-Suit, without delineating what is meant by "associated with," or "tend to evidence." Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks. Defendant's request calls for <u>all documents,</u> which covers a span of at least 20 years, that either evidence or "tend to evidence" Plaintiff's costs "associated with" the subject matter of the Patents-in-Suit.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### *REQUEST NO. 36:*

*All documents that evidence or tend to evidence Plaintiffs alleged profits associated with the subject matter of the Patents-in-Suit.*

**Voith's Response to Request No. 36**

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of documents that "tend to evidence" Plaintiff's profits "associated with" the subject matter of the Patents-in-Suit, without delineating what is meant by "associated with," or "tend to evidence." Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks. Defendant's request calls for <u>all documents,</u> which covers a span of at least 20 years, that either evidence or "tend to evidence" Plaintiff's profits "associated with" the subject matter of the Patents-in-Suit.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

***REQUEST NO. 37:***

*All documents that evidence or tend to evidence Plaintiffs alleged revenue associated with licenses or sublicenses of the subject matter of the Patents-in-Suit.*

**Voith's Response to Request No. 37**

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

6

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of documents that "tend to evidence" Plaintiff's revenue "associated with" the subject matter of the Patents-in-Suit, without delineating what is meant by "associated with," or "tend to evidence." Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks. Defendant's request calls for <u>all documents,</u> which covers a span of at least 20 years, that either evidence or "tend to evidence" Plaintiff's revenue "associated with" the subject matter of the Patents-in-Suit.

Plaintiff further objects to Defendant's Requests to the extent that they purport to require Plaintiff to produce documents subject to third-party nondisclosure and/or confidentiality agreements.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### _REQUEST NO. 38:_

_All documents associated with or related to the subject matter of the Patents-in-Suit, including, but no limited to, patent prosecution files, correspondence files, etc._

### <u>Voith's Response to Request No. 38</u>

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of documents that are "associated with or related to" the subject matter of the Patents-in-Suit, without delineating what is meant by "associated with or related to," or "correspondence files." Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks. Defendant's request calls for <u>all documents,</u> which covers a span of at least 20 years, that are "associated with or related to" the subject matter of the Patents-in-Suit.

Defendant's Requests are further deficient in that they call for the production of documents that are plainly protected from disclosure by applicable privileges including the attorney-client communications privilege and the attorney work-product exemption because it requests documents involving communication between Plaintiff and its attorneys.

Plaintiff further objects that Defendant's Request appears include publicly available documents, such as those readily available from the United States Patent and Trademark Office, that Defendant could obtain with no greater burden than would be unjustly imposed on Plaintiff.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

## *REQUEST NO. 39:*

*All known prior art concerning the subject matter of the Patents-in-Suit.*

### Voith's Response to Request No. 39

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of "All known prior art" concerning the subject matter of the Patents-in-Suit, without delineating what is meant by "All known prior art." Furthermore, even if Plaintiff was to guess as to what "All known prior art" meant, the request is unduly burdensome and oppressive because it would require the production of all prior art in the field of paper forming machines, *i.e.*, the subject matter of the Patents-in-Suit.

Plaintiff further objects that Defendant's Request appear include publicly available documents that Defendant could obtain with no greater burden than would be unjustly imposed on Plaintiff.

Subject to the foregoing general and specific objections, all material prior art has or will be submitted in the pending reexamination proceedings before the USPTO concerning the Patents-in-Suit, and as such, are publicly available.

## *REQUEST NO. 40:*

*All documents concerning the conception, development or reduction to practice of each invention described or claimed in the '805 and '168 Patents, including, but not limited to:*

9

(a)    all documents concerning all written descriptions of such alleged invention(s) prior to September 8, 1990;

(b)    all documents concerning all drawings pertaining to such alleged invention(s) prior to September 8, 1990;

(c)    all documents  concerning all oral disclosures of such alleged invention(s) prior to September 8, 1990; and

(d)    all documents concerning all disclosures of such alleged invention(s) to any third party prior to September 8, 1990.

### Voith's Response to Request No. 40

Plaintiff hereby incorporates the foregoing General Objections and Objections  to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive.  This request calls for the production of all documents concerning  the conception, development or reduction to practice concerning the Patents-in-Suit, without delineating what is meant by "oral disclosures," "all disclosures," "conception," "development," and "reduction to practice."  Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit nor reasonably describe the type or scope of documents Defendant seeks. Defendant's request calls for all documents, which covers a span of at least 20 years, that would be considered "concerning the conception, development or reduction to practice" of the Patents-in-Suit.

Defendant's Requests are further deficient in that they call for the production of documents that are plainly protected from disclosure by applicable privileges including the attorney-client communications privilege and the attorney work-product exemption.

Plaintiff further objects that Defendant's Request appears to include publicly available documents that Defendant could obtain with no greater burden than would be unjustly imposed on Plaintiff.

Plaintiff further objects to this request to the extent that it requests documents subject to third-party confidentiality because part (d) specifically requests all disclosures regarding the Patents-in-Suit to any third party.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules, including material prior art known to Plaintiff.

### *REQUEST NO. 41:*

*All documents referring or relating to Plaintiffs decision to:*

*(a)   commence developing or designing of any product relating to the subject matter of the Patents-in-Suit;*

*(b)   commence licensing of any product relating to the subject matter of the Patents-in-Suit;*

*(c)   commence manufacturing of any product relating to the subject matter of any the Patents-in-Suit; or*

11

(d)    commence selling of any product relating to the subject matter of the Patents-in-Suit.

**Voith's Response to Request No. 41**

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further object to this request as it is duplicative of Request Nos. 33-37, and 40.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of all documents "referring or relating to" the commencement of designing or developing, manufacturing, licensing and selling of "any product related to" the subject matter of the Patents-in-Suit, without delineating what is meant by "referring or relating to" or "any product related to." Furthermore, even if Plaintiff was to guess as to what "referring or relating to" and "any product related to" meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks. Defendant's request calls for <u>all documents,</u> which covers a span of at least 20 years, that would refer or relate to the commencement of designing or developing, manufacturing, licensing and selling of any product related to the subject matter of the Patents-in-Suit.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

12

## *REQUEST NO. 42:*

*All documents associated with or related to any potential infringement of the Patents-in-Suit.*

### Voith's Response to Request No. 42

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of all documents "associated with or related to" any potential infringement of the Patents-in-Suit, without delineating what is meant by "associated with or related to" or "potential infringement." Furthermore, even if Plaintiff was to guess as to what "associated with or related to" and "potential infringement" meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks. Defendant's request calls for <u>all documents,</u> which covers a span of at least 20 years, that are associated with or related to any potential infringement of the Patents-in-Suit.

Defendant's Requests are further deficient in that they call for the production of documents that are plainly protected from disclosure by applicable privileges including the attorney-client communications privilege and the attorney work-product exemption because it requests documents that go to the legal issue of infringement.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

13

### *REQUEST NO. 43:*

*All documents that have ever been considered or evaluated by or for Plaintiff relating to the patentability of the subject matter disclosed in the Patents-in-Suit.*

### Voith's Response to Request No. 43

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of all documents "that have ever been considered or evaluated" by or for Plaintiff relating to patentability of the subject matter of the Patents-in-Suit, without delineating what is meant by "considered," "evaluated," or "relating to." Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks. Defendant's request calls for <u>all documents,</u> which covers a span of at least 20 years, that have ever been considered or evaluated by or for Plaintiff relating to the patentability of the subject matter disclosed in the Patents-in-Suit.

Defendant's Requests are further deficient in that they call for the production of documents that are plainly protected from disclosure by applicable privileges including the attorney-client communications privilege and the attorney work-product exemption because the request is directed towards the legal issue of patentability.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is

14

unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### *REQUEST NO. 44:*

*All design, assembly and manufacturing documentation associated with or related to the subject matter of the Patents-in-Suit.*

### **Voith's Response to Request No. 44**

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further object to this request as it is duplicative to Request Nos. 33, and 40-41.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of all documents associating with relating to the design, assembly, and manufacturing of the subject matter of the Patents-in-Suit, without delineating what is meant by "associated with" or "related to." Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks. Defendant's request calls for <u>all documents,</u> which covers a span of at least 20 years, that have ever been associated with or related to the design, assembly or manufacturing of the subject matter of the Patents-in-Suit.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

## *REQUEST NO. 45:*

*All documents relating or referring to, or commenting upon, any communication between or among Plaintiff or any third person relating to the validity, infringement, enforceability, claim scope, or licensing of any of the Patents-in-Suit or any foreign counterparts.*

### Voith's Response to Request No. 45

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of all documents "relating or referring to, or commenting on any communication" between Plaintiff and any third party "relating to" patent issues and licensing, without delineating what is meant by "relating to," "referring to," or "commenting on," or "any communication." Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks. Defendant's request calls for all documents, which covers a span of at least 20 years, that have ever related to, referred to, associated with, commented on any communication between Plaintiff and any third party regarding the subject matter of the Patents-in-Suit.

Plaintiff further objects to this request to the extent that it requests documents subject to third-party confidentiality because Defendant specifically requests "communications" between Plaintiff and any third party.

Defendant's Requests are further deficient in that they call for the production of documents that are plainly protected from disclosure by applicable privileges including

16

the attorney-client communications privilege and the attorney work-product exemption because its specifically request documents on legal issues such as validity, infringement, enforceability, and claim scope.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### *REQUEST NO. 46:*

*All documents referring or relating to any communication with any person claiming title to or ownership of the Patents-in- Suit.*

### Voith's Response to Request No. 46

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of all documents "referring or relating to any communication" with anyone regarding title or ownership of the Patents-in-Suit, without delineating what is meant by "relating," "referring to," or "any communication." Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks. Defendant's request calls for all documents, which covers a span of at least 20 years, that have ever related to or referred to any communication between Plaintiff and any third party regarding title to or ownership of the Patents-in- Suit.

17

Subject to the foregoing general and specific objections, no responsive documents are believed to exist.

### REQUEST NO. 47:

*All documents relied upon or that support the allegation in Plaintiffs Complaint for willful patent infringement.*

### Voith's Response to Request No. 47

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, and unduly burdensome because it does not limit the type of documents Defendant seeks.

Defendant's Requests are further deficient in that they call for the production of documents that are plainly protected from disclosure by applicable privileges including the attorney-client communications privilege and the attorney work-product exemption because documents requested regard the legal issue of willful infringement.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### REQUEST NO. 48:

*All documents that support Plaintiffs allegation that Defendant has infringed and/or is currently infringing the Patents-in-Suit.*

18

**Voith's Response to Request No. 48**

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, and unduly burdensome because it does not limit the type of documents Defendant seeks.

Defendant's Requests are further deficient in that they call for the production of documents that are plainly protected from disclosure by applicable privileges including the attorney-client communications privilege and the attorney work-product exemption because this request calls for documents that regard the legal issue of infringement.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

*REQUEST NO. 49:*

*All documents relating to Plaintiffs first knowledge of Defendant's allegedly infringing product(s).*

**Voith's Response to Request No. 49**

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Defendant's Requests are further deficient in that they call for the production of documents that are plainly protected from disclosure by applicable privileges including the attorney-client communications privilege and the attorney work-product exemption because this request calls for documents that regard the legal issue of infringement.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### REQUEST NO. 50:

*All documents relating to Plaintiffs ownership of the Patents-in-Suit.*

### Voith's Response to Request No. 50

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, and unduly burdensome because it does not limit the type of documents Defendant seeks.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### REQUEST NO. 51:

*All documents that Plaintiff contends supports its allegations that Defendant had full knowledge of the Patents-in-Suit at all times relevant hereto.*

### Voith's Response to Request No. 51

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

20

Defendant's Requests are further deficient in that they call for the production of documents that are plainly protected from disclosure by applicable privileges including the attorney-client communications privilege and the attorney work-product exemption.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### *REQUEST NO. 52:*

*All documents that Plaintiff contends supports its allegations that it has been, and will continue to be, damaged by Defendants alleged infringement of the Patents-in-Suit.*

### Voith's Response to Request No. 52

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Defendant's Requests are further deficient in that they call for the production of documents that are plainly protected from disclosure by applicable privileges including the attorney-client communications privilege and the attorney work-product exemption because documents requested regard the legal issue of infringement.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

21

### *REQUEST NO. 53:*

*All documents that support Plaintiffs allegation that Defendant's alleged infringement "has caused and will continue to cause Voith Paper GMBH & Co. KG irreparable harm for which there is no adequate remedy at law."*

### Voith's Response to Request No. 53

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Defendant's Requests are further deficient in that they call for the production of documents that are plainly protected from disclosure by applicable privileges including the attorney-client communications privilege and the attorney work-product exemption because documents requested regard the legal issue of infringement, injunction, and damages.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### *REQUEST NO. 54:*

*All documents relating to Plaintiffs financial performance (actual and projected) since 1989, including, but not limited to, capital investment, revenue, costs and expenses, operating income and loss, interest expense, depreciation and amortization, gross and net profit or loss, cash flow, return on investment, the profits earned or losses suffered or expected by Plaintiff.*

**Voith's Response to Request No. 54**

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further object to this request as it is duplicative to Request Nos. 33-37, and 41.

Plaintiff further objects to this request as vague, overly broad, and unduly burdensome because it does not limit the type of documents Defendant seeks nor the breadth of documents requested, which cover a time period of nearly 20 years.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### *REQUEST NO. 55:*

*All documents relating to market research, marketing plans or market share for each of Plaintiffs products allegedly covered by any claim of the Patents-in-Suit.*

**Voith's Response to Request No. 55**

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, and unduly burdensome because it does not limit the type of documents Defendant seeks.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is

23

unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### *REQUEST NO. 56:*

*With respect to each of Plaintiffs products allegedly covered by any claim of the Patents-in-Suit, all documents that refer to, relate to, or comment upon any of the following, or from which any of the following may be determined:*

*(a)  the number of such units sold;*

*(b)  the annual and semi-annual dollar volume of sales of such units;*

*(c)  the selling price of each such unit sold;*

*(d)  the annual or semi-annual profit from the sale of each such unit; and*

*(e)  the production capacity for such units.*

### Voith's Response to Request No. 56

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive.  This request calls for the production of all documents that refer to, relate to, or comment upon the number of such units sold, the dollar volume of such sales, the selling price of such units, the profit from such sales, and the production capacity of such units, without delineating what is meant by "units", "refer to," "relate to," or "comment upon."  Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks.  Defendant's request calls for <u>all documents,</u> which covers a

span of nearly 20 years, that would be considered to relate, refer, or comment upon sale and production capacity of units covered by the Patents-in-Suit.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### *REQUEST NO. 57:*

*All documents referring to, relating to or commenting upon projections of sales, prices, profitability and profit margins for each of Plaintiffs products allegedly covered by any claim of the Patents-in-Suit.*

### Voith's Response to Request No. 57

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of all documents that refer to, relate to, or comment upon the projection of sales, prices, profitability and profit margins for products covered by the Patents-in-Suit, without delineating what is meant by "products", "refer to," "relate to" or "comment upon." Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks. Defendant's request calls for <u>all documents,</u> which covers a span of nearly 20 years, that would be considered to refer to, relate to, or comment upon the projection of sales, prices, profitability and profit margins for products covered by the Patents-in-Suit.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### *REQUEST NO. 58:*

*All documents referring or relating to Plaintiffs return on investment, gross profits on sales, or other profit performance for each of Plaintiffs products allegedly covered by any claim of the Patents-in-Suit.*

### Voith's Response to Request No. 58

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further object to this request as it is duplicative to Request Nos. 33-37, and 56-57.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of all documents that refer to or relate to Plaintiff's return on investment, gross profits on sales, or other profit performance, without delineating what is meant by "profit performance", "refer to," or "relate to." Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks. Defendant's request calls for <u>all documents,</u> which covers a span of nearly 20 years, that would be considered that refer to or relate to Plaintiff's return on investment, gross profits on sales, or other profit performance of products covered by the Patents-in-Suit.

26

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### *REQUEST NO. 59:*

*All documents referring to, relating to or commenting upon the costs related to each of Plaintiffs products allegedly covered by any claim of the Patents-in-Suit for all time periods available (e.g. monthly, quarterly and yearly), including, but not limited to, fixed costs, variable costs, standard costs, detailed manufacturing costs such as labor, materials and overhead, projections of manufacturing costs, and detailed costs such as general and administrative, selling, advertising, accounting, research and development, engineering and depreciation costs.*

### Voith's Response to Request No. 59

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of all documents that refer to, relate to, or comment upon costs related to each of Plaintiffs products covered by any claim of the Patents-in-Suit for all time periods available, without delineating what is meant by "products", "refer to," "relate to," or "comment upon." Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks and request a documents from a large breadth of categories. Defendant's request calls for <u>all</u>

27

documents, which covers a span of at least 20 years, that would be considered to refer to, relate to, or comment upon costs related to each of Plaintiffs products covered by any claim of the Patents-in-Suit for all time periods available.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### _REQUEST NO. 60:_

_All annual reports, auditors reports, corporate evaluations, and corporate appraisals of Plaintiff from 1989 to the present._

### **Voith's Response to Request No. 60**

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Defendant's Requests are further deficient in that they call for the production of documents that are plainly protected from disclosure by applicable privileges including the attorney-client communications privilege and the attorney work-product exemption.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### _REQUEST NO. 61:_

_All documents referring to, relating to or commenting upon royalty payments, license fees or user fees paid to or received by Plaintiff based upon the Patents-in-Suit._

**Voith's Response to Request No. 61**

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further object to this request as it is duplicative to Request Nos. 34, 36, 37, 41, 54, and 57-59.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of all documents that refer to, relate to, or comment upon royalty payments, license fees or user fees paid to or received by Plaintiff based upon the Patents-in-Suit, without delineating what is meant by "refer to," "relate to," or "comment upon." Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks. Defendant's request calls for <u>all documents,</u> which covers a span of at least 20 years, that would be considered to refer to, relate to, or comment upon royalty payments, license fees or user fees paid to or received by Plaintiff based upon the Patents-in-Suit.

Plaintiff further objects to Defendant's Requests to the extent that they purport to require Plaintiff to produce documents subject to third-party nondisclosure and/or confidentiality agreements.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

## *REQUEST NO. 62:*

*All documents referring to, concerning, or commenting upon Defendant, or its accused products.*

### Voith's Response to Request No. 62

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of all documents that refer to, relate to, or comment upon Defendant, or its accused products, without delineating what is meant by "products," "refer to," "relate to," or "comment upon." Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks and request documents from a unspecified breadth of contexts. Defendant's request calls for all documents that would be considered to refer to, relate to, or comment upon Defendant, or its accused products.

Defendant's Requests are further deficient in that they call for the production of documents that are plainly protected from disclosure by applicable privileges including the attorney-client communications privilege and the attorney work-product exemption because many requested documents would relate to the current litigation.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

30

### REQUEST NO. 63:

*All documents which refer to, relate to, or comment upon any secondary consideration or "objective" evidence of obviousness or non-obviousness with respect to each claim of the Patents-in-Suit.*

**Voith's Response to Request No. 63**

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of all documents that refer to, relate to, or comment upon any secondary consideration or "objective" evidence of obviousness or non-obviousness with respect to each claim of the Patents-in-Suit, without delineating what is meant by "refer to," "relate to," or "comment upon." Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks. Defendant's request calls for <u>all documents,</u> which covers a span of at least 20 years, that would be considered to refer to, relate to, or comment upon legal issues regarding patentability.

Defendant's Requests are further deficient in that they call for the production of documents that are plainly protected from disclosure by applicable privileges including the attorney-client communications privilege and the attorney work-product exemption because the request calls for documents involving the legal issue of patentability.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is

unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

## *REQUEST NO. 64:*

*All documents identified or relied upon in response to Defendant's interrogatories.*

### **Voith's Response to Request No. 64**

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Defendant's Requests are further deficient in that they call for the production of documents that are plainly protected from disclosure by applicable privileges including the attorney-client communications privilege and the attorney work-product exemption.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

## *REQUEST NO. 65:*

*All documents from 1989 to the present which identify or relate to:*

*(a)  the name and the address of Plaintiffs principal place of business;*

*(b)  Plaintiffs corporate name and all other names by which Plaintiff is known or under which Plaintiff has conducted business;*

*(c)  the date and place of Plaintiffs incorporation;*

*(d)  the names of Plaintiffs employees;*

*(e)  each of Plaintiffs parents, predecessors, subsidiaries, joint ventures,*

32

and other affiliated entities;

(f)   the names and locations of each individual having a executive or

management position with any of Plaintiffs parents, predecessors, subsidiaries,

joint ventures, and other affiliated entities;

(g)   the organizational structure of each of Plaintiffs parents, predecessors,

subsidiaries, joint ventures, and other affiliated entities;

(h)   the location of each facility where Plaintiff or its predecessors, parents,

subsidiaries, joint ventures and other affiliated entities are, or have been, engaged in the

research, development, manufacture, testing, marketing, distribution, sale, importation,

or licensing of each of Plaintiffs products allegedly covered by any claim of the Patents-

in-Suit.

### Voith's Response to Request No. 65

Plaintiff hereby incorporates the foregoing General Objections and Objections  to

Defendant's Definitions as if fully set forth herein.

Plaintiff further objects that Defendant's Request appear include publicly

available documents that Defendant could obtain with no greater burden than would be

unjustly imposed on Plaintiff.

Plaintiff further objects to this request as overly broad and unduly burdensome as

it would require the production of every document in Plaintiff's possession custody or

control.

Subject to the foregoing general and specific objections, Plaintiff will produce

non-privileged documents responsive to this request to the extent that the request is

unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### *REQUEST NO. 66:*

*All documents referring or relating to any agreement, understanding, negotiations or contract between Plaintiff and any third party concerning the Patents-in-Suit.*

### Voith's Response to Request No. 66

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of all documents that refer to or relate to any agreement, understanding, negotiations or contract between Plaintiff and any third party concerning the Patents-in-Suit, without delineating what is meant by "agreement," "understanding," "refer to," or "relate to." Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks. Defendant's request calls for all documents, which covers a span of at least 20 years, that would be considered to refer to or relate to potentially confidential information regarding third parties.

Plaintiff further objects to Defendant's Requests to the extent that they purport to require Plaintiff to produce documents subject to third-party nondisclosure and/or confidentiality agreements.

34

Defendant's Requests are further deficient in that they call for the production of documents that are plainly protected from disclosure by applicable privileges including the attorney-client communications privilege and the attorney work-product exemption because the request calls for documents regarding negotiations.

Plaintiff further objects to Defendant's Requests to the extent that they purport to require Plaintiff to produce documents subject to third-party nondisclosure and/or confidentiality agreements.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### *REQUEST NO. 67:*

*All documents that relate or refer to any litigation or potential litigation containing an allegation that either party has infringed the Patents-in-Suit.*

### **Voith's Response to Request No. 67**

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of all documents that refer to or relate to any litigation or potential litigation containing an allegation that either party has infringed the Patents-in-Suit, without delineating what is meant by "either party," "refer to," or "relate to." Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the

type of documents Defendant seeks.  Defendant's request calls for <u>all documents,</u> which covers a span of up to 20 years, that would be considered to refer to or relate to documents that are potentially privileged or subject to work product exemption.

Defendant's Requests are further deficient in that they call for the production of documents that are plainly protected from disclosure by applicable privileges including the attorney-client communications privilege and the attorney work-product exemption because the documents requested regard litigation matters.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### *REQUEST NO. 68:*

*All documents referring or relating to any opposition, interference, reissue or nullification, or reexamination proceeding that the Patents-in-Suit are now or have ever been involved.*

### **Voith's Response to Request No. 68**

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive.  This request calls for the production of all documents that refer to or relate to any opposition, interference, reissue or nullification, or reexamination proceeding that the Patents-in-Suit are now or have ever been involved, without delineating what is meant by "refer to," or "relate to."  Furthermore, even if Plaintiff was

36

to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks and the request regards potentially privileged or work product exempted documents.

Defendant's Requests are further deficient in that they call for the production of documents that are plainly protected from disclosure by applicable privileges including the attorney-client communications privilege and the attorney work-product exemption.

Plaintiff further objects that Defendant's Request appears to include publicly available documents, such as those readily available from the United States Patent and Trademark Office, that Defendant could obtain with no greater burden than would be unjustly imposed on Plaintiff.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### *REQUEST NO. 69:*

*All documents that relate or refer to any correspondence containing an allegation that any party or entity has infringed the Patents-in-Suit.*

### **Voith's Response to Request No. 69**

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this Request as being duplicative of Request No. 67

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of all documents that refer to or

relate to any correspondence containing an allegation that any party or entity has infringed the Patents-in-Suit, without delineating what is meant by "any correspondence," "allegation," "entity," "refer to," or "relate to." Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks and the request regards potentially privileged or work product exempted documents.

Defendant's Requests are further deficient in that they call for the production of documents that are plainly protected from disclosure by applicable privileges including the attorney-client communications privilege and the attorney work-product exemption.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

## *REQUEST NO. 70:*

*All licenses, agreements or offers for licenses or agreements which refer to, or concern the Patents-in-Suit.*

### Voith's Response to Request No. 70

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to the request as being duplicative of Request Nos. 37, 41, 45, and 61.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of all licenses that refer to or

concerns the Patents-in-Suit, without delineating what is meant by "refer to," or "concerns." Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks and the request regards potentially confidential information.

Plaintiff further objects to Defendant's Requests to the extent that they purport to require Plaintiff to produce documents subject to third-party nondisclosure and/or confidentiality agreements.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### *REQUEST NO. 71:*

*All documents that relate or refer to any royalty payments, license fees or user fees paid or received by Plaintiff relating to the Patents-in-Suit.*

### **Voith's Response to Request No. 71**

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to the request as being duplicative of Request Nos. 37, 41, 45, 61 and 70.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of all documents that refer to or relate to any royalty payments, license fees or user fees paid or received by Plaintiff relating to the Patents-in-Suit, without delineating what is meant by "refer to," or "relate

to." Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks and the request regards potentially confidential information.

Plaintiff further objects to Defendant's Requests to the extent that they purport to require Plaintiff to produce documents subject to third-party nondisclosure and/or confidentiality agreements.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### *REQUEST NO. 72:*

*All documents that refer or relate to any attempt by Plaintiff to increase its share of the paper former product market, including, but not limited to, correspondence, memoranda, notes, reports, market plans, strategic plans or market studies.*

### **Voith's Response to Request No. 72**

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of all documents that refer to or relate to any attempt by Plaintiff to increase its share of the paper former product market, without delineating what is meant by "any attempt," "correspondence," "notes," "refer to," or "relate to." Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the

type of documents Defendant seeks. Defendant's request calls for <u>all documents,</u> which covers a span of at least 20 years, that would be considered to refer to or relate to any attempt by Plaintiff to increase its share of the paper former product market.

Plaintiff further objects to this request as requesting documents which are not relevant and which are not likely to lead to the discovery of admissible evidence.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

## *REQUEST NO. 73:*

*All documents that refer or relate to any company that makes, uses, advertises, offers for sale or sells paper former product(s) including, without limitation, documents concerning the companies products of such type, the market share for the products of such type, and any analysis of description of the structure, features and operation of such products.*

### Voith's Response to Request No. 73

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of all documents that refer to or relate to companies other than Plaintiff, without delineating what is meant by "any company," "such type," "refer to," or "relate to." Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive

41

because it does not limit the type of documents Defendant seeks. Defendant's request calls for <u>all documents</u>, which covers an unlimited span of time, that would be considered to refer to or relate to anything in the paper former product market.

Plaintiff further objects to this request as requesting documents which are not relevant and which are not likely to lead to the discovery of admissible evidence.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

## ***REQUEST NO. 74:***

*All documents referring or relating to any policy Plaintiff has had or currently has regarding the licensing of its patents.*

### **Voith's Response to Request No. 74**

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request for being to duplicative to Request Nos. 41, 45, 66, and 71.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of all documents that refer to or relate to any policy Plaintiff has had or currently has regarding the licensing of its patents, without delineating what is meant by "any policy," "refer to," or "relate to." Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the type of documents

Defendant seeks. Defendant's request calls for all documents, which covers an unspecified span of time, that would be considered to refer to or relate to any policy Plaintiff has had or currently has regarding the licensing of its patents, even those patents not involved in this litigation.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### REQUEST NO. 75:

*All documents referring or relating to Plaintiff's financial and marketing planning for Plaintiffs products allegedly covered by any claim of the Patents-in-Suit, including, but not limited to, all forecasts, projections, and short-term and long-term financial, marketing, strategic and management plans.*

### Voith's Response to Request No. 75

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further object to this request as it is duplicative of Requests nos. 55 and 65.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of all documents that refer to or relate to Plaintiff's financial and marketing planning for Plaintiffs products covered by the Patents-in-Suit, without delineating what is meant by "all forecasts," "refer to," or "relate to." Furthermore, even if Plaintiff was to guess as to what these terms meant, the

request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks. Defendant's request calls for <u>all documents</u>, which covers at least the last 20 years, that would be considered to refer to or relate to Plaintiff's financial and marketing planning for Plaintiffs products covered by the Patents-in-Suit.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### *REQUEST NO. 76:*

*All documents that refer or relate to any sales, projections of sales, prices, profitability and profit margins for each of Plaintiffs products allegedly covered by any claim of the Patents-in-Suit.*

### **Voith's Response to Request No. 76**

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further object to this request as it is duplicative of Requests nos. 34, 36, 37, 41, 45, 54, 56-59,61, 71, and 75.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of all documents that refer to or relate to any sales, projections of sales, prices, profitability and profit margins for each of Plaintiffs products allegedly covered by any claim of the Patents-in-Suit, without delineating what is meant by "any," "refer to," or "relate to." Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and

44

oppressive because it does not limit the type of documents Defendant seeks.  Defendant's request calls for <u>all documents</u>, which covers at least the last 20 years, that would be considered to refer to or relate to any sales, projections of sales, prices, profitability and profit margins for each of Plaintiffs products allegedly covered by any claim of the Patents-in-Suit.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### *REQUEST NO. 77:*

*All planning or strategy documents, including but not limited to budgets, business plans, financial plans, strategic plans and marketing plans, for any of Plaintiffs products allegedly covered by any claim of the Patents-in-Suit offered for sale, sold, distributed or licensed by Plaintiff.*

### **Voith's Response to Request No. 77**

Plaintiff hereby incorporates the foregoing General Objections and Objections  to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive.  This request calls for the production of all planning and strategy documents, without delineating what is meant by "planning," "strategy," "business plans," "financial plans," and "strategic plans."  Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks.  Defendant's request

calls for <u>all documents</u> regarding planning and strategy, which covers at least the last 20 years.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### *REQUEST NO. 78:*

*All documents including, but not limited to internal communications, market research, competitive profiles, meeting notes/minutes, referring or relating to Defendant's paper former product(s).*

### Voith's Response to Request No. 78

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to the request as being duplicative of Request No. 62.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of all documents referring or relating to Defendant's paper former product(s), without delineating what is meant by "internal communications," "competitive profiles," "referring," or "relating to." Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks. Defendant's request calls for <u>all documents</u> regarding Defendant's paper former product(s), which covers an unspecified amount of time.

46

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

## *REQUEST NO. 79:*

*All documents, including, but not limited to internal communications, market research, competitive profiles, meeting notes/minutes, referring or relating to Defendant.*

### **Voith's Response to Request No. 79**

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of all documents referring or relating to Defendant, without delineating what is meant by "internal communications," "competitive profiles," "referring," or "relating to." Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks. Defendant's request calls for all documents regarding Defendant, which covers an unspecified amount of time.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

47

### *REQUEST NO. 80:*

All documents provided by Plaintiff to any expert in this case.

### Voith's Response to Request No. 80

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, and unduly burdensome.

Defendant's Requests are further deficient in that they call for the production of documents that are plainly protected from disclosure by applicable privileges including the attorney-client communications privilege and the attorney work-product exemption.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### *REQUEST NO. 81:*

All documents comprising communications by or on behalf of Plaintiff, its employees, or agents that mention or relate to Defendant, its employees, or agents.

### Voith's Response to Request No. 81

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as it is duplicative of Request No. 79.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome and oppressive. This request calls for the production of all documents that mention or

relate to Defendant, its employees, or agents, without delineating what is meant by "employee," "agent," "mention," "communications," "on behalf of," or "relate to." Furthermore, even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks. Defendant's request calls for <u>all documents</u> regarding Defendant, which covers an unspecified amount of time.

Defendant's Requests are further deficient in that they call for the production of documents that are plainly protected from disclosure by applicable privileges including the attorney-client communications privilege and the attorney work-product exemption.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### *REQUEST NO. 82:*

*As to each product identified in response to Interrogatory No. 6:*

*(a)   two samples of each such product, including all prototypes and versions, and all packaging and use instructions therefrom;*

*(b)   all manufacturing and engineering specifications, from commencement of manufacture to present, for each embodiment of such product;*

*(c)   all documents sufficient to establish the design history of such product, including any current contemplated design changes;*

*(d)   all documents sufficient to identify all designers of such product and the components thereof, from the commencement of design to present;*

(e)    all documents sufficient to identify all manufacturers of such product and the components thereof, from commencement of manufacture to present;

(f)    all documents sufficient to determine Plaintiffs costs incurred in developing such product;

(g)    all documents sufficient to identify, on an annual basis, the total number of units of such product manufactured;

(h)    all documents sufficient to identify the total shipments of such product, on an annual basis, by unit amount;

(i)    all documents sufficient to identify the total sales of such product, on an annual basis, by unit amount;

(j)    all documents sufficient to identify the gross revenue, on an annual basis, from sales and shipments of such product;

(k)    all documents sufficient to identify, on an annual basis, the net profits received from sales of such product;

(1)    all documents sufficient to identify all selling prices of such product;

(m)    all manufacturing agreements or license agreements for such product;

(n)    all documents sufficient to identify all entities to whom such product has been sold, shipped or distributed, including no-charge, promotional shipments;

(o)    all documents sufficient to identify all inventory of such products currently held by any entity on consignment;

(p)    all advertising and promotional material featuring or used to promote such product, including documents sufficient to identify the date and publication or distribution location of such material;

50

(q)    all documents comprising pending or issued patents or patent applications for such product or any component thereof;

(r)    all documents sufficient to identify all inventory of such products currently held by any entity on consignment;

(s)    all advertising and promotional material featuring or used to promote such product, including documents sufficient to identify the date and publication or distribution location of such material;

(t)    all documents comprising pending or issued patents or patent applications for such product or any component thereof; and

(u)    all documents concerning all considerations, deliberations, or decisions of Plaintiff to develop, market or sell such product.

**Voith's Response to Request No. 82**

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as overly broad and unduly burdensome, and duplicative of numerous other requests.

Plaintiff further objects to Defendant's Requests to the extent that they purport to require Plaintiff to produce documents subject to third-party nondisclosure and/or confidentiality agreements.

Plaintiff further objects that Defendant's Request appears include publicly available documents, such as those readily available from the United States Patent and Trademark Office, that Defendant could obtain with no greater burden than would be unjustly imposed on Plaintiff.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

## *REQUEST NO. 83:*

*All translations into English of any document responsive to any of Defendant's document requests.*

### Voith's Response to Request No. 83

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as overly broad, unduly burdensome, and oppressive because Defendant is fully capable of finding means to translate any such documents without unduly burdening Plaintiff.

Subject to the foregoing general and specific objections, Plaintiff will not produce any documents responsive to this request.

## *REQUEST NO. 84:*

*All documents that Plaintiff intends to rely on at trial.*

### Voith's Response to Request No. 84

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome, oppressive, and premature. This request calls for the production of all documents that Plaintiff will rely on at trial, without delineating what is meant by "rely

on." Furthermore, even if Plaintiff was to guess as to what "rely on" meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks.  Defendant's request calls for <u>all documents</u> Plaintiff will rely on at trial, which at this stage in the proceedings could be anything.

Defendant's Requests are further deficient in that they call for the production of documents that are plainly protected from disclosure by applicable privileges including the attorney-client communications privilege and the attorney work-product exemption.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

### *REQUEST NO. 85:*

*All documents, including, but not limited to, any opinion, investigation, study, or communication, whether written or oral, relating or referring to the patentability, validity, enforceability or infringement of the Patents-in-Suit.*

### Voith's Response to Request No. 85

Plaintiff hereby incorporates the foregoing General Objections and Objections to Defendant's Definitions as if fully set forth herein.

Plaintiff further objects to this request as vague, overly broad, unduly burdensome, oppressive, and premature.  This request calls for the production of all documents relating or referring to the patentability, validity, enforceability or infringement of the Patents-in-Suit, without delineating what is meant by "opinion," "investigation," "study," "communication," "relating to," or "referring to."  Furthermore,

even if Plaintiff was to guess as to what these terms meant, the request is unduly burdensome and oppressive because it does not limit the type of documents Defendant seeks. Defendant's request calls for <u>all documents</u> relating or referring to privileged or work product exempt material.

Defendant's Requests are further deficient in that they call for the production of documents that are plainly protected from disclosure by applicable privileges including the attorney-client communications privilege and the attorney work-product exemption.

Subject to the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request to the extent that the request is unobjected-to and is sufficient to identify documents subject to production in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

Respectfully submitted,

Date: February 15, 2008                By _____

Neil F. Greenblum
Michael J. Fink
Neal Goldberg
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
Tel: (703) 716 1191
Fax:(703) 716 1180

54

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff Voith Paper GMBH & Co. Kg's Objections And Responses To Defendant, JohnsonFoils, Inc.'s Third Set Of Requests For Production Of Documents And Things To Plaintiff was served on Attorneys for Defendant JohnsonFoils, Inc., via Federal Express:

> Anthony S. Volpe, Esq.
> John J. O'Malley, Esq.
> Ryan W. O'Donnel, Esq.
> VOLPE AND KOENIG, P.C.
> United Plaza, Suite 1600
> 30 S. 17th Street
> Philadelphia, PA 19103
> (215) 568-6400
>
> George H. Seitz, III, Esq. (DE #667)
> SEITZ, VAN OGTROP & GREEN, P.A.
> 222 Delaware Avenue, Suite 1500
> P. O. Box 68
> Wilmington, DE  19899
> (302) 888-7602

Date:    February 15, 2008

> Neil F. Greenblum
> Michael J. Fink
> Neal Goldberg
> GREENBLUM & BERNSTEIN, P.L.C.
> 1950 Roland Clarke Place
> Reston, Virginia 20191
> (703) 716-1191
>
> – and –
>
> Adam W. Poff (DE #3990)
> YOUNG CONWAY STARGATT & TAYLOR, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19899
> (302) 571-6642
>
> *Attorneys for Plaintiff Voith Paper GmbH & Co. KG*

# EXHIBIT D



**Volpe and Koenig** P.C.®

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

BRINGING LAW TO YOUR IDEAS

John J. O'Malley
JOMalley@volpe-koenig.com

May 27, 2008

Michael J. Fink, Esquire                                  **VIA E-MAIL**
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191

Re:   *Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.*

Dear Michael:

In Voith's responses to JohnsonFoils' First Set of Interrogatories, Voith provided the following responses to damages interrogatories:

<u>Interrogatory No. 10</u>:

State the amount of damages Plaintiff claims it has incurred as a result of Defendant's alleged infringement of the Patents-in-Suit and explain in detail the basis for the computation.

· · ·

<u>Voith's Response to Interrogatory No. 10</u>:

Subject to the foregoing objections, Voith responds as follows: Pursuant to Fed. R. Civ. P. 33(d), a response to this Interrogatory can be ascertained through the documents Voith will produce and file in this matter.

<u>Interrogatory No. 13</u>:

For each product identified in response to Interrogatory No. 6:

(a)    On an annual basis, state the gross revenue Plaintiff received from the sale of such products;

*Patents        Trademarks        Copyrights        Trade Secrets        Litigation        Licensing*



Michael J. Fink, Esquire                                         May 27, 2008
Page 2                                                        C.A. No. 07-226

> (b)    On an annual basis, state the net profit Plaintiff received from
> the sale of such products;
>
> (c)    The number of such products currently remaining in Plaintiff's
> inventory; and
>
> (d)    Each entity to whom Plaintiff has sold such product, and for
> each, identify on an annual basis, by model number, the quantity of
> products sold and the dollar amount of such sales.
>
> • • •
>
> <u>Voith's Response to Interrogatory No. 13</u>:
>
> Subject to the foregoing objections, Voith responds as follows: Pursuant
> to Fed. R. Civ P. 33(d), a response to this Interrogatory can be
> ascertained through the documents Voith has or will produce in this
> matter.

We have not found any documents responsive to these interrogatories. Since Voith
did not submit an expert damages report, we must insist that Voith provide a full
and complete response to Interrogatory Nos. 10 and 13.

In addition, to date, we have found few if any documents responsive to Requests
Nos. 3 - 7, 14, 33 - 37, 52 - 61, 70 - 76 or 82 from JohnsonFoils' First and Third Set
of Requests for Production of Documents which are also damages related.   Given
the apparent dearth of Voith damages documents and information, please either
confirm that there are no responsive documents to these requests or provide the
categorization of documents contemplated by Rule 34.

If you would like to meet and confer on these issues I am available to discuss most
of Thursday.



Michael J. Fink, Esquire                                                  May 27, 2008
Page 3                                                                    C.A. No. 07-226


In addition, we enclose the undertaking and Curriculum Vitae of Chuck Faunce, a
financial expert.

Very truly yours,

Volpe and Koenig, P.C.

By: _____
    John J. O'Malley

JJO/cah
Enclosure

cc: All counsel of record via e-mail

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOITH PAPER GMBH & CO. KG          :
                                   :          Civil Action No. 07-226
                    Plaintiff,     :
                                   :
                v.                 :
                                   :
JOHNSONFOILS, INC.                 :
                                   :
                    Defendant.     :

## AGREEMENT TO MAINTAIN CONFIDENTIALITY

I, Chuck Faunce, agree that all documents and information provided t
me as "Attorneys Eyes Only" in accordance with Local Rule 26.2 shall be used
only in connection with the above captioned litigation.

I further agree not to use any documents and information so
designated for any business, competitive or other purpose, and shall not
disclose such designated documents and information to any person or entity
other than outside counsels of record in this matter and their employees.

I understand the possibility that I may be subject to and I agree to be
bound by the terms of a subsequent order of the court in this case.

5.22.08
Date

Chuck Faunce

**Chuck Faunce, ASA, CDBV**
*Director*

---

### Experience

Chuck Faunce has 12 years of experience providing clients with valuation, litigation, bankruptcy and troubled company consulting services.

Mr. Faunce has performed valuations of businesses, intellectual properties and financial securities for purposes including transaction support, litigation support and financial and tax reporting. He has authored or made significant contributions to valuation reports and expert witness reports in a broad range of industries including pharmaceuticals, biotechnology, telecommunications, power generation, paper production, insurance and non-profit organizations. Further, Chuck has provided deposition and trial testimony related to valuations and commercial damages in a number of matters. Mr. Faunce is an Accredited Senior Appraiser, a Certified Licensing Professional and possesses the Certified in Distressed Business Valuation designation. Chuck is also an economic evaluator for Maryland Industrial Partnerships, a program at the University of Maryland that enables technology commercialization in Maryland through jointly funded university-company research and development.

Mr. Faunce's extensive litigation experience includes all phases of information discovery as well as the process of identifying, reviewing and integrating relevant information from a variety of sources. He has expertise in developing the complex financial models required to assess commercial damages including lost profits, reasonable royalties, and unjust enrichment related to issues such as breach of contract and intellectual property infringement. Mr. Faunce also has extensive experience with bankrupt and troubled companies in a broad range of industries including manufacturing, retailing, distribution, telecommunications, financial services and health care. Chuck is a Certified Insolvency and Restructuring Advisor, and has expertise in developing the complex financial models required to assess liquidation and reorganization values, and in performing solvency, preference and fraudulent conveyance analyses.

Prior to joining SMART, Mr. Faunce was a Senior Engagement Manager with a publicly traded financial and economic consulting firm. Mr. Faunce came to the financial consulting industry with eight years of experience as an engineer in the air pollution control equipment industry.

Representative assignments:

- Business valuations
- Intangible asset valuations
- Breach of contract damages analysis
- Intellectual property infringement damages analysis

- Solvency analysis
- Fraudulent conveyance analysis
- Preferential transfer analysis
- Liquidation and reorganization value analysis

---



*1*

***Chuck Faunce, ASA, CDBV***
*Director*

---

### *Testimony*

- Trial testimony in re: Cusic Cotten v. Celia E. Cotten, Case No. 24-D-07-002413 in the Circuit Court for Baltimore City, Maryland (2008)

- Deposition testimony in Aurelia Hamel v. Arthur Hamel, Case No. 13 C-07-068077 in the Circuit Court for Howard County, Maryland (2007)

- Deposition testimony in John C. Wagner Jr., et al. v. Willis of Maryland, Inc., Circuit Court of Maryland for Baltimore County, Maryland, Case No. 03-C-06-13304 (2007)

- Deposition and trial testimony in re: Jennifer Jackson v. General Motors Acceptance Corporation, Case No. 03-18429-CACE, Circuit Court of the Seventeenth Judicial District in and for Broward County, Florida, Division 14 (2008)

- Deposition testimony in re: Howard Mills, Superintendent of Insurance of the State of New York in his capacity as Rehabilitator of Frontier Insurance Company v. Benfield, Inc. f/k/a E.W. Blanch Co. and Everest Reinsurance Company, Index No. 1367/05, State of New York Supreme Court for the County of Sullivan (2006)

- Deposition and trial testimony in re: Kimberlee Corraine v. Paul Corraine, Case No. 13-C-05-062602, Circuit Court for Howard County, Maryland (2006)

- Deposition and trial testimony in re: Ronald Edward Harman v. Metropolitan Maintenance Company, Case No. 03-C-06-4675, Circuit Court for Baltimore County, Maryland (2006)

- Deposition and trial testimony in re: The Estate of Spencer Vavas, Estate No. 129016, Orphans Court of Baltimore County, Maryland (2006)

- Deposition testimony in re: E-Z Bowz, LLC v. Professional Product Research Co., Inc., Case No. 00 Civ 8670, United States District Court for the Southern District of New York (2002)

- Deposition testimony in re: Vulcan Trucking, Inc. v. Hardy Insurance Co., et al., Law No. 174035, Circuit Court for Fairfax County, Virginia (1999)

---



**Chuck Faunce, ASA, CDBV**
*Director*

---

### *Presentations and Publications*

- ◆ "Expert Reports Made Easy," September 2007, National Litigation Consultants Review

- ◆ "Fair Value Isn't Easy," July 2007, SMART Transaction Advisory Services eNews, with Greg Marsh

- ◆ "Role of the Board Training," January 2007, Business Volunteers Unlimited, panelist

- ◆ "Explaining Business Valuations to Judges and Juries," July 2006, National Litigation Consultants Review

- ◆ "The Role of the Financial Expert," presented at the May 2006 meeting of Maryland Defense Counsel, Inc.

- ◆ "Certified in Distressed Business Valuation Course," Instructor, 2005 and 2006

- ◆ "Understanding SFAS 123R," numerous dates in 2006, presented to internal and external audiences

- ◆ "Introduction to Business Valuations for Audit and Tax Professionals," March 10, 2006, internal presentation

- ◆ "An Overview of FAS 141/142 Valuations for Audit and Tax Professionals," November 23, 2005, internal presentation

- ◆ "Minefields and Booby Traps: Preparing Experts to Testify in Valuation Cases," with Pamela Woldow and Stephen R. Palange, May 23, 2005, New York Law Journal

- ◆ "Intellectual Property Valuation: An Overview," May 19, 2005, American Lawyer Media CLE Presentation

- ◆ "Getting Your Practice Ready to Sell," with Mark L. Lefko, March 2005, M.D. News

- ◆ "Valuing Trademarks For Non Profit Organizations," 1999, Licensing Executives Society (LES) Annual Meeting

- ◆ "Strategic Management of Intellectual Assets: Capitalizing on New Technology," 1998, Licensing Executives Society (LES) Annual Meeting

---



**Chuck Faunce, ASA, CDBV**
*Director*

---

### Professional Affiliations and Accreditations

- American Society of Appraisers
  - *Accredited Senior Appraiser (ASA)*
- National Association of Certified Valuation Analysts
  - *Accredited Valuation Analyst (AVA)*
- Appraisal Issues Task Force
- American Institute of Certified Public Accountants
  - *Business Valuation/Forensic Litigation Services section member*
- CFA Institute
- Licensing Executives Society
  - *Certified Licensing Professional (CLP)*
- Association of University Technology Managers
- Association of Insolvency and Restructuring Advisors
  - *Certified in Distressed Business Valuation (CDBV)*
  - *Certified Insolvency and Restructuring Advisor (CIRA)*
- American Bankruptcy Institute

### Civic Activities

- Council on Economic Education in Maryland
  - *Board Member, Treasurer and Finance Chair, member of the Audit Committee*
- Carroll County Public School Education Foundation
  - *Advisory Board Member, member of the Governance and Community Relations Committees (Governance Committee Chair 2006-2007)*

### Education

- Bachelor of Science in Mechanical Engineering, Lehigh University, 1987
- Master of Business Administration, Loyola University in Maryland, 1994

Contact information:

SMART Business Advisory and Consulting, LLC    (410) 512-3110 Phone
502 Washington Avenue, Suite 430                (410) 821-8448 Fax
Towson, MD 21204                                cfaunce@smartgrp.com

---



# EXHIBIT E

LAW OFFICES

# GREENBLUM & BERNSTEIN, P.L.C.

PATENT, COPYRIGHT AND TRADEMARK MATTERS

1950 ROLAND CLARKE PLACE

RESTON, VA 20191-1411

TEL: (703) 716-1191

FAX: (703) 716-1180

EMAIL: gbpatent@gbpatent.com

www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPEZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERIBERT F. MUENSTERER, Ph.D. □ *
LINDA J. HODGE
JOSHUA M. POVENER *
DANIEL B. MOON
PAUL T. LEE △
JOHN V. MAZZOLA □
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D. □
AZZA JAYAPRAKASH
JONATHAN MILLER *

NEAL GOLDBERG
STEVEN B. POLLICOFF *
FAHD MAJIDUDDIN, Ph.D. □
SARAH J. SMALL

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPERNER *
RICHARD J. McGRATH
BARRY I. HOLLANDER

TECHNICAL ADVISORS:
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
WALTER SCHLAPKOHL, Ph.D.

* ADMITTED TO A BAR
   OTHER THAN VA
□ EUROPEAN PATENT ATTORNEY
△ KOREAN PATENT ATTORNEY
○ REGISTERED PATENT AGENT

May 30, 2008

**VIA EMAIL**

John O'Malley, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

    Re:    *Voith v. Johnson Foils*, USDC for Delaware: 1:07-cv-00226-JJF;
           Our Ref: J214720

Dear John,

    This follows up on our "meet and confer" telephone call today, May 30, 2008.

1. Designation of Waller Expert Report

    a.) It is our position that the information from the third party depositions is subject to third party confidentiality which cannot be waived by Voith or JohnsonFoils. As such, we suggested that Voith and JohnsonFoils jointly approach the third parties and ask to share the information. You said you would check the deposition transcripts and get back to us.

    b.) We asked that you identify information included in the Waller Report that JohnsonFoils considers highly confidential, or redact the Report so that we may share it with our client. You responded that it was JohnsonFoils' position that Voith should identify what was public information before requesting permission to share the Report with Voith. You agreed to discuss this issue further on the next call.

2. JohnsonFoils' letter regarding interrogatory and document requests

    I told you that we are currently reviewing Voith's documents. In the meantime, we request that you identify any authority supporting your request that Voith identify

John O'Malley, Esq.                    May 30, 2008                    Page -2-

documents by Bates number under Rules 34 or 33(d).  We agreed to discuss this further on the next call.

3. Mr. Faunce

You declined to provide us with the requested information and confirmation as to whether Mr. Faunce has been or is currently employed by JohsonFoils or a direct competitor. Your position is that Dr. Waller had not provided such information, and therefore JohnsonFoils is not required to provide such information regarding Mr. Faunce.  We are looking into the matter and will discuss it on Monday as well.

4. AstenJohnson Subpoena

We asked whether AstenJohnson intended to comply with Voith's subpoena.  You responded that the Court ruled that the AstenJohnson subpoena was moot and/or that the deposition and discovery of AstenJohnson was untimely because the discovery period had closed.  I explained that the subpoena was proper and that the only reason the deposition and discovery had not been completed was due to AstenJohnson's Motion for Protective Order.  I also asked that you identify where in the transcript Judge Farnan said that the subpoena was moot; and whether AstenJohnson would be filing a motion for protective order. I reiterated that we believe the subpoena is proper and that we narrowed the topics and document requests to accommodate and moot AstenJohnson's objections.

Should you disagree with any of the above, please let us know.  We look forward to hearing back from you with a suitable time for Monday's call.

Very truly yours,
GREENBLUM & BERNSTEIN, P.L.C.

P. Branko Pejic

cc:    George Seitz, Esq.
       Adam Poff, Esq.

{J214720 00434877.DOC}

# EXHIBIT F



**Volpe**
**and**
**Koenig**
P.C.

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

———————————— BRINGING LAW TO YOUR IDEAS ————————————

John J. O'Malley
JOMalley@volpe-koenig.com

May 30, 2008

P. Branko Pejic, Esquire                                           **VIA E-MAIL**
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191-1411

Re:   *Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.*
      U.S.D.C., D. of Del, C.A. No. 07-226*JJF*

Dear Branko:

This addresses your "follow up" letter of today.  I will address each of your
numbered paragraphs in turn.

1a.    We do not disagree with the summary of your position.  However, you have
failed to include our position that based on our review of the Waller Report, any
confidential contained in the report is either JohnsonFoils' own confidential
information or information that it already possessed.  When I asked you to identify
the third party confidential information, you indicated that it was contained in the
citations to the third party depositions which we will review.

1b.    Your summary of this point is accurate.

2.     We do not disagree with the summary of your position.  However, you failed
to mention our position that the sufficiency of Voith's interrogatory responses and
responses to document requests are two separate issues and that we do not agree
with your interpretation that Rules 33(d) and 34(b) are interrelated here.   In
response to your request for authority for our position that Voith could not rely on
Rule 33(d) for its interrogatory responses and that it must categorize the document
responses, we first direct you to the text of Rules 33(d) and 34(b) which we believe
are clear. Moreover, with respect to Rule 33(d), see <u>Directory Dividends, Inc. v.
SBC Communs., Inc.</u>, 2003 U.S. Dist. LEXIS 24296 (E.D. Pa. Dec. 31, 2003)(". . .
Plaintiff must certify that it produced its documents as they are kept in Plaintiff's
usual course of business. If Plaintiff did not produce  its documents as they are
usually kept, Plaintiff is ordered to do so, or to organize and label the documents to
correspond with SBC's document requests). With respect to Rule 34(b), see <u>SEC v.
Elfindepan</u>, 206 F.R.D. 574, 577 (M.D.N.C. 2002) ("Rule 33(d) may not be used as a
substitute for answering such interrogatories. Only plaintiff can identify its own

*Patents         Trademarks         Copyrights         Trade Secrets         Litigation         Licensing*



P. Branko Pejic, Esquire
Page 2

May 30, 2008
07-226

contentions and the burden on defendants to try and divine plaintiff's contentions from documents obviously imposes a greatly unequal burden on defendants"). We need to resolve this issue and ask that you be prepared with your final position on Monday.

3.    Your summary of this point is accurate.

4.    Your summary of this point is accurate.

I will call you on Monday at 2:00 p.m. If this time is inconvenient, please propose an alternative time.

Very truly yours,

Volpe and Koenig, P.C.

By: _____
    John J. O'Malley

JJO/cah

cc: All Counsel Of Record (via E-mail)

# EXHIBIT G

LAW OFFICES
# GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPRZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. ROSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERIBERT F. MUENSTERER, Ph.D. ◇ *
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL B. MOON
PAUL T. LEE △
JOHN V. MAZZOLA ◻
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D. ◻
AZZA JAYAPRAKASH
JONATHAN MILLER *

NEAL GOLDBERG
STEVEN B. POLLICOFF *
FAHD MAJIDUDDIN, Ph.D. ◻
SARAH J. SMALL

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
CHARLES S. MURRAY, JR.*
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPERNER *
RICHARD J. McGRATH
BARRY I. HOLLANDER

TECHNICAL ADVISORS :
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
BO BIN JANG Ph.D.
WALTER SCHLAPKOHL, Ph.D.


* ADMITTED TO A BAR
  OTHER THAN VA
◇ EUROPEAN PATENT ATTORNEY
△ KOREAN PATENT ATTORNEY
◻ REGISTERED PATENT AGENT

June 2, 2008

## VIA EMAIL

John O'Malley, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA  19103

Re:  *Voith v. Johnson Foils*, USDC for Delaware: 1:07-cv-00226-JJF;
Our Ref: J214720

Dear John,

This follows up on our "meet and confer" telephone call today, June 2, 2008.

1. Designation of Waller Expert Report

a.) You withdrew your request to share Dr. Waller's Expert Report with JohnsonFoils in view of the third party confidentiality issues. As such, it is our understanding that Dr. Waller's Expert Report will not be provided to JohnsonFoils.

b.) JohnsonFoils has not changed its position that Voith should identify the public information in Dr. Waller's Report before requesting permission to share it with Voith.

2. JohnsonFoils' letter regarding interrogatory and document requests

This issue will be addressed in a separate cover letter.

3. Mr. Faunce

This issue has previously been addressed in a separate e-mail. Specifically, we noted that Dr. Waller had provided the same type of information that we are currently requesting in regard to Mr. Faunce, e.g., whether he has been or is currently employed by

John O'Malley, Esq.                    June 2, 2008                    Page -2-

JohnsonFoils or a direct competitor. We further noted that this information is readily available from Dr. Waller's cv which JohnsonFoils has had in its possession for at least six months; but that Mr. Faunce's resume is deficient in this respect as it does not contain past and present employer/client information. As such, we again request that JohnsonFoils provide the requested information relating to Mr. Faunce so that we may resolve this issue.

4. AstenJohnson Subpoena

Despite the fact that Voith narrowed the scope of the topics/requests in the subpoena to accommodate and moot AstenJohnson's objections, you confirmed that AstenJohnson still refuses to comply with the subpoena without jusitification. Indeed, you did not identify any place in the transcript where Judge Farnan said that the subpoena was moot or cite any case law to support your position that the subpoena was untimely. Accordingly, we advised you that Voith would move to compel AstenJohnson to comply with the subpoena and provide the necessary and highly relevant requested discovery.

Should you disagree with any of the above, please let us know.

Very truly yours,
GREENBLUM & BERNSTEIN, P.L.C.

P. Branko Pejic

cc:    George Seitz, Esq.
       Adam Poff, Esq.

PBP/ajp

{J214720 00448024.DOC}

# EXHIBIT H



**Volpe**
**and**
**Koenig**
P.C.

United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Telephone: +1-215-568-6400
Facsimile: +1-215-568-6499
www.volpe-koenig.com

―――――――――――――― BRINGING LAW TO YOUR IDEAS ――――――――――――――

John J. O'Malley
JOMalley@volpe-koenig.com

June 3, 2008

P. Branko Pejic, Esquire                                         **VIA E-MAIL**
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA   20191-1411

Re:    *Voith Paper GMBH & Co. KG v. JohnsonFoils, Inc.*
       C.A. No. 07-226JJF

Dear Branko:

This addresses your June 2, 2008 "follow up" letter.  I will again address each of
your numbered paragraphs in turn.

1a.    Your summary of JohnsonFoils' position is accurate with the exception that
the withdrawal of the request to share the Waller Report with our client is without
prejudice and we reserve the right to revisit the issue at a later date.

1b.    Your summary of this point is accurate.

2.    Your statement that this issue will be addressed under separate cover is
different than my understanding from our call. It was my understanding that Voith
believes its reliance on Rule 33(d) for the Interrogatory responses Nos. 10 and 13 is
sufficient and that it will not supplement its interrogatory responses.   We then
informed you that we would file a motion to compel.  We assume your position is the
same with respect to all the other interrogatory responses based on Rule 33(d).  We
will still proceed with the motion to compel unless you advise us by the close of
business today that you have reconsidered your position and provide a date by
which you will fully supplement.

With respect to the document responses, you represented that Voith had produced
the documents as they are kept in the usual course of business and would not be
categorizing them.   Based on our review of the documents, we cannot discern the
organization of the documents. If the documents were kept in the usual course,
please confirm that in writing and provide an explanation of the organization in the
usual course. Please let us have your final position by the close of business today so
that we can determine whether to file a motion to compel.

*Patents*      *Trademarks*      *Copyrights*      *Trade Secrets*      *Litigation*      *Licensing*


**Volpe**
and
**Koenig**
P.C. ®

P. Branko Pejic, Esquire                                    June 3, 2008
Page 2                                                            07-226


3.    From our conversation and your correspondence, we understand that you are requesting that Mr. Faunce update his resume to detail his employment history. Before seeking that information, please confirm that Mr. Waller's CV is a complete history of his employment, in any capacity, including employment in the private sector and academia.

4.    We disagree with both the substance and the posturing contained in this paragraph.   Your statement that AstenJohnson is refusing to comply without justification is wrong.  As we repeatedly stated, this issue is moot and we continue to be guided by the Court's May 9th Order.

Very truly yours,

Volpe and Koenig, P.C.

By:_____
        John J. O'Malley

JJO/cah

cc:  All Counsel Of Record (via E-mail)

# EXHIBIT I

LAW OFFICES
# GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN *
WILLIAM PIEPRZ *
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
JOHN PRETA *
HERIBERT F. MUENSTERER, Ph.D. □ *
LINDA J. HODGE
JOSHUA M. POVSNER *
DANIEL B. MOON
PAUL T. LEE △
JOHN V. MAZZOLA □
JAMES KENNETH MOORE, JR.
ENOCH PEAVEY
ANDREW WRIGHT
KATRIN VENTER, Ph.D. □
AZZA JAYAPRAKASH
JONATHAN MILLER *

STEVEN B. POLLICOFF *
FAHD MAJIDUDDIN, Ph.D. □
SARAH J. SMALL
TODD HARDY *
BO BEN JANG Ph.D. □

OF COUNSEL:
BRUCE H. STONER, JR.
ANDREW M. CALDERON
SEAN MYERS-PAYNE, Ph.D.
LESLIE J. PAPERNER *
RICHARD J. McGRATH
BARRY L HOLLANDER

TECHNICAL ADVISORS :
THOMAS WEBER, Ph.D.
ZHIDONG HAO, Ph.D.
MONICA S. ULLAGADDI
WALTER SCHLAPKOHL, Ph.D.

* ADMITTED TO A BAR
   OTHER THAN VA
□ EUROPEAN PATENT ATTORNEY
△ KOREAN PATENT ATTORNEY
□ REGISTERED PATENT AGENT

June 3, 2008

## VIA EMAIL

John O'Malley, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103

Re:   *Voith v. JohnsonFoils*, USDC for Delaware: 1:07-cv-00226-JJF;
        Our Ref: J214720

Dear John,

This letter responds to your May 27, 2008 letter and the subsequent telephone conferences.

We maintain that Voith's responses to JohnsonFoils' Interrogatories No. 10 and 13 and identified document requests are proper. JohnsonFoils has not provided any authority supporting its request that Voith supplement its interrogatory responses, or provide a "categorization" of its documents.

Nevertheless, Voith, in the spirit of cooperation and in an attempt to narrow disputes, has reviewed the documents produced, and identifies, the following documents, as relating to damages, by Bates number:

VTH 000642-VTH 000741; VTH 001378-VTH 003514; VTH 005393-VTH 005573; VTH 005621-VTH 005631; VTH 031444-VTH 0031473; VTH 031751-VTH 031827; VTH 032270-VTH 032284; VTH 032449-VTH 032501; VTH 0032728-VTH 032750; VTH 034411-VTH 034750; VTH 035579-VTH 035624; VTH 045532-VTH 045550; VTH 045992-VTH 046001; VTH 048268-VTH 048608; VTH 048663-VTH 050963; VTH 051586-VTH 052030; VTH 065013-VTH 065018; VTH 065040-VTH 065052; and VTH 103702-VTH 103754.

{J214720 00448032.DOC}

John O'Malley, Esq .                    June 3, 2008                         Page -2-

    In closing, we note that Voith produced these documents as they have been kept in the normal course of business.  As such, we consider the matter closed.

Very truly yours,

GREENBLUM & BERNSTEIN, P.L.C.

P. Branko Pejic

cc:    George Seitz, Esq.
       Adam Poff, Esq.

PBP/mis

{J214720 00448032.DOC}

# EXHIBIT J

1 of 3 DOCUMENTS

**DIRECTORY DIVIDENDS, INC. v. SBC COMMUNICATIONS, INC., SBC DI-
RECTORY OPERATIONS, INC., PACIFIC BELL DIRECTORY, PACIFIC
TELESIS GROUP, AMERITECH PUBLISHING, INC., SOUTHWESTERN BELL
YELLOW PAGES, INC., and GILFORD ASSOCIATES, INC.**

CIVIL ACTION NO. 01-CV-1974

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

*2003 U.S. Dist. LEXIS 24296*

**December 31, 2003, Decided**

**PRIOR HISTORY:** *Directory Dividends, Inc. v. SBC
Communs., Inc., 2003 U.S. Dist. LEXIS 19560 (E.D. Pa.,
Oct. 23, 2003)*

**DISPOSITION:** [*1] Defendants' motion for leave to
file reply memorandum granted. Defendants' motion to
compel granted in part and denied in part.

**COUNSEL:** For DIRECTORY DIVIDENDS, INC.,
Plaintiff: PATRICK C. CAMPBELL, JR., LEAD AT-
TORNEY, PHILLIPS & CAMPBELL PC, LIMA, PA.

For SBC COMMUNICATIONS, INC., SBC DIREC-
TORY OPERATIONS, INC., PACIFIC BELL DIREC-
TORY, PACIFIC TELESIS GROUP, AMERITECH
PUBLISHING, INC., SOUTHWESTERN BELL YEL-
LOW PAGES, INC., JAMES L. MOORE, Defendants:
ANN BUCKLEY, JAY A. SUMMERVILLE, LEAD
ATTORNEYS, ARMSTRONG TEASDALE LLP, ST.
LOUIS, MO.

For SBC COMMUNICATIONS, INC., SBC DIREC-
TORY OPERATIONS, INC., PACIFIC BELL DIREC-
TORY, PACIFIC TELESIS GROUP, AMERITECH
PUBLISHING, INC., SOUTHWESTERN BELL YEL-
LOW PAGES, INC., JAMES L. MOORE, Defendants:
E. GRAHAM ROBB, LEAD ATTORNEY, WEBER,
GALLAGHER, SIMPSON, FIRES & NEWBY, LLP,
PHILADELHIA, PA.

For SBC COMMUNICATIONS, INC., SBC DIREC-
TORY OPERATIONS, INC., PACIFIC BELL DIREC-
TORY, PACIFIC TELESIS GROUP, AMERITECH
PUBLISHING, INC., SOUTHWESTERN BELL YEL-
LOW PAGES, INC., JAMES L. MOORE, Defendants:

JOHN A. MACORETTA, LEAD ATTORNEY, SPEC-
TOR, ROSEMAN & KODROFF, MICHAEL S.
SAVETT, LEAD ATTORNEY, WEBER GALLAGHER
SIMPSON STAPLETON [*2] FIRES & NEWBY LLP,
PHILADELPHIA, PA.

For GILFORD ASSOCIATES, INC., Defendant: GARY
SCHAFKOPF, LEAD ATTORNEY, NENNER &
BURGESS, PHILADELPHIA, PA.

**JUDGES:** R. Barclay Surrick, Judge.

**OPINION BY:** R. Barclay Surrick

**OPINION**

MEMORANDUM AND ORDER

Presently before this Court is Defendants SBC
Communications, Inc., Southwestern Bell Yellow Pages,
Inc., Ameritech Publishing, Inc., Pacific Bell Directory,
Pacific Telesis Group, and Southwestern Bell Directory
Operations, Inc.'s ("SBC's") Motion to Compel Discov-
ery Responses (Doc. No. 75) and SBC's Motion for
Leave to File Reply Memorandum in Support of Motion
to Compel (Doc. No. 77). SBC's Motion for Leave is
granted. For the following reasons, SBC's Motion to
Compel is granted in part and denied in part.

Background

This action arises out of a contract dispute between
Plaintiff Directory Dividends, Inc. ("Plaintiff"), a Penn-
sylvania corporation, and Defendant Pacific Bell Direc-
tory ("PacBell"), a California corporation. Plaintiff and
PacBell entered into a contract under which Plaintiff
agreed to act as the sales manager for one of PacBell's
advertising programs. (Am. Compl. P 30.) Plaintiff al-

leges that PacBell breached that contract [*3] and that all of the Defendants conspired to defame Plaintiff and interfere with Plaintiff's other business contracts ultimately forcing Plaintiff out of business.

SBC states two complaints about Plaintiff's discovery responses, namely, Plaintiff's purported failure to (1) organize the documents it produced in the manner required by *Fed. R. Civ. P. 34(b)*; and (2) respond to a number of SBC's document requests and interrogatories, including any of the requests seeking documents concerning Insights Unlimited ("IU") (purportedly Plaintiff's closely interconnected affiliate in the direct delivery business) and Consulting Associates, Inc. ("CA") (purportedly Plaintiff's co-owned affiliate that shares management, facilities, and employees with Plaintiff). We will separately address each of SBC's complaints.

### *Rule 34(b)*

*Rule 34(b)* governs the manner in which a party must organize the documents it produces in response to an adverse party's request. It provides, in part:

> A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with [*4] the categories in the request.

*FED. R. CIV. P. 34(b)*.

SBC contends that Plaintiff responded to its document requests by producing one box of miscellaneous and randomly ordered copies of documents. SBC argues that Plaintiff failed to either produce its documents as they were kept in the usual course of business or organize and label its documents to correspond to SBC's document requests as *Rule 34(b)* requires. SBC requests that we order Plaintiff to indicate for each produced document the document request to which it is responsive. Plaintiff admits that it did not organize the documents it produced to correspond to SBC's document requests, but argues that it complied with *Rule 34(b)* because it organized the documents in chronological order.

Plaintiff has cited us no case, and we have found none, holding that a party may comply with *Rule 34(b)* by producing documents in chronological order. It may be that in the usual course of business, Plaintiff keeps its documents in chronological order. If so, Plaintiff must certify that it produced its documents as they are kept in Plaintiff's usual course of business. If Plaintiff did not produce [*5] its documents as they are usually kept, Plaintiff is ordered to do so, or to organize and label the documents to correspond with SBC's document requests. *See FED. R. CIV. P. 34(b)*.

### SBC's Other Discovery Complaints

SBC objects to Plaintiff's responses to interrogatories 8 and 9. Interrogatories 8 and 9 each ask Plaintiff to identify documents that contain any data or information relevant to an appropriate computation of Plaintiff's alleged damages. Plaintiff responded to interrogatories 8 and 9 by stating that it had produced non-privileged and responsive documents. However, Plaintiff declined to identify those documents on the grounds that doing so would require it to disclose attorney work product protected from discovery by *Rule 26(b)(3)*.

In support of Plaintiff's claim that it need not identify the documents it considers relevant to a computation of its damages, Plaintiff relies on *Sporck v. Peil, 759 F.2d 312 (3d Cir. 1985)*. In *Sporck*, the petitioner sought a writ of mandamus from the Court of Appeals for the Third Circuit after the trial court ordered him to turn over to the plaintiff the documents he [*6] had reviewed prior to his deposition. The petitioner argued that "the selection process of defense counsel in grouping certain documents together out of the thousands produced in this litigation is work product entitled to protection under *Federal Rule of Civil Procedure 26(b)(3)* and the principles of *Hickman v. Taylor, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947)*," and the Third Circuit agreed. *Sporck, 759 F.2d at 315*. The court noted that "opinion work product" receives heightened protection under *Rule 26(b)(3)* and "includes such items as an attorney's legal strategy, his intended lines of proof, his evaluation of the strengths and weaknesses of his case, and the inferences he draws from interviews of witnesses." *Id. at 316* (citing *In re Grand Jury Investigation, 599 F.2d 1224 (3d Cir. 1979))*. The court continued:

> Such material is accorded an almost absolute protection from discovery because any slight factual content that such items may have is generally outweighed by the adversary system's interest in maintaining the privacy of an attorney's thought processes [*7] and in ensuring that each side relies on its own wit in preparing their respective cases .... In the instant case, without the protection that the work product doctrine accords his preparation, defense counsel may have foregone a sifting of the documents, or at the very least chosen not to show the documents to petitioner. As a result, petitioner may not have been as well-prepared for his deposition, and neither plaintiff nor defendant would have realized the full benefit of a

well-prepared deponent's testimony. For these reasons, *Rule 26(b)(3)* placed an obligation on the trial court to protect against unjustified disclosure of defense counsel's selection process.

*Id. at 316-7* (citations omitted).

*Sporck* is controlling precedent in this circuit and we are bound to follow it when appropriate. However, we do not agree that *Sporck* controls this case. The discovery sought in *Sporck* was pure opinion work product. The documents involved had already been turned over to the plaintiff in discovery. Thus, any relevant facts contained within those documents had already been discovered. The only benefit the plaintiff could have obtained by reviewing the selection of documents [*8] the petitioner reviewed prior to his deposition was an insight into the legal strategy of the petitioner's attorney. Without the benefit of the work product protection, the attorney may have decided not to prepare the petitioner for his deposition by showing him the selected documents. This is precisely the result that *Rule 26(b)(3)* was intended to prevent. *See Hickman v. Taylor, 329 U.S. 495, 511, 91 L. Ed. 451, 67 S. Ct. 385 (1947)* (noting that without the work product protection, "inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served.").

Here, on the other hand, SBC is trying to uncover the factual basis for Plaintiff's damages claim, which is the purpose of discovery. *Pettyjohn v. Goodyear Tire & Rubber Co., 1992 U.S. Dist. LEXIS 5314, No. 91-2681, 1992 WL 94895, at *8 (E.D. Pa. Apr. 20, 1992)* ("Defendants have a right to discover the basis of plaintiff's claim against them, for such is the purpose of discovery."); *see generally Conley v. Gibson, 355 U.S. 41, 47, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)* [*9] (holding that "simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues"). It is true that Plaintiff has already given SBC the documents supporting its damages claim as part of its production. If Plaintiff is forced to answer interrogatories 8 and 9, Plaintiff will be forced to disclose those documents it considers relevant to its damages claim. Thus, Plaintiff's claim that the answers to interrogatories 8 and 9 will reveal its legal strategy is not wholly without merit. However, we must read the work product protection afforded by *Rule 26(b)(3)* in conjunction with *Rule 33(c)*,

which expressly permits interrogatories "involving an opinion or contention that relates to fact or the application of law to fact." *FED. R. CIV. P. 33(c). See also FED. R. CIV. P. 33(c)* advisory committee note ("As to requests for opinions or contentions that call for the application of law to fact, they can be most useful [*10] in narrowing and sharpening the issues, which is a major purpose of discovery."). Interrogatories 8 and 9 seek the application of law to fact in an effort to uncover the factual basis of Plaintiff's damages claim. As such, they are expressly permitted by *Rule 33(c)*. Many courts within this district have ordered parties to respond to similar discovery requests despite their assertions of work product protection. *See Pettyjohn,* 1992 U.S. Dist. LEXIS 5314, 1992 WL 94895, at *8 ("Defendant also requests, as to each document identified, that plaintiff explain how each document supports a given claim. Plaintiff's [counsel] objects that the requests are both unduly burdensome, and seek attorney work product. As this Court has discussed at length above, the requests do not call for work product."); *Foster v. Berwind Corp.,* 1990 U.S. Dist. LEXIS 5360, No. 90-0857, 1990 WL 59332, at *3 (E.D. Pa. May 2, 1990) (rejecting claim "that where a party is served interrogatories requesting the identity of certain documents and calling for specific references as to which documents are responsive to which interrogatories the responsive information is privileged under the work product doctrine"); *Grossman v. Arbor House Properties, Ltd.,* 1987 U.S. Dist. LEXIS 14069, No. 87-0656, 1987 WL 14517, at *2-3 (E.D. Pa. July 23, 1987), [*11] (rejecting claim of work product protection and ordering plaintiffs to disclose the facts upon which plaintiffs plan to prove their theory of the case). *Cf. Hartsfield v. Gulf Oil Corp., 29 F.R.D. 163, 164 (E.D. Pa. 1962)* ("It is now settled that interrogatories are an appropriate means for obtaining a specification of the facts upon which a claim of negligence is founded."). Under the circumstances, we will require Plaintiff to answer interrogatories 8 and 9.

SBC also objects to Plaintiff's failure to adequately respond to interrogatory 11, which asks Plaintiff to identify witnesses with discoverable knowledge of the incidents purportedly giving rise to Defendants' liability. Plaintiff did provide a list of witnesses in response to interrogatory 5. However Plaintiff did not, as SBC requested, provide contact information for some of these witnesses, In its brief, Plaintiff argues that it only failed to list contact information for certain witnesses, all of whom are third parties with business relationships with one or more of the Defendants. Furthermore, Plaintiff argues, the contact information for these witnesses is "contained in [*12] the various contracts, correspondence, memoranda and other documents produced during discovery." (Doc. No. 76 at 9.)

Rule 33(d) permits a party to respond to an interrogatory by pointing to business records from which the answer to the interrogatory can be ascertained, if the "burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served." *FED. R. CIV. P. 33(d)*. However, a party answering an interrogatory in this fashion must "specify the records ... in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." *Id.; see also Foster*, 1990 U.S. Dist. LEXIS 5360, 1990 WL 59332, at *2. We are unsure from Plaintiff's statement whether the missing contact information can be found in the documents Plaintiff produced, or the documents Defendants produced. If the missing information can only be found in the documents Plaintiff produced, then Plaintiff must specify the relevant records in sufficient detail to permit SBC to locate and to identify, as readily as can Plaintiff, the records [*13] from which the answer may be ascertained.

SBC also objects to Plaintiff's failure to answer interrogatory 3(f), which asks whether Plaintiff is a corporation in good standing. In response to this interrogatory, Plaintiff states that it has "not researched its corporate standing." A corporation must supply information in the hands of its agents and others within its control in response to interrogatories. *Transcon. Fertilizer Co. v. Samsung Co., Ltd., 108 F.R.D. 650, 653 (E.D. Pa. 1985)* (citing *Milner v. Nat'l Sch. of Health Tech., 73 F.R.D. 628, 632-3 (E.D. Pa. 1977))*. Conversely, a corporation need not disclose information not in its possession or the possession of those it controls. Plaintiff denies that it has the information necessary to respond to interrogatory 3(f). In its brief, Plaintiff explains that anyone interested may request Plaintiff's good standing status from the Secretary of State of the Commonwealth of Pennsylvania, but that Plaintiff has not requested that information recently. Under the circumstances, we will not require Plaintiff to uncover facts not within its control, especially when those facts are equally accessible to Plaintiff [*14] and SBC. Accordingly, we conclude that Plaintiff's response to interrogatory 3(f) is sufficient.

Finally, SBC objects to Plaintiff's failure to produce a number of documents, including financial records (document requests 8 and 10), employee records (document request 14), documents reflecting the allocation of expenses between Plaintiff and CA (document request 16), documents relating to Plaintiff's business relationship with IA and the possible sale of Plaintiff to IA (document request 20), records relating to the cessation of Plaintiff's operations (document request 25), and Plaintiff's business plans (document request 26). SBC also generally objects that Plaintiff failed to produce any documents relating to IU or CA. In response, Plaintiff

states that to date its document production is complete and that "all responsive documents, not otherwise privileged, have been produced." (Doc. No. 76 at 10-11.) Absent any specific evidence to the contrary, we will take Plaintiff at its word. We cannot require Plaintiff to produce documents it does not have. If Plaintiff has documents responsive to the foregoing requests but is withholding those documents on the basis of a privilege, Plaintiff [*15] must give SBC a detailed log of the documents withheld and the basis of any privilege asserted.

An appropriate order follows.

ORDER

AND NOW, this 31st day of December, 2003, upon consideration of Defendants SBC Communications, Inc., Southwestern Bell Yellow Pages, Inc., Ameritech Publishing, Inc., Pacific Bell Directory, Pacific Telesis Group, and Southwestern Bell Directory Operations, Inc.'s ("SBC's") Motion to Compel Discovery Responses (Doc. No. 75) and SBC's Motion for Leave to File Reply Memorandum in Support of Motion to Compel (Doc. No. 77), and all papers filed in support thereof and opposition thereto, it is ORDERED that:

1. SBC's Motion for Leave is GRANTED;

2. Plaintiff is ORDERED to organize its document production to comply with *Fed. R. Civ. P. 34(b)* or certify that it has done so;

3. Plaintiff is ORDERED to respond to interrogatories 8 and 9;

4. In response to interrogatory 11, Plaintiff is ORDERED to specify the relevant records from its production in sufficient detail to permit SBC to locate and to identify, as readily as can Plaintiff, the records from which the answer to interrogatory 11 [*16] may be ascertained;

5. Plaintiff is ORDERED to give SBC a detailed log of any documents withheld on the basis of a privilege;

6. In all other respects, SBC's Motion to Compel is DENIED.

IT IS SO ORDERED.

BY THE COURT:

R. Barclay Surrick, Judge