## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VOITH PAPER GMBH & CO. KG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 07-226-JJF |
| ) | |
| JOHNSONFOILS, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**PLAINTIFF VOITH PAPER GMBH & CO. KG'S OPPOSITION TO
JOHNSONFOILS' MOTION TO COMPEL PLAINTIFF VOITH PAPER
GMBH & CO. KG TO RESPOND TO DEFENDANT'S FIRST SET OF
INTERROGATORIES AND TO CATEGORIZE DOCUMENT RESPONSES**

Adam W. Poff  (No. 3990)
Andrew A. Lundgren  (No. 4429)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Tel:  (302) 571-6600
Fax:  (302) 571-1253
apoff@ycst.com

*Attorneys for Plaintiff*

OF COUNSEL:

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
P. Branko Pejic
1950 Roland Clarke Place
Reston, VA 20191
Tel:  (703) 716-0081
Fax:  (703) 716-1180

Dated:  June 23, 2008

i

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

I. INTRODUCTION ........................................................................................................1

II. NATURE AND STAGE OF PROCEEDINGS ............................................................1

III. STATEMENT OF FACTS ...........................................................................................2

IV. SUMMARY OF ARGUMENT ....................................................................................3

V. ARGUMENT ................................................................................................................4

    A. The Answers To The Interrogatories Can Be Ascertained From Voith's Business Records .................................................................................................5

    B. The Burden On Johnsonfoils Of Deriving Answers Does Not Outweigh The Burden On Voith ..........................................................................................7

    C. Voith's Answers Do Not Lack Specificity .........................................................7

VI. CONCLUSION .............................................................................................................8

## TABLE OF AUTHORITIES

**Cases**

*In re Puerto Rico Elec. Power Authority,*
   687 F.2d 501 (1st Cir. 1982) .................................................................................... 5, 7

**Statutes**

Fed. R. Civ. P. 16(b) ............................................................................................................ 1

Fed. R. Civ. P. 33(d) ..................................................................................................... 4, 5, 7

Local Rule 7.1.1. .............................................................................................................. 5, 6

I. **INTRODUCTION**

Plaintiff Voith Paper GmbH & Co. KG ("Plaintiff" or "Voith") by and through its attorneys, hereby opposes JohnsonFoils' Motion to Compel Responses to Defendant's First Set of Interrogatories and to Categorize Document Responses ("Motion to Compel").

JohnsonFoils' Motion to Compel should be denied because Voith has complied with its discovery obligations and provided JohnsonFoils with proper responses and documents. The clear intent of JohnsonFoils' Motion to Compel is to reopen discovery and delay this case. Moreover, JohnsonFoils' Motion to Compel is untimely due to JohnsonFoils' utter lack of diligence.

II. **NATURE AND STAGE OF PROCEEDINGS**

This is a patent infringement action. The Complaint was filed by Voith on April 27, 2007, against Defendant JohnsonFoils. *See* Complaint, D.I. 1. After requesting and obtaining several unopposed extensions of time, JohnsonFoils filed its answer, affirmative defenses, and counterclaims, on August 16, 2007. *See* "Defendant, JohnsonFoils, Inc.'s Answer, Affirmative Defenses, and Counterclaims to Plaintiff, Voith Paper GmbH & Co. KG's Complaint," (JohnsonFoils's "Answer, Defenses, and CounterClaims") D.I. 19. Voith replied to the Counterclaims on September 5, 2007. *See* "Voith's Answer to Defendant's CounterClaims," D.I. 31.

On August 1, 2007, a scheduling conference pursuant to Fed. R. Civ. P. 16(b) was held. A Scheduling Order was entered on August 3, 2007, ordering that the "[e]xchange and completion of contention interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by February 15, 2008." Rule 16(b) Scheduling Order, "Scheduling Order," D.I. 17.

On April 30, 2008, fact discovery closed. Scheduling Order, 3(g). D.I. 17. On May 9, 2008, a hearing was held on JohnsonFoils' Motion to Extend The Discovery Period. That motion was denied.

On May 21, 2008, each party served its respective expert reports. On June 18, 2008, each party served its respective rebuttal expert reports. Expert discovery is scheduled to close on July 18, 2008.

The Pretrial Conference is scheduled for October 16, 2008, and trial is scheduled to commence on November 5, 2008.

### III.  STATEMENT OF FACTS

On January 14, 2008, JohnsonFoils served Voith with a First Set of Interrogatories. Voith served its responses to these interrogatories on February 15, 2008. On April 30, 2008, the period for conducting fact discovery closed, and on May 9, 2008, the Court denied JohnsonFoils' request to extend discovery period.

On May 27, 2008, almost 4 weeks after the close of discovery, JohnsonFoils' counsel wrote a letter to Voith's counsel stating that they had not found any documents responsive to Interrogatory Nos. 10 and 13 relating to damages.

On May 30, 2008, counsel for the parties conducted a "meet and confer" telephone conference. After a further exchange of correspondence, counsel for the parties conducted another "meet and confer" telephone conference on June 2, 2008.

On June 3, 2008, in an attempt to placate JohnsonFoils' counsel, Voith identified documents relating to damages, *i.e.,* Bates Nos. VTH 000642-VTH 000741; VTH 001378-VTH 003514; VTH 005393-VTH 005573; VTH 005621-VTH 005631; VTH 031444-VTH 0031473; VTH 031751-VTH 031827; VTH 032270-VTH 032284; VTH 032449-VTH 032501; VTH

2

0032728-VTH 032750; VTH 034411-VTH 034750; VTH 035579-VTH 035624; VTH 045532-VTH 045550; VTH 045992-VTH 046001; VTH 048268-VTH 048608; VTH 048663-VTH 050963; VTH 051586-VTH 052030; VTH 065013-VTH 065018; VTH 065040-VTH 065052; and VTH 103702-VTH 103754.  Voith also confirmed that the documents had been produced as they have been kept in the normal course of business.  (*See* June 3 letter, Exhibit I to JohnsonFoils' Memorandum).

Despite Voith's efforts to satisfy JohnsonFoils' counsels' demands and avoid unnecessary motion practice, JohnsonFoils filed the present Motion to Compel.  The Motion to Compel seeks to compel responses which were not complained of previously, and which were never mentioned in any correspondence or raised during any of the meet and confers.

## IV.  SUMMARY OF ARGUMENT

JohnsonFoils' Motion to Compel should be denied as Voith has properly responded to the interrogatories and document requests at issue.  Moreover, JohnsonFoils' Motion to Compel should be denied as untimely and having been interposed for improper purposes.

JohnsonFoils states in its Motion to Compel, p. 4, that "Voith has not identified a single document or sufficient detail to permit JohnsonFoils to locate and identify, as readily as Voith, the record from which the answers may be ascertained."  This representation to the Court is plainly false; as noted earlier, Voith identified responsive documents by Bates number.  Moreover, JohnsonFoils failed to meet and confer on certain issues raised in the Motion to Compel.

Voith should be awarded its costs and attorneys fees in having to respond JohnsonFoils' Motion to Compel.

3

## V. ARGUMENT

JohnsonFoils' argument that Voith cannot rely on Fed. R. Civ. P. 33(d) in its responses to JohnsonFoils interrogatories is baseless. Voith produced responsive documents as maintained in the normal course of business. Moreover, Voith identified specific responsive documents by Bates number. As such, JohnsonFoils' argument that it cannot determine which documents are responsive are unfounded.

More importantly, JohnsonFoils' motion is untimely and interposed solely for delay. The interrogatory responses which are the subject of this motion were served on February 15, 2008. The period for fact discovery in this case ended on April 30, 2008. During the hearing on May 9, 2008, the Court denied JohnsonFoils' request to extend the discovery period and inquired what additional discovery need to be completed. The only additional discovery which JohnsonFoils was permitted was to take three depositions of Voith witnesses, to be completed by July 7, 2008. JohnsonFoils did not request nor receive permission to obtain any other discovery.

JohnsonFoils waited until May 27, 2008, almost 4 weeks after the close of discovery, and two weeks after the Court hearing, to raise the present dispute. There is no excuse for such dilatory conduct. If not due to lack of diligence, then it is simply another attempt to delay the case. Either way, JohnsonFoils is the only one responsible for its untimeliness. Accordingly, the Motion to Compel should be denied.

JohnsonFoils' argument that Voith should not be permitted to rely on Fed. R. Civ. P. 33(d) has three components: (1) that the answers to the interrogatories allegedly cannot be ascertained from Voith's business records (JohnsonFoils' Memorandum pp. 9-10), (2) that the burden on JohnsonFoils of deriving the answer outweighs the burden on Voith (JohnsonFoils'

4

Memorandum p. 10), and (3) that Voith's answers lack specificity (JohnsonFoils' Memorandum pp. 11-12). Each component is addressed as follows:

### A. The Answers To The Interrogatories Can Be Ascertained From Voith's Business Records

As acknowledged by JohnsonFoils, the business records that Voith produced "consist of more than 130,000 pages of various categories of documents, such as technical drawings, invoices, purchase orders, sales records, and advertisements, among others." (JohnsonFoils' Memorandum p. 9). JohnsonFoils does not assert that it was not provided responsive documents, rather it asserts that it cannot ascertain the answers from the documents. As the Court may recall from the hearing on May 9, 2008, JohnsonFoils' counsel complained that Voith had produced documents in German, and that it did not want to translate all of the documents. Now, JohnsonFoils complains that it cannot ascertain the answers to the interrogatories. Clearly, JohnsonFoils is again attempting to improperly shift its burden to Voith because it is unwilling to conduct a comprehensive review of the documents produced. *See In re Puerto Rico Elec. Power Authority,* 687 F.2d 501, 507 (1st Cir. 1982)("the Supreme Court stated ... that each party is to bear the 'ordinary burden of financing his own suit.'" ).

The frivolity of JohnsonFoils' motion is exemplified in its request to compel a further response to Interrogatory No. 2. Interrogatory No. 2 requested Voith to identify its organizational structure. Pursuant to Fed. R. Civ. P. 33(d), Voith produced responsive documents, including organizational charts VTH000638-641. It is difficult to imagine that JohnsonFoils' counsel could not ascertain Voith's organizational structure from the organizational charts, unless they did not look at the documents.

JohnsonFoils' Motion to Compel further responses to Interrogatory No. 2 should additionally be denied because JohnsonFoils' counsel did not comply with Local Rule 7.1.1.

5

Prior to filing the Motion to Compel, JohnsonFoils' counsel did not inform Voith that it believed the response to Interrogatory No. 2 to be inadequate. This dispute could have easily been avoided. Nevertheless, JohnsonFoils' counsel did not make a reasonable effort to reach agreement with the Voith's counsel on this matter. Given the frivolity of JohnsonFoils Motion in this respect, it is apparent that it was not based in good faith or interposed for proper purposes. In any event, the requested relief should be denied.[1]

Interrogatory Nos. 10 and 13, which were discussed during the meet and confer teleconferences, both relate to damages. Again, in a good faith attempt to resolve the dispute, Voith identified responsive documents by Bates numbers. (*See* June 3 letter, Exhibit I to JohnsonFoils' Memorandum). The documents are responsive to JohnsonFoils' interrogatories.

JohnsonFoils' argument that it is highly unlikely that they would view certain facts and occurrences the same way that Voith does is probably correct, but irrelevant. Indeed, JohnsonFoils has rarely taken a reasonable view on any issue, and instead has taken every opportunity to attempt to delay the progress of this case. Nevertheless, the documents contain the data from which the answers to the interrogatories can be ascertained. JohnsonFoils' concern that they may not view the facts the same way as Voith is not a basis for a motion to compel. Indeed, if JohnsonFoils agreed with Voith's view of the pertinent facts JohnsonFoils would have conceded infringement and validity.

---

[1] Similarly, JohnsonFoils' counsel did not inform Voith that it believed the response to Interrogatory No. 8 to be inadequate prior to filing the motion. Again, JohnsonFoils' counsel did not make a reasonable effort to reach agreement with the Voith's counsel on the matters set forth in the motion and failed to comply with Local Rule 7.1.1.

**B.      The Burden On JohnsonFoils Of Deriving Answers Does Not Outweigh The Burden On Voith**

JohnsonFoils' argument that its burden of ascertaining the answer from documents outweighs the burden on Voith is based solely on the fact that many of Voith's documents are in German. JohnsonFoils unsuccessfully raised this argument earlier under a different guise when it moved the Court to require Voith to translate all of its the documents. The Court denied that request. The Court should not permit JohnsonFoils' at a second bite at the apple.

Now, without citing any legal authority, JohnsonFoils requests this Court to rule that Fed. R. Civ. P. 33(d) does not apply to entities which produce documents in a foreign language because the receiving party has the burden of translating documents. It is JohnsonFoils' burden to translate the documents. *See In re Puerto Rico Elec. Power Authority*, 687 F.2d at 507. There is simply no basis for this argument, and the Court should deny the requested relief.

**C.      Voith's Answers Do Not Lack Specificity**

As with JohnsonFoils' other arguments, this one too is frivolous. JohnsonFoils' acknowledges that a party responding to a discovery request is simply required to produce responsive documents as they are kept in the usual course of business. Prior to the filing of the present Motion to Compel, Voith informed JohnsonFoils that "Voith produced these documents as they have been kept in the normal course of business." (*See* June 3 letter, Exhibit I to JohnsonFoils' Memorandum). As such, there is no real dispute, as Voith compiled with Rule 33(d). JohnsonFoils' attempt to require Voith to organize and label the documents is not required by Rule 33(d) when the documents have been produced as they were in this case, as they are kept in the normal course of business. Nevertheless, Voith has specifically identified responsive documents by Bates number to compromise and avoid unnecessary motion practice.

7

JohnsonFoils' speculation that the documents were not produced as they had been kept in the normal course of business is without basis, and as such, the requested relief should be denied.

## VI. CONCLUSION

For the foregoing reasons, Voith respectfully requests that this Court deny JohnsonFoils' Motion to Compel, and award Voith its costs and attorneys' fees associated with responding to this motion.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Adam W. Poff (No. 3990)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Tel: (302) 571-6600
Fax: (302) 571-1253
apoff@ycst.com

*Attorneys for Plaintiff*

OF COUNSEL:

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
P. Branko Pejic
1950 Roland Clarke Place
Reston, VA 20191
(703) 716-0081

Dated: June 23, 2008

## CERTIFICATE OF SERVICE

I, Adam W. Poff, hereby certify that on June 23, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

George H. Seitz, III, Esquire
Patricia P. McGonigle, Esquire
SEITZ, VAN OGTROP & GREEN, P.A.
222 Delaware Avenue
Suite 1500
P.O. Box 68
Wilmington, DE 19899

I further certify that on June 23, 2008, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

Anthony S. Volpe, Esquire
John J. O'Malley, Esquire
Ryan W. O'Donnell, Esquire
Volpe and Koenig
United Plaza, Suite 1600
30 South 17th Street,
Philadelphia, PA 19103

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
apoff@ycst.com